UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-cv-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiffs,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **BRIEF OF PLAINTIFF FARHAD AZIMA IN SUPPORT OF MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS BEFORE INITIAL PRETRIAL ORDER** |

## INTRODUCTION

Plaintiff Farhad Azima hereby moves for leave to serve third-party subpoenas before the initial pretrial order is issued in this case. This is a case involving criminal misconduct, including hacking and theft, that began in 2014. Immediate issuance of those subpoenas is necessary in order to ensure that relevant evidence is not lost or destroyed by non-parties, either in normal course pursuant to document retention policies or otherwise.

As alleged in the Complaint, Defendants Nicholas Del Rosso and Vital Management Services, Inc., conspired with others to hack Mr. Azima and steal and publish Mr. Azima's computer data. Dechert LLP hired Defendants, and Defendants hired CyberRoot Risk Advisory Private Limited ("CyberRoot") to provide the technical support necessary to hack Azima. CyberRoot is a company based in Gurgaon, India, that engages in illegal hacking. Defendants paid CyberRoot more than $1 million to assist with the hacking of Mr. Azima and dissemination of his stolen data.

On October 15, 2020, Mr. Azima filed this action, alleging criminal conduct by Defendants and others. The complaint relates to the hacking of Mr. Azima and the disclosure of his data on

the "dark web" through BitTorrent links, conduct that increases the risk that documents may be destroyed. Because of the criminal nature of the allegations, and the history of the failure to retain documents by other witnesses regarding the hacking who were involved in a trial in the UK about the hacking, Mr. Azima seeks leave from the Court to serve third-party subpoenas on individuals and entities located in the United States with information relevant to this matter prior to the issuance of the initial pretrial order in this case. Under the facts and circumstances of this case, there is clearly good cause to do so.

Mr. Azima seeks to subpoena the following individuals and entities:

(1) Dechert LLP, a Philadelphia-based law firm that was hired by Ras Al Khaimah Investment Authority ("RAKIA") to investigate Azima and others beginning in or around 2014. Dechert LLP hired Defendants and others to investigate Azima. Neil Gerrard was the lead partner for Dechert LLP and was assisted by David Hughes and others at Dechert LLP.

(2) KARV Communications Inc., ("KARV"), a New York communications firm that was hired by Gerrard in 2014. KARV was formed by Andrew Frank in 2013, and Amir Handjani, is a senior advisor at KARV. KARV was involved in creating negative publicity about Mr. Azima that relied upon the stolen emails and data.

(3) Andrew Frank, as described above.

(4) Amir Handjani, as described above.

(5) Stuart Page, a private investigator hired in early 2015 to assist in locating and handling the stolen emails and data so that the stolen material could be weaponized against Mr. Azima.

(6) Northern Technologies, Inc. ("NTi"), a computer company based in New Hampshire. NTi was hired by Del Rosso to assist with Mr. Azima's stolen data.

(7) Bank of America, which served as the bank of the Defendants.

(8) Khotak Mahindra Bank, which served as the bank for CyberRoot, which was hired by the Defendants to hack Mr. Azima.

The hacking alleged in this case relates to a suit brought against Mr. Azima by Dechert LLP's client, RAKIA, in England where, *inter alia*, Defendant Del Rosso, Gerrard and Page testified. Proposed subpoena recipients Amir Handjani, Andrew Karv and Gerrard all provided witness statements and/or testified in that case about the hacking of Mr. Azima.

Several witnesses for RAKIA regarding the hacking admitted to failing to preserve documents, and in some cases conceded that they deliberately did not retain relevant documents. One witness admitted that Digitalis (a public relations firm employed by co-conspirators) had a policy of destroying emails about Mr. Azima within 24 hours. Another witness was Jamie Buchanan, an employee of RAKIA, who admitted that he caused significant volumes of emails to be deleted from his MSN webmail account within days of UK litigation commencing. Another witness, private investigator Stuart Page, admitted that detailed investigative reports regarding Azima that Page prepared along with others were given to a very limited group of people in hard copy, with instructions to return the report so that Page could essentially "destroy after reading" the reports.

## **ARGUMENT**

This Court may grant Plaintiff leave to serve the Subpoenas before the issuance of the initial pretrial order. *See* LR26.1(a) ("***Unless otherwise ordered by the Court***, commencement of discovery in each case will be in accordance with the initial pretrial order once entered by the Court." (emphasis added). *See also* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order.").

"When presented with a motion to commence discovery prior to the Rule 26(f) conference, courts generally apply a reasonableness or good-cause standard, taking into account the totality of the circumstances in which the motion is presented." *Democracy N. Carolina v. N. Carolina State Bd. of Elections*, No. 1:20CV457, 2020 WL 4288103, at *4 (M.D.N.C. July 27, 2020) (quoting *JTH Tax, Inc. v. M & M Income Tax Serv., Inc., C/A* No. 6:13-CV-00265-GRA, 2013 WL 460316, at *2 (D.S.C. Feb. 6, 2013).); *see also Teamworks Innovations, Inc. v. Starbucks Corp.,* No. 1:19CV1240, 2020 WL 406360, at *3 (M.D.N.C. Jan. 24, 2020) ("To establish a right to expedited discovery, 'some showing of good cause should be made ... and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.'") (quoting 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2046.1 (3d ed. & Aug. 2019 Update)). "Factors considered under the reasonableness test include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of typical discovery process the request was made." *Democracy,* 2020 WL 4288103, at *4. The relevant factors favor granting leave here for the following reasons.

***First***, this case involves allegations of criminal misconduct, including hacking and theft, and the distribution of stolen data on the "dark web." Stuart Page gave false testimony at the UK trial about how he obtained Mr. Azima's stolen data. Page is one of the proposed subpoena recipients in this case. Given the criminal nature of the allegations, the risk of document destruction is significant.

***Second***, the events giving rise to the complaint began as early as 2014, and thus many of the subpoenaed parties will likely have document retention policies that would permit the

4

destruction of relevant documents unless the parties are put on notice that they must preserve documents. Upon information and belief, Bank of America, for instance, retains copies of account statements for up to seven years, meaning relevant documents from 2014 may soon be lost under the policy. *See* BANK OF AMERICA, *Account Statement FAQs*, https://www.bankofamerica.com/deposits/account-statements-faqs/ (last visited Oct. 20, 2020). Suspicious Activity Reports ("SAR") are retained for five years, suggesting that prompt action is required to ensure that potential evidence is not destroyed.

***Third***, other agents of RAKIA have destroyed (or at least failed to preserve) documents despite knowledge of the dispute between Plaintiff, Defendants, and the various co-conspirators. Delay in issuing subpoenas in this case may result in responsive documents being destroyed.

***Fourth***, several subpoenaed parties may oppose the subpoenas by claiming the documents are protected by the attorney-client privilege or the attorney work product doctrine. By serving the subpoenas now, Plaintiff can discuss those objections with the subpoenaed parties and, if necessary, move to compel production of the documents without needing to extend any discovery deadlines in this case.

## **CONCLUSION**

For the foregoing reasons, Mr. Azima respectfully submits that the Court should grant the accompanying Motion and award Mr. Azima leave to serve third-party subpoenas on the individuals and entities listed in Exhibits A through H of the Motion for Leave.

5

Case 1:20-cv-00954-UA-JLW   Document 8   Filed 10/21/20   Page 5 of 7

This, the 21st day of October, 2020.

                          **WOMBLE BOND DICKINSON (US) LLP**

                          /s/ Ripley Rand
                          Ripley Rand
                          North Carolina Bar No. 22275
                          Christopher W. Jones
                          North Carolina Bar No. 27625
                          Jonathon Townsend
                          North Carolina Bar No. 51751
                          555 Fayetteville Street, Suite 1100
                          Raleigh, North Carolina 27601
                          Phone: 919-755-2100
                          Fax: 919-755-2150
                          Email: chris.jones@wbd-us.com
                                      ripley.rand@wbd-us.com
                                      jonathon.townsend@wbd-us.com

                          **MILLER & CHEVALIER CHARTERED**

                          /s/ Kirby D. Behre
                          Kirby D. Behre
                          Brian A. Hill
                          Tim O'Toole
                          Ian Herbert
                          Calvin Lee
                          900 16th Street, NW
                          Washington, D.C. 20006
                          Telephone: (202) 626-5800
                          Fax: (202) 626-5801
                          Email: kbehre@milchev.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>　　Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing Brief with the Clerk of Court using the CM/ECF system and by U.S. Mail to:

Brandon S. Neuman
Shanahan Law Group
128 E. Hargett St., Third Floor
Raleigh, NC 27601

This, the 21st day of October, 2020.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Ripley Rand
Ripley Rand
North Carolina State Bar No. 22275
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone:　(919) 755-8125
Facsimile:　(919) 755-6752
Email:　Ripley.Rand@wbd-us.com

*Counsel for Plaintiff*