# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### Case No. 20-cv-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | **PLAINTIFF FARHAD AZIMA'S NOTICE OF RENEWED MOTION TO SCHEDULE AN INITIAL PRETRIAL CONFERENCE AND TO INITIATE RULE 26(f) AND LOCAL RULE 16.1(f) CONFERENCES AND REPORTING PROCESS** |

Plaintiff Farhad Azima ("Azima") hereby gives Defendants and the Court Notice of Renewed Motion to Schedule an Initial Pretrial Conference and to Initiate Rule 26(f) and Local Rule 16.1(f) Conferences and Reporting Process. The motion has been pending for nearly six months, and the passage of that time now concretely threatens Azima's ability to obtain relevant records from third party Bank of America. As explained in greater detail below, Plaintiff alleges in his Complaint that Defendants were hired by Dechert LLP in August 2014, and Defendants' account records at Bank of America therefore likely reflect payments from Dechert beginning in that month. Bank of America has a 7-year retention policy for such account records and has stated it will comply with its policy in the absence of a subpoena. As a result, unless Azima is able to subpoena the August 2014 account records by next month, the records may be discarded pursuant to Bank of America's retention policy.

In support of this Notice, Azima submits the following:

1. Azima filed his complaint against Defendants Nicholas Del Rosso and Vital Management Services, Inc. ("Defendants") on October 15, 2020. (Document No. 1.)

2. Azima served Defendants on October 16, 2020. (Document No. 5.)

3. Azima consented to a forty-five-day extension of Defendants' time to answer or otherwise respond to the complaint. (Document No. 18.)

4. Azima moved on October 21, 2020, for leave to serve third-party subpoenas before the initial pretrial order because service of subpoenas on third parties was necessary to preserve relevant evidence. (Document Nos. 7, 8.) Defendants opposed the motion. (Document No. 21.)

5. On October 21, 2020, Azima sent document hold notices to, among others, Bank of America in an effort to ensure against destruction of any relevant documents. By letter, Bank of America responded that it would not deviate from its document retention policy unless being served with a subpoena. (Document No. 25-1.)

6. The Court denied Azima's Motion for leave to serve third-party subpoenas before the initial pretrial order, noting that Azima had not demonstrated that he needed Bank of America records from January 2014, that the motion was filed before responsive pleadings had been filed, and that any subpoena requests were not sufficiently tailored to the factual theory pleaded. (Document No. 30 at 3.) The Court also relied on the fact that Azima had sent litigation hold notices to each potential subpoena recipient. (*Id.*)

7. On December 21, 2020, Defendants moved to dismiss the complaint (Document No. 31). Azima opposed the motion on January 11, 2021. (Document No. 34.)

8. On January 19, 2021, Azima moved for a pretrial conference (Document Nos. 36, 37.) Defendants opposed the motion on February 9, 2021. (Document No. 43.)

9. Defendants' motion to dismiss and Azima's motion for pretrial conference are both ripe for disposition. (*See* Docket Entries of February 5, 2021, February 18, 2021, and March 9, 2021.)

10. Rule 26(f) of the Federal Rules of Civil Procedure requires the parties to confer "as soon as practicable." Fed. R. Civ. P. 26(f).

11. Local Rule 16.1(b) requires the parties to conduct their Rule 26(f) conference no later than fourteen days before an initial pretrial conference, which is to be scheduled "within the time set by Fed.R.Civ.P. Rule 16(b)."

12. Rule 16(b) states that a scheduling order should be scheduled after receiving the parties Rule 26(f) report or after consulting with the attorneys, Fed. R. Civ. P. 16(b)(1)(A) & (B), but the scheduling order should be issued "as soon as practicable . . . [and] unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared," Fed. R. Civ. P. 16(b)(2).

13. Thus, the parties should have conducted their Rule 26(f) conference and an initial pretrial conference should have been scheduled months ago.

14. Azima submits that additional delays in addressing pretrial issues, including issues related to discovery, will unfairly prejudice him. For example, Azima seeks to serve third-party subpoenas on a number of non-parties, including Bank of America. (*See* Document No. 7.) In the Bank of America subpoena, Azima will seek records showing

financial transactions of Defendants with Dechert LLP that likely begin in or around August 2014. (*See* Document No. 1, ¶ 13.)

15. As previously submitted to the Court, Bank of America's records retention policy provides that Bank of America keeps records for seven years. (*See* Document No. 8 at 4-5.) Bank of America has said that it will not preserve documents beyond its normal record retention policy without the issuance of a subpoena. (Document 25-1.) The practical effect of the Bank of America records retention policy is that, if Bank of America is not served with Azima's subpoena for those records on or before August 31, 2021, Azima may lose the opportunity to discover the August 2014 records that he contends are highly relevant to his claims.

16. For the reasons set forth in this Notice of Renewed Motion and in Azima's original brief (Document No. 37), no good cause justifies further delaying the Rule 26(f) conference, the initial pretrial conference, or discovery in this matter. Azima notes that commencing discovery now is fully consistent with this Court's Order of December 14, 2020 (Document No. 30), especially in light of the demonstrated importance of the Bank of America records, their potential imminent destruction and the full briefing and submission of the motion to dismiss.

17. Azima respectfully requests that the Court grant the renewed Motion and schedule an initial pretrial conference as soon as practicable in order that the parties will confer and schedule a Rule 26(f) and Local Rule 16.1(f) conference, and for further relief as the Court finds appropriate.

This, the 1st day of July, 2021.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Ripley Rand
Ripley Rand
North Carolina Bar No. 22275
Christopher W. Jones
North Carolina Bar No. 27625
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: chris.jones@wbd-us.com
ripley.rand@wbd-us.com

**MILLER & CHEVALIER CHARTERED**

/s/ Kirby D. Behre
Kirby D. Behre
Brian Hill
Tim O'Toole
Ian Herbert
Calvin Lee
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing Plaintiff's Notice of Renewed Motion for Pretrial Conference with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

Kieran J. Shanahan, Esq.
Brandon S. Neuman, Esq.
Jeffrey M. Kelly, Esq.
Nathaniel J. Pencook, Esq.
GlenLake One
4140 Parklake Avenue - Suite 200
Raleigh, NC 27612
kieran.shanahan@nelsonmullins.com
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
Telephone: 919.329.3800
Facsimile: 919.329.3799

6

This, the 1st day of July, 2021.

                                **WOMBLE BOND DICKINSON (US) LLP**

                                /s/ *Ripley Rand*
                                Ripley Rand
                                North Carolina State Bar No. 22275
                                555 Fayetteville Street, Suite 1100
                                Raleigh, NC 27601
                                Telephone:   (919) 755-8125
                                Facsimile:    (919) 755-6752
                                Email:         Ripley.Rand@wbd-us.com

                                *Counsel for Plaintiff*