## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## CASE NO. 20-CV-954-WO-JLW

FARHAD AZIMA,

        Plaintiff,

            v.

NICHOLAS DEL ROSSO and
VITAL MANAGEMENT SERVICES,
INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

## DEFENDANTS' PARTIAL OBJECTION TO THE ORDER AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

## OBJECTION

Plaintiff Farhad Azima filed a lawsuit in federal court more than four years before this one, in September 2016, alleging that his email account was hacked. *See Azima v. RAK Inv. Auth.*, Case No. 16-cv-01948 (D.D.C.). He filed this lawsuit in October 2020 based on the same alleged hacking incident. Each of his claims here has a limitations period of less than four years. This limited objection explains that this Court should take judicial notice of Azima's prior federal complaint, which establishes a fatal 2016 accrual date for the four claims that the Magistrate Judge would allow to survive dismissal. Adding those four claims to the seven that the Magistrate Judge has already correctly recommended dismissing would result in this case's complete dismissal.

Defendants urged, and Azima did not dispute, that this Court may take judicial notice of his 2016 complaint, but the Magistrate Judge did not consider whether it or other matters of public record were noticeable. The Magistrate Judge erroneously concluded that this Court cannot take cognizance of the 2016 lawsuit because Azima did not mention it on the "face of" his complaint, and therefore recommended allowing four of

Azima's claims to survive dismissal because Azima's complaint here did not acknowledge his earlier lawsuit. Prior pleadings in federal courts are readily noticeable, and routinely noticed. Noticeable material is "deemed to be a part of every complaint by implication." Thus, the Magistrate Judge's recommendation to this Court that it should ignore the prior complaint is incorrect. This Court should instead take notice of Azima's prior lawsuit on the same subject as this one and conclude that the four claims that survived the Magistrate Judge's Order and Recommendation ("Recommendation" or "O&R") be dismissed as time-barred.

## BACKGROUND

This case relates to a pair of cases filed in 2016 between Plaintiff Azima and non-party Ras Al Khaimah Investment Authority ("RAKIA"). Azima alleges that in September 2016, RAKIA's lawyers provided Azima with "some of the emails" that Azima alleges were stolen in the hacking incident, and alerted him that it was considering litigation against him. Dkt. 1 ("Compl.") ¶ 33. Thereafter, RAKIA sued Azima for fraud in England in September 2016. *See, e.g.*, *id.* ¶¶ 7-8, 33-36. Central to this objection, on the same day he himself was

2

sued, Azima counter-sued in federal district court in Washington, D.C. *See* Dkt. 31-5 ("D.C. Compl."). The gravamen of Azima's complaint there, filed on September 30, 2016, was that RAKIA's agents had "hacked" his computer and "illegally misappropriated and stolen" "a massive volume of [his] emails and other electronic data". *See id.* ¶¶ 10, 27(a), (c). The D.C. Circuit ultimately ordered that case dismissed. *Azima v. RAK Inv. Auth.*, 926 F.3d 870, 880 (D.C. Cir. 2019).

Azima filed his complaint in this case on October 15, 2020. The gravamen of his complaint here is that Defendants, a North Carolina investigative firm and its owner, were hired by RAKIA's lawyers at Dechert LLP to coordinate the same hacking effort that was the subject of the D.C. complaint. Compl. ¶¶ 44-139.[1]

---

[1] The Magistrate Judge correctly recommended the dismissal of seven of Azima's eleven counts. The four remaining claims are for putative trade-secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836 (Count III) and the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. § 66-153, *et seq.* (Count VIII); intrusion upon seclusion (Count XI); and, derivatively, civil conspiracy (Count X). *See* Dkt. 54 (O&R) at 1, 8-9, 21-25, 28-29, 31-33; *see also* Compl. ¶¶ 59-74, 101-18, 130-39.

3

Defendants' motion to dismiss urged that Azima's entire complaint should be dismissed as time-barred. As relevant to this objection, the motion observed that Azima's causes of action for misappropriation of trade secrets and intrusion upon seclusion accrued on the date Azima became aware that his computer had been hacked. Dkt. 32 ("Mot.") at 8. Azima's filing of his D.C. hacking lawsuit in September 2016 showed, the motion argued, that he was aware of the hacking no later than that date. *Id.* at 4-5, 7-10. And a federal court may take judicial notice of a federal pleading, *see id.* at 4 n.3 and may consider noticeable material as if it were alleged in the complaint, *see id*. at 4 n.3, 9-10, the motion concluded, so Azima's filing of the D.C. complaint was properly before the court.

In his opposition, Azima did not dispute that his 2016 complaint and the public record were noticeable or that such information could be considered in connection with the motion to dismiss. Nor did he dispute that he knew he had been hacked by September 2016. Dkt. 34 at 3-6. His argument instead was that the limitations periods should be tolled for

fraudulent concealment or that new claims arose from the al-
leged later-in-time re-publication of his materials.  *Id.* at
4-7.

The Recommendation, however, does not recommend that this
Court take notice of the D.C. complaint.  It does not address
or assess whether the complaint is a noticeable document.  It
concludes instead that on a motion to dismiss that raises a
statute-of-limitations defense, the reviewing court is lim-
ited to the "face of Plaintiff's complaint," without regard
to any noticeable material.  *See* O&R at 6-7, 9.  Applying
that rule, because Azima's complaint did not "mention the
lawsuit he filed in the District of Columbia," the Magistrate
Judge was "unable to determine from the face of Plaintiff's
complaint precisely when such claims accrued" and thus did
not recommend dismissing several claims (*i.e.*, Counts III,
VIII, X, and XI).  *Id.* at 6, 8-9.[2]

---

[2] This objection relates solely to the four counts that
would survive under the Recommendation; the Magistrate Judge
correctly recommended dismissing the other seven counts of
Azima's Complaint.  *See Souter v. Jones*, 395 F.3d 577, 586
(6th Cir. 2005) (a party does not need to file objections to
adverse portions of the report if "he prevailed on the overall
recommendation").

5

For the reasons set forth below, the Recommendation's conclusion that this Court may not consider judicially noticeable material in evaluating Defendants' statute-of-limitations argument is erroneous, and this Court should grant dismissal as to all counts of the Complaint.

**STANDARD OF REVIEW**

28 U.S.C. § 636(b)(1) calls for this Court to make a "de novo determination" on issues in the Recommendation to which an objection has been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**ARGUMENT**

**I.  Excluding Judicially Noticeable Material Is Erroneous Under Binding Precedent.**

A federal court deciding a motion to dismiss under 12(b)(6) generally considers, in addition to the factual allegations of the complaint, documents incorporated by reference and judicially noticeable material. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  "[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239-40 (4th Cir. 1989)

6

(internal citation and quotation marks omitted) (taking judicial notice of guilty pleas entered in state court during pendency of appeal). Under that rule, this Court can and should take judicial notice of the fact that Azima filed a lawsuit in 2016 arising from the same incident of hacking as here, and conclude that he therefore plainly knew of the hacking by the time of that suit and that his claims are therefore time-barred.

Here, the Magistrate Judge appeared to conclude, without analysis, that a narrower rule should apply to any portion of a motion to dismiss that is based on an affirmative defense. For unspecified reasons, the Magistrate Judge would have this Court hold that on such an issue it is strictly and literally limited to the "face of Plaintiff's complaint," without regard to incorporated documents or judicially noticeable material. O&R at 6-9.

Respectfully, no case so holds, and that is not the law. Federal Rule of Evidence 201 is clear that judicial notice is appropriate "at any stage of the proceeding." Fed. R. Evid. 201(d); *see also Philips*, 572 F.3d at 180. The Supreme Court and the Fourth Circuit have been equally clear in holding

7

repeatedly that on a 12(b)(6) motion to dismiss, the court "may properly take judicial notice of matters of public record." *Philips*, 572 F.3d at 180.[3]   Judicially noticeable matters are "deemed to be a part of every complaint by implication."  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.).

No case modifies this rule, articulated in binding Supreme Court and Circuit precedent, when a motion to dismiss argues for dismissal on the basis of an affirmative defense such as statute of limitations.  The Magistrate Judge relied on cases stating that the basis for an affirmative defense must appear "on the face of the complaint."  O&R at 6.  None

---

[3] *See also, e.g.*, *Tellabs v. Makor Issues Rights*, 551 U.S. 308, 322 (2007) ("matters of which a court may take judicial notice" are considered on 12(b)(6) motion); *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) (on a 12(b) motion, courts may "tak[e] notice of items in the public record"); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (taking judicial notice on a 12(b)(6) motion to dismiss of publicly available voting population statistics); *Greene v. Mullis*, 829 F. App'x 604, 605 (4th Cir. 2020) (per curiam) (courts may "take judicial notice of . . . filings" in "prior cases"); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) ("A district court may clearly take judicial notice of [court] records.")

of those cases excluded judicially noticeable material from
consideration.

Instead the point of each of the cited cases is merely
that affirmative defenses ordinarily have to be proven by the
defendant, but *can be* decided on a motion to dismiss if the
facts necessary to resolve them are before the court on the
motion to dismiss. *See, e.g.*, *Goodman v. Praxair, Inc.*, 494
F.3d 458, 464 (4th Cir. 2007) ("[W]here facts sufficient to
rule on an affirmative defense are alleged in the complaint,
the defense may be reached by a motion to dismiss filed under
Rule 12(b)(6)" if the necessary facts "clearly appear[] on
the face of the complaint." (emphasis omitted)).

While these courts refer to the relevant facts being
present "on the face of the complaint" because there was no
claim in those cases that the court should look to extraneous
materials, none considered whether other, ordinarily cogniza-
ble materials could similarly establish an affirmative de-
fense.[4]  The one exception is *Morrison v. George E.B. Holding*,

---

[4] The Magistrate Judge was incorrect that the burden to
show that Azima's claims were time-barred lay with Defend-
ants.  The very *Goodman* decision that the Magistrate Judge

9

2012 WL 1132787, at *3 (E.D.N.C. Apr. 4, 2012), which expressly *approved* looking beyond the complaint:  The court there, in an alternative holding, held that although an affirmative defense must generally "appear on the face of the complaint . . . the Court may also consider information in the public record when reviewing a motion to dismiss pursuant to Rule 12(b)(6)," and found the claim at issue to be time-barred.

Other than the favorable decision in *Morrison*, those courts did not consider whether noticeable facts could serve equally well to pleaded facts in supporting a statute-of-limitations ruling, so they have no bearing on that question. Contrary to the rule suggested by the Magistrate Judge, courts

---

cited acknowledges that the plaintiff may have an affirmative obligation to plead facts to support tolling where the conduct at issue is old enough that the "claim is filed clearly beyond the applicable limitations period and the plaintiff seeks to forestall its dismissal by alleging the facts of discovery." *Goodman*, 494 F.3d at 466 (emphasis omitted).  That is the case here, because the purported hacking is alleged to have taken place no later than 2016.  Compl. ¶¶ 20, 32-33.  The 2020 initiation of this case is thus "clearly beyond the applicable limitations period."  Under *Goodman*, it was Azima who had the burden to plead facts showing deferred discovery sufficient to preserve his claims.

10

within this Circuit, and elsewhere, routinely take judicial notice of prior lawsuits filed by plaintiffs in order to adjudicate statutes of limitations defenses on 12(b)(6) motions to dismiss:

- In *Allen v. AstraZeneca Pharmaceuticals LP*, 2015 WL 4749146, at *2 (E.D.N.C. Aug. 11, 2015), the court took notice that the plaintiff had filed a substantially similar lawsuit against the defendants more than three and a half years earlier, and held that the "[t]he public records associated with this case establish that this action is barred by the applicable [three-year] statute of limitations."

- In *Staffing Advantage LLC v. Definitive Staffing Solutions, Inc.*, 2021 WL 2426340, at *2 n.2 & *7 (E.D.N.C. June 14, 2021), the court took "judicial notice of the fact that Defendant sued Plaintiff for other issues arising out of the Agreement within the limitations period" in a prior litigation, which the court held "show[ed] that had Defendant wished to bring claims based upon a lack of insurance coverage, it had ample opportunity to do so, but did not," and held the counterclaim time-barred.

- In *Mobley v. Estes*, 2018 WL 704900, at *4 (M.D.N.C. Feb. 2, 2018), the court took judicial notice of a state court case dismissal against plaintiff and dismissed the claim as time-barred.

- In *Moore v. Bertie County Board of Education*, 2019 WL 6337557, at *3 n.2 (E.D.N.C. Nov. 26, 2019), the court took judicial notice of the date of plaintiff's earlier filings with the EEOC on the same subject matter, and dismissed related claims as time-barred.

11

- In *Sayman v. Lehman Bros. FSB*, 2014 WL 868711, at
  *1 n.1 (W.D.N.C. Mar. 5, 2014), the court took ju-
  dicial notice of county records and dismissed the
  related claims as time-barred.

- In *Watkins v. United States*, 854 F.3d 947, 949-51
  (7th Cir. 2017), the plaintiff sued certain defend-
  ants in state court on her medical malpractice
  claims. She voluntarily dismissed that suit, and
  later refiled against different defendants in fed-
  eral court. The Seventh Circuit court held that the
  district court properly took judicial notice of the
  fact that plaintiff had filed the prior lawsuit as-
  serting essentially the same allegations/claims such
  that she was on notice of her claims by at least
  that date.

- In *Arbogast v. Kansas*, 752 F. App'x 582, 585 n.1,
  586 (10th Cir. 2018), the plaintiff sued a state
  agency for wrongful termination, but that suit was
  dismissed for lack of a proper defendant; when she
  later refiled against the State of Kansas, the Tenth
  Circuit took judicial notice of her prior complaint
  in holding that she was on earlier notice of her
  claims and that those claims were time-barred.

The Fourth Circuit also has expressly approved taking

judicial notice in adjudicating other affirmative defenses.

*See e.g.*, *Q Intern. Courier Inc. v. Smoak*, 441 F.3d 214, 216

(4th Cir. 2006) (judicial notice available on motion to dis-

miss based on res judicata); *Andrews v. Daw*, 201 F.3d 521,

524 n.1 (4th Cir. 2000) (same). These holdings cannot be

reconciled with the Magistrate Judge's understanding that

with respect to an affirmative defense, the relevant facts

12

must specifically appear on the "face of the complaint" rather than in judicially noticeable materials.

As these many examples show, affirmative defenses are instead assessed using the usual rules for deciding a motion to dismiss under 12(b)(6), and judicially noticeable facts are a fair and ordinary basis for deciding whether a plaintiff's claims are time-barred. Indeed, as noted, Wright & Miller's formulation of the rule governing noticeable material is that such material is "deemed to be a part of every complaint by implication." Wright & Miller § 1357. The Supreme Court has specifically cited that same section of Wright & Miller with approval in observing that noticeable material may be considered on a motion to dismiss. *See Tellabs*, 551 U.S. at 322. Under that formulation, noticeable material is deemed to appear on the "face of the complaint" and so would satisfy even the Magistrate Judge's restrictive understanding of what may be considered on a motion to dismiss.

In sum, it is respectfully submitted that the Magistrate Judge's recommendation that this court ignore Azima's filing of his 2016 lawsuit is not supported by the cases that the

13

Magistrate Judge cited and is contrary to Supreme Court and Fourth Circuit precedent plainly allowing noticeable material to be considered on a motion to dismiss like this one. This Court should not adopt that rule, and should take notice of the 2016 filing.

## II. Azima's Filing Of His 2016 Complaint Undisputedly Shows That He Was Aware Of The Hacking, And Bars His Claims.

With notice thus properly taken of Azima's 2016 complaint, his claims arising from the alleged incident of hacking fall outside the applicable statutes of limitations. As the Magistrate Judge recognized, *see* O&R at 8-9, each of the surviving claims accrued no later than when Azima knew he was hacked:

- *Federal trade secret misappropriation.* Suit "may not be commenced later than 3 years after the date on which the misappropriation . . . is discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. § 1836(d). Misappropriation means the "acquisition" or "disclosure or use" of the trade secret, 18 U.S.C. § 1839(5), and here the filing of the 2016 hacking complaint shows that Azima "discovered" the misappropriation no later than September 2016. *Alta Devices, Inc. v. LG Elecs., Inc.*, 2019 WL 1924992, at *10-14 (N.D. Cal. Apr. 30, 2019) (finding misappropriation claim time-barred where plaintiff "was on inquiry notice of potential misappropriation of trade secrets" more than three years before the complaint was filed).

14

- **North Carolina trade secret misappropriation.** The state misappropriation claim is similar: "[a]n action for misappropriation of a trade secret must be commenced within three years after the misappropriation complained of is or reasonably should have been discovered." N.C. Gen. Stat. § 66-157. So his claim also accrued by the time Azima learned that a third party was in possession of his trade secrets.

- **Privacy.** Azima's common law invasion of privacy claim follows a similar rule and accrues when "damage to his property becomes apparent or ought reasonably to have become apparent." N.C. Gen. Stat. § 1-52(16); *see also* O&R at 8 n.2 (citing same).

- **Conspiracy.** Conspiracy allegations are subject to the limitations period applicable to the underlying tort. *See* Mot. at 8 n.4 (citing *BDM Invs. v. Lenhil, Inc.*, 826 S.E.2d 746, 764 (N.C. Ct. App. 2019)).

Azima's 2016 complaint demonstrates that he was aware, at the time of its filing, that he had been hacked. There, as here, he alleged that "RAKIA, directly or through its agents, caused computers located in the United States . . . to be hacked and such data to be stolen and misappropriated without Mr. Azima's consent or permission," and that "RAKIA and its agents caused misappropriated and stolen data of Mr. Azima and his business associates to be posted to and maintained on BitTorrent websites and related micro-sites." D.C. Compl. ¶¶ 27(a), (c); *see also* Compl. ¶¶ 6, 7, 21, 49.

15

Indeed, in ruling on RAKIA's motion to dismiss Azima's first amended complaint in the D.C. lawsuit, the D.C. court recognized that "[o]n September 23, 2016, Azima's counsel in Washington D.C. received a letter[,]" which was based "on information that RAKIA had 'recently obtained . . . via publicly available internet sources.'" D.D.C. Dkt. 41 at 7. The D.C. court acknowledged that RAKIA explained it accessed the data "legally through publicly available BitTorrent websites," *id.*, and it is undisputed that RAKIA's lawyers disclosed those BitTorrent websites to Azima's counsel on September 29, 2016, *see* D.D.C. Dkt. 13-8; *see also* Compl. ¶ 33 (representing that in September 2016, RAKIA's lawyers provided Azima with "some of the emails" that Azima alleges were stolen in the hacking incident, and alerted him that it was considering litigation against him).

Because each of the surviving claims has a 3-year limitations period,[5] and Azima did not initiate this action until

---

[5] *See* 18 U.S.C. § 1836(d) (Count III, federal misappropriation of trade secrets); N.C. Gen. Stat. § 66-157 (Count VIII, state misappropriation of trade secrets); N.C. Gen. Stat. § 1-52(5) (Count XI, offensive intrusion upon seclusion; *BDM Invs.*, 826 S.E.2d at 764 (Count X, conspiracy).

16

October 15, 2020 — more than three years after September 30, 2016 — his claims are time-barred and should be dismissed.[6] The Magistrate Judge's recommendation that this Court not take notice of his prior lawsuit would constitute error, and this Court should decline to adopt that portion of the Recommendation and instead dismiss Azima's complaint in full as time-barred.

## III. Separately, The Trade Secrets Statutes Do Not Create Claims For Liability.

Finally, the Magistrate Judge erred in recommending that the federal and state trade secret claims should proceed,

---

[6] Azima's conclusory allegations that an unidentified person posted new links to his material in 2018 and 2019 do not save his claims. Azima's allegations simply do not link Defendants to the alleged 2018-19 conduct, so that conduct cannot be the basis for any claim against Defendants. *See* Compl. ¶¶ 24, 53, 93, 98. Further, trade secrets claims accrue with the original incident: for example, the DTSA expressly provides that "a continuing misappropriation constitutes a single claim of misappropriation" with respect to accrual of the claim. 18 U.S.C. § 1836(d); *see also Alta Devices, Inc.*, 2019 WL 1924992, at *14 (later acts of misappropriation did not save claims from being time-barred). And, as the Magistrate Judge found, the 2018-19 internet activity did not involve invasion of privacy, *see* O&R at 11-12, 16 n.5; *see also* Compl. ¶¶ 20, 32, 136-39, so could not revive Azima's intrusion upon seclusion claim. The Magistrate Judge was also correct to conclude that Azima failed to allege the elements of fraudulent concealment. O&R at 16.

17

because the statutes do not authorize claims for aiding and abetting. *See, e.g.*, *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 271 F. Supp. 3d 835, 842-43 (E.D. Va. 2017) (dismissing DTSA claim where plaintiff alleged defendant paid third parties to steal trade secrets); *Salon Blu, Inc. v. Salon Lofts Grp., LLC*, 2018 WL 3467901, at *6 (N.C. Super. Ct. July 16, 2018) (dismissing N.C. trade secrets claim based on allegations that defendant "encouraged and induced" third parties to mis-appropriate trade secrets). The Magistrate Judge recognized this rule for the DTSA claim, *see* O&R at 22-23, but then erroneously concluded that primary liability had been stated based on the "information and belief" allegation in paragraph 19 of the Complaint that "at least some of that data . . . was provided to Del Rosso, who was located in North Carolina," O&R at 23 (citing Compl. ¶ 19). This does not sufficiently plead either that Defendants "acqui[red]" Azima's trade se-cret or that they "kn[e]w or ha[d] reason to know that the trade secret was acquired by improper means." 18 U.S.C. § 1839(5)(A); *see also* N.C. Gen. Stat. § 66-152(1). The Recommendation simply and erroneously failed to address this claim-dispositive argument with respect to

18

Azima's state trade secret claim. The trade-secrets claims should be dismissed for this separate reason.

**CONCLUSION**

For these reasons, Defendants respectfully request that this Court decline to adopt the Recommendation as to the narrow grounds set forth herein, Dkt. 54, and instead grant Defendants' Motion to Dismiss, Dkt. 31, in full and dismiss the Complaint with prejudice.

Respectfully submitted this 23rd day of August, 2021.

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/ Brandon S. Neuman*
Kieran J. Shanahan, NCSB# 13329
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
Glenlake One
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina, 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
kieran.shanahan@nelsonmullins.com
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*

19

**WORD COUNT CERTIFICATION**

Pursuant to Local Rule 72.4, I hereby certify, subject to Fed. R. Civ. P. 11, that the accompanying brief contains 3,862 words, according to the word count feature of the word processing system used to prepare the brief. Accordingly, the brief does not exceed the 6,250 word limitation.

Respectfully submitted this 23rd day of August, 2021.

**NELSON MULLINS RILEY &
SCARBOROUGH, LLP**

By:  */s/ Brandon S. Neuman*
Kieran J. Shanahan, NCSB# 13329
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
Glenlake One
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina, 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
kieran.shanahan@nelsonmullins.com
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*

20

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August 2021, I electronically filed the foregoing **Defendants' Partial Objection to the Order and Recommendation on Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)** with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson(US)LLP
555 Fayetteville Street
Suite 1100
Raleigh, NC 27601
jonathan.townsend@wbd-us.com
ripley.rand@wbd-us.com
chris.jones@wbd-us.com

Calvin Lee
Ian Herbert
Brian Hill
Kirby D. Behre
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
clee@milchev.com
iherbert@milchev.com
bhill@milchev.com
kbehre@milchev.com


**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:    _/s/ Brandon S. Neuman_
       Kieran J. Shanahan, NCSB# 13329
       Brandon S. Neuman, NCSB# 33590
       Jeffrey M. Kelly, NCSB# 47269
       Nathaniel J. Pencook, NCSB# 52339
       Glenlake One
       4140 Parklake Avenue, Suite 200
       Raleigh, North Carolina, 27612
       Telephone: (919) 329-3800
       Facsimile: (919) 329-3799
       kieran.shanahan@nelsonmullins.com
       brandon.neuman@nelsonmullins.com
       jeff.kelly@nelsonmullins.com
       nate.pencook@nelsonmullins.com
       _Counsel for Defendants_

21