```
                    UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
                    CASE NO. 20-CV-954-WO-JLW

                                    )
FARHAD AZIMA,                       )
                                    )
            Plaintiff,              )
                                    )
       v.                           )
                                    )
NICHOLAS DEL ROSSO and              )
VITAL MANAGEMENT SERVICES,          )
INC.,                               )
                                    )
            Defendants.             )
```

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE SUPPLEMENTAL INFORMATION RELATED TO OBJECTION TO RECOMMENDED RULING AND FOR LEAVE TO COMMENCE DISCOVERY IN LIGHT OF NEWLY DISCOVERED EVIDENCE**

Pursuant to Local Rule 7.3, Defendants Nicholas Del Rosso and Vital Management Services, Inc. ("VMS") hereby respond to Plaintiff Farhad Azima's Motion for Leave to File Supplemental Information Related to Objection to Recommended Ruling and for Leave to Commence Discovery in Light of Newly Discovered Evidence, Dkt. 61 ("Mot."), as follows.

## INTRODUCTION

Through his latest "emergency" motion, Plaintiff continues to improperly interrupt the orderly dismissal of his time-barred claims and seek expansive expedited discovery. As with Plaintiff's several prior attempts, the Court should continue to deny Plaintiff's desperate attempts to fish for evidence prior to the dismissal of his case.

This is Plaintiff's fourth request to commence discovery in this action; the Court rightly denied his prior requests consistent with ordinary practice in this District, in which discovery will ordinarily await the resolution of a substantial motion to dismiss. The same result should follow here. Similarly, this is Plaintiff's second request to submit evidentiary materials in opposition to Defendants' motion to dismiss his Complaint; his first request was denied because

the Federal Rules of Civil Procedure do not allow evidence on Rule 12(b)(6) motions to dismiss for failure to state a claim. The new materials that Plaintiff submits cannot be considered under Rule 12(b)(6), and they are anyway not authenticated, and, on their substance, irrelevant to the motion to dismiss. The renewed motion to commence discovery should be denied for the same reasons as the prior motions.

## BACKGROUND

This lawsuit stems from an alleged incident of hacking that took place, and which Plaintiff knew about and commenced litigation over, more than five years ago. Defendants' motion to dismiss based on statute of limitations and for failure to state a claim is currently pending. Azima's current motion asks the Court to consider documentary evidence extraneous to the Complaint in connection with the pending motion to dismiss, and seeks, for the fourth time, to initiate discovery based on what inexplicably is a new and incompatible theory of how Azima was allegedly hacked.

Azima commenced this action, in which he vaguely claims that Defendants directed CyberRoot Risk Advisory Private Limited ("CyberRoot") to hack him on behalf of RAKIA, in October

2020. Dkt. 1 at ¶¶ 2, 5-6, 17. He has never explained the connection between BellTroX Info Tech Services ("BellTroX") — which he originally claimed carried out the hacking — and CyberRoot. Since then he has sought repeatedly to commence discovery. Six days after filing his Complaint, Azima sought leave to serve eight third-party subpoenas before the holding of a Rule 26(f) conference and the attendant commencement of discovery under the ordinary operation of the Federal Rules. Dkt. 7. Azima did not seek expedited treatment for that motion when it was filed; but later, while the motion was pending, Azima filed an additional motion asking the Court to expedite its consideration of the pending early-discovery motion. Dkt. 26. On December 14, 2020, the Court denied the request for early discovery, concluding that Azima's subpoenas were not narrowly tailored, that he had not shown a risk of spoliation, and that his request was far in advance of the typical time-line. Dkt. 30.

On December 21, 2020, Defendants moved to dismiss all counts. Dkt. 31. A month later, while that motion was pending, Azima filed a new motion asking the Court to schedule a pre-

trial conference that would trigger the commencement of discovery or, in the alternative, to forgo the conference but allow him to commence discovery anyway. Dkt. 36. Then, while both of those motions were pending, Azima filed a series of "supplemental" filings:

- On February 8, 2021, Azima filed "supplemental materials" putatively in further support of his motion to commence discovery. The materials were bank statements from a third party showing payments from VMS to CyberRoot. Dkt. 41-42.

- Four days later, on February 12, 2021, Azima sought leave to file the bank statements in support of his opposition to Defendants' motion to dismiss. Dkt. 45. Azima made no representation regarding whether the information introduced was previously known to him or his representatives. Dkt. 42.

- On July 1, 2021, Azima filed a further request seeking to "renew" his still-pending motion for a pretrial conference and to commence discovery. Dkt. 52.

The Court denied all of these motions. The Court rejected Azima's request that it consider the bank statements, because those statements were neither incorporated into the Complaint nor judicially noticeable. Dkt. 54 ("O&R") at 34-36. And it denied the multiple requests to commence discovery, Dkt. 36, 52, finding that it was not "practicable" to allow discovery

4

before the Court had decided the motion to dismiss and resolved which claims, if any, would proceed, O&R 36-38.

The one exception the Court made was to allow Azima to serve a Rule 45 subpoena on non-party Bank of America. *Id.* at 38. Azima had submitted a letter from that bank stating that under its ordinary document retention policies, it would take no special steps to preserve any evidence it might have until a subpoena was served on it. Dkt. 25-1. Azima had urged the court to allow him to commence discovery generally based on that one bank's position. Dkt. 37 at 6. The Court instead allowed Azima to serve (though not enforce) a subpoena on that one bank in order to trigger its retention policy. O&R 38.

Azima now asks the Court yet again to initiate discovery, and again asks the Court to consider extraneous materials in connection with the motion to dismiss. In this suit alleging a hacking incident that took place in or before 2016, Azima's motion appends what appears to be a screenshot taken in 2020 and photographs of a phone displaying text messages apparently dated in the year 2020, Mot. Ex. 1, and a contract for technical services with no facial connection to this action,

5

Mot. Ex. 2. The contract bears a 2019 date, *id.;* Azima asserts that it was actually executed in 2020, Mot. 5. He also appends a letter on the letterhead of his own English lawyers. Mot. Ex. 3. Unlike other documents that Azima has sought to introduce, *see, e.g.*, Dkt. 25, the documents are not authenticated, and Azima does not explain their provenance or state when or how he obtained them.

For the reasons set forth below, this Court should not consider the new material in connection with the motion to dismiss, should adhere to its prior decisions denying discovery, and should deny the motion.

**ARGUMENT**

**I. This Court Should Not Consider Azima's "New Evidence" on Defendants' Motion to Dismiss.**

Azima's request that this Court consider his newly filed evidence is improper because documentary evidence outside the complaint is not considered on a motion to dismiss. The new material is unauthenticated and is irrelevant to any matter pending before this Court.

First, on a Rule 12(b)(6) motion to dismiss, a court considers only "the complaint . . . , documents incorporated

6

into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). It "will not consider anything else," *Space Tech. Dev. Corp. v. Boeing Co.*, 209 F. App'x 236, 239 (4th Cir. 2006) (footnotes omitted), and in particular, will not consider new documents that "assert[] additional facts not contained in [the] complaint," *Rigg v. Urana*, 113 F. Supp. 3d 825, 828 (M.D.N.C. 2015).[1] Indeed, Azima has already lost on this very issue: in a portion of the Magistrate Judge's Order & Recommendation that Azima has not appealed and which is now law of the case, the Court has already excluded the bank statements that Azima sought leave

---

[1] Courts routinely so hold. *See, e.g.*, *Richardson v. Roberts*, 2019 WL 2030118, at *2-3 (E.D.N.C. May 8, 2019) (extrinsic evidence not referred to in complaint cannot be properly considered on motion to dismiss); *Verdiner v. Wash. Metro. Area Transit Auth.*, 2016 WL 2736185, at *1 n.3 (D. Md. May 11, 2016) (extrinsic evidence attached to an opposition brief cannot be properly considered on motion to dismiss); *Fisher v. Winston-Salem Police Dep't*, 28 F. Supp. 3d 526, 529 (M.D.N.C. 2014) (same); *Blue v. Big Lots Stores, Inc.*, 2013 WL 5375576, at *3 (E.D.N.C. Sept. 25, 2013) (factual affidavit not properly considered on motion to dismiss).

7

to file. O&R 35-36. The new extraneous, non-noticeable evidentiary materials should be excluded for the same reasons.

Second, the new materials should be rejected because Azima fails to explain how he obtained them and does not authenticate them. To authenticate evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The materials here are unsupported by any affidavit. No person with knowledge states who the correspondents are, explains the documents' provenance and dates, attests to their authenticity, or explains their chain of custody.

From the face of these unauthenticated communications, however, it appears that one of the message recipients was accused of working with Azima's UK Counsel and a screenshot of that message was taken and shared back in 2020. *Compare* Mot. Ex. 1 at 2 (no borders on the image and reflecting that the messages were sent and received "Today"), *with, e.g.*, Ex. 1 at 3 (photograph of a phone that is in airplane mode, has an inactive contact, and displaying a past date of "Fri, 11 Sep 2020"). Tellingly, Azima does not provide any sworn statements authenticating these documents, as he has done in prior

filings. *See, e.g.*, Dkt. 25. The Court must therefore exclude these materials because they are not "properly authenticated." *See Cowgill v. First Data Techs., Inc.*, 2020 WL 551913, at *5 (D. Md. Feb. 4, 2020).

Finally, other issues aside, the materials should be excluded because they do not support Azima's claims, and are not relevant. Azima contends that the documents support his equitable tolling argument. Mot. 6-7. But as the Order & Recommendation correctly observes, equitable estoppel requires "specific allegations explaining how [Azima] relied upon [Defendants'] false statements to his detriment" in waiting to file his Complaint. O&R 16. The statements in these text messages are purportedly from 2020, after the statute of limitations for all of his claims expired, so they are categorically irrelevant to Azima's tolling argument. *See id.* at 15-16.

More fundamentally, tolling requires Azima, the Plaintiff himself, to have "relied upon" statements by Defendants. But Azima does not claim that he was the recipient of any of these text messages. To the contrary, he refers to them as "new" and "recently discovered." Mot. 2-3, 6. The premise of

9

his emergency motion is that he has only recently obtained these documents, meaning that he apparently saw all of them for the first time after his suit was filed. *See* O&R 15-16.

Azima's exhibits are not properly considered on a motion to dismiss, are not authenticated, and are not relevant. This Court must decline to consider them.

**II. Discovery Should Not Proceed At This Time.**

As the Court already held, holding a pretrial conference and initiating discovery before Defendants' motion to dismiss is decided would waste the resources of the parties and this Court. *See* O&R 36-39. Both "the general local practices in this district" and "the Court's discretionary authority to manage its cases on its docket" counsel against commencing discovery here. O&R 37-38; *see also Allen v. City of Graham*, 2021 WL 2037983, at *7 (M.D.N.C. May 21, 2021) ("[P]resenting a motion for expedited discovery prior to rulings on motions to dismiss is often disfavored." (internal quotation marks omitted)); *Williams v. Pegasus Residential, LLC*, 2019 WL 8586707, at *1 (M.D.N.C. May 3, 2019) (declining to permit discovery where partial motions to dismiss were pending).

10

Azima's renewed motion for discovery does nothing to change the normative presumption, and this Court's prior order, that discovery will start only if and when Azima's Complaint survives a motion to dismiss. O&R 37-38. The motion here is, as noted above, not supported by any cognizable evidence at all. The materials Azima submits are not even authenticated and appear to offer new and contradictory theories of Azima's case as alleged in the Complaint. Therefore, the "new" evidence cannot be considered. The filing offers nothing of substance in support of his motion. Further, even if the materials were relevant and cognizable, they would in any event do nothing to show that there is any risk that documents will not be retained by any person whom Azima has identified as a potential subpoena recipient. So they do nothing to support a fourth request for early discovery. The motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Azima's motion for leave to file supplemental materials and to commence discovery.

11

Respectfully submitted this 21st day of October, 2021.

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:    */s/ Brandon S. Neuman*
Kieran J. Shanahan, NCSB# 13329
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
Glenlake One
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina, 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
kieran.shanahan@nelsonmullins.com
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*

**WORD COUNT CERTIFICATION**

    Pursuant to Local Rule 7.3, I hereby certify, subject to Fed. R. Civ. P. 11, that the accompanying brief contains 2,109 words, according to the word count feature of the word processing system used to prepare the brief. Accordingly, the brief does not exceed the 6,250 word limitation.

Respectfully submitted this 21st day of October, 2021.

                **NELSON MULLINS RILEY &
                  SCARBOROUGH, LLP**

      By:    */s/ Brandon S. Neuman*
             Kieran J. Shanahan, NCSB# 13329
             Brandon S. Neuman, NCSB# 33590
             Jeffrey M. Kelly, NCSB# 47269
             Nathaniel J. Pencook, NCSB# 52339
             Glenlake One
             4140 Parklake Avenue, Suite 200
             Raleigh, North Carolina, 27612
             Telephone: (919) 329-3800
             Facsimile: (919) 329-3799
             kieran.shanahan@nelsonmullins.com
             brandon.neuman@nelsonmullins.com
             jeff.kelly@nelsonmullins.com
             nate.pencook@nelsonmullins.com
             *Counsel for Defendants*

# CERTIFICATE OF SERVICE

    I hereby certify that on this 21st day of October, 2021, I electronically filed the foregoing **Defendants' Opposition To Plaintiff's Emergency Motion For Leave To File Supplemental Information Related To Objection To Recommended Ruling And For Leave To Commence Discovery In Light Of Newly Discovered Evidence** with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

| | |
|---|---|
| Jonathan Townsend | Calvin Lee |
| Christopher W. Jones | Ian Herbert |
| Ripley Rand | Brian Hill |
| Womble Bond Dickinson(US)LLP | Kirby D. Behre |
| 555 Fayetteville Street | Miller & Chevalier Chartered |
| Suite 1100 | 900 16th Street, NW |
| Raleigh, NC 27601 | Washington, D.C. 20006 |
| jonathan.townsend@wbd-us.com | clee@milchev.com |
| ripley.rand@wbd-us.com | iherbert@milchev.com |
| chris.jones@wbd-us.com | bhill@milchev.com |
| | kbehre@milchev.com |

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:    */s/ Brandon S. Neuman*
Kieran J. Shanahan, NCSB# 13329
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
Glenlake One
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina, 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
kieran.shanahan@nelsonmullins.com
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*