# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# Case No. 20-cv-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>　　Defendants. | **REPLY IN SUPPORT OF EMERGENCY MOTION FOR LEAVE TO FILE SUPPLEMENTAL INFORMATION RELATED TO OBJECTION TO RECOMMENDED RULING AND FOR LEAVE TO COMMENCE DISCOVERY IN LIGHT OF NEWLY DISCOVERED EVIDENCE** |

On September 30, 2021, Plaintiff Farhad Azima ("Azima") brought to this Court's attention explosive evidence demonstrating that Defendants Nicholas Del Rosso and Vital Management Services, Inc. ("Defendants") sought to interfere with the administration of justice in this case by tampering with a potential witness and conspiring to create false evidence.

At no point in their Opposition do the Defendants deny *any* of the allegations. One would expect that someone accused of possible criminal activity relating to the obstruction of an ongoing case would deny such serious charges, and the fact that Defendants fail to do so can be viewed as a tacit admission. At the very least, Defendants' failure to deny the serious allegations against them, some of which relate directly to the preservation of evidence in this case and the creation of possible false evidence, should give the Court no comfort. Plaintiff's motion should be granted immediately.

1

2691000.1

Case 1:20-cv-00954-WO-JLW   Document 63   Filed 10/22/21   Page 1 of 7

Defendants don't deny that:

- Del Rosso hired Aditya Jain, along with CyberRoot, to hack Azima.

- After Azima sought Defendants' bank records, Del Rosso contacted Jain and expressed concern that Del Rosso's bank statements included payments to Jain.

- Del Rosso and Jain agreed to create – and then signed – a fraudulent contract to concoct an innocent explanation for the payments.

- Del Rosso told Jain to stop pointing fingers at other co-conspirators.

- Jain messaged Del Rosso to assure him that he was "clearing everything around us carefully," and Del Rosso did not object.

These are serious allegations supported by clear evidence, and Defendants' failure to deny any of them is an implicit admission of their veracity.

Defendants' primary argument, on the other hand, is only that Azima did not adequately authenticate the text messages and fabricated contract that evidence his misconduct. This argument should hold little weight where discovery has not yet opened. Azima clearly had a good faith basis to believe the documents are authentic, and Del Rosso notably does not dispute that the documents are authentic. Moreover, once discovery is opened, Azima will have sufficient opportunity develop the evidence and authenticate the documents.

Defendants' arguments are particularly unavailing in circumstances where the documents at issue are text messages sent by Del Rosso and a contract with Del Rosso's signature on it. Defendants could have denied that Del Rosso sent the text messages and signed the contract, but they did not. Once discovery begins, Defendants will have to

2

respond to document requests, interrogatories, requests for admission, and deposition questions, and the authenticity of the documents will become clear.

In response to Azima's request to set a date for the pretrial conference and to start the discovery process, Defendants argued that the text messages and fabricated contract "do nothing to show that there is any risk that documents will not be retained by any person who Azima has identified as a potential subpoena recipient." (Document No. 62 at 12.) This response ignores the glaring issue before the Court, which is that the text messages and fraudulently created contract demonstrate a risk that documents will be altered, hidden, or otherwise not retained by Del Rosso himself. As discussed above and in detail in the emergency motion, Del Rosso contacted a witness and told the witness not to point fingers at their co-conspirators. When the witness said that he was "clearing everything around us carefully," Del Rosso did not object. Later, after Azima had sought Del Rosso's bank records, Del Rosso and Jain created a fabricated contract to provide an innocent explanation for payments Del Rosso made to Jain that would show up in those bank records. This witness tampering, apparent assent to "clearing" evidence, and creation of false evidence are powerful reasons not to delay the start of discovery any longer.

Del Rosso's misconduct also supports Azima's legal arguments that the Court should not dismiss any of the counts in the Complaint based on an affirmative defense. The Magistrate Judge correctly recommended against dismissing nine of Azima's claims on statute of limitations grounds, recognizing that the Fourth Circuit has long disfavored dismissal on statute of limitations grounds in a Rule 12(b)(6) context. The Complaint not only alleges conduct that took place within the statute of limitations period, but also alleges

that Defendants and their co-conspirators sought to fraudulently conceal their misconduct for years. One reason not to dismiss a case in a Rule 12(b)(6) posture is because the burden to establish an affirmative defense rests on the defendant, and at the Rule 12(b)(6) stage, facts about the defendants' conduct have not yet been established. See *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Here, the text messages and fabricated contract are demonstrative of the steps that Defendants are willing to take to thwart the administration of justice.

This, the 22d day of October, 2021.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand*
Ripley Rand
North Carolina Bar No. 22275
Christopher W. Jones
North Carolina Bar No. 27625
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: ripley.rand@wbd-us.com
    chris.jones@wbd-us.com

**MILLER & CHEVALIER CHARTERED**

*/s/ Kirby D. Behre*
Kirby D. Behre (*pro hac vice*)
Brian A. Hill (*pro hac vice*)
Tim O'Toole (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Plaintiff*

4

2691000.1

Case 1:20-cv-00954-WO-JLW   Document 63   Filed 10/22/21   Page 4 of 7

# CERTIFICATE OF WORD COUNT

I certify under LR 7.3(d)(1) that the body of this brief, headings, and footnotes together contain 3,125 words or fewer, as reported by the word count feature in Microsoft Word 2016.

                        **WOMBLE BOND DICKINSON (US) LLP**

                        */s/ Ripley Rand*
                        Ripley Rand
                        North Carolina Bar No. 22275
                        Christopher W. Jones
                        North Carolina Bar No. 27625
                        555 Fayetteville Street, Suite 1100
                        Raleigh, North Carolina 27601
                        Phone: 919-755-2100
                        Fax: 919-755-2150
                        Email:     chris.jones@wbd-us.com
                                             ripley.rand@wbd-us.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954**

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

Kieran J. Shanahan, Esq.
Brandon S. Neuman, Esq.
Jeffrey M. Kelly, Esq.
Nathaniel J. Pencook, Esq.
GlenLake One
4140 Parklake Avenue - Suite 200
Raleigh, NC 27612
kieran.shanahan@nelsonmullins.com
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
Telephone: 919.329.3800
Facsimile: 919.329.3799

This, the 22d day of October, 2021.

        **WOMBLE BOND DICKINSON (US) LLP**

        /s/ *Ripley Rand*
        Ripley Rand
        North Carolina State Bar No. 22275
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone: (919) 755-8125
        Facsimile: (919) 755-6752
        Email: ripley.rand@wbd-us.com

        *Counsel for Plaintiff*