# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CASE NO. 20-CV-954-WO-JLW

|  |  |
|---|---|
| FARHAD AZIMA, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| NICHOLAS DEL ROSSO and | ) |
| VITAL MANAGEMENT SERVICES, | ) |
| INC., | ) |
|  | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SET AN INITIAL PRETRIAL CONFERENCE AND TO INITIATE RULE 26(f) AND LOCAL RULE 16.1(f) CONFERENCES AND REPORTING PROCESS**

## OPPOSITION

This Court recently dismissed nine of Plaintiff Farhad Azima's eleven asserted causes of action, and dismissed the substantial bulk of the remaining two claims. Defendants have since moved to dismiss the remaining portions of the two remaining claims for lack of subject matter jurisdiction under Rule 12(b)(1). Dkt. 67, 68. As the pending jurisdictional motion demonstrates, the Court no longer has original jurisdiction over the matter because the federal causes of action have been dismissed. *See* 28 U.S.C. § 1331. The surviving allegations do not meet the amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). As the motion further details, as a factual matter Plaintiff lacks Article III standing to assert the surviving trade-secret and related conspiracy causes of action because his own disclosures reveal that he does not personally own the asserted trade secrets.

After the Court entered the dismissal order and Defendants provided notice to counsel for Azima of their intent to file a motion to dismiss for lack of subject matter jurisdiction, Azima filed his sixth request to initiate and pursue

discovery.  *See* Dkt. 7, 36, 52, 61, 64, 66.  The Court rejected the prior requests because a motion to dismiss should be resolved before discovery commences.  *See* Dkt. 30, 54, 65. As the Court recognized, "the general local practices in this district and [] the Court's discretionary authority to manage its cases on its docket" counsel against "the commencement of general discovery before . . . a final ruling on Defendants' motion to dismiss."  Dkt. 54 at 36-37.

That same rule and same logic continue to apply.  Indeed, they apply now with greater force, because what is now in doubt is the Court's subject matter jurisdiction over what is left of the case.  Without "subject-matter jurisdiction over the underlying action," any order for merits discovery is "void."  *United States Catholic Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 76 (1988).  Accordingly, "i[t] is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters," to the extent such discovery is necessary.  *Id.* at 79-80.

The Court in any event has discretion to manage its docket and its resources as it sees fit.  *See Williams v.*

2

*Pegasus Residential, LLC*, 2019 WL 8586707, at *1 (M.D.N.C. May 3, 2019). In the exercise of its inherent discretion, the Court should decide the pending motion and satisfy itself whether it has jurisdiction before beginning discovery.

For the foregoing reasons, Defendants respectfully request that the Court deny Azima's motion for an initial pretrial conference and to initiate the Rule 26(f) and Local Rule 16.1(f) conferences and reporting process.

Respectfully submitted this 30th day of December, 2021.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: _____ /s/ *Brandon S. Neuman* _____
Kieran J. Shanahan, NCSB# 13329
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
Glenlake One
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina, 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
kieran.shanahan@nelsonmullins.com
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*

3

**WORD COUNT CERTIFICATION**

Pursuant to Local Rule 7.3, I hereby certify, subject to Fed. R. Civ. P. 11, that the accompanying brief contains 441 words, according to the word count feature of the word processing system used to prepare the brief. Accordingly, the brief does not exceed the 6,250 word limitation.

Respectfully submitted this 30th day of December, 2021.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: ___ /s/ *Brandon S. Neuman* ___
Kieran J. Shanahan, NCSB# 13329
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
Glenlake One
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina, 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
kieran.shanahan@nelsonmullins.com
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2021, I electronically filed the foregoing **Defendants' Response To Plaintiff's Emergency Motion For Leave To File Supplemental Information Related To Objection To Recommended Ruling And For Leave To Commence Discovery In Light Of Newly Discovered Evidence** with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathan.townsend@wbd-us.com
ripley.rand@wbd-us.com
chris.jones@wbd-us.com

Calvin Lee
Ian Herbert
Brian Hill
Kirby D. Behre
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
clee@milchev.com
iherbert@milchev.com
bhill@milchev.com
kbehre@milchev.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: ___/s/ *Brandon S. Neuman*___
Kieran J. Shanahan, NCSB# 13329
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
Glenlake One
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina, 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
kieran.shanahan@nelsonmullins.com
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*

5