# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# Case No. 20-cv-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | **BRIEF OF PLAINTIFF FARHAD AZIMA IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION** |

## INTRODUCTION

For the second time since their Motion to Dismiss was denied, Defendants file a motion with no factual or legal basis. This time, offering nothing new, Defendants seek reconsideration of arguments previously considered and rejected by the Court. Setting aside the general impropriety of a motion to reconsider that is premised on the same arguments that were previously rejected, Defendants' motion should fail for the reasons previously articulated by the Court in its Memorandum Opinion and Order (Docket No. 65).

## LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Pickens v. Shanahan*, No. 1:16-cv-251, 2016 WL 9077908, at *1 (M.D.N.C. Nov. 15, 2016). The Fourth Circuit looks to the standards for reconsideration of final

judgments under Rule 59(e) when analyzing interlocutory motions for reconsideration under Rule 54(b). *See Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc.*, No. 1:05-cv-955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011). Accordingly, Fourth Circuit courts have held that interlocutory motions for reconsideration are "appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Democracy N.C. v. N.C. State Bd. of Elections*, 2020 WL 6591396, at *1 (M.D.N.C. Sept. 30, 2020) (denying motions for reconsideration); *see also Akeva, L.L.C. v. Adidas America, Inc.*, 385 F.Supp.2d 559, 566 (M.D.N.C. 2005). An issue of "controlling law" is a "narrow, dispositive question of pure law." *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 82 (E.D. Va. 2000) (cited by *Nat'l Interstate Ins. Co. v. Morgan & Sons Weekend Tours, Inc.*, No. 1:11-cv-1074, 2016 WL 1228622, at *2 (M.D.N.C. Mar. 28, 2016)). No controlling question of law exists when an appeal "turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *McFarlin v. Conseco Servs., LLC.* 381 F.3d 1251, 1259 (11th Cir. 2004) (cited by *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-cv-18-D, 2017 WL 9940363, at *1 (E.D.N.C. May 24, 2017)).

Moreover, motions for reconsideration are also considered improper if they merely ask the court to "rethink its prior decision," or provide a "better more compelling argument than the party could have presented in the original briefs on the matter." *Hinton v.*

2

2708497.3

Case 1:20-cv-00954-WO-JLW   Document 77   Filed 01/31/22   Page 2 of 11

*Henderson*, No. 3:10-cv-505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011); *see also Directv, Inc. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (holding that a motion to reconsider is not proper when it "merely asks the court to rethink what the Court had already thought through — rightly or wrongly").

## ARGUMENT

I. **In Its Memorandum Opinion and Order, the District Court Ruled on the Precise Question that Defendants Now Raise for a Second Time.**

Defendants' argument was previously raised and explicitly rejected by the Court. Nothing has changed since that ruling, and the Motion for Reconsideration is therefore improper.

Defendants' motion fails to identify new evidence, any intervening development in controlling law, nor a need to correct injustice. Instead, Defendants misleadingly couch their Motion for Reconsideration as a change in law of the case. They argue that Judge Webster did not consider the question presented of whether the 2018-2019 conduct alleged in the complaint was sufficient to survive a motion to dismiss.

However, the Motion ignores the Court's Memorandum Opinion and Order, (ECF No. 65 ("Order")), which expressly considered and rejected the argument that Defendants now raise. The Order notes that Defendants, in their objections to Judge Webster's recommendation, "contend that 'Azima's allegations simply do not link Defendants to the alleged 2018-19 conduct, so that conduct cannot be the basis for any claim against the Defendants.' **This court disagrees**. For purposes of surviving a motion to dismiss, the

2708497.3

Complaint sufficiently links Defendants to the 2018-2019 conduct." ECF No. 65, at 17 (emphasis added). Thereafter, the Order specifically cites six paragraphs in the complaint that together "more than 'allow the court to draw the reasonable inference that' Defendants are sufficiently linked to the 2018-2019 conduct." *Id*. at 18.

Because Defendants' Motion merely asks the court to rethink arguments that have already been considered and rejected, and because there has been on change in law, the Motion should be rejected.

## II. As Judge Osteen Already Determined, the Complaint Adequately Alleges that Defendants Themselves Misappropriated Plaintiff's Trade Secrets.

The Court has previously ruled that the Complaint sufficiently alleges that Defendants themselves misappropriated Plaintiffs' trade secrets and violated the North Carolina Trade Secrets statute. As previously noted in Plaintiff's Opposition to Defendants' Objections to Judge Webster's Order and Recommendation, North Carolina law defines "misappropriation" to include the "acquisition, disclosure, or use of a trade secret." ECF No. 58, at 10. The Complaint makes sufficient allegations that Defendants themselves acquired, disclosed, and/or used Plaintiff's trade secrets in 2018 and 2019. The Complaint alleges:

- "Del Rosso hired the Indian hacking firm CyberRoot." ECF. No. 1 ¶ 16.
- "Del Rosso, Vital, CyberRoot, and other co-conspirators . . . obtained numerous confidential and protected trade secrets belonging to Azima and his companies." *Id*. ¶ 18

- "Acting at Defendants' direction, CyberRoot created, uploaded, and transmitted multiple unauthorized copies of Azima's data. . . . [A]t least some of that data was provided to Del Rosso, who was located in North Carolina." *Id*. ¶ 19.
- "CyberRoot posted the data on the internet to create the misimpression that the data CyberRoot and Defendants stole from Azima were available to anyone who used the internet." Id. ¶ 22.
- "In May and June 2018, the blog sites were modified to include new links to WeTransfer sites that contained copies of Azima's stolen data." Id. ¶ 24.
- "CyberRoot regularly used WeTransfer links to transfer data to Vital." *Id*. ¶ 25.
- "In June 2019, the links on the blog sites were modified to include new WeTransfer links containing some of Azima's stolen data." *Id*. ¶ 26

Read together, the Complaint clearly alleges that Defendants hired CyberRoot to undertake the hacking work, including the posting of Plaintiff's data, which included his trade secrets. The allegations make clear that Defendants at least acquired Plaintiff's trade secrets from CyberRoot, which "regularly used WeTransfer links to transfer data to Vital," including in 2018 and 2019, as well as 2016. Judge Osteen correctly pointed to these paragraphs when he found that, taken together, these allegations "more than 'allow the court to draw the reasonable inference that' Defendants are sufficiently linked to the 2018-

2019 conduct," particularly when construed in the light most favorable to the Plaintiff. ECF No. 65 at 18.

Thus, even if the Motion for Reconsideration were proper, the Court should reject the Motion for the same reasons previously articulated in the Memorandum Opinion and Order (ECF No. 65).

**III.     Defendants' Baseless Motion Appears to Be For Purposes of Delay, and the Court Should Start Discovery Immediately.**

This case was filed 15 months ago. In the interim, Defendants have steadfastly refused to participate in a Rule 26 conference, though doing so was entirely practicable. Further, it appears that the Court wanted to resolve the Defendants' Motion to Dismiss in advance of scheduling a Rule 16 hearing—which itself appears to be the action necessary to force Defendants to participate in discovery. Since receipt of the Court's Memorandum Opinion and Order, which allowed Plaintiff to proceed on two claims, Defendants have filed two additional dispositive motions—a new Motion to Dismiss and this Motion for Reconsideration. In the first, Defendants ignored the existence of allegations appearing on the face of the Complaint and ignored controlling U.S. Supreme Court authority. Now, in the second, Defendants mischaracterize the procedural posture and improperly seek to have the Court rethink its earlier decision while ignoring controlling Fourth Circuit authority.

Defendants' apparent motion practice strategy, argument, and refusal to acknowledge allegations that were previously noted by the Court and mandatory authority belie Defendants' true end—avoidance of discovery that will buttress Plaintiff's claims.

Here, for Defendants, justice delayed is justice. Respectfully, Plaintiff requests that the Court refuse to be a party to this tactic and not only reject the motions, but also immediately direct the commencement of discovery. *See* ECF No. 66, 71.

## CONCLUSION

For the foregoing reasons, Plaintiff Azima respectfully requests that the Court deny the Defendants' motion for reconsideration and direct the immediate commencement of discovery in this matter as requested.

This, the 31st day of January 2022.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Christopher W. Jones*
Ripley Rand
North Carolina Bar No. 22275
Christopher W. Jones
North Carolina Bar No. 27625
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: ripley.rand@wbd-us.com
          chris.jones@wbd-us.com

**MILLER & CHEVALIER CHARTERED**

*/s/ Kirby D. Behre*
Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Brian A. Hill (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006

Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Plaintiff*

## CERTIFICATE OF WORD COUNT

I certify under LR 7.3(d)(1) that the body of this brief, headings, and footnotes together contain 1,400 words or fewer, as reported by the word count feature in Microsoft Word 2016.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *Christopher W. Jones*
Ripley Rand
North Carolina Bar No. 22275
Christopher W. Jones
North Carolina Bar No. 27625
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: chris.jones@wbd-us.com
ripley.rand@wbd-us.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendants.

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

    Kieran J. Shanahan, Esq.
    Brandon S. Neuman, Esq.
    Jeffrey M. Kelly, Esq.
    Nathaniel J. Pencook, Esq.
    GlenLake One
    4140 Parklake Avenue - Suite 200
    Raleigh, NC 27612
    kieran.shanahan@nelsonmullins.com
    brandon.neuman@nelsonmullins.com
    jeff.kelly@nelsonmullins.com
    nate.pencook@nelsonmullins.com
    Telephone: 919.329.3800
    Facsimile: 919.329.3799

This, the 31st day of January, 2022.

                **WOMBLE BOND DICKINSON (US) LLP**

                /s/ *Christopher W. Jones*
                Christopher W. Jones
                North Carolina State Bar No. 27265
                555 Fayetteville Street, Suite 1100
                Raleigh, NC 27601
                Telephone:   (919) 755-8125
                Facsimile:    (919) 755-6752
                Email:         Chris.Jones@wbd-us.com

                *Counsel for Plaintiff*

11

2708497.3

Case 1:20-cv-00954-WO-JLW   Document 77   Filed 01/31/22   Page 11 of 11