```
                    UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
                    CASE NO. 20-CV-954-WO-JLW


                                    )
FARHAD AZIMA,                       )
                                    )
          Plaintiff,                )
                                    )
     v.                             )
                                    )
NICHOLAS DEL ROSSO and VITAL        )
MANAGEMENT SERVICES, INC.,          )
                                    )
          Defendants.               )
```

**DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION TO RECONSIDER
THE PARTIAL DENIAL OF THEIR MOTION TO DISMISS**

**REPLY**

Defendants' reconsideration motion presses a precise, case-dispositive question that the Court has not yet considered: should the Complaint have been dismissed because it does not allege that Defendants *themselves* acquired Plaintiffs' putative trade secrets in 2018-2019?

Azima's opposition concedes the reconsideration motion's major legal premise: that to survive dismissal, Azima has to have alleged that "Defendants themselves acquired, disclosed, and/or used Plaintiff's trade secrets in 2018 and 2019." ECF No. 77 ("Opp.") at 4. That concession is fatal to the remaining claims of the Complaint because as the reconsideration motion points out, there is no allegation that Defendants did any of those things in or after 2018.

Azima's principal argument against dismissal is his contention that the Court already decided this question. For that he repeatedly (at 4 & 5) cites the Court's determination that Defendants are "sufficiently linked" to the 2018-2019 conduct. Order (ECF No. 65) at 17. That holding addressed a different argument, however: Defendants had urged that the Complaint draws no connection at all between them and any conduct in 2018-2019, and in the quoted passage, the Court

1

rejected *that* position. That is a different point than the one here: under the no-secondary-liability rule, any "link[]" that the allegations draw is not enough because the allegations at most allege that a third party engaged in misappropriation in 2018-2019 and conclude that the third party's acts were "at Defendants' direction." Opp. at 5 (citing Compl. ¶ 19).[1]

Indeed, Azima's repeated invocation of that earlier language — that Defendants are "linked" to the alleged 2018-2019 conduct — is a dead giveaway that his allegations are insufficient. That language acknowledges that someone else did the conduct, and that Defendants are at most merely "linked" to it. "Linked" is not enough under the North Carolina Trade Secrets Protection Act, because, as Azima directly concedes, Opp. at 4, the remaining claims require Defendants' primary action, not secondary involvement.

For this reason, almost all of Azima's brief is non-responsive to the motion. Nowhere does the brief directly

---

[1] Azima also quibbles over the legal standard for reconsideration, but does not dispute that the Court has broad discretion to revisit its order. *See Carlson v. Boston Scientific Corp.*, 856 F. 3d 320, 325 (4th Cir. 2017)("broad[] flexibility" to do so).

2

address the precise legal problem that his allegations at most allege Defendants' secondary involvement for the period in and after 2018. The closest Azima comes to directly addressing the secondary/primary distinction is a single citation-free sentence on Page 5 of his opposition.

In that sentence, Azima first insists that the allegations "make clear" that Defendants "at least acquired Plaintiff's trade secrets from CyberRoot," but he points to nothing alleging that this happened in 2018-2019. The sentence goes on to recite the Complaint's allegation (at ¶ 25) that "CyberRoot regularly used WeTransfer links to transfer data to Vital." Opp. at 5. As Defendants' motion explained, however, that generic statement does not allege, nor does it imply, that Defendants used that commonplace file-transfer service to receive Azima's trade secrets, let alone that they did so in 2018 or after. Mot. at 12 n. 4. Azima simply ignores that point from the opening brief, and his single sentence of argument does nothing to cure the Complaint's failure to allege that Defendants directly misappropriated trade secrets in 2018-2019.

3

In short, because Azima does not allege that Defendants themselves misappropriated his trade secrets in 2018 or 2019, his TSPA and derivative conspiracy claims fail.

## CONCLUSION

For these reasons and those stated in the opening brief, the Court should reconsider its denial of dismissal, and dismiss the Complaint's remaining counts.

Respectfully submitted this 14th day of February, 2022.

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/ Brandon S. Neuman*
Kieran J. Shanahan, NCSB# 13329
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
Glenlake One
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina, 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
kieran.shanahan@nelsonmullins.com
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*

**WORD COUNT CERTIFICATION**

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that the accompanying brief contains 606 words, according to the word count feature of the word processing system used to prepare the brief. Accordingly, the brief does not exceed the 3,125 word limitation.

Respectfully submitted this 14th day of February 2022.

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/ Brandon S. Neuman*
Kieran J. Shanahan, NCSB# 13329
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
Glenlake One
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina, 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
kieran.shanahan@nelsonmullins.com
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

      I hereby certify that on this 14th day of February 2022, I electronically filed the foregoing **Defendants' Reply in Support of Their Motion to Reconsider the Partial Denial of Their Motion to Dismiss** with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

| | |
|---|---|
| Jonathan Townsend | Calvin Lee |
| Christopher W. Jones | Ian Herbert |
| Ripley Rand | Brian Hill |
| Womble Bond Dickinson(US) LLP | Kirby D. Behre |
| 555 Fayetteville Street | Miller & Chevalier Chartered |
| Suite 1100 | 900 16th Street, NW |
| Raleigh, NC 27601 | Washington, D.C. 20006 |
| jonathan.townsend@wbd-us.com | clee@milchev.com |
| chris.jones@wbd-us.com | iherbert@milchev.com |
| ripley.rand@wbd-us.com | bhill@milchev.com |
| | kbehre@milchev.com |

      **NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:   */s/ Brandon S. Neuman*
     Kieran J. Shanahan, NCSB# 13329
     Brandon S. Neuman, NCSB# 33590
     Jeffrey M. Kelly, NCSB# 47269
     Nathaniel J. Pencook, NCSB# 52339
     Glenlake One
     4140 Parklake Avenue, Suite 200
     Raleigh, North Carolina, 27612
     Telephone: (919) 329-3800
     Facsimile: (919) 329-3799
     kieran.shanahan@nelsonmullins.com
     brandon.neuman@nelsonmullins.com
     jeff.kelly@nelsonmullins.com
     nate.pencook@nelsonmullins.com
     *Counsel for Defendants*