# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CASE NO. 1:20-cv-00954-WO-JLW

FARHAD AZIMA,

               Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL
MANAGEMENT SERVICES, INC.,

               Defendants.

**ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT**

 

NOW COME Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("VMS") (collectively, "Defendants"), and, pursuant to Rule 12 of the Federal Rules of Civil Procedure, file this Answer in response to the allegations in Plaintiff Farhad Azima's Complaint, and say and allege as follows:

## INTRODUCTION

1.　Denied that Defendants engaged in, oversaw, or otherwise directed the hacking of Plaintiff. Denied that Defendants published alleged stolen information online. Admitted that VMS engagement by Dechert LLP was accurately disclosed to Plaintiff in his dispute with RAKIA and, for the avoidance of doubt, VMS's engagement by Dechert did not involve the direction of any alleged hacking. Defendants deny any remaining allegations contained in Paragraph 1 of the Complaint.

2.　Admitted that the Ras Al Khaimah investment Authority ("RAKIA") is the state investment entity for the government of Ras Al Khaimah. Admitted that CyberRoot Risk Advisory Private Limited ("CyberRoot") is a company based out of

Gurgaon, India, and, at all times relevant, CyberRoot was accredited to provide cyber security and information technology work for the Indian Government. Admitted that VMS engaged CyberRoot to provide information technology services related to cyber security, online reputation management, and digital forensics. Admitted that VMS engaged CyberRoot for lawful information technology services that did not relate to Plaintiff or involve any alleged hacking. Defendants lack sufficient knowledge or information with respect to the allegations concerning other third parties; however, denied, upon information and belief, that Dechert or RAKIA engaged in the hacking of Plaintiff. Defendants deny any remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations that BellTroX Info Tech Services ("BellTroX") hacked Plaintiff. Denied upon information and belief that CyberRoot worked with BellTroX in any capacity. Admitted that in related litigation pending in London, *RAKIA v. Azima*, Case No. HC-2016-002798 (the "English Proceedings"), Azima's counsel acknowledged that Azima and his agents began working with Thomson Reuters on or before April 2020. Admitted that on or about June 9, 2020, Thomson Reuters published a report, which speaks for itself. Also admitted upon information and belief that in June 2020, Azima and his agents were in possession of CyberRoot's banking information and had contacted Kotak Mahindra in an effort to obtain the bank statements introduced in this matter. Defendants lack sufficient knowledge or

2

information to form a belief as to the truth or falsity of the allegations concerning BellTroX, Sumit Gupta, or any related indictments. Defendants deny any remaining allegations contained in paragraph 3 of the Complaint.

4.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations concerning BellTroX or data reviewed by Thomson Reuters. Denied upon information and belief that CyberRoot targeted Plaintiff or his associates. Defendants deny any remaining allegations contained in Paragraph 4 of the Complaint.

5.     The allegations in Paragraph 5 are denied.

6.     The allegations in Paragraph 6 are denied.

7.     The allegations in Paragraph 7 pertaining to Defendants are denied. Admitted that RAKIA discovered fraudulent conduct by Plaintiff in data that was published concerning Plaintiff, which ultimately formed the basis for a fraud judgment against Plaintiff in the English Proceedings. Denied upon information and belief that RAKIA or its agents engaged in hacking or theft of Plaintiff's data. Defendants deny any remaining allegations contained in Paragraph 7 of the Complaint.

8.     The allegations in Paragraph 8 concerning the English court's ruling call for a legal conclusion for which no response is required. Admitted that Defendants provided a witness statement and live testimony in the English Proceedings through its principal, Del Rosso. Admitted that Defendants truthfully disclosed their

engagement with Dechert and their limited role in the dispute with Plaintiff. Further admitted that the English court found Defendants' testimony credible and reliable. Defendants deny any remaining allegations contained in Paragraph 8 of the Complaint.

9. The allegations in Paragraph 9 are denied.

**PARTIES**

10. Admitted upon information and belief that Plaintiff is a U.S. Citizen and maintains a residence in Kansas City, Missouri. Admitted upon information and belief that Plaintiff engages in aviation-related businesses and engages interstate and foreign commerce. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations concerning the location of Plaintiff's computers and servers. Defendants deny any remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that Nicholas Del Rosso is the owner and an employee of VMS and that Defendants are located in Chapel Hill, North Carolina. Admitted that Del Rosso is a certified fraud examiner and does not purport to provide general investigated services in the United States. Defendants deny any remaining allegations contained in paragraph 11 of the Complaint.

12. Admitted.

4

## FACTS

13.    Admitted that Dechert LLP engaged VMS to assist it in its representation of RAKIA with respect to the investigation of fraud and identification of assets potentially stolen from the Government of Ras al Khaimah beginning in August 2014 and continuing through 2019. Admitted that VMS hired attorney Chris Swecker, and that VMS and Mr. Swecker worked with Dechert LLP attorneys, including Neil Gerrard. For the avoidance of doubt, VMS's engagement with Dechert did not involve directing or overseeing the hacking of Plaintiff. Defendants deny any remaining allegations contained in paragraph 13 of the Complaint.

### The Hacking of Azima at Del Rosso's Direction

14.    The allegations in Paragraph 14 do not pertain to Defendants.  As such, no response is required.  To the extent a response may be required, Defendants are without information sufficient to form a belief as to the truth or falsity of these allegations, and the allegations in Paragraph 14 are denied.

15.    Denied as stated. Admitted that VMS had worked with attorneys with Dechert on unrelated matters involving suspected fraud prior to working with Neil Gerrard. Admitted that Dechert engaged VMS in August 2014 to examine potential frauds committed against Dechert's client, the Government of Ras Al Khaimah, for matters not related to Plaintiff. Further admitted that in early August 2016, Gerrard contacted VMS concerning two links on the internet which appeared to contain data relating to Farhad Azima. Admitted that VMS assisted Dechert in engaging a

5

suitable digital forensics firm, Northern Technology, Inc., to assist Dechert in the retrieval of the data. Any remaining allegations in Paragraph 15 are denied.

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations concerning BellTroX and Preeti Thapiyal. All remaining allegations in Paragraph 16 are denied.

17.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations concerning BellTroX. The remaining allegations in Paragraph 17 are denied upon information and belief.

18.     Denied.

**The Disclosure of Azima's Stolen Data at Del Rosso's Direction**

19.     Denied.

20.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations concerning Gerrard and BellTrox. Admitted that Gerrard contacted Defendants concerning blog sites accusing Plaintiff of fraud in early August 2016. For the avoidance of doubt, denied that Defendants participated in or directed the hacking of Plaintiff, the creation of the blog sites, or the alleged publication of Plaintiff's data. Admitted that VMS paid CyberRoot for work unrelated to Plaintiff. Any remaining allegations in Paragraph 20 are denied upon information and belief.

21.     Admitted that Gerrard contacted Defendants concerning blog sites accusing Plaintiff of fraud in early August 2016. Admitted upon information and

belief that the user names "anjames" and "an_james" were associated with the BitTorrent links published by the blog websites. Denied upon information and belief that CyberRoot, including Mr. Vibhor Sharma, created, used, or were otherwise associated with the usernames "anjames," "an_james," or the email address an_james@protonmail.ch. For the avoidance of doubt, denied that Defendants participated in or directed the hacking of Plaintiff, the creation of the blog sites, or the alleged publication of Plaintiff's data. Any remaining allegations in Paragraph 21 are denied upon information and belief.

22.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations concerning communications between Stuart Page, Majdi Halabi, or Gerrard to create a false story. Admitted that Gerrard contacted Defendants concerning the BitTorrent links in early August 2016 after the links were published on blog sites accusing Plaintiff of committing fraud. Denied that Defendants or CyberRoot hacked or published Plaintiff's data on the internet. For the avoidance of doubt, denied that Defendants participated in or directed the hacking of Plaintiff, the creation of the blog sites, or the alleged publication of Plaintiff's data. Any remaining allegations in Paragraph 22 are denied upon information and belief.

23.    Denied as stated. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the technical allegations concerning the availability of BitTorrent seeders at the time that Gerrard contacted Defendants or the extent to which other persons downloaded the BitTorrent data. However,

Defendants admit upon information and belief that the BitTorrent data was publicly available on the basis that Northern Technology, Inc. successfully downloaded the data from publicly available links. For the avoidance of doubt, denied that Defendants participated in or directed the hacking of Plaintiff, the creation of the blog sites, or the alleged publication of Plaintiff's data. Any remaining allegations in Paragraph 23 are denied.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations concerning the modification of the blog sites or the use of WeTransfer. For the avoidance of doubt, denied that Defendants participated in or directed the hacking of Plaintiff, the creation or modification of the blog sites, or the alleged publication of Plaintiff's data. Any remaining allegations in Paragraph 24 are denied.

25. Denied.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations concerning the modification of the blog sites or the use of WeTransfer. For the avoidance of doubt, denied that Defendants participated in or directed the hacking of Plaintiff, the creation or modification of the blog sites, or the alleged publication of Plaintiff's data. Any remaining allegations in Paragraph 26 are denied.

27. Denied as stated. Admitted that Dechert engaged VMS in August 2014 to examine potential frauds committed against Dechert's client, the Government of

8

Ras Al Khaimah, for matters not related to Plaintiff. Further admitted that in early August 2016, Gerrard contacted VMS concerning two links on the internet which appeared to contain data relating to Farhad Azima. Admitted that VMS assisted Dechert in engaging a suitable digital forensics firm, Northern Technology, Inc., to assist Dechert in the retrieval of the data. For the avoidance of doubt, Defendants were not engaged by Dechert or any party to hack Plaintiff. Any remaining allegations in Paragraph 27 are denied.

28.    Denied as stated. Admitted that VMS has been paid more than $1 million by Dechert across its engagements. For the avoidance of doubt, Defendants were not engaged by Dechert or any party to hack Plaintiff. Any remaining allegations in Paragraph 28 are denied.

29.    Denied as stated. Admitted that VMS engaged CyberRoot to provide information technology services related to cyber security, online reputation management, and digital forensics. For the avoidance of doubt, admitted that VMS engaged CyberRoot for lawful information technology services that did not relate to Plaintiff or involve any alleged hacking. Admitted that VMS's total payments to CyberRoot over multiple years exceeded $1 million. Any remaining allegations in Paragraph 29 are denied.

30.    Denied.

31. Denied as stated. Admitted that VMS's payments to CyberRoot for lawful services provided were payable to CyberRoot's bank account with Kotak Mahindra Bank. Any remaining allegations in Paragraph 31 are denied.

32. Denied as stated. Admitted that VMS paid CyberRoot for services rendered in August and September 2016. For the avoidance of doubt, denied that Defendants engaged or otherwise paid CyberRoot for services related to the alleged hacking of Plaintiff or publication of his data. Any remaining allegations in Paragraph 32 are denied.

**Lawsuit Against Azima and False Testimony About Discovery of Azima's Data**

33. Denied as stated. Admitted upon information and belief that Dechert sent a letter before action to Plaintiff concerning his apparent fraud, which speaks for itself. For the avoidance of doubt, denied that Defendants or CyberRoot engaged or otherwise participated in the hacking of Plaintiff's data or its publication online. Any remaining allegations in Paragraph 33 are denied.

34. Denied as stated. The allegations in Paragraph 34 concerning the English court's ruling call for a legal conclusion for which no response is required. Admitted that Defendants have consistently disclosed their limited involvement in this matter, including assisting Dechert identify a suitable digital forensics firm to retrieve data from BitTorrent links that were already published. Admitted that the English court stated that Del Rosso's testimony on Defendants' behalf was credible and reliable. Any remaining allegations in Paragraph 34 are denied.

10

35.     Denied as stated. Admitted that Defendants have consistently disclosed their limited involvement in this matter, including assisting Dechert identify a suitable digital forensics firm to retrieve data from BitTorrent links that were already published. Admitted that the English court stated that Del Rosso's testimony on Defendants' behalf was credible and reliable. Any remaining allegations in Paragraph 35 are denied.

36.     Denied as stated. Admitted that Defendants have consistently disclosed their limited involvement in this matter, including assisting Dechert identify a suitable digital forensics firm to retrieve data from BitTorrent links that were already published. Admitted that Defendants did not identify their engagement with CyberRoot, as it was for unrelated matters and irrelevant to the dispute between Plaintiff and RAKIA. Admitted that Del Rosso disclosed VMS's unrelated work for Dechert and RAKIA in India while testifying at the trial in the English Proceedings in January 2020. For the avoidance of doubt, denied that Defendants or CyberRoot engaged or otherwise participated in the hacking of Plaintiff's data or its publication online. Any remaining allegations in Paragraph 36 are denied.

## JURISDICTION

37.     The allegations in Paragraph 37 set forth legal conclusions to which no response is required.  Further, the federal claims identified in Paragraph 37 were dismissed by an Order of the Court on December 10, 2021.  [DE 65].  As such, no

11

response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37.

38. The allegations in Paragraph 38 set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38.

39. The allegations in Paragraph 39 set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 39.

40. The allegations in Paragraph 40 set forth legal conclusions to which no response is required. To the extent a response is required, admitted that Defendants are domiciled and have their principal place of business in Chapel Hill, North Carolina.

## VENUE

41. The allegations in Paragraph 41 set forth legal conclusions to which no response is required. To the extent a response is required, admitted that Defendants are domiciled and have their principal place of business in Chapel Hill, North Carolina. Any remaining allegations in Paragraph 41 are denied.

42. The allegations in Paragraph 42 set forth legal conclusions to which no response is required. To the extent a response is required, admitted that Defendants are domiciled and have their principal place of business in Chapel Hill, North Carolina. Defendants specifically deny the allegations that Defendants conspired

12

with any parties to hack Plaintiff or publish his data online. Any remaining allegations in Paragraph 42 are denied.

43.     The allegations in Paragraph 43 set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 43.

## <u>COUNT ONE (All Defendants)</u>

**I.     Disclosure of Wire, Oral, or Electronic Communications under the Wiretap Act (18 U.S.C. §§ 2511(1)(c) and 2520)**

44.     Defendants' responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

45.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 45.

46.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 46.

47.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 47.

48.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 48.

49.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 49.

50.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 50.

51.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 52.

53.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 53.

## Count Two (All Defendants)

**II.     Conspiracy to Disclose and Use Intercepted Wire, Oral, or Electronic Communications under the Wiretap Act (18 U.S.C. §§ 2511(1)(d) and 2520, 18 U.S.C. § 371)**

54.     Defendants' responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

14

55.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58.

## **COUNT THREE (All Defendants)**

**III.     Misappropriation of Trade Secrets, 18 U.S.C. §§ 1831, 1832, 1836**

59.     Defendants' responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

60.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60.

15

61.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64.

65.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69.

70.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70.

71.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71.

72.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

## COUNT FOUR (All Defendants)

**IV.    Computer Trespass (N.C. Gen. Stat. § 14-458)**

75.    Defendants' responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

76.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65].  As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65].  As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65].  As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 78.

79.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65].  As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 79.

## COUNT FIVE (All Defendants)

**V.    Conversion (North Carolina Common Law)**

80.    Defendants' responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

81. This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82. This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83. This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84. This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85. This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

## **COUNT SIX (All Defendants)**

**VI.    Identity Theft (N.C. Gen. Stat. § 14-113.20 and § 1-539.2(c))**

86.    Defendants' responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

19

87.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65].  As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65].  As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65].  As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 89.

90.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65].  As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 90.

## **COUNT SEVEN (All Defendants)**

**VII.   Publication of Personal Information (N.C. Gen. Stat. § 75-66)**

91.    Defendants' responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

92.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65].  As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 92.

20

93.	This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 93.

94.	This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 94.

95.	This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 95.

96.	This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 96.

97.	This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 97.

98.	This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 98.

99.	This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 99.

100.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 100.

## COUNT EIGHT (All Defendants)

### VIII. Violation of Trade Secrets Protection Act (N.C. Gen. Stat. § 66-153 *et seq.*)

101.    Defendants' responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

102.    The allegations in Paragraph 102 concerning whether certain information constitutes a trade secret call for a legal conclusion for which no response is required. Defendants lack sufficient knowledge or information with respect to the allegations concerning the contents of Plaintiff's email accounts and computer systems to form a belief as to the truth or falsity of these general allegations. Based on Plaintiff's disclosures in the English Proceedings, however, denied upon information and belief that the information specifically identified as trade secrets belong to Plaintiff. Any remaining allegations in Paragraph 102 are denied.

103.    Defendants lack sufficient knowledge or information with respect to the allegations concerning the contents of Plaintiff's email accounts and computer systems or the development of any business information therein to form a belief as to the truth or falsity of these general allegations. Based on Plaintiff's disclosures in the English Proceedings, however, denied upon information and belief that the

22

information specifically identified as trade secrets belong to Plaintiff. Any remaining allegations in Paragraph 103 are denied.

104. The allegations in Paragraph 104 concerning whether Plaintiff undertook reasonable efforts to maintain the secrecy of any purported trade secrets call for a legal conclusion for which no response is required. Defendants lack sufficient knowledge or information with respect to the allegations concerning Plaintiff's security practices to form a belief as to the truth or falsity of these allegations. Any remaining allegations in Paragraph 104 are denied.

105. The allegations in Paragraph 105 concerning the ownership and value of Plaintiff's purported trade secrets call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 105.

106. The allegations in Paragraph 106 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 106.

107. The allegations in Paragraph 107 concerning the ownership and value of Plaintiff's purported trade secrets call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 107.

108. The allegations in Paragraph 108 concerning the ownership, development, and characterization of Plaintiff's purported trade secrets call for a

23

legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 108.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied as stated. Denied that Defendants misappropriated Plaintiff's purported trade secrets. Admitted upon information and belief that Dechert notified Plaintiff in September 2016 of its possession of information that was published online. Admitted upon information and belief that Defendants' limited role in this matter was fully disclosed throughout the UK lawsuit. Any remaining allegations in Paragraph 112 are denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

117.   The allegations in Paragraph 117 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 117.

118.   The allegations in Paragraph 118 call for a legal conclusion for which no response is required. Admitted that Plaintiff's misappropriation of trade secrets claim is made in bad faith and for improper purposes and that Defendants are entitled to

attorney's fees pursuant to N.C. Gen. Stat. § 66-154(d). Any remaining allegations in Paragraph 118 are denied.

## COUNT NINE (All Defendants)

**IX.**      **Unfair and Deceptive Trade Practices (N.C. Gen. Stat. § 75-1.1)**

119.    Defendants' responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

120.     This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 120.

121.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121.

122.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 122.

123.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 123.

124.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124.

25

125.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125.

126.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 126.

127.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 127.

128.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128.

129.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 129. Defendants reserve the right to pursue relief, including attorney's fees, pursuant to N.C. Gen. Stat. § 76-16.1(2).

## COUNT TEN (All Defendants)

**X.    Civil Conspiracy (North Carolina Common Law)**

130.    Defendants' responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

131.    Denied.

26

132.    The allegations in Paragraph 132 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 132.

133.    Denied that Defendants had an agreement with any third party to hack or otherwise access any devices or accounts owned by Plaintiff. Any remaining allegations in Paragraph 133 are denied.

134.    Denied that Defendants engaged in any phishing campaign against Plaintiff. Any remaining allegations in Paragraph 134 are denied.

135.    Denied.

## COUNT ELEVEN (All Defendants)

**XI.    Invasion of Privacy – Offensive Intrusion Upon Seclusion**

136.    Defendants' responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

137.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 137.

138.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65]. As such, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 138.

27

139.    This claim was dismissed by an Order of the Court on December 10, 2021. [DE 65].  As such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 139.

## FIRST AFFIRMATIVE DEFENSE
### (Unclean Hands, Bad Faith, and Fraud)

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's pursuit and publication of allegations that he knew or should have known were false and, upon information and belief, are derived from stolen financial information concerning lawful transactions between VMS and its contractors. Defendants have sought a reasonable extension of time and reserve the right to supplement each affirmative defense; however, upon information and belief, Plaintiff and his agents have fabricated a story concerning Defendants to frustrate the $8.3 million judgment in favor of RAKIA against Plaintiff in the English Proceeding for misappropriating funds, bribery, and other bad faith conduct.

In the English Proceedings, Plaintiff has admitted to working with journalists, including Thomson Reuters, on or before April 2020, on matters purportedly related to BellTroX. Upon information and belief, this work resulted in Thomson Reuters' June 9, 2020, "exclusive" coverage of an alleged hack for hire group in India related to Dark Basin and BellTroX. Nothing in the report connected Dark Basin or BellTroX to CyberRoot. However, upon information and belief, Plaintiff was already working with investigators, including Jonas Rey and Aditya Jain, and was in possession of, at least, CyberRoot's confidential bank details in June 2020 and had unlawfully

28

obtained CyberRoot's confidential bank statements on or before July 7, 2020. Upon information and belief, Plaintiff and his agents used their knowledge of VMS and CyberRoot's lawful transactions to create a false narrative and investigation leading to their alleged "discovery" of CyberRoot's alleged participation in the hacking of Plaintiff.

After failed attempts to obtain the same financial information through expedited discovery in this matter, upon information and belief, Plaintiff conspired with third parties to publish the stolen bank statements under under false pretenses in a 28 U.S.C. § 1782 proceeding shortly before appellate hearings in the English Proceedings. *See In re Application of Karam Salah al Din Anwi al Sadeq, et al*, M.D.N.C. Case No. 1:21-MC-00006-UA-LPA, D.E. 4, Ex. G (Feb. 5, 2021). Upon information and belief, Plaintiff and his agents have misused the stolen bank statements, created a false narrative concerning Defendants and CyberRoot's lawful transactions that were not related to Plaintiff, have acted in bad faith, and have acted with a reckless disregard for the accuracy of his allegations.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>
**(Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel. This specifically includes but is not limited to Plaintiff's practice of accusing several persons not related to Defendants of hacking Plaintiff's devices.

29

## THIRD AFFIRMATIVE DEFENSE
### (No Proprietary Interests in Parts or Third-Party Services)

Plaintiff's claims are barred, in whole or in part, to the extent that they purport to hold a proprietary interest in information belonging to non-parties, including HeavyLift. Upon information and belief, the purported trade secrets identified by Plaintiff belong non-parties and Plaintiff has failed to identify his trade secrets with sufficient particularity.

## FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiff's claims are barred, in whole or in part, due to Defendants' good faith in this matter and the English Proceeding.

## FIFTH AFFIRMATIVE DEFENSE
### (No Basis for Piercing Corporate Veils)

Plaintiff fails to allege any acts or omissions by Defendants which justify piercing corporate veils to hold Del Rosso liable for the alleged acts or omissions by any other Defendant.

## SIXTH AFFIRMATIVE DEFENSE
### (Frivolous and Malicious N.C. Gen. Stat. 75-1.1 and Trade Secrets Claims)

Plaintiff's claims are barred, in whole or in part, due to the frivolous and malicious nature of their claims under N.C. Gen. Stat. § 75-1.1, the Federal Defend Trade Secrets Act, and the North Carolina Trade Secrets Protection Act. Plaintiff's claims are frivolous and malicious because, upon information and belief, they rely on information that Plaintiff and his agents illegally obtained and used to create a false

narrative concerning Defendants and CyberRoot and for the improper purpose of obtaining party discovery for use in the English Proceeding.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, based on the applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

Defendants reserve such other and further defenses as may become available during the course and scope of discovery or upon receipt of further information. Nothing in this Answer and Affirmative Defenses shall be deemed a waiver of the rights of any Defendant.

WHEREFORE, Defendants Vital Management Services, Inc. and Nicholas del Rosso respectfully prays the Court as follows:

1. That all claims contained in Plaintiff's Complaint be dismissed;

2. That the costs of this action be taxed to Plaintiff;

3. That Defendants be awarded their reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1, the Federal Defend Trade Secrets Act, the North Carolina Trade Secrets Protection Act, and any other authority by which the Court may award Defendants their reasonable attorneys' fees;

31

4.      That there be a jury trial on all issues so triable; and

5.      That the Court grant such other and further relief as it may deem just and proper.

This the 12th day of October, 2022.

NELSON MULLINS RILEY &
SCARBOROUGH, LLP

By:     */s/ Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
4140 Parklake Ave., 2nd Floor
Raleigh, North Carolina 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*

32

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2022, I electronically filed the foregoing **Answer and Affirmative Defenses to Complaint** with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathan.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Calvin Lee
Ian Herbert
Kirby D. Behre
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
clee@milchev.com
iherbert@milchev.com
bhill@milchev.com
kbehre@milchv.com

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/ Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
4140 Parklake Ave., 2nd Floor
Raleigh, North Carolina 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*

33