UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954-UA-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **DEFENDANTS' RULE 26(f) REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f) and LR 16.1(b), a telephone conference was held on November 1, 2022, between counsel for the Plaintiff and counsel for the Defendants, at which the parties discussed and continued to negotiate a proposed joint discovery plan. The Parties agreed on certain aspects of the discovery plan; however, the Parties respectfully disagreed as to whether discovery had commenced and the proper anticipated scope of discovery. Defendants respectfully request that the Court enter a scheduling order that includes the discovery deadlines listed below.

I. <u>Initial Disclosures</u>

The parties agree to provide initial disclosures by December 11, 2022.

II. <u>Plaintiff's Proposed Discovery Plan</u>

    a. *Discovery During Pending Dispositive Motion*

There are currently no pending dispositive motions. Defendants' position is that, pursuant to M.D.N.C. L.R. 26.1(a), discovery has not yet commenced and that the "commencement date" of discovery shall be in accordance with the initial pretrial order once entered by the Court.

1

### b. *Anticipated Scope of Discovery*

Discovery will be conducted on the operative allegations and claims contained in Plaintiff's Complaint and the denials and defenses raised in Defendants' Answer. The Parties disagree as to the proportionate scope of discovery. Plaintiff's position concerning the scope of discovery is detailed in his separate 26(f) Report, and Defendants dispute the extent to which Plaintiff seeks discovery related to claims alleged in other matters, including *Azima v. Dechert, et al.* (SDNY Case No. 1:22-CV-08728) filed on October 13, 2022, (the "New York Case") and the English Proceeding previously disclosed in this matter.

### i. *Defendants' Proposed Scope of Discovery*

Defendants contend that the proportionate scope of discovery should be limited to Plaintiff's two remaining claims in this matter: "a North Carolina misappropriation of trade secrets claim arising from the 2018-2019 online posting of new links to Plaintiff's confidential business data (Count VIII) and a North Carolina civil conspiracy claim contingent upon the viability of the trade secrets claim (Count X)[,]" (D.E. 80 p.4), which Defendants categorically denied, (*see generally* D.E. 86). The alleged conspiracy in this matter was between Defendants and CyberRoot Risk Advisory Pte. Ltd. and alleged related parties, and Plaintiff has elected to pursue broader and overlapping theories through the New York Case.

In their Affirmative Defenses, Defendants contend that they are the target of knowingly-false and bad faith claims brought by Plaintiff for the primary purpose of frustrating a multimillion dollar judgment in favor of the Ras Al Khaimah Investment Authority against Plaintiff in the English Proceeding for Plaintiff's fraud, misappropriating funds, bribery, and other bad faith conduct. (*See generally* D.E. 86). As such, Defendants disagree with Plaintiff's proposed scope of discovery and contend that narrower initial discovery is proportionate to the needs of the case, especially in light of Plaintiff's recent pursuit of overlapping theories and claims in the New York Case and English Proceedings.

### ii. *Defendants' Proposed Discovery Issues*

Defendants intend to take discovery on the facts and circumstances supporting Plaintiff's allegation that he "discovered that Defendants misappropriated his trade secrets earlier [that] year [(2020),]" (D.E. 1 ¶ 112).

After filing this lawsuit, Plaintiff stated the basis for his new theory of the hacking claims in the English Proceeding in 2021. Specifically, in February 2021, Plaintiff introduced witness statements of Messrs. Dominick Holden and Jonas Rey in the English Proceedings, which represent that they discovered Defendants' alleged involvement in hacking Plaintiff from a former CyberRoot employee, Vikash Pandey. Defendants contend that Messrs. Holden and Rey provided a false timeline to conceal communications from Mr. Holden to Mr. Pandey offering him a lucrative "consulting" agreement and that Mr. Rey did not speak with or otherwise obtain a confession from Mr. Pandey. Whether Plaintiffs have adequate and good faith grounds for pursuing discovery for alleged violations of the North Carolina Trade Secret Protection Act is a threshold issue for the proper scope of discovery.

To demonstrate that the factual basis for Plaintiff's Complaint was false or otherwise brought in bad faith, Defendants intend to take the following discovery:

- Defendants intend to take discovery on whether Plaintiff provided false evidence concerning his agents' conversations with Vikash Pandey, including whether Mr. Rey provided false evidence of alleged conversations with Mr. Pandey and whether Mr. Rey concealed his work prior to October 2020 with Aditya Jain who is, upon information and belief, the "Source 1" referred to in Mr. Rey's witness statement.

- Defendants intend to take discovery on whether Plaintiff and his agents, specifically including Dominic Holden and Jonas Rey, worked with Aditya Jain in May 2020 through September 2020 to pressure Vikash Pandey in an attempt to procure false evidence against CyberRoot and Defendants and offered Mr. Pandey, *inter alia*, a lucrative "consulting" agreement in August and September 2020.

- Defendants intend to take discovery on whether Plaintiff and his agents, specifically including Jonas Rey and Aditya Jain, conspired to and did in fact illegally obtain CyberRoot's bank statements by bribery or other fraudulent means in June and July 2020, prior to or contemporaneously with the start date of Mr. Rey's purported investigations in the English Proceedings.

3

- Defendants intend to take discovery on whether Plaintiff and his agents made payments to Jonas Rey and Aditya Jain or their respective companies in, at least, June and July 2020 to facilitate bribery of, *inter alios*, Kotak Mahindra Bank employees to obtain confidential banking information of CyberRoot.

- Defendants intend to take discovery on whether Plaintiff and his agents conspired with third parties, including Haralambos Tsiattalou, to introduce bank statements stolen from CyberRoot's bank under false pretenses in *In re Application of Karam Salah al Din Anwi al Sadeq, et al.*, M.D.N.C. Case No. 1:21-MC-00006-UA-LPA and other unrelated proceedings after Plaintiff failed to obtain expedited discovery in this matter.

- Defendants intend to take discovery on whether Plaintiff and his agents conspired with reporters and media outlets to create false or misleading stories concerning Defendants, including delivering .zip files of false documents and other information allegedly concerning Defendants and CyberRoot to journalists, as publicly reported.

- Defendants intend to take discovery on the circumstances by which Plaintiff obtained and stored documents or communications alleged to constitute evidence supporting Plaintiff's claims, as well as the use of such documents or communications in making allegations in support of his claims. This discovery will include documents and communications on any devices, drives, and servers, including any devices lost or destroyed. This discovery includes communications between Plaintiff and any of his vendors, subcontractors, or agents who obtained and provided evidence to Plaintiff, including those identified above.

The Court in the New York Case has noticed an initial pretrial conference for January 12, 2023, (New York Case D.E. 37). Accordingly, Defendants reserve the right to supplement their proposed discovery issues and seek other appropriate modifications to the case management order.

    c. *Proposed Case Management Track*

The Parties agree and seek leave of the court to take discovery pursuant to a Complex case management track, however, Defendants respectfully seek leave of court to take discovery pursuant to an Exceptional case management

track if Plaintiff is permitted discovery beyond the scope proposed herein. Pursuant to the Complex case management track, parties will serve no more than 25 interrogatories and requests for admission per party and take no more than 7 depositions each (including of any experts) without leave from the Court.

### d. Date for Completion of Discovery

The parties agree to modify the discovery track so that discovery will end July 1, 2023, with all discovery requests to be served at least 30 days in advance such that responses are due on or before the close of discovery. Defendants respectfully request that discovery end on September 1, 2023, if Plaintiff is permitted discovery beyond the scope proposed herein.

### e. Stipulated Modifications to the Discovery Track

As noted above, the parties agree to modify the discovery track such that discovery ends eight months after the commencement date established in the initial pretrial order.

### f. Disclosure of Expert Reports

The parties will designate experts by the close of fact discovery, and expert discovery will conclude by August 1, 2023.

## III. Mediation

The parties agree to explore mediation before the close of discovery, the exact date to be set by the mediator in consultation with the parties. If the parties cannot agree on a mediator, the parties agree that the mediator shall be selected by the clerk from the Court's panel of mediators.

## IV. Preliminary Deposition Schedule

Depositions may begin at the commencement of discovery[1] in accordance with the initial pretrial order once entered by the Court, following notices of depositions, and at dates and times in the notice of deposition or otherwise agreed upon by the parties.

---

[1] As noted above, the Parties disagree as to whether discovery has commenced. Defendants' position is that, pursuant to M.D.N.C. L.R. 26(a), discovery has not yet commenced.

5

V. Other Items

The parties should be allowed until 21 days after the entry of this order to request leave to join additional parties or amend pleadings. After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

Trial of the action is expected to take approximately 14 days. A jury trial has been demanded.

The parties will agree upon a protective order before any confidential information is disclosed. The Parties will comply with Local Rules 5.4 and 5.5 protocol as set forth in a separate Report as to any documents or matters proposed to be sealed.

Discovery in this matter shall take the form agreed upon by the Parties following the establishment of the proportionate scope of discovery.

Respectfully submitted this 10th day of November, 2022.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/*Brandon S. Neuman*

Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
Glenlake One
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina, 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November 2021, I electronically filed the foregoing **Defendants' Rule 26(f) Report** with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathan.townsend@wbd-us.com
ripley.rand@wbd-us.com
chris.jones@wbd-us.com

Calvin Lee
Ian Herbert
Brian Hill
Kirby D. Behre
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
clee@milchev.com
iherbert@milchev.com
bhill@milchev.com
kbehre@milchev.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/*Brandon S. Neuman*

Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
Glenlake One
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina, 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*