UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-cv-954

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendants.

**PROPOSED DISCOVERY PLAN OF PLAINTIFF FARHAD AZIMA**

Pursuant to Federal Rule of Civil Procedure 26(f), a telephone conference was held on November 1, 2022, between counsel for the Plaintiff and counsel for the Defendants, at which the parties discussed and continued to negotiate the following discovery plan. Counsel for Plaintiff believed the Parties had agreed on the bulk of discovery plan, except for issues involving the anticipated scope of discovery,[1] and sent counsel for Defendants a draft joint discovery plan on November 9, 2022, that included the parties' respective positions on the scope of discovery. On November 10, 2022, just a few hours before the Motion was to be filed, Defendants informed Plaintiffs that they would be filing a separate

---

[1] The parties also disagree regarding the timing for appropriate "commencement" of discovery under the Rules. Counsel for Plaintiff informed counsel for Defendants during the November 1, 2022, conference call that Plaintiff intended to begin discovery immediately and counsel for Defendants did not object to Plaintiff beginning discovery. Following the November 1, 2022, conference between the parties, Plaintiff sought certain third-party records by issuance of subpoena in accordance with Fed. R. Civ. P. 26(d). In an email of November 9, 2022, Counsel for Defendants objected to the subpoenas as being premature. Counsel for the Plaintiff explained that Fed. R. Civ. P. 26(d) and its commentary contemplate discovery commencing following the Rule 26 conference of the parties, and neither the federal nor the local rules prohibit discovery before the entry of a pretrial order. Since being informed of Defendants' objection, Plaintiff has not issued additional subpoenas before the entry of the pretrial order.

1

discovery plan. Defendants have not provided a copy of what they intend to file. Based on the version previously circulated, Counsel for Plaintiff objects to Defendants' requested discovery as being irrelevant to this matter. In addition, the level of detail and argument in Defendants' draft position goes beyond what is appropriate for a Rule 26(f) Report, and is written in an inflammatory fashion with untrue accusations about Plaintiff, none of which are appropriate for this Report. Rather than address the merits of Plaintiff's trade secret and civil conspiracy claims and any alleged defense, Defendants' description of the appropriate scope of discovery seems solely designed to disparage Plaintiff, as Plaintiff has alleged in his conspiracy claim. Counsel for Plaintiff thus encouraged counsel for Defendants to reconsider and rewrite their description of the scope of discovery to something more reasonable and appropriate.

On November 10, 2022, counsel for Defendants acknowledged that the Parties agreed on portions of the Report, except for disagreements about "the scope of discovery and the topics on which discovery will occur." Defendants thus informed Plaintiff for the first time—less than two-and-a-half hours before the noon deadline—that Defendants "intend to file a separate proposed report by the noon deadline today." Defendants have not shared their amended report.

Because counsel for Defendants refused to file a joint report, Plaintiff submits this proposed discovery plan and individual Rule 26(f) report.

I. <u>Initial Disclosures</u>

The parties agree to provide initial disclosures by December 11, 2022.

II. <u>Plaintiff's Proposed Discovery Plan</u>

    a.    *Discovery During Pending Dispositive Motion*

        There are currently no pending dispositive motions.

    b.    *Anticipated Scope of Discovery*

Discovery will be conducted on the operative allegations and claims contained in Plaintiff's Complaint and the denials and defenses raised in Defendants' Answer. The Parties disagree as to the proportionate scope of discovery. Below is Plaintiff's position.

The operative claims in the complaint include both a claim for misappropriation of trade secrets and a conspiracy claim. Plaintiff alleges that Defendants were part of a sophisticated global conspiracy spanning several years and countries. Accordingly, Plaintiff intends to take discovery on the following topics:

- Plaintiff intends to take discovery on the role the Defendants played in the alleged civil conspiracy to obtain Plaintiff's trade secrets, including but not limited to the unlawful agreement in or around 2014 to form the conspiracy to misappropriate and use Plaintiff's data, including trade secrets and the identity of Defendants' co-conspirators.

- Plaintiff intends to take discovery on the circumstances by which Defendants obtained and stored Plaintiff's trade secrets on any devices, drives, and servers, including any devices lost or destroyed. This discovery includes communications between Defendants and any of their co-conspirators, vendors, subcontractors, or agents who obtained and provided Plaintiff's trade secrets to Defendants, including communications with hackers.

- Plaintiff intends to take discovery on use of Plaintiff's trade secrets by Defendants. This discovery includes but is not limited to Defendants' delivery of Plaintiff's trade secrets to members of the conspiracy, Defendants' sharing of Plaintiff's trade secrets with law enforcement, Defendants' sharing of Plaintiff's trade secrets to members of the press for broader publication, and Defendants' instructions to subcontractors to publish Plaintiff's trade secrets on blog sites.

- Plaintiff intends to take discovery on Defendants' communications and actions to conceal Defendants' misappropriation and misuse of Plaintiff's trade secrets, including the destruction of evidence and the creation of false and fraudulent documents. This discovery includes the circumstances by which Defendants lost or destroyed documents and devices, fabricated evidence, or deleted messaging applications to conceal communications with conspirators close in time to the filing of this complaint in October 2020. [*See* D.E. 61] This discovery also includes the circumstances by which Defendants and co-conspirators, lawyers,

and agents pressured witnesses and drafted false and misleading statements to disguise Defendants' connection to hackers in or around July 2020. The destruction of documents and fabrication of evidence is directly relevant to Defendants' state of mind in communicating with the hackers.

- Plaintiff intends to take discovery on Defendants' use of U.S. financial institutions in furtherance of the conspiracy to misappropriate and misuse Plaintiff's trade secrets, including the receipt and payment of funds to conspiracy members.

- Plaintiff intends to take discovery on Defendants' affirmative defenses, including but not limited to whether Defendants coordinated with their co-conspirators regarding the defenses as part of the alleged civil conspiracy to harm Plaintiff.

Defendants seek to improperly narrow the scope of Plaintiff's discovery. It is not disputed that the operative allegations in the Complaint include a civil conspiracy between Defendants, Dechert LLP, CyberRoot, and others to steal Plaintiff's confidential data and use it against him. Accordingly, the nature and scope of the agreement, the circumstances leading to the agreement, and acts taken in furtherance of the conspiracy, including, for example, how the Defendants came into possession of the trade secrets that they misappropriated as alleged in the complaint, are all relevant and necessary parts of Plaintiff's case.

Plaintiff objects to the overly broad scope of Defendants' intended discovery as described above. The discovery sought is not relevant to Plaintiff's claims of misappropriation of trade secrets and conspiracy or any viable defense or other matter alleged by Defendants. Particularly in a case where Plaintiff alleges that Defendants' actions were taken to damage his reputation and harm him financially, such broad discovery could only be designed to further the damage to Plaintiff by expanding the scope of discovery to matters that have no relevance to the remaining claims and defenses in this case. Defendants have not brought any claims against Plaintiff and have not made any allegations with particularity to support their accusations. Under the circumstances, and as

will be further argued at the upcoming hearing, it is inappropriate to allow such discovery of Plaintiff.

Plaintiff reserves the right to supplement his proposed discovery issues and seek other appropriate modifications to the case management order. Plaintiff also reserves the right to object to any additional topics for discovery that Defendants include in their unilateral proposed discovery plan, which Defendants opted to file—rather than a joint submission—the morning of November 10, 2022.

    c.    *Proposed Case Management Track*

The Parties agree and seek leave of the court to take discovery pursuant to a Complex case management track. Pursuant to the Complex case management track, parties will serve no more than 25 interrogatories and requests for admission per party and take no more than 7 depositions each (including of any experts) without leave from the Court.

    d.    *Date for Completion of Discovery*

The parties agree to modify the discovery track so that discovery will end July 1, 2023, with all discovery requests to be served at least 30 days in advance such that responses are due on or before the close of discovery.

    e.    *Stipulated Modifications to the Discovery Track*

As noted above, the parties agree to modify the discovery track such that discovery ends eight months after the initial pretrial conference.

    f.    *Disclosure of Expert Reports*

The parties will designate experts by the close of fact discovery, and expert discovery will conclude by August 1, 2023.

III.    <u>Mediation</u>

The parties agree to explore mediation before the close of discovery, the exact date to be set by the mediator in consultation with the parties. If the parties cannot agree on a mediator, the parties agree that the mediator shall be selected by the clerk from the Court's panel of mediators.

IV. <u>Preliminary Deposition Schedule</u>

Depositions may begin in accordance with the initial pretrial order once entered by the Court, following notices of depositions, and at dates and times in the notice of deposition or otherwise agreed upon by the parties.

V. <u>Other Items</u>

The parties should be allowed until 21 days after the entry of this order to request leave to join additional parties or amend pleadings. After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

Trial of the action is expected to take approximately 14 days. A jury trial has been demanded.

The parties will agree upon a protective order before any confidential information is disclosed. The parties will comply with Local Rules 5.4 and 5.5 protocol as set forth in a separate Report filed contemporaneously herewith as to any documents or matters proposed to be sealed.

Discovery in this matter shall take the form agreed upon by the Parties following the establishment of the proportionate scope of discovery.

Respectfully submitted on this, the 10th day of November, 2022.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand*
Ripley Rand
North Carolina Bar No. 22275
Christopher W. Jones
North Carolina Bar No. 27625
Jonathon Townsend
North Carolina Bar No. 51751
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: ripley.rand@wbd-us.com
       chris.jones@wbd-us.com
       jonathon.townsend@wbd-us.com

**MILLER & CHEVALIER CHARTERED**

*/s/ Kirby D. Behre*
Kirby D. Behre (*pro hac vice*)
Tim O'Toole (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

Brandon S. Neuman, Esq.
Jeffrey M. Kelly, Esq.
Nathaniel J. Pencook, Esq.
GlenLake One
4140 Parklake Avenue - Suite 200
Raleigh, NC 27612
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
Telephone: 919.329.3800
Facsimile: 919.329.3799

This, the 10th day of November, 2022.

        **WOMBLE BOND DICKINSON (US) LLP**

        /s/ Ripley Rand
        Ripley Rand
        North Carolina State Bar No. 22275
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone:   (919) 755-8125
        Facsimile:   (919) 755-6752
        Email:   Ripley.Rand@wbd-us.com

        *Counsel for Plaintiff*