# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# Case No. 20-cv-00954

Farhad Azima,

        *Plaintiff*,

  v.

Nicholas Del Rosso and
Vital Management Services, Inc.,

        *Defendants.*

## LR 5.5 REPORT FOR THE FILING OF SEALED DOCUMENTS

**[ X ] Conference:** The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

**[ ] Non-Parties:** Because a non-party has produced documents pursuant to a protective order or is otherwise claiming confidentiality over documents filed or expected to be filed in this case, the conference included _____ (identify non-party).

**[ ] Default:** The parties certify that few, if any, documents will be filed under seal. The parties agree to use the default procedures of LR 5.4(c). In addition, if the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

[_X_] **Alternative Proposal for Cases with Many Confidential Documents.** In order to address claims of confidentiality and reduce the need to file briefs and exhibits under seal, the parties propose the alternative procedure set out in the below proposal, either jointly or as competing alternatives, for consideration by the Court:

The default procedures under LR 5.5(c) shall apply with the following additions and amendments.

The parties recognize that "[s]ealed documents should not be filed unless necessary for determination of the matter before the Court. If only non-confidential portions of a document are necessary, only those portions should be filed, immaterial portions should be redacted, and no motion to seal should be filed." LR 5.4(a)(3).

Accordingly, if the party seeking to file the materials is not the party claiming confidentiality, or is not claiming it as to all of the items, then at least 2 business days before seeking to file under seal a document containing information previously designated as confidential by another pursuant to a protective order, the filing party must confer with the person that designated the material confidential in an attempt to eliminate or minimize the need for filing under seal. During the conferral, the parties must explore all alternatives to filing a document under seal, including stipulations, redactions, deleting unnecessary pages and other steps to eliminate the need to file under seal or to at least minimize the amount of sealed information.

[__] **Other relevant information:** _____

Respectfully submitted on this, the 10th day of November, 2022.

      **WOMBLE BOND DICKINSON (US) LLP**

      */s/ Ripley Rand*
      Ripley Rand
      North Carolina Bar No. 22275
      Christopher W. Jones
      North Carolina Bar No. 27625
      Jonathon Townsend
      North Carolina Bar No. 51751
      555 Fayetteville Street, Suite 1100
      Raleigh, North Carolina 27601
      Phone: 919-755-2100
      Fax: 919-755-2150
      Email: ripley.rand@wbd-us.com
             chris.jones@wbd-us.com
             jonathon.townsend@wbd-us.com

      **MILLER & CHEVALIER CHARTERED**

      */s/ Kirby D. Behre*
      Kirby D. Behre (*pro hac vice*)
      Tim O'Toole (*pro hac vice*)
      Ian Herbert (*pro hac vice*)
      Calvin Lee (*pro hac vice*)
      900 16th Street, NW
      Washington, D.C. 20006
      Telephone: (202) 626-5800
      Fax: (202) 626-5801
      Email: kbehre@milchev.com

      *Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

Brandon S. Neuman, Esq.
Jeffrey M. Kelly, Esq.
Nathaniel J. Pencook, Esq.
GlenLake One
4140 Parklake Avenue - Suite 200
Raleigh, NC 27612
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
Telephone: 919.329.3800
Facsimile: 919.329.3799

This, the 10th day of November, 2022.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Ripley Rand
Ripley Rand
North Carolina State Bar No. 22275
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone:   (919) 755-8125
Facsimile:   (919) 755-6752
Email:   Ripley.Rand@wbd-us.com

*Counsel for Plaintiff*