UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FARHAD AZIMA,

          Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

          Defendants.

CASE NO. 1:20-cv-00954-WO-JLW

## **Memorandum in Support of Defendants' Motion for Entry of Confidentiality Protective Order**

NOW COME Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("VMS") (collectively, "Defendants"), and, pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Rule(s)") and Local Rule ("LR") 26.2, hereby submit the following brief in support of their Motion for Entry of Confidentiality Protective Order (the "Motion").

### I.    BACKGROUND

This lawsuit arises out of Plaintiff Farhad Azima's ("Plaintiff") allegations – which Defendants strenuously deny – that Defendants' engagement with an international law firm included assisting with the hacking and leaking of Plaintiff's confidential and personal business information. (D.E. 1.)[1] As such, the Parties in this

---

[1] On December 10, 2021, the Court granted Defendants' Rule 12(b)(6) motion and dismissed Counts I, II, III, IV, V, VI, VII, IX, and XI of Plaintiff's Complaint. (D.E. 65.) The Court permitted Plaintiff's to pursue part of their Count VIII for Misappropriation of Trade Secrets under North Carolina Law and Count X for a related Civil Conspiracy under North Carolina Law, but held that all claims are "limited to the 2018-2019 conduct – the only allegations that are not time-barred." (*Id*. pp.23–24.) Defendants have denied the allegations in Plaintiff's Complaint and contend that Plaintiff and his agents have and continue to use stolen confidential financial information to create false narratives and allegations concerning Defendants and other third parties. (D.E. 86.)

case have an interest in obtaining, by formal discovery, information and documentation which may be considered confidential and sensitive business information warranting protection from dissemination and disclosure.

Accordingly, on November 1, 2022, during the Parties' Rule 26(f) conference, counsel for the Parties agreed that a confidentiality protective order ("protective order") would be warranted to govern the handling and disclosure of confidential information. This agreement was reflected in the Court's November 16, 2022 Scheduling Order, where the Court acknowledged that "[t]he parties have agreed that a protective order shall be entered before any confidential information is disclosed." (D.E. 93, at p. 3; *see also* Plaintiff's Proposed Discovery Plan, D.E. 91, at p. 6 ("The parties will agree upon a protective order before any confidential information is disclosed.")).

On November 18, 2022, Defendants provided Plaintiff's counsel with a proposed two-tiered protective order to govern the use and handling of confidential and sensitive documents and information.

On November 21, 2022, Plaintiff agreed via email to treat documents that had already been produced by a third-party financial institution "as confidential pending negotiations and entry of a protective order." Further, counsel for Plaintiff represented that they were "reviewing the draft protective order [that counsel for Defendants] sent over and will work to get the issues related to that resolved promptly."

However, on December 2, 2022, Plaintiff's counsel stated via email that "we are not sure that a blanket [protective] order is needed for this matter" and that "[w]e are willing to consider a protective order on a production-by-production bases if you can articulate a basis for one."

After several further email exchanges debating this issue, Defendants proactively arranged for a teleconference between the Parties, held on December 7, 2022, and attended by John Branch and Matt Gorga for Defendants, and Ripley Rand, Chris Jones, and Kirby Behre for Plaintiff.

The teleconference resulted in Defendants taking the position that a two-tiered protective order should be entered substantively in the form of the proposed protective order circulated by Defendants on November 18, 2022, and Plaintiff taking the position that, *inter alia*, while Plaintiff is not unwilling to the entry of an appropriately scoped protective order, Defendants should first provide Plaintiff with additional details regarding the documents and information in Defendants' possession that it believes will necessitate a protective order, especially a two-tiered protected order containing an "attorneys eyes only" designation. Further, Plaintiff expressed its concern that, if a blanket protective order is entered in this matter, Defendants will improperly designate *everything* as confidential.

Unwilling to allow Plaintiff to hold any agreement to a protective order hostage in an effort to obtain information about Defendants' confidential documents and information, Defendants ultimately stated their intentions to independently seek the Court's entry of their proposed two-tiered protective order.

Nevertheless, on December 9, 2022, after several more email communications between the Parties on this issue, counsel for Plaintiff emailed Defendants' counsel with an attached proposed *single*-tiered protective order, stating "please find attached our proposed protective order draft" and requesting that Defendants "review and let [Plaintiff] know to the extent that [Defendants] would like to talk about it." A true and accurate copy of Plaintiff's proposed protective order is attached to the Motion as **Exhibit B**.

On December 15, 2022, counsel for Defendants sent a revised version of their proposed two-tiered protective order which attempted to accommodate some of the differences reflected in Plaintiff's proposed single-tiered protective order.

On December 16, 2022, counsel for Plaintiff stated, *inter alia*, their position that "the parties have met and conferred on this topic to a far greater degree than contemplated by the rules, we are at an impasse, [and] we do not believe that a protective order is necessary, do not know why one would be, and do not intend to move for entry of one." Nevertheless, Plaintiff's counsel stated, "[i]f your client is willing to execute a version of the protective order that we provided—which we assume is not the case—then please send any proposed redline versions to that version (so long as they do not shift the burdens associated with the protective order)."

On December 21, 2022, Defendants' counsel emailed counsel for Plaintiff, stating, *inter alia*, "Plaintiff's primary opposition to the protective order we proposed is centered around the 'two-tiered' protection it provides" and "[a]s our final effort to compromise, we propose removing the 'Attorney Eyes Only' protection category from

4

the protective order we proposed, but leaving the remaining provisions the same." Attached to this email was a new version of Defendants' proposed protective order, with the "Attorney Eyes Only" designation provisions taken out.

To date, Plaintiff's counsel has not responded to Defendants' newly proposed single-tiered protective order. Discovery in this matter has already commenced, and, as set forth more fully below, discovery will likely involve—and has likely already involved—Defendants' private and confidential information. Accordingly, Defendants move this Court for entry of their proposed protective order, in the substance of that attached to the Motion as **Exhibit A**.

## II.    LEGAL STANDARD

Rule 26(c) provides a mechanism, available in appropriate cases, to limit the dissemination of certain private or confidential information that may be discoverable under the Federal Rules of Civil Procedure.[2] Upon a showing of good cause and as justice may require "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," a court may, amongst other things, enter a protective order "forbidding the disclosure or discovery," "forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters," or "requiring that a trade secret or other confidential research, development, or

---

[2] "Although [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc.*, 2011 WL 2413404, at *3 n. 2 (M.D.N.C. June 10, 2011) (alterations in original) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21 (1984)).

5

commercial information not be revealed or be revealed only in a specific way[.]" Fed. R. Civ. P. 26(c)(1)(A), (D), and (G).

Further, LR 26.2 provides, in pertinent part, that:

(a) If a party, or parties jointly, seek entry of a protective order to shield information provided in discovery from dissemination, the movant or movants must demonstrate with specificity that
     (i) the information qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure; and
     (ii) good cause exists for restricting dissemination on the ground that harm would result from its disclosure.

LR 26.2(a)(i)–(ii).

Whether to grant or deny a motion for a protective order is generally left within the district court's broad discretion. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

### III.   ARGUMENT

As aptly put by another Fourth Circuit court,

> [a]t this juncture, the question before the court is not whether specific documents are entitled to protection from public disclosure. The court is without sufficient information to answer that question. Instead, the question has a slight nuance. The court is asked to decide whether it should enter a confidentiality order . . . that would place the burden on the parties to designate documents [as protected under the confidentiality order] . . . . Thus, the court is not deciding whether the documents are confidential or appropriately designated . . . . The parties, subject to their Rule 11, FRCP obligations, would make that determination in the first instance.

*Marlboro Elec. Coop., Inc. v. Cent. Elec. Power Coop., Inc.*, 2021 WL 5998612, at *3 (D.S.C. May 13, 2021).

6

Case 1:20-cv-00954-WO-JLW   Document 102   Filed 12/23/22   Page 6 of 16

### A. Entry of a Confidentiality Protective Order is Warranted.

This Court has stated that, to warrant entry of a confidentiality protective order, "a party must make some threshold showing of good cause to believe that discovery will involve confidential or protected information. This may be done on a *generalized* as opposed to a document-by-document basis." *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Grp., Inc.*, 121 F.R.D. 264, 267–68 (M.D.N.C. 1988) (emphasis added). Indeed, this Court has acknowledged that "[c]ourts regularly enter such orders . . . based on a *general* good cause determination." *Haas v. Golding Transp. Inc.*, 2010 WL 1257990, at *5 (M.D.N.C. Mar. 26, 2010) (cleaned up); *Hanesbrands Inc. v. Van Stevenson,* 2010 WL 1286669, at *3 (M.D.N.C. Mar. 29, 2010) (same).

Here, there is good cause to believe that discovery could involve—and has likely *already* involved—private and confidential business information of Defendants, and harm will result if this information is not kept confidential.

First, the allegations in the Complaint concern Defendants' engagement with an international law firm, Dechert LLP, during which Plaintiffs allege that Defendants assisted said law firm with the hacking and leaking of Plaintiff's confidential and personal business information, which Plaintiff claims constitute trade secrets. (*See, e.g.*, D.E. 1, at ¶¶ 101–118). Any discovery produced relating to Dechert LLP's client engagements would undoubtedly implicate confidentiality and

7

privilege issues, the public disclosure of which absent going through the protective order process could be irreparably damaging to Defendants and Dechert LLP.[3]

Second, Plaintiff's own proposed discovery plan forecasts discovery into broad categories of documents and communications spanning back to at least 2014, including Defendants' confidential and sensitive financial information and communications with clients, vendors, subcontractors, and agents, all in an effort to purportedly uncover Defendants' alleged role in a "sophisticated global conspiracy spanning several years and countries[.]" (*See* D.E. 91, at pp. 3–4). Indeed, Plaintiff is *already* in receipt of defendants' confidential bank records, which "[c]ourts . . . have recognized . . . can create a high potential to disclose a whole host of irrelevant and confidential business related information." *Elsayed v. Fam. Fare LLC*, 2019 WL 8586708, at *4 (M.D.N.C. Oct. 31, 2019) (cleaned up). Further, Del Rosso is a fraud examiner, where most—if not all—his work through VMS is performed for clients pursuant to contractual confidentiality obligations, as this work is, by its nature, highly sensitive. The public disclosure of such commercially sensitive information would be damaging to Defendants' clients as well as to the integrity of Defendants' business.

Such concerns are appropriately addressed by a protective order governing the entirety of discovery in a case. *See, e.g.*, *Revak v. Miller*, 2020 WL 3513239, at *4 (E.D.N.C. June 29, 2020) (ordering production of bank records where "[plaintiff's]

---

[3] Indeed, on or around December 19, 2022, Plaintiff served a third-party subpoena to produce documents on Dechert LLP, and on December 22, 2022, Plaintiff's counsel indicated via email their intent to serve a deposition subpoena on Dechert LLP.

8

legitimate privacy concerns . . . [were] sufficiently addressed by the protective order . . . that governs the production of confidential information."); *Hanesbrands Inc.*, 2010 WL 1286669 at *3 (stating that "blanket protective orders constitute an appropriate means for dealing with privacy and related concerns" including concerns related to "commercially-sensitive information"); *see also Moore v. Ferguson,* 2015 WL 9587748, at *7 (S.D.W. Va. Dec. 30, 2015) (finding defendant "met its burden of showing good cause required to demonstrate harm it may suffer from producing confidential materials in question without a protective order" where disclosure of certain documents would "violate [ ] confidentiality provisions" with nonparties).

Moreover, as a result of the Court's December 10, 2021 Memorandum Opinion and Order on Defendants' Motion to Dismiss (D.E. 65) significantly narrowing the scope of this matter, and in light of Plaintiff's broad forecasted discovery, entry of a protective order is further warranted to ensure Plaintiff does not utilize discovery in this matter for improper purposes, including using this matter as a discovery tool to prosecute Plaintiff's claims in other pending cases in different jurisdictions.[4]

As to Plaintiffs' reluctance to the entry of a blanket protective order due to concerns regarding over-designation, these concerns are unwarranted. In making "good faith" confidentiality designations under Defendants' proposed protective order, the Parties' are subject to their Rule 11 obligations, and the designating party bears the burden of establishing the necessity for a confidentiality designation. Accordingly, as succinctly put by another Fourth Circuit court, "both the

---

[4] These actions include *Azima, et al. v. Dechert LLP, et al.*, Case No. 1:22-CV-08728-PGG and *Solomon v. Dechert LLP, et al.*, Case no. 1:22-CV-03137-JEB.

9

Requirements of Rule 11, FRCP and the terms of the confidentiality order serve to protect Plaintiff from the potential for over designation." *Marlboro Elec. Coop., Inc.*, 2021 WL 5998612, at *3 (rejecting plaintiff's concerns of over-designation pursuant to defendants' proposed protective order that provided a process "to challenge confidential . . . designations" and placed the "burden of proving the necessity of a Confidential designation . . . [on] the party asserting confidentiality").

Therefore, good cause exists for entry of a protective order governing the use and handling of confidential information in this matter, as harm would result if the information covered by the protective order were not kept confidential.

**B. Defendants' Proposed Language Should Be Adopted.**

Should the Court agree that a protective order is warranted in this case, Defendants request that the language in their proposed protective order, attached as **Exhibit A**, be adopted. The notable differences between the Parties' exchanged draft protective orders are set forth below:

| **Defendants' Proposed Protective Order** (*See* Ex. A) | **Plaintiff's Proposed Protective Order** (*See* Ex. B) |
|---|---|
| ¶ 1 – Protected Information "shall be used only for the purpose of this Action, and not for any other business, competitive, personal, private, public, or other use or purpose." | No similar provision governing whether information and documents disclosed in this case can be used for other purposes.. |
| ¶ 2 – "The producing party may designate as "CONFIDENTIAL" any Information that it produces in this Action which it, in good faith, contends contains trade secrets, confidential research or development, confidential commercial information, ***confidential financial information, confidential health information, information*** | ¶ 2 – "A producing party may designate as "CONFIDENTIAL" ***any non-public information that qualifies as a trade secret, confidential research, or development or commercial information, as those terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure[.]***" (emphasis added). |

10

| | |
|---|---|
| *treated as confidential by third parties, and other personal or private information whose disclosure would result in annoyance, embarrassment, oppression, or undue burden pursuant to Rule 26(c) of the Federal Rules of Civil Procedure[.]*" (emphasis added). | |
| ¶ 3 – "If the objection [to a Confidentiality designation] cannot be resolved, *the objecting Party may seek appropriate relief from the Court* after good faith efforts to resolve the dispute have failed or fourteen (14) business days after sending of written notice of the objection, whichever is sooner.  Until the Court rules on any such motion, the document shall be treated as originally designated.  The burden of proving that the Information is properly designated as 'CONFIDENTIAL' is on the designating party." (emphasis added). | ¶ 5 – "If a dispute still exists, *the designating party shall have 14 days to file a motion seeking leave to designate the Information as Confidential Information.*  If no motion is timely made, then the disputed designation is considered withdrawn and the Information shall no longer be considered Confidential Information.  If a motion is timely filed, then the Information designated as Confidential Information shall remain so designated until the Court rules on the motion." |
| ¶ 4 – "Any Party *may object* to the designation of Information as Protected Information on the grounds that such Information is *lawfully* and publicly available, by way of the procedure outline in Paragraph 3 of this Protective Order."  (emphasis added). | ¶ 3 – "Information may not be designated as Confidential Information if it (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this Protective Order; (b) is acquired by a non-designating party or third-party having no legal obligation to the designating party to protect such Information; (c) was lawfully possessed by a non-designating party, or third-party having no legal obligation to the designating party to protect such Information, prior to the opening of discovery in this proceeding; or (d) is disclosed by a non-designating party with the approval of the designating party." |
| ¶ 5 – "[N]o Party may disclose any Information received from third parties | No similar provision. |

| | |
|---|---|
| before such Information has been provided to all other Parties and the Parties have been given a reasonable opportunity to review and designate the same." | |
| ¶ 6 – "[A]bsent written consent from the designating party or unless otherwise directed by the Court, Protected Information may be disclosed only to the following persons, ***provided that such persons agree to be bound by the terms of this Protective Order***, and ***provided that such persons only use this Protected Information for purposes of this Action***." (emphasis added). | ¶ 7 – "Absent written consent from the designating party or unless otherwise directed by the Court, Confidential Information may be disclosed only to the following persons . . . ." |
| ¶ 14 – "After this Protective Order is entered by the Court, a copy of this Protective Order shall be included with each subpoena served on any person or entity that is not a party to this Action. In addition, this Protective Order shall be sent to all persons or entities that received a subpoena prior to entry of this Protective Order." | No similar provision. |

The language in Paragraph 1 of Defendants' proposed protective order should be adopted because, as previously discussed, it addresses Defendants' concern that Plaintiff will utilize this matter as a discovery tool to prosecute its claims in other pending cases in other jurisdictions.

The language in Paragraph 2 of Defendants' proposed protective order should be adopted because it reasonably allows information produced in discovery to be designated confidential if it qualifies for protection under the *full* scope of Rule 26(c). Such designations must be made in good faith, where the designating Party is subject to its Rule 11 obligations.

12

The language in Paragraph 3 of Defendants' proposed protective order should be adopted because the *objecting* party should be the party tasked with determining whether to bring its objection before the Court, given that any designations must first be made in "good faith," subject to Rule 11 obligations. Defendants note that while this language does shift the burden to the non-designating party to file a motion, the burden of establishing *confidentiality* remains with the designating party. Accordingly, this language is fair and reasonable.

The language in Paragraph 4 of Defendants' proposed protective order should be adopted because it reasonably acknowledges that any Party may object to the confidentiality of information made public by *lawful* means. Given the nature of this lawsuit, Defendants drafted this language to ensure that reliance on unlawfully obtained information is discouraged.

The language in Paragraph 5 of Defendants' proposed protective order should be adopted because it reasonably affords all Parties an opportunity to review information acquired from third parties such that all Parties can determine whether any confidentiality designations are necessary. Defendants drafted this language to conform with common practice and to facilitate a cooperative and efficient discovery process.

The language in Paragraph 6 of Defendants' proposed protective order should be adopted because it reasonably requires that individuals permitted to review information designated as confidential must agree to the terms of the protective order, including that they may only use such information for purposes of this lawsuit.

13

Defendants drafted this language to conform with common practice and to facilitate a cooperative and efficient discovery process, as well as to ensure, as discussed above, that Plaintiff does not utilize this action as a discovery tool for its other pending matters.

The language in Paragraph 14 should be adopted because it ensures that any third parties subpoenaed in this action are aware of the confidentiality protective order in place. Defendants drafted this language to conform with common practice and to facilitate a cooperative and efficient discovery process.

Therefore, for the foregoing reasons, Defendants request that this Court adopt the language set forth in Defendants' proposed protective order, attached as **Exhibit A** to the Motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully move this Court for entry of a protective order, in the form of the proposed protective order attached as **Exhibit A** to the Motion, and any further relief as necessary and equitable.

Respectfully submitted, this the 23rd day of December, 2022.

                              **NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:   */s/ Brandon S. Neuman*
      Brandon S. Neuman, NCSB# 33590
      Jeffrey M. Kelly, NCSB# 47269
      Nathaniel J. Pencook, NCSB# 52339
      301 Hillsborough Street, Suite 1400
      Raleigh, North Carolina 27603
      Telephone: (919) 329-3800
      Facsimile: (919) 329-3799
      brandon.neuman@nelsonmullins.com
      jeff.kelly@nelsonmullins.com
      nate.pencook@nelsonmullins.com
      *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Calvin Lee
Ian Herbert
Kirby D. Behre
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
clee@milchev.com
iherbert@milchev.com
bhill@milchev.com
kbehre@milchv.com

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/ Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Nathaniel J. Pencook, NCSB# 52339
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*