UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-cv-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>  Plaintiff,<br><br>  v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>  Defendants. | **RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF CONFIDENTIALITY PROTECTIVE ORDER** |

Plaintiff Farhad Azima ("Plaintiff") submits this response to the Motion of Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("VMS"; collectively with Del Rosso, "Defendants") for Entry of Confidentiality Protective Order. DE 101 (the "Motion").

Since the start of discovery, Defendants have made clear that they intend to designate essentially everything produced in this litigation as confidential, resulting in significant expense and waste of judicial resources. For example, after PNC produced bank records for Del Rosso and Vital, Defendants insisted that all of the bank records be treated not just as confidential but as "attorneys' eyes only." During the meet and confer process, Plaintiff asked Defendants to articulate specific categories of documents that required confidential designation, but Defendants refused to do so, further

1

raising concerns that Defendants do not have specific categories or types of documents that require protection but rather intend to designate everything as confidential.*

A party seeking a protective order "must make a specific demonstration of facts as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one," which "furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts." *Kinetic Concepts, Inc. v. Convatec Inc.*, 1:08CV00918, 2010 WL 1947605, at *1 (M.D.N.C. May 13, 2010); *see also Felman Production, Inc. v. Industrial Risk Insurers*, Civil Action No. 3:09-0481, 2011 WL 4547012, at *14 (S.D. W. Va. Sept. 29, 2011) (holding that the "use of the Protective Order requires a 'good faith belief' that the material is, in fact, confidential" and that a disregard for this obligation is "highly offensive to the 'integrity of the judicial process'").

Given Defendants' position that basic bank records should be designated as "attorneys' eyes only" and their refusal to explain what kinds of information ought to be deemed confidential, Plaintiff remains concerned that Defendants

---

* Last month, Defendants responded to Plaintiff's first set of requests for production of documents and failed to produce a single document.

will over-designate documents as confidential, giving rise to needless delay and litigation costs. *See Fox v. CBS Corp.*, Civil Action No. 1:15CV936, 2018 WL 2266864, at *1 n.1 (M.D.N.C. Jan. 26, 2018) (urging parties to "keep to a minimum the material that they would seek to file under seal"); *Jenkins v. Wal-Mart Stores, Inc.*, Civil Action No. 2:19-cv-271, 2021 WL 1256907, at *3 (E.D. Va. Apr. 5, 2021) ("Unnecessary discovery disputes requiring court intervention waste attorney time, cost their clients extra fees, and waste judicial resources.").

Given that the proposed protective order that Defendants submitted to the Court does not include an "attorneys' eyes only" provision, Plaintiff agrees to the entry of the proposed order. However, to be clear, Plaintiff understands this protective order only to permit confidential designation in a manner consistent with the Federal Rules of Civil Procedure and Local Rules. To the extent Defendants designate documents as confidential in a manner inconsistent with these Rules, Plaintiff intends to challenge such designations.

## **CONCLUSION**

Based on the foregoing reasons and subject to the clarification above, Plaintiff consents to the proposed protective order.

3

Case 1:20-cv-00954-WO-JLW   Document 112   Filed 01/06/23   Page 3 of 7

This, the 6th day of January, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand*
Ripley Rand
North Carolina Bar No. 22275
Christopher W. Jones
North Carolina Bar No. 27625
Jonathon Townsend
North Carolina State Bar No. 51751
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: ripley.rand@wbd-us.com
　　　　chris.jones@wbd-us.com

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Brian A. Hill (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Plaintiff*

4

## CERTIFICATE OF WORD COUNT

I certify under LR 7.3(d)(1) that the body of this Response, including any headings and footnotes together, contains fewer than 3,500 words, as reported by the word count feature in Microsoft Word.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *Ripley Rand*
Ripley Rand
North Carolina Bar No. 22275
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: ripley.rand@wbd-us.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT<br>SERVICES, INC.,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

Brandon S. Neuman, Esq.
Jeffrey M. Kelly, Esq.
Nathaniel J. Pencook, Esq.
301 Hillsborough Street
Suite 1400
Raleigh, NC 27603
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
Telephone: 919.329.3800
Facsimile: 919.329.3799

This, the 6th day of January, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *Ripley Rand*

Ripley Rand
North Carolina State Bar No. 22275
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8125
Facsimile: (919) 755-6752
Email: ripley.rand@wbd-us.com

*Counsel for Plaintiff*
