IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FARHAD AZIMA, )
)
        Plaintiff, )
)
v. ) 1:20CV954
)
NICHOLAS DEL ROSSO and VITAL )
MANAGEMENT SERVICES, INC., )
)
        Defendants. )

## ORDER

This matter is before the Court upon Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc.'s ("VMS") Motion for Protective Order. (Docket Entry 97.) Also before the Court is Defendants' Motion to Seal an exhibit associated with their Motion for Protective Order. (Docket Entry 99.) Defendants first sought Plaintiff's consent for postponing Plaintiff's deposition of Del Rosso due to medical concerns, (Docket Entries 97-4, 97-5), which Plaintiff did not provide. Now, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and M.D.N.C. Local Rule 26.2, Defendants seek a protective order to postpone Plaintiff's deposition of Del Rosso from January 10, 2023, until March 10, 2023, at the earliest but without prejudice to Defendants' ability to seek further postponement depending on Del Rosso's medical condition at that time. (Docket Entry 97 at 1-2.)[1] In support, Defendants have provided a letter from Del Rosso's oncologist, Dr. Samuel M.

---

[1] Page numbers in this order refer to the page numbers found at the bottom right-hand corner of the litigation documents as they appear in this Court's CM/ECF system.

Rubinstein, to corroborate the need to delay the deposition of Del Rosso. (*See* Docket Entry 97-6; Docket Entry 99-1.)[2] For the reasons set forth herein, this Court finds good cause to temporarily grant Defendants a protective order staying Plaintiff's deposition of Del Rosso by thirty days.

Pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1). Protective orders pursuant to Rule 26(c) "should be sparingly used and cautiously granted." *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C. 1987). "Not only are protective orders prohibiting depositions rarely granted, but [the movant] has a heavy burden of demonstrating the good cause for such an order." *Id.* at 653 (citation omitted). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988) (citation omitted). Because a trial court is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery," a trial court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Even so, "in seeking to prevent or delay a deposition by reason of medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition would

---

[2] Dr. Rubinstein's letter is filed in unredacted form under seal at Docket Entry 99-1.

be dangerous to the deponent's health." *Medlin*, 113 F.R.D. at 653; *see also Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 127-28 (D. Md. 2009) (citing *Medlin*, 113 F.R.D. at 653).

In *Medlin*, the movant provided a psychiatrist's statement explaining the "progressive deterioration in [the movant's] mental state" such that her deposition should be postponed for several months. *See Medlin*, 113 F.R.D. at 652. The defendants in *Medlin* objected, however, the Court "ha[d] no reason to disbelieve the psychiatrist's conclusion," finding that the movant had "met her initial burden to receive a brief stay but more [was] required should she want a substantial or permanent stay of her deposition." *Id.* at 653. Ultimately, the Court granted the movant a temporary stay of the deposition. *See id.*

In the instant matter, Defendants seek to postpone Plaintiff's deposition of Del Rosso by sixty days due to complications arising from Del Rosso's cancer treatment. (*See* Docket Entry 98 at 7-8.) Del Rosso's oncologist, Dr. Rubinstein, explains that Del Rosso is unable to sit for extended periods of time and suffers from cognitive impairments due to side effects of his chemotherapy treatment. (*See id.* at 5-6; Docket Entries 97-6, 99-1.) Given such, Dr. Rubinstein believes that Del Rosso's complications "are likely to impair his ability to meaningfully participate in protracted depositions." (Docket Entry 97-6 at 2.) In opposition, Plaintiff asserts that Defendants' motion is an unjustified delay tactic, (*see* Docket Entry 105 at 1-2), that Defendants or Dr. Rubinstein are overstating Del Rosso's medical needs or cognitive impairments, (*see id.* at 2-3, 9-11), and that if Del Rosso is indeed experiencing cognitive impartments, then there is an urgent need to preserve Del Rosso's testimony due to risk of relapse, as Del Rosso is the primary defendant (*see id.* at 11-13). Plaintiff further points to recent

activities of Del Rosso to raise serious questions as to whether his capacity is diminished at all. (*See id.* at 10-11; Docket Entry 106.)

Like in *Medlin*, this Court "has no reason to disbelieve [Dr. Rubinstein's] conclusion." *See Medlin*, 113 F.R.D. at 653. Nonetheless, Dr. Rubinstein does not explain that conducting a deposition would harm Del Rosso's health, but that Del Rosso may not be able to "meaningfully participate." (Docket Entry 97-6 at 2; *see also* Doc. 99-1 at 2.) Further, Dr. Rubinstein explains that the likelihood of relapse is quite low. (*See* Docket Entry 97-6 at 2; *see also* Docket Entry 99-1 at 2.)

However, Dr. Rubinstein does explain that Del Rosso experiences disease-related pain and is recuperating on a daily basis. (*See* Docket Entry 97-6 at 1; *see also* Docket Entry 99-1 at 1.) Defendants do not seek a permanent ban on deposing Del Rosso, but merely seek to postpone his deposition for at least two months. To balance Plaintiff's need for discovery with the risk of harm to Del Rosso, this Court will grant a temporary and thirty-day protective order staying Plaintiff's deposition of Del Rosso. *See Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C. 1988) ("A doctor's certificate setting out plaintiff's illness and the basis for requesting exemption from a deposition will often justify a short stay in the taking of a deposition."). During this time, the parties are encouraged to determine a mutually-agreeable date for Plaintiff to depose Del Rosso, perhaps with consideration of special accommodations which Plaintiff suggests. (*See* Docket Entry 105 at 10.) Further delays of Del Rosso's deposition due to his medical condition should include a detailed status update of his condition supported by specific medical evidence.

4

Also before the Court is Defendants' Motion to Seal the December 14, 2022, letter from Dr. Rubinstein as it relates to Del Rosso's ability to be deposed. (Docket Entries 99, 99-1.) "The public has a right of access to judicial records." *Equal Emp. Opportunity Comm'n v. Loflin Fabrication LLC*, No. 1:18CV813, 2020 WL 3845020, at *1-2 (M.D.N.C. July 8, 2020) (unpublished). "The right of public access to judicial records derives from the First Amendment and the common law." *Id.* "When a party asks to seal judicial records, the court 'must determine the source of the right of access with respect to each document,' and then 'weigh the competing interests at stake.'" *Id.* (citation omitted). However, "documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *Hatch v. Demayo*, No. 1:16CV925, 2020 WL 6161533, at *5 (M.D.N.C. Oct. 21, 2020) (unpublished) (citation omitted). Thus, "'because discovery motions' often 'involve procedural, rather than 'substantive rights' of the litigants,' courts have found that no right of public access attaches to materials filed with discovery motions." *Id.* (citations omitted). In such circumstances, the "good cause" standard of Rule 26(c) applies to the sealing request. *Id.* at *6.

Here, the Court concludes that Defendants have met their burden of showing good cause warranting the sealing of the December 14, 2022 letter from Dr. Rubinstein (Docket Entries 97-6, 99-1), given that it provides information regarding Del Rosso's medical condition including his diagnosis, treatment history, and current prognosis, as it relates to his ability to be deposed. *Cf. Boone v. Bd. of Governors of Univ. of N.C.*, 395 F. Supp.3d 657, 665 (M.D.N.C. 2019) (granting defendant's motion to seal because it was narrowly tailored to only include

5

plaintiff's medical records which summarize plaintiff's medical visits or medication or treatment history, and simply redacting portions of plaintiff's medical records would be insufficient to protect the confidentiality of these materials, as such the Court found it appropriate for the entirety of those documents to be filed under seal). Thus, Defendants' motion to seal will be granted.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order (Docket Entry 97) is **GRANTED** on the conditions set forth in this Order, and all parties are prohibited from deposing Defendant Del Rosso for thirty days until on or after February 10, 2023.

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal (Docket Entry 99) is **GRANTED** and the unredacted version of Exhibit 6 to Defendants' Motion for Protective Order (Docket Entry 99-1) shall remain under seal.

This the 6th day of January, 2023.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge