UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-cv-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY** |

Plaintiff Farhad Azima ("Plaintiff") submits this response to the Motion of Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("VMS"; collectively with Del Rosso, "Defendants") for Extension of Time to Serve Responses to Plaintiff's First Set of Requests for Production. DE 100 (the "Motion").

## INTRODUCTION

Plaintiff served his first set of document requests on November 22, 2022, more than two years after filing this case in October 2020. Plaintiff also noticed Del Rosso's deposition for January 10, 2022. On December 16, 2022, Defendants sought to delay the deposition. Then, four days later, they moved for an extension of time to produce documents until January 11, 2022 – one day after the scheduled deposition.

1

On December 22, 2022, Defendants served their "Objections and Responses to Plaintiff Farhad Azima's First Set of Requests for Production." but failed to produce a single document on the due date. Defendant's responses were merely a list of blanket objections. **Exhibit 1**. As part of their response, Defendants stated that "Defendants are not producing any documents in response to these requests." *Id.* at 2 n.1.

Plaintiff has attempted—unsuccessfully—to meet and confer with Defendants about their failure to produce documents and their motion for extension. During a conference on December 30, 2022, Defendants refused to discuss their deficient document production. On January 9, 2023, Plaintiff asked whether Defendants would be producing documents on January 11, 2023, consistent with their motion. Defendants did not respond. Defendant's failure to produce a single document is part of an overall pattern of delay and refusal to participate in the discovery process.

Since Defendants have declined to meet and confer about the issues related to their discovery responses, Plaintiff seeks clarity about whether Defendants are seeking: (i) an extension to serve responses and objections to Defendants' discovery requests, in which case the motion is moot because

2

Case 1:20-cv-00954-WO-JLW Document 119 Filed 01/10/23 Page 2 of 11

Plaintiff served responses on December 22;[1] (ii) an extension to produce documents until January 11, 2023, in which case Plaintiff does not oppose the motion *if* Defendants produce all responsive and non-privileged documents on January 11, 2023; or (iii) an indefinite extension of time to produce documents at some later unspecified date, in which case Plaintiff opposes the motion for the reasons stated below.

## **ARGUMENT**

"When an act may or must be done within a specified time, the court may, for good cause, extend the time[.]" Fed. R. Civ. P. 6(b)(1). "Good cause is a legal term of art" that "refers to a legally sufficient ground or reason based on *all* relevant circumstances." *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016); *see also Soc. Enter., LLC v. S. Belle Organics, LLC*, No. 7:20-CV-166-FL, 2022 WL 4084414, at *3 (E.D.N.C. Sept. 6, 2022) ("'Good cause' is a flexible concept dependent on the circumstances of each case, but the United States Court of Appeals for the Fourth Circuit has repeatedly held that the term properly focuses on the reason given by the tardy movant.").

Defendants moved for a twenty-day extension of time to respond to Plaintiff's first set of document requests and stated that "[c]ounsel for

---

[1] Defendants' responses and objections are deficient for several reasons, and Plaintiff reserves the right the challenge the adequacy and completeness of those responses as described above.

Defendants require additional time to prepare responses as Defendants' counsel has been dealing with competing deadlines and obligations in, among other things, Plaintiff's other related matters brought against Defendants." ECF No. 100, ¶ 3. Defendants then responded to the requests for production without producing a single document in connection with their responses. Defendants' motion should be denied for several reasons.

First, Defendants have no "good cause" to delay responding to discovery requests and to avoid producing **even a single responsive document** more than two years after Plaintiff filed this action. For example, Defendants must have collected and reviewed at least some relevant and responsive documents to answer the complaint, allege affirmative defenses, serve initial disclosures, move for a blanket protective order, *see* ECF No. 101, and negotiate and file a Rule 26(f) Report, *see* ECF No. 90. Defendants levied numerous (false and inflammatory) allegations about Plaintiff in their proposed Rule 26(f) report, and Plaintiff presumes that Defendants have some documents that they believe support those allegations. *See* ECF No. 90 at 3-4. Similarly, Defendants' position supporting a broad protective order suggests that Defendants believe they have documents to produce that warrant protection under Rule 26(c). *See* Local Rule 26.2; *see also* ECF No. 102 at 5 (claiming that "discovery will likely involve . . . Defendants' private and confidential information"). Under Local Rule 26.2, a protective order is only warranted if

4

Defendants can "demonstrate with specificity" that information provided in discovery should be protected because "the information qualifies for protection under Rule 26(c)" and "good cause exists for restricting dissemination on the ground that harm would result from its disclosure." Local Rule 26.2(a)(i) – (ii). Defendants must therefore have collected and reviewed some documents that will be produced in discovery before moving the Court to enter a protective order.

Defendants—represented by a national law firm and with five counsel of record—offer no details about why they need an extension to produce documents in response to fifteen document requests. Defendants do not, for example, indicate that they have collected and need to review a large number of documents or are undertaking an extensive privilege review. *See Williams v. Estates, LLC,* No. 1:19CV1076, 2020 WL 12443346, at *3 (M.D.N.C. Dec. 29, 2020) ("Defendants' cursory, unparticularized arguments about the burden of producing such documents are not persuasive" because "Defendants have not attached affidavits or evidentiary proof describing the burden of responding to Plaintiffs' request."); *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 249 (M.D.N.C. 2010) (rejecting as insufficient a "one-line statement in a brief (which fails to allege, much less establish, that the requested production would cost a substantial amount of money or pose real logistical difficulties)").

5

Second, Defendants' blanket refusal to produce any documents or to propose any date for production (on a rolling schedule or otherwise) violates Rule 34. *See* Fed. R. Civ. 34(b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."). The 2015 Advisory Committee Notes on Rule 34 explain that production "must be completed either by the time for inspection specified in the request or by another reasonable time specifically identified in the response" and that "[w]hen it is necessary to make the production in stages the response should specify the beginning and end dates of the production." Defendants make no effort whatsoever to provide any of this required information.

Third, Defendants' Motion is part of a broader pattern of delay in this case. Defendants have repeatedly sought to postpone any progress throughout the more than two years this case has been pending, and this motion is yet another procedural attempt to delay Plaintiff's claims from being heard. Nevertheless, counsel for Plaintiff offered to agree to the requested extension if (1) Defendants agreed to serve written objections and responses by the proposed date (which they ultimately did); and (2) Defendants agreed to produce responsive documents on a rolling basis as they become available. Counsel for Defendants rejected this offer, refused to produce documents, and declined to meet and confer. Their recent filings confirm that Defendants

intend to stand on sweeping objections rather than engage in good faith in discovery.

Defendants' position is wholly at odds with the letter and spirit of the relevant Rules of Civil Procedure. The Court should deny Defendants' motion and direct Defendants to commence document production immediately.

## CONCLUSION

Based on the foregoing reasons, Plaintiff requests that the Court deny Defendants' motion for extension and order Defendants to produce all responsive, non-privileged documents immediately.

This, the 10th day of January, 2023.

                                            **WOMBLE BOND DICKINSON (US) LLP**

                                            */s/ Ripley Rand*
                                            Ripley Rand
                                            North Carolina Bar No. 22275
                                            Christopher W. Jones
                                            North Carolina Bar No. 27625
                                            Jonathon Townsend
                                            North Carolina State Bar No. 51751
                                            555 Fayetteville Street, Suite 1100
                                            Raleigh, North Carolina 27601
                                            Phone: 919-755-2100
                                            Fax: 919-755-2150
                                            Email: ripley.rand@wbd-us.com
                                                            chris.jones@wbd-us.com

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Brian A. Hill (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Plaintiff*

## CERTIFICATE OF WORD COUNT

I certify under LR 7.3(d)(1) that the body of this Response, including any headings and footnotes together, contains fewer than 3,500 words, as reported by the word count feature in Microsoft Word.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *Ripley Rand*
Ripley Rand
North Carolina Bar No. 22275
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: ripley.rand@wbd-us.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT<br>SERVICES, INC.,<br><br>　　Defendants. | **CERTIFICATE OF SERVICE** |

　　I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

　　Brandon S. Neuman, Esq.
　　Jeffrey M. Kelly, Esq.
　　Nathaniel J. Pencook, Esq.
　　301 Hillsborough Street
　　Suite 1400
　　Raleigh, NC 27603
　　brandon.neuman@nelsonmullins.com
　　jeff.kelly@nelsonmullins.com
　　nate.pencook@nelsonmullins.com
　　Telephone: 919.329.3800
　　Facsimile: 919.329.3799

This, the 10th day of January, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *Ripley Rand*

Ripley Rand
North Carolina State Bar No. 22275
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8125
Facsimile: (919) 755-6752
Email: ripley.rand@wbd-us.com

*Counsel for Plaintiff*

11