UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | CASE NO. 1:20-cv-00954-WO-JLW |

## Emergency Motion to Quash and for Protective Order Regarding Subpoenas to First National Bank of Pennsylvania and First Citizens Bank & Trust Co.

*Expedited Relief Requested*
*Response Date for Subpoenas – January 24, 2023*

  NOW COME Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("VMS") (collectively, "Defendants"), and, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure ("Rule(s)"), hereby move for an Order quashing or modifying the Subpoena to First National Bank of Pennsylvania ("First National Subpoena") and the Subpoena to First Citizens Bank & Trust Co. ("First Citizens Subpoena") (collectively, the "Subpoenas"), or otherwise entering a Protective Order commanding the same. The Subpoenas seek all information related to financial accounts of certain parties and non-parties (including Defendants' attorney) without making any attempt to limit the production to documents or information related to this case.

Defendants further request expedited briefing as well as entry of a provisional Order on this Motion before close of business on January 23, 2023, as Plaintiff set the date for production of the First National Subpoena as January 24, 2023.

In support of this Motion, and as set forth more fully in the Memorandum of Law in support of this Motion, Defendants state the following:

1. Plaintiff's case has been significantly narrowed as a result of the Court's Memorandum and Opinion and Order on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) (the "12(b)(6) Opinion"). (*See* D.E. 65). Indeed, only two of Plaintiff's claims remain: "a North Carolina misappropriation of trade secrets claim arising from the 2018-2019 online posting of new links to Plaintiff's confidential business data (Count VIII) and a North Carolina civil conspiracy claim contingent upon the viability of the trade secrets claim (Count X)." (D.E. 80, at p.4) (the "Remaining Claims").

2. Moreover, in its 12(b)(6) Opinion, the Court limited the temporal scope and subject matter of Plaintiff's Remaining Claims to the "2018-2019 conduct – the only allegations that are not time-barred." (D.E. 65, at p.24).

3. Nevertheless, Plaintiff continues to serve broad discovery unrelated and not proportionate to the Remaining Claims. Specifically, on January 16, 2023, Plaintiff provided Defendants with notice of their intent to serve third-party subpoenas to First National Bank of Pennsylvania ("First National") and First Citizens Bank & Trust Co. ("First Citizens") on January 17, 2023.[1]

---

[1] Notably, the copies of the Subpoenas served with Plaintiff's Rule 54(a)(4) notice are dated January 10, 2023 (First National Subpoena) and January 6, 2023 (First Citizens Subpoena), making it unclear

2

4. The First National Subpoena requests, *inter alia*, "[a]ll documents and communications relating to accounts held in the name of, owned by, or for the benefit of Shanahan Law Group, Kieran Shanahan, Nicholas Del Rosso or Vital Management Services, Inc." The return date for the First National Subpoena is January 24, 2023. A true and accurate copy of Plaintiff's Rule 54(a)(4) notice including the First National Subpoena is attached as **Ex. A.**[2]

5. The First Citizens Subpoena requests, *inter alia*, "[a]ll documents and communications relating to accounts held in the name of, owned by, or for the benefit of GH Holdings LLC, Kristin White Del Rosso, Nicholas Del Rosso, or Vital Management Services, Inc." The First Citizens Subpoena served with Plaintiff's notice did not contain a return date. A true and accurate copy of Plaintiff's Rule 45(a)(4) notice including the First Citizens Subpoena is attached hereto as **Ex. B.**[3]

6. Pursuant to Rule 45, "[o]n timely motion, the court . . . must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).

7. Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* at (c)(1). Such orders may prescribe, among other

---

on their face whether they were served prior to Defendants receiving notice. Plaintiff has since stated that they were served on January 17, 2023.
[2] Kieran Shanahan and his law firm, Shanahan Law Group, are Defendants' attorneys.
[3] Kristin White Del Rosso is Nicholas Del Rosso's wife, and GH Holdings LLC is Mrs. Del Rosso's real estate investment company.

3

measures, "forbidding the disclosure or discovery," or "forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters[.]" *Id.* at (c)(1)(A), (D).

8. As set out more fully in the Memorandum in Support of this Motion, these Subpoenas are overbroad, unduly burdensome, and not proportionate to the needs of the case. They are not limited at all by subject matter, impose an overbroad temporal scope, and seek bank records of persons and entities unrelated to Plaintiff or his Remaining Claims. Further, the First National Subpoena seeks bank records that include Shanahan Law Group's trust account, raising privilege and ethical concerns. Accordingly, the Subpoenas are nothing more than an improper and untargeted attempt to fish for information which this Court should not permit.

9. Pursuant to Local Rule 37.1(a), and as set out more fully in the Memorandum of Law in support of this Motion, Defendants' counsel met and conferred with Plaintiff's counsel regarding this dispute via teleconference on January 20, 2023. After personal consultation and diligent attempts to resolve differences, the parties are unable to reach an accord.

**WHEREFORE**, Defendants respectfully move for an Order quashing or modifying the Subpoenas, or otherwise entering a Protective Order commanding the same, and for an interim Order directing that, to the extent First National Bank or First Citizens Bank makes a production pursuant to the Subpoenas, such production be made to the Court—not to the Parties—to be held *in camera* until the Motion is decided.

4

Respectfully submitted, this the 20th day of January, 2023.

                                    **NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:   */s/ Brandon S. Neuman*
       Brandon S. Neuman, NCSB# 33590
       Jeffrey M. Kelly, NCSB# 47269
       John E. Branch III, NCSB# 32598
       Nathaniel J. Pencook, NCSB# 52339
       301 Hillsborough Street, Suite 1400
       Raleigh, North Carolina 27603
       Telephone: (919) 329-3800
       Facsimile: (919) 329-3799
       brandon.neuman@nelsonmullins.com
       jeff.kelly@nelsonmullins.com
       john.branch@nelsonmullins.com
       nate.pencook@nelsonmullins.com
       *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Calvin Lee
Ian Herbert
Kirby D. Behre
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
clee@milchev.com
iherbert@milchev.com
kbehre@milchv.com

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/ Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel J. Pencook, NCSB# 52339
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*

## LOCAL RULE 37.1(a) CERTIFICATION

Pursuant to Local Rule 37.1(a), I hereby certify, subject to Fed. R. Civ. P. 11, and as set out more fully in the Motion, that after personal consultation and diligent attempts to resolve differences, the parties are unable to reach an accord regarding the subpoenas served by Plaintiff on First Citizens Bank and First National Bank of Pennsylvania.

Respectfully submitted this 20th day of January, 2023.

                            **NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:    */s/ Brandon S. Neuman*
        Brandon S. Neuman, NCSB# 33590
        Jeffrey M. Kelly, NCSB# 47269
        John E. Branch III, NCSB# 32598
        Nathaniel J. Pencook, NCSB# 52339
        301 Hillsborough St., Ste. 1400
        Raleigh, North Carolina 27603
        Telephone: (919) 329-3800
        Facsimile: (919) 329-3799
        brandon.neuman@nelsonmullins.com
        jeff.kelly@nelsonmullins.com
        john.branch@nelsonmullins.com
        nate.pencook@nelsonmullins.com
        *Counsel for Defendants*

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that the accompanying brief does not exceed the 6,250-word limitation according to the word count feature of the word processing system used to prepare the brief.

Respectfully submitted this 20th day of January, 2023.

        **NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:   */s/ Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel J. Pencook, NCSB# 52339
301 Hillsborough St., Ste. 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
*Counsel for Defendants*