| | |
|---|---|
| **From:** | John Branch |
| **Sent:** | Thursday, January 19, 2023 3:14 PM |
| **To:** | Herbert, Ian; Rand, Ripley; Behre, Kirby; Townsend, Jonathon; Jones, Christopher; O'Toole, Timothy; Marden, Cody; Lee, Calvin; Rillotta, Joseph |
| **Cc:** | Brandon Neuman; Nate Pencook; Matt Gorga; Jeff Kelly; Sam Rosenthal |
| **Subject:** | RE: Azima v. Vital Management; Notices of Subpoenas to First Citizens Bank and First National Bank |

Thanks Ian.  Please confirm your availability for 11:00 to 12:00 tomorrow. Given the production deadline Plaintiff set in the subpoena, the call needs to happen tomorrow.

Also, while Ripley confirmed that the subpoenas were served on January 17th, he did not confirm if the subpoenas were otherwise sent to FNB or First Citizens prior to the 17th, or that the copies of the subpoenas that were attached to the notices that we received were what was actually served on FNB and First Citizens.  Can you please confirm that?

Best regards,

John

 **NELSON MULLINS**

JOHN E. BRANCH III  PARTNER
john.branch@nelsonmullins.com
GLENLAKE ONE | SUITE 200
4140 PARKLAKE AVENUE | RALEIGH, NC 27612
T 919.329.3828  F 919.329.3799
NELSONMULLINS.COM  VCARD  VIEW BIO

**From:** Herbert, Ian <iherbert@milchev.com>
**Sent:** Thursday, January 19, 2023 12:27 PM
**To:** John Branch <john.branch@nelsonmullins.com>; Rand, Ripley <Ripley.Rand@wbd-us.com>; Behre, Kirby <kbehre@milchev.com>; Townsend, Jonathon <Jonathon.Townsend@wbd-us.com>; Jones, Christopher <Chris.Jones@wbd-us.com>; O'Toole, Timothy <TOtoole@milchev.com>; Marden, Cody <cmarden@milchev.com>; Lee, Calvin <clee@milchev.com>; Rillotta, Joseph <jrillotta@milchev.com>
**Cc:** Brandon Neuman <brandon.neuman@nelsonmullins.com>; Nate Pencook <nate.pencook@nelsonmullins.com>; Matt Gorga <matt.gorga@nelsonmullins.com>; Jeff Kelly <jeff.kelly@nelsonmullins.com>; Sam Rosenthal <sam.rosenthal@nelsonmullins.com>
**Subject:** RE: Azima v. Vital Management; Notices of Subpoenas to First Citizens Bank and First National Bank

John,

We would be happy to have a meet and confer to discuss. This afternoon does not work for us, but please propose some times over the next few days.  We would be happy to consider your proposals for narrowing the subpoenas.  Unfortunately, we do not know how to ask for a more narrow set of documents from the bank.  The request

relates directly to the $6.2 million paid by Vital to Shanahan Law Group and the $2.325 million paid by Vital to GH Holding during the relevant time period (all of which seemingly came from RAK). The bank records are necessary to show outgoing payments to third-parties related to these payments. Please provide a list of all third parties who received payments, and we would consider narrowing our request. Please also note that your statements regarding the lack of a date range are incorrect. Both subpoenas are limited to documents from August 1, 2014 to present in instruction No. 7. This is the appropriate scope of discovery as we have repeatedly said.

We do not consent to expedited resolution at this time. We look forward to a meet and confer on this issue.

Regards,
Ian

**IAN A. HERBERT**
Counsel | he/him/his | Miller & Chevalier Chartered
iherbert@milchev.com | 202.626.1496

**From:** John Branch <john.branch@nelsonmullins.com>
**Sent:** Wednesday, January 18, 2023 8:58 PM
**To:** Rand, Ripley <Ripley.Rand@wbd-us.com>; Herbert, Ian <iherbert@milchev.com>; Behre, Kirby <kbehre@milchev.com>; Townsend, Jonathon <Jonathon.Townsend@wbd-us.com>; Jones, Christopher <Chris.Jones@wbd-us.com>; O'Toole, Timothy <TOtoole@milchev.com>; Marden, Cody <cmarden@milchev.com>; Lee, Calvin <clee@milchev.com>; Rillotta, Joseph <jrillotta@milchev.com>
**Cc:** Brandon Neuman <brandon.neuman@nelsonmullins.com>; Nate Pencook <nate.pencook@nelsonmullins.com>; Matt Gorga <matt.gorga@nelsonmullins.com>; Jeff Kelly <jeff.kelly@nelsonmullins.com>; Sam Rosenthal <sam.rosenthal@nelsonmullins.com>
**Subject:** RE: Azima v. Vital Management; Notices of Subpoenas to First Citizens Bank and First National Bank

**EXTERNAL**

Ripley,

Thanks for the reply. A further review of the subpoenas by Plaintiff to First Citizens Bank ("First Citizens") and First National Bank of Pennsylvania ("FNB") indicates that they facially seek documents and information outside the scope of discovery in this case and implicate a number of issues related to the attorney-client privilege and the North Carolina Rules of Professional Conduct.

<u>FNB Subpoena</u>

The FNB Subpoena seeks production of:

> All documents and communications relating to accounts held in the name of, owned by, or for the benefit of Shanahan Law Group, Kieran Shanahan, Nicholas Del Rosso or Vital Management Services, Inc. This request includes transfers to and from those accounts, including but not limited to transactions between Shanahan Law Group and Vital Management Services, Inc., totaling approximately $6.2 million between June 2017 and November 2020. This request includes but is not limited to bank statements, account opening documents, communications about the accounts or with the account holders, and records of money transfers via wire, SWIFT, check, or other method.

2

First, a request to FNB for "[a]ll documents and communications relating to accounts held in the name of, owned by, or for the benefit of Shanahan Law Group, Kieran Shanahan, Nicholas Del Rosso or Vital Management Services, Inc." is facially overly broad and not reasonably calculated to lead to the production of admissible evidence. The request does not limit itself to documents pertaining to the issues in the litigation, does not contain a time restriction, and makes no effort to the Federal Rules of Civil Procedure's admonishment that parties are to engage in discovery that is proportional to their claims.  To be clear: the dispute here over the FNB Subpoena is not the same as the timing dispute in relation to Plaintiff's discovery requests, but instead is that Plaintiff did not restrict the request for documents in the FNB Subpoena, in any way, to the allegations in the lawsuit.

Second, as Plaintiff is undoubtedly aware from the production of documents from PNC, it is our understanding that Shanahan Law Group maintains its trust account at FNB.  As such, Plaintiff's request for "[a]ll documents and communications relating to accounts held in the name of, owned by, or for the benefit of Shanahan Law Group…" implicates a number of attorney-client privilege issues and client confidentiality issues related to Mr. Del Rosso and Vital Management Services, Inc. under the North Carolina Rules of Professional Conduct, which must be worked through prior to production.  Furthermore, by not limiting the request to the dispute at issue in this case, Plaintiff's request seeks the production of documents and information related to countless other clients of Shanahan Law Group who have no relation whatsoever to this case.

These are not all-inclusive of the issues raised by the subpoena to FNB.  Nonetheless, given the issues identified above with the FNB Subpoena on its face, we believe that the best course of action is for Plaintiff to withdraw the FNB Subpoena and re-issue it in a way that restricts the requests to the allegations at issue in the lawsuit.  While I have no doubt that we still would object to the scope of the re-issued subpoena given the different of opinion between the parties over the scope of discovery, such a re-issued subpoena would at least seek documents related to the lawsuit.

First Citizens Bank Subpoena

The First Citizens Bank Subpoena seeks production of:

> All documents and communications relating to accounts held in the name of, owned by, or for the benefit of GH Holdings LLC, Kristin White Del Rosso, Nicholas Del Rosso, or Vital Management Services, Inc. This request includes transfers to and from those accounts, including but not limited to transactions between GH Holdings LLC and Vital Management Services, Inc., totaling $2,325 million between October 2018 and October 2019. This request includes but is not limited to bank statements, account opening documents, communications about the accounts or with the account holders, and records of money transfers via wire, SWIFT, check, or other method.

Similar to the FNB Subpoena, a request to First Citizens for "[a]ll documents and communications relating to accounts held in the name of, owned by, or for the benefit of GH Holdings LLC, Kristin White Del Rosso, Nicholas Del Rosso, or Vital Management Services, Inc." is facially overly broad and not reasonably calculated to lead to the production of admissible evidence. The request does not limit itself to documents pertaining to the issues in the litigation, does not contain a time restriction, and makes no effort to the Federal Rules of Civil Procedure's admonishment that parties are to engage in discovery that is proportional to their claims.  To be clear: the dispute over the First Citizens Subpoena is not the same as the timing dispute in relation to Plaintiff's discovery requests, but instead is that Plaintiff did not restrict the request for documents in the First Citizens Subpoena, in any way, to the allegations in the lawsuit.

3

These are not all-inclusive of the issues raised by the subpoena to First Citizens. Nonetheless, similar to the FNB Subpoena, given the issues identified above with the First Citizen Subpoena on its face, we believe that the best course of action is for Plaintiff to withdraw the First Citizen Subpoena and re-issue it in a way that restricts the requests to the allegations at issue in the lawsuit. While I have no doubt that we still would object to the scope of the re-issued subpoena given the different of opinion between the parties over the scope of discovery, such a re-issued subpoena would at least seek documents related to the lawsuit.

Finally, the production date specified on the copy of the FNB Subpoena we received is January 24, 2023. The First Citizens Subpoena did not have a production date. Given that the production date for FNB is six days away, we request a meet-and-confer under M.D.N.C. Local Rule 37.1 tomorrow, January 19, 2023. Consistent with this email, our ask during the call will be for Plaintiff to withdraw the subpoenas, re-issue them in a manner consistent with the scope and proportionality provisions in the Federal Rules of Civil Procedure, and then the parties can disagree on the exact scope of discovery like they have in other contexts in this case. In the even that Plaintiff will not agree to do so, however, Defendants will ask Plaintiff's consent to utilize the procedure in Local Rule 37.1(b) for expedited resolution of this discovery dispute via telephone conference.

I look forward to your response.

Best regards,

John Branch



**JOHN E. BRANCH III** **PARTNER**
john.branch@nelsonmullins.com
**GLENLAKE ONE | SUITE 200**
**4140 PARKLAKE AVENUE | RALEIGH, NC 27612**
T 919.329.3828   F 919.329.3799
**NELSONMULLINS.COM**    **VCARD**   **VIEW BIO**

---

**From:** Rand, Ripley <Ripley.Rand@wbd-us.com>
**Sent:** Wednesday, January 18, 2023 7:25 PM
**To:** John Branch <john.branch@nelsonmullins.com>; Herbert, Ian <iherbert@milchev.com>; Behre, Kirby <kbehre@milchev.com>; Townsend, Jonathon <Jonathon.Townsend@wbd-us.com>; Jones, Christopher <Chris.Jones@wbd-us.com>; O'Toole, Timothy <TOtoole@milchev.com>; Marden, Cody <cmarden@milchev.com>; Lee, Calvin <clee@milchev.com>; Rillotta, Joseph <jrillotta@milchev.com>
**Cc:** Brandon Neuman <brandon.neuman@nelsonmullins.com>; Nate Pencook <nate.pencook@nelsonmullins.com>; Matt Gorga <matt.gorga@nelsonmullins.com>; Jeff Kelly <jeff.kelly@nelsonmullins.com>; Sam Rosenthal <sam.rosenthal@nelsonmullins.com>
**Subject:** RE: Azima v. Vital Management; Notices of Subpoenas to First Citizens Bank and First National Bank

Hi John – The subpoenas to First National and First Citizens were served via mail on January 17, 2023, and were not served via email or other manner. Thanks very much.

Ripley

**Ripley Rand**
Partner
Womble Bond Dickinson (US) LLP

**d:** 919-755-8125
**m:** 919-523-7371
**e:** Ripley.Rand@wbd-us.com

555 Fayetteville Street
Suite 1100
Raleigh, NC, 27601



**womblebonddickinson.com**

  

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

**From:** John Branch <john.branch@nelsonmullins.com>
**Sent:** Wednesday, January 18, 2023 11:29 AM
**To:** Rand, Ripley <Ripley.Rand@wbd-us.com>; Herbert, Ian <iherbert@milchev.com>; Behre, Kirby <kbehre@milchev.com>; Townsend, Jonathon <Jonathon.Townsend@wbd-us.com>; Jones, Christopher <Chris.Jones@wbd-us.com>; O'Toole, Timothy <TOtoole@milchev.com>; Marden, Cody <cmarden@milchev.com>; Lee, Calvin <clee@milchev.com>; Rillotta, Joseph <jrillotta@milchev.com>
**Cc:** Brandon Neuman <brandon.neuman@nelsonmullins.com>; Nate Pencook <nate.pencook@nelsonmullins.com>; Matt Gorga <matt.gorga@nelsonmullins.com>; Jeff Kelly <jeff.kelly@nelsonmullins.com>; Sam Rosenthal <sam.rosenthal@nelsonmullins.com>
**Subject:** Azima v. Vital Management; Notices of Subpoenas to First Citizens Bank and First National Bank

Ian,

On Monday evening, January 16, 2023 at 10:35 p.m., Plaintiff emailed notice of subpoenas to First Citizens Bank and First National Bank to counsel for Defendants. With regard to First Citizens, the notice states that "Plaintiff intends to serve the subpoena attached as Exhibit 1 on non-party First Citizen & Trust Co. on January17, 2022." With regard to First National Bank, the notice states that "Plaintiff intends to serve the subpoena attached as Exhibit 1 on non-party First National Bank of Pennsylvania on January 17, 2022."

The subpoenas that were attached to the notices, however, are not dated January 17, 2022. The First National Bank subpoena is dated January 10, 2023, and states that the required time for production is "01/24/2023 6:25 pm". The First Citizens Bank subpoena is dated January 6, 2023, and does not contain any deadline by which First Citizens is supposed to produce the documents subject to the subpoena.

Given these issues, please confirm for us:

- That the subpoenas were, in fact, served on January 17, 2023;

• Whether the subpoenas were provided to First National Bank or First Citizens Bank prior to January 17, 2023; and

• Whether the copies of the subpoenas that were attached to the notice were true and accurate copies of the documents that were served on First National Bank and First Citizens Bank.

Best regards,

John Branch

**JOHN E. BRANCH III**  **PARTNER**
john.branch@nelsonmullins.com
**GLENLAKE ONE | SUITE 200**
**4140 PARKLAKE AVENUE | RALEIGH, NC 27612**
T 919.329.3828   F 919.329.3799
**NELSONMULLINS.COM**   **VCARD**  **VIEW BIO**

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.