# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## Case No. 20-cv-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>　　Defendants. | **BRIEF OF PLAINTIFF FARHAD AZIMA IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANTS** |

In response to Plaintiff's First Set of Requests for Production ("First Requests"), served on Defendants more than two months ago, Defendants have produced no documents other than what appears to be a copy of the data that was hacked and stolen from Plaintiff several years ago. Defendants have not produced a single custodial document. There are no emails from Defendants, no reports, no invoices – none of their responsive business documents as required by the Rules. Defendants unilaterally missed the production deadline for the First Requests, sought additional time from the Court, and then also missed that deadline. Belatedly, they then attempted to mask their failure to produce any responsive documents by sending the Plaintiff the documents that were stolen from him.

This failure to produce documents is just part of an overarching pattern of delay by Defendants. Plaintiff filed this Complaint more than two years ago,

1

and discovery began in this case two months ago. Yet Defendants have either failed to respond or sought to put off all matters related to discovery. In addition to the failure to produce documents, they have delayed depositions for each of the Defendants. Despite lacking standing, they moved to quash third-party subpoenas to banks for basic bank records and are engaging in a shell game of sorts related to requests for documents related to Dechert. Tellingly, Dechert attempts to excuse its refusal to comply with a valid subpoena by telling Plaintiff to obtain the documents from Defendants, while Defendants in turn argue that Plaintiff should instead get the documents from Dechert. The result has been almost no discovery of any kind two months into discovery.

Defendants' obfuscation strategy is clear. Del Rosso and Vital are alleged co-conspirators in a criminal hack-and-dump scheme and are intent on flouting the Court's rules and the Rules of Civil Procedure. Meet and confer efforts are obstructive. Defendants' objections are baseless. Plaintiff expects that none of this will change unless and until the Court intervenes and communicates its expectations in terms that Defendants cannot ignore. *See* L.R. 26.1 ("The Court expects counsel to conduct discovery in good faith and to cooperate and be courteous with each other in all phases of the discovery process."). The Court should compel Defendants to participate in good faith in the discovery process and produce responsive records, and should order costs,

2

including reasonable attorneys' fees, for Defendants' obstructive conduct to date.[1]

## BACKGROUND

This case alleges a conspiracy beginning in August 2014 in which Defendants Nicholas Del Rosso and Vital Management Services, Inc., were hired to hack Plaintiff Farhad Azima, steal his data, and publish that data.

---

[1] Plaintiff sent Defendants a discovery deficiency letter on January 13, 2023. Defendants acknowledged receipt and represented that they would respond by January 20, 2023. Defendants then ignored this self-imposed deadline, and hours before the filing of this motion, sent Plaintiff another meet and confer letter. This most recent letter is replete with mischaracterizations of the procedural history of this matter and prior discussions between counsel. In an apparent attempt to head off this motion to compel, counsel for Defendants for the first time reveal that they are willing to produce documents, but tellingly do not include any additional documents with their letter or provide any schedule by which they will actually produce documents.

It has been more than two months since the First Requests were served. If Defendants were actually engaging in discovery in good faith, they would have produced **some** documents from their own records. Even if Defendants have objections to the scope of certain discovery requests, those objections do not allow them to completely stonewall all document production; they must produce documents that are not covered by the objections. (Their suggestion that there are no responsive documents to unobjectionable requests demonstrates how unreasonable Defendants' objections are.) If there are privilege objections, then they must state those objections with specificity (and not in the hypothetical) or provide a privilege log. If documents are being withheld, Defendants have an obligation to explain what documents are being withheld. If Defendants are waiting for the Court to issue the agreed confidentiality order, Defendants can produce non-confidential documents. Defendants' failure to do anything other than attempt to rewrite the history of this case through a letter campaign shows that their failure to respond to discovery is willful.

Compl. ¶¶ 2, 7, 13-14, ECF No. 1. Defendants paid an offshore hack-for-hire company more than $1 million to steal Plaintiff's emails and data and publish them online. *Id.* ¶¶ 2, 4-6. Protected trade secrets belonging to Plaintiff and his companies were among what was published. *Id.* ¶ 18. The conspiracy "lasted from at least August 2014 until at least 2019" and included a conspiratorial "agree[ment] to attack Azima" in early 2015. *Id.* ¶ 13-14.[2] The hack and publication began in 2016. *Id.* ¶¶ 19-20. Additional protected data was also published in 2018 and 2019. *Id.* ¶¶ 24, 26. The operative counts here include misappropriation of trade secrets based on the 2018 and 2019 posting of Plaintiff's stolen data, as well as a claim for a civil conspiracy lasting from at least August 2014 to 2019.

Plaintiff served his First Requests on Defendants on November 22, 2022. *See* Ex. 1, Pl.'s First Set of Requests of Prod. (Nov. 22, 2022). The First Requests seek documents that are plainly relevant to the conspiracy and use of Plaintiff's trade secrets, such as payment records, reports, engagement letters, calendar entries, travel records, and documents related to specific

---

[2] Bank records now show that Defendants were paid more than $35 million by Ras Al Khaimah and related entities between 2014 and 2021. Though Defendants objected to the production of these bank records, it appears that the vast majority of transfers to Defendants related to work performed by Del Rosso for Ras Al Khaimah, suggesting it is relevant to the issues in this case. *See* Compl. ¶ 1.

meetings. *Id.* The First Requests also seek documents related to the affirmative defenses that Defendants pleaded. *Id.*

Production was due December 22, 2022, and Defendants filed a motion for extension of time on December 20, 2022, seeking leave to produce documents on January 11, 2023. Defs. Mot. for Extension of Time to Serv. Resp. to Pl.'s First Set of Requests for Prod. at 1, (Dec. 20, 2022), ECF No. 100. Defendants then served objections and responses on December 22, 2022, but did not produce any documents. *See* Ex. 2, Defs. Objs. and Resps. to Pl.'s First Set of Requests. for Prod. at 2 (Dec. 22, 2022) ("Responses" or "Defendants' Responses"). Defendants explicitly stated that they were not going to produce any documents. *Id.* ("Defendants are not producing any documents in response to these requests."). In addition, though Defendants made general objections in part based on privilege, they did not provide a privilege log, nor did they specify whether any documents were being withheld on the basis of an objection, as required by the First Requests and the Rules.

Defendants also failed to produce any documents on January 11, 2023, the date they unilaterally requested as an amended deadline to respond to the First Requests. The request for additional time and failure to meet the deadline they set raises serious concerns that Defendants are engaging in gamesmanship in order to avoid their discovery obligations.

5

After weeks of claiming they had no responsive documents, Defendants produced 45 GB of data on January 20, 2023. In their production cover letter, they described the documents as data that was "previously discussed in the UK matter and in associated testimony." *See* Ex. 3 (Letter from John Branch, Nelson Mullins to Ripley Rand, Womble Bond Dickinson (Jan. 20, 2023)). Essentially, Defendants have only produced Azima's own data back to him – data that was previously produced by other parties in another matter and is responsive to just one of the 15 outstanding requests. Defendants have produced no other documents or logs. They have produced none of their own documents or communications.

Given the Defendants' failure to produce any documents in response to basic requests for production (and failure to produce a privilege log despite claims of privilege), Plaintiff moves the Court to compel production by Defendants. Because this failure was willful, Plaintiff respectfully requests that the Court impose an award of costs, including reasonable attorneys' fees.

## ARGUMENT

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." Fed. R. Civ. P. 26, advisory committee's note <u>to</u> 1983 amendment. The Fourth Circuit has declared that "[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely

6

permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). "In applying the foregoing principles, district judges and magistrate judges in the Fourth Circuit (including members of this Court) have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Hughes v. Research Triangle Inst.*, No. 1:11-cv-546, 2014 WL 4384078, at *2 (M.D.N.C. Sept. 3, 2014) (citing *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243-44 (M.D.N.C.2010)).

Here, the onus is on Defendants. After explicitly refusing to produce documents, they must now justify why. Plaintiff is not requesting remarkable relief. He simply wants Defendants to produce responsive documents as required under the Rules. As discussed below, the First Requests seek information directly relevant to the claims and defenses in this litigation. Nothing more is required. *See* Fed. R. Civ. P. 26(b)(1).

A.      **The Requests Seek Relevant Information.**

The First Requests seek clearly relevant information. The Complaint is clear about the basis for Plaintiff's misappropriation of trade secrets and conspiracy claims. In early 2015, conspirators Neil Gerrard, Stuart Page, James Buchanan, and others agreed to attack Plaintiff Azima. Compl. ¶ 14. Gerrard hired Defendants to assist in the hacking conspiracy. *Id.* ¶ 15.

7

Defendants hired a hack-for-hire firm, CyberRoot, to hack Plaintiff's systems. *Id.* ¶ 16. This allowed Defendants and the other hacking conspirators to obtain numerous protected trade secrets. *Id.* ¶¶ 17-18. They published this information online in at least 2016, 2018, 2019, *id.* ¶¶ 19-26, causing Plaintiff damages. *Id.* ¶ 53.

The First Requests are directly related to these facts. They seek information regarding payments to or from the individuals and entities involved in the conspiracy to hack Plaintiff (Nos. 1-2); any reports, memoranda, summaries, notes, or outlines related to Plaintiff (No. 3); Defendants' agreements and calendar records reflecting meetings with the hacking conspirators (Nos. 4-5); documents that belong to Plaintiff (No. 6); documents reflecting any efforts to cover-up the misconduct (No. 7); Defendants' travel records to or from meetings with the hacking conspirators (No. 8); account statements reflecting travel, expenses, or work done for the hacking conspirators (No. 9); documents regarding a specific meeting between Defendant Del Rosso and Amir Handjani, one of the hacking conspirators (No. 10); and documents relevant to Defendants' affirmative defenses and initial disclosures (Nos. 11-15).

## B. Defendants' Objections are Insufficient, and in any Event Are No Justification for Failing to Produce Any Documents.

Defendants' generalized, boilerplate objections to Plaintiff's First Requests are meritless. *See Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 241 (M.D.N.C. 2010) (collecting cases) ("[B]oilerplate objections to discovery requests, including for documents, [are] invalid."). For example, Defendants object to phrases as "vague and ambiguous" without explanation. They likewise argue that many requests are "overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and are otherwise not proportionate." Courts have characterized very similar phrasing as boilerplate. *See E.E.O.C. v. Dolgencorp, LLC*, No. 1:09 CV 700, 2011 WL 1260241, at *3 n.4 (M.D.N.C. Mar. 31, 2011).[3]

---

[3] Other objections are more specific, but are equally invalid. For example, Defendants object to multiple requests as "duplicative" of third-party subpoena requests to Dechert LLP. But even if this were factually true, Defendants cannot refuse to produce documents based on a theory that other non-parties are obligated to produce documents pursuant to outstanding third-party subpoenas. *See, e.g., E.E.O.C. v. New Hanover Reg'l Med. Ctr.*, No. 7:09-CV-00085-D, 2010 WL 4668957, at *2 (E.D.N.C. Nov. 9, 2010) (allowing discovery into related requests sent to both plaintiff and third-party). Defendants also object based on privilege, but they have not provided a privilege log, an engagement letter, or other evidence to suggest the existence of an applicable privilege. *See generally* Ex. 4 (responding to every objection).

Defendants also persist in objecting to the temporal scope of the Requests, but this case involves a claim for conspiracy that as pleaded began in August 2014, and the Court ordered discovery on "the operative allegations and claims contained in Plaintiff's Complaint, the denials and defenses raised

9

The bottom line is that Defendants have not produced a single document from their own records or files. They have not produced a single engagement letter, bank record, invoice, email, text message, or travel record. Though they object to the temporal scope of the Requests, they have not produced even a single document in whatever timeframe they consider appropriate. They have not produced a privilege log or described documents withheld based on their objections. They have completely stonewalled discovery in this matter to attempt to avoid answering for their misconduct. The Court should not allow Defendants to treat the discovery process in such a dismissive fashion and

---

in Defendants' Answer, and all other relevant matters within the scope of Fed. R. Civ. P. 26." ECF No. 93; *see also Food Lion, LLC v. Dairy Farmers of Am., Inc.*, No. 1:20-CV-442, 2020 WL 6947921, at *5 (M.D.N.C. Sept. 29, 2020) ("Particularly where allegations of conspiracy or monopolization are involved ... broad discovery may be needed to uncover evidence of invidious design, pattern or intent.") (cleaned up); *Williams v. AT&T Servs., Inc.*, No. 3:21-cv-617, 2022 WL 1814630, at *2 (W.D.N.C. June 2, 2022) (Courts "regularly" find that discovery can extend to events "years before the alleged conduct at issue"): *Johnson v. Mechanics Farmers Bank*, Civil No. 3:05-cv-258, 2006 WL 3207320, at *4 (W.D.N.C. Nov. 3, 2006) (in employment discrimination case, discussing temporal scope and finding as "reasonable" a five-year window for records beginning over four years before the first alleged discriminatory event); *see also* 6 Moore's Federal Practice – Civil, § 26.45[5] (2021) ("Information concerning events that substantially preceded the occurrence of the incident[s] that [are] the basis for the suit . . . may be relevant for discovery purposes."). Defendants have also issued a third-party bank subpoena requesting information dating back to January 2017 and have produced Plaintiff's data from a hacking dating back to 2015, thereby undermining their own temporal scope arguments.

should compel production of all documents responsive to Plaintiff's Requests and a log of all documents being withheld.

Given the obstructive posture Defendants have taken to discovery, culminating in the total failure to produce any documents in response to the First Requests, the Court should order costs, including reasonable attorneys' fees, against Defendants. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Case law supports such an award of costs and fees. *See Diehl v. Diehl*, No. 3:14 CV 288, 2015 WL 1565580, at *5 (W.D.N.C. Apr. 8, 2015), *aff'd*, 2015 WL 13842740 (W.D.N.C. Oct. 13, 2015) (awarding fees and costs where there was "no genuine substantial justification for Defendant's refusal to answer the interrogatory or refuse to produce the documents"); *Barden v. Murphy-Brown LLC*, No. 7:20-CV-85-D, 2022 WL 16916358, at *1 (E.D.N.C. Nov. 14, 2022). Given Defendants' clear pattern of failure to engage in the discovery process, costs are necessary here to vindicate Plaintiff's rights to discovery under the Rules

11

and to send a clear message that following Court rules and participating in discovery are not optional.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion to Compel, order Defendants to produce documents in response to Plaintiff's Requests, and order an award of costs, including reasonable attorneys' fees, against Defendants.

This, the 26th day of January, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand*
Ripley Rand
North Carolina Bar No. 22275
Christopher W. Jones
North Carolina Bar No. 27625
Jonathon Townsend
North Carolina State Bar No. 51751
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: ripley.rand@wbd-us.com
chris.jones@wbd-us.com
jonathon.townsend@wbd-us.com

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Brian A. Hill (*pro hac vice*)
Joseph Rillotta (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Plaintiff*

# CERTIFICATE OF WORD COUNT

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This brief contains fewer than 6,250 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

This, the 26th day of January, 2023.

                                         **WOMBLE BOND DICKINSON (US) LLP**

                                         */s/ Ripley Rand*
                                         Ripley Rand
                                         North Carolina Bar No. 22275
                                         Christopher W. Jones
                                         North Carolina Bar No. 27625
                                         Jonathon Townsend
                                         North Carolina State Bar No. 51751
                                         555 Fayetteville Street, Suite 1100
                                         Raleigh, North Carolina 27601
                                         Phone: 919-755-2100
                                         Fax: 919-755-2150
                                         Email: ripley.rand@wbd-us.com
                                                             chris.jones@wbd-us.com
                                                             jonathon.townsend@wbd-us.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954

|  |  |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT<br>SERVICES, INC.,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

    I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

    Brandon S. Neuman, Esq.
    John Branch, III, Esq.
    Jeffrey M. Kelly, Esq.
    Nathaniel J. Pencook, Esq.
    Samuel Rosenthal, Esq.
    NELSON MULLINS RILEY & SCARBOROUGH, LLP
    301 Hillsborough Street, Suite 1400
    Raleigh, NC 27603
    brandon.neuman@nelsonmullins.com
    jeff.kelly@nelsonmullins.com
    nate.pencook@nelsonmullins.com
    john.branch@nelsonmullins.com
    Tel.: 919.329.3800
    Fax.: 919.329.3799

Samuel Rosenthal
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW, Suite 900
Washington, DC 20001
Tel. 202-689-2951
Fax: 202-689-2860
sam.rosenthal@nelsonmullins.com

This, the 26th day of January, 2023.

                **WOMBLE BOND DICKINSON (US) LLP**

                /s/ *Ripley Rand*

                Ripley Rand
                North Carolina State Bar No. 22275
                555 Fayetteville Street, Suite 1100
                Raleigh, N.C. 27601
                Telephone: (919) 755-8125
                Facsimile: (919) 755-6752
                Email: ripley.rand@wbd-us.com

                *Counsel for Plaintiff*

- 2 -

Case 1:20-cv-00954-WO-JLW   Document 131   Filed 01/26/23   Page 16 of 16