UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| FARHAD AZIMA, | |
|---|---|
| Plaintiff, | |
| v. | No. 1:20-cv-00954-WO-JLW |
| NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC., | |
| Defendants. | |

**NON-PARTY DECHERT LLP'S MOTION TO QUASH
PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL
ACTION**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure and Local Rules 7.3 and 26.1, Non-Party Dechert LLP ("Dechert"), by and through its attorneys, hereby moves for an Order quashing the Subpoena to Testify at a Deposition in a Civil Action dated December 23, 2022 (the "Subpoena") in the above-captioned action (the "Action"), or otherwise entering a Protective Order commanding the same. The Subpoena requests that Dechert designate a corporate representative to testify at a deposition on February 1, 2023, at 10:00 a.m. and lists sixteen topics that may be covered for testimony, including but not limited to the extensive documents requested in its separate subpoena duces tecum dated December 19, 2022, to which Dechert has submitted separate written responses and objections, and which, accordingly, have not yet been produced, as well as, more generally, Dechert's engagement and communications with numerous individuals and entities broadly relating to Dechert's legal work on behalf of a client, and the client engagement

itself, including all billing records. The Subpoena makes all of these with no attempt to limit its scope to the subject matter or time period of this Action, no reference to a protective order, and no effort to address the obvious privilege and work product issues.

In support of this Motion, and as set forth more fully in its Memorandum of Law in support of this Motion, Dechert states the following:

1. This Court issued a Memorandum Opinion and Order on December 10, 2021, *see* Dkt. 65 (the "December 10 Order"), in which the Court dismissed nine of Plaintiff's eleven claims, leaving only two: a state-law misappropriation of trade secrets claim and a contingent civil conspiracy claim. *Id.* at 23–24.

2. In the December 10 Order, the Court further limited the potentially actionable conduct in this case to that which occurred in 2018–2019—namely, "the 2018–2019 online posting of new links to Plaintiff's confidential business data." Dkt. 80 at 4.

3. On December 19, 2022, Plaintiff served a sweeping subpoena duces tecum on non-party Dechert, with no apparent scope limitation reflecting the Court's December 10 Order. Four days later, Plaintiff issued another non-party Subpoena, seeking 30(b)(6) testimony on 16 topics by February 1. Plaintiff's Subpoena requests testimony on a broad range of topics unrelated and not proportional to the needs of the Action as narrowed in the Court's Order of December 10, 2021. As explained in the accompanying Memorandum of Law, the Subpoena makes no attempt to tether its requests to the scope of the remaining claims or to the time period of potentially actionable conduct.

4. Further, Plaintiff's Subpoena, on its face, requests material that is likely protected by the attorney-client privilege, as it requests information from a law firm

broadly relating to its legal work on behalf of a client, and the work product protection, as it requests information related to documents prepared in connection with or anticipation of litigation. Even if some of the requested information is not privileged, assessing potential privilege claims, and preparing a witness to navigate them under questioning in real time, will require burdensome review process.

5. Moreover, Plaintiff seeks this deposition from a non-party without having previously attempted to obtain requested information from a party and despite that fact that discovery in this Action is in its earliest stages. *See* Dkt. 93 (providing that discovery commenced on Nov. 16, 2022, and will continue through Aug. 1, 2023).

6. Federal Rule of Civil Procedure 45(d)(3)(A) provides that a court "must quash or modify a subpoena that . . . subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A). Rule 26(c)(1) further provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery; . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

7. Pursuant to Local Rule 37.1(a), Dechert's counsel met and conferred with Plaintiff's counsel regarding this dispute via teleconference on January 23, 2023. Plaintiff's counsel refused even to discuss non-party Dechert's concerns about scope, privilege, or unreasonable burden to engage in discussion of tailoring the request, and, after personal consultation and diligent attempts to resolve differences, the parties are unable to reach an accord.

WHEREFORE, Dechert respectfully moves for an Order quashing the Subpoena or otherwise entering a Protective Order commanding the same.

Respectfully submitted, this the 31st day of January 2023.

Dated: January 31, 2023
      New York, New York

By: _____
John C. Quinn
Sean Hecker*
David Gopstein*
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
jquinn@kaplanhecker.com
shecker@kaplanhecker.com
dgopstein@kaplanhecker.com

*Counsel for Non-Party Dechert LLP*

/s/ Daniel Adams
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*

*\*Notice of Special Appearance
  forthcoming*

4