# EXHIBIT A

# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| Farhad Azima <br> *Plaintiff* <br> v. <br> Nicholas Del Rosso and Vital Management Services, Inc. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 20-cv-954-UA-JLW <br> ) <br> ) <br> ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Dechert LLP, 300 South Tryon Street, Suite 800, Charlotte NC 28202

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

See Attachment

| Place: Womble Bond Dickinson (US) LLP; 301 South College Street, Suite 3500, Charlotte NC 28202 | Date and Time: February 1, 2023 at 10:00a.m. |
|---|---|

The deposition will be recorded by this method: Stenographic, sound, and/or video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/23/2022

*CLERK OF COURT*

OR

_____  /s/ Jonathon D. Townsend
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Farhad Azima, who issues or requests this subpoena, are:

Jonathon Townsend and Ripley Rand; 555 Fayetteville Street, Suite 1100, Raleigh NC 27601; 919-755-2175

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 20-cv-954-UA-JLW

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-cv-954-UA-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **NOTICE OF RULE 30(b)(6) DEPOSITION OF DECHERT LLP** |

Please take notice that pursuant to Federal Rule of Civil Procedure 30(b)(6), on Friday, February 1, 2023, commencing at 10:00 AM, counsel for Plaintiff, Farhad Azima, ("Azima") will take the deposition of Dechert LLP, through a designated corporate representative, at a location to be determined. The deposition shall be taken before a person authorized to administer oaths and will be recorded by sound, remote video and/or stenographic means. The deposition will be taken between the hours of 10:00 AM and 7:00 PM until completed.

Pursuant to Rule 30(b)(6), Dechert's counsel shall confer with Azima's counsel in good faith and designate the person who will testify regarding the topics set forth in the attached Schedule A.

2804377.2

This, the 22nd day of December, 2022.

                                       Respectfully submitted,

                                       */s/ Jonathon Townsend*
Ripley Rand (N.C. State Bar No. 22275)
Christopher W. Jones (N.C. State Bar No. 27625)
Jonathon D. Townsend (N.C. State Bar No. 51751)
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Tel: (919) 755-2100
Fax: (919) 755-2150
Email: ripley.rand@wbd-us.com

    */s/ Kirby D. Behre*
Kirby D. Behre (*pro hac vice* admission)
Tim O'Toole (*pro hac vice* admission)
Ian Herbert (*pro hac vice* admission)
Calvin Lee (*pro hac vice* admission)
MILLER & CHEVALIER CHARTERED
900 Sixteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 626-5800
Facsimile: (202) 626-5801
Email: kbehre@milchev.com

*Attorneys for Plaintiff Farhad Azima*

# SCHEDULE A
# TOPICS

Pursuant to Rule 30(b)(6), Dechert LLP is directed to designate one or more persons who will testify on its behalf and will be authorized to bind Dechert LLP with his, her, or their deposition testimony about all matters known or reasonably available to Dechert LLP, including information, sources of information, communications, and documents, related to the following topics:

1. All categories of documents requested in Plaintiff's subpoena *duces tecum*, dated Monday, December 19, 2022, with a return date of Friday, January 13, 2023, at 5:00 pm, as well as documents produced by Dechert LLP in response.

2. Any retention, instruction, and payment of Defendants Nicholas Del Rosso and Vital Management Services, Inc. (collectively "Defendants") by Dechert LLP, or any current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including Neil Gerrard.

3. Any payments to Defendants, circumstances of any payments to Defendants, and underlying work performed by Defendants for any payments by Gravitas International FZE, or any current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including Jamie Buchanan.

4. Any retention, instruction, and payment of CyberRoot Risk Advisory Private Limited by Dechert LLP, or any current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including Defendants.

2804377.2

5. Any retention, instruction, and payment of Aditya Jain (d/b/a Cyber Defence and Analytics) by Dechert LLP, or any current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including Defendants.

6. Any retention, instruction, and payment of Northern Technology, Inc. by Dechert LLP, or any current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including Defendants.

7. Any retention, instruction, and payment of Stuart Page, Stuart Page Entities, and Majdi Halabi by Dechert LLP, or any current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including Neil Gerrard.

8. Any retention, instruction, and payment of Amit Forlit, Insight Analysis and Research LLC, SDC-Gadot LLC, and any other entity controlled by Forlit by Dechert LLP, or any current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including Neil Gerrard.

9. Any retention, instruction, and payment of Patrick Grayson or Grayson + Co. Ltd by Dechert LLP, or any current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including Neil Gerrard.

10. Dechert's engagement of "VMS to assist it in its representation of RAKIA with respect to the investigation of fraud and identification of assets potentially stolen from

the Government of Ras al Khaimah beginning in August 2014 and through 2019," including Dechert's work with Chris Swecker who "worked with Dechert LLP attorneys including Neil Gerrard," as admitted in ¶ 13 of Defendants Answer.[1]

11. Defendants' work with attorneys for Dechert on "matters involving suspected fraud," as admitted in ¶ 15 of Defendants' Answer.

12. Dechert's engagement of VMS in August 2014 "to examine potential fraud committed against Dechert's client, the Government of Ras Al Khaimah," as admitted in ¶ 15 of Defendants' Answer.

13. Defendants' work with Dechert "in the retrieval of the data" in 2016 relating to "two links on the internet which appeared to contain data relating to Farhad Azima," as admitted in ¶ 15 of Defendants' Answer.

14. All engagements of Dechert by RAKIA and other RAK entities from 2013 to present, including but not limited to the engagements referenced in letters dated June 5, 2013, October 12, 2014, October 14, 2016, and November 16, 2016. We understand that Dechert alleged that it opened various client matters under the "umbrella of such engagement letters."

15. All Billing Records related to Defendants. Records show that, between 2015 and 2021, Defendants were paid at least $35 million by Dechert's client RAK and related entities and individuals, including the Ruler of RAK. The representative should be prepared to discuss all Billing Records related to Defendants, regardless of whether the records relate to payments directly by Dechert or indirectly at Dechert's direction or request or with Dechert's approval. The representative should be prepared to

---

[1] Attached as Exhibit 1 is a copy of Defendants' Answer.

discuss all documents related to the role that Dechert played in facilitating, authorizing, directing, administering, approving, or acknowledging those payments or any other relating to Defendants.

16. The acquisition and retention of any documents that belonged or belong to Plaintiff.