# EXHIBIT B

Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

| | |
|---|---|
| Farhad Azima<br>*Plaintiff*<br>v.<br>Nicholas Del Rosso and Vital Management Services<br>*Defendant* | )<br>)<br>)   Civil Action No. 20-cv-954<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Dechert LLP
300 South Tryon Street, Suite 800, Charlotte NC 28202

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   See Attachment A

| Place: Womble Bond Dickinson (US) LLP; 301 South College Street, Suite 3500, Charlotte NC 28202 | Date and Time: 01/13/2023 5:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/19/2022

*CLERK OF COURT*

OR

_____     /s/ Jonathon Townsend
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Farhad Azima
_____, who issues or requests this subpoena, are:
Jonathon Townsend and Ripley Rand; Womble Bond Dickinson (US) LLP, 555 Fayetteville St., Suite 1100, Raleigh NC 27601; 919-755-2175

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:20-cv-00954-WO-JLW   Document 140-2   Filed 02/01/23   Page 2 of 9

Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-cv-954

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment A

### *INSTRUCTIONS*

1. Prior to answering the following, you are requested to make a due and diligent search of your books, records, and papers, with a view to eliciting all information responsive to this subpoena.

2. If you withhold any documents, communications, or other information from your response to any of the requests on the basis of a claim of privilege or other protection from disclosure, please provide a privilege log that expressly asserts the grounds for such claim and that describes the nature of the documents, communications, or other information being withheld in a manner sufficient to enable an assessment of such claim, including by providing the following information: (a) the date, place, and manner of the communication or of recording, creating or otherwise preparing the communication, document, or other information; (b) the name and organizational position, if any, of each sender and recipient of the communication, document, or other information; (c) the name and organizational position, if any, of each person to whom the contents of the communication, document, or other information, or any portion thereof, have heretofore been communicated by copy, exhibition, reading, or summarization; (d) a clear designation of which senders and recipients, if any, are attorneys; (e) the general subject matter of the communication, document, or other information; (f) the legal engagement under which the document or communication was created; and (g) a statement of the nature of any privilege or other protection claimed, whether or not the claim is made as to the entire document or only a portion thereof, and the basis for such assertion of privilege or other protection, including confirmation that you have determined the document is not subject to the crime-fraud exception. If a claim of privilege or other protection is made as to only a portion of a document, please redact that portion of the document and produce the remainder of the document. Documents that would otherwise be privileged but are subject to the crime-fraud exception should not be withheld for privilege.

3. If any document responsive to this request was, but no longer is in your possession, state whether it is missing or lost; if it has been destroyed; if it has been returned after reading; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of. In each instance, identify the document fully, explain the circumstances behind why the document is no longer available, and identify the people having knowledge of such circumstances. For example, while at Dechert LLP, then-partner Neil Gerrard received regular reports that included Plaintiff's hacked data, but has claimed in other litigation that the reports were destroyed. For each report that came into Dechert's possession, if the report has since been destroyed, provide a description of the document, when the document was created, when the document was destroyed, and the identity of all people with knowledge of the document.

4. If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by

1

2605776.8

Case 1:20-cv-00954-WO-JLW   Document 140-2   Filed 02/01/23   Page 5 of 9

category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

5. To the extent documents produced in response to this request include electronic documents, please produce all such documents in native form, ensuring that all formulae and metadata embedded in such documents are produced. Please produce electronically stored information in accordance with the instructions, data delivery standards, delivery formats, and Adobe PDF file production formats, and with the fields specified, in Exhibit A ("Miller & Chevalier Standard Production Guidelines") hereto.

6. To the extent you intend to not produce a requested document, you are directed to make and safeguard a copy of the requested information.

7. The relevant time period for documents responsive to the following requests shall be between August 1, 2014, until now.

## *DEFINITIONS*

1. The terms and phrases "Documents," "Communications," "Electronically stored information," "Data," and "Tangible things" shall have the broadest possible meanings permissible under the Federal Rules of Civil Procedure.

2. "Relate to," "Relating to," or "Related to" shall mean and include constituting, discussing, mentioning, containing, embodying, reflecting, identifying, incorporating, referring to, dealing with, or pertaining to in any way.

3. "Communications" shall include all methods of communication, including e-mails, SMS text messages, and messaging application records (including but not limited to applications such as Threema, WhatsApp, Signal, and Telegram).

4. "Agreements" refers to any written or oral contract or agreement for services, whether formal or informal.

5. "Reports" refers to any records of written or oral reports, memoranda, summaries, notes, or outlines, including but not limited to so-called Project Updates, Project Beech reports, and action plans.

6. "Calendar Records" refers to any physical or electronic method for keeping track of meetings or appointments, including but not limited to calendars maintained by Outlook, Google, or any other electronic means of maintaining a calendar, as well as any physical calendars, day planners, or diaries.

7. "Visitor Logs" refers to any documents reflecting visitors to any office of Dechert LLP, including but not limited to all security desk documents.

2605776.8

8. "Billing Records" refers to all Documents evidencing or reflecting a request for payment or a payment, including but not limited to invoices, bills, requests for payment, descriptions of work, time entries and expense detail, financial account records, financial statements, checks, bank statements, tax records, or accounting records.

9. The term "Defendants" refers to Nicholas Del Rosso and Vital Management Services, Inc. ("VMS"), and all current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on their behalf.

10. The term "Defendants' Answer" refers to Answer and Affirmative Defenses to Complaint, *Farhad Azima v. Nicholas Del Rosso and Vital Management Services, Inc.*, No. 1:20-cv-00954 (M.D.N.C. Oct. 12, 2022), ECF No. 86.

11. "CyberRoot" refers to CyberRoot Risk Advisory Private Limited and all current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including but not limited to Vibhor Sharma, Vijay Bisht, Vikash Pandey, and Chiranshu Ahuja.

12. "KARV" refers to KARV Communications and all current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including but not limited to Andrew Frank and Amir Handjani.

13. "Ras Al Khaimah Entities" refers to the government of Ras Al Khaimah, the Ruler of Ras Al Khaimah, and all current and former entities Related to the government of Ras Al Khaimah, including but not limited to Ras Al Khaimah Investment Authority, RAK Development LLC, RAK Petroleum, RAK Gas LLC, and RAK IDO.

14. "Stuart Page Entities" refers to all current and former entities Related to Stuart Page, including but not limited to Page Corporate Investigations Limited, Page Group Limited, Page Group ME DMCC, and Page Risk Management DMCC.

15. "Amit Forlit Entities" refers to all current and former entities Related to Amit Forlit, including but not limited to Insight Analysis and Research LLC, SDC-Gadot LLC, Insight GSIA, and Gadot Information Services.

16. "Aditya Jain Entities" refers to all current and former entities Related to Aditya Jain, including but not limited to Cyber Defence and Analytics and Cyber DNA.

## *DOCUMENTS TO BE PRODUCED*

1. All Documents, Communications, Agreements, Reports, Calendar Entries, and Visitor Logs relating to CyberRoot.

3

2605776.8

Case 1:20-cv-00954-WO-JLW   Document 140-2   Filed 02/01/23   Page 7 of 9

2. All Documents, Communications, Agreements, Reports, Calendar Entries, and Visitor Logs relating to Aditya Jain or Aditya Jain Entities.

3. All Documents, Communications, Agreements, Reports, Calendar Entries, and Visitor Logs relating to Stuart Page, Stuart Page Entities, or Majdi Halabi.

4. All Documents, Communications, Agreements, Reports, Calendar Entries, and Visitor Logs relating to Amit Forlit or Amit Forlit Entities.

5. All Documents, Communications, Agreements, Reports, Calendar Entries, and Visitor Logs relating to Northern Technology, Inc.

6. All Agreements, Calendar Entries, and Visitor Logs, related to Plaintiff Farhad Azima, Ras Al Khaimah Entities or Defendants, including but not limited to:

   a. Dechert's engagement of "VMS to assist it in its representation of RAKIA with respect to the investigation of fraud and identification of assets potentially stolen from the Government of Ras al Khaimah beginning in August 2014 and through 2019," including Dechert's work with Chris Swecker who "worked with Dechert LLP attorneys including Neil Gerrard," as admitted in Defendants Answer ¶ 13.

   b. Defendants' work with attorneys for Dechert on "matters involving suspected fraud," as admitted in ¶ 15 of Defendants' Answer.

   c. Dechert's engagement of VMS in August 2014 "to examine potential fraud committed against Dechert's client, the Government of Ras Al Khaimah," as admitted in ¶ 15 of Defendants' Answer.

   d. Defendants' work with Dechert "in the retrieval of the data" in 2016 relating to "two links on the internet which appeared to contain data relating to Farhad Azima," as admitted in ¶ 15 of Defendants' Answer.

   e. All engagements of Dechert by RAKIA and other RAK entities from 2013 to present, including but not limited to the engagements referenced in letters dated June 5, 2013, October 12, 2016, October 14, 2016, and November 16, 2016. We understand that Dechert alleged that it opened various client matters under the "umbrella of such engagement letters."

7. All Billing Records related to Defendants. Records show that, between 2015 and 2021, Defendants were paid at least $35 million by Dechert's client RAK and related entities and individuals, including the Ruler of RAK. This request includes all Billing Records related to Defendants, regardless of whether the records relate to payments directly by Dechert or

indirectly at Dechert's direction or request or with Dechert's approval. This request includes all documents related to the role that Dechert played in facilitating, authorizing, directing, administering, approving, or acknowledging those payments or any other relating to Defendants.

2605776.8