UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-cv-954

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendants.

**RESPONSE TO NON-PARTY SHANAHAN LAW GROUP'S MOTION TO QUASH**

In its motion to quash, Shanahan Law Group ("Shanahan") does not dispute that money was paid by Ras Al Khaimah ("RAK") to Defendant Vital Management Services, Inc. ("Vital"), from which Vital then paid Shanahan, nor does Shanahan dispute that at least some of that money was then paid to others, including to witnesses related to this matter.[1]  Plaintiff issued the relevant subpoena to First National Bank of Pennsylvania ("First National") to trace these funds, and to uncover documents and information that would lead to the production of admissible evidence about where the money paid by RAK to Vital, then to Shanahan, went (whether that was to CyberRoot directly,

---

[1] Similarly, Defendants Del Rosso and Vital also filed a declaration in this case and did not deny that a co-conspirator said payments were being funneled through Shanahan to pay third parties related to this matter. ECF No. 132-1.

1

or to other witnesses related to this litigation). Such subpoena is clearly proper, and the Court should deny the motion to quash.

The clear relevance of Shanahan's records at First National is explained in detail in Plaintiff's response to Defendants' motion to quash, which was filed last week. ECF No. 125.[2] There, Plaintiff highlighted that Shanahan received 82 payments from Defendants Nicholas Del Rosso and Vital totaling approximately $6.2 million over just three years. *Id.* at 2. Those payments were often made in round numbers and at irregular intervals, including five payments totaling $350,000 in a one-month period in 2019 (just months before Plaintiff's hacked data was published on WeTransfer links). *Id.* As previously noted, the timing, frequency, and round-dollar amounts of these large payments suggest that they were not made for traditional legal services. Indeed, a former co-conspirator of Defendants even signed a witness statement stating that Defendants funneled payments through Shanahan. Defendants' own bank records indicate the funds transferred to Shanahan likely originated from Ras Al Khaimah ("RAK") and related entities, which is alleged to have

---

[2] Defendants already moved to quash Plaintiff's subpoena to First National. For background, Plaintiff refers the Court to its briefing in response to Defendants' Motion to Quash. *See* ECF No. 125 at 1-7. Plaintiff also incorporates the arguments set forth therein by reference.

paid for hacking Plaintiff, obtaining his data, and weaponizing that data against him. *See* ECF No. 127 (sealed exhibit).

Given the claims in this case and the defenses that Defendants have pleaded, this is a reasonable and appropriate matter on which to seek discovery from a third party. The subpoena seeks non-privileged information directly relevant to the issues in this case. The subpoena simply requests bank records, which will not be burdensome for the bank to produce. None of Shanahan's (or Defendants') arguments change that fact. Shanahan's Motion to Quash should be denied.

## ARGUMENT

Shanahan challenges the subpoena to First National by making a host of underdeveloped arguments regarding relevance, scope, privilege, and confidentiality.[3] His arguments track Defendants' arguments, and should be rejected for the same reasons.

***First***, the subpoena is narrowly tailored to obtain documents relevant to Plaintiff's claims. *See* ECF No. 125 at 11-13 (responding to this argument).

---

[3] In addition to these arguments, Shanahan also argues the subpoena was issued in bad faith or that Plaintiff misled the Court. These arguments are baseless. Plaintiff clearly articulated the relevance of Shanahan's bank records to Plaintiff's claims and has presented evidence, including Defendants' bank records and a sworn witness statement, indicating Defendants used Shanahan as a conduit for some of the $35 million Defendants received from RAK. Plaintiff is entitled to discovery as to where that money was funneled.

3

Like Defendants, Shanahan claims that Plaintiff's subpoena seeks "the entire . . . bank file for the SLG Trust Account and Operating Account." ECF No. 134 at 6. It does not. It seeks documents and communications related to the accounts that received more than $6 million from Defendants, most if not all of which originated directly from RAK. Whether those accounts are trust accounts or operating accounts remains to be seen.

The subpoena seeks discovery about the funds that fueled the conspiracy at the heart of this case. The subpoena explains the relevance of the requested documents on its face, noting with specificity the scope of payments made to the accounts in question. There is no feasible way to further narrow the scope of the subpoenas without restricting the production of probative data or unduly burdening First National – which may well be the goal for both SLG and the Defendants.[4]

***Second***, the scope of the subpoena is appropriate. ECF No. 125 at 14-15 (responding to Defendants' scope argument). This case involves a claim for conspiracy that began in August 2014, *see* Compl. ¶¶ 13-15, and the Court

---

[4] Shanahan also argues that compliance with the subpoena will be overbroad or unduly burdensome for the bank. That is First National's argument to raise, not Shanahan's. *See Bryson v. CompuCom Sys., Inc.*, No. 19-CV-1121, 2021 WL 7184369, at *5 (M.D.N.C. Feb. 10, 2021). In any event, the burden on the bank is minimal – it need only collect readily available bank statements and related bank records which are required by law to be maintained. The bank will not have to run complex searches or conduct a document review; it can just produce the bank records in its possession.

4

ordered discovery on "the operative allegations and claims contained in Plaintiff's Complaint, the denials and defenses raised in Defendants' Answer, and all other relevant matters within the scope of Fed. R. Civ. P. 26." ECF No. 93. Courts have consistently found that, particularly with regard to conspiracies, broad discovery may be needed to uncover evidence of invidious design, pattern, or intent. *See* ECF No. 125 at 14-15 (citing cases).

***Third***, the information sought by the subpoena is not privileged. *See* ECF No. 125 at 15-18 (responding to the privilege argument). Like Defendants, Shanahan raises the specter of privilege but fails to articulate what information contained in bank records held by a third-party bank might implicate privilege. Shanahan instead generally argues the subpoenaed records "likely" contains privilege information. That is plainly insufficient, especially when Shanahan has access to the subpoenaed records and could easily identify with specificity any privileged information. *See* Fed. R. Civ. P. 45(e)(2) (privilege objections must "enable the parties to assess the claim [of privilege]"). Regardless, bank records generally do not contain legal advice or even attorney client communications – and in any event are held by third parties – and therefore are generally not privileged. *See* ECF No. 125 at 16-17 (citing cases). Shanahan's failure to identify what privileged information is contained in the bank records demonstrates why there is no grounds to quash on privilege grounds.

5

***Fourth***, there are no confidentiality concerns. The parties have agreed to a protective order for this case. *See* ECF No. 112 at 3. And Plaintiff has agreed that, at least in the first instance, the subpoenaed records should be produced subject to that protective order, which should address any confidentiality concerns Shanahan raises. *See* ECF No. 125 at 12.

## CONCLUSION

For the foregoing reasons, the Court should deny Shanahan Law Group's Motion to Quash.

This, the 2d day of February, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand*
Ripley Rand
North Carolina State Bar No. 22275
Christopher W. Jones
North Carolina State Bar No. 27265
Jonathon Townsend
North Carolina State Bar No. 51751
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email:   ripley.rand@wbd-us.com
         chris.jones@wbd-us.com
         jonathon.townsend@wbd-us.com

6

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Joseph Rillotta (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Plaintiff*

## CERTIFICATE OF WORD COUNT

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This Response contains fewer than 6,250 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

This, the 2d day of February, 2023.

                               **WOMBLE BOND DICKINSON (US) LLP**

                               */s/ Ripley Rand*
                               Ripley Rand
                               North Carolina Bar No. 22275
                               Christopher W. Jones
                               North Carolina Bar No. 27265
                               Jonathon Townsend
                               North Carolina State Bar No. 51751
                               555 Fayetteville Street, Suite 1100
                               Raleigh, North Carolina 27601
                               Phone: 919-755-2100
                               Fax: 919-755-2150
                               Email:   ripley.rand@wbd-us.com
                                                  chris.jones@wbd-us.com
                                                  jonathon.townsend@wbd-us.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>    v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT<br>SERVICES, INC.,<br><br>    Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

    Brandon S. Neuman, Esq.
    John Branch, III, Esq.
    Jeffrey M. Kelly, Esq.
    Nathaniel J. Pencook, Esq.
    **Nelson Mullins Riley & Scarborough, LLP**
    301 Hillsborough Street, Suite 1400
    Raleigh, NC 27603
    Tel.: 919.329.3800
    Fax.: 919.329.3799
    Email:    brandon.neuman@nelsonmullins.com
                    jeff.kelly@nelsonmullins.com
                    nate.pencook@nelsonmullins.com
                    john.branch@nelsonmullins.com

Samuel Rosenthal, Esq.
**Nelson Mullins Riley & Scarborough LLP**
101 Constitution Ave NW, Suite 900
Washington, DC 20001
Tel.: 202-689-2951
Fax.: 202-689-2860
Email: sam.rosenthal@nelsonmullins.com

Kieran Shanahan, Esq.
**Shanahan Law Group**
128 East Hargett Street, Suite 300
Raleigh, NC 27601
Tel.: 919-264-7515
Email: kieran@shanahanlawgroup.com

John Charles Quinn
**Kaplan Hecker & Fink LLP**
350 Fifth Avenue, Suite 63rd Floor
New York, NY 10118
Tel.: 212-763-0883
Fax.: 212-564-0883
Email: jquinn@kaplanhecker.com

Daniel D. Adams
Kearns Davis
**Brooks Pierce McLendon Humphrey & Leonard, LLP**
2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401
Tel.: (336) 373-8850
Fax.: (336) 378-1001
Email: dadams@brookspierce.com
Email: kdavis@brookspierce.com

This, the 2d day of February, 2023.

        **WOMBLE BOND DICKINSON (US) LLP**

        /s/ *Ripley Rand*

        Ripley Rand
        North Carolina State Bar No. 22275
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone:  (919) 755-8125
        Facsimile:   (919) 755-6752
        Email:      ripley.rand@wbd-us.com

        *Counsel for Plaintiff*