UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:20-cv-00954-WO-JLW

FARHAD AZIMA,

        Plaintiff,

v.

NICHOLAS DEL ROSSO and
VITAL MANAGEMENT SERVICES, INC.,

        Defendants.

**DEFENDANT NICHOLAS DEL ROSSO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 26 and M.D.N.C. Local Rule 37.1(a), Defendant Nicholas Del Rosso ("Del Rosso") hereby moves for a Protective Order foreclosing Plaintiff Farhad Azima's ("Azima") from deposing Del Rosso on facts irrelevant to his remaining claims, as well as Del Rosso's contracted work for Dechart LLP ("Dechert") in furtherance of Dechert's representation of Ras Al Khaimah and its related legal entities ("RAK").

## BACKGROUND

This Court's December 10, 2021 Memorandum Opinion and Order on Defendants' Rule 12(b)(6) Motion to Dismiss (the "12(b)(6) Order") limited the scope of Azima's remaining North Carolina Misappropriation of Trade Secrets claim (Count VIII)—as well as the contingent Civil Conspiracy claim (Count

1

X)—to "the 2018–2019 conduct – the only allegations that are not time barred." (D.E. 65, pp.23–24). Moreover, the Court specifically identified the "2018-2019 conduct" as the allegations that Defendants conspired with CyberRoot Risk Advisory Private Limited ("Cyber Root") to create new blog sites in May and June 2018 and, again, in June 2019, and that Defendants used WeTransfer to transfer Azima's data. (*Id.* at 17–18 (citing to Complaint, ¶¶16, 19, 22, 24–26)). In a subsequent order, the Court reiterated the narrowed scope of this lawsuit, succinctly stating that only "two of Plaintiff's claims were allowed to proceed: a North Carolina misappropriation of trade secrets claim arising from the 2018-2019 online posting of new links to Plaintiff's confidential business data (Count VIII) and a North Carolina civil conspiracy claim contingent upon the viability of the trade secrets claim (Count X)." (D.E. 80, p.4).

Thereafter, Defendants have understood and communicated that the only relevant conduct remaining in this lawsuit is the "2018-2019 conduct" referenced in the 12(b)(6) Opinion. (*See, e.g.*, Defendants' Rule 26(f) Report, D.E. 90, p.2). However, Azima has recently forecasted that, while Azima's pre-2018–2019 claims were dismissed by the Court in its 12(b)(6) Opinion, the dismissal has no effect on the scope of discovery, and therefore Del Rosso's scope objections are improper. (*See* D.E. 131-4; Ex. 1, Emails between John

2

4891-0706-7470 v.3 062349/01501, 7:57 PM, 02/03/2023

Case 1:20-cv-00954-WO-JLW Document 143 Filed 02/03/23 Page 2 of 11

Branch and Rand Ripley).[1] Additionally, Azima has also indicated that he will seek inquiry into privileged and protected work product during the deposition. (*See id.*).

Counsel for parties held a meet-and-confer conference on February 3, 2023, at 4:30 PM, and were able to work out a number of issues, but mutually agreed to not re-hash the scope of discovery dispute, as well as the dispute regarding attorney-client privilege and work product, as counsel for the parties agreed no compromise could be reached.

## **LEGAL STANDARD**

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). A court may order a protective order "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Determination of good cause requires a court to balance the need for the information versus the harm in producing it. *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988).

## **ARGUMENT**

---

[1] Defendants responded to Azima's January 13, 2023 letter on January 26, 2023, which was nine business days after receipt of the letter, and six days after Defendants produced responsive, non-confidential documents. (*See* Ex. 2, Defendants' January 26, 2023 Response Letter).

3

4891-0706-7470 v.3 062349/01501, 7:57 PM, 02/03/2023

Case 1:20-cv-00954-WO-JLW Document 143 Filed 02/03/23 Page 3 of 11

## I. This Court Should Limit the Scope of the Deposition of Del Rosso to Facts Reasonably Calculated to Lead to the Discovery of Admissible Evidence Related to the Surviving Claims .

The Court's 12(b)(6) Order (D.E. 65) and the Court's Scheduling Order (D.E. 93) provide limits on discovery in this matter to which Azima has refused to acknowledge. As explained below, the Court has limited the temporal scope of this matter in its 12(b)(6) Order to only 2018 and 2019 conduct. (D.E. 65, pp. 23-24). Nevertheless, Azima has forecasted that he is intending to seek information outside of the Court ordered temporal scope and remaining claims. (*See* Ex. 4; D.E. 131-4).

### a. Del Rosso Has Good Cause to Limit the Scope of His Deposition to Facts Reasonably Calculated to Lead to the Discovery of Admissible Evidence Related to the Surviving Claims.

Azima contends that "August 2014 to the present day is the appropriate scope of discovery for this case" because the Complaint "alleges a longstanding conspiracy between Del Rosso, VMS, Dechert, and others to, among other things, misappropriate Plaintiff's trade secrets" and because a broader temporal scope is "critical to Plaintiff proving the fact of (as well as the scope of) the conspiratorial agreement[.]" (D.E. 131-4, p. 4). However, the Court has limited the scope of Azima's remaining case—including both the trade secrets claim and the conspiracy claim—to the "2018-2019 conduct[,]" which is limited to specific allegations of republication of Azima's data. (*See* D.E. 65, pp. 23-24).

4

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter **that is relevant to any party's claim or defense** . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). A Motion for Protective Order is a proper vehicle to seek limitation of inquiry into facts irrelevant to a party's claim or defense. *See S. Film Extruders, Inc., v. Coca-Cola Co.*, 11 F.R.D. 559, 562-63 (M.D.N.C. 1987) (granting motion for protective order to prohibit the defendants from engaging "in a broad-ranging deposition" when the defendants had advanced that the deponents could only offer information relevant to two matters in a proxy statement that were inconsistent with the plaintiff's claim, and therefore limiting scope of deposition inquiry to only the two inconsistencies as a matter of policy); *Nestler v. Bishop of Charleston*, No. 2:21-613-RMG, 2021 WL 6206575, at *3 (D.S.C. Nov. 12, 2021) (granting motion for protective order to prohibit deposition inquiry regarding rules of professional conduct as deponent was not a lawyer, nor did the lawsuit surround professional negligence, and discovery was currently limited by the court to class certification); *Minter v. Wells Fargo Bank, N.A.*, Nos. WMN-07-3442, WMN-08-1642, 2012 WL 13001301 (D. Md. Mar. 9, 2012) (granting motion for protective order under Rule 26(b) and (c) to limit scope of deposition inquiry to relationship between defendants entities and prohibit inquiry into deponent's knowledge of the defendant entity's business operations and practices as such inquiries were not

4891-0706-7470 v.3 062349/01501, 7:57 PM, 02/03/2023

relevant to any claim); *see also Topline Sols., Inc., v. Sandler Sys., Inc.*, No. ELH-09-3102, 2017 WL 1230817, at *4-6, (D. Md. Apr. 3, 2017) (denying objection to Magistrate Judge's Order limiting scope of discovery under Rule 26(b) as Order was clear of error and parties may not engage in "fishing expedition(s);" Magistrate Judge limited scope of discovery, including individual and 30(b)(6) deposition inquiry, to the enumerated issues in the amended complaint) (internal quotation marks and citation omitted).

Here, the scope of discovery is limited not only by the Court's 12(b)(6) Order on the temporal scope, but also by the remaining claims in this action. Azima's remaining claims relate to the alleged republication of his data in 2018 or 2019, and Azima should be prohibited from engaging in a fishing expedition into facts wholly irrelevant to his remaining claims. Additionally, Del Rosso should not be subjected to the excess annoyance, harassment, and undue burden and expense of providing on-record testimony of facts that will not lead to the discovery of admissible evidence, especially while he suffers extreme medical limitations.

### b. **Plaintiff Will Suffer No Prejudice from being Prevented From Engaging in His Desired Fishing Expedition.**

The balancing of interests this Court must engage in to determine whether to grant this Motion weighs strongly in Del Rosso's favor. While Azima desires discovery outside of the scope set by this Court, which appears to be for

4891-0706-7470 v.3 062349/01501, 7:57 PM, 02/03/2023

Case 1:20-cv-00954-WO-JLW   Document 143   Filed 02/03/23   Page 6 of 11

an improper purpose in furtherance of Plaintiff's claims against Dechert and "others" in separate related matters pending in other jurisdictions, including but not limited to *Azima v. Dechert LLP*, Case No. 1:22-cv-08728-PGG (S.D.N.Y.), prohibiting such inquiry into facts that are wholly irrelevant to the remaining claims does not prejudice Azima in this matter.

## II. Azima Should be Prohibited from Inquiring Into Del Rosso's Contracted Work Done in Furtherance of Dechert's Representation of RAK.

Here, Azima's Discovery Requests as written broadly seek discovery relating to Defendants contracted-for work for Dechert, including work done during and in furtherance of Dechert's representation of RAK. (*See* D.E. 131-1). Such inquiry is prohibited by attorney-client privilege and work-product protection. *See Ring v. Com. Union Ins. Co.*, 159 F.R.D. 653, 657 (M.D.N.C. 1995) (finding the defendants withholding of insurance claim investigation documents, including entries of investigators, generated after anticipation of litigation over Plaintiff's insurance claim in the plaintiff's subsequent suit for breach of contract and bad faith was proper as such documents were work product); *Chambers v. Allstate Ins. Co.*, 206 F.R.D. 579, 590 (S.D. W. VA. 2002) (declining to grant the motion for protective order regarding deposition testimony unless a copy of the transcript or identification of specific questions was provided, but instructing generally "that the deponents' refusals to answer were proper if the questions inquired into the thoughts, opinions and mental

7

4891-0706-7470 v.3 062349/01501, 7:57 PM, 02/03/2023

Case 1:20-cv-00954-WO-JLW Document 143 Filed 02/03/23 Page 7 of 11

impressions of [d]efendant's representatives about [p]laintiff's loss and claim," and granting the motion in regards to documents covered by the work product doctrine and attorney-client privilege to which the plaintiffs attempted to seek from the defendants' representatives and investigators via Rule 30(b)(6) Notices).

Despite Defendants pushing back on any inquiry into privileged communications and protected work product material in their January 26, 2023 response (*see* Ex. 5), and meet and confer correspondence regarding Del Rosso's deposition (*see* Ex. 4), Azima has refused to acknowledge such privilege and protections. Thus, Del Rosso respectfully asks this Court to limit or instruct Azima to refrain from inquiry regarding privileged communications and protected material.

## CONCLUSION

For all the reasons explained above, Del Rosso respectfully requests this Court enter a protective order limiting inquiry to the alleged republication of Azima's data in 2018 or 2019 and prohibiting inquiry into Del Rosso's contracted work done in furtherance of Dechert's representation of RAK.

4891-0706-7470 v.3 062349/01501, 7:57 PM, 02/03/2023

Respectfully submitted, this the 3rd day of February, 2023.

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/ Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel Pencook, NCSB# 52339
Sam A. Rosenthal
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*

4891-0706-7470 v.3 062349/01501, 7:57 PM, 02/03/2023

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Ian A. Herbert
Joseph Rillotta
Kirby D. Behre
Timothy O'Toole
Cody Marden
Calvin Lee
Miller & Chevalier Chartered
900 16th Street, N.W.
Washington, D.C. 20006
iherbert@milchev.com
jrillotta@milchev.com
kbehre@milchev.com
totoole@milchev.com
cmarden@milchev.com
clee@milchev.com

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/ Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel J. Pencook, NCSB# 52339
Sam A. Rosenthal
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that the accompanying brief contains 1,674 words, according to the word count feature of the word processing system used to prepare the brief. Accordingly, the brief does not exceed the 3,125-word limitation.

Respectfully submitted this 3rd day of February, 2023.

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/ Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel J. Pencook, NCSB# 52339
Sam A. Rosenthal
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*