UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendants.

No. 1:20-cv-00954-WO-JLW

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH PLAINTIFF'S SUBPOENA**

NOW COME non-parties Christopher Swecker and Chris Swecker Enterprises, LLC, through undersigned counsel, and hereby submit this brief in support of their Motion to Quash Plaintiff's Subpoena Duces Tecum pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, and Local Rules 7.3 and 26.1.

**STATEMENT OF THE CASE**

Plaintiff filed this action in the United States District Court for the Middle District of North Carolina on October 15, 2020 seeking compensatory and statutory damages, as well as injunctive relief from Defendants Del Rosso and Vital Management Services. (Compl. p. 32) [Doc. 1]. On October 21, 2020, Plaintiff sought leave to serve third-party subpoenas prior to a Rule 26(f) conference. [Doc. 7]. On December 14, 2020, the Court denied Plaintiff's motion. [Doc. 30]. On December 21, 2020, Defendants filed their Motion to Dismiss per Rule 12(b)(6).

1

[Doc. 31]. On December 10, 2021, the Court granted in part and denied in part Defendants' Motion, granting dismissal of nine claims as untimely, while allowing Plaintiff to proceed on Count Eight, a North Carolina misappropriation of trade secrets allegation occurring in 2018-2019, and Count Ten, a North Carolina civil conspiracy claim contingent upon survival of the trade secrets claim. [Doc. 65 at 21-24].

## STATEMENT OF RELEVANT FACTS

Christopher Swecker is an attorney licensed to practice law in North Carolina. [Swecker Affidavit, Ex. B]. Chris Swecker Enterprises, LLC is a North Carolina limited liability corporation (collectively "Swecker"). *Id.* On January 24, 2023, Swecker received a single third-party subpoena from Plaintiff's counsel dated January 23, 2023 (the "subpoena"). [Ex. A]. The subpoena broadly requests that Swecker produce "all documents and communications" from August 1, 2014 to the present "…relating to work performed by Christopher Swecker and Christopher Swecker Enterprises, LLC relating to Plaintiff…." The subpoena further requests "all documents and communications" or "all communications" with or related to approximately 17 other persons or entities, all non-parties to the litigation, over the same eight-year period. *Id.*

On January 30, 2023, undersigned counsel communicated by telephone and letter to Plaintiff's counsel that the subpoena requested an overly broad range of documents and data covering a lengthy period that would include primarily, if not entirely, information protected by attorney client and attorney work product

2

privileges, as well as other possible issues. [L.R. 37.1(a) Certification]. The request also subjected Swecker to undue burden and cost in collecting and reviewing information possibly responsive to the expansive request. Undersigned counsel and Plaintiff's counsel conferred further by telephone on January 31 and February 7, 2023 in an effort to resolve the issues. *Id.* Having diligently but unsuccessfully attempted to resolve the issues raised by the subpoena, Swecker now moves to quash the subpoena as overbroad and unduly burdensome, as well as requesting privileged information.

## STANDARD OF REVIEW

Fed. R. Civ. P. 45(d)(1) governs a subpoena issued to non-parties, requiring that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(3)(A) further provides that a court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 26(c)(1) allows a court to "issue an order to protect a party or person from . . . undue burden or expense" by, among other measures, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

The undue-burden standard limits discovery to information that is "relevant to any party's claim or defense" and "proportional to the needs of the case." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019) (quoting Fed. R. Civ. P. 26(b)(1)). Ultimately, giving the nonparty status "special

weight," the court must determine "whether the benefits of discovery to the requesting party outweigh the burdens on the recipient." *Id.; Spring v. Bd. of Trustees of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 U.S. Dist. LEXIS 103977, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016). The same undue-burden standard "applies to both document and testimonial subpoenas." *Watts v. SEC*, 482 F.3d 501, 508, 375 U.S. App. D.C. 409 (D.C. Cir. 2007); *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 193 (4th Cir. 2019).

## ARGUMENT

The subpoena issued by Plaintiff imposes an undue burden on Swecker that is disproportionate to the needs Plaintiff in this case. The Court's Order of December 10, 2021 [Doc. 65] on Defendants' Motion to Dismiss effectively limits the scope of the case to Count Eight with respect to Defendants' conduct in 2018 and 2019. The allegation names "Defendants Del Rosso and Vital, along with CyberRoot, Dechert, LLP, Page, and others" as conspiring to acquire and disclose Plaintiff's trade secrets. [Doc. 1, ¶ 109].

The subpoena ignores the Court's limitation of the claims and is over broad and unduly burdensome for several reasons. First, Plaintiff's request "from 2014 to present" extends well beyond the relevant time frame as outlined in the Court's Order. Second, Plaintiff has not established whether the requested information can be obtained from another party to the litigation or from an alleged co-conspirator. "In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Soto v.*

4

*Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012). *see also Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) (granting motion to quash subpoena that imposed undue burden because plaintiff did not attempt to obtain the requested documents from defendant before seeking them from third party); *Torre v. Charter Commc'ns, Inc.*, 2020 WL 7705940, at *1 (S.D.N.Y. Dec. 28, 2020) (quashing third-party subpoena that sought information "that could and should be obtained from . . . a party to this action."

Third, Plaintiff's request would require the third-party recipient to review eight-years of "all documents and communications" to evaluate 1) whether any item may be responsive to the request with respect to the defendants or to any one of the additional seventeen persons and entities named; and, if so, 2) whether any such response is protected by privilege. Fourth, Plaintiff fails to limit the subpoena to specific information that is relevant or proportional to Count Eight. As the Court explained in *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180 (4th Cir. 2019):

> When discovery is sought from nonparties, however, its scope must be limited even more. Nonparties are "strangers" to the litigation, and since they have "no dog in [the] fight," they have "a different set of expectations" from the parties themselves. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery. For example, a party's email provider might well possess emails that would be discoverable from the party herself. But unless the email provider can offer important information that cannot be obtained from the party directly, there would be no cause for a subpoena against the provider. *Id.* at 189.

5

In this case, Plaintiff's subpoena contains no subject matter or relevant time limits and, as such, the burden imposed on Swecker substantially outweighs the known benefits of the discovery to Plaintiff. "A subpoena imposes an undue burden on a party when a subpoena is overbroad." *Champion Pro Consulting Grp., Inc. v. Impact Sports Football, LLC*, 2014 WL 6686727, at *4 (M.D.N.C. Nov. 26, 2014) quoting AOL, Inc., 550 F. Supp. 2d at 612. "A subpoena is overbroad if it does not limit the documents requested to subject matter relevant to the claims or defenses." *Id.* at 9-10 (quoting Innovative Therapies, Inc. v. Meents, Civ. A. No. DKC 12-3309, 302 F.R.D. 364, 2014 U.S. Dist. LEXIS 27119, 2014 WL 858651, at *17 (D. Md. Mar. 4, 2014) (unpublished) (internal quotation marks omitted).

Further, the subpoena expansively seeks "all documents and communications" from an attorney without regard to the protections afforded by the attorney client and attorney work product privileges. Mr. Swecker performed legal work for two clients, Mr. Del Rosso and Vital Management. [Swecker Affidavit, Ex. B]. Even if some of the underlying documents were not ultimately deemed to be privileged, the process of reviewing all relevant documents and assessing privilege claims in response to a request as broad as contained in the subpoena would be extremely burdensome upon Mr. Swecker and out of proportion with the needs of this case. *See Est. of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009) (affirming quashing of subpoena to law firm that "asked for essentially every document [the firm] possessed relating to its representation of [a client]"); *cf. In re Application for an Ord. Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for use*

6

*in a Foreign Proceeding*, 286 F. Supp. 3d 1, 7 (D.D.C. 2017) ("[W]hen a discovery request demands production of an attorney's records in connection with representation of a client, invocation of the protections of the attorney-client privilege and work-product doctrine may be effective without requiring a detailed privilege log. Otherwise, any objection to the scope of a discovery demand would be rendered moot because interposing that objection would trigger the very burdensome obligation to prepare a privilege log that the objection would be intended to avoid.").

## CONCLUSION

For the reasons set forth herein, Swecker respectfully requests that the Court quash the subpoena as overbroad and unduly burdensome. Alternatively, Swecker requests that the Court modify and significantly limit the scope of the request to specific, nonprivileged information relevant to Count Eight of the Complaint, that is not otherwise available to Plaintiff, and issue a Protective Order as necessary to protect confidential information.

Respectfully submitted this 7th day of February, 2023.

/s/ Walter C. Holton, Jr.
Walter C. Holton, Jr.
NCSB# 12698
HOLTON LAW FIRM, PLLC
857 W. Fifth Street
Winston-Salem, NC, 27101
(336) 777-3480
wholton@walterholton.com
*Attorney for Swecker*

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2023, I caused a copy of the foregoing document to be served via e-mail through the Court's ECF notification system upon the following:

Brandon S. Neuman
Jeffrey M. Kelly
John E. Branch III
Nathaniel J. Pencook
Samuel Rosenthal
Nelson Mullins Riley & Scarborough, LLP
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com

Jonathon D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Calvin Lee
Ian Herbert
Kirby D. Behre
Joseph Rillotta
Cody Marden
Brian A. Hill
Timothy P. O'Toole
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
clee@milchev.com
iherbert@milchev.com
kbehre@milchev.com
jrillotta@milchev.com
cmarden@milchev.com
bhill@milchev.com
totoole@milchev.com

/s/ Walter C. Holton Jr.
Walter C. Holton, Jr.
NCSB#: 12698
HOLTON LAW FIRM, PLLC
857 W. Fifth Street
Winston-Salem, NC 27101
(336) 777-3480
wholton@walterholton.com
*Attorney for Swecker*

## LOCAL RULE 37.1(a) CERTIFICATION

Pursuant to Local Rule 37.1(a), I hereby certify, subject to Fed. R. Civ. P. 11, and as set out more fully in this Memorandum, On January 30, 2023, undersigned counsel contacted Plaintiff's counsel by letter and, thereafter, the parties met and conferred on this issue via teleconference on January 31, 2023 and February 7, 2023. After personal consultation and diligent attempts to resolve differences, the parties are unable to reach an accord regarding Plaintiff's subpoena to Swecker.

Respectfully submitted this 7th day of February, 2023.

/s/ Walter C. Holton Jr.
Walter C. Holton, Jr.
NCSB#: 12698
HOLTON LAW FIRM, PLLC
857 W. Fifth Street
Winston-Salem, NC 27101
(336) 777-3480
wholton@walterholton.com
*Attorney for Swecker*

**WORD COUNT CERTIFICATION**

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11 that the accompanying memorandum does not exceed the 6,250-word limitation according to the word count feature of the word processing system used to prepare the memorandum.

Respectfully submitted this the 7th day of February, 2023.

/s/ Walter C. Holton Jr.
Walter C. Holton, Jr.
NCSB#: 12698
HOLTON LAW FIRM, PLLC
857 W. Fifth Street
Winston-Salem, NC 27101
(336) 777-3480
wholton@walterholton.com
*Attorney for Swecker*
