UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

FARHAD AZIMA,

        Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

        Defendants.

No. 1:20-cv-00954-WO-JLW

### REPLY IN SUPPORT OF DECHERT LLP'S MOTION TO QUASH PLAINTIFF'S NON-PARTY SUBPOENA

Plaintiff's opposition brief does not dispute that:

- This case has been narrowed to claims relating solely to the alleged misappropriation of trade secrets in 2018–2019;

- Plaintiff has not concomitantly narrowed the broad discovery he seeks from non-party Dechert LLP ("Dechert");

- The parties to the case are engaged in a dispute before the Court about the appropriate scope of discovery;

- Plaintiff may be able to obtain at least some of the discovery from Defendants that he seeks from Dechert; and

- Responding to the Subpoena would implicate substantial and burdensome questions of attorney-client privilege and attorney work product.

Plaintiff ignored all of these points when we raised them during the meet-and-confer process, and he ignores them again before the Court. Instead, the opposition principally argues that non-party Dechert is a particularly relevant non-party—a special tier of some kind—and on that basis, Dechert should be obligated at this juncture to undertake the highly burdensome review of more than eight years of likely privileged material for production and preparation of witness testimony.

Plaintiff is incorrect. By his own admissions and failures to engage, he has not taken "reasonable steps to avoid imposing undue burden or expense" on the recipient of a subpoena, Fed. R. Civ. P. 45(d)(1), and his subpoenas are unduly broad and overly burdensome. For these reasons, and those set forth more fully in Dechert's Motion, the Subpoena should be quashed, or the Court should enter a protective order commanding the same.[1]

## I. Argument

Party discovery is cabined by relevance and proportionality limits, Fed. R. Civ. P. 26(b)(1), and the scope of discovery sought from non-parties "must be limited even

---

[1] Plaintiff also served a subpoena duces tecum on Dechert seeking documents related to Dechert's legal work on behalf of clients (the "Documents Subpoena"). On February 6, 2023, Plaintiff filed a motion to compel production of documents and testimony in connection with both subpoenas, incorporating its opposition to the Motion to Quash, and attaching certain correspondence between Plaintiff and Dechert as exhibits. *See* Dkt. 144; Dkt. 148 at 3 n.2. Tellingly, however, Plaintiff omitted the letter memorializing our meet-and-confer, during which Plaintiff's counsel refused to address basic questions about the status of party discovery and Plaintiff's failure to address non-party burden, which counsel dismissed as "bullsh—," concluding the meet-and-confer after less than ten minutes. *See* Ex. A.

more." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). "Bystanders should not be drawn into the parties' dispute without some good reason," and so the proportionality analysis that determines whether, under Rule 45, a subpoena must be quashed or modified for "subject[ing] a person to undue burden" is of a "more demanding variant" when a non-party is involved. *Id.* (citing Fed. R. Civ. P. 45(d)(3)(A)(iv)). Thus, the information sought from a non-party must be not only relevant but also "likely (not just theoretically) [to] have marginal benefit in litigating important issues." *Id*. And a party "should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation" before it is permitted to burden a non-party with a request. *Id.* The opposition confirms that Plaintiff has not satisfied these requirements.

### a. The Subpoena is overbroad and premature.

Plaintiff's Subpoena does not limit its requests to information that is "relevant" to the existing claims or "proportional to the needs of the case" as it stands. *Jordan*, 921 F.3d at 188–89 (quoting Fed. R. Civ. P. 26(b)(1)). While the opposition notes that most of the individuals identified in the Subpoena are also mentioned in the Complaint or Defendants' Answer, *see* Dkt. 148 at 3–4, it misses the point entirely: there are only two claims remaining and only information relevant to *those* claims—relating to the posting of Azima's data in 2018 and 2019—is appropriately within the scope of discovery now. *See* Dkt. 65 at 23–24.[2] Yet the Subpoena requests broad categories of information dating

---

[2] As an example of topics referenced in Defendants' Answer, Plaintiff cites its request for testimony about "Defendants' work with attorneys for Dechert on 'matters involving

3

Case 1:20-cv-00954-WO-JLW   Document 162   Filed 02/14/23   Page 3 of 8

back to at least 2014.  Because the Subpoena requests information beyond the scope of the remaining claims, it is overly broad and unduly burdensome on a non-party. *Nallapaty v. Nallapati*, 2022 WL 1508885, at *5–6 (E.D.N.C. May 12, 2022); *Champion Pro Consulting Grp., Inc. v. Impact Sports Football, LLC*, 2014 WL 6686727, at *4 (M.D.N.C. Nov. 26, 2014) ("A subpoena is overbroad if it does not limit the [requests] to subject matter relevant to the claims or defenses." (citation omitted)).

The opposition next contends that Dechert's arguments about the appropriate scope of discovery simply mirror those made by Defendants in this case, citing Plaintiff's own filings regarding the scope of party discovery.  *See* Dkt. 148 at 4–5.  This point works against Plaintiff, not for him.  The fact that *the parties to this case* are already in the midst of briefing on the threshold issue of the appropriate scope of discovery only underscores why Plaintiff's sweeping subpoenas would impose an improper burden on non-party Dechert.  Indeed, Dechert made this exact point to Plaintiff in response to both subpoenas, noting that "the relevant scope and timeframe for discovery is another threshold issue the parties should resolve before Dechert is burdened with discovery."  Dkt. 144, Ex. 3 at 3.  Plaintiff brushed us off.

---

suspected fraud' as admitted in ¶ 15 of Defendants' Answer."  Dkt. 148 at 4 (citing Subpoena).  In fact, Defendants' answer stated that "VMS had worked with attorneys with Dechert on *unrelated* matters involving suspected fraud prior to working with Neil Gerrard."  Dkt. 86 ¶ 15 (emphasis added).

4

### b. The Subpoena implicates complex privilege issues that non-party Dechert should not have to be burdened with now.

The opposition does not seriously dispute that the Subpoena, on its face, seeks information that is likely to be protected by the attorney-client privilege or the work-product protection.[3] Instead, Plaintiff takes the position that Dechert should be required to review all of the privileged material in order to provide detailed privilege assertions and a privilege log now. *See* Dkt. 148 at 7–8. But "invocation of the protections of the attorney-client privilege and work-product doctrine may be effective without requiring a detailed privilege log." *In re Application for an Ord. Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for use in a Foreign Proceeding*, 286 F. Supp. 3d 1, 7 (D.D.C. 2017). "Otherwise, any objection to the scope of a discovery demand would be rendered moot because interposing that objection would trigger the very burdensome obligation to prepare a privilege log that the objection would be intended to avoid." *Id.* That is precisely the case here. The burden of compiling a privilege log and preparing a corporate representative to testify about Dechert's legal work for a client is significant and unwarranted, particularly when the Subpoena seeks testimony on all the documents

---

[3] Plaintiff disputes the potential applicability of privilege claims to bill records and expenses. *See* Dkt. 148 at 8. But the very case Plaintiff cites recognizes that "if the billing statements reveal specific research or litigation strategy, they constitute privileged communications and should not be disclosed." S*AS Inst. Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 2011 WL 6370482, at *3 (E.D.N.C. Dec. 20, 2011). There can be little doubt that an exacting, page-by-page review would be required.

5

Case 1:20-cv-00954-WO-JLW   Document 162   Filed 02/14/23   Page 5 of 8

requested in the Documents Subpoena, along with 15 other topics. *See* Dkt. 140, Ex. A at 1–4.[4]

### c. The Subpoena targets a non-party without establishing that the information cannot be obtained elsewhere.

All of these problems are only compounded by the timing of Plaintiff's request. As Plaintiff notes, party discovery is in its early stages, and the parties are actively litigating their own disputes over the scope of information relevant and proportional to this Action. *See* Dkt. 148 at 10 n.7. That these party disputes are ongoing should underscore, not undermine, the "preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) (collecting cases); *see Nallapaty*, 2022 WL 1508885, at *6 (quashing non-party subpoena where many of the documents sought had been requested from but not produced by the parties because motion to compel was more appropriate response than "serving overly broad requests on a non-party"). And even if some of the information Plaintiff seeks may ultimately fall outside the scope of party discovery, Plaintiff has not sufficiently identified that unique information; he should be required to "do the work of tailoring a subpoena to what [he, as] the requesting party[,] needs." *Jordan*, 921 F.3d at 190.

---

[4] Plaintiff's potential invocation of the crime-fraud exception changes none of the threshold analysis. Discussion of this exception is premature, in any event, as Plaintiff acknowledges. *See* Dkt. 148 at 8–9.

6

## II.     Conclusion

For the foregoing reasons, Dechert respectfully requests that the Court quash the Subpoena, or enter a protective order commanding the same.

Respectfully submitted this 14th day of February, 2023.

Dated: February 14, 2023
     New York, New York

By: /s/ John Quinn

John C. Quinn
Sean Hecker
David Gopstein
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
jquinn@kaplanhecker.com
shecker@kaplanhecker.com
dgopstein@kaplanhecker.com

*Counsel for Non-Party Dechert LLP*

/s/ Daniel Adams
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile:  (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that this brief contains 1,516 words, according to the word count feature of the word processing system used to prepare the brief. Accordingly, the brief does not exceed the 3,125-word limitation.

Respectfully submitted this 14th day of February, 2023.

By: _____
John C. Quinn
Sean Hecker
David Gopstein
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
jquinn@kaplanhecker.com
shecker@kaplanhecker.com
dgopstein@kaplanhecker.com

*Counsel for Non-Party Dechert LLP*

/s/ Daniel Adams
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*