# EXHIBIT A

KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0889
DIRECT EMAIL    jquinn@kaplanhecker.com

January 26, 2023

**BY EMAIL**

Joseph A. Rillotta
Member | Miller & Chevalier Chartered
jrillotta@milchev.com | T. 202.626.5951 | M. 410.493.1524

>   Re:   *Azima v. Del Rosso*, 20-cv-954 (M.D.N.C.) – *Plaintiff's Subpoena for Documents Issued to Dechert LLP*

Dear Mr. Rillotta:

      We write in further response to the December 19, 2022 document subpoena you issued to non-party Dechert LLP (the "Subpoena") in the above-referenced action, and further to our correspondence dated January 12, 2023, and our meet-and-confer on January 23, 2023.

      As you know, our prior letter detailed serious concerns concerning the Subpoena, specifically with respect to its unreasonable scope and purported time period, the obvious and unreasonable burden that it would impose on a non-party before party discovery has been completed or even meaningfully begun, and the equally obvious privilege and work product concerns inherent in serving such an overbroad set of requests on a global law firm in connection with its work for a client. And as you will recall, during our January 23, 2023 meet-and-confer, you refused to engage on any of these subjects. Among other things, you refused to address Plaintiff's failure to tie the subpoena to the scope of remaining claims or the time period defined in the Court's Order dated December 10, 2021, *see* Dkt. 65 at 23-24, you refused to acknowledge the privilege issues (other than demanding document-specific privilege assertions and a written log), and you refused even to discuss the status of party discovery or the burden the Subpoena would impose on a non-party, even after we referenced and quoted Rule 45(d)(1), which requires a party serving a non-party subpoena to "take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." In fact, when we asked you to confirm our understanding about the status of party discovery and to respond to our concerns about burden, you refused to answer, calling these "bullsh—" questions. That was unproductive to say the least, and the meet-and-confer concluded in less than ten minutes.

In fact, the questions we asked are not only legitimate, but significant in these circumstances. Indeed, Plaintiff's failure to tie the requests in any meaningful way to the trade secret claims and limited time period that remain in the case, Dkt. No. 65 at 23-24, instead seeking "[a]ll" documents, communications, and other materials relating to several individuals and entities with no subject-matter limitations over an eight-year period, renders the subpoena impermissibly overbroad and unduly burdensome. *See Nallapaty v. Nallapati*, 2022 WL 1508885, at *5 (E.D.N.C. May 12, 2022) (finding requests overly broad where they "seek information outside the relevant time period, they lack a relevant subject matter limitation, or they seek information from entities unrelated to the claims and defenses asserted in this case"); *Elsayed v. Fam. Fare LLC*, 2019 WL 8586708, at *3 (M.D.N.C. Oct. 31, 2019) (sustaining objection to "blatant fishing expedition" request that was overbroad because it was not tailored to the scope or time period of the claims).

Your refusal to address the privilege and work product issues shot through the requests only heightens the unreasonable and undue burden the requests would impose on Dechert as a non-party law firm. *See Est. of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009) (affirming quashing of subpoena to law firm that "asked for essentially every document [the firm] possessed relating to its representation of [a client]").

And your refusal to address the status and sequence of discovery and our concerns about non-party burden was inconsistent with the basic principle that, before demanding documents from a nonparty, a party "should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties in the litigation." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019); *see also Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) ("When the requesting party has not shown [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party." (internal quotation marks and citations omitted)).

In all events, we remain prepared to work with you on a reasonable scope and process, and to that end, we enclose herewith a set of written responses and objections.[1]

Very truly yours,

John C. Quinn

---

[1] We also acknowledge the outstanding subpoena for Rule 30(b)(6) testimony, which purports to set a testimony date of February 1, 2023—before any meaningful party discovery has even been conducted. We will respond separately to that subpoena but, for the avoidance of doubt, maintain that it is improper in multiple respects and reiterate that Dechert will not appear for testimony on the (unreasonably) noticed date.