UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>    v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL** |

Defendants' opposition to Plaintiff's Motion to Compel is the latest of numerous barriers Defendants have erected to block *all* discovery in this litigation. Discovery commenced in November 2022 (nearly three months ago), when Plaintiff served Defendants with requests for relevant documents. Since then, Defendants have not produced a single communication, email, text message, or any other document from their own files. This is particularly remarkable because, in their opposition to the Motion to Compel, Defendants attached hundreds of pages of unproduced exhibits that are responsive to Plaintiff's requests.[1] Defendants have thrown up roadblocks to discovery every

---

[1] For example, Defendants' exhibits clearly are responsive to, among others, Plaintiff's Request for Production No. 14, which seeks "[a]ll Documents and Communications [regarding] the allegation . . . in [Defendants'] Sixth Affirmative Defense that 'Plaintiff and his agents illegally obtained and used [information] to create a false narrative concerning Defendants and CyberRoot . . . .'" *See* ECF No. 131-1 at 11.

1

step of the way.[2]  They have failed to produce documents on the deadline they requested after moving to extend time to respond, served blanket objections to producing documents and have not adequately engaged on those objections, and moved to quash three third-party subpoenas even though they have no standing to object or valid basis to challenge.

Defendant Del Rosso admits that he has custody or control over a vast array of responsive documents such as emails, hard copy documents, and written reports of activities related to the allegations in Plaintiff's Complaint. *See, e.g.*, Ex. 1 (Excerpts from Dep. Tr. of Nicholas Del Rosso (Feb. 13, 2023)) at 90:22-24, 91:8-18, 98:8-11, 104:8-15, 105:1-11, 114:24-115:4, 151:6-9, 183:11-15, 195:3-15 (filed under seal).  While Del Rosso admits that he possesses documents directly relevant to this case (*e.g.*, texts, retainer agreements, tax returns, bank records, travel records, and hard copy notes), he also admits that he violated his preservation duties by turning over relevant evidence to a third party during the pendency of this litigation.  *See* Ex. 2 (Excerpts from Dep. Tr. of Nicholas Del Rosso (Feb. 14, 2023)) at 339:4-10, 344:6-18 (filed under seal).

---

[2] Defendants have not even attempted to conduct their own discovery. Their bad faith strategy of avoidance and delay essentially represents a boycott of this litigation wholly inconsistent with their obligations under the Federal Rules of Civil Procedure and the orders of this Court.  The parties are nearly halfway through fact discovery, and Defendants have not served even a single document request or interrogatory on Plaintiff.

Such conduct violates Federal Rule of Civil Procedure 37(e) and subjects Defendants to sanctions.

Indeed, Defendants' opposition to the Motion here adopts the same obstructive posture that Defendants have taken during the entirety of discovery. In a sprawling, almost 300-page filing, Defendants attempt to bury the Court in paper, wasting the Court's time and overcomplicating a straightforward discovery dispute. It is exactly the kind of filing the Court previously warned Defendants against when it denied their request for reconsideration of the denial of their motion to dismiss – admonishing Defendants that "Federal Rule of Civil Procedure 11(b)(1) requires that every court filing must not be intended to 'cause unnecessary delay.'" *See* ECF No. 79 at 12. Defendants' exhibits include hundreds of pages of information that are completely irrelevant to Plaintiff's motion to compel – other than that they should have been (but were not) produced in discovery. The apparent purpose of Defendants' filing is to burden the Court and continue to delay and frustrate legitimate discovery. The trial of this matter will determine the validity of Plaintiff's claims. Until then, Plaintiff is entitled to obtain discovery within the broad bounds of the Federal Rules of Civil Procedure regarding matters relevant to his claims. Enough is enough. Plaintiff is entitled to discovery,

3

2812835.9

Case 1:20-cv-00954-WO-JLW   Document 163   Filed 02/16/23   Page 3 of 17

and Defendants and their counsel should be sanctioned for their refusal to provide it.

## I. DEFENDANTS HAVE DEMONSTRATED A PATTERN OF OBSTRUCTION AND DELAY.

Defendants have demonstrated a pattern of obstruction and delay during discovery, including:

- Moving for reconsideration of the Court's partial denial of Defendants' motion to dismiss, ECF No. 74 (while at the same time moving to dismiss for a second time, ECF No. 67), resulting in the Court's admonishment against filings seeking to "cause unnecessary delay," ECF No. 79 at 12;

- Filing a motion for extension of time to serve responses to Plaintiff's requests for production, ECF No. 100, and then failing to respond by the deadline they requested;

- Serving responses and objections stating that "Defendants are not producing any documents in response to these requests," ECF No. 131-2 at 2 n.1, 5.

- Moving to quash Plaintiff's third-party subpoenas to First National Bank and First Citizens Bank for bank records, ECF No. 122, and American Express, ECF No. 154, despite having no standing to do so;[3]

- Failing to produce even a single document from their own files in response to requests for production that were served in November 2022.

This obstruction is a pattern. The parties are well over two years into this litigation and halfway through fact discovery, but Defendants have shut

---

[3] While Defendants moved to quash subpoenas issued to disinterested third-parties, every third party that is connected to Defendants similarly moved to quash the subpoenas issued to them. *See* ECF Nos. 133 (Shanahan Law Group); 136 (Dechert LLP); and 150 (Christopher Swecker).

4

2812835.9

Case 1:20-cv-00954-WO-JLW   Document 163   Filed 02/16/23   Page 4 of 17

down Plaintiff's efforts to engage in basic discovery at every turn. Rather than participate in discovery, Defendants have forced Plaintiff to litigate every request seeking discovery from Defendants and every subpoena issued to relevant third parties. This conduct contradicts the good-faith discovery norms expected of parties in this District. *Accord* Local Civ. R. 26.1(b)(1) ("The Court expects counsel to conduct discovery in good faith and to cooperate and be courteous with each other in [discovery]"); ECF No. 93 at 2 n.1 (discovery order from this Court stating: "The parties are urged to work cooperatively in discovery regarding disputes on the scope of discovery and should seek to resolve any disputes without Court intervention."). Defendants have sought only to deter and delay any progress for more than two years, and their conduct since the start of discovery has been particularly egregious.

During his February 13-14 deposition, Defendant Del Rosso testified that he did nothing to identify documents that were responsive to Plaintiff's discovery requests, Ex. 1 at 103:14-23, but expressly identified responsive categories of documents and sources of information that he possesses but has not produced: invoices, tax returns, bank records, and records related to a project focused in part on Plaintiff. *See, e.g.*, *id.* at 90:22-24 (admitting existence of emailed invoices); 91:8-18 (communications regarding invoices); 98:8-11 (tax returns); 104:8-15 (bank records and retainers); 105:1-11 (files from messaging application); 114:24-115:4 (emails regarding retention of a key

5

third-party); 151:6-9 (travel records); 183:11-15 (email account associated with Defendant Vital); 195:3-15 (records related to Dechert); *see also* Ex. 2 at 244:5-24 (hard copy documents); 372:24-373:5 (relevant retainer). **<u>None</u>** of these non-privileged[4] records have been produced even though they have been requested in discovery and clearly appear to be responsive.

In addition, Defendants' filings with this Court confirm that they almost certainly possess a broad array of additional responsive records. For example, the exhibits attached to Defendants' opposition are responsive to Plaintiff's requests, but were not produced in discovery. *See supra* n.1. Defendants also have made various representations about the facts in this case (in their admissions and denials in their Answer to the Complaint, in alleged

---

[4] Even if Defendants could assert the attorney-client privilege or attorney work product doctrine, Defendants bear the burden to establish the privilege and have not produced a privilege log for **any** documents or communications. *See NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 501-02 (4th Cir. 2011) ("A party asserting the privilege has the burden to demonstrate its applicability" by satisfying procedural and substantive criteria."); *State v. Farook*, 871 S.E.2d 737, 749 (2022) ("The party asserting the privilege has the burden of establishing each of the essential elements of the privileged communication[s]."); *In re Investigation of Miller*, 584 S.E.2d 772, 787 (2003) ("The burden is always on the party asserting the privilege to demonstrate each of its essential elements" and "[t]his burden may not be met by 'mere conclusory or ipse dixit assertions,' or by a 'blanket refusal to testify.'") ((quoting 1 Scott N. Stone & Robert K. Taylor, *Testimonial Privileges*, § 1.61, at 1-161 (2d ed. 1994)). "Rather, sufficient evidence must be adduced, usually by means of an affidavit or affidavits, to establish the privilege with respect to each disputed item." *In re Miller*, 584 S.E.2d at 787.

6

affirmative defenses, in their initial disclosures, in numerous accusations about Plaintiff in their proposed Rule 26(f) report, and in multiple declarations), all of which must be backed by some level of evidentiary support. *See* Fed. R. Civ. P. 11(b)(3) ("[T]o the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . ., the factual contentions have evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."). Plaintiff has requested documents related to Defendants affirmative defenses, but, again, Defendants have produced none of the documents upon which they purport to rely.

Defendant Del Rosso also testified during his deposition that Defendants failed to properly preserve potentially key sources of information in this case. For example, ten days after Plaintiff initiated this action (and after service upon Defendants), Del Rosso gave two devices that likely contain not only discoverable information but also relevant and admissible evidence to a middleman in the U.K. for safekeeping. *See* Ex. 2 at 339:4-10. Del Rosso did not keep or otherwise maintain a copy of that data. *Id.* at 344:6-12. Del Rosso also admitted to failing to preserve other sources of potentially relevant information, such as his own personal email account. Ex. 1 at 182:10-22. Defendants have engaged in a pattern of delay and obstruction. Their strategy

7

2812835.9

Case 1:20-cv-00954-WO-JLW   Document 163   Filed 02/16/23   Page 7 of 17

can only be curtailed and prospectively deterred by Court intervention and award of appropriate sanctions.

## II. PLAINTIFF IS ENTITLED TO DISCOVERY THAT DEFENDANTS ARE WITHHOLDING FOR NO REASON.

The hundreds of pages of documents filed with Defendants' opposition do nothing to change three key facts: (1) Defendants have not produced any responsive documents or communications in their possession, custody, or control (other than Plaintiff's stolen documents) even though the parties are months into fact discovery; (2) Plaintiff is entitled to discovery under Rule 26, which is broadly construed; and (3) none of Defendants' objections justify their complete failure to produce documents.

***First***, the parties are quickly approaching the halfway point of fact discovery, and Defendants have not produced a single document from their own files. The only production Defendants have made, weeks ago, consisted entirely of Plaintiff's own stolen/hacked data. Defendants vaguely assert that they are planning to produce additional relevant documents, but they continue to erect artificial roadblocks to justify why they cannot produce documents *just quite yet*. *See, e.g.*, ECF No. 157 at 22-23; *see also* ECF No. 142-2. The most recent excuse is that all of Defendants' remaining responsive documents are "confidential," and Defendants therefore cannot produce any documents until the Court enters the parties' agreed-upon protective order. *See* ECF No. 112 at 3. Even if the Court ignores the implausibility that Defendants' have ***zero***

non-confidential, responsive documents in their own files,[5] the Local Rules make it clear that the parties do not need to wait for the Court to enter an agreed-upon protective order for it to be effective. *See, e.g.*, Local Civ. R. 26.2(c) ("Nothing in this Local Rule is intended to require prior judicial approval of protective agreements intended to limit access to and use of materials gained in discovery. Instead, the parties may agree to protective agreements that will facilitate the exchange of materials in discovery, including materials as to which there is a claim of confidentiality, without the necessity of Court intervention."). Plaintiff's counsel has made it abundantly clear to defense counsel that the agreed-upon protective order will apply to any documents produced in the case. Therefore, Defendants cannot stonewall all discovery until the protective order has been formally adopted by the Court.

***Second***, Plaintiff is entitled to discovery on his remaining claims. The Court has ordered that "[d]iscovery [should] be conducted on the operative allegations and claims contained in Plaintiff's Complaint, the denials and defenses raised in Defendants' Answer, and ***all other relevant matters within the scope of Fed. R. Civ. P. 26*** . . . ." ECF No. 93 at 1-2 (emphasis

---

[5] The reason the parties' negotiations regarding a protective order came before the Court is because Plaintiff was concerned Defendants intended to inappropriately designate everything produced in this litigation as "Confidential," resulting in significant expense and waste of judicial resources. *See* ECF No. 112 at 2-3. Clearly that concern was well-founded. This is yet another example of Defendants seeking to delay this action.

added). Under Rule 26, "[d]iscovery . . . is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Defendants continue to lodge temporal scope objections, but they have not produced a single document created during the timeframe Defendants agree is appropriate.[6] None of Defendants' arguments change the fact that federal rules require them to produce responsive, non-privileged documents related to the claims and defenses in this case.

**Third**, Defendants' vaguely-asserted objections to Plaintiff's discovery do not justify their wholesale refusal to produce anything—not even a privilege log. While Defendants have withdrawn some of their objections, s*ee* ECF Nos. 142-2 at 7; and 157 at 23-24, they continue to withhold *all* documents based on supposed relevance, confidentiality, and privilege objections. As noted above, confidentiality is not a basis to withhold documents where a protective order is in place (and Defendants cannot seriously argue that all their remaining documents warrant confidential treatment). As for their privilege argument, Defendants claim they will inform Plaintiff which documents they intend to withhold on privilege grounds "once [they] receive Dechert and its clients'

---

[6] Plaintiff will not re-litigate the scope of discovery, an issue that has now been addressed in multiple filings. The appropriate scope of discovery based on the allegations in the Complaint extends back to 2014. The Court has acknowledged as much. *See* ECF No. 54 at 38 (subpoena of bank records dating back to 2014 "have some bearing on Plaintiff's civil conspiracy claim").

10

position on the application of work product and attorney-client privilege." ECF No. 157 at 23-24. This position constitutes yet another effort to obstruct discovery without good cause or even an attempt to comply with their discovery obligations. *See supra* n.4. Defendants waited two years (and halfway through fact discovery) to assert that any discovery they produce is somehow dependent on the position of a third party (Dechert) regarding the scope of a purported privilege – and it is not even clear what steps they have taken to seek Dechert's position on that issue and when they may have taken those steps.[7] Indeed, Defendants' vague and abstract assertions of privilege fail to meet the baseline requirements of Rule 26, which requires a party claiming privilege to assert the nature of the privilege with some specificity. *See* Fed. R. Civ. P. 26(b)(5)(A) (the party claiming privilege must provide information that "will enable other parties to assess the claim").[8] Under Fourth Circuit and North Carolina law,

---

[7] As always, Defendants' strategy of delay involves partial answers to one question but raises many more questions—here, Defendants should be required to explain (1) when Defendants reached out to Dechert; (2) when they expect to hear back; and (3) what authority Dechert has for asserting privilege on behalf of RAKIA, which is no longer a Dechert client.

[8] In their opposition, Defendants also objected to the Motion to Compel on the basis that Plaintiff failed to meet and confer. It was Defendants (not Plaintiff) who ignored the meet-and-confer process. *See* ECF No. 131 at 3 n.1. Plaintiff attempted to discuss Defendants' productions via email and during meet-and-confers on multiple occasions, including January 9, January 12, January 13, January 17, January 20, and January 23. Each time Plaintiff was pushed off. This motion is timely, if not overdue.

11

Defendants bear the burden to prove all the elements required to assert the attorney-client privilege and the attorney work product doctrine. *See NLRB*, 637 F.3d at 501; *Farook*, 871 S.E.2d at 749. They have not presented any evidence in that regard at all, much less evidence sufficient to show the validity of those privileges.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion to compel and order Defendants to produce documents forthwith and for other relief as the Court deems appropriate.

This, the 16th day of February, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand*
Ripley Rand
North Carolina State Bar No. 22275
Christopher W. Jones
North Carolina State Bar No. 27265
Jonathon Townsend
North Carolina State Bar No. 51751
555 Fayetteville Street, Suite 1100
Raleigh, N.C. 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: ripley.rand@wbd-us.com
chris.jones@wbd-us.com
jonathon.townsend@wbd-us.com

-and-

12

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren E. Briggerman (*pro hac vice*)
Joseph Rillotta (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com
totoole@milchev.com
lbriggerman@milchev.com
jrillotta@milchev.com
iherbert@milchev.com
clee@milchev.com
cmarden@milchev.com

*Counsel for Plaintiff*

13

2812835.9

## CERTIFICATE OF WORD COUNT

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This Reply contains fewer than 3,125 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

/s/ Ripley Rand
Ripley Rand
Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-CV-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

Brandon S. Neuman, Esq.
John Branch, III, Esq.
Jeffrey M. Kelly, Esq.
Nathaniel J. Pencook, Esq.
NELSON MULLINS RILEY & SCARBOROUGH, LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
john.branch@nelsonmullins.com
Tel.: 919.329.3800
Fax.: 919.329.3799

2812835.9

Samuel Rosenthal, Esq.
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW, Suite 900
Washington, DC 20001
Tel.: 202-689-2951
Fax: 202-689-2860
sam.rosenthal@nelsonmullins.com

*Counsel for Defendants*

John Charles Quinn, Esq.
Kaplan Hecker & Fink LLP
350 Fifth Avenue
Ste. 63rd Floor
New York, NY 10118
Email: jquinn@kaplanhecker.com
Tel.: 212-763-0883
Fax.: 212-564-0883

Kearns Davis, Esq.
Daniel D. Adams, Esq.
Brooks Pierce McLendon Humphrey & Leonard LLP
PO Box 26000
Greensboro, NC 27420-6000
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com
Tel.:336-373-8850
Fax.: 336-378-1001

*Counsel for Dechert LLP*

Kieran Shanahan, Esq.
Shanahan Law Group
128 East Hargett Street, Suite 300
Raleigh, NC 27601
Tel.: 919-264-7515
Email: kieran@shanahanlawgroup.com

*Counsel for Shanahan Law Group*

Walter Clinton Holton , Jr.
Walter C. Holton, Jr., PLLC
857 W. Fifth Street
Winston-Salem, Nc 27101
336-777-3480
Fax: 336-722-3478
Email: wholton@walterholton.com

*Counsel for Christopher Swecker and Christopher Swecker Enterprises, LLC*


This, the 16th day of February, 2023.

                              **WOMBLE BOND DICKINSON (US) LLP**

                              /s/ *Ripley Rand*

                              Ripley Rand
                              North Carolina State Bar No. 22275
                              555 Fayetteville Street, Suite 1100
                              Raleigh, NC 27601
                              Telephone:  (919) 755-8125
                              Facsimile:  (919) 755-6752
                              Email:      ripley.rand@wbd-us.com

                              *Counsel for Plaintiff*

3

2812835.9