# Exhibit 2

# Filed Under Seal

```
               UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
                     Case No. 20-CV-954



FARHAD AZIMA,                     )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
NICHOLAS DEL ROSSO and VITAL      )
MANAGEMENT SERVICES, INC.,        )
                                  )
          Defendants.             )



               DEPOSITION OF NICHOLAS DEL ROSSO

                          VOLUME II

               (Contains confidential testimony)


    _____

                          8:06 A.M.

               TUESDAY, FEBRUARY 14, 2023
    _____






By:  Denise Myers Byrd, CSR 8340, RPR
```

```
1                    A P P E A R A N C E S
2
3    For the Plaintiff:
4                        MILLER & CHEVALIER CHARTERED
                         BY:  KIRBY BEHRE, (pro hac vice)
5                             IAN HERBERT, (pro hac vice)
                         900 16th Street, NW
6                        Washington, DC 20006
                         (202) 626-5800
7                        KBehre@milchev.com
                         IHerbert@milchev.com
8
                         WOMBLE BOND DICKINSON (US) LLP
9                        BY:  CHRISTOPHER JONES, ESQ,
                         555 Fayetteville Street
10                       Suite 1100
                         Raleigh, NC  27601
11                       (919) 755-2100
                         Chris.Jones@wbd-us.com
12
13   For Defendants:
14                       NELSON MULLINS RILEY & SCARBOROUGH
                         BY:  BRANDON NEUMAN, ESQ.
15                            MATT GORGA, ESQ.
                              JOHN BRANCH III, ESQ. (Remote)
16                       301 Hillsborough Street
                         Suite 1400
17                       Raleigh, NC  27603
                         (919) 329-3800
18                       Brandon.Neuman@nelsonmullins.com
                         Matt.Gorga@nelsonmullins.com
19
                         NELSON MULLINS RILEY & SCARBOROUGH
20                       BY:  SAMUEL ROSENTHAL, ESQ.
                         101 Constitution Avenue NW
21                       Suite 900
                         Washington, DC 20001
22                       (202) 689-2951
                         Sam.Rosenthal@nelsonmullins.com
23
24   Also Present:    Farhad Azima (Remote)
25
                                                              216
```

1　Q.　When did that close?
2　A.　I don't remember now. I keep a mailing address
3　　　at the same place, but I don't remember when I
4　　　closed the office.
5　Q.　And did you -- did there come a time when you
6　　　moved your materials out of that office and
7　　　brought them to your home?
8　A.　Yes.
9　Q.　And did those include anything regarding the
10　　　projects you did for Dechert that are relevant
11　　　to this case?
12　　　　　　ATTORNEY NEUMAN: Objection to form.
13　　　　　　THE WITNESS: Possibly. Quite
14　　　possibly.
15　BY ATTORNEY BEHRE:
16　Q.　And do those files still exist at your home?
17　A.　I don't have anything at my home. Everything's
18　　　gone to my lawyers.
19　Q.　And in terms of hard copy, were they in boxes of
20　　　documents or file folders?
21　A.　Bankers box.
22　Q.　Okay. How many bankers box did you turn over to
23　　　your lawyer?
24　A.　I have no idea.
25　Q.　Was it --

```
 1                THE WITNESS:  It's -- it was in the
 2       hands of Mr. McIntyre.  I apologize.  Yeah.
 3  BY ATTORNEY BEHRE:
 4  Q.   Why did you give the Huawei laptop and the hard
 5       drive to Mr. McIntyre?
 6                ATTORNEY NEUMAN:  Objection.  Scope.
 7                THE WITNESS:  Let me just think about
 8       that.  I gave them to him for safekeeping, or I
 9       asked him -- asked him to look after them for
10       safekeeping.
11  BY ATTORNEY BEHRE:
12  Q.   And where is Mr. McIntyre physically located?
13       What country?
14                ATTORNEY NEUMAN:  Objection.  Scope.
15                THE WITNESS:  The United Kingdom.
16  BY ATTORNEY BEHRE:
17  Q.   So why in the world would you send your computer
18       to the UK for safekeeping?
19  A.   I didn't.
20  Q.   What did you do?
21  A.   It was in my flat in London, and I left it there
22       because it was a work device.  I was expecting
23       to be back in London.
24  Q.   And why did Mr. McIntyre need to take custody of
25       that when your son Leo was in the apartment
```

339

```
1      record.  Time is 11:33 a.m.
2              (Brief Recess.)
3              THE VIDEOGRAPHER:  Going back on the
4      record.  The time is 11:34 a.m.
5  BY ATTORNEY BEHRE:
6  Q.  Mr. Del Rosso, why did you not retrieve your
7      devices from Mr. McIntyre?
8  A.  Why did I not, did you say?
9  Q.  Yes.  Why didn't you ever get them back?
10 A.  I didn't travel over to London.  I guess I
11     forgot about them for a while and then had been
12     in the hospital for quite some time.
13 Q.  Do you recall what month of 2020 you provided
14     those to Mr. McIntyre --
15             ATTORNEY NEUMAN:  Objection.  Scope.
16 BY ATTORNEY BEHRE:
17 Q.  -- through your son Leo?
18 A.  I know when they were provided to him.
19     October 25, 2020.
20 Q.  Okay.  And that's the same month of the same
21     year that this lawsuit was filed, correct, here
22     in North Carolina?
23 A.  Yes.
24 Q.  And those devices contain documents relevant to
25     this lawsuit, correct?
```

344

1       Mr. Azima, correct?

2       ATTORNEY NEUMAN: Objection to form.

3       THE WITNESS: That's what I understood,

4  yes.

5  BY ATTORNEY BEHRE:

6  Q. And he feigned that he was a bosom buddy of

7       Mr. Azima, didn't he?

8  A. I have no idea what their relationship was or

9       where it went.

10 Q. And in fact, Mr. Buchanan was the main point of

11      contact for Mr. Azima at some point with regard

12      to RAK matters, right?

13      ATTORNEY NEUMAN: Objection to form.

14      THE WITNESS: Yes, I've heard that,

15 yeah. Yes. Sorry.

16      ATTORNEY BEHRE: Okay. Let's go off

17 the record. We're almost done.

18      THE VIDEOGRAPHER: Going off the

19 record. The time is 12:07 p.m.

20      (Brief Recess.)

21      THE VIDEOGRAPHER: Going back on the

22 record. The time is 12:24 p.m.

23 BY ATTORNEY BEHRE:

24 Q. Mr. Del Rosso, what work did Shanahan Law Group

25      do for you?

372

1  A.  They provided legal advice to me.
2  Q.  How many different engagements?
3  A.  I don't know.
4  Q.  Do you have engagement letters or letter?
5  A.  Yes.
6  Q.  Did Shanahan Law Group work for Dechert?
7  A.  No.
8  Q.  Were they paid by Dechert?
9  A.  No.
10 Q.  Were they paid by RAK?
11 A.  Indirectly, yes, through me.
12 Q.  So RAK gave you the money to pay Shanahan?
13 A.  On occasions they did, yes.
14 Q.  Was all the money that was paid to the Shanahan
15     Law Group for legal services provided to you?
16          ATTORNEY NEUMAN:  Objection to form.
17     Instruct him not to answer on the basis of
18     attorney-client privilege.
19          ATTORNEY BEHRE:  I'm not asking what
20     the legal services were.
21          I'm asking the witness was all of the
22     money that you paid the Shanahan Law Group money
23     that was paid for legal services.
24          ATTORNEY NEUMAN:  And I'm instructing
25     you not to answer on the basis of

373

387

COURT REPORTER'S CERTIFICATE

I, DENISE MYERS BYRD, Court Reporter, CSR 8340, the officer before whom the foregoing deposition of NICHOLAS DEL ROSSO was conducted, do hereby certify that the witness's testimony was taken down by me in stenotype to the best of my ability and thereafter transcribed under my supervision; and that the foregoing pages, inclusive, constitute a true and accurate transcription of the testimony of the witness.

Before completion of the deposition, review of the transcript [X] was [ ] was not requested. If requested, any changes made by the deponent (and provided to the reporter) during the period allowed are appended hereto.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to this action, and further, that I am not a relative or employee of any attorney or counsel employed by the parties thereof, nor financially or otherwise interested in the outcome of said action. Signed this 16th day of February 2023.

*Denise Myers Byrd*
Denise Myers Byrd
CSR 8340, RPR