# Exhibit 2

# Miller & Chevalier

**Kirby D. Behre**
Member
(202) 626-5960
kbehre@milchev.com

February 10, 2023

<u>Via Email</u>

John Branch
Nelson Mullins Riley & Scarborough LLP
301 Hillsborough Street
Suite 1400
Raleigh, NC 27603

   Re: *Azima v. Del Rosso*, 20-cv-954 (M.D.N.C.); Deposition of
     Nicholas Del Rosso

Dear Mr. Branch:

  We write in response to your troubling February 2 email notifying us that Mr. Del Rosso may obstruct his upcoming deposition by refusing to answer valid questions, in violation of federal and local rules. *See* Fed. R. Civ. P. 30(c)(2); Local Civil Rule ("L.R.") 30.1. If Mr. Del Rosso adopts this position, Plaintiff will move to reopen the deposition with instruction from the Court that Mr. Del Rosso answer the questions and seek sanctions, including costs, for your and Mr. Del Rosso's misconduct.

  ***First***, you indicated that Mr. Del Rosso is "not required" to answer questions about topics other than the 2018-2019 posting of Plaintiff's confidential information. You are incorrect. Both the Federal Rules of Civil Procedure and Local Rules of the Middle District of North Carolina require a deponent to answer all non-privileged questions absent a court's direction limiting evidence. *See* L.R. 30.1. The Court has issued no such limitation here. Indeed, the court's pre-trial order dictates the following scope of discovery: "[d]iscovery will be conducted on the operative allegations and claims contained in Plaintiff's Complaint, the denials and defenses raised in Defendant's Answer, and *all other relevant matters within the scope of Fed. R. Civ. P. 26* . . . ." ECF No. 93. While the order permits *objections* based on relevance, it does not allow an instruction not to answer questions on relevance grounds. *Id.* Indeed, both Federal Rule 26 and Local Rule 30.1 make it clear that such an instruction is impermissible. That is because courts interpret the scope of discovery liberally. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir.2003) (highlighting that"[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted"); *see also Williams v. AT&T Servs., Inc.*, No. 3:21-cv-617, 2022 WL 1814630, at *2 (W.D.N.C. June 2, 2022) (courts "regularly" find that discovery can extend to events "years before the alleged conduct at issue").

**Miller & Chevalier Chartered** . 900 16th Street NW . Black Lives Matter Plaza . Washington, DC 20006
**T** 202.626.5800 . millerchevalier.com

Thus, Mr. Del Rosso cannot refuse to answer questions based on Defendants' unilateral interpretation regarding the appropriate scope of discovery.[1] *See* Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."); L.R. 30.1 *see also Ali v. WorldWide Language Res., LLC*, No. 5:20-CV-00638-D, 2022 WL 16727110, at *1 (E.D.N.C. Nov. 4, 2022) (noting "irrelevance" does not "lie within the protected class of objections"); *Gobena v. CourierNet Inc.*, No. 3:20-CV-00290-RJC-DSC, 2021 WL 1917132, at *3 (W.D.N.C. Feb. 24, 2021), *report and recommendation adopted*, 2022 WL 301536 (W.D.N.C. Feb. 1, 2022) (objections that questions were "outside the scope of the Court's limited discovery Order" were "not valid"); *Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973–74 (4th Cir. 1977) ("If plaintiff's counsel had any objection to the questions, under Rule 30(c) he should have placed it on the record and the evidence would have been taken subject to such objection."). Please confirm that Mr. Del Rosso will not refuse to answer questions on the basis of inappropriate relevance objections.

**Second**, you stated Mr. Del Rosso will not answer "questions related to services performed at the direction of Dechert and/or RAK (and related entities)" because they "*may* be covered by the attorney-client privilege and/or work product doctrine." (emphasis added). Defendants cannot categorically refuse to answer questions on the basis of a privilege that only "may" exist. As the proponent of the privilege and/or work product doctrine, Mr. Del Rosso has the burden to demonstrate its applicability by satisfying "procedural and substantive criteria." *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 501 (4th Cir. 2011). Procedurally, Mr. Del Rosso must (i) "'expressly make the claim'" and (ii) "'describe the nature of the [information] . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.'" *Id.* (quoting Fed. R. Civ. P. 26(a)(5)(A)). "Substantively, a party must show that:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or is his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Id.* (cleaned up); *see also* <u>N. Carolina Elec. Membership Corp. v. Carolina Power & Light Co.</u>, 110 F.R.D. 511, 513 (M.D.N.C. 1986) ("The burden of persuasion on each of the elements of the privilege is clearly upon the proponent."). This is especially true for a non-lawyer because "[o]rdinarily, the presence of a third party destroys the element of confidentiality and, therefore,

---

[1] Your interpretation of the proper scope of discovery is incorrect, as we have explained repeatedly, *see, e.g.*, ECF Nos. 125, 131, and in fact, the Court has already ruled that bank records dating back to 2014 "may have some bearing on Plaintiff's civil conspiracy claim." *See* ECF No. 54 at 38.

any claim of privilege." *Liggett Grp., Inc. v. Brown & Williamson Tobacco Corp.*, 116 F.R.D. 205, 210 (M.D.N.C. 1986).

Thus, "[i]t cannot be assumed . . . that the only relevant information Mr. [Del Rosso] possesses is privileged." *Chevron Corp. v. Donziger*, No. 11-cv-0691 (LAK/JCF), 2013 WL 1896932, at *2 (S.D.N.Y. May 7, 2013). Plaintiff has "the right to develop the record by seeking Mr. [Del Rosso's] knowledge and, where an objection is lodged, ask[] the questions that will help determine whether the privilege is properly asserted." *Id.*; *see also In re Grand Jury Subpoena,* 204 F.3d 515, 520 (4th Cir. 2000) ("[T]he identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege."); *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983) ("[A] claim of privilege must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable."); Charles Alan Wright & Arthur Miller, Federal Practice and Procedure, § 2113 Conduct of Examination (3d ed.) ("It is clear that there must be some explanation for a privilege objection [in a deposition], Rule 26(b)(5)(A) explicitly requires, as to all discovery, that a party who refuses to provide discovery on a claim of privilege provide a sufficient specifics to "enable other parties to assess the claim . . . and the directive of Rule 26(b)(5)(A) does not appear to limit the traditional propriety of inquiry into such matters as time, place, persons present, etc., that normally attend the assertion of a privilege in a deposition."). Please confirm that Mr. Del Rosso will not refuse to answer questions regarding his work for Dechert unless those answers would reveal privileged communications.

Mr. Del Rosso's refusal to answer valid, non-privileged deposition questions would violate federal and local rules and is sanctionable conduct. If he does so, the Court may impose sanctions—including the reasonable expenses and attorney's fees incurred—on a person "who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2); *In re Polyester Staple Antitrust Litig.*, No. 3:03-CV-1516, 2007 WL 542212, at *2 (W.D.N.C. Feb. 16, 2007) (using Rule 30(d)(2) to order witness to appear for a second deposition); *see also Eureka Financial Corp. v. Hartford Accident & Indemnity Co.*, 136 F.R.D. 179, 186 (E.D. Cal. 1991) (finding that the defendant's blanket objection to the discovery of privileged communications warranted sanctions against defendant's counsel).

We hope and expect you and Mr. Del Rosso will take these points into account and allow Mr. Del Rosso's deposition to proceed in accordance with federal and local rules.[2]

Sincerely,<br>
/s/<br>
Kirby D. Behre

---

[2] For all of the above reasons, your motion for a protective order (ECF No. 143) is baseless. Therefore, we will not countenance your citing the pendency of the motion as a basis to instruct the witness not to answer. Such an instruction would be unlawful for all of the same reasons discussed above, and we would take appropriate actions to address such obstruction.