UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendants.

**PLAINTIFF'S RESPONSE TO THE MOTION TO QUASH OF CHRISTOPHER SWECKER AND CHRISTOPHER SWECKER ENTERPRISES LLC**

Christopher Swecker ("Swecker")[1] worked with Defendants and has—like other interested third parties—adopted Defendants' stonewalling strategy by moving to quash the subpoena issued by Plaintiff to Swecker, but without producing a single document. Defendants admit Swecker possesses information relevant to Plaintiff's case because Defendants paid Swecker almost $500,000 between 2018 and 2021, most of which related to Swecker's work regarding Plaintiff's misappropriated data. Ex. 1, Deposition Transcript of Nicholas Del Rosso ("Dep. Tr.") at 99:7-18 (Feb. 13, 2023) (filed under seal); *see also* ECF No. 153-2, ¶¶ 4-5. Defendant's admission is more than a sufficient basis to subpoena Swecker's non-privileged data, especially because Defendants refuse to produce any documents in this case.

---

[1] For the purpose of this response, Plaintiff refers to Christopher Swecker and Christopher Swecker Enterprises LLC collectively as "Swecker."

1

Indeed, Defendants admit in their Answer that Defendant Vital Management Services, Inc. ("VMS") hired Swecker and worked with Swecker, Dechert LLP ("Dechert"), and Dechert attorney Neil Gerrard in their representation of RAKIA, *see* ECF No. 86 ("Answer") ¶ 13, the client on behalf of whom Plaintiff alleges Defendants oversaw Plaintiff's hacking and used Plaintiff's hacked data in an effort to ruin him reputationally and financially, *see* ECF No. 1 ("Compl.") ¶ 1. Defendant Del Rosso further admitted under oath at his deposition that Swecker retained Northern Technologies, Inc. ("NTI"), the company that Del Rosso testified downloaded Plaintiff's stolen data from the internet. Ex. 1 at 109:9-19; 114:1-21. Swecker worked closely with Defendants and others—including Dechert—to obtain Plaintiff's stolen data. Based on Swecker's alleged role in this matter, Plaintiff served Swecker with a narrowly tailored subpoena for documents related to his engagement by VMS.

Swecker claims he has *no* obligation to produce *any* documents despite the fact that he seems to concede he has relevant, non-privileged information. Swecker's position flouts longstanding, liberal rules of discovery and should be dismissed. *See Houston v. United States*, No. 17-CV-162, 2018 WL 4704036, at *2 (E.D.N.C. Oct. 1, 2018) ("Rule 45 adopts the standard codified in Rule 26 . . . [and] Rule 26 provides for a broad scope of discovery.") (internal citations and quotation marks omitted). Rule 45 allows parties to obtain relevant discovery

2

from third parties, and the Court should order Swecker to comply with the pending subpoena.

## ARGUMENT

Swecker does not and could not dispute that he has relevant, non-privileged records in his possession, custody, and control. In their Answer, Defendants claimed "VMS hired attorney Chris Swecker" to work with him on this matter. Answer ¶ 13. Defendant Del Rosso testified in his deposition that Swecker hired NTI and claimed that he obtained Plaintiff's stolen data from NTI after the company downloaded the data from the internet. *See* Ex. 1 at 109:9-19*;* 114:1-21. In an affidavit attached to his Motion to Quash, Swecker admits that Defendants hired him in 2016, the year Plaintiff's hacked data was first posted online. *See* Compl. ¶ 20; ECF No. 153-2 ¶¶ 4-5. In sum, Defendants and Swecker have admitted that Swecker played a key role in the misappropriation of Plaintiff's data, and Swecker therefore likely possesses significant relevant documents.

Swecker does not contest that he has documents relevant to Plaintiff's case.[2] He instead argues that he should not have to produce them by raising a series of generalized arguments regarding burden, scope, and privilege without explaining how these arguments apply to specific categories of documents in

---

[2] Far from it. At one point, he argues that "the process of reviewing ***all relevant documents*** and assessing privilege . . . would be extremely burdensome upon Mr. Swecker." ECF No. 151 at 6.

3

his possession. These arguments are a thinly veiled attempt by a key witness who is beholden to Defendants to avoid his discovery duties and obstruct Plaintiff's ability to develop his case. Swecker's arguments have already been raised by Defendants (and other third parties associated with Defendants) and should be rejected for the same reasons.

***First***, Swecker argues the scope of discovery must be artificially limited to a period of months in 2018-2019. This is by now a common refrain. Defendants and every third party associated with them (now including Swecker) have raised this argument to avoid their discovery obligations. *See also* ECF Nos. 122, 154 (Defendants); 136 (Dechert); 133 (Shanahan Law Group). At its core, this case involves a conspiracy that began in August 2014. *See* Compl. ¶ 13. The Court has acknowledged as much. *See* ECF No. 54 at 38 (subpoenaed bank records dating back to 2014 "have some bearing on Plaintiff's civil conspiracy claim").[3] Defendants have also admitted Swecker was directly involved in obtaining Azima's stolen data. *See* Answer ¶ 13 (naming Swecker). Therefore, Swecker's efforts to limit the time period for discovery should be denied.

---

[3] Swecker's argument that the Court limited discovery to that period in its motion to dismiss opinions is similarly off base. The Court expressly noted that "[d]iscovery will be conducted on the operative allegations and claims contained in Plaintiff's Complaint, the denials and defenses raised in Defendants' Answer, and ***all other relevant matters within the scope of Fed. R. Civ. P. 26***." ECF No. 93 at 1-2 (emphasis added).

4

***Second***, as a key witness in this case and third-party subpoena recipient, Swecker has an independent obligation to produce relevant documents from his files. *See* Fed. R. Civ. 45(e)(1) (requiring production of non-privileged documents and electronically stored information); *see also* Fed. R. Civ. 45(d)(3) (relevance not specified as basis for filing a motion to quash). Plaintiff cannot simply obtain the same information from Defendants. Defendants will not, for example, have access to Swecker's emails and communications with NTI. Swecker retained NTI, not Defendants. Swecker also potentially has communications with Dechert, invoices, bank records, travel records, and records with other relevant third parties that Defendants very likely do not have. Defendants' and Swecker's files are not identical – as with any case, Plaintiff is entitled to obtain discovery from both parties having relevant discoverable information. *See, e.g.*, *EEOC v. New Hanover Reg'l Med. Ctr.*, No. 09-CV-00085, 2010 WL 4668957, at *2 (E.D.N.C. Nov. 9, 2010) (allowing discovery into related requests sent to both plaintiff and third party, where the plaintiff "ha[d] not agreed to produce [] identical documents"). Moreover, given that Defendants have refused to produce *any* documents in their files relevant to any issues at all, including Swecker's representation, Swecker cannot simply outsource his disclosure responsibilities to Defendants.

***Third***, Swecker joins in the argument that the subpoena is overbroad. The subpoena is narrowly tailored to obtain documents relevant to Plaintiff's claims, though. Here, the subpoena seeks—

> (1) information regarding non-privileged invoices, expenses, bank records, engagement letters, and travel records relevant to Swecker's work with Defendants;
>
> (2) Swecker's attempts to access Plaintiff's stolen data online via BitTorrent and WeTransfer links;
>
> (3) information relating to communications Swecker had with law enforcement regarding Plaintiff; and
>
> (4) documents and communications with individuals and entities connected to the conspiracy to misappropriate Plaintiff's data.

*See generally* ECF No. 153-1, Ex. A at 5-6. These requests are limited to seeking documents related to Swecker's role in the conspiracy.[4] Contrary to Swecker's assertion, he would not be required to "review eight-years of . . . documents and communications." Swecker's review and production would be significantly cabined by the language in the subpoena's requests. Moreover, much of this information—such as the invoices, bank records, and engagement letters—should be readily available and easy to produce. Notably, though, Swecker does not specifically explain his burden as the Rules require. *See Revak v. Miller*, No. 18-CV-206L, 2020 WL 3513239, at *4 (E.D.N.C. June 29, 2020) (collecting cases). He only generally argues that he would be burdened by collecting and reviewing documents. That is not "burdensome" as

---

[4] Swecker cites *Virginia Department of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), to imply he is a "'stranger'" and " bystander'" with "'no dog in [the] fight.'" ECF No. 151 at 5. Since Defendants specifically identified Swecker as a relevant figure, Swecker is not merely a disinterested third party. *See* Answer ¶ 13.

6

contemplated by the Rules. Every party that produces documents is required to review and collect documents.

***Fourth***, Swecker also lodges vague privilege assertions without articulating those concerns with specificity. This is plainly insufficient, especially because Swecker has access to the subpoenaed records and could easily identify with specificity any privileged information. *See* Fed. R. Civ. P. 45(e)(2)(A)(ii) (privilege objections must "enable the parties to assess the claim [of privilege]"). Lawyers and law firms are not exempt from producing documents in discovery. If they possess relevant non-privileged documents, they must be produced. *See, e.g.*, *SAS Inst. Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, No. 10-CV-101, 2011 WL 6370482, at *6 (E.D.N.C. Dec. 20, 2011) (ordering law firm to produce emails, time sheets, billing records, and client development materials, among other files); *In re Grand Jury Proc.*, 33 F.3d 342, 354 (4th Cir. 1994) ("The attorney-client privilege normally does not extend to the payment of attorney's fees and expenses."); *In re Grand Jury Subpoena,* 204 F.3d 516, 520 (4th Cir. 2000) ("The identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege.") (cleaned up). Swecker was involved in meetings with law enforcement, for example, and information about such meetings is not privileged.

7

Swecker bears the burden of establishing the privilege. *See* Fed. R. Civ. P. 45(e)(2) ("A person withholding subpoenaed information under a claim that it is privileged . . . must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents [in a way that] will enable the parties to assess the claim."); *see also NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 501-02 (4th Cir. 2011) ("A party asserting [the] privilege has the burden of demonstrating its applicability" by "satisfy[ing] procedural and substantive criteria."); *State v. Farook*, 871 S.E.2d 737, 749 (N.C. 2022) ("The party asserting the privilege has the burden of establishing each of the essential elements of the privileged communication[s]."). Swecker must establish any privilege with specificity as to the documents and not by making conclusory assertions as he has done here. *In re Investigation of Miller*, 584 S.E.2d 772, 787 (N.C. 2003) ("The burden is always on the party asserting the privilege to demonstrate each of its essential elements" and "[t]his burden may not be met by 'mere conclusory or ipse dixit assertions,' or by a 'blanket refusal to testify.'") ((quoting 1 Scott N. Stone & Robert K. Taylor, *Testimonial Privileges*, § 1.61, at 1-161 (2d ed. 1994)). "[S]ufficient evidence must be adduced, usually by means of an affidavit or affidavits, to establish the privilege with respect to each disputed item." *In re Miller*, 584 S.E.2d at 787.

Swecker has failed to properly assert privilege here and should not be permitted to use vague assertions to quash a subpoena in its entirety. *See Gonzalez-Rodriguez v. Gracia,* No. 21-CV-406-BO, 2023 WL 149978, at *2

8

(E.D.N.C. Jan. 10, 2023) (finding that third party's failure to provide privilege log or "functional equivalent" prevented plaintiffs and the Court from assessing the third party's privilege claims and ordering the third party to provide the necessary information); *Nallapaty v. Nallapati*, No. 20-CV-470-BO, 2022 WL 1508885, at *6 (E.D.N.C. May 12, 2022) (holding that third party "need not produce documents protected by the attorney-client privilege or the work-product doctrine but must produce a privilege log in accordance with Fed. R. Civ. P. 45(e)(2)(A).").

## CONCLUSION

For the foregoing reasons, the Court should reject Swecker's Motion to Quash and order him to produce documents.

This, the 21st day of February, 2023.

        **WOMBLE BOND DICKINSON (US) LLP**

        */s/ Ripley Rand*
        Ripley Rand
        North Carolina State Bar No. 22275
        Christopher W. Jones
        North Carolina State Bar No. 27265
        Jonathon Townsend
        North Carolina State Bar No. 51751
        555 Fayetteville Street, Suite 1100
        Raleigh, N.C. 27601
        Phone: 919-755-2100
        Fax: 919-755-2150
        Email:   ripley.rand@wbd-us.com
                     chris.jones@wbd-us.com
                     jonathon.townsend@wbd-us.com

        -and-

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren E. Briggerman (*pro hac vice*)
Joseph Rillotta (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email:  kbehre@milchev.com
        totoole@milchev.com
        lbriggerman@milchev.com
        jrillotta@milchev.com
        iherbert@milchev.com
        clee@milchev.com
        cmarden@milchev.com

*Counsel for Plaintiff*

10

## CERTIFICATE OF WORD COUNT

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This Response brief contains fewer than 6,250 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

*/s/ Ripley Rand*
Ripley Rand
Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-CV-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

Brandon S. Neuman, Esq.
John Branch, III, Esq.
Jeffrey M. Kelly, Esq.
Nathaniel J. Pencook, Esq.
NELSON MULLINS RILEY & SCARBOROUGH, LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
john.branch@nelsonmullins.com
Tel.: 919.329.3800
Fax.: 919.329.3799

1

2813441.7

Samuel Rosenthal, Esq.
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW, Suite 900
Washington, DC 20001
Tel.: 202-689-2951
Fax: 202-689-2860
sam.rosenthal@nelsonmullins.com

*Counsel for Defendants*

John Charles Quinn, Esq.
Kaplan Hecker & Fink LLP
350 Fifth Avenue
Ste. 63rd Floor
New York, NY 10118
Email: jquinn@kaplanhecker.com
Tel.: 212-763-0883
Fax.: 212-564-0883

Kearns Davis, Esq.
Daniel D. Adams, Esq.
Brooks Pierce McLendon Humphrey & Leonard LLP
PO Box 26000
Greensboro, NC 27420-6000
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com
Tel.:336-373-8850
Fax.: 336-378-1001

*Counsel for Dechert LLP*

Kieran Shanahan, Esq.
Shanahan Law Group
128 East Hargett Street, Suite 300
Raleigh, NC 27601
Tel.: 919-264-7515
Email: kieran@shanahanlawgroup.com

*Counsel for Shanahan Law Group*

Walter Clinton Holton , Jr.
Walter C. Holton, Jr., PLLC
857 W. Fifth Street
Winston-Salem, NC 27101
336-777-3480
Fax: 336-722-3478
Email: wholton@walterholton.com

*Counsel for Christopher Swecker and Christopher Swecker Enterprises, LLC*

This, the 21st day of February, 2023.

        **WOMBLE BOND DICKINSON (US) LLP**

        /s/ *Ripley Rand*
        Ripley Rand
        North Carolina State Bar No. 22275
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone:  (919) 755-8125
        Facsimile:  (919) 755-6752
        Email:  ripley.rand@wbd-us.com

        *Counsel for Plaintiff*