# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FARHAD AZIMA,<br><br>        Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>        Defendants. | No. 1:20-cv-00954-WO-JLW |

## NON-PARTY DECHERT LLP'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND TESTIMONY

Plaintiff has served non-party Dechert LLP ("Dechert") with two wide-ranging subpoenas (the "Subpoenas," Dkt. 140, Exs. A, B) seeking documents and information regarding eight years of Dechert's legal work on behalf of a client. Last week, Dechert filed its reply brief in support of its pending motion to quash one of the two subpoenas (specifically, the subpoena seeking testimony). Dkt. 162. The briefing on the motion to quash addressed the factual and procedural background regarding both Subpoenas, as well as most of the arguments raised in Plaintiff's motion to compel. *See* Dkt. 137 (Dechert's motion to quash); Dkt. 148 (Plaintiff's opposition); Dkt. 162 (Dechert's reply). For the reasons stated in Dechert's briefing on the motion to quash, Plaintiff has not taken "reasonable steps to avoid imposing undue burden or expense" on the recipient of a subpoena, Fed. R. Civ. P. 45(d)(1), and his subpoenas are unduly broad, overly burdensome, and premature. In the interest of efficiency, Dechert incorporates its

briefing on the motion to quash, but does not repeat it here. Instead, Dechert responds to four additional arguments in Plaintiff's motion to compel.

First, although Plaintiff does not seriously dispute that the Subpoenas request documents and information that are likely to be protected by the attorney-client privilege and work-product doctrine, he states, in a footnote, that the attorney-client privilege is held by the client and argues that Dechert has not stated whether "RAKIA is claiming privilege over the records," Dkt. 145 at 6 n.3. Plaintiff is correct that the attorney-client privilege belongs to the client, and Dechert's client has confirmed that it is not waiving privilege.

Second, Plaintiff principally disputes the potential applicability of privilege claims to bill records. *See* Dkt. 145 at 8. But even with respect to those, "if the billing statements reveal specific research or litigation strategy, they constitute privileged communications and should not be disclosed." *SAS Inst. Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 2011 WL 6370482, at *3 (E.D.N.C. Dec. 20, 2011). Plaintiff thus cannot deny that an exacting, page-by-page privilege review of the requested records—including billing records—is demanded by his unduly burdensome subpoena.

Third, Plaintiff cites a filing by Dechert's U.K. counsel—in a case in which Azima has brought claims against Dechert—which stated that Dechert "holds at least some data belonging to Mr. Azima." *See* Dkt. 145 at 4 (quoting Dkt. 144, Ex. 2 ¶ 190.3.2). As a preliminary matter, to the extent Plaintiff seeks some of the same documents from Defendants and non-party Dechert, he should obtain them from Defendants. *See Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) (stating

"preference for parties to obtain discovery from one another before burdening non-parties with discovery requests," and collecting cases); *Nallapaty v. Nallapati*, 2022 WL 1508885, at *6 (E.D.N.C. May 12, 2022) (quashing non-party subpoena where many of the documents sought had been requested from but not produced by the parties because motion to compel was more appropriate response than "serving overly broad requests on a non-party"). Moreover, Plaintiff has acknowledged that Defendants have already "produced Azima's own data back to him." *See* Dkt. 131 at 6. Thus, Plaintiff appears to be asking non-party Dechert to produce documents that he presumably already has (because, as he notes, it is his data) and that he has successfully sought from Defendants. *See id.*

Fourth, Plaintiff contends that Dechert's response to the Documents Subpoena was insufficient. *See* Dkt. 145 at 9–11. Plaintiff is incorrect. As an initial matter, Plaintiff's argument ignores the context in which Dechert provided its response: after receiving the Documents Subpoena, we wrote Plaintiff's counsel to explain our concerns about the timing, breadth, and burden of the non-party subpoena, including that the parties to the case—not Dechert—should resolve the threshold dispute about the appropriate scope of discovery. *See* Dkt. 144, Ex. 3.[1] Plaintiff's counsel refused to respond to these concerns

---

[1] In a footnote, Plaintiff states that Dechert's responses and objections were untimely. *See* Dkt. 145 at 10 n. 5. But where, as here, "counsel for the nonparty and for the subpoenaing party were in contact with respect to the nonparty's compliance prior to the time the nonparty challenged the subpoena," *Bell Inc. v. GE Lighting, LLC*, 2014 WL 1630754, at *9 (W.D. Va. Apr. 23, 2014) (quoting *Leader Technologies, Inc. v. Facebook, Inc.*, 2010 WL 761296, at *2 (N. D. Cal. Mar. 2, 2010)), objections may appropriately be considered. This principle is particularly apt here given the nature and

3

in our subsequent meet-and-confer, and informed us he would move to compel. Three days later, Dechert again wrote Plaintiff's counsel and enclosed its responses and objections pursuant to Fed. R. Civ. P. 45(d)(2)(B) (the "Responses"). *See* Dkt. 162, Ex. A (letter of Jan. 26, 2023); Dkt. 144, Ex. 4 (Responses). In its Responses, Dechert stated that the Documents Subpoena is overbroad and unduly burdensome "because it covers a time period that includes four years before and three years after the time period of Plaintiff's surviving claims: 2018–2019"; because of Dechert's status as a non-party; and because several requests incorporate extremely broad instructions and definitions. *See* Dkt. 144, Ex. 4 ¶ 12 (citing Dkt. 65 at 23–24); *id.* at 4, 7–12. And Dechert further explained that the Documents Subpoena, on its face, seeks privileged material because "it requests documents from a law firm broadly relating to its work for a client" and "documents prepared in connection with or anticipation of litigation." *Id.* at 6–9, 11–12. These objections point to specific aspects of the Documents Subpoena that render it beyond the permissible scope of non-party discovery.

Especially given breadth and timing of Plaintiff's Subpoenas, as well as the heightened burden of responding to subpoenas seeking documents and information from a law firm about more than eight years of client work, Dechert is not required to do more at this stage. *Cf. Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 47 (N.D. Tex. 2015) (rejecting argument that objections were waived because non-party subpoena recipient responded with insufficient specificity

---

timing of Dechert's correspondence with Plaintiff's counsel in response to Plaintiff's Subpoenas.

4

when "the Subpoena is overbroad on its face and exceeds the bounds of fair discovery"). Indeed, requiring Dechert to prepare a privilege log now, for example, would moot its objections "because interposing th[ose] objection[s] would trigger the very burdensome obligation to prepare a privilege log that the objection[s] would be intended to avoid." *In re Application for an Ord. Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for use in a Foreign Proceeding*, 286 F. Supp. 3d 1, 7 (D.D.C. 2017) (finding "invocation of the protections of the attorney-client privilege and work-product doctrine may be effective without requiring a detailed privilege log"). Before Dechert, a non-party law firm, is required to undertake the task of reviewing documents prepared for clients over the course of eight years, Plaintiff should resolve its disputes with Defendants about the appropriate scope of discovery in this case and take "reasonable steps to avoid imposing undue burden or expense" on the recipient of a subpoena, Fed. R. Civ. P. 45(d)(1); *see also Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 190 (4th Cir. 2019) ("A nonparty should not have to do the work of tailoring a subpoena to what the requesting party needs; the requesting party should have done that before serving it."). As set forth above and in Dechert's motion to quash, Plaintiff has not done so.

I. Conclusion

For the foregoing reasons, Dechert respectfully requests that the Court deny Plaintiff's Motion to Compel.

Respectfully submitted this 21st day of February, 2023.

5

Dated: February 21, 2023
      New York, New York

By: _____
John C. Quinn
Sean Hecker
David Gopstein
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
jquinn@kaplanhecker.com
shecker@kaplanhecker.com
dgopstein@kaplanhecker.com

*Counsel for Non-Party Dechert LLP*

/s/ Daniel Adams
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2023, I caused a copy of the foregoing document to be served via e-mail through the Court's ECF notification system upon the following:

Brandon S. Neuman
Jeffrey M. Kelly
John E. Branch III
Nathaniel J. Pencook
Samuel Rosenthal
Nelson Mullins Riley & Scarborough, LLP
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com

Jonathon D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Calvin Lee
Ian Herbert
Kirby D. Behre
Joseph Rillotta
Cody Marden
Brian A. Hill
Timothy P. O'Toole
Lauren E. Briggerman
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
clee@milchev.com
iherbert@milchev.com
kbehre@milchev.com
jrillotta@milchev.com
cmarden@milchev.com
bhill@milchev.com
totoole@milchev.com
lbriggerman@milchev.com

By: _____
John C. Quinn
Sean Hecker
David Gopstein
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
jquinn@kaplanhecker.com
shecker@kaplanhecker.com
dgopstein@kaplanhecker.com

*Counsel for Non-Party Dechert LLP*

/s/ Daniel Adams
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
 HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*

2

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that this brief contains 1,279 words, according to the word count feature of the word processing system used to prepare the brief. Accordingly, the brief does not exceed the 6,250-word limitation.

Respectfully submitted this 21st day of February, 2023.

By: _____
John C. Quinn
Sean Hecker
David Gopstein
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
jquinn@kaplanhecker.com
shecker@kaplanhecker.com
dgopstein@kaplanhecker.com

*Counsel for Non-Party Dechert LLP*

/s/ Daniel Adams
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
   HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*