IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| FARHAD AZIMA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV954 |
| | ) | |
| NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

The issues in this civil action ("Action" or "Litigation") may require the Parties to produce in discovery certain information, including documents and things that may constitute trade secrets, confidential commercial or business information, or private information. Thus, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 26.2 of the Civil Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina, for good cause appearing, **IT IS HEREBY ORDERED** as follows:

**1.  Scope of Order.**

This Protective Order ("Protective Order") governs the use and handling of documents, electronic information in any form, discovery responses and other information, including all copies, excerpts and summaries thereof (collectively, the "Information") produced or given by any Party or non-party during pre-trial proceedings in this Action.

Information produced in this Action and subject to protection under this Protective Order (the "Protected Information") shall be used only for the purpose of

1

this Action, and not for any other business, competitive, personal, private, public, or other use or purpose.

## 2. Designation of Confidential Information.

Except with the prior written consent of the Party or third-party producing documents (the "Producing Party"), any Information that the Producing Party designates as "CONFIDENTIAL" shall not be disclosed to any person or used for any purpose except as expressly permitted in this Protective Order. The Producing Party may designate as "CONFIDENTIAL" any Information that it produces in this Action which it, in good faith, contends contains trade secrets, confidential research or development, confidential commercial information, confidential financial information, confidential health information, information treated as confidential by third parties, and other personal or private information whose disclosure would result in annoyance, embarrassment, oppression, or undue burden pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (the "Confidential Information").

Unless a Producing Party has given prior written consent or is otherwise ordered by the Court, any information that a Producing Party designates as "CONFIDENTIAL" shall not be disclosed to any person or used for any purpose except as expressly permitted in this Protective Order.

## 3. Objections to Designation as Confidential

The designation of Information as Confidential Information does not supplant the Court's determination, if applicable, of whether the designation is appropriate. Any Party may object to the designation of any Information as "CONFIDENTIAL" by

giving written notice to the designating Party that it objects to the designation and the grounds for its objection. The Parties shall first meet and confer and attempt to resolve any such objection in good faith without action by the Court. If the objection cannot be resolved, the objecting Party may seek appropriate relief from the Court after good faith efforts to resolve the dispute have failed or fourteen (14) business days after sending of written notice of the objection, whichever is sooner. Until the Court rules on any such motion, the documents shall be treated as originally designated. The burden of proving that the Information is properly designated as "CONFIDENTIAL" is on the designating Party.

**4.    Publicly Available Information.**

Any Party may object to the designation of Information as Protected Information on the grounds that such Information is lawfully and publicly available, by way of the procedure outlined in Paragraph 3 of this Protective Order.

**5.    Designation of Protected Information Produced by Other Parties.**

In the event that a Producing Party produces material which another Party reasonably and in good faith believes to be Protected Information without designating such documents or information "CONFIDENTIAL," the other Party shall, upon discovery, promptly designate such documents or information as "CONFIDENTIAL." If a Party opposes the designation of the Information, the procedure outlined in Paragraph 3 shall be followed. The Producing Party shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Protected Information that occurred prior to notification of the correct designation.

Notwithstanding the above, no Party may disclose any Information received from third parties before such Information has been provided to all other Parties and the Parties have been given a reasonable opportunity to review and designate the same. Inadvertent production of such Information in this case without designation as "CONFIDENTIAL" shall not be deemed a waiver, in whole or in part, of a party's claim to confidentiality of such documents or information.

**6.  Persons Who May Access Protected Information.**

Except as provided in Paragraph 9, absent written consent from the designating party or unless otherwise directed by the Court, Protected Information may be disclosed only to the following persons, provided that such persons agree to be bound by the terms of this Protective Order, and provided that such persons only use this Protected Information for purposes of this Action:

(a) the Parties to this Action;

(b) any legal counsel, attorney, and their agents retained by the parties in this Action;

(c) outside experts or consultants retained on behalf of the parties or by their counsel in this Action;

(d) outside photocopying, graphic production services, or litigation support services employed by the parties or their counsel in this Action;

(e) the Court, the court reporters, videographers, stenographers, and court personnel in this Action;

(f) any mediator or arbitrator that the Parties engage or that the Court appoints in this Action;

(g) any witness who is called to testify at trial or deposition in this action, provided that Protected Information may only be disclosed to such witnesses upon consent of the designating Party, and that such

4

disclosure be limited to the scope of the witnesses' expected testimony; and

(h) the direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the litigation of this Action.

**7. Application of This Protective Order to Persons with Access to Protected Information.**

Each person given access to Protected Information shall be advised that the Protected Information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

(a) Before any person described above in Paragraph 6(c), 6(d), 6(g), or 6(h) is given access to Protected Information, that person must read and agree in writing, by signing an acknowledgment in the form attached hereto as Exhibit A, to be bound by the provisions of this Protective Order. The Parties shall maintain copies of the forms signed by persons to whom they are giving access to Protected Information, and show copies thereof to any other Party upon request.

(b) Before any other person described in Paragraph 6 is shown any Protected Information, that person must be shown a copy of this Protective Order and instructed that he or she is bound by its provisions.

**8. Filing Documents Containing Protected Information.**

In the event a Party wishes to use any Protected Information, or any papers containing or disclosing the contents of such Protected Information, in any pleading

or document filed with the Court in this Action, the Party wishing to use such Protected Information shall move to seal these pleadings, documents, or portions thereof pursuant to M.D.N.C. Local Rules 5.4 and 5.5. Such pleadings or documents shall be filed under temporary seal in accordance with M.D.N.C. Local Rules 5.4 and 5.5 pending the Court's review of the motion to seal.

**9.     Marking Documents and Other Records Containing Protected Information.**

The designation of Protected Information for the purposes of this Protective Order shall be made in the following manner:

(a)     In the case of documents and written discovery responses, by affixing the legend "CONFIDENTIAL" to each page containing any Protected Information.

(b)     In the case of electronically stored information in any form (including embedded data and metadata) (collectively, "Electronic Data"), by designating the Electronic Data as "CONFIDENTIAL" in a cover letter accompanying the production of the Electronic Data. Where feasible, counsel for the Producing Party will also mark the disk, tape or other electronic media on which the Electronic Data is produced with the appropriate designation. If a Party reduced Protected Electronic Data to hard copy form, it shall mark the hard copy with the appropriate designation. Whenever any Protected Electronic Data is copied, all copies shall be marked with the appropriate designation.

(c)     To the extent that a person described in Paragraph 6 creates, develops,

establishes, or otherwise maintains, on any computer, network, disk, tape, or other digital or analog machine-readable device, any information, files, databases or programs that contain Protected Information, such person shall take all necessary steps to ensure that access to any Protected Information is restricted to those persons who, by the terms of this Protective Order, are allowed access to such material.

(d) The inadvertent failure to stamp a document as "CONFIDENTIAL" shall not be deemed a waiver of a claim of protection under this Protective Order. The Producing Party shall give written notice to the Party receiving the Protected Information promptly after the omission is discovered, and the receiving Party shall thereafter treat those materials as "CONFIDENTIAL" in accordance with this Protective Order.

**10. Use of Protected Information at Depositions.**

During discussion of any non-documentary Protected Information during a deposition, or at any other point during the deposition or reasonably prior or subsequent to it, any Party may make oral note on the record noting the nature of the Protected Information. Upon such notice on record, the transcript of any deposition and all exhibits or attachments shall be considered Protected Information for thirty (30) days following the date of service of the final transcript by the Party that took the deposition. During that thirty (30) day period, any Party may designate

portions of the transcript as containing Protected Information. Only those portions of a transcript reflecting Protected Information may be so designated. If no such designations are made, then the entire transcript and exhibits will be considered unprotected.

**11.     Use of Protected Information at Trial or Hearings.**

The restrictions, if any, that will govern the use of Protected Information at trial or hearings will be determined at a later date by the Court, in consultation with the Parties if necessary.

**12.     No Waiver of Privilege.**

If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other ground for withholding production to which any Producing Party would otherwise be entitled. Any inadvertently produced privileged materials shall be returned promptly to the Producing Party upon request and all copies destroyed.

**13.     Modification of the Protective Order.**

This Protective Order may be modified by further stipulation of the Parties, subject to Court approval, and a Party may apply to the Court for relief from this Protective Order after giving notice to counsel of record and conferring with opposing counsel in an effort to reach agreement on any proposed modification.

**14. Copy of Protective Order Must Be Served With Any Subpoena.**

After this Protective Order is entered by the Court, a copy of this Protective Order shall be included with each subpoena served on any person or entity that is not a party to this Action. In addition, this Protective Order shall be sent to all persons or entities that received a subpoena prior to the entry of this Protective Order.

**15. Third Party Requests for Protected Information.**

If any person receiving Information covered by this Protective Order is served with party discovery or subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Information covered by this Protective Order, and such subpoena, document demand, or request seeks Information which was produced or designated as Confidential Information by the Producing Party, the person receiving the subpoena, document demand, or request shall give written notice immediately (no more than 2 business days after receipt) to counsel for the Producing Party and shall, to the extent permitted by law, withhold production of the Information until any dispute relating to the production of such Information is resolved.

**16. Court Retains Jurisdiction.**

This Protective Order shall survive the termination of this Action. This Court expressly retains jurisdiction over this Action for enforcement of the provisions of this Protective Order following the final resolution of this Action.

**17. Return or Destruction of Protected Information**

Within sixty (60) days of the termination of this Action, including all appeals,

all Protected Information supplied by any Producing Party, and all copies thereof, shall be returned to the Producing Party or shall be destroyed and their destruction certified. Notwithstanding this provision, the Parties' attorneys may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Information, provided that archival copies containing Confidential Information remain subject to this Protective Order.

**18.   Parties May Use Their Own Protected Information.**

Nothing in this Order shall affect a Party's use or disclosure of its own documents and records in any way.

**19.   Violation of the Protective Order.**

The Court shall have discretion to impose sanctions, including reasonable monetary fines, for violations of the provisions of this Order governing the protection of material that is designated as Confidential Information.

**20.   No Admission**

The designation of any information, documents or things pursuant to this Protective Order shall not, in and of itself, raise any inference as to the legal status of any information, documents or things marked for identification purposes or introduced in evidence at the trial of this action. Nothing herein, however, shall preclude the Producing Party from seeking "Confidential" treatment from the Court with respect to such information, documents or things or from raising any available objections.

This the 22nd day of February, 2023.

                                                                         Joe L. Webster
                                                 United States Magistrate Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:20-cv-00954-WO-JLW

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendants.

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

    I hereby certify my understanding that Information designated "CONFIDENTIAL" is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this Action by the United States District Court for the Middle District of North Carolina (the "Order"). I have read and understand the terms of the Order, I agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Middle District of North Carolina for the purposes of enforcement of the Order.

Dated:                                    Signature:

                                                Printed Name: