UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SEAL (ECF NO. 158)** |

In support of their Opposition to Plaintiff's Motion to Compel, Defendants filed hundreds of pages of exhibits, which they now seek to seal, that have nothing to do with the merits of Plaintiff's Motion. *See* ECF No. 158; *see also* ECF Nos. 159-8, 160. These documents should be stricken from the public docket as irrelevant, and the Motion to Seal should be denied.

Plaintiff's Motion to Compel requests that the Court hold Defendants to their discovery obligations to produce relevant, non-privileged documents responsive to Plaintiff's long-outstanding document requests. Halfway through discovery, Defendants *have not produced a single document*, other than Plaintiff's own hacked data.

Defendants' Motion to Seal is just the most recent effort by Defendants to obstruct and delay discovery. Defendants flout the rules

of discovery by attaching hundreds of pages of documents to their Opposition that are responsive to Plaintiff's discovery requests but that Defendants have failed to produce during discovery. Now, Defendants burden the Court with a motion to seal the very documents they should have turned over to Plaintiff long ago, and which they have no basis to seal. Defendants should be admonished not to use the judicial process to engage in gamesmanship, and the Court should strike the documents from the public record.

## ARGUMENT

As an initial matter, the documents Defendants seek to seal are irrelevant to Plaintiff's Motion and should be stricken from the docket pursuant to this Court's local rules. *See* Local Civ. R. 5.4(c)(4) (permitting the party objecting to sealing to make "contention[s] that the items to be sealed are irrelevant or should be stricken rather than unsealed."). Plaintiff's Motion seeks to compel production of relevant, non-privileged documents in this case. The documents Defendants attached to their Opposition do not support, or even relate in any way, to the legal arguments in their brief as to why they have failed to meet their discovery obligations. Defendants' response contains a five-page narrative that has nothing to do with Plaintiff's Motion to Compel and

2

over 200 pages of exhibits that do not begin to address even one issue presented in Plaintiff's Motion. Indeed, Defendants had no valid basis to file those exhibits other than to distract the Court from the core issue before it – Defendants' stonewalling of all discovery in this case – and the Court should therefore strike them from the docket as Local Rule 5.4 permits. *See id.*

Even if the documents were relevant, there is no basis to seal them. Courts disfavor sealing of documents. *See* Local Civ. R. 5.4 (noting sealing is disfavored); *see also Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) ("The common law presumes a right to inspect and copy judicial records and documents."). "The party seeking to overcome the presumption [must show] some significant interest that outweighs the presumption." *Virginia Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (cleaned up). Defendants have failed to show a significant interest favoring sealing here.

Once again, Defendants attempt to shield themselves from open discovery in this case by making a baseless confidentiality claim. Plaintiff has, for months, raised concerns regarding Defendants' overuse of confidentiality to withhold documents and gum up this litigation. *See, e.g.*, ECF No. 112, Pl.'s Resp. to Defs.' Mot. for Entry of Confidentiality

3

Protective Order at 1 ("Since the start of discovery, Defendants have made clear that they intend to designate essentially everything produced in this litigation as confidential, resulting in significant expense and waste of judicial resources."); ECF No. 163, Pl.'s Reply in Supp. Pl.'s Mot. to Compel at 8-9 (addressing Defendants' position that they cannot produce documents until a confidentiality order is formally entered because they have "***zero*** non-confidential, responsive documents in their own files").

The Local Rules disfavor filing unsupported or overly broad motions to seal, and the Court may issue sanctions for improper sealing efforts. *See* Local Civ. R. 5.4(a)(4). Plaintiff requests that the Court strike Defendants' irrelevant exhibits from the docket and consider sanctions for the cost Plaintiff has incurred to prepare and file this opposition to Defendants' Motion to Seal.[*]

---

[*] Every motion to seal in this action has been related to information that Defendants want to keep private. *See* ECF No. 99 (Defendants' Motion to Seal sensitive medical information); ECF No. 108 (Plaintiff's Motion to Seal sensitive information relating to Defendant Del Rosso); ECF No. 129 at 2 (Plaintiff's Memorandum in Support Motion to Seal financial information Defendants' bank records even though "[he] disagrees that the records are confidential or should be subject to the protective order"); ECF No. 158 (the at-issue Motion to Seal relating to the exhibits to Defendants' Opposition to Plaintiff's Motion to Compel); ECF Nos. 164, 168, 173 (Plaintiff's Motions to Seal exhibits containing excerpts of Mr. Del Rosso's deposition transcript, which Defendants wanted to keep fully confidential for 30 days).

# CONCLUSION

For the foregoing reasons, the Court should reject Defendants' Motion to Seal and strike the above-referenced documents from the public docket.

This, the 23d day of February, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

<u>/s/ Ripley Rand</u>
Ripley Rand
North Carolina State Bar No. 22275
Christopher W. Jones
North Carolina State Bar No. 27265
Jonathon Townsend
North Carolina State Bar No. 51751
555 Fayetteville Street, Suite 1100
Raleigh, N.C. 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email:   ripley.rand@wbd-us.com
              chris.jones@wbd-us.com
              jonathon.townsend@wbd-us.com

-and-

5

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren E. Briggerman (*pro hac vice*)
Joseph Rillotta (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email:  kbehre@milchev.com
        totoole@milchev.com
        lbriggerman@milchev.com
        jrillotta@milchev.com
        iherbert@milchev.com
        clee@milchev.com
        cmarden@milchev.com

*Counsel for Plaintiff*

## CERTIFICATE OF WORD COUNT

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This Response brief contains fewer than 6,250 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

*/s/ Ripley Rand*
Ripley Rand
Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-CV-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES,<br>INC.,<br><br>　　Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

　　Brandon S. Neuman, Esq.
　　John Branch, III, Esq.
　　Jeffrey M. Kelly, Esq.
　　Nathaniel J. Pencook, Esq.
　　NELSON MULLINS RILEY & SCARBOROUGH, LLP
　　301 Hillsborough Street, Suite 1400
　　Raleigh, NC 27603
　　brandon.neuman@nelsonmullins.com
　　jeff.kelly@nelsonmullins.com
　　nate.pencook@nelsonmullins.com
　　john.branch@nelsonmullins.com
　　Tel.: 919.329.3800
　　Fax.: 919.329.3799

1

Samuel Rosenthal, Esq.
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW, Suite 900
Washington, DC 20001
Tel.: 202-689-2951
Fax: 202-689-2860
sam.rosenthal@nelsonmullins.com

*Counsel for Defendants*

John Charles Quinn, Esq.
Kaplan Hecker & Fink LLP
350 Fifth Avenue
Ste. 63rd Floor
New York, NY 10118
Email: jquinn@kaplanhecker.com
Tel.: 212-763-0883
Fax.: 212-564-0883

Kearns Davis, Esq.
Daniel D. Adams, Esq.
Brooks Pierce McLendon Humphrey & Leonard LLP
PO Box 26000
Greensboro, NC 27420-6000
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com
Tel.:336-373-8850
Fax.: 336-378-1001

*Counsel for Dechert LLP*

Kieran Shanahan, Esq.
Shanahan Law Group
128 East Hargett Street, Suite 300
Raleigh, NC 27601
Tel.: 919-264-7515
Email: kieran@shanahanlawgroup.com

*Counsel for Shanahan Law Group*

Walter Clinton Holton , Jr.
Walter C. Holton, Jr., PLLC
857 W. Fifth Street
Winston-Salem, Nc 27101
336-777-3480
Fax: 336-722-3478
Email: wholton@walterholton.com

*Counsel for Christopher Swecker and Christopher Swecker Enterprises, LLC*

This, the 23d day of February, 2023.

          **WOMBLE BOND DICKINSON (US) LLP**

          /s/ *Ripley Rand*
          Ripley Rand
          North Carolina State Bar No. 22275
          555 Fayetteville Street, Suite 1100
          Raleigh, NC 27601
          Telephone:  (919) 755-8125
          Facsimile:  (919) 755-6752
          Email:     ripley.rand@wbd-us.com

          *Counsel for Plaintiff*