UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| FARHAD AZIMA, | |
|---|---|
| Plaintiff, | |
| v. | No. 1:20-cv-00954-WO-JLW |
| NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC., | |
| Defendants. | |

**REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFF'S SUBPOENA**

NOW COME non-parties Christopher Swecker and Chris Swecker Enterprises, LLC ("Swecker"), through undersigned counsel, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, and Local Rules 7.3(h) and 37.1, and submit this brief in Reply to Plaintiff's Response to Swecker's Motion to Quash. [Doc. 172],

**ARGUMENT**

In Plaintiff's Response brief, Plaintiff presents unfounded allegations of fact in complete disregard to the limited attorney-client relationship between Swecker and his clients, Del Rosso and Vital Management Services. [Swecker Affidavit, Ex. B]. Instead, <u>with no factual basis and with no cite or reference to any supporting document or evidence</u>, Plaintiff's brief improperly alleges that, "Swecker worked closely with Defendants and others-including Dechert-to obtain Plaintiff's stolen data. Based on Swecker's alleged role in this matter, Plaintiff served Swecker with a narrowly tailored

1

subpoena for documents related to his engagement by VMS." [Doc. 172, p. 2].

These allegations are drawn from thin air. The Complaint contains no such allegation against Swecker. In fact, the sole mention of Swecker in the Complaint is a single sentence that acknowledges his role as an attorney. "Del Rosso hired Chris Swecker, a North Carolina-based lawyer, to assist Defendants in their work for Gerrard and Dechert LLP." [Doc. 1, ¶ 13]. Moreover, the allegations of the remaining two counts of the Complaint contain no reference to Swecker at all. [Doc. 1, Counts Eight and Ten].

The subpoena issued by Plaintiff to Swecker is motivated by Plaintiff's failure to secure discovery from Defendants. Plaintiff's brief states this fact directly. "Moreover, given that Defendants have refused to produce *any* documents in their files relevant to any issues at all, including Swecker's representation, Swecker cannot simply outsource his disclosure responsibilities to Defendants." [Doc. 172, p. 5].

In support of this "outsource" theory, Plaintiff cites *EEOC v, New Hanover Reg'l Med. Ctr.*, No. 09-CV-00085, 2010 WL 4668957, at *2 (E.D.N.C. Nov. 9, 2010. However, in *EEOC v, New Hanover,* the EEOC as Plaintiff sought damages for emotional distress, among other damages, for a complainant to EEOC. *Id.* at *1. As Plaintiff, the EEOC moved to quash a subpoena issued by the defendant to a third-party medical provider who had treated the complainant. *Id.* <u>The third-party medical provider raised no objection to the subpoena.</u> *Id.* at *6. The Court held that Defendant was entitled to explore the claimant's complaints of emotional

2

Case 1:20-cv-00954-WO-JLW   Document 183   Filed 02/27/23   Page 2 of 6

distress damages by exploring her medical records, limited to a period of two years prior to the incident that might have caused such damage. *Id.* at *9-10.

The facts here are vastly different. As the third party affected and burdened by the breadth of the subpoena, as well as the attorney-client and attorney work product privileges implicated, Swecker moved to quash the subpoena based upon the numerous grounds set forth in the Memorandum in Support of the Motion to Quash. [Doc. 151]. In denying Plaintiff's previous attempt to issue similar third-party subpoenas prior to the Rule 26(f) Conference, this Court noted that Plaintiff's subpoenas "are broad in scope," requesting "all documents and communications" relating to the Plaintiff, Defendants, and numerous other individuals and entities over a seven-year period. [Doc. 30, p. 3]. "These subpoenas are not narrowly tailored enough for this factor to weigh in favor of Plaintiff." *Id.*

In fact, Plaintiff's subpoena to Swecker is even broader, requesting "all documents and communications" or "all communications" with or related to approximately 17 other persons or entities, all non-parties to the litigation, over an eight-year time period. (Doc. 151, Ex. A]. The subpoena issued by Plaintiff imposes an undue burden on Swecker that is disproportionate to the needs of Plaintiff in this case.

**CONCLUSION**

For the reasons set forth herein and in the previous Memorandum, Swecker respectfully requests that the Court quash the subpoena as overbroad and unduly

3

burdensome.

       Respectfully submitted this 27th day of February, 2023.

                              /s/ Walter C. Holton, Jr.
                              Walter C. Holton, Jr.
                              NCSB# 12698
                              HOLTON LAW FIRM, PLLC
                              857 W. Fifth Street
                              Winston-Salem, NC, 27101
                              (336) 777-3480
                              wholton@walterholton.com
                              *Attorney for Swecker*

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2023, I caused a copy of the foregoing document to be served via e-mail through the Court's ECF notification system upon the following:

Brandon S. Neuman
Jeffrey M. Kelly
John E. Branch III
Nathaniel J. Pencook
Samuel Rosenthal
Nelson Mullins Riley & Scarborough, LLP
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com

Jonathon D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP 555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com ripley.rand@wbd-us.com

Calvin Lee
Ian Herbert
Kirby D. Behre
Joseph Rillotta
Cody Marden
Brian A. Hill
Timothy P. O'Toole
Miller & Chevalier Chartered 900 16th Street, NW Washington, D.C. 20006
clee@milchev.com iherbert@milchev.com
kbehre@milchev.com
jrillotta@milchev.com
cmarden@milchev.com bhill@milchev.com
totoole@milchev.com

/s/ Walter C. Holton Jr.
Walter C. Holton, Jr.
NCSB#: 12698
HOLTON LAW FIRM, PLLC
857 W. Fifth Street
Winston-Salem, NC 27101
(336) 777-3480
wholton@walterholton.com
*Attorney for Swecker*

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11 that the accompanying memorandum does not exceed the 6,250-word limitation according to the word count feature of the word processing system used to prepare the memorandum.

Respectfully submitted this the 27th day of February, 2023.

<u>/s/ Walter C. Holton Jr.</u>
Walter C. Holton, Jr.
NCSB#: 12698
HOLTON LAW FIRM, PLLC
857 W. Fifth Street
Winston-Salem, NC 27101
(336) 777-3480
wholton@walterholton.com
*Attorney for Swecker*