UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>    v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DECHERT LLP** |

    Dechert LLP ("Dechert") is a co-conspirator and central figure in Plaintiff's claims for misappropriation of trade secrets and civil conspiracy and has significant relevant, non-privileged evidence that must be produced. *See* Answer ¶¶ 13, 15, ECF No. 86. For months, Dechert has refused to produce *any* documents in response to a valid subpoena and has refused to produce a witness for a Rule 30(b)(6) deposition. Dechert's approach is similar to the stonewalling Defendants have engaged in and appears to be part of a coordinated effort to block *all* discovery.

    Dechert does *not* deny that it has relevant evidence or testimony. Dechert instead summarily disclaims any obligation to respond to Plaintiff's subpoena by insisting that Plaintiffs should obtain responsive documents from Defendants, not Dechert. Of course, while Dechert and Defendants may have

1

2814310.2

some of the same documents, they also have different documents. Nonetheless, Defendants have refused to produce any documents.

Dechert also attempts to shield itself from its subpoena obligations by lobbing boilerplate burden objections and unfounded and unsubstantiated privilege claims without addressing the application of the crime fraud exception to any such assertions. Though Dechert relies on a blanket privilege assertion, its client has made clear that, in at least some instances, Dechert was acting outside of the scope of its representation and not engaging in privileged work. Ex. 1, ¶ 77AA.6 (Excerpts of UK Amended Defence of RAKIA). Yet Dechert ignores whether the specific information sought falls within a privilege.

Dechert's flagrant refusal to comply with its third-party discovery obligations also contradicts its stance in the UK litigation. It appears that Dechert has already taken substantial steps to collect and review potentially responsive documents in that litigation and plans to produce documents in the next few months. Any claims of undue burden therefore ring hollow, particularly given that the burden is on the party resisting discovery to justify subpoena non-compliance. *See SAS Inst., Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, No. 10–CV–101, 2011 WL 6370482, at *2 (E.D.N.C. Dec. 20, 2011).

Furthermore, Dechert's hypothetical and blanket privilege assertions lack foundation and do not justify a wholesale refusal to review and produce

2

responsive, non-privileged documents or, at minimum, a privilege log. Dechert is already doing that in the UK litigation and should do so here. As one example of Dechert's intransigence, Dechert claims its billing records are privileged, ignoring settled caselaw that billing records are generally not privileged. *Id.* at *3. Dechert's argument that Plaintiff's document requests would overburden a global law firm with an "exacting, page-by-page privilege review of . . . billing records" lacks merit. *See* ECF No. 176 at 2. This is precisely the type of review courts require in response to discovery requests. *See id.* Dechert should not be permitted to hide behind vague privilege claims anymore, especially without providing any evidence supporting the claim of undue burden.

For the reasons stated below and in Plaintiff's opening brief,[1] these objections do not justify Dechert's complete refusal to comply with a valid subpoena. The Court should order Dechert to produce responsive, non-privileged documents immediately and to provide a witness for 30(b)(6) testimony. To the extent that Dechert identifies potentially privileged documents, it should identify those in (and then produce) a privilege log accordingly.

---

[1] Dechert incorporates its arguments in support of its Motion to Quash Plaintiff's subpoena seeking 30(b)(6) deposition testimony. Plaintiff likewise incorporates its prior arguments by reference. *See* Pl.'s Resp. to Dechert's Mot. to Quash, ECF No. 148.

# ARGUMENT

Dechert's Opposition to Plaintiff's Motion to Compel fails to justify Dechert's refusal to produce a *single document or witness* in response to Plaintiff's subpoena for documents and a Rule 30(b)(6) deposition. Dechert is not some tangential third party – it is a co-conspirator and key witness in this case.

There is no question that Dechert has relevant, non-privileged documents and testimony. Indeed, Dechert has admitted in the UK that it has Plaintiff's stolen data. *See* ECF No. 148 n.1.[2] Documents and communications (including billing records, calendar invites, and visitor logs) about that data, how Dechert came to possess that data, and what it did with that data are clearly responsive. Dechert has collected and is in the process of reviewing documents in the UK case. The Court should order Dechert to comply with the subpoenas here for the following reasons.

***First***, Dechert makes a disingenuous burden argument in an attempt to avoid its subpoena obligations. The onus to overcome production obligations is on the party resisting discovery (even a third party), not on the party seeking to compel. *See SAS Inst., Inc.*, 2011 WL 6370482, at *2; *see also Carefirst of*

---

[2] Dechert could not argue otherwise. Defendant Del Rosso has already admitted that he provided Plaintiff's stolen data to Dechert. *See* ECF No. 132-2, ¶ 14; *see also* ECF No. 132-3 at 3.

4

*Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) (stating that discovery under the Federal Rules "is broad in scope and freely permitted"). In the UK litigation, Dechert has already begun collecting and reviewing, and will soon be producing, some of the very categories of documents Plaintiff seeks here. Given that it is already collecting and reviewing the documents, there is no undue burden on Dechert to produce them to Plaintiff in this case based on their review. *See Prosser v. State Farm Fire & Cas. Co.*, No. 20-CV-00240, 2021 WL 5284138, at *2 (E.D.N.C. Apr. 19, 2021) ("[A] claim of undue burden must be supported by an affidavit or evidence describing the process of obtaining the responsive documents or information and the time and expense involved."); *Ashmore v. Allied Energy, Inc.*, No. 8:14-CV-00227-JMC, 2016 WL 301169, at *3 (D.S.C. Jan. 25, 2016) (holding that party "cannot demonstrate that the document production to Plaintiff is unduly burdensome, unreasonable, or oppressive" because the producing party refused to present "cost/financial information").

**Second,** Dechert's sweeping and conclusory privilege claims lack merit and do not justify its refusing to produce responsive, non-privileged documents. The Federal Rules of Civil Procedure require that Dechert make privilege objections with specificity. Fed. R. Civ. P. 45(e)(2)(A) (requiring subpoena recipients to "expressly make" their privilege claims); *See Gonzalez-Rodriguez v. Gracia,* No. 5:21-CV-406-BO, 2023 WL 149978, at *2 (E.D.N.C. Jan. 10,

5

2023) (finding that third party's failure to provide a privilege log or "functional equivalent" prevented the plaintiffs and the Court from assessing privilege claims); *see also Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.,* No. CIV.A. 5:05CV41, 2006 WL 2715164, at *4 (N.D.W. Va. Sept. 22, 2006) ("Failure to timely produce a privilege log or the production of an inadequate privilege log may constitute a waiver of any asserted privileges."). Dechert has failed to offer any specificity in its objections, instead vaguely arguing that the subpoenas seek privileged information and refusing to engage in any meaningful dialogue about the precise confines of the purported privilege and what categories of documents purportedly fall within the privilege.

Regardless, any privilege claim should be approached with skepticism. Dechert asserts that its privilege claims arise from its former representation of Ras Al Khaimah ("RAK"), ECF No. 176 at 2, but RAK has already disavowed at least some of Dechert's conduct as being "outside the scope of the Dechert Retainer and instructions." Ex. 1, ¶ 77AA.6. RAK has stated that they were not made aware of Dechert's conduct with regard to certain clandestine meetings, and thus "[n]o legal privilege attaches." *Id*. RAK has also publicly accused Dechert of betraying RAK, suggesting that at least some of Dechert's conduct was not authorized by RAK and was in fact taken "to advance their own interests for their own gains" – and therefore would not be privileged.

6

2814310.2

ECF No. 144-1 (Letter from RAKIA to U.K. Court (June 22, 2022)).[3] Accordingly, any privilege claims concerning RAK must be scrutinized to assess (1) whether relevant communications were for the purpose of obtaining or conveying *bona fide* legal advice; and (2) whether the crime fraud exception to attorney-client privilege applies. *See Amusement Indus., Inc. v. Stern*, 293 F.R.D. 420, 426 (S.D.N.Y. 2013) (exception requires "a showing . . . to believe that a fraud or crime has been committed" and "that the [privileged] communications . . . were in furtherance of the fraud or crime"). None of this analysis can be done until Dechert attempts to carry its burden and asserts any relevant privilege claims with the required specificity.

**Third**, Dechert misreads *SAS Institute, Inc.*, to argue that it may refuse to produce non-privileged billing records relevant to Plaintiff's claims.[4] *SAS Institute* is clear that billing records are presumptively non-privileged. *See*

---

[3] RAK has stated that it "may have been the victim of dishonest and unscrupulous former third-party advisers [*i.e.*, Dechert and its partner Neil Gerrard] who have taken steps to advance their own interests for their own gains, and at RAKIA's expense." ECF No. 144-1 (Letter from RAKIA to U.K. Court (June 22, 2022)).

[4] Dechert argues Plaintiff "principally" disputes the applicability its privilege claims only as to billing records. ECF No. 176. Billing records are a prime example of non-privileged information within Dechert's possession, custody, and control, but Plaintiff expects that Dechert possesses other categories of non-privileged information as well. Some of the other categories of non-privileged information that Plaintiff requested and expects that Dechert possesses include calendar entries, engagement letters, and visitor logs.

2011 WL 6370482, at *3 ("Typically, the attorney-client privilege does not extend to billing records and expense reports.") (citations omitted). If such billing records could contain privileged material, the burden in withholding such information from production remains on Dechert. *See id.* at *2; *see also Carefirst of Md., Inc.*, 334 F.3d at 402. Dechert cannot meet this burden merely by reciting that producing relevant documents would require them to review documents for privilege. That would be true in any case with any party, and Dechert is or should be already engaging in that exercise as part of its discovery obligations in the UK case. Dechert admits that it can redact billing entries to the extent they reflect litigation strategy or research.[5] Moreover, the Court recently entered a Protective Order, ECF No. 177, which, per *SAS Institute*, may address Dechert's concerns about confidentiality. *See* 2011 WL 6370482, at *6.

In all events, where Dechert asserts the attorney-client privilege or attorney work product doctrine, it must produce a privilege log identifying the documents and communications Dechert is withholding and sufficient information about those documents and communication to allow the Court and

---

[5] The information that can be withheld from billing records is also limited. For example, if the records reveal "no more than the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed, such information is not protected from disclosure." *SAS Inst., Inc.*, 2011 WL 6370482, at *6 (citation and internal quotation marks omitted).

8

Plaintiff to assess Dechert's claims. *See, e.g.*, *SAS Inst., Inc.*, 2011 WL 6370482, at *6 ("While such requests are overly broad and improperly seek substantive information plainly protected by attorney-client privilege and the attorney work product doctrine, to the extent such documents exist, Defendants are ordered to list them on a privilege log in accordance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure."). This, too, is critical to adjudicating privilege claims and is therefore an essential element of Dechert's subpoena compliance.

**Fourth**, Dechert's attempt to justify its failure to comply with a valid subpoena by claiming Plaintiff can obtain documents from Defendants is nonsensical. As Dechert appears to acknowledge, ECF No. 176 at 2-3, Defendants have only produced the records that were stolen from Plaintiff, and the documents Dechert possesses are likely to be very different from those of Defendants. Dechert possesses unique documents and information, which Plaintiff cannot obtain from Defendants or any other party. As noted above, the collection, review, and production of records by Dechert is well under way in the UK case, so any burden will be minimal. Finally, the concerted obstruction of discovery by Defendants, Dechert, and other affiliated third parties makes it all the more critical that Plaintiff be permitted to obtain evidence via third-party subpoena.

9

When presented with reasonable discovery requests, it is unacceptable for any subpoenaed party (including a global law firm) to produce *nothing*. *See, e.g., E.E.O.C. v. New Hanover Reg'l Med. Ctr.*, No. 09-CV-00085, 2010 WL 4668957, at *2 (E.D.N.C. Nov. 9, 2010) (allowing discovery into related requests sent to both party and third party, in part, because the requests did not seek identical documents). Instead of turning the page on the disgraceful conduct spearheaded by its former partner, Neil Gerrard, Dechert compounds those wrongs by flouting the Federal Rules of Civil Procedure and this Court's Orders in order to shield this misconduct from discovery. This obstruction should not stand.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's Motion to Compel and order Dechert to produce responsive, non-privileged documents immediately. To the extent that Dechert asserts privilege claims, the Court should require Dechert to identify the documents and grounds for privilege with specificity, to produce a privilege log, and to explain why the crime fraud exception does not apply. The Court should also order Dechert to designate a witness for 30(b)(6) testimony as required by the Rules.

10

Case 1:20-cv-00954-WO-JLW Document 185 Filed 02/28/23 Page 10 of 16

This, the 28th day of February, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand*
Ripley Rand
North Carolina State Bar No. 22275
Christopher W. Jones
North Carolina State Bar No. 27265
Jonathon Townsend
North Carolina State Bar No. 51751
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email:   ripley.rand@wbd-us.com
         chris.jones@wbd-us.com
         jonathon.townsend@wbd-us.com


-and-

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren E. Briggerman (*pro hac vice*)
Joseph Rillotta (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com
Email: totoole@milchev.com
Email: lbriggerman@milchev.com
Email: jrillotta@milchev.com
Email: iherbert@milchev.com
Email: clee@milchev.com
Email: cmarden@milchev.com

*Counsel for Plaintiff*

# CERTIFICATE OF WORD COUNT

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This memorandum contains fewer than 3,125 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

*/s/ Ripley Rand*
Ripley Rand
Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-CV-954-WO-JLW

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and
VITAL MANAGEMENT
SERVICES, INC.,

    Defendants.

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

Brandon S. Neuman, Esq.
John Branch, III, Esq.
Jeffrey M. Kelly, Esq.
Nathaniel J. Pencook, Esq.
NELSON MULLINS RILEY & SCARBOROUGH, LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
john.branch@nelsonmullins.com
Tel.: 919.329.3800
Fax.: 919.329.3799

14

2814310.2

Samuel Rosenthal
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW, Suite 900
Washington, DC 20001
Tel.: 202-689-2951
Fax: 202-689-2860
sam.rosenthal@nelsonmullins.com

*Counsel for Defendants*

John Charles Quinn
Kaplan Hecker & Fink LLP
350 Fifth Avenue, Ste. 63rd Floor
New York, NY 10118
Email: jquinn@kaplanhecker.com
Tel.: 212-763-0883
Fax.: 212-564-0883

Kearns Davis
Daniel D. Adams
Brooks Pierce McLendon Humphrey & Leonard LLP
PO Box 26000
Greensboro, NC 27420-6000
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com
Tel.:336-373-8850
Fax.: 336-378-1001

*Counsel for Dechert LLP*

Kieran J. Shanahan
Shanahan Law Group
128 E. Hargett Street, Suite 300
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
kieran@shanahanlawgroup.com

*Counsel for Shanahan Law Group PLLC*

Walter C. Holton, Jr.
Holton Law Firm, PLLC
857 West Fifth Street
Winston-Salem, NC 27101
Email: wholton@walterholton.com
Tel.: 336-777-3480
Fax.: 336-722-3478

*Counsel for Christopher Swecker and Christopher Swecker Enters. LLC*

This, the 28th day of February, 2023.

        **WOMBLE BOND DICKINSON (US) LLP**

        /s/ *Ripley Rand*
        Ripley Rand
        North Carolina State Bar No. 22275
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone: (919) 755-8125
        Facsimile: (919) 755-6752
        Email: ripley.rand@wbd-us.com

        *Counsel for Plaintiff*