# Exhibit 1

| | |
|---|---|
| **From:** | Jones, Christopher |
| **To:** | John Branch; Marden, Cody |
| **Cc:** | Townsend, Jonathon; O"Toole, Timothy; Lee, Calvin; Rillotta, Joseph; Briggerman, Lauren; Behre, Kirby; Herbert, Ian; Rand, Ripley; Alex Bradley; Jeff Kelly; Nate Pencook; Matt Gorga; Sam Rosenthal |
| **Subject:** | RE: Azima v. Del Rosso et al. - Request for Meet and Confer |
| **Date:** | Monday, February 27, 2023 3:26:10 PM |
| **Attachments:** | image001.png<br>image106649.png<br>image264235.png<br>image093401.png<br>image487537.png |

John,

Thanks for your email. Unfortunately, the tardiness in Defendants' response to our M&C request has created some time-sensitivity for Plaintiff. Presently, we intend to file our motion tomorrow, unless the parties can work out our differences—meaning unless Defendants withdraw a large percentage of their A-C privilege objections and agree to reconvene the deposition. Our view is that an assertion of attorney-client privilege and an instruction to not answer questions in depositions is atypical and should be advanced with great care and only where appropriately supported on the record; that such objections block whole lines of inquiry; that Defendants needed to have (and to articulate) a proper basis for the assertion/instruction each time, and that it is Defendant's burden to review each assertion and conclude whether the assertion was appropriate. Plaintiff's position is that Defendants did not adequately assert attorney-client privilege with respect to any deposition question that was posed (as is Defendant's burden), because Defendants did not provide the specificity of information/evidence necessary to rely upon an assertion of attorney-client privilege—where the burden is on the Defendants to demonstrate following to the extent they result in a specific privilege including: (1) specific engagement terms (to include both the subject of the engagement itself and the temporal scope of the engagement; (2) invoices indicating that the work performed that was the subject of questions was billed to Dechert; (3) information sufficient to demonstrate that Dechert was acting on behalf of RAK and not acting in its own interest (or Mr. Gerrard's interest)—which was called into question by Mr. Del Rosso's testimony; (4) information sufficient to demonstrate that the engagement and acts directed and/or undertaken was/were for lawful purposes; and (5) information sufficient to

demonstrate that VMS/Del Rosso were (at all times) acting on specific instruction emanating from RAK. In the event that Defendants are inclined to provide and do provide the foregoing information by COB tomorrow in connection with each assertion of privilege and each instruction, Plaintiff will consider the information. However, and in any event, Plaintiff understood Defendants to state that they object to re-convening Mr. Del Rosso's deposition (regardless of the outcome of any M&C). To the extent Defendants have reconsidered that position, please let us know today.

Best,

CJ


**Christopher Jones**
Partner
Womble Bond Dickinson (US) LLP

**d:** 919-755-8173
**m:** 919-630-1102
**e:** Chris.Jones@wbd-us.com

555 Fayetteville Street
Suite 1100
Raleigh, NC, 27601



**womblebonddickinson.com**

  

**From:** John Branch <john.branch@nelsonmullins.com>
**Sent:** Monday, February 27, 2023 12:25 PM
**To:** Marden, Cody <cmarden@milchev.com>
**Cc:** Townsend, Jonathon <Jonathon.Townsend@wbd-us.com>; Jones, Christopher <Chris.Jones@wbd-us.com>; O'Toole, Timothy <TOtoole@milchev.com>; Lee, Calvin <clee@milchev.com>; Rillotta, Joseph <jrillotta@milchev.com>; Briggerman, Lauren <lbriggerman@milchev.com>; Behre, Kirby <kbehre@milchev.com>; Herbert, Ian <iherbert@milchev.com>; Rand, Ripley <Ripley.Rand@wbd-us.com>; Alex Bradley <alex.bradley@nelsonmullins.com>; Jeff Kelly <jeff.kelly@nelsonmullins.com>; Nate Pencook <nate.pencook@nelsonmullins.com>; Matt Gorga <matt.gorga@nelsonmullins.com>; Sam Rosenthal <sam.rosenthal@nelsonmullins.com>
**Subject:** RE: Azima v. Del Rosso et al. - Request for Meet and Confer

External (john.branch@nelsonmullins.com)

Report This Email   FAQ

Cody,

Apologies for the late response, as I was out of the office last week. With regard to Plaintiff filing a Motion to Compel seeking additional testimony from Mr. Del Rosso, there was certainly a back-and-forth on the record which speaks for itself. However, in furtherance of the meet-and-confer process and to attempt to narrow any issues raised in Plaintiff's Motion to Compel, we request that Plaintiff provide the following information:

- With regard to Plaintiff seeking to compel Mr. Del Rosso to answer questions as to which a privilege was asserted, are there any particular questions you can identify which we can review with an eye to seeing whether there is any area as to which testimony would be appropriate?

- If you are not willing to identify particular questions where you contend privilege was being improperly asserted, can you identify particular areas of examination?

- Assuming you agree that VMS was acting on instructions from Dechert, can you identify any questions which you believe Mr. Del Rosso failed to answer which would overcome an assertion of privilege?

Thanks,

John Branch



**JOHN E. BRANCH III  PARTNER**
john.branch@nelsonmullins.com
**301 HILLSBOROUGH STREET | SUITE 1400**
**RALEIGH, NC 27603**
T **919.329.3828**   F **919.329.3799**
**NELSONMULLINS.COM**    **VCARD**   **VIEW BIO**

---

**From:** Marden, Cody <cmarden@milchev.com>
**Sent:** Wednesday, February 22, 2023 2:20 PM
**To:** John Branch <john.branch@nelsonmullins.com>
**Cc:** Townsend, Jonathon <Jonathon.Townsend@wbd-us.com>; Jones, Christopher <Chris.Jones@wbd-us.com>; O'Toole, Timothy <TOtoole@milchev.com>; Marden, Cody <cmarden@milchev.com>; Lee, Calvin <clee@milchev.com>; Rillotta, Joseph <jrillotta@milchev.com>; Briggerman, Lauren <lbriggerman@milchev.com>; Behre, Kirby <kbehre@milchev.com>; Herbert, Ian <iherbert@milchev.com>; Rand, Ripley <Ripley.Rand@wbd-

us.com>; Alex Bradley <alex.bradley@nelsonmullins.com>; Jeff Kelly <jeff.kelly@nelsonmullins.com>; Nate Pencook <nate.pencook@nelsonmullins.com>; Matt Gorga <matt.gorga@nelsonmullins.com>; Sam Rosenthal <sam.rosenthal@nelsonmullins.com>
**Subject:** Azima v. Del Rosso et al. - Request for Meet and Confer

◀**External Email**▶ - From: cmarden@milchev.com

Hi John –

We write to request a meet and confer regarding Plaintiff's projected motion to compel further deposition testimony from Mr. Del Rosso. We think the parties adequately discussed the basis for Plaintiff's motion during the deposition. If a further meet and confer would be productive, however, would you or someone from your team be available later this afternoon?

Thank you,
Cody

**CODY MARDEN**

Senior Associate | Miller & Chevalier Chartered

900 16th Street NW | Black Lives Matter Plaza | Washington, DC 20006

cmarden@milchev.com | 202.626.1495 | millerchevalier.com

\* \* \*

This electronic message contains information which may be legally confidential and/or privileged. The information is intended solely for the individual or entity named above and access by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.