UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTIONS TO COMPEL FURTHER DEPOSITION TESTIMONY AND FOR AN EXPEDITED AND CONSOLIDATED HEARING AND SHORTENED RESPONSE TIMELINE** |

At his deposition, Defendant Nicholas Del Rosso ("Del Rosso") refused to answer substantive questions posed by Plaintiff's counsel following his counsel's baseless instructions not to answer them. Del Rosso's refusal to answer questions prevented Plaintiff from obtaining critical discovery and wasted Plaintiff's valuable resources and time. Plaintiff attempted to depose Del Rosso on February 13 and 14, 2023.[1] But, as previewed in Plaintiff's Response to Defendants' Motion for a Protective Order, *see* ECF No. 167,[2] Del Rosso and his counsel impeded his deposition by objecting to questions on

---

[1] Del Rosso's deposition was broken into two days at his request.

[2] The arguments in the instant Motion to Compel substantially overlap with Plaintiff's Response to Defendant's Motion for a Protective Order (ECF No. 167). Plaintiff therefore incorporates the arguments from his Response by reference here, and briefly restates the most relevant points here.

1

2813896.6

relevance grounds hundreds of times, with his counsel inappropriately instructing Del Rosso not to answer questions seeking non-privileged information. Del Rosso's counsel also instructed his client not to answer on privilege grounds around 65 times, despite the fact that the questions sought factual, non-privileged information. This conduct violates Federal Rules of Civil Procedure and Local Rules prohibiting counsel from instructing a witness not to answer questions except on very narrow grounds that do not apply here. *See* Fed. R. Civ. P. 30(c)(2); Local Civ. R. 30.1. It also exemplifies Defendants' ongoing strategy to obstruct and delay discovery at every turn by forcing Plaintiff to seek an order from the Court requiring Del Rosso to provide responses to questions he should have answered at his deposition. *See* Fed. R. Civ. P. 30(d)(1).[3]

Based on Del Rosso's repeated refusal to answer questions seeking non-privileged information, the Court should order Del Rosso to sit for an additional three hours of deposition time to answer those questions and any additional questions that relate to the testimony he gives in response to those

---

[3] On February 22, 2023, Plaintiff's counsel emailed Del Rosso's counsel and requested to meet and confer regarding Del Rosso's deficient deposition testimony. His counsel responded on February 27, 2023, but did not address any of the outstanding questions regarding privilege.

2

2813896.6
Case 1:20-cv-00954-WO-JLW Document 189 Filed 03/01/23 Page 2 of 15

questions.[4]  To the extent that counsel instructs his client not to answer questions, counsel must articulate with specificity what the privilege is and why the testimony Plaintiff's counsel seeks to elicit is privileged.  Plaintiff also requests that the Court sanction Del Rosso and his attorney by requiring them to pay the legal fees Plaintiff incurred in attempting to depose him.  Fed. R. Civ. P. 30(d)(2).

## ARGUMENT

Courts must allow additional deposition time where a deposition has been impeded.  Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."); *see also Cunningham v. Wells Fargo N.A.*, No. 19-CV-00528, 2022 WL 1177166, at *1 (W.D.N.C. Apr. 20, 2022) (ordering a new 7-hour deposition where conduct impeded, delayed, and frustrated the fair examination of the witness).  Such additional time is required here.  The Federal Rules of Civil Procedure and the Local Rules of the Middle District of North Carolina require a deponent to answer all non-privileged questions

---

[4] This should be in addition to the unused time that remains in Del Rosso's seven-hour deposition, which would not be limited to the questions Del Rosso refused to answer or related follow-up questions.

2813896.6

absent a court's direction limiting evidence.[5] *See* Fed. R. Civ. P. 30(c)(1); Local Civ. R. 30.1. Del Rosso and his counsel failed to abide by these rules. In addition, the North Carolina Professional Rules of Conduct prohibit counsel from instructing a client not to obey the Court's rules. *See* N.C. R. Prof. Resp. 3.4(c) ("A lawyer shall not . . . knowingly disobey or advise a client . . . to disobey an obligation under the rules of a tribunal, except a lawyer acting in good faith may take appropriate steps to test the validity of such an obligation . . . .").

Notwithstanding the fact that there is no order limiting the scope of discovery in this case, Del Rosso and his counsel obstructed his deposition with continuous objections and unfounded instructions not to answer questions. During the deposition, Del Rosso's counsel lodged objections more than 400 times in total. These objections were unjustified and often frivolous. For example, Del Rosso's counsel frequently instructed his client not to answer questions seeking non-privileged information and raised numerous, improper relevance objections. The privilege objections in particular prevented Plaintiff from obtaining relevant testimony because, repeatedly, Del Rosso took his counsel's purportedly conditional instructions – not to answer to the extent the

---

[5] Plaintiff notes that the Court has issued no such limitation here. Indeed, the Court's pretrial Order dictates the following scope of discovery: "[d]iscovery will be conducted on the operative allegations and claims contained in Plaintiff's Complaint, the denials and defenses raised in Defendant's Answer, and all other relevant matters within the scope of Fed. R. Civ. P. 26 . . . ." ECF No. 93 at 1-2.

question called for privileged information – as a direction not to answer at all, even when the question clearly called for factual, non-privileged information.

***First***, Del Rosso's counsel instructed his client not to answer questions approximately 65 times on the basis of privilege without any basis to do so. *See, e.g.*, ECF No. 170 at 143:1-144:9, 159:1-17, 162:17-21, 191:22-193:17. Many of these instructions were inappropriate because the questions sought non-privileged and factual information that is discoverable. *Id.* Courts are clear that "[i]t cannot be assumed . . . that the only relevant information [a deponent] possesses is privileged." *Chevron Corp. v. Donziger*, No. 11-cv-0691, 2013 WL 1896932, at *2 (S.D.N.Y. May 7, 2013). Indeed, Plaintiff had "the right to develop the record" by seeking Del Rosso's knowledge and, "where an objection is lodged, ask[] the questions that will help determine whether the privilege is properly asserted." *Id.* Yet Del Rosso's counsel instructed him not to answer questions seeking information about, among other things, whether he received devices from other individuals involved in the conspiracy against Plaintiff, whether Del Rosso was paying for his legal expenses out of pocket, and whether Plaintiff Azima's data was ever discussed with Dechert. *See, e.g.*, ECF No. 170 at 143:1-144:9, 159:1-17, 162:17-21, 191:22-193:17; see also Ex. 2 (additional excerpts from deposition transcript). Most of the questions posed to Del Rosso were "Yes" or "No" questions regarding specific factual points or were seeking Del Rosso's general description of an event – the kind of information

5

that Defendants are required to provide, but have not provided, in a privilege log description field whenever a privilege is claimed. *Id.*[6]

In just one more example, Del Rosso's counsel objected more than 10 times to questions about the legal fees incurred by Defendants, *see* Ex. 2, even though Defendants' Answer requests that "the costs of this action be taxed to Plaintiff." ECF No. 86 at 31. Defendants' counsel instructed Del Rosso not to answer questions such as "Are you seeking reimbursement or payment of legal fees relating to Nelson Mullins?" and "Are you seeking reimbursement for or payment of legal fees owed to Chris Swecker?" These questions clearly do not call for information protected by the attorney-client privilege and it was inappropriate for counsel to stonewall this entire line of questioning. Similarly, Defendants' counsel instructed Del Rosso not to answer the following question purportedly based on attorney-client privilege: "Was all the money that was paid to the Shanahan Law Group for legal services provided

---

[6] Defendants' counsel used instructions not to answer (which were sometimes phrased conditionally) as a way to guide the witness, even when there was no basis for a privilege objection. For example, at one point, counsel instructed Del Rosso not to answer a question regarding what Del Rosso did with a laptop that contained relevant data. Counsel said, "To the extent that what he did with the laptop was based on an instruction from RAK's firm Allen & Overy, I would instruct him not to answer on that basis." Ex. 2 at 365-66. However, when asked "other than pass it along to Allen & Overy, did you do anything else?" the answer from Del Rosso was "No." Thus, what Del Rosso did with the laptop could not have been privileged.

6

2813896.6

Case 1:20-cv-00954-WO-JLW Document 189 Filed 03/01/23 Page 6 of 15

to you?" Defendants' counsel persisted with the improper instruction not to answer even after it was reiterated that the question was not asking what the legal services were – just whether payments were made for something other than legal services, such as payments to witnesses, which would not be privileged.

Ultimately, Defendant Del Rosso and his counsel unfairly prevented Plaintiff from obtaining basic, factual answers to legitimate questions about discoverable information. The Court should order Del Rosso to answer the non-privileged questions he refused to answer so that Plaintiff can elicit discoverable, non-privileged information. Further, to the extent Defendants claim a privilege, the Court should order Defendants to assert their claim with sufficient specificity that it may be properly adjudicated by the Court and Plaintiff.[7] *See, e.g.,* Fed. R. Civ. P. 26(b)(5)(A).

***Second***, Del Rosso's counsel objected over 150 times on the basis that a question was outside the scope of discovery. *See, e.g.*, ECF No. 170 at 45:1-21; 55:15-19; 153:2-154:23 (Excerpts of Nicholas Del Rosso Dep. Tr. (Feb. 13, 2023)

---

[7] Because Defendants' privilege claims are dubious, Plaintiff incorporates his argument stated at Del Rosso's deposition. *See* ECF No. 167 at 9-11, 13-15. Del Rosso testified that some of his work involved providing protective services (in other words, bodyguards) to his co-conspirators, and counsel instructed Del Rosso not to answer follow-up questions on privilege grounds. It is inconceivable that the provision of bodyguard services should be shielded from discovery by the attorney-client privilege.

7

2813896.6

Case 1:20-cv-00954-WO-JLW   Document 189   Filed 03/01/23   Page 7 of 15

(filed under seal)). These objections were invalid. *See Gobena v. CourierNet Inc.*, No. 20-CV-00290, 2021 WL 1917132, at *3 (W.D.N.C. Feb. 24, 2021), *report and recommendation adopted*, 2022 WL 301536 (W.D.N.C. Feb. 1, 2022) (objections that questions were "outside the scope of the Court's limited discovery Order" were "not valid"); *see also Ali v. WorldWide Language Res., LLC*, No. 5:20-CV-00638-D, 2022 WL 16727110, at *1 (E.D.N.C. Nov. 4, 2022) ("[N]either irrelevance nor vague privacy interests lie within the protected class of objections"). The repeated litany of unjustified objections created delay and confusion and eroded Plaintiff's deposition time. The Federal Rules of Civil Procedure entitle Plaintiff to broad discovery on his claims, Defendants' defenses, and any other information that might lead to the discovery of admissible information. *See, e.g.*, *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Through their unfounded and untimely relevance objections, Defendants have once again ignored the Federal Rules of Civil Procedure and the Local Rules in their quest to impede and delay discovery in this matter.

Defendants did not object to Plaintiff's deposition questions in an effort somehow to preserve their rights. The Federal Rules of Civil Procedure expressly state that "[a]n objection . . . to the competence, relevance, or materiality of testimony . . . is not waived by a failure to make the objection before or during the deposition." Fed. R. Civ. P. 32(d)(3). These objections were

8

2813896.6

Case 1:20-cv-00954-WO-JLW   Document 189   Filed 03/01/23   Page 8 of 15

only intended to waste valuable deposition time, obscure the record, and potentially coach the witness. Fed. R. Civ. P. 30(c)(2) ("An objection must be stated concisely in a nonargumentative and *nonsuggestive* manner.") (emphasis added). The Court should award Plaintiff additional time to examine Del Rosso to correct the time Plaintiff lost on the record.

**Third,** Del Rosso refused to answer substantive questions to obstruct discovery in this case. Furthermore, Del Rosso admitted in his deposition that he has custody or control over a vast array of responsive documents relevant to this case, such as: emails, reports, invoices, bank records, and records related to a project focused in part on Plaintiff. *See* ECF No. 163, Exs. 1, 2. And yet *none* of these non-privileged documents have been produced, despite the fact that they clearly are responsive to Plaintiff's discovery requests. Del Rosso's failure to produce this information frustrated Plaintiff's effort to depose Del Rosso and has thwarted Plaintiff from developing his case. Defendants must produce these non-privileged, responsive documents forthwith so that Plaintiff can question Del Rosso about the documents at his deposition.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court order Del Rosso to sit for an additional three hours of deposition testimony to respond to the questions he refused to answer and any related questions that stem therefrom. To the extent that Del Rosso's counsel asserts privilege claims and

9

instructs his client not to answer questions on the basis of privilege, defense counsel must follow the Rules and articulate on the record: (1) what the privilege is, and (2) why the information elicited is covered by privilege so that Plaintiff can determine whether to challenge the claim. Plaintiff also requests that the Court order Defendants to pay Plaintiff's legal fees and costs incurred from Plaintiff's initial efforts to take Del Rosso's deposition. Based on the upcoming scheduled hearing on similar issues, Plaintiff respectfully requests that the Court expedite this matter, shorten the time for Defendants to respond to Monday, March 6, 2023, at 12:00 p.m., and address the issues presented in this Motion at the hearing on Tuesday, March 7, 2023.

This, the 1st day of March, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand*
Ripley Rand
North Carolina State Bar No. 22275
Christopher W. Jones
North Carolina State Bar No. 27265
Jonathon Townsend
North Carolina State Bar No. 51751
555 Fayetteville Street, Suite 1100
Raleigh, N.C. 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: ripley.rand@wbd-us.com
chris.jones@wbd-us.com
jonathon.townsend@wbd-us.com

-and-

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren E. Briggerman (*pro hac vice*)
Joseph Rillotta (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email:  kbehre@milchev.com
totoole@milchev.com
lbriggerman@milchev.com
jrillotta@milchev.com
iherbert@milchev.com
clee@milchev.com
cmarden@milchev.com

*Counsel for Plaintiff*

## CERTIFICATE OF WORD COUNT

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This Response contains fewer than 6,250 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

*/s/ Ripley Rand*
Ripley Rand
Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES,<br>INC.,<br><br>　　Defendants. | **CERTIFICATE OF SERVICE** |

　　I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

　　Brandon S. Neuman, Esq.
　　John Branch, III, Esq.
　　Jeffrey M. Kelly, Esq.
　　Nathaniel J. Pencook, Esq.
　　NELSON MULLINS RILEY & SCARBOROUGH, LLP
　　301 Hillsborough Street, Suite 1400
　　Raleigh, NC 27603
　　brandon.neuman@nelsonmullins.com
　　jeff.kelly@nelsonmullins.com
　　nate.pencook@nelsonmullins.com
　　john.branch@nelsonmullins.com
　　Tel.: 919.329.3800
　　Fax.: 919.329.3799

2813896.6

Samuel Rosenthal, Esq.
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW, Suite 900
Washington, DC 20001
Tel.: 202-689-2951
Fax: 202-689-2860
sam.rosenthal@nelsonmullins.com

*Counsel for Defendants*

John Charles Quinn, Esq.
Kaplan Hecker & Fink LLP
350 Fifth Avenue
Ste. 63rd Floor
New York, NY 10118
Email: jquinn@kaplanhecker.com
Tel.: 212-763-0883
Fax.: 212-564-0883

Kearns Davis, Esq.
Daniel D. Adams, Esq.
Brooks Pierce McLendon Humphrey & Leonard LLP
PO Box 26000
Greensboro, NC 27420-6000
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com
Tel.:336-373-8850
Fax.: 336-378-1001

*Counsel for Dechert LLP*

Kieran Shanahan, Esq.
Shanahan Law Group
128 East Hargett Street, Suite 300
Raleigh, NC 27601
Tel.: 919-264-7515
Email: kieran@shanahanlawgroup.com

*Counsel for Shanahan Law Group*

Walter Clinton Holton, Jr.
Walter C. Holton, Jr., PLLC
857 W. Fifth Street
Winston-Salem, NC 27101
336-777-3480
Fax: 336-722-3478
Email: wholton@walterholton.com

*Counsel for Christopher Swecker and Christopher Swecker Enterprises, LLC*

This, the 1st day of March, 2023.

       **WOMBLE BOND DICKINSON (US) LLP**

       /s/ *Ripley Rand*
       Ripley Rand
       North Carolina State Bar No. 22275
       555 Fayetteville Street, Suite 1100
       Raleigh, NC 27601
       Telephone:  (919) 755-8125
       Facsimile:  (919) 755-6752
       Email:  ripley.rand@wbd-us.com

       *Counsel for Plaintiff*