UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:20-cv-00954-WO-JLW

FARHAD AZIMA,

        Plaintiff,

v.

NICHOLAS DEL ROSSO and
VITAL MANAGEMENT SERVICES,
INC.,

        Defendants.

**JOINT REPORT ON PENDING MOTIONS TO SEAL**

Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. (collectively, "Defendants"), along with Plaintiff Farhad Azima ("Azima") (together with Defendants, the "Parties"), hereby submit this Joint Report on the pending motions to seal in this matter.

The Parties have met and conferred on the pending Motions to Seal, and have set forth their positions below:

1. Plaintiff's Motion to Seal Exhibit A to Declaration of Calvin Lee (D.E. 128).

   a. **Redacted Version**: D.E. 126-1

   b. **Sealed Unredacted Version**: D.E. 127.

   c. **Defendants' Position**: This is a summary of PNC Bank records of Defendants. Defendants' PNC Bank records were produced by PNC in response to a subpoena, and Defendants designated the PNC Bank records confidential under the Protective Order by

virtue of being "confidential financial records." Moreover, the summary contains Defendants' confidential and financial business information that is not relevant to Plaintiff's claims. Defendants' work, by its nature, is confidential, is considered and treated as confidential by Defendants and Defendants' clients, and its public disclosure would harm Defendants' business interests and implicate privacy concerns of third parties.

   d. **Plaintiff's Position**: Plaintiff does not believe that summaries of information derived from the PNC Bank records inherently fall within the ambit of the Protective Order, nor does Plaintiff believe that Defendants have adequately articulated how the particular information contained within the Lee Declaration is "Confidential" within the meaning of Part 2 of the Protective Order.

2. Defendants' Motion to Seal Exhibit B to Defendants' Response to Plaintiff's Motion to Compel and Exhibits A-C to the Second Declaration of Del Rosso. (D.E. 158).

   a. **Redacted Versions**: D.E. 157-2 and 157-8
   b. **Sealed Unredacted Versions**: D.E. 160 and 159-8
   c. **Defendants' Position**:

i. <u>Exhibit B to Response</u>: This should remain sealed as it facially contains non-public information from Indian law enforcement pertaining to a criminal investigation.

ii. <u>Exhibits A-C to Del Rosso Declaration</u>: Defendants agree to withdraw their Motion to Seal as to these documents.

d. **Plaintiff's Position**:

i. <u>Exhibit B to Response</u>: Plaintiff requested that Defendants articulate any reason that they believe the referenced Indian criminal investigation is ongoing, and were not provided a response. Accordingly, Plaintiff sees no equity to counter the presumption of a publicly docketed filing.

ii. <u>Exhibits A-C to Del Rosso Declaration</u>: Plaintiff does not object to Defendants' withdrawal of their Motion to Seal these documents.

3. Plaintiff's Motion to Seal Exhibits 1 and 2 filed with Plaintiff's Reply In Support of his Motion to Compel. (D.E. 164).

a. **Redacted versions**: D.E. 163-1, 163-2

b. **Sealed Unredacted Versions**: None filed

c. **Defendants' Position**: Defendants' position is that part of the transcript should be redacted consistent with their confidentiality designation of certain testimony pursuant to the Protective Order

entered in this case. On March 17, 2023, Defendants designated parts of Del Rosso's deposition as confidential. These excerpts of Del Rosso's deposition involve irrelevant and non-public information that is sensitive and reveals confidential business information of the Defendants and third parties. <u>Defendants request that they be able to send their proposed redactions to the Court's ECF Mailbox</u>.

   d. **Plaintiff's Position**: Plaintiff submits that the Protective Order does not properly extend to deposition transcript excerpts wherein the witness fails to provide responsive and/or substantive testimony (including, but not limited to, instances where the witness denies knowledge of a subject matter). Plaintiff submits that, in such instances, the deponent's testimony does not comprise "Confidential" information within the meaning of Part 2 of the Protective Order. More generally, Plaintiff does not believe that Defendants have articulated how the referenced information is "Confidential."

4. Plaintiff's Motion to Seal Ex. 1 in support of his Opposition to Defendants' Motion for Protective Order. (D.E. 168).

   a. **Redacted Version**: D.E. 167-1

   b. **Sealed Unredacted Version**: D.E. 170

4

c. **Defendants' and Plaintiff's Position**: Same as above with respect to D.E. 164 in Section 3 of this Notice.

5. Plaintiff's Motion to Seal Ex. 1 filed in support of Opposition to Swecker's Motion to Quash. (D.E. 173).

    a. **Redacted Version**: D.E. 172-1

    b. **Sealed Unredacted Version**: D.E. 175

    c. **Defendants' and Plaintiff's Position**: Same as above with respect to D.E. 164 in Section 3 of this Notice.

6. Defendants' Motion to Seal Exhibits A-D to Declaration of Brandon S. Neuman. (D.E. 181).

    a. **Redacted Versions**: D.E. 180-1, 180-2, 180-3, and 180-4.

    b. **Sealed Unredacted Versions**: D.E. 182-1, 182-2, 182-3, and 182-4.

    c. **Defendants' Position**:

        i. <u>Exhibit A</u>: This is a letter from Defendants to Plaintiff regarding misuse of confidential information. Defendants have redacted portions of the letter to avoid public disclosure of Defendants' non-public business information.

        ii. <u>Exhibit B</u>: Defendants have redacted portions of Plaintiff's initial disclosures to avoid public disclosure of identifying information.

5

iii. <u>Exhibit C</u>: This exhibit contains transcript excerpts from Del Rosso's deposition. Defendants' position is reflected above with respect to D.E. 164.

iv. <u>Exhibit D</u>: This exhibit contains a letter from a third-party to the litigation asserting privilege and confidentiality and should remain sealed.

d. **Plaintiff's Position**:

i. <u>Exhibit A</u>: There is no information within this letter that is "Confidential" within the meaning of Part 2 of the Protective Order or that otherwise counters the presumption of a publicly docketed filing, and therefore Plaintiff opposes sealing. Moreover, much of this information in this document consists of the code names for Defendants' various "projects" relevant to this case; the code names, by design, are general and ambiguous in nature and do not comprise "Confidential" information (and, in any event, they are all or mostly already part of the public record in docketed filings in other cases).

ii. <u>Exhibit B</u>: Plaintiff consents to the redaction of personal identification information.

iii. <u>Exhibit C</u>: Plaintiff's position is reflected above with regard to D.E. 164.

iv. <u>Exhibit D</u>: There is no information within this letter that is "Confidential" within the meaning of Part 2 of the Protective Order or that otherwise counters the presumption of a publicly docketed filing, and therefore Plaintiff opposes sealing. If a party (or a non-party) wishes to assert a privilege, it ought to do so on the docket and/or in open court.

Jointly submitted on this, the 28th day of March, 2023.

**FOR THE PLAINTIFFS**:

        **WOMBLE BOND DICKINSON (US) LLP**

        */s/ Ripley Rand*
        Ripley Rand
        North Carolina State Bar No. 22275
        Christopher W. Jones
        North Carolina State Bar No. 27265
        Jonathon Townsend
        North Carolina State Bar No. 51751
        555 Fayetteville Street, Suite 1100
        Raleigh, North Carolina 27601
        Phone: 919-755-2100
        Fax: 919-755-2150
        Email:   ripley.rand@wbd-us.com
                     chris.jones@wbd-us.com
                     jonathon.townsend@wbd-us.com

        -and-

        **MILLER & CHEVALIER CHARTERED**

        Kirby D. Behre (*pro hac vice*)
        Timothy P. O'Toole (*pro hac vice*)
        Lauren E. Briggerman (*pro hac vice*)
        Joseph Rillotta (*pro hac vice*)
        Ian Herbert (*pro hac vice*)
        Calvin Lee (*pro hac vice*)
        Cody Marden (*pro hac vice*)
        900 16th Street, NW
        Washington, D.C. 20006
        Telephone: (202) 626-5800
        Fax: (202) 626-5801
        Email: kbehre@milchev.com
        Email: totoole@milchev.com
        Email: lbriggerman@milchev.com
        Email: jrillotta@milchev.com
        Email: iherbert@milchev.com
        Email: clee@milchev.com
        Email: cmarden@milchev.com

        *Counsel for Plaintiff*

**FOR THE DEFENDANTS**:

        **NELSON MULLINS RILEY & SCARBOROUGH LLP**

        By: *Brandon S. Neuman*
           Brandon S. Neuman, NCSB# 33590
           Jeffrey M. Kelly, NCSB# 47269
           John E. Branch III, NCSB# 32598
           Nathaniel Pencook, NCSB# 52339
           Sam A. Rosenthal
           301 Hillsborough Street, Suite 1400
           Raleigh, North Carolina 27603
           Telephone: (919) 329-3800
           Facsimile: (919) 329-3799
           brandon.neuman@nelsonmullins.com
           jeff.kelly@nelsonmullins.com
           john.branch@nelsonmullins.com
           nate.pencook@nelsonmullins.com
           sam.rosenthal@nelsonmullins.com

        *Counsel for Defendants*