UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:20-cv-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>        Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES,<br>INC.,<br><br>        Defendants. | **DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S SECOND SUBPOENA TO FIRST CITIZENS BANK & TRUST CO.** |

NOW COME Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("VMS") (collectively, "Defendants"), and, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure ("Rule(s)"), hereby move for an Order quashing Plaintiff Farhad Azima's ("Plaintiff") second subpoena to First Citizens Bank & Trust Co. ("First Citizens") (the "Second FCB Subpoena") (*see* **Exhibit A**), or otherwise entering a Protective Order commanding the same, in the form of the Proposed Protective Order attached as **Exhibit D**. In support of this Motion, and as further set forth in Defendants' accompanying brief, Defendants state the following:

1. On January 16, 2023, Defendants received notice of Plaintiff's intent to serve his *first* third-party subpoena on First Citizens (the "First FCB Subpoena") requesting, in pertinent part: "[a]ll documents and communications" from 2014 to present "relating to accounts held in the name

of, owned by, or for the benefit of . . . Nicholas Del Rosso, or Vital Management Services, Inc." (the "First FCB Subpoena"). (D.E. 122-2) (*see* **Exhibit B**).

2. On January 22, 2023, Defendants filed their Emergency Motion to Quash and for Protective Order (D.E. 122), seeking to quash or modify the First FCB Subpoena, or otherwise enter a Protective Order commanding the same.

3. On January 23, 2023, the Court ordered that "First National Bank of Pennsylvania and First Citizens Bank & Trust Co. shall stay production pursuant to the subpoenas until the Court rules on Defendants' motion." (*See* Jan. 23, 2023 Text Order).

4. On March 7, 2023, the Court heard arguments on all then-pending discovery motions—including Defendants' Emergency Motion to Quash the First FCB Subpoena. To date, Defendants' Emergency Motion to Quash and for Protective Order remains pending, and the stay on production pursuant to the First FCB Subpoena remains in place.

5. On March 22, 2023, Defendants received notice of Plaintiff's intent to serve his Second FCB Subpoena, requesting, in pertinent part, "[a]ll Document and Communications from 2021 to present relating to accounts held in the name of, owned by, or for the benefit of Defendants Nicholas Del Rosso or Vital Management Services, Inc." (*See* **Exhibit A**). While not identical to the First FCB Subpoena, the Second FCB Subpoena is duplicative in that it seeks a subset of the bank records sought by the First FCB Subpoena.

6. Pursuant to Rule 45, "[o]n timely motion, the court . . . must quash or modify a subpoena that: . . . (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). Further, "[t]o protect a person subject to or affected by a subpoena, the court . . . may, on motion, quash or modify the subpoena if it requires: (i) disclosing . . . confidential . . . commercial information[.]" *Id.* at (B)(i)

7. Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding the disclosure or discovery," or "forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters[.]" *Id.* at (c)(1)(A), (D). Moreover, Rule 26(b)(2)(C) provides that "the court *must* limit the frequency or extent of discovery" where "the discovery sought is unreasonably . . . duplicative" or "outside the scope permitted by Rule 26(b)(1)." *Id.* at (b)(2)(C)(i), (iii) (emphasis added).

8. As set out more fully in Defendants' brief in support of this Motion, the Court should quash the Second FCB Subpoena, or enter a Protective Order commanding the same, because: (1) it is duplicative of the First FCB Subpoena; (2) it is an improper end-run around the court-ordered stay on production

pursuant to the First FCB Subpoena; and (3) it is overbroad, and does not seek information proportionate to the needs of the case.

9. Pursuant to Local Rule 37.1(a), and as set out more fully in the brief in support of this Motion, on March 24, 2023, Defendants' counsel requested via email a meet and confer regarding the Second FCB Subpoena and communicated their objections to the same. (*See* **Exhibit C**). To date, over a week later and days before the return date of the Second FCB Subpoena of April 7, 2023, Plaintiff has yet to respond. As such, the parties have been unable to reach an accord.

**WHEREFORE**, Defendants respectfully move for an Order quashing the Second FCB Subpoena, or otherwise entering a Protective Order commanding the same, in the form of the Proposed Protective Order attached as **Exhibit D**. In addition, Defendants request that, in the interim, production pursuant to the Second FCB be stayed pending the Court's resolution of this Motion.

Respectfully submitted, this the 3rd day of April, 2023.

                                 **NELSON MULLINS RILEY & SCARBOROUGH LLP**

                                 By:   *Brandon S. Neuman*
                                      Brandon S. Neuman, NCSB# 33590
                                      Jeffrey M. Kelly, NCSB# 47269
                                      John E. Branch III, NCSB# 32598
                                      Nathaniel Pencook, NCSB# 52339
                                      Sam A. Rosenthal (*special appearance*)
                                      301 Hillsborough Street, Suite 1400
                                      Raleigh, North Carolina 27603
                                      Telephone: (919) 329-3800
                                      Facsimile: (919) 329-3799
                                      brandon.neuman@nelsonmullins.com
                                      jeff.kelly@nelsonmullins.com
                                      john.branch@nelsonmullins.com
                                      nate.pencook@nelsonmullins.com
                                      sam.rosenthal@nelsonmullins.com
                                      *Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Ian A. Herbert
Joseph Rillotta
Kirby D. Behre
Timothy O'Toole
Cody Marden
Calvin Lee
Miller & Chevalier Chartered
900 16th Street, N.W.
Washington, D.C. 20006
iherbert@milchev.com
jrillotta@milchev.com
kbehre@milchev.com
totoole@milchev.com
cmarden@milchev.com
clee@milchev.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: *Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel J. Pencook, NCSB# 52339
Sam A. Rosenthal (*special appearance*)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*

## LOCAL RULE 37.1(a) CERTIFICATION

Pursuant to Local Rule 37.1(a), I hereby certify, subject to Fed. R. Civ. P. 11, and as set out more fully in the Motion and Brief In Support of the Motion, that after personal consultation and diligent attempts to resolve differences, the parties are unable to reach an accord regarding the Second FCB Subpoena.

Respectfully submitted this 3rd day of April, 2023.

        **NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: *Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel J. Pencook, NCSB# 52339
Sam A. Rosenthal (*special appearance*)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*

# WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that the accompanying brief contains 2,897 words, according to the word count feature of the word processing system used to prepare the brief. Accordingly, the brief does not exceed the word limitation.

Respectfully submitted this 3rd day of April, 2023.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: *Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel J. Pencook, NCSB# 52339
Sam A. Rosenthal (*special appearance*)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*