UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br> v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES,<br>INC.,<br><br>    Defendants. | CASE NO. 1:20-cv-00954-WO-JLW |

**MOTION TO QUASH PLAINTIFF'S (1) SUBPOENA TO PRODUCE DOCUMENTS; AND (2) SUBPOENA TO TESTIFY AT A DEPOSITION AND MOTION FOR PROTECTIVE ORDER**

NOW COMES non-party, Craig Thomas Evers ("Evers"), who has been served with both a Subpoena *duces tecum* and Notice of Deposition by Plaintiff, Farhad Azima ("Plaintiff") and pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, and Local Rules 7.3 and 26.1, by and through undersigned counsel, hereby moves the Court for an Order quashing the Subpoena *duces tecum* to Evers and the Subpoena for Evers' deposition served by Plaintiff (collectively, the "Subpoenas"), or otherwise seek a Protective Order commanding the same. The Subpoenas are overbroad, unduly burdensome, not proportionate to this matter, and overall are unlikely to lead to the production of admissible evidence. Moreover, they request for information and testimony regarding individuals, and entities which Evers is

1

wholly unfamiliar with and for time periods in which Evers had no involvement with Defendants, Nicholas del Rosso and Vital Management Services, Inc. ("Defendants"), and thus Evers has no responsive or relevant information to the matter before the Court.

In support of his Motion and as set forth more fully in his supporting Memorandum of Law, Evers shows the Court the following:

1. This Court has significantly limited the scope of Plaintiff's case, in part, by issuing its Memorandum Opinion and Order on December 10, 2021 [D.E. 65] wherein it summarily dismissed nine (9) of Plaintiff's eleven (11) claims, leaving only a state-law misappropriation of trade secrets claim, and a civil conspiracy claim made expressly contingent upon the continued viability of the former claim.

2. As an integral part of its Order, this Court limited the operative time period of the remaining claims to "the 2018-2019 online posting of new links to Plaintiff's confidential business data." [D.E. 80].

3. On or about March 23, 2023, Plaintiff served a broad based Subpoena *duces tecum* on Evers, lacking any semblance of a limitation or recognition of the sole remaining claims and operative date range, as reflected in the Court's prior Orders referenced above. (See Exhibit A to the Declaration of Craig Thomas Evers, filed simultaneously hereto ("Evers' Declaration").)

4. Additionally, on or about March 23, 2023, Plaintiff served a "Subpoena to Testify at a Deposition" on Evers, purporting to seek testimony regarding the overly broad information contained and referenced in the Subpoena *duces tecum*. (See Exhibit B to Evers' Declaration.)

5. Collectively the Subpoenas are overbroad, unduly burdensome, and unlikely to lead to the production of admissible evidence as explained and set forth in detail in the Evers' Declaration.

6. Pursuant to Local Rule 37.1(a), counsel for Evers conferred with Plaintiff's counsel in good faith regarding the facts and overall infirmities of the Subpoenas on March 31, 2023. Counsel for Evers asked that the Subpoenas be withdrawn. The parties could not reach an agreement on this. At that time Plaintiff's counsel agreed to an extension of time for Evers to respond to the Subpoenas. At the request of Plaintiff's counsel, counsel for Evers assured Plaintiff's counsel that his client would again make a thorough search for any responsive documents. Evers' counsel even offered to have Evers provide a declaration to avoid an unnecessary deposition. Undersigned counsel advised Plaintiff's counsel on April 10, 2023 that it would be filing a Motion Quash both Subpoenas.

7. Thereafter, on April 5, 2023, counsel for Plaintiff served an Amended Deposition Subpoena and Amended Notice of Deposition for April 18, 2023 via email to counsel for Evers. In this email counsel for Plaintiff also

3

confirmed a new date of April 12, 2023 for Evers to respond to the Subpoena for Documents of April 12, 2023. (See Exhibit C to Evers' Declaration.)

8. Rule 45 of the Federal Rules of Civil Procedure provides that, "[o]n timely motion, the court . . . must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).

9. Rule 26 of the Federal Rules of Civil Procedure provides that, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* at (c)(1). These orders may, "forbid[ ] the disclosure or discovery," or "forbid[ ] inquiry into certain matters or limit[ ] the scope of disclosure or discovery to certain matters[.]" *Id.* at (c)(1)(A), (D).

10. As described more fully in Evers' Memorandum of Law in Support of this Motion, and the Evers' Declaration, Plaintiff's Subpoenas are overly broad, unduly burdensome, and unlikely to lead to the production of admissible evidence. This, compounded with Plaintiff's knowledge of Evers' lack of responsive information or involvement with Defendants during the relevant dates in question, it becomes obvious that these Subpoenas serve no purpose other than to harass and oppress Evers. Based on similar filings and

4

arguments by counsel for Defendants, Plaintiff presumably is attempting to also conduct discovery in the Middle District of North Carolina Federal Court for prosecution of unrelated cases in other jurisdictions.[1]

**WHEREFORE**, non-party movant Evers respectfully moves the Court for an Order quashing the Subpoenas, or otherwise the entry of a Protective Order commanding the same.

Respectfully submitted, this, the 11th day of April, 2023.

                                      **SHANAHAN LAW GROUP, PLLC**

By:    */s/Kieran J. Shanahan*
          Kieran J. Shanahan, NCSB# 13329
          128 E. Hargett Street, Suite 300
          Raleigh, North Carolina 27601
          Telephone: (919) 856-9494
          kieran@shanahanlawgroup.com

---

[1] *See, e.g., Azima, et al. v. Dechert, et al.*, Case No. 1:22-CV-08728-PGG.

5

Case 1:20-cv-00954-WO-JLW   Document 198   Filed 04/11/23   Page 5 of 8

## LOCAL RULE 37.1(a) CERTIFICATION

Pursuant to Local Rule 37.1(a), I hereby certify, subject to Fed. R. Civ. P. 11, and as set out more fully in this Motion, the parties met and conferred on this issue via teleconference on March 31, 2023, that after personal consultation and diligent attempts to resolve differences, the parties are unable to reach an accord regarding the withdrawal of Plaintiff's Subpoena to Produce Documents and Subpoena to Testify at a Deposition. However, on April 5, 2023, counsel for Plaintiff did send, via email, an Amended Deposition Subpoena and an Amended Notice of Deposition, as well as acknowledging an extension deadline to respond to the Subpoena to Produce Documents.

Respectfully submitted this 11th day of April, 2023.

                              **SHANAHAN LAW GROUP, PLLC**

             By:    */s/Kieran J. Shanahan*
                     Kieran J. Shanahan, NCSB# 13329
                     128 E. Hargett Street, Suite 300
                     Raleigh, North Carolina 27601
                     Telephone: (919) 856-9494
                     kieran@shanahanlawgroup.com

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that the accompanying memorandum does not exceed the 6,250-word limitation according to the word count feature of the word processing system used to prepare the memorandum.

Respectfully submitted this 11th day of April, 2023.

          **SHANAHAN LAW GROUP, PLLC**

By:   */s/Kieran J. Shanahan*
Kieran J. Shanahan, NCSB# 13329
128 E. Hargett Street, Suite 300
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
kieran@shanahanlawgroup.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathan.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Calvin Lee
Ian Herbert
Kirby D. Behre
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
clee@milchev.com
iherbert@milchev.com
kbehre@milchv.com

Brandon S. Neuman
John E. Branch III
Jeffrey M. Kelly
Nathaniel J. Pencook
Samuel Rosenthal
Nelson Mullins Riley & Scarborough, LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
brandon.neuman@nelsonmullins.com
john.branch@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com

**SHANAHAN LAW GROUP, PLLC**

By:    */s/Kieran J. Shanahan*
Kieran J. Shanahan, NCSB# 13329
128 E. Hargett Street, Suite 300
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
kieran@shanahanlawgroup.com