# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FARHAD AZIMA,<br><br>        Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES,<br>INC.,<br><br>        Defendants. | CASE NO. 1:20-cv-00954-WO-JLW |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH PLAINTIFF'S SUBPOENAS *DUCES TECUM* AND NOTICE TO TESTIFY AT A DEPOSITION AND MOTION FOR PROTECTIVE ORDER

NOW COMES non-party Craig Thomas Evers ("Evers") by and through undersigned counsel, and hereby submits this brief in support of non-party Evers' Motion to Quash the Subpoena *duces tecum* and Notice of Deposition of Evers (collectively, the "Subpoenas") and Motion for a Protective Order commanding the same. This brief is submitted pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, and Local Rules 7.3 and 26.1.

## BACKGROUND

These Subpoenas arise out of Plaintiff Farhad Azima's ("Plaintiff") apparent desire to harass and intimidate anybody Plaintiff can locate who may have even known and done work with or for Defendants Nicholas del Rosso

1

("del Rosso") or Vital Management Services, Inc. ("VMS") (collectively "Defendants"). From the public record, Evers can see that Plaintiff filed a Complaint alleging eleven claims for relief. Only two of those claims now remain. [D.E. 65]. Indeed, this Court has limited Plaintiff's case to two of its original claims; a North Carolina misappropriation of trade secrets claim, and a civil conspiracy claim made expressly contingent on the former said to have occurred between 2018 and 2019. *Id.*

Despite what appears to be clear limitations in the scope of the case *sub judice,* Plaintiff's Subpoenas to non-party Evers are facially at odds with this Court's Order by, among other things, seeking information which is overly broad, disproportionate, unduly burdensome, ambiguous, untimely and unlikely to lead to the production of admissible evidence. Considering that Evers has indicated to Plaintiff's counsel that Evers lacks any relevant information, let alone the fact that Defendants did not employ him as a contractor during the operative dates of 2018 and 2019 (or even the broad timeframe set out in the Subpoenas for documents of August 1, 2014 to the present), the Subpoenas have the effect of harassing and oppressing Evers because of his long ago association with Defendants on matters unrelated to the instant litigation of which Evers knows nothing. Additionally, given the individuals Plaintiff identified in the Subpoenas, the Subpoenas appear to

2

have been issued as a vehicle for Plaintiff to conduct discovery for use in his other unrelated cases.[1]

## FACTS

On or about March 23, 2023, Plaintiff served a broad based Subpoena *duces tecum* on Evers, lacking any semblance of a limitation or recognition of the sole remaining claims and operative date range, as reflected in the Court's prior Order referenced above. (See Exhibit A to the Declaration of Craig Thomas Evers, filed simultaneously herewith ("Evers' Declaration").)

Additionally, on or about March 23, 2023, Plaintiff served a "Subpoena to Testify at a Deposition" on Evers, purporting to seek testimony regarding overly broad information contained and referenced in the Subpoena *duces tecum*. (See Exhibit B to Evers' Declaration.) Specifically, paragraphs 10 and 11 of Evers' Declaration state:

a) The last time I did work for VMS and/or Mr. del Rosso was in early 2014, which is when I got out of PI work. We parted on good terms. By May of 2014 I was looking for janitorial work; and

b) I have performed no work of any kind for Mr. del Rosso or VMS since very early in 2014.

Collectively the Subpoenas are overbroad, unduly burdensome, untimely and unlikely to lead to the production of admissible evidence as explained and

---

[1] *See, e.g., Azima, et al. v. Dechert, et al.*, Case No. 1:22-CV-08728-PGG.

3

set forth in detail in the Evers Declaration, which is incorporated herein by reference in its entirety.

The last time Evers did work for VMS and/or Mr. del Rosso was in early 2014, which is when he got out of PI work. He parted on good terms with the Defendants. By May of 2014 Evers was looking for janitorial work. Evers has performed no work of any kind for Mr. del Rosso or VMS since very early in 2014. (See Evers' Declaration paragraphs 10 and 11.)

Regarding the Subpoena for documents (Exhibit A to Evers' Declaration), Evers is confident that he has no responsive documents. As described in paragraph 12 of the Evers Declaration:

> (a) Evers' PI days were far behind him.
>
> (b) Evers, over time, purposefully and intentionally, destroyed all of his investigative work files. His files had become so voluminous over the years that periodically he would have his older files destroyed. All of his PI files have now been destroyed for some time.
>
> (c) With regard to electronically stored information (i.e. his computers), Evers had a longtime friend who had a business where he would take computers (for free) and would wipe them clean, taking them back to like "factory new" and then would

resell them with new software. All of Evers' work computers were repurposed in this way.

After counsel for Evers had a meet and confer conference, Evers searched his home and any and all devices which could be storing any kind of records to see if there were any documents he could find that would relate in any way to the information described in the Subpoenas. Evers found no responsive documents and no documents related to any work for Mr. del Rosso or VMS. Evers states in his Declaration that he believes all the work he did for Mr. del Rosso or VMS was (would have been) destroyed, along with his PI work for others. (See Evers' Declaration, paragraph 14.)

Given that Evers have not performed any PI work for Mr. del Rosso or VMS from August 1, 2014 to the present, together with the fact that he has no documents responsive to the Subpoena for documents he simply does not believe he has any pertinent knowledge about the dispute among the parties before the Court. Thus, insisting he testify is burdensome and unreasonable. (See Evers' Declaration, paragraph 17.)

## **STANDARD OF REVIEW**

Subpoenas issued [to non-parties] are governed by Federal Rule of Civil Procedure 45(d)(1) which states, in part, that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

5

Furthermore, Rule 45(d)(3)(A) requires that a court "must quash or modify a subpoena that . . . subjects a person to undue burden." Regarding protective orders, Rule 26(c)(1) provides that a court may "issue an order to protect a party or person from . . . undue burden or expense" by, among other measures, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

It is well-established that the undue burden standard operates as a control over the discovery process, limiting both document and testimony subpoenas to information which is both "relevant to any party's claim or defense" and "proportional to the needs of the case." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188, 193 (4th Cir. 2019); *Watts v. SEC*, 482 F.3d 501, 508, 375 U.S. App. D.C. 409 (D.C. Cir. 2007). In determining if a subpoena poses an undue burden a court will look at whether "the benefits of discovery to the requesting party outweigh the burdens on the recipient." *Spring v. Bd. of Trustees of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 U.S. Dist. LEXIS 103977, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016). [If that recipient is a non-party to the suit, then that non-party status is given "special weight." *Virginia Dep't of Corrections*, 921 F.3d at 188 (4th Cir. 2019)].

It is also relevant for the Court to enquire into a party's true purpose in issuing a discovery request; if that purpose is for the gathering of information for use in proceedings other than the one at hand, then the request should be

denied. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 364 n.17 (1978). Similarly, if a party's discovery request amounts to nothing more than a fishing expedition with only a "hope" of uncovering wrongful actions, then it too should be denied. *See Elsayed v. Fam. Fare LLC*, 2019 WL 8586708, at *4 (M.D.N.C. Oct. 31, 2019).

## **ARGUMENT**

1. Given that Evers has not performed any PI work for Mr. del Rosso or VMS from August 1, 2014 to the present, together with the fact that he has no documents responsive to the Subpoena for documents (Exhibit A to Evers' Declaration), he does not have any pertinent or relevant knowledge about the dispute among the parties before the Court and it becomes clear that Plaintiff is on a fishing expedition.

2. The Subpoena *duces tecum* seeks information from dates well after Evers had ended performing work for del Rosso or VMS.

3. The information sought to be "discovered" is from and about individuals and entities which Evers is totally unfamiliar with.

4. Plaintiff's Subpoenas ignore entirely the scope of this case and the limited discovery associated therewith. [D.E. 65].

5. Plaintiff has not shown he cannot obtain the information sought from other sources, such as the Defendants:

7

- "In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012). *see also Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) (granting motion to quash subpoena that imposed undue burden because plaintiff did not attempt to obtain the requested documents from defendant before seeking them from third party); *Torre v. Charter Commc'ns, Inc.*, 2020 WL 7705940, at *1 (S.D.N.Y. Dec. 28, 2020) (quashing third-party subpoena that sought information "that could and should be obtained from . . . a party to this action.")

6. Plaintiff's Subpoenas pose significant financial burden on Evers, all while seeking information which he does not have, and which is in furtherance of Plaintiff's "other" discovery efforts.

   o "A subpoena imposes an undue burden on a party when a subpoena is overbroad." *Champion Pro Consulting Grp., Inc. v. Impact Sports Football, LLC*, 2014 WL 6686727, at *4 (M.D.N.C. Nov. 26, 2014) "A subpoena is overbroad if it does not limit the documents requested to subject matter relevant to the claims or defenses." *Id.*

8

at 9-10 (*quoting Innovative Therapies, Inc. v. Meents*, Civ. A. No. DKC 12-3309, 302 F.R.D. 364, 2014 U.S. Dist. LEXIS 27119, 2014 WL 858651, at *17 (D. Md. Mar. 4, 2014) (unpublished) (internal quotation marks omitted).

## **CONCLUSION**

For the reasons as provided herein, Evers respectfully requests that this Court quash both the Subpoena *duces tecum* and the Subpoena for deposition in their entirety due to their nature and requests therein. Evers also requests this Court enter a protective order commanding the same as is necessary to protect Evers from ongoing harassment and oppression at the hands of Plaintiff.

Respectfully submitted, this, the 11th day of April, 2023.

                        **SHANAHAN LAW GROUP, PLLC**

By:    */s/ Kieran J. Shanahan*
       Kieran J. Shanahan, NCSB# 13329
       128 E. Hargett Street, Suite 300
       Raleigh, North Carolina 27601
       Telephone: (919) 856-9494
       kieran@shanahanlawgroup.com

## LOCAL RULE 37.1(a) CERTIFICATION

Pursuant to Local Rule 37.1(a), I hereby certify, subject to Fed. R. Civ. P. 11, and as set out more fully in this Motion, the parties met and conferred on this issue via teleconference on March 31, 2023, that after personal consultation and diligent attempts to resolve differences, the parties are unable to reach an accord regarding withdrawal of Plaintiff's Subpoena to Produce Documents and Subpoena to Testify at a Deposition. However, on April 5, 2023, counsel for Plaintiff did send, via email, an Amended Deposition Subpoena and an Amended Notice of Deposition, as well as acknowledging an extension deadline to respond to the Subpoena to Produce Documents.

Respectfully submitted this 11th day of April, 2023.

**SHANAHAN LAW GROUP, PLLC**

By:     */s/Kieran J. Shanahan*
        Kieran J. Shanahan, NCSB# 13329
        128 E. Hargett Street, Suite 300
        Raleigh, North Carolina 27601
        Telephone: (919) 856-9494
        kieran@shanahanlawgroup.com

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that this memorandum does not exceed the 6,250-word limitation according to the word count feature of the word processing system used to prepare the memorandum.

Respectfully submitted this 11th day of April, 2023.

                              **SHANAHAN LAW GROUP, PLLC**

By:    */s/ Kieran J. Shanahan*
       Kieran J. Shanahan, NCSB# 13329
       128 E. Hargett Street, Suite 300
       Raleigh, North Carolina 27601
       Telephone: (919) 856-9494
       kieran@shanahanlawgroup.com

# CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of April 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathan.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Calvin Lee
Ian Herbert
Kirby D. Behre
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
clee@milchev.com
iherbert@milchev.com
kbehre@milchv.com

Brandon S. Neuman
John E. Branch III
Jeffrey M. Kelly
Nathaniel J. Pencook
Samuel Rosenthal
Nelson Mullins Riley & Scarborough, LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
brandon.neuman@nelsonmullins.com
john.branch@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com

                                                  **SHANAHAN LAW GROUP, PLLC**

                      By:    */s/ Kieran J. Shanahan*
                               Kieran J. Shanahan, NCSB# 13329
                               128 E. Hargett Street, Suite 300
                               Raleigh, North Carolina 27601
                               Telephone: (919) 856-9494
                               kieran@shanahanlawgroup.com