UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-cv-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **PLAINTIFF FARHAD AZIMA'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S SECOND SUBPOENA TO FIRST CITIZENS BANK & TRUST CO.** |

Plaintiff Farhad Azima ("Azima") submits this brief in opposition to the motion of Defendants Nicholas Del Rosso and Vital Management Services, Inc. ("Defendants") to quash the subpoena issued to First Citizens Bank & Trust Co. ("First Citizens") and for a protective order. *See* ECF Nos. 196 (the "Motion" or "Mot.") and 197 (the "Memo").

## INTRODUCTION

Defendants' Motion is the latest in a long series of motions designed to prevent Azima from conducting meaningful discovery. Years after this litigation began and months after Plaintiff served Defendants with discovery requests, Defendants have produced only documents that were stolen from Azima and have refused to produce a single custodial document or communication. Defendants' intransigence is especially concerning because

1

2804945.8

Mr. Del Rosso admitted at his deposition that he possesses relevant and discoverable documents that he has not produced, including, for example, numerous reports that Northern Technologies Inc., a company retained by Defendants, prepared about Plaintiff Azima's stolen data. See Ex. 1, Depo. Tr. at 282:4-283:17. Furthermore, this Court has already admonished Defendants about filing frivolous motions intended to delay this case. *See* ECF No. 79 at 12 (reminding the parties that Rule 11 bars filings for the purpose of unnecessary delay and noting that the "propriety" of Defendant's motion for reconsideration was "questionable"). The Court should not placate Defendants' efforts to further delay and obstruct discovery.

Moreover, Defendants have no basis for seeking to quash the subpoena. **First**, Plaintiff's March 23, 2023, subpoena to First Citizens (the "March Subpoena") is a new subpoena to a third-party bank seeking financial records relevant to Plaintiff's claims. It is not, as Defendants disingenuously argue, duplicative of an earlier subpoena to First Citizens served in January 2023 (together with a subpoena to First National Bank, the "January Subpoenas") and does not violate the Court's order narrowly staying production of documents requested under the January Subpoenas for bank records from Defendants' prior law firm and Defendant Del Rosso's' wife's real estate company. Defendants never previously argued that the January Subpoenas

2

2804945.8

Case 1:20-cv-00954-WO-JLW Document 201 Filed 04/17/23 Page 2 of 15

should be quashed on the basis that they sought Defendants' own bank records. In fact, Defendants misled Plaintiff and the Court into believing that Defendants did not have accounts at First Citizens when Defendants submitted interrogatory responses in January 2023 representing that Defendants only used an account at PNC and no other bank related to its work regarding Plaintiff. Ex. 2, Defendants' Jan. 26, 2023 Resp. to Pl.' Interrog. 3.

***Second***, Defendants lack standing to challenge the subpoena to First Citizens, a third party, because the requested documents are property of First Citizens (not Defendants).

***Third***, Plaintiff's March Subpoena—like all other discovery Plaintiff seeks in this case—seeks relevant and discoverable documents, communications, and information. In particular, Defendant Del Rosso revealed in his February 2023 deposition that, after PNC closed his account around September 2021, he moved his accounts to First Citizens. This was the first time that Plaintiff had any indication that Defendants held accounts at First Citizens because Defendants had improperly failed to identify the accounts in response to Plaintiff's interrogatories only one month prior. *Id*. Plaintiff subpoenaed First Citizens in March seeking documents and communications that relate to Defendants' bank accounts held there and that thus directly

2804945.8

Case 1:20-cv-00954-WO-JLW   Document 201   Filed 04/17/23   Page 3 of 15

relate to the claims and defenses raised in this case. In light of the above, the Court should deny Defendants' motion to quash the March Subpoena.

## BACKGROUND

Plaintiff filed his Complaint more than two years ago – on October 15, 2020. ECF No. 1. Since then, Defendants have repeatedly filed motions in an effort to delay discovery in this matter, including two motions to dismiss and a motion requesting reconsideration of the denial of the motion to dismiss, after which the Court reminded the parties that filing motions for the purpose of delay was sanctionable. ECF No. 79 at 12.

In January 2023, Defendants' bank records from PNC revealed that Defendants earned $35 million from Ras Al Khaimah and related entities and subsequently paid Shanahan Law Group ("Shanahan") $6.2 million through an account at First National Bank and paid GH Holding LLC ("GH Holding") $2.35 million through an account at First Citizens, all in the period relevant to this litigation. Given the substantial sums of money and unusual payment patterns, Plaintiff sought the bank records for Shanahan and GH Holding to follow the money. The subpoenas included requests for documents and communications related to Defendants' accounts to ensure that they encompassed the transfers from Defendants to Shanahan and GH Holding. But the subpoena clearly targeted the records of Shanahan and GH Holding,

4

2804945.8

Case 1:20-cv-00954-WO-JLW Document 201 Filed 04/17/23 Page 4 of 15

and indeed the subpoena specifically references the transfers from Defendants' PNC accounts to Shanahan and GH Holding.

At the time of the January Subpoenas, Plaintiff did not know that Defendants had accounts at First Citizens because, in response to an interrogatory requiring Defendants to identify all accounts owned, controlled, or utilized by Defendants, Defendants had (falsely or misleadingly) stated that "VMS's bank account with PNC Bank is the only bank account used by Defendants . . . ." Ex. 2. All of the parties understood the January Subpoenas to relate to the records of Shanahan and GH Holding.

On January 20, 2023, Defendants, following their pattern of obstruction and delay, filed an emergency motion to quash the subpoena despite no legal standing to do so. Defendants' motion did not argue that the subpoena sought their own records. Instead, they wrote: "The [Subpoenas] specifically target the bank records of Mr. Del Rosso's wife and his counsel," and "Plaintiff cannot substantiate any basis for his need of the banking records of the non-parties targeted by the Subpoena's—i.e., Mrs. Del Rosso, GH Holdings, Mr. Shanahan, or SLG." ECF No. 123 at 5, 13. Similarly, Plaintiff's response focused on the targets of the subpoenas, as Defendants put it. Based on that briefing, on January 23, 2023, the Court entered a Text Order staying the production of documents requested in the January Subpoenas. *See* Minute Entry of January

5

23, 2023. The Court did not extend the stay to other subpoenas outside the scope of Defendants' motion to quash. The Court has not yet ruled on the underlying motion.

On February 13 and 14, Plaintiff deposed Defendant Del Rosso and learned for the first time that after PNC closed Defendants' accounts – for reasons Del Rosso did not provide, but perhaps related to the substantial transfers of funds through Defendants' accounts – Defendants moved their accounts to First Citizens. Defendants never mentioned these accounts at First Citizens in their previous briefing to the Court. On March 23, 2023, Plaintiff served a new subpoena on First Citizens seeking a narrow set of bank records for Defendants Del Rosso and Vital Management Services – from 2021 to present – for the accounts at First Citizens that Defendants first revealed at his deposition.

Defendants subsequently filed this Motion seeking a stay of the March Subpoena for Defendants' bank records.

## **ARGUMENT**

The Court has only stayed production of documents regarding the January Subpoenas to First Citizens and First National, for records that everyone understood – and Defendants argued to the Court – were targeted not at them but at their law firm and Defendant Del Rosso's wife's real estate

6

2804945.8

Case 1:20-cv-00954-WO-JLW   Document 201   Filed 04/17/23   Page 6 of 15

company. Defendants' argument in this Motion that the Court's order staying production of those subpoenas related at all to Defendants' bank records is, at best, disingenuous. Defendants never argued to the Court that the January Subpoenas called for their own records, perhaps because they did not want to reveal that they had additional accounts that they had not disclosed in response to straight-forward interrogatories asking for the accounts used.

Defendants bear the burden to show why Azima's newly-issued subpoena to First Citizens should be modified or quashed. *See Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010) (The party seeking the court's protection bears the burden of demonstrating why the subpoena should be modified or quashed.). Defendants failed to meet their burden for several reasons.

### I. The March 2023 Subpoena is Not Duplicative of the First Subpoena, and the Court's Stay Order Does Not Excuse Compliance with this Subpoena.

The January Subpoenas sought specific records related to accounts held by GH Holdings and Shanahan. The subpoena calls for documents and communications related to Defendants simply to ensure that all of the records of the more than $8.5 million that Defendants paid Shanahan and GH Holdings during the relevant period were covered by the subpoena. The

January Subpoenas make this clear by specifically describing the transfers made from Defendants to Shanahan and GH Holdings.

The March 2023 subpoena, on the other hand, seeks documents from 2021 to present and targets accounts held by Defendants (Nicholas Del Rosso and Vital Management Services, Inc.), not related to Shanahan or GH Holdings. Defendants' accounts at First Citizens were not known to Plaintiff at the time of the January Subpoenas because Defendants misled Plaintiff by failing to disclose the accounts in response to interrogatories requiring them to identify all bank accounts.

The Court narrowly stayed production only related to the January Subpoenas seeking records from Defendants' law firm and Del Rosso's wife's company. The March 2023 subpoena seeks only Defendants' records since they moved their accounts from PNC to First Citizens. For all these reasons, the March 2023 subpoena is not duplicative of the January Subpoenas and does not violate the Court's earlier stay.

## II. Defendants Lack Standing to Challenge the March 2023 Subpoena.

"Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005) (per curiam); *see also Bryson v. CompuCom Sys.,*

8

2804945.8

Case 1:20-cv-00954-WO-JLW   Document 201   Filed 04/17/23   Page 8 of 15

*Inc.*, No. 19CV1121, 2021 WL 7184369, at *5 (M.D.N.C. Feb. 10, 2021) ("As a general proposition, a party lacks standing to challenge a third-party subpoena unless the party claims a personal right or privilege with respect to the documents requested in the subpoena."). And "[t]ypically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank, in which the party has no personal right." *United States v. Gordon*, 247 F.R.D. 509, 510 (E.D.N.C. 2007); *see also Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999) ("Typically, the attorney-client privilege does not extend to billing records and expense reports."); *United States v. Goldberger & Dubin, P.C.*, 935 F.2d 501, 505 (2d Cir. 1991) (production of law firm IRS form that showing "clients who make substantial cash fee payments is not a disclosure of privileged information"); *Selevan v. SEC*, 482 F. Supp. 3d 90, 93–94 (S.D.N.Y. 2020) (collecting cases) (subpoenaed individual's "attempt to cast the records of his bank account as privileged is, in fact, frivolous").

Here, Defendants seek to quash a subpoena for documents held by a bank – First Citizens – without offering any viable claim that the documents are subject to any personal right or privilege. Defendants make a vague attempt in a footnote to claim they "have standing to challenge third-party subpoenas under Rule 26 as irrelevant and overbroad regardless of whether

9

2804945.8

Case 1:20-cv-00954-WO-JLW Document 201 Filed 04/17/23 Page 9 of 15

standing is proper under Rule 45." ECF No. 197 at 6, n. 4. The cases that they cite do not support their broad argument, though. In *Nallapaty v. Nallapati*, No. 20-CV-470, 2022 WL 1508885, *4 (E.D.N.C. May 12, 2022), the Court found limited standing to challenge a third-party subpoena *to legal counsel* based on arguments of privilege and work product. In *Kappel v. Garris*, No. 19-CV-498, 2020 WL 707123, *2 (D.S.C. Feb. 12, 2020) (cleaned up), the Court recognized that "a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank, in which the party has no personal right" before concluding that the party had standing to seek financial records from third-party accountants. In *Brown v. Mountainview Cutters, LLC*, No. 15-CV-00204, 2016 WL 3045349, *2 (W.D. Va. May 27, 2016), the Court found limited standing to challenge a third-party subpoena seeking employment records from a party's former employers. To the extent these cases even apply here, they demonstrate that Defendants have no standing to challenge the March Subpoena for bank records from First Citizens.

### III. The March 2023 Subpoena is Proportional and Seeks Relevant and Discoverable Documents from First Citizens.

The March 2023 subpoena seeks relevant and discoverable documents related to Defendants' bank accounts with First Citizens. Plaintiff alleged a conspiracy between Defendants and other alleged co-conspirators to hack,

steal, and publish Plaintiff's private information and trade secrets. Records from Defendants' bank accounts (which Plaintiff submits will prove that Defendants paid numerous co-conspirators to further the aims of the conspiracy) are clearly relevant to the claims and defenses in this case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…."). The Court has already recognized the relevance of Defendants' bank records in allowing Plaintiff to issue a subpoena to another bank where Defendants hold accounts, Bank of America. See ECF No. 54 (holding that Defendants bank records dating back to 2014 "may have some bearing on Plaintiff's civil conspiracy claim."). And the documents produced by PNC have substantiated much of Plaintiff's Complaint, showing that Ras Al Khaimah paid $35 million to Vital, which is a one-man company, and that Vital paid millions of dollars to hackers, including CyberRoot. It is clear that Defendants are seeking to block the March 2023 Subpoena for their bank records to prevent more critical evidence from being revealed.

The subpoena is also narrowly tailored and only seeks a limited number of specific documents – not entire banking files. The subpoena facially seeks documents from Defendants' own bank records during a two-year period that are directly related to the claims and defenses in this case. Indeed, the one

11

2804945.8

Case 1:20-cv-00954-WO-JLW   Document 201   Filed 04/17/23   Page 11 of 15

third-party subpoena that Defendants have served sought documents from 2017 to present day, admitting that such timeframe is relevant to this matter.[1]

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to quash the subpoena to First Citizens.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand*
Ripley Rand
North Carolina State Bar No. 22275
Christopher W. Jones
North Carolina State Bar No. 27625
Jonathon Townsend
North Carolina State Bar No. 51751
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: ripley.rand@wbd-us.com
chris.jones@wbd-us.com
jonathon.townsend@wbd-us.com

---

[1] Defendants' purported concern that the records might disclose "a whole host of confidential business information," *see* ECF No. 197 at 11, is addressed by the confidentiality protective order in this case and is not valid reason to stop the production of relevant records.

12

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Lauren Briggerman (*pro hac vice*)
Joseph Rillotta (*pro hac vice*)
Calvin Lee (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Plaintiff*

13

2804945.8

Case 1:20-cv-00954-WO-JLW   Document 201   Filed 04/17/23   Page 13 of 15

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT<br>SERVICES, INC.,<br><br>    Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

Brandon S. Neuman, Esq.
Jeffrey M. Kelly, Esq.
Nathaniel J. Pencook, Esq.
Samuel Rosenthal, Esq.
301 Hillsborough Street
Suite 1400
Raleigh, NC 27603
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
Telephone: 919.329.3800
Facsimile: 919.329.3799

This, the 17th day of April, 2023.

                    **WOMBLE BOND DICKINSON (US) LLP**

                    /s/ *Ripley Rand*
                    Ripley Rand
                    North Carolina State Bar No. 22275
                    555 Fayetteville Street, Suite 1100
                    Raleigh, NC 27601
                    Telephone:  (919) 755-8125
                    Facsimile:   (919) 755-6752
                    Email:      ripley.rand@wbd-us.com

                    *Counsel for Plaintiff*