# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 1:20-cv-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES,<br>INC.,<br><br>　　　　Defendants. | **DEFENDANTS' MOTION TO STAY DISCOVERY PENDING A RULING ON MOTIONS SUB JUDICE AND TO PROVIDE JUDICIAL NOTICE OF RULING IN FOREIGN PROCEEDING ON PRIVILEGE** |

*Expedited Briefing and Relief Requested*

NOW COME Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("VMS") (collectively, "Defendants"), and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rule(s)"), hereby move the Court for an Order temporarily staying all third-party discovery and VMS's upcoming Rule 30(b)(6) deposition pending a ruling on the several discovery motions heard on March 7, 2023.

Defendants also respectfully provide judicial notice of a recent decision from the High Court of Justice of England and Wales ("High Court") bearing directly on motions pending before the Court on the assertion of attorney-client privilege and the work-product doctrine as to various discovery requests.

In support of this Motion, and as further set out in Defendants' memorandum of law accompanying this Motion, Defendants state the following:

1. On March 7, 2023, this Court heard argument on nine (9) pending discovery motions (the "Discovery Motions"), which are largely centered on three threshold discovery issues: (1) the applicable scope of discovery in this case in light of the Court's 12(b)(6) Order; (2) the applicability of the attorney-client privilege or attorney-work product protections to, principally, Defendants' work for Dechert LLP ("Dechert") in furtherance of its representation of Ras al Khaimah ("RAK") and its related entities, including the RAK Investment Authority ("RAKIA"); and (3) the fact that Plaintiff is seeking discovery for use in separate proceedings pending in other jurisdictions.

2. Since the March 7, 2023 hearing, Plaintiff has served at least 15 third-party subpoenas. *See* **Exs. A–O**. Further, on April 5, 2023, Plaintiff sent Defendants a letter specifying the broad set of topics which they intend to inquire about during the upcoming Rule 30(b)(6) deposition of VMS, presently scheduled for May 17, 2023. *See* **Ex. P** (the "Rule 30(b)(6) Letter").

3. As set out more fully in their memorandum of law in support of this Motion, Defendants believe that these newly issued subpoenas, as well as

the deposition topics set forth in the Rule 30(b)(6) Letter, implicate the same three threshold issues presently before the Court.

4. As to avoid further time and expense on piece-meal challenges to Plaintiff's newly issued and forecasted discovery, which would require yet another re-hashing of the parties' positions on these same three threshold issues, and to promote judicial economy, Defendants request that all third-party discovery and VMS's scheduled Rule 30(b)(6) deposition be stayed pending a ruling on the Discovery Motions.

5. "This Court has the broad inherent power to stay discovery until preliminary issues are settled" in order to "achieve equity and to ensure the efficient management of its docket." *Mystic Retreat Med Spa & Weight Loss Ctr. v. Ascentium Cap., LLC*, 2022 WL 16836202, at *1 (M.D.N.C. Sept. 15, 2022).

6. The following factors are considered by the Court when determining whether a stay is warranted: "(1) the interests of judicial economy; (2) the hardship and equity to the moving party in the absence of a stay; and (3) the potential prejudice to the non-moving party in the event of a stay." *Id.* (cleaned up).

7. As set out more fully in the memorandum in support of this Motion, a stay is warranted because (1) a stay will avoid an overburden of the Court's docket and exacerbation of the parties' litigation expenses; (2) absent

3

Case 1:20-cv-00954-WO-JLW  Document 205  Filed 04/21/23  Page 3 of 8

a stay, Defendants will be forced to continue asserting their objections to Plaintiff's discovery by way of piece meal motions practice, effectively rehashing their positions on the same threshold discovery issues already before the Court, which may be rendered unnecessary by the Court's ruling on the pending Discovery Motions; and (3) Plaintiff will not be prejudiced by a temporary stay, as Plaintiff too will be spared the time and expense of re-litigating the same threshold issues presently before the Court.

8. In addition, we write to provide judicial notice that, on April 5, 2023, in another related lawsuit against Dechert brought by Karem Al Sadeq ("Al Sadeq")—the former general counsel of RAKIA—the English High Court sustained Dechert's arguments on privilege, despite Al Sadeq's assertion of the crime-fraud exception, foreclosing the identical argument raised by Plaintiff now pending before the Court—namely, that any assertion of privilege by Dechert or RAK fall within the crime-fraud exception. *See* **Ex. Q**.

9. Pursuant to Local Rule 37.1(a), on April 17, 2023, the parties met and conferred via teleconference regarding the relief Defendants seek in this Motion, with Matt Gorga and John Branch for Defendants and Ian Herbert and Joseph Rillotta for Plaintiff in attendance. During the teleconference, Defendants expressed their position that a stay of *all* discovery pending a ruling on the Discovery Motions would preserve both ensure judicial economy and preserve the parties' time and resources. Plaintiff's counsel expressed

4

their position that a narrower stay may be something they are willing to consider, but that they did not yet have authority from their client to agree to anything. In spite of additional correspondence among counsel, Plaintiff has not indicated that it would agree to any stay of discovery. Regardless, the relief Defendants are now seeking through this motion—*i.e.*, a stay of only third-party discovery and VMS's upcoming Rule 30(b)(6) deposition—is consistent with the concept discussed with Plaintiff's counsel on the meet-and-confer call.[1] Nevertheless, Plaintiff is yet to indicate that he is willing to agree to any type of stay. Accordingly, and in light of the time sensitivity of the relief requested in the Motion, Defendants represent that that despite diligent efforts, the parties have been unable to reach an accord.

**WHEREFORE**, Defendants respectfully request that this Court (a) temporarily stay all third-party discovery and VMS's Rule 30(b)(6) deposition pending a ruling on the Discovery Motions heard on March 7, 2023; and (b) upon a ruling on the Discovery Motions, hold a status conference where the parties and the Court can address the effect of the ruling on all outstanding discovery.

---

[1] Other than delaying the Rule 30(b)(6) deposition of VMS, the stay sought by Defendants would not impact party discovery, which appeared to be a primary concern of Plaintiff's counsel during the meet-and-confer call.

*Request for Expedited Briefing and Relief*

Finally,, in light of the upcoming May 17, 2023 Rule 30(b)(6) deposition of VMS, as well as the several outstanding third-party subpoenas, Defendants request: that briefing be expedited such the response is due ten (10) days after the filing of this Motion; the reply is due five (5) days after the response; and that the Court rule upon this motion prior to the May 17, 2023 deposition date.

Respectfully submitted, this the 21st day of April, 2023.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: *Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel Pencook, NCSB# 52339
Sam A. Rosenthal
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Ian A. Herbert
Joseph Rillotta
Kirby D. Behre
Timothy O'Toole
Cody Marden
Calvin Lee
Miller & Chevalier Chartered
900 16th Street, N.W.
Washington, D.C. 20006
iherbert@milchev.com
jrillotta@milchev.com
kbehre@milchev.com
totoole@milchev.com
cmarden@milchev.com
clee@milchev.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: *Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel J. Pencook, NCSB# 52339
Sam A. Rosenthal (*special appearance*)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*

## LOCAL RULE 37.1(a) CERTIFICATION

Pursuant to Local Rule 37.1(a), I hereby certify, subject to Fed. R. Civ. P. 11, and as set out in further detail in Paragraph 9 of the Motion, that after personal consultation and diligent attempts to resolve differences, the parties are unable to reach an accord regarding the relief requested in this Motion.

Respectfully submitted this 21st day of April, 2023.

                      **NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: *Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel J. Pencook, NCSB# 52339
Sam A. Rosenthal (*special appearance*)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*