# EXHIBIT B

(Notice of Subpoena to Richard T. Garcia)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-cv-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>　　Defendants. | **NOTICE OF SUBPOENA TO RICHARD T. GARCIA** |

PLEASE TAKE NOTICE:

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Plaintiff Farhad Azima provides notice to Defendants Nicholas Del Rosso and Vital Management Services, Inc. that Plaintiff intends to serve the subpoena attached as Exhibit A on non-party Richard Garcia, 16115 Lockdale Lane, Cypress, TX 77429, on March 22, 2023.

This, the 22nd day of March, 2023.

> **MILLER & CHEVALIER CHARTERED**
>
>   /s/ Calvin Lee
> Kirby D. Behre (*pro hac vice*)
> Timothy P. O'Toole (*pro hac vice*)
> Lauren E. Briggerman (*pro hac vice*)
> Joseph A. Rillotta (*pro hac vice*)
> Ian Herbert (*pro hac vice*)
> Calvin Lee (*pro hac vice*)
> Cody Marden (*pro hac vice*)
> 900 16th Street NW
> Washington, D.C. 20006
> Phone: (202) 626-5800
> Fax: (202) 626-5801
> Email:  kbehre@milchev.com
>             totoole@milchev.com
>             lbriggerman@milchev.com
>             jrillotta@milchev.com
>             iherbert@milchev.com
>             clee@milchev.com
>             cmarden@milchev.com
>
> **WOMBLE BOND DICKINSON (US) LLP**
>
>     /s/ Ripley Rand
> Ripley Rand
> North Carolina State Bar No. 22275
> Christopher W. Jones
> North Carolina State Bar No. 27265
> Jonathon Townsend
> North Carolina State Bar No. 51751
> 555 Fayetteville Street, Suite 1100
> Raleigh, North Carolina 27601
> Phone: 919-755-2100
> Fax: 919-755-2150
> Email:  ripley.rand@wbd-us.com
>             chris.jones@wbd-us.com
>             jonathon.townsend@wbd-us.com
>
> *Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-CV-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT<br>SERVICES, INC.,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I served this Notice with Exhibit A by email on the following counsel for Defendants on March 22, 2023:

> Brandon S. Neuman, Esq.
> Jeffrey M. Kelly, Esq.
> Nathaniel J. Pencook, Esq.
> John Branch, III, Esq.
> **Nelson Mullins Riley & Scarborough, LLP**
> 301 Hillsborough Street, Suite 1400
> Raleigh, NC 27603
> brandon.neuman@nelsonmullins.com
> jeff.kelly@nelsonmullins.com
> nate.pencook@nelsonmullins.com
> john.branch@nelsonmullins.com
> Tel.: 919.329.3800
> Fax.: 919.329.3799

Samuel Rosenthal
**Nelson Mullins Riley & Scarborough LLP**
101 Constitution Ave NW, Suite 900
Washington, DC 20001
Tel. 202-689-2951
Fax: 202-689-2860
sam.rosenthal@nelsonmullins.com

*Counsel for Defendants*

This, the 22nd day of March, 2023.

                       **MILLER & CHEVALIER CHARTERED**

                       */s/ Calvin Lee*
                       Calvin Lee (*pro hac vice*)
                       900 16th Street NW
                       Washington, D.C. 20006
                       Phone: (202) 626-5800
                       Fax: (202) 626-5801
                       Email:    clee@milchev.com

                       *Counsel for Plaintiff*

# Exhibit A

# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

Farhad Azima

*Plaintiff*

v.    Civil Action No. 20-cv-954

Nicholas Del Rosso & Vital Management Services, Inc

*Defendant*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Richard T. Garcia, Strategic Consultant, Advisor, and former CEO to Northern Technology, Inc., 16115 Lockdale Lane, Cypress, TX 77429

*(Name of person to whom this subpoena is directed)*

☑ **Production:** **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: Womble Bond Dickinson (US) LLP, 811 Main Street, Suite 3130, Houston, TX 77002, Consent to Remote Compliance | Date and Time: 04/05/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/22/2023

CLERK OF COURT        OR

_____        _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature* Calvin Lee

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Farhad Azima, Calvin Lee, Miller & Chevalier Chartered, who issues or requests this subpoena, are:
900 16th Street NW, Washington, DC 20006, (202) 626-5981, clee@milchev.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 20-cv-954

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment A

### INSTRUCTIONS

1. Prior to answering the following, you are requested to make a due and diligent search of your books, records, and papers, with a view to eliciting all information responsive to this subpoena.

2. If you object to any request on the basis of privilege, please identify the nature of the documents being withheld on that basis.

3. If any document responsive to this request was, but no longer is in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of. In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

4. If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

5. To the extent documents produced in response to this request include electronic documents, such as spreadsheets or databases, please produce all such documents in native form, ensuring that all formulae and metadata embedded in such documents are produced.

6. To the extent you intend to not produce a requested document, you are directed to make and safeguard a copy of the requested information.

7. The relevant time period for documents responsive to the following requests shall be between August 1, 2014 until now.

### DEFINITIONS

1. The term "Communication" means any oral, written, or electronic transmission of information, including but not limited to records of face-to-face meetings, letters, emails, text messages, messaging applications, social media messaging, telephone calls, chat rooms, or group list serves.

2. The term "Document" is intended to be as comprehensive as the meaning provided in Rule 34 of the Federal Rules of Civil Procedure.

1

3. The term "Person" means any individual, corporation, partnership, proprietorship, association, organization, governmental entity, group of persons or any other entity of whatever nature.

4. The terms "relate to" or "relating to" means consisting of, referring to, regarding, reflecting, supporting, prepared in connection with, used in preparation of, or being in any way logically or factually connected with the matter discussed.

5. The term "you" means Richard Garcia, Strategic Consultant, Advisor, and former CEO to NORTHERN TECHNOLOGY INC. ("NTi") and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on your behalf in your capacity with NTi.

6. "Plaintiff" refers to Farhad Azima, the plaintiff in this action.

7. "Defendants" refers to Nicholas Del Rosso and Vital Management Services, Inc.

8. "Nicholas Del Rosso" refers to Nicholas Del Rosso, the owner and an employee of the company Vital Management Services, Inc. Del Rosso is believed to reside at 318 Lystra Preserve Drive, Chapel Hill, North Carolina 27517.

9. "Vital Management Services, Inc." and "Vital" refer to a company believed to be owned and operated by Nicholas Del Rosso located at 1340 Environ Way, Chapel Hill, North Carolina, 27517.

10. "Hacked Data" refers to data belonging to Plaintiff that was posted on various websites and was allegedly downloaded by NTi in 2016.

11. "CyberRoot" refers to CyberRoot Risk Advisory Private Limited and all current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf.

12. "BellTroX" refers to BellTroX Info Tech Services and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf.

13. "Aditya Jain" refers to the founder, owner, manager, or principal of the following companies: (1) Cyber Defense and Analytics; (2) WhiteInt Consulting Pvt Ltd; (3) Cyber DNA Labs (OPC) Pvt Ltd; and (4) Arceus Consulting LLP.

14. "Jain Entities" refers to Cyber DNA, WhiteInt, Arceus, and any other company for which Aditya Jain is an authorized signatory or owner.

*DOCUMENTS TO BE PRODUCED*

Defendants Del Rosso and Vital have identified NTi in their answer in this case as having provided services relevant to Plaintiff Azima. Defs.' Answer ¶¶ 15, 23, 27. Additionally, Defendants made at least 73 payments to NTi totaling approximately $3.4 million dollars between August 2016 and March 2020 (the "$3.4 Million in Payments"), and NTi provided numerous reports to Defendants. Accordingly, you are to produce the following:

1. All Documents and Communications with Defendants or other third parties regarding the work performed by NTi for Defendants between August 2016 and March 2020.

2. All reports prepared by NTi for Defendants between August 2016 and March 2020.

3. All engagement letters reflecting work done by NTi for Defendants between August 2016 and March 2020.

4. All bills, invoices, expense reports, and any backup submitted to Defendants between August 2016 and March 2020.

5. All Communications with Chris Swecker regarding the work performed by NTi for Defendants between August 2016 and March 2020.

6. All travel records and calendar entries related to work performed by NTi for Defendants between August 2016 and March 2020.

7. All Documents and data belonging to Farhad Azima.

8. All Documents and Communications regarding data belonging to Farhad Azima.

9. All Documents and Communications regarding BitTorrent, WeTransfer, Blogspot, Wordpress, or the Dark Web.

10. All Documents and Communications between 2016 and 2020 relating to any of the following individuals or entities:

    a. CyberRoot Risk Advisory Private Limited ("CyberRoot");

    b. BellTroX Info Tech Services ("BellTroX");

    c. Aditya Jain or Jain Entities, including but not limited to Cyber DNA, Cyber DNA Labs, WhiteInt, and Arceus;

    d. Craig Thomas Evers; or

e. Dechert LLP, Neil Gerrard, or David Hughes.