# EXHIBIT N


(Notice of Subpoena to WeTransfer Corporation)

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## Case No. 20-cv-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>    v.<br><br>NICHOLAS DEL ROSSO and VITAL<br>MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | **NOTICE OF SUBPOENA TO<br>WETRANSFER CORPORATION** |

PLEASE TAKE NOTICE:

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Plaintiff Farhad Azima provides notice to Defendants Nicholas Del Rosso and Vital Management Services, Inc. that Plaintiff intends to serve the subpoena attached as Exhibit A on non-party WeTransfer Corporation, C/O CT Corporation System, 330 North Brand Boulevard, Suite 700, Glendale, California 91203 on April 10, 2023.

This, the 9th day of April, 2023.

MILLER & CHEVALIER CHARTERED

  /s/ Calvin Lee
Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren E. Briggerman (*pro hac vice*)
Joseph A. Rillotta (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street NW
Washington, D.C. 20006
Phone: (202) 626-5800
Fax: (202) 626-5801
Email:   kbehre@milchev.com
         totoole@milchev.com
         lbriggerman@milchev.com
         jrillotta@milchev.com
         iherbert@milchev.com
         clee@milchev.com
         cmarden@milchev.com

WOMBLE BOND DICKINSON (US) LLP

  /s/ Ripley Rand
Ripley Rand
North Carolina State Bar No. 22275
Christopher W. Jones
North Carolina State Bar No. 27265
Jonathon Townsend
North Carolina State Bar No. 51751
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email:   ripley.rand@wbd-us.com
         chris.jones@wbd-us.com
         jonathon.townsend@wbd-us.com

*Counsel for Plaintiff*

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## CASE NO. 20-CV-954-WO-JLW

FARHAD AZIMA,

     Plaintiff,

v.

NICHOLAS DEL ROSSO and
VITAL MANAGEMENT
SERVICES, INC.,

     Defendants.

**CERTIFICATE OF SERVICE**

     I hereby certify that I served this Notice with Exhibit A by email and

Federal Express on the following counsel for Defendants on April 9, 2023:

     Brandon S. Neuman, Esq.
     Jeffrey M. Kelly, Esq.
     Nathaniel J. Pencook, Esq.
     John Branch, III, Esq.
     **Nelson Mullins Riley & Scarborough, LLP**
     301 Hillsborough Street, Suite 1400
     Raleigh, NC 27603
     brandon.neuman@nelsonmullins.com
     jeff.kelly@nelsonmullins.com
     nate.pencook@nelsonmullins.com
     john.branch@nelsonmullins.com
     Tel.: 919.329.3800
     Fax.: 919.329.3799

Samuel Rosenthal
**Nelson Mullins Riley & Scarborough LLP**
101 Constitution Ave NW, Suite 900
Washington, DC 20001
Tel. 202-689-2951
Fax: 202-689-2860
sam.rosenthal@nelsonmullins.com

*Counsel for Defendants*


This, the 9th day of April, 2023.

                **MILLER & CHEVALIER CHARTERED**

                */s/ Calvin Lee*
                Calvin Lee (*pro hac vice*)
                900 16th Street NW
                Washington, D.C.  20006
                Phone: (202) 626-5800
                Fax: (202) 626-5801
                Email:     clee@milchev.com

                *Counsel for Plaintiff*

# Exhibit A

# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina ▾

| | |
|---|---|
| Farhad Azima | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 20-cv-954 |
| Nicholas Del Rosso & Vital Management Services, Inc | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     WeTransfer Corporation c/o CT Corporation System,
330 North Brand Boulevard, Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Womble Bond Dickinson (US) LLP 12400 Wilshire Boulevard #600, Los Angeles, CA 90025    Consent to Remote Compliance | Date and Time: 04/24/2023 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     04/10/2023

|  *CLERK OF COURT* | OR | |
|---|---|---|
| _____ |  | _____ |
| *Signature of Clerk or Deputy Clerk* |  | *Attorney's signature*   Calvin Lee |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Farhad Azima
Calvin Lee, Miller & Chevalier Chartered                                          , who issues or requests this subpoena, are:
900 16th Street NW, Washington, DC 20006, (202) 626-5981,  clee@milchev.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 20-cv-954

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                 _____
                                                                *Server's signature*

                                                       _____
                                                                *Printed name and title*

                                                       _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

*INSTRUCTIONS*

1.      Prior to answering the following, you are requested to make a due and diligent search of your books, records, and papers, with a view to eliciting all information responsive to this subpoena.

2.      If you object to any request on the basis of privilege, please identify the nature of the documents being withheld on that basis.

3.      If any document responsive to this request was, but no longer is in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of. In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

4.      If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

5.      To the extent documents produced in response to this request include electronic documents, such as spreadsheets or databases, please produce all such documents in native form, ensuring that all formulae and metadata embedded in such documents are produced.

6.      To the extent you intend to not produce a requested document, you are directed to make and safeguard a copy of the requested information.

7.      The relevant time period for documents responsive to the following requests shall be between August 1, 2014 until now.

*DEFINITIONS*

1.      The term "communications" means any oral, written, or electronic transmission of information, including without limitation any face-to-face meetings, letters, emails, text messages, social media messaging, or telephone calls, chat rooms, or group list serves.

2.      The term "document" is intended to be as comprehensive as the meaning provided in Rule 34 of the Federal Rules of Civil Procedure.

3.      The term "person" means any individual, corporation, partnership, proprietorship, association, organization, governmental entity, group of persons or any other entity of whatever nature.

1

4.    The terms "relate to" or "relating to" means consisting of, referring to, regarding, reflecting, supporting, prepared in connection with, used in preparation of, or being in any way logically or factually connected with the matter discussed.

5.    The term "you" means WETRANSFER CORPORATION ("WeTransfer") and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf.

6.    "Plaintiff" refers to Farhad Azima, the plaintiff in this action.

7.    "Defendants" refers to Nicholas Del Rosso and Vital Management Services, Inc.

8.    "Nicholas Del Rosso" refers to Nicholas Del Rosso, the owner and an employee of the company Vital Management Services, Inc. Del Rosso is believed to reside at 318 Lystra Preserve Drive, Chapel Hill, North Carolina 27517.

9.    "Vital Management Services, Inc." and "Vital" refer to a company believed to be owned and operated by Nicholas Del Rosso located at 1340 Environ Way, Chapel Hill, North Carolina, 27517.

10.    "Hacked data" refers to Plaintiff's data stolen by hackers in 2016 and subsequently used by RAKIA during Mr. Azima's trial in January 2020.

11.    "Mr. Azima's trial" refers to the January 2020 U.K. trial between RAKIA and Mr. Azima, captioned *Farhad Azima -v- (1) RAKIA (2) David Neil Gerrard (3) Dechert LLP and (4) James Edward Deniston Buchanan* (Claim Number HC-2016-002798).

12.    "CyberRoot" refers to CyberRoot Risk Advisory Private Limited and all current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including Vibhor Sharma.

13.    "Aditya Jain" refers to the founder, owner, manager, or principal of the following companies: (1) Cyber Defense and Analytics; (2) WhiteInt Consulting Pvt Ltd; (3) Cyber DNA Labs (OPC) Pvt Ltd; and (4) Arceus Consulting LLP.

14.    "Jain Entities" refers to Cyber DNA, WhiteInt, Arceus, and any other company for which Aditya Jain is an authorized signatory or owner.

15.    "Cyber DNA" refers to Cyber Defence and Analytics and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including but not limited to Aditya Jain.

2

16.    "Cyber DNA Labs" refers to Cyber DNA Labs (OPC) Pvt Ltd and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including but not limited to Aditya Jain.

17.    "WhiteInt" refers to a company owned by Aditya Jain including all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including but not limited to Aditya Jain.

18.    "Arceus" refers to a company owned by Aditya Jain including all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf, including but not limited to Aditya Jain.

Case 1:20-cv-00954-WO-JLW   Document 205-14   Filed 04/21/23   Page 12 of 26

## DOCUMENTS TO BE PRODUCED

1.      From August 1, 2014 to present, all Documents and Communications related to the creation of an account related to the alias "Peter Foster" and its associated email "an_james@protonmail.ch" or any account associated with Vibhor Sharma, CyberRoot Risk Advisory Private Limited, Aditya Jain, or any of the Jain Entities.

2.      From August 1, 2014 to present, all Documents and Communications related to the closure of an account related to the alias "Peter Foster" and its associated email "an_james@protonmail.ch" or any account associated with Vibhor Sharma, CyberRoot Risk Advisory Private Limited, Aditya Jain, or any of the Jain Entities.

3.      From August 1, 2014 to present, all Documents and Communications related to payments (including invoices and bills) made for accounts related to the alias "Peter Foster" and its associated email "an_james@protonmail.ch" or any account associated with Vibhor Sharma, CyberRoot Risk Advisory Private Limited, Aditya Jain, or any of the Jain Entities.

4.      From August 1, 2014 to present, all Documents and Communications relating to downloads of files from accounts associated with the alias "Peter Foster" and its associated email "an_james@protonmail.ch" or any account associated with Vibhor Sharma, CyberRoot Risk Advisory Private Limited, Aditya Jain, or any of the Jain Entities.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FARHAD AZIMA,            )
                                    )
        Plaintiff,         )
                                    )
      v.                      )          1:20CV954
                                    )
NICHOLAS DEL ROSSO and VITAL   )
MANAGEMENT SERVICES, INC.,     )
                                    )
        Defendants.      )

## PROTECTIVE ORDER

The issues in this civil action ("Action" or "Litigation") may require the Parties to produce in discovery certain information, including documents and things that may constitute trade secrets, confidential commercial or business information, or private information. Thus, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 26.2 of the Civil Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina, for good cause appearing, **IT IS HEREBY ORDERED** as follows:

### 1.      Scope of Order.

This Protective Order ("Protective Order") governs the use and handling of documents, electronic information in any form, discovery responses and other information, including all copies, excerpts and summaries thereof (collectively, the "Information") produced or given by any Party or non-party during pre-trial proceedings in this Action.

Information produced in this Action and subject to protection under this Protective Order (the "Protected Information") shall be used only for the purpose of

1

this Action, and not for any other business, competitive, personal, private, public, or other use or purpose.

## 2. Designation of Confidential Information.

Except with the prior written consent of the Party or third-party producing documents (the "Producing Party"), any Information that the Producing Party designates as "CONFIDENTIAL" shall not be disclosed to any person or used for any purpose except as expressly permitted in this Protective Order. The Producing Party may designate as "CONFIDENTIAL" any Information that it produces in this Action which it, in good faith, contends contains trade secrets, confidential research or development, confidential commercial information, confidential financial information, confidential health information, information treated as confidential by third parties, and other personal or private information whose disclosure would result in annoyance, embarrassment, oppression, or undue burden pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (the "Confidential Information").

Unless a Producing Party has given prior written consent or is otherwise ordered by the Court, any information that a Producing Party designates as "CONFIDENTIAL" shall not be disclosed to any person or used for any purpose except as expressly permitted in this Protective Order.

## 3. Objections to Designation as Confidential

The designation of Information as Confidential Information does not supplant the Court's determination, if applicable, of whether the designation is appropriate. Any Party may object to the designation of any Information as "CONFIDENTIAL" by

2

giving written notice to the designating Party that it objects to the designation and the grounds for its objection. The Parties shall first meet and confer and attempt to resolve any such objection in good faith without action by the Court. If the objection cannot be resolved, the objecting Party may seek appropriate relief from the Court after good faith efforts to resolve the dispute have failed or fourteen (14) business days after sending of written notice of the objection, whichever is sooner. Until the Court rules on any such motion, the documents shall be treated as originally designated. The burden of proving that the Information is properly designated as "CONFIDENTIAL" is on the designating Party.

4.      **Publicly Available Information.**

Any Party may object to the designation of Information as Protected Information on the grounds that such Information is lawfully and publicly available, by way of the procedure outlined in Paragraph 3 of this Protective Order.

5.      **Designation of Protected Information Produced by Other Parties.**

In the event that a Producing Party produces material which another Party reasonably and in good faith believes to be Protected Information without designating such documents or information "CONFIDENTIAL," the other Party shall, upon discovery, promptly designate such documents or information as "CONFIDENTIAL." If a Party opposes the designation of the Information, the procedure outlined in Paragraph 3 shall be followed. The Producing Party shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Protected Information that occurred prior to notification of the correct designation.

3

Notwithstanding the above, no Party may disclose any Information received from third parties before such Information has been provided to all other Parties and the Parties have been given a reasonable opportunity to review and designate the same. Inadvertent production of such Information in this case without designation as "CONFIDENTIAL" shall not be deemed a waiver, in whole or in part, of a party's claim to confidentiality of such documents or information.

**6.  Persons Who May Access Protected Information.**

Except as provided in Paragraph 9, absent written consent from the designating party or unless otherwise directed by the Court, Protected Information may be disclosed only to the following persons, provided that such persons agree to be bound by the terms of this Protective Order, and provided that such persons only use this Protected Information for purposes of this Action:

(a)  the Parties to this Action;

(b)  any legal counsel, attorney, and their agents retained by the parties in this Action;

(c)  outside experts or consultants retained on behalf of the parties or by their counsel in this Action;

(d)  outside photocopying, graphic production services, or litigation support services employed by the parties or their counsel in this Action;

(e)  the Court, the court reporters, videographers, stenographers, and court personnel in this Action;

(f)  any mediator or arbitrator that the Parties engage or that the Court appoints in this Action;

(g)  any witness who is called to testify at trial or deposition in this action, provided that Protected Information may only be disclosed to such witnesses upon consent of the designating Party, and that such

4

disclosure be limited to the scope of the witnesses' expected testimony; and

(h)     the direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the litigation of this Action.

**7.     Application of This Protective Order to Persons with Access to Protected Information.**

Each person given access to Protected Information shall be advised that the Protected Information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

(a)     Before any person described above in Paragraph 6(c), 6(d), 6(g), or 6(h) is given access to Protected Information, that person must read and agree in writing, by signing an acknowledgment in the form attached hereto as Exhibit A, to be bound by the provisions of this Protective Order. The Parties shall maintain copies of the forms signed by persons to whom they are giving access to Protected Information, and show copies thereof to any other Party upon request.

(b)     Before any other person described in Paragraph 6 is shown any Protected Information, that person must be shown a copy of this Protective Order and instructed that he or she is bound by its provisions.

**8.     Filing Documents Containing Protected Information.**

In the event a Party wishes to use any Protected Information, or any papers containing or disclosing the contents of such Protected Information, in any pleading

5

or document filed with the Court in this Action, the Party wishing to use such Protected Information shall move to seal these pleadings, documents, or portions thereof pursuant to M.D.N.C. Local Rules 5.4 and 5.5. Such pleadings or documents shall be filed under temporary seal in accordance with M.D.N.C. Local Rules 5.4 and 5.5 pending the Court's review of the motion to seal.

**9. Marking Documents and Other Records Containing Protected Information.**

The designation of Protected Information for the purposes of this Protective Order shall be made in the following manner:

(a) In the case of documents and written discovery responses, by affixing the legend "CONFIDENTIAL" to each page containing any Protected Information.

(b) In the case of electronically stored information in any form (including embedded data and metadata) (collectively, "Electronic Data"), by designating the Electronic Data as "CONFIDENTIAL" in a cover letter accompanying the production of the Electronic Data. Where feasible, counsel for the Producing Party will also mark the disk, tape or other electronic media on which the Electronic Data is produced with the appropriate designation. If a Party reduced Protected Electronic Data to hard copy form, it shall mark the hard copy with the appropriate designation. Whenever any Protected Electronic Data is copied, all copies shall be marked with the appropriate designation.

(c) To the extent that a person described in Paragraph 6 creates, develops,

establishes, or otherwise maintains, on any computer, network, disk, tape, or other digital or analog machine-readable device, any information, files, databases or programs that contain Protected Information, such person shall take all necessary steps to ensure that access to any Protected Information is restricted to those persons who, by the terms of this Protective Order, are allowed access to such material.

(d)  The inadvertent failure to stamp a document as "CONFIDENTIAL" shall not be deemed a waiver of a claim of protection under this Protective Order. The Producing Party shall give written notice to the Party receiving the Protected Information promptly after the omission is discovered, and the receiving Party shall thereafter treat those materials as "CONFIDENTIAL" in accordance with this Protective Order.

## 10.  Use of Protected Information at Depositions.

During discussion of any non-documentary Protected Information during a deposition, or at any other point during the deposition or reasonably prior or subsequent to it, any Party may make oral note on the record noting the nature of the Protected Information. Upon such notice on record, the transcript of any deposition and all exhibits or attachments shall be considered Protected Information for thirty (30) days following the date of service of the final transcript by the Party that took the deposition. During that thirty (30) day period, any Party may designate

portions of the transcript as containing Protected Information. Only those portions of a transcript reflecting Protected Information may be so designated. If no such designations are made, then the entire transcript and exhibits will be considered unprotected.

**11.    Use of Protected Information at Trial or Hearings.**

The restrictions, if any, that will govern the use of Protected Information at trial or hearings will be determined at a later date by the Court, in consultation with the Parties if necessary.

**12.    No Waiver of Privilege.**

If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other ground for withholding production to which any Producing Party would otherwise be entitled. Any inadvertently produced privileged materials shall be returned promptly to the Producing Party upon request and all copies destroyed.

**13.    Modification of the Protective Order.**

This Protective Order may be modified by further stipulation of the Parties, subject to Court approval, and a Party may apply to the Court for relief from this Protective Order after giving notice to counsel of record and conferring with opposing counsel in an effort to reach agreement on any proposed modification.

**14. Copy of Protective Order Must Be Served With Any Subpoena.**

After this Protective Order is entered by the Court, a copy of this Protective Order shall be included with each subpoena served on any person or entity that is not a party to this Action. In addition, this Protective Order shall be sent to all persons or entities that received a subpoena prior to the entry of this Protective Order.

**15. Third Party Requests for Protected Information.**

If any person receiving Information covered by this Protective Order is served with party discovery or subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Information covered by this Protective Order, and such subpoena, document demand, or request seeks Information which was produced or designated as Confidential Information by the Producing Party, the person receiving the subpoena, document demand, or request shall give written notice immediately (no more than 2 business days after receipt) to counsel for the Producing Party and shall, to the extent permitted by law, withhold production of the Information until any dispute relating to the production of such Information is resolved.

**16. Court Retains Jurisdiction.**

This Protective Order shall survive the termination of this Action. This Court expressly retains jurisdiction over this Action for enforcement of the provisions of this Protective Order following the final resolution of this Action.

**17. Return or Destruction of Protected Information**

Within sixty (60) days of the termination of this Action, including all appeals,

9

all Protected Information supplied by any Producing Party, and all copies thereof, shall be returned to the Producing Party or shall be destroyed and their destruction certified. Notwithstanding this provision, the Parties' attorneys may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Information, provided that archival copies containing Confidential Information remain subject to this Protective Order.

**18.** **Parties May Use Their Own Protected Information.**

Nothing in this Order shall affect a Party's use or disclosure of its own documents and records in any way.

**19.** **Violation of the Protective Order.**

The Court shall have discretion to impose sanctions, including reasonable monetary fines, for violations of the provisions of this Order governing the protection of material that is designated as Confidential Information.

**20.** **No Admission**

The designation of any information, documents or things pursuant to this Protective Order shall not, in and of itself, raise any inference as to the legal status of any information, documents or things marked for identification purposes or introduced in evidence at the trial of this action. Nothing herein, however, shall preclude the Producing Party from seeking "Confidential" treatment from the Court with respect to such information, documents or things or from raising any available objections.

This the 22nd day of February, 2023.

_____
Joe L. Webster
United States Magistrate Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CASE NO. 1:20-cv-00954-WO-JLW

FARHAD AZIMA,

              Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL
MANAGEMENT SERVICES, INC.,

              Defendants.

**ACKNOWLEDGEMENT OF
PROTECTIVE ORDER**

       I hereby certify my understanding that Information designated "CONFIDENTIAL"

is being provided to me pursuant to the terms and restrictions of the Protective Order entered

in this Action by the United States District Court for the Middle District of North Carolina

(the "Order"). I have read and understand the terms of the Order, I agree to be fully bound

by them, and I hereby submit to the jurisdiction of the United States District Court for the

Middle District of North Carolina for the purposes of enforcement of the Order.

       Dated:                             Signature:

                                       Printed Name: