UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>    v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO SEAL** |

Plaintiff Farhad Azima hereby respectfully submits this Memorandum of Law in Support of his Motion to Seal the document currently filed as ECF No. 212-1, which is Exhibit 1 to Plaintiff's Opposition to the Motion of Craig Evers to Quash Third Party Subpoenas. ECF No. 212.

In considering a party's motion to seal certain documents, the Court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). The Court must (1) give the public notice and a reasonable chance to challenge the motion to seal the documents; (2) consider less drastic alternatives to sealing, including redaction; and (3) if it decides to seal the documents, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

As to the substance of the motion to seal, the Court "first must determine

the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id*. The Court may seal documents "if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The factors the Court takes into account in this regard include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id*. Based on an evaluation of these and any other relevant factors, the Court must find that the justification for sealing documents overcomes both the First Amendment and common law presumption of access.

The document Plaintiff seeks to seal in Exhibit 1 includes excerpts from the deposition of Mr. Del Rosso. At various times, Defendants have taken shifting and inconsistent positions about what categories of information should be treated as confidential but have generally contended that excerpts from Mr. Del Rosso's deposition be treated as confidential. Out of an abundance of caution, Plaintiff is filing the materials in Exhibit 1 under seal, but reserves the right to address confidentiality issues with respect to portions of the deposition transcript in later proceedings.

Pursuant to Local Rule 5.4(c), Azima states that he not the party

claiming confidentiality. Any party claiming confidentiality bears the burden to file a response demonstrating that sealing is warranted.

For the foregoing reasons, Plaintiff Farhad Azima respectfully requests that his Motion to Seal Exhibit 1 be granted.

This, the 25th day of April, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand*
Ripley Rand
North Carolina Bar No. 22275
Christopher W. Jones
North Carolina Bar No. 27625
Jonathon Townsend
North Carolina State Bar No. 51751
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email:   ripley.rand@wbd-us.com
         chris.jones@wbd-us.com
         jonathon.townsend@wbd-us.com

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Brian A. Hill (*pro hac vice*)
Joseph Rillotta (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006

Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Plaintiff*