# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CASE NO. 1:20-cv-00954-WO-JLW

FARHAD AZIMA,

        Plaintiff,

  v.

NICHOLAS DEL ROSSO and

VITAL MANAGEMENT SERVICES, INC.,

        Defendants.

**DEFENDANT VITAL MANAGEMENT SERVICES, INC.'S MOTION FOR PROTECTIVE ORDER**

## _Pre-Deposition Interim Relief Requested_

NOW COMES Defendant Vital Management Services, Inc.'s ("VMS"), and pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Rule(s)"), hereby moves the Court for entry of a Protective Order forbidding or limiting inquiry into certain matters during VMS's Rule 30(b)(6) deposition, and an interim order staying VMS's deposition until the Court's consideration of this Motion. In support of this Motion, and as set out further in the memorandum of law accompanying this Motion, VMS states the following:

1.     The parties remain at odds with respect to their positions on the applicable scope of discovery and the applicability of the attorney-client privilege and work-product doctrine to, principally, VMS and Del Rosso's work performed for Dechert LLP ("Dechert") in furtherance of Dechert's legal representation of Ras al Khaimah ("RAK") and its related entities. As the

Court is aware, this dispute has resulted in several discovery motions, presently pending before the Court. (*See, e.g.,* D.E. 122, 130, 142, 154, 188, 196).

2.     Accordingly, VMS now brings this Motion in advance of its deposition, currently scheduled for May 17, 2023, seeking an Order from this Court forbidding or limiting inquiry into topics that are irrelevant and not proportionate to the needs of the case, as well as prohibiting inquiry into privileged matters.

3.     Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding the disclosure or discovery," or "forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters[.]" *Id.* at (c)(1)(A), (D). Moreover, Rule 26(b)(2)(C) provides that "the court *must* limit the frequency or extent of discovery" where "the discovery sought is unreasonably . . . duplicative" or "outside the scope permitted by Rule 26(b)(1)." *Id.* at (b)(2)(C)(i), (iii) (emphasis added).

4.     As set out more fully in the memorandum of support of this Motion, a protective order prohibiting or limiting inquiry is warranted, as Plaintiff intends to inquire into an improper range of topics which (a) are neither

Case 1:20-cv-00954-WO-JLW   Document 216   Filed 04/27/23   Page 2 of 9

relevant nor proportionate to the needs of the case, (b) seek testimony about matters protected by the attorney-client privilege and/or work-product doctrine, and (c) improperly seek testimony for purposes of his litigation elsewhere.

5.     Further, VMS requests that the Court enter an interim order staying VMS's deposition until the Court rules on this Motion, which will provide clarity as to what is—and is not—discoverable at VMS's deposition, allowing for a more efficient and expedient discovery process.[1]

6.     Pursuant to Local Rule 37.1(a), counsel for all parties conferred via a series of emails regarding Plaintiff's Rule 30(b)(6) Topics and agreed any additional meeting to further discuss the same issues that have been extensively briefed—the proper scope of discovery and the applicability of certain privileges—would be futile. Plaintiff objects to this motion and objects to expedited briefing.[2] *See* **Ex. I**.

7.     In support of this Motion Defendants rely on the following exhibits, attached hereto:

---

[1] VMS also respectfully requests that the Court grant Defendants' pending Motion to Stay Discovery (D.E. 205), similarly requesting, *inter alia*, that VMS's deposition be stayed pending a ruling on the several discovery motions heard by the Court on March 7, 2023.

[2] Plaintiff also "does not consent to presenting this issue to the Court in the context of a L.R. 37.1 conference—particularly where the same issues have been fully briefed, some fully argued, and pending for decision for months." (Exhibit I). Despite such, Plaintiff's counsel noted the futility of another meeting, and therefore Defendants have met the requirements of Local Rule 37.1(a).

Case 1:20-cv-00954-WO-JLW   Document 216   Filed 04/27/23   Page 3 of 9

- **Exhibit A** – Plaintiff's Rule 30(b)(6) deposition notice to VMS, served on December 22, 2022.

- **Exhibit B** – Defendants' objections to Plaintiff's Rule 30(b)(6) Topics, served on January 13, 2023.

- **Exhibit C** - Plaintiff's Amended Rule 30(b)(6) deposition notice to VMS, served on January 18, 2023.

- **Exhibit D** – Defendants' objections to Plaintiff's Amended Rule 30(b)(6) Topics, served on April 5, 2023.

- **Exhibit E** – Plaintiff's April 5, 2023 Letter

- **Exhibit F** – Defendants' April 7, 2023 Letter

- **Exhibit G** – Plaintiff's April 11, 2023 Letter

- **Exhibit H** – Portions of Del Rosso's Deposition in this matter

- **Exhibit I** – Meet and confer correspondence between counsel

8.    VMS's motion is brought for good cause and not for purposes of delay.

**WHEREFORE**, Defendants respectfully request that the Court enter a Protective Order:

4

(1) Limiting Topic 1 to testimony on documents relevant and proportionate to the Remaining Claims, and ordering that VMS is not required to testify on privileged matters or matters protected by the work product doctrine, specifically including Defendants' work with Dechert in furtherance of Dechert's representation of RAK and its related entities;

(2) Limiting Topics 2, 3, and 6 to individuals, entities, and information related to Plaintiff's Remaining Claims, and ordering that VMS not be required to testify on privileged matters or matters protected by the work-product doctrine, specifically including Defendants' work with Dechert in furtherance of Dechert's representation of RAK and its related entities;

(3) Limiting Topics 4 and 5 to VMS's purported actions regarding documents relevant and proportionate to the Remaining Claims, and ordering that VMS not be required to testify on privileged matters or matters protected by the work-product doctrine, specifically including Defendants' and its subcontractors' work with Dechert in furtherance of Dechert's representation of RAK and its related entities;

(4) Prohibiting inquiry into Topic No. 7;

(5) With respect to Topics 8 and 10, prohibiting inquiry into privileged matters or matters protected by the work-product doctrine, specifically

including Defendants' and its subcontractors' work with Dechert in furtherance of Dechert's representation of RAK and its related entities;

(6) Limiting Topic 9 to the operative allegations supporting Plaintiff's Remaining Claims in *this* case, and prohibiting inquiry into the several other lawsuits "involving" Plaintiff;

(7) Limiting Topic 11 to inquiry regarding projects related to Plaintiff's Remaining Claims, and prohibiting inquiry into privileged matters or matters protected by the work product doctrine, specifically including Defendants' and its subcontractors' work with Dechert in furtherance of Dechert's representation of RAK and its related entities; and

(8) Prohibiting inquiry into Topic No. 12.

In addition, VMS respectfully requests that (a) the Court enter an interim order staying VMS's deposition until the Court rules on this Motion; (b) the Court shorten the briefing time for this motion, making Plaintiff's Response due seven (7) days after its filing, and Defendant's Reply due four (4) days after the Response; and (c) limit VMS's deposition to four hours of on-record testimony.

**[DATE AND SIGNATURE ON FOLLOWING PAGE]**

Respectfully submitted, this the 27th day of April, 2023.

NELSON MULLINS RILEY &
SCARBOROUGH LLP

By: *Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel Pencook, NCSB# 52339
Sam A. Rosenthal
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of April, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Ian A. Herbert
Joseph Rillotta
Kirby D. Behre
Timothy O'Toole
Cody Marden
Calvin Lee
Miller & Chevalier Chartered
900 16th Street, N.W.
Washington, D.C. 20006
iherbert@milchev.com
jrillotta@milchev.com
kbehre@milchev.com
totoole@milchev.com
cmarden@milchev.com
clee@milchev.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:   *Brandon S. Neuman*
     Brandon S. Neuman, NCSB# 33590
     Jeffrey M. Kelly, NCSB# 47269
     John E. Branch III, NCSB# 32598
     Nathaniel J. Pencook, NCSB# 52339
     Sam A. Rosenthal (*special appearance*)
     301 Hillsborough Street, Suite 1400
     Raleigh, North Carolina 27603
     Telephone: (919) 329-3800
     Facsimile: (919) 329-3799
     brandon.neuman@nelsonmullins.com
     jeff.kelly@nelsonmullins.com
     john.branch@nelsonmullins.com
     nate.pencook@nelsonmullins.com
     sam.rosenthal@nelsonmullins.com
     *Counsel for Defendants*

## <u>LOCAL RULE 37.1(a) CERTIFICATION</u>

Pursuant to Local Rule 37.1(a), I hereby certify, subject to Fed. R. Civ. P. 11, and as set out in further detail in Paragraph 6 of the Motion, that after personal consultation and diligent attempts to resolve differences, the parties are unable to reach an accord regarding the relief requested in this Motion.

Respectfully submitted this 27th day of April, 2023.

NELSON MULLINS RILEY &
SCARBOROUGH LLP

By:    *Brandon S. Neuman*
　　　Brandon S. Neuman, NCSB# 33590
　　　Jeffrey M. Kelly, NCSB# 47269
　　　John E. Branch III, NCSB# 32598
　　　Nathaniel J. Pencook, NCSB# 52339
　　　Sam A. Rosenthal (*special appearance*)
　　　301 Hillsborough Street, Suite 1400
　　　Raleigh, North Carolina 27603
　　　Telephone: (919) 329-3800
　　　Facsimile: (919) 329-3799
　　　brandon.neuman@nelsonmullins.com
　　　jeff.kelly@nelsonmullins.com
　　　john.branch@nelsonmullins.com
　　　nate.pencook@nelsonmullins.com
　　　sam.rosenthal@nelsonmullins.com
　　　*Counsel for Defendants*

9