# EXHIBIT E

(Ripley Rand letter to Brandon Neuman, et al
dated Apr. 5, 2023)



Womble Bond Dickinson (US) LLP

555 Fayetteville Street    t:   919.755.2100
Suite 1100            f:   919.755.2150
Raleigh, NC 27601

**Ripley Rand**
Direct Dial: 1.919.755.8125
Direct Fax: 1.919.755.6752
E-mail: ripley.rand@wbd-us.com

April 5, 2023

<u>**Via Email**</u>

Brandon S. Neuman, Esq.
John E. Branch, Esq.
Samuel Rosenthal, Esq.
Matt Gorga, Esq.
Nelson Mullins Riley & Scarborough LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603

    Re:     *Azima v. Del Rosso*, 20-cv-954 (M.D.N.C.);
            Deposition of Vital Management Services, Inc.
            ("Vital") – Rule 30(b)(6) Representative

Dear Counsel:

We write in advance of the noticed deposition of the Rule 30(b)(6) representative of Vital Management Services, Inc. ("Vital") currently scheduled for May 17, 2023, and in response to your partial objections regarding the areas of inquiry dated January 13, 2023 (the "Objections"). You have informed us that Nicholas Del Rosso will testify as Vital's Rule 30(b)(6) designee, and we write, in part, to avoid the obstructive and dilatory conduct that unfortunately plagued Mr. Del Rosso's deposition in his personal capacity.

***First***, we disagree that the topics noticed for deposition (the "Topics") are "vague and ambiguous." *See* Objections at 2, 3, 6, 8, *etc.* We expect Mr. Del Rosso to be prepared to answer questions about relevant and discoverable information as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure the Local Rules and all other applicable rules and law. *See, e.g.*, *Walls v. Ford Motor Co.*, No. 1:20CV98, 2021 WL 1723154, at *6 (M.D.N.C. Apr. 30, 2021) ("Rule 30(b)(6) obligates an organization to 'make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the deposing party] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [such party] as to the relevant subject matters.'") (quoting *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Res. Auth.*, 93 F.R.D. 62, 67 (D.P.R. 1981)); <u>*Est. of Boyles v. Gree USA, Inc.*</u>, No. 1:20-CV-276, 2021 WL 3292727, at *4 (M.D.N.C. Aug. 2, 2021) ("The corporation must not only produce such number of person as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.") (cleaned up).

Nevertheless, in the interest of addressing your objections we list below a number of more specific issues encompassed within the Topics that we intend to cover. This is an illustrative (not exhaustive) list, and it does not, nor should it be construed to, limit Plaintiff's Rule 30(b)(6) notice in any way.

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.



***Second***, we disagree with your repeated and baseless assertions that "information is sought for improper purposes, including, but not limited to, an attempt to prosecute Plaintiff's claims in other pending cases in different jurisdictions…." *E.g.*, Objections at 5. Many of the issues identified in the Deposition Notice are derived from Defendants' own Answer, and Mr. Del Rosso—as VMS's corporate representative—has an obligation to be prepared to answer detailed questions about the Answer and the matters raised in it.

***Third***, as to a number of the issues listed below, we cited to Mr. Del Rosso's prior deposition testimony ("Depo. Tr.") to identify instances where Mr. Del Rosso testified he lacked knowledge on certain subjects, including  issues and subjects in Defendants' Answer. Defendants are hereby put on notice that the specific issues listed below fall within the ambit of Plaintiff's Rule 30(b)(6) deposition notice, and that in the upcoming deposition, Mr. Del Rosso – as Vital's designee – is expected to be prepared to  "testify about information known ***or reasonably available to the organization***" regarding the deposition Topics. Fed. R. Civ. P. 30(b)(6) (emphasis added).  We expect that Mr. Del Rosso will be prepared accordingly.

***Finally***, this letter is not intended to answer or respond to all of Defendants' Objections, in part because many objections have been thoroughly addressed in various of Plaintiff's prior pleadings.  For the reasons stated at length in those prior papers, these objections are misplaced, and should not be cited as a basis for Mr. Del Rosso or Vital to withhold any relevant and discoverable information at the upcoming Rule 30(b)(6) deposition.

### Specific Issues Encompassed Within the Noticed Vital Rule 30(b)(6) Deposition Topics

Mr. Del Rosso, as Rule 30(b)(6) representative for Vital, should be prepared to address all of the topics identified in the notice, including but not limited to the following specific matters:

- All projects associated with work performed for Dechert between 2014 and 2019, including the name(s) of each project, the timeframe of the project, the lawyers involved, all subcontractors involved, the scope of the work performed for each project, names of any purported suspects or targets for each project, and any alleged victims associated with the projects. *See* Answer ¶¶ 13, 15, 28; Depo. Tr. at 55, 57-61, 69, 70, 168, 273.  The projects that Mr. Del Rosso should be prepared to testify about include but are not limited to:

  - Projects referred to by code names Nariman, BBQ, Endeavor, Warrior, Falcon, Omega, Silk, Oak, Wigwam, Ladybird, and/or Sphinx. *See* Depo. Tr. at 57-61, 69.

  - The "engagements" with or by Dechert LLP referenced in Defendants' Answer. *See* Answer ¶ 28.

  - Why Dechert was removed from its role in 2019. *See* Depo. Tr. at 40-41.



- All project names and/or payment references included in records produced by PNC Bank, including the meaning of each reference, what project(s) it related to, and what work was performed in relation to those payments. *See* Depo. Tr. at 55-57.

    - The names/references as to which Mr. Del Rosso should be prepared to testify include but are not limited to: Nariman, Narim, Nari, Nar, Nar2, N2, Na, Concord, Fallow, San Remo, Endeavor, Wenger, Eagle, ORM, Online Reputation Management, Project Two, N-Monaco, India Project, Project BBQ, Project Waterloo, Trafalgar PR, Alexander Mueller, Gary Lowe, TM Eye, JA Edwards, ADM Enterprises, Carlo Del Bo, Lotus WorkSolutions, Tamimi, Trident Group, Karakoram, Joe Kornfein Services, White Crush Company LLC, Mackworth Associates, Elite Security Services, Phoenix Digital Solutions, Reditch Global Solutions, Stratzen Ltd, BJ Lyons, Advisory Marq, and Paul Robinson.

    - Mr. Del Rosso should be prepared to testify as to what each name/reference signified, what work or project it related to, and what such work was performed.

- All payments received by Vital from 2014 to present related directly or indirectly to Azima, Dechert, or RAK, what each payment was for, what work or project it related to, and whether the payment related to any subcontractors paid by Vital. For example, Mr. Del Rosso should be prepared to testify about:

    - All payments received from:

        - Ras Al Khaimah ("RAK"),

        - Sheikh Saud bin Saqr Al Qasimi,

        - RAK Gas LLC,

        - RAK Federal Electricity and Water Authority,

        - RAK Development LLC,

        - Gravitas International FZE, and

        - Al Tamimi & Co. *See* Depo. Tr. at 70, 93-95, 126, 162, 171-72.

    - The beneficial owners and controlling persons of those entities and why such entities made payments to Vital.

    - All payments from the Ruler of RAK, whether or not the money came from the Ruler's personal bank account. *See* Depo. Tr. at 93-94.

    - The payment of approximately $900,000 made to Vital by the Ruler of RAK in July and August 2016. *See* Depo. Tr. at 171-72.



- Any and all rationales and explanations known to Vital as to why the PNC Bank records do not reflect any payments from Dechert, particularly inasmuch as Defendants' Answer states that Dechert paid Vital more than $1 million. *See* Answer ¶ 28; Depo. Tr. at 88.

- All work performed by CyberRoot and all payments made to CyberRoot, including what projects such work related to, whether it was performed for RAK, and who paid for the work. *See* Answer ¶¶ 2, 4, 20, 22, 29. Mr. Del Rosso should be prepared to testify about:

  - Any information provided by CyberRoot to Vital, Mr. Del Rosso, or its/his lawyers. *See* Depo. Tr. at 83.

  - What work CyberRoot performed for RAK. *See* Depo. Tr. at 126.

  - Whose devices were analyzed by CyberRoot, and for what project. *See* Depo. Tr. at 131-32.

  - What work was performed by CyberRoot on Project Endeavor. *See* Depo. Tr. at 60-61.

- All work performed by Aditya Jain and all payments made to Aditya Jain or any of his companies, including what projects such work related to, whether it was performed for RAK, and who paid for the work. For example, Mr. Del Rosso should be prepared to testify about:

  - Mr. Jain's work on Project Nariman, what work he performed on that project, and how much he was paid. *See* Depo. Tr. at 84-85, 289.

  - The information and documents Mr. Jain provided to Defendants, including that which was used in or to write reports prepared by Vital, and what information he provided. *See* Depo. Tr. at 304.

  - What clients and projects Mr. Jain performed work for. *See* Depo Tr. at 307.

- All work performed by Chris Swecker, including what projects such work related to, whether it was performed for RAK, and who paid for the work. *See* Answer ¶ 13. For example, Mr. Del Rosso should be prepared to testify about:

  - Mr. Swecker's costs that were passed on for payment by Dechert. *See* Depo. Tr. at 203-04.

  - Meetings with law enforcement involving Chris Swecker, and whether Vital or Vital's counsel paid Chris Swecker in connection with those meetings. *See* Depo. Tr. at 204-07, 277-78.

  - Whether Swecker was retained by RAK. *See* Depo. Tr. at 119.



- All work performed by Patrick Grayson (*see* Depo Tr. at 46-47), including what projects such work related to, whether it was performed for RAK or Dechert, and who paid for the work. For instance, Mr. Del Rosso should be prepared to testify about:

  - All invoices provided by Mr. Grayson to Vital, including any descriptions of Mr. Grayson's work set forth in such invoices. *See* Depo. Tr. at 263-64.

  - All individuals involved in Project BBQ, including whether Khater Massaad was involved, and whether that project was deemed successful. *See* Depo. Tr. at 267-68, 273.

  - All meetings and conversations with Mr. Grayson related to work for Dechert. *See* Depo. Tr. at 43, 238.

  - Whether Mr. Grayson was paid by Trident, and details regarding such payments. *See* Depo. Tr. at 276.

- All payments to Shanahan Law Group (*see* Depo Tr. at 96-97), including whether those payments were made for legal services; and to the extent they were not for legal services, the purpose(s) of the payments. Mr. Del Rosso should also be prepared to testify about:

- All payments made by Shanahan Law Group to other individuals on behalf of Vital, including payments to Trident, Mr. Jain, and Paul Robinson. *See* Depo Tr. at 270, 290, 319.

- All payments made by Shanahan Law Group to Paul Robinson, to the full extent known by Vital.

- All work performed by Northern Technologies Inc. ("NTi"), including what projects such work related to, whether it was performed for RAK, and who paid for the work. See Answer ¶¶ 15, 24, 27. For example, Mr. Del Rosso should be prepared to testify about:

- When Vital started paying NTi and for what. *See* Depo. Tr. at 111, 118.

- How NTi was engaged and by whom. *See* Depo. Tr. at 115.

- All work performed by Gary Lowe, including what projects such work related to, whether it was performed for RAK, and who paid for the work. *See* Depo. Tr. at 72.

- Any and all meetings and conversations with the Ruler of RAK. *See* Depo. Tr. at 320.

- Any and all meetings and conversations with Amir Handjani. *See* Depo. Tr. at 105.

- The factual basis for each of the affirmative defenses asserted in Defendants' Answer. *See* Answer at 29-31.



- All legal fees claimed in the prayer for relief in Defendants Answer. *See* Answer ¶ 31; Depo. Tr. at 37-38, 177-180.

     \*               \*               \*

We expect that you and Mr. Del Rosso will take these points into account and allow the Vital Rule 30(b)(6) deposition to proceed in accordance with Federal and Local Rules.

Very truly yours,

**WOMBLE BOND DICKINSON (US) LLP**

Ripley Rand