UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FARHAD AZIMA,<br><br>   Plaintiff,<br><br> v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES,<br>INC.,<br><br>   Defendants. | CASE NO. 1:20-cv-00954-WO-JLW |

## CRAIG EVERS' REPLY TO "PLAINTIFF'S OPPOSITION TO THE MOTION OF CRAIG EVERS TO QUASH THIRD-PARTY SUBPOENAS"

NOW COMES non-party, Craig Thomas Evers ("Evers"), and files his Reply to "Plaintiff's Opposition to the Motion of Craig Evers to Quash Third-Party Subpoenas" [D.E. 212] ("Plaintiff's Opposition"), pursuant to Local Rule 7.2. and states as follows:

### Context

The larger context which necessitated Evers' Motion to Quash Plaintiff's (1) Subpoena to Produce Documents; and (2) Subpoena to Testify at a Deposition and Motion for Protective Order [D.E. 198] ("Motion to Quash") are well chronicled in two recently filed motions: (1) Defendants' Motion to Stay Discovery Pending a Ruling on Motions Sub Judice and to Provide Judicial Notice of Ruling in Foreign Proceeding on Privilege [D.E. 205] and Defendants'

1

Memorandum in Support of Motion to Stay Discovery [D.E. 206]; and (2) Defendant Vital Management Services, Inc.'s Motion for Protective Order [D.E. 216] and Memorandum of Law in Support of Motion for Protective Order. [D.E. 217]. Both motions and memorandums are incorporated herein by reference. These motions clearly demonstrate and set forth how at odds the parties, and non-parties like Evers, are regarding: (1) the scope of applicable discovery; (2) the applicability of the attorney-client privilege and work-product doctrine; and (3) Plaintiff Farhad Azima's ("Plaintiff" or "Azima") obvious use of this case to seek discovery in other matters.

A fair amount of Plaintiff's Opposition discusses matters between Plaintiff and Defendants Nicholas del Rosso ("del Rosso") and Vital Management Services, Inc. (collectively "Defendants") that has nothing to do with non-party Evers. Plaintiff concludes that because it could not get documents from the Defendants it issued a "number of third-party subpoenas for documents and deposition testimony." Virtually all the discovery propounded and currently before the Court, including the discovery propounded on Evers' and his objections thereto, has been met with three (3) points of contention and objections: (1) the discovery sought exceeds the proper scope in light of nine (9) of out of eleven (11) counts of Plaintiff's Complaint have been dismissed pursuant to 12(b)(6); (2) applicability of

2

attorney-client privilege and/or work-product doctrine; and (3) Plaintiff is inappropriately seeking discovery for use in litigation pending elsewhere.

### Corrections to "Mistakes of Fact" in Plaintiff's Opposition
### (not all inclusive)

1. Kieran Shanahan is not counsel of record del Rosso in this matter as Plaintiff's Opposition states (See D.E. 88, Order of Judge Osteen Granting Kieran J. Shanahan's Motion to Withdraw as Counsel, dated October 14, 2022).

2. Evers routinely disposed of his business documents in the ordinary course of business and upon his retirement; thus, there has been no "widespread document destruction" as Plaintiff's Opposition states.

3. Evers Motion is well founded (i.e. not "frivolous") and is based on the three (3) threshold discovery issues described above, consistent with the two (2) dozen or so other discovery motions before the Court, as well as the particular situation of non-party Evers as set forth in his Motion to Quash [D.E. 198], Declaration [D.E. 199] and Memorandum of Law in Support. [D.E. 200].

4. Counsel for Azima oddly claims that Evers' Motion to Quash "was not granted by this Court;" however, this matter is not ripe for a ruling and, thus, the Court simply has not yet ruled on Evers' Motion to Quash.

5. There is no allegation in Plaintiff's Complaint or in this case to date or in any dialogue with Evers' counsel (until Azima submitted its opposition herein) that suggested or claimed non-party Evers took any "…actions related to obtaining Plaintiff Azima's stolen data…," which Evers denies.

### After Service of the Subpoenas

After conferring with Evers, undersigned counsel asked counsel for Plaintiff in good faith to withdraw his Subpoenas based on essentially the same three (3) points of contention referenced above but it also included the fact that Evers is a non-party and is not in possession of any responsive documents and has no knowledge related to the two (2) remaining counts in the Complaint or the persons identified in the Subpoenas. Plaintiff was unyielding; thus, non-party Evers filed his Motion to Quash. [D.E. 198]. To be fully transparent to the Court and counsel for Plaintiff, Evers filed a Declaration [D.E. 199] simultaneously with his Motion to Quash [D.E. 198] and Memorandum of Law in Support. [D.E. 200].

Attached hereto collectively as **Exhibit 1** and incorporated herein by reference, is the email correspondence between the parties regarding the Subpoenas issued to Evers and Evers' good faith efforts to have Azima withdraw same, compromise, delay the deposition and/or seek an accelerated decision from the Court, pursuant to Local Rule 37.1(b), all to no avail. It also

4

includes notice to Plaintiff that Evers would not attend his scheduled deposition and the exchanges between counsel after the time for the deposition.

### Subpoena *duces tecum*

Evers made repeated and thorough good faith efforts to determine if he had responsive documents and found none. Evers responded to the Subpoena *duces tecum* of Plaintiff via electronic mail and stated therein he has no responsive documents. On the due date for compliance with the Subpoena *duces tecum*, Evers complied fully by serving "Craig Thomas Evers' Objections and Responses to Plaintiff Farhad Azima's Subpoena To Produce Documents" on April 12, 2023 in which he indicated he is in possession of no responsive documents. Attached hereto as **Exhibit 2** and incorporated herein by reference is Craig Thomas Evers' Objections and Responses To Plaintiff Farhad Azima's Subpoena to Produce Documents.

### Subpoena to Testify

Evers gave Plaintiff's counsel ample written notice, twice, that Evers would not appear for his deposition but would await a Court order on the outcome of his Motion to Quash for direction. Evers' counsel asked Azima's counsel what the rush was and to please say why they would not wait for Court clarity on the well-founded, but disputed, objections. Copies of said communications are attached hereto as **Exhibit 3** and **Exhibit 4**,

respectively, and incorporated herein by reference. Thus, it was a ruse for Azima's counsel (two of them!) to travel to Charlotte, North Carolina from Washington, D.C. to a deposition where they knew the deponent was not going to show. This contention is underscored by the fact that Plaintiff's counsel had arranged for all participants to attend remotely (which counsel for Plaintiff set up and caused a link from Planet Depo to be circulated to all parties for attendance), yet they still chose to incur the unnecessary cost of air travel.

After carefully weighing all the pertinent factors, Evers determined in good faith that delaying his deposition until the Court could rule on Evers' pending Motion to Quash was the better course. After consideration of the possible harm by a delay in discovery balanced against the interest of justice and judicial economy against having a contentious deposition of a non-party and the belief that his meritorious Motion to Quash would be granted and entirely eliminate the need for discovery from him, Evers chose not to attend his deposition.

## Conclusion

For the reasons as provided herein, Evers respectfully requests that this Court quash both the Subpoena *duces tecum* and Subpoena for deposition in their entirety due to their nature and requests therein. Evers also requests this Court to enter a protective order commanding the same as is necessary

to protect Evers from ongoing harassment and oppression at the hands of Plaintiff.

Respectfully submitted, this, the 2nd day of May, 2023.

                               **SHANAHAN LAW GROUP, PLLC**

By:   */s/Kieran J. Shanahan*
        Kieran J. Shanahan, NCSB# 13329
        128 E. Hargett Street, Suite 300
        Raleigh, North Carolina 27601
        Telephone: (919) 856-9494
        kieran@shanahanlawgroup.com

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d), I hereby certify, subject to Fed. R. Civ. P. 11, that this reply brief does not exceed the 3,125-word limitation according to the word count feature of the word processing system used to prepare the reply brief.

Respectfully submitted this 2nd day of April, 2023.

**SHANAHAN LAW GROUP, PLLC**

By: */s/Kieran J. Shanahan*
Kieran J. Shanahan, NCSB# 13329
128 E. Hargett Street, Suite 300
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
kieran@shanahanlawgroup.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathon D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Calvin Lee
Ian Herbert
Kirby D. Behre
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
clee@milchev.com
iherbert@milchev.com
kbehre@milchv.com

Brandon S. Neuman
John E. Branch III
Jeffrey M. Kelly
Nathaniel J. Pencook
Samuel Rosenthal
Nelson Mullins Riley & Scarborough, LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
brandon.neuman@nelsonmullins.com
john.branch@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com

**SHANAHAN LAW GROUP, PLLC**

By: */s/Kieran J. Shanahan*
Kieran J. Shanahan, NCSB# 13329
128 E. Hargett Street, Suite 300
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
kieran@shanahanlawgroup.com