Ripley: This communication is to inform you and Mr. Lee, as counsel for F. Azima , that Mr. Craig Evers has retained me and my firm to represent him in connection with the two (2) subpoenas your firms have
caused to be served on Mr. Evers in the Azima v. NDR & VMS case pending in the MDNC @ case No. 20-cv-954. Please direct all further inquiries related to Mr. Evers to me .
 I am requesting a "meet and confer" opportunity to discuss your overly broad subpoenas. Hopefully, we can reach an agreement and accommodation as to the subpoenas. The subpoena for documents is easy. My client has no responsive documents in his possession, nor does he even recognize any of the names of the individuals or entities listed in para 3(a-d) of the Documents To Be Produced section of the subpoena. Even if he did have documents, however, they would be subject to a claim of privilege and an objection that period for which the subpoena seeks production is overly broad in light of the two remaining claims in the case. Thus, I ask that you withdraw this subpoena for documents.
 Likewise, the subpoena for Mr. Evers testimony needs to be withdrawn as well. To begin with the subpoena is overly broad in light of the two remaining claims in the case . Additionally, my client has performed no work for VMS since 2014 and has little to no recollection of specific services he  provided other than generally—all of which are  subject to a claim of privilege. Also, as noted above , Mr. Evers is not familiar with any of the individuals or entities identified in your subpoena for documents. Thus, he is no relevant testimony to provide.
As noted above, I hope we can resolve these subpoenas amicably and avoid me having to file a protective order. I am out of state all next week and am pretty jammed up the following week making it hard for me to get to CLT so, in any event, we will need to work together on new dates /times. I can do a meet and confer  call today before five or Friday morning. Please advise.

**EXHIBIT 1**

1

| | |
|---|---|
| **From:** | Kieran Shanahan |
| **Sent:** | Thursday, March 30, 2023 4:27 PM |
| **To:** | ripley.rand@wbd-us.com; Lee, Calvin |
| **Cc:** | Sarah Strickland |
| **Subject:** | Re: Craig T. Evers subpoenas for documents (4/7/2023) and to Testify (4/12/2023) Azima (MDNC) |

Ripely and Calvin: I am following up from my unresponded to email below. I would like to have a meet and confer conference tomorrow @ 1p to discuss the objections noted below to your subpoenas addressed to Craig Evers. We will send an electronic invite for 1p. If this time does not work I can meet at 2p tomorrow.

If you are unwilling or unable to meet tomorrow please advise if you are willing to continue the subpoenas from their current setting to a mutually agreeable later day, but to which my client reserves all other objections. Your prompt reply is most appreciated.

Sent from my iPhone

> On Mar 29, 2023, at 4:20 PM, Kieran Shanahan <kieran@shanahanlawgroup.com> wrote:

> Ripley: This communication is to inform you and Mr. Lee, as counsel for F. Azima , that Mr. Craig Evers has retained me and my firm to represent him in connection with the two (2) subpoenas your firms have caused to be served on Mr. Evers in the Azima v. NDR & VMS case pending in the MDNC @ case No. 20-cv-954. Please direct all further inquiries related to Mr. Evers to me .

> I am requesting a "meet and confer" opportunity to discuss your overly broad subpoenas. Hopefully, we can reach an agreement and accommodation as to the subpoenas. The subpoena for documents is easy. My client has no responsive documents in his possession, nor does he even recognize any of the names of the individuals or entities listed in para 3(a-d) of the Documents To Be Produced section of the subpoena. Even if he did have documents, however, they would be subject to a claim of privilege and an objection that period for which the subpoena seeks production is overly broad in light of the two remaining claims in the case. Thus, I ask that you withdraw this subpoena for documents.

> Likewise, the subpoena for Mr. Evers testimony needs to be withdrawn as well. To begin with the subpoena is overly broad in light of the two remaining claims in the case . Additionally, my client has performed no work for VMS since 2014 and has little to no recollection of specific services he provided other than generally—all of which are subject to a claim of privilege. Also, as noted above , Mr. Evers is not familiar with any of the individuals or entities identified in your subpoena for documents. Thus, he is no relevant testimony to provide.

> As noted above, I hope we can resolve these subpoenas amicably and avoid me having to file a protective order. I am out of state all next week and am pretty jammed up the following week making it hard for me to get to CLT so, in any event, we will need to work together on new dates /times. I can do a meet and confer call today before five or Friday morning. Please advise.

| | |
|---|---|
| **From:** | Kieran Shanahan |
| **Sent:** | Thursday, March 30, 2023 8:52 PM |
| **To:** | Rand, Ripley |
| **Cc:** | Lee, Calvin; Sarah Strickland |
| **Subject:** | Re: Craig T. Evers subpoenas for documents (4/7/2023) and to Testify (4/12/2023) Azima (MDNC) |

Appreciate your response - spending time with your son a higher priority for sure.Sarah will set up video call in the morning for a 1p call tomorrow.

Sent from my iPhone

> On Mar 30, 2023, at 7:50 PM, Rand, Ripley <Ripley.Rand@wbd-us.com> wrote:

CAUTION: External Email

Hi Kieran - I am sorry that I missed your call yesterday and apologize for not responding to this email sooner; I was on the road with my son yesterday and am still out of town and am behind on correspondence.  I can do 1pm tomorrow and will stand by for information about the call. Thanks very much.

Ripley

**Ripley Rand**
Partner
Womble Bond Dickinson (US) LLP

**d:** 919-755-8125
**m:** 919-523-7371
**e:** Ripley.Rand@wbd-us.com

555 Fayetteville Street
Suite 1100
Raleigh, NC 27601



**womblebonddickinson.com**

  

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (Internatio
Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickin

1

entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bd Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

**From:** Kieran Shanahan <kieran@shanahanlawgroup.com>
**Sent:** Thursday, March 30, 2023, 4:27 PM
**To:** Rand, Ripley <Ripley.Rand@wbd-us.com>; Lee, Calvin <clee@milchev.com>
**Cc:** Sarah Strickland <sstrickland@shanahanlawgroup.com>
**Subject:** Re: Craig T. Evers subpoenas for documents (4/7/2023) and to Testify (4/12/2023) Azima (MDNC)

Ripely and Calvin: I am following up from my unresponded to email below. I would like to have a meet and confer conference tomorrow @ 1p to discuss the objections noted below to your subpoenas addressed to Craig Evers. We will send an electronic invite for 1p. If this time does not work I can meet at 2p tomorrow.

If you are unwilling or unable to meet tomorrow please advise if you are willing to continue the subpoenas from their current setting to a mutually agreeable later day, but to which my client reserves all other objections. Your prompt reply is most appreciated.

Sent from my iPhone

> On Mar 29, 2023, at 4:20 PM, Kieran Shanahan <kieran@shanahanlawgroup.com> wrote:
>
> Ripley: This communication is to inform you and Mr. Lee, as counsel for F. Azima , that Mr. Craig Evers has retained me and my firm to represent him in connection with the two (2) subpoenas your firms have caused to be served on Mr. Evers in the Azima v. NDR & VMS case pending in the MDNC @ case No. 20-cv-954. Please direct all further inquiries related to Mr. Evers to me . I am requesting a "meet and confer" opportunity to discuss your overly broad subpoenas. Hopefully, we can reach an agreement and accommodation as to the subpoenas. The subpoena for documents is easy. My client has no responsive documents in his possession, nor does he even recognize any of the names of the individuals or entities listed in para 3(a-d) of the Documents To Be Produced section of the subpoena. Even if he did have documents, however, they would be subject to a claim of privilege and an objection that period for which the subpoena seeks production is overly broad in light of the two remaining claims in the case. Thus, I ask that you withdraw this subpoena for documents.
> Likewise, the subpoena for Mr. Evers testimony needs to be withdrawn as well. To begin with the subpoena is overly broad in light of the two remaining claims in the case . Additionally, my client has performed no work for VMS since 2014 and has little to no recollection of specific services he provided other than generally—all of which are subject to a claim of privilege. Also, as noted above , Mr. Evers is not familiar with any of the individuals or entities identified in your subpoena for documents. Thus, he is no relevant testimony to provide.
> As noted above, I hope we can resolve these subpoenas amicably and avoid me having to file a protective order. I am out of state all next week and am pretty jammed up the following week making it hard for me to get to CLT so, in any event, we will need to work together on new dates /times. I can do a meet and confer call today before five or Friday morning. Please advise.

2

| From: | Sarah Strickland |
| --- | --- |
| Sent: | Friday, March 31, 2023 1:53 PM |
| To: | Rand, Ripley; jrillotta@milchev.com |
| Cc: | Kieran Shanahan |
| Subject: | Subpoenas to Craig Evers |

Gentlemen,

Thank you for your time this afternoon. This email will confirm your agreement to extend the deadline for Mr. Evers to respond to the Subpoena to Produce Documents to April 12, 2023. You have also agreed to circle back with us regarding moving the deposition date to April 18, 2023. We understand that as of right now, that new deposition date has not been confirmed. We look forward to hearing from you.

Sincerely,

**Sarah Strickland**
Litigation Paralegal



128 E. Hargett Street | Suite 300
Raleigh, NC 27601
**Phone**: (919) 856-9494
**Email**: sstrickland@shanahanlawgroup.com

1

| From: | Kieran Shanahan |
|---|---|
| **Sent:** | Thursday, April 6, 2023 2:07 AM |
| **To:** | Herbert, Ian |
| **Cc:** | Sarah Strickland; Rand, Ripley; Rillotta, Joseph; Townsend, Jonathon |
| **Subject:** | Re: Craig T. Evers subpoenas for documents (4/7/2023) and to Testify (4/12/2023) Azima (MDNC) |

I did not agree to produce anything and that is not what I said. Will respond next week but feel all communications with you going forward must be in writing.

Sent from my iPhone

> On Apr 6, 2023, at 2:16 AM, Herbert, Ian <iherbert@milchev.com> wrote:

CAUTION: External Email

Kieran,

Thank you for your call last week. You agreed to produce any and all responsive, non-privileged documents by April 12 and hold the deposition on April 18. We intend to conduct the deposition in person at Womble's offices in Charlotte, but we will ensure that a remote link is available so that you can participate remotely. Attached is a revised subpoena reflecting those agreed changes.

Regards,
Ian

**IAN A. HERBERT**
Counsel | he/him/his | Miller & Chevalier Chartered
iherbert@milchev.com | 202.626.1496

---------- Forwarded message ----------

**From:** Rand, Ripley <Ripley.Rand@wbd-us.com>
**Date:** March 30, 2023 at 4:50:33 PM PDT
**Subject:** Re: Craig T. Evers subpoenas for documents (4/7/2023) and to Testify (4/12/2023) Azima (MDNC)
**To:** Kieran Shanahan <kieran@shanahanlawgroup.com>,Lee, Calvin <clee@milchev.com>
**Cc:** Sarah Strickland <sstrickland@shanahanlawgroup.com>

EXTERNAL

Hi Kieran - I am sorry that I missed your call yesterday and apologize for not responding to this email sooner; I was on the road with my son yesterday and am still out of town and am behind on correspondence. I can do 1pm tomorrow and will stand by for information about the call. Thanks very much.

Ripley

**Ripley Rand**
Partner
Womble Bond Dickinson (US) LLP

**d:** 919-755-8125
**m:** 919-523-7371
**e:** Ripley.Rand@wbd-us.com

555 Fayetteville Street
Suite 1100
Raleigh, NC 27601

**womblebonddickinson.com**

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

**From:** Kieran Shanahan <kieran@shanahanlawgroup.com>
**Sent:** Thursday, March 30, 2023, 4:27 PM
**To:** Rand, Ripley <Ripley.Rand@wbd-us.com>; Lee, Calvin <clee@milchev.com>
**Cc:** Sarah Strickland <sstrickland@shanahanlawgroup.com>
**Subject:** Re: Craig T. Evers subpoenas for documents (4/7/2023) and to Testify (4/12/2023) Azima (MDNC)

Ripely and Calvin: I am following up from my unresponded to email below. I would like to have a meet and confer conference tomorrow @ 1p to discuss the objections noted below to your subpoenas addressed to Craig Evers. We will send an electronic invite for 1p. If this time does not work I can meet at 2p tomorrow.
If you are unwilling or unable to meet tomorrow please advise if you are willing to continue the subpoenas from their current setting to a mutually agreeable later day, but to which my client reserves all other objections. Your prompt reply is most appreciated.

Sent from my iPhone

On Mar 29, 2023, at 4:20 PM, Kieran Shanahan <kieran@shanahanlawgroup.com> wrote:

Ripley: This communication is to inform you and Mr. Lee, as counsel for
F. Azima , that Mr. Craig Evers has retained me and my firm to represent
him in connection with the two (2) subpoenas your firms have
caused to be served on Mr. Evers in the Azima v. NDR & VMS case
pending in the MDNC @ case No. 20-cv-954. Please direct all further
inquiries related to Mr. Evers to me .

 I am requesting a "meet and confer" opportunity to discuss your overly
broad subpoenas. Hopefully, we can reach an agreement and
accommodation as to the subpoenas. The subpoena for documents is
easy. My client has no responsive documents in his possession, nor does
he even recognize any of the names of the individuals or entities listed
in para 3(a-d) of the Documents To Be Produced section of the
subpoena. Even if he did have documents, however, they would be
subject to a claim of privilege and an objection that period for which the
subpoena seeks production is overly broad in light of the two remaining
claims in the case. Thus, I ask that you withdraw this subpoena for
documents.

 Likewise, the subpoena for Mr. Evers testimony needs to be withdrawn
as well. To begin with the subpoena is overly broad in light of the two
remaining claims in the case . Additionally, my client has performed no
work for VMS since 2014 and has little to no recollection of specific
services he  provided other than generally—all of which are  subject to a
claim of privilege. Also, as noted above , Mr. Evers is not familiar with
any of the individuals or entities identified in your subpoena for
documents. Thus, he is no relevant testimony to provide.

As noted above, I hope we can resolve these subpoenas amicably and
avoid me having to file a protective order. I am out of state all next
week and am pretty jammed up the following week making it hard for
me to get to CLT so, in any event, we will need to work together on new
dates /times. I can do a meet and confer  call today before five or Friday
morning. Please advise.


<2023.04.05 Amended Deposition Subpoena - C. Evers.pdf>
<2023.04.05 Amended Deposition Notice of C. Evers.pdf>

3

| From: | Kieran Shanahan |
| Sent: | Monday, April 10, 2023 1:13 PM |
| To: | ripley.rand@wbd-us.com |
| Cc: | Sarah Strickland; Rillotta, Joseph |
| Subject: | Azima Subpoenas to Craig Evers |

Dear Ripley,

I am now back in town and have turned my attention to the Subpoenas that Plaintiff has issued to my client, Craig Evers. I will not address the disturbing email from Ian Herbert last week (who Sarah and I do not believe was even on the meet and confer call) but I again want to thank you for extending the deadlines to respond to the Subpoenas to accommodate my schedule.

It is our intention to file, by tomorrow, Motions to Quash both of the Subpoenas. Per the request from our meet and confer conversation, my client has now re-doubled his efforts to locate any responsive documents. He found none. I proposed to provide you guys an Affidavit to this effect but was told during the meet and confer that it would be insufficient. Thus, we will be attaching a Declaration of Mr. Evers to our Motion instead.

Unless your client has changed his position about withdrawing one or both of the Subpoenas I will represent to the Court that we met and conferred in good faith but were unable to reach a resolution. If you care to discuss further, I will make myself available.

Kieran

**Kieran Shanahan** | Principal

 SHANAHAN LAW GROUP,ᴘʟʟᴄ

128 E. Hargett Street | Suite 300
Raleigh, NC 27601

**Phone**: (919) 856-9494
**Email**: kieran@shanahanlawgroup.com

Please see the IRS Circular 230 Notice and the Confidentiality Notice below before reading this email.
PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

| **From:** | Kieran Shanahan |
|---|---|
| **Sent:** | Tuesday, April 11, 2023 5:31 PM |
| **To:** | ripley.rand@wbd-us.com |
| **Cc:** | Sarah Strickland; Rillotta, Joseph |
| **Subject:** | Azima v. VMS: Motion to Quash Subpoenas to Craig Evers |

Ripley,

As you may have seen, we just filed a Motion to Quash Subpoenas on behalf of our client, Craig Evers, with a supporting Declaration and Memo. While we do plan to timely respond in writing to Plaintiff's Subpoena for request of documents, it is not our intention to produce our client for his deposition (currently scheduled for April 18, 2023) until the Court rules on our Motion.

Sincerely,

**Kieran Shanahan** | Principal



128 E. Hargett Street | Suite 300
Raleigh, NC 27601

**Phone:** (919) 264-7515
**Email:** kieran@shanahanlawgroup.com

Please see the IRS Circular 230 Notice and the Confidentiality Notice below before reading this email.
PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

| From: | Rand, Ripley <Ripley.Rand@wbd-us.com> |
|---|---|
| Sent: | Wednesday, April 12, 2023 8:37 AM |
| To: | Kieran Shanahan |
| Cc: | Sarah Strickland; Rillotta, Joseph |
| Subject: | RE: Azima v. VMS: Motion to Quash Subpoenas to Craig Evers |

CAUTION: External Email

Thanks very much for this information, Kieran. We will be back in touch to the extent that there are any additional issues to discuss. Many thanks.

Ripley

**Ripley Rand**
Partner
Womble Bond Dickinson (US) LLP

**d:** 919-755-8125
**m:** 919-523-7371
**e:** Ripley.Rand@wbd-us.com

555 Fayetteville Street
Suite 1100
Raleigh, NC 27601



womblebonddickinson.com

  

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

**From:** Kieran Shanahan <kieran@shanahanlawgroup.com>
**Sent:** Tuesday, April 11, 2023 5:31 PM
**To:** Rand, Ripley <Ripley.Rand@wbd-us.com>
**Cc:** Sarah Strickland <sstrickland@shanahanlawgroup.com>; Rillotta, Joseph <jrillotta@milchev.com>
**Subject:** Azima v. VMS: Motion to Quash Subpoenas to Craig Evers

Ripley,

As you may have seen, we just filed a Motion to Quash Subpoenas on behalf of our client, Craig Evers, with a supporting Declaration and Memo. While we do plan to timely respond in writing to Plaintiff's Subpoena for request of documents, it is not our intention to produce our client for his deposition (currently scheduled for April 18, 2023) until the Court rules on our Motion.

1

Sincerely,

**Kieran Shanahan** | Principal



128 E. Hargett Street | Suite 300
Raleigh, NC 27601

**Phone**: (919) 264-7515
**Email**: kieran@shanahanlawgroup.com

Please see the IRS Circular 230 Notice and the Confidentiality Notice below before reading this email.
PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

| | |
|---|---|
| **From:** | Kieran Shanahan |
| **Sent:** | Wednesday, April 12, 2023 1:55 PM |
| **To:** | Herbert, Ian; Sarah Strickland |
| **Cc:** | Rand, Ripley; Rillotta, Joseph; Townsend, Jonathon |
| **Subject:** | RE: Re: Craig T. Evers subpoenas for documents (4/7/2023) and to Testify (4/12/2023) Azima (MDNC) |

Interesting characterization Mr. Herbert of a call you were not even on. The meet and confer was for the purpose of having Azima withdraw the subpoenas. It was a cordial conversation. I agreed to have my client redouble his efforts to look for documents, which he did. Counsel for Azima who were on the call graciously gave me additional time to respond to the subpoenas. I never indicated that I would be waiving any objections. It seems to me that there are pending motions with similar objections that should be ruled on before any depositions proceed, including now Mr. Evers Motion . If you will read Mr. Evers Declaration filed yesterday, you will see he is in possession of no responsive documents nor does he recognize any of the individuals or entities enumerated in the document subpoena. As indicated yesterday to Ripley, we will provide a written response and objections to the subpoena for documents today . We will await the Courts ruling on our Motion to Quash Evers deposition to determine next steps as to a possible deposition of Mr. Evers—who I remind you is a non-party to this matter.

## Kieran Shanahan | Principal



128 E. Hargett Street | Suite 300
Raleigh, NC 27601

**Phone**: (919) 264-7515
**Email**: kieran@shanahanlawgroup.com

Please see the IRS Circular 230 Notice and the Confidentiality Notice below before reading this email.
PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

**From:** Herbert, Ian <iherbert@milchev.com>
**Sent:** Wednesday, April 12, 2023 12:33 PM
**To:** Kieran Shanahan <kieran@shanahanlawgroup.com>; Sarah Strickland <sstrickland@shanahanlawgroup.com>
**Cc:** Rand, Ripley <Ripley.Rand@wbd-us.com>; Rillotta, Joseph <jrillotta@milchev.com>; Townsend, Jonathon <Jonathon.Townsend@wbd-us.com>
**Subject:** RE: Re: Craig T. Evers subpoenas for documents (4/7/2023) and to Testify (4/12/2023) Azima (MDNC)

<div style="border:1px solid #ccc;background:#f5e6a0;padding:4px;"><strong>CAUTION: External Email</strong></div>

Kieran,

1

We received yesterday's motion to quash filed on behalf of Mr. Evers. We served the subpoenas on Mr. Evers personally on March 24 for a deposition noticed for April 12, with documents to be produced by April 7. Following a meet and confer, and to accommodate your schedule, we agreed to move the production deadline to April 12 (today) and hold the deposition on April 18. On our meet and confer, you gave no indication that Mr. Evers would disavow all obligations to comply with these validly issued subpoenas. Now, with four business days before the mutually agreed deposition, you have moved to quash both subpoenas. Your motion is unfounded and does not relieve your client of his obligations to produce documents and sit for a deposition. Unless the court grants your motion to quash, we intend to depose Mr. Evers on the mutually agreed deposition date of April 18. We expect that you will produce all relevant documents by today, and if you fail to produce, we will reserve our rights to reopen the deposition after you complete your production.

We look forward to seeing you next week.

Best,
Ian

**IAN A. HERBERT**
Counsel | he/him/his | Miller & Chevalier Chartered
iherbert@milchev.com | 202.626.1496

**From:** Herbert, Ian
**Sent:** Wednesday, April 5, 2023 6:16 PM
**To:** 'kieran@shanahanlawgroup.com' <kieran@shanahanlawgroup.com>; 'sstrickland@shanahanlawgroup.com' <sstrickland@shanahanlawgroup.com>
**Cc:** 'Rand, Ripley' <Ripley.Rand@wbd-us.com>; Rillotta, Joseph <jrillotta@milchev.com>; 'Townsend, Jonathon' <Jonathon.Townsend@wbd-us.com>
**Subject:** RE: Re: Craig T. Evers subpoenas for documents (4/7/2023) and to Testify (4/12/2023) Azima (MDNC)

Kieran,

Thank you for your call last week. You agreed to produce any and all responsive, non-privileged documents by April 12 and hold the deposition on April 18. We intend to conduct the deposition in person at Womble's offices in Charlotte, but we will ensure that a remote link is available so that you can participate remotely. Attached is a revised subpoena reflecting those agreed changes.

Regards,
Ian

**IAN A. HERBERT**
Counsel | he/him/his | Miller & Chevalier Chartered
iherbert@milchev.com | 202.626.1496

---------- Forwarded message ----------

> **From:** Rand, Ripley <Ripley.Rand@wbd-us.com>
> **Date:** March 30, 2023 at 4:50:33 PM PDT
> **Subject:** Re: Craig T. Evers subpoenas for documents (4/7/2023) and to Testify (4/12/2023) Azima (MDNC)

**To:** Kieran Shanahan <kieran@shanahanlawgroup.com>,Lee, Calvin <clee@milchev.com>
**Cc:** Sarah Strickland <sstrickland@shanahanlawgroup.com>

<span style="color:red">**EXTERNAL**</span>

---

Hi Kieran - I am sorry that I missed your call yesterday and apologize for not responding to this email sooner; I was on the road with my son yesterday and am still out of town and am behind on correspondence. I can do 1pm tomorrow and will stand by for information about the call. Thanks very much.

Ripley

**Ripley Rand**
Partner
Womble Bond Dickinson (US) LLP

**d:** 919-755-8125
**m:** 919-523-7371
**e:** Ripley.Rand@wbd-us.com

555 Fayetteville Street
Suite 1100
Raleigh, NC 27601

   

**womblebonddickinson.com**

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickin entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble B Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

---

**From:** Kieran Shanahan <kieran@shanahanlawgroup.com>
**Sent:** Thursday, March 30, 2023, 4:27 PM
**To:** Rand, Ripley <Ripley.Rand@wbd-us.com>; Lee, Calvin <clee@milchev.com>
**Cc:** Sarah Strickland <sstrickland@shanahanlawgroup.com>
**Subject:** Re: Craig T. Evers subpoenas for documents (4/7/2023) and to Testify (4/12/2023) Azima (MDNC)

Ripely and Calvin: I am following up from my unresponded to email below. I would like to have a meet and confer conference tomorrow @ 1p to discuss the objections noted below to your subpoenas addressed to Craig Evers. We will send an electronic invite for 1p. If this time does not work I can meet at 2p tomorrow.

If you are unwilling or unable to meet tomorrow please advise if you are willing to continue the subpoenas from their current setting to a mutually agreeable later day, but to which my client reserves all other objections. Your prompt reply is most appreciated.

3

Sent from my iPhone

On Mar 29, 2023, at 4:20 PM, Kieran Shanahan <kieran@shanahanlawgroup.com>
wrote:


Ripley: This communication is to inform you and Mr. Lee, as counsel for F. Azima , that
Mr. Craig Evers has retained me and my firm to represent him in connection with the
two (2) subpoenas your firms have
caused to be served on Mr. Evers in the Azima v. NDR & VMS case pending in the MDNC
@ case No. 20-cv-954. Please direct all further inquiries related to Mr. Evers to me .
 I am requesting a "meet and confer" opportunity to discuss your overly broad
subpoenas. Hopefully, we can reach an agreement and accommodation as to the
subpoenas. The subpoena for documents is easy. My client has no responsive
documents in his possession, nor does he even recognize any of the names of the
individuals or entities listed in para 3(a-d) of the Documents To Be Produced section of
the subpoena. Even if he did have documents, however, they would be subject to a
claim of privilege and an objection that period for which the subpoena seeks production
is overly broad in light of the two remaining claims in the case. Thus, I ask that you
withdraw this subpoena for documents.
 Likewise, the subpoena for Mr. Evers testimony needs to be withdrawn as well. To
begin with the subpoena is overly broad in light of the two remaining claims in the case .
Additionally, my client has performed no work for VMS since 2014 and has little to no
recollection of specific services he  provided other than generally—all of which
are  subject to a claim of privilege. Also, as noted above , Mr. Evers is not familiar with
any of the individuals or entities identified in your subpoena for documents. Thus, he is
no relevant testimony to provide.
As noted above, I hope we can resolve these subpoenas amicably and avoid me having
to file a protective order. I am out of state all next week and am pretty jammed up the
following week making it hard for me to get to CLT so, in any event, we will need to
work together on new dates /times. I can do a meet and confer  call today before five or
Friday morning. Please advise.

4

| | |
|---|---|
| **From:** | Kieran Shanahan |
| **Sent:** | Monday, April 17, 2023 1:25 PM |
| **To:** | iherbert@milchev.com; Rillotta, Joseph; ripley.rand@wbd-us.com |
| **Cc:** | Sarah Strickland; John Branch; brandon.neuman@nelsonmullins.com; Jeff Kelly; Nate Pencook |
| **Subject:** | F. Azima v. N. del Rosso and VMS - Deposition of Craig Evers |

Gentlemen:

I've given considerable thought to your insistence that the deposition of my client, Craig Evers, take place tomorrow. As you know, Mr. Evers has filed a Motion to Quash and for Motion for Protective Order ("Motion") regarding both of your Subpoenas directed to him. We served you with the Objections and Responses to the Subpoena for Documents last week. All the objections that pertain to the documents sought will also apply to Mr. Evers' deposition, along with all the items set forth in support of my client's Motion, Memo in Support and Mr. Evers' Declaration.

If Mr. Evers were to post for his deposition I fear I would be forced into making objections instructing the witness not to answer based on the filed Motion. I have not heard from any of you as to why you need to move forward with the deposition before the court's ruling. Had you filed a response to the Motion it would have been ripe for consideration by the court.

Based on the foregoing, as well as judicial economy, we will not be posting for the deposition scheduled for tomorrow but will await guidance from the court when it rules on my client's Motion, which is consistent with my phone call with you on March 31st and my email addressed to Ripley on April 11th.

Thank you in advance for your cordial cooperation and understanding. We truly believe that we will, in the end, save everyone time, as it makes sense to wait for the court to rule.

Kieran

**Kieran Shanahan** | Principal



128 E. Hargett Street | Suite 300
Raleigh, NC 27601

**Phone**: (919) 856-9494
**Email**: kieran@shanahanlawgroup.com

Please see the IRS Circular 230 Notice and the Confidentiality Notice below before reading this email.
PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

1

# Miller & Chevalier

**Joseph A. Rillotta**
Member
(202) 626-5951
jrillotta@milchev.com

April 20, 2023

**BY E- MAIL**

Kieran Shanahan, Esq.
Shanahan Law Group, PLLC
128 E. Hargett Street, Suite 300
Raleigh, NC 27601
kieran@shanahanlawgroup.com

Dear Mr. Shanahan:

    We write regarding your representation of Craig Thomas Evers. Mr. Evers' deposition was set for April 18, 2023 – a date that you personally selected. As you know, our firm is located in Washington, DC, and you understood that we would travel to North Carolina to take your client's deposition. You have been on notice that a videographer and a court reporter were hired to take your client's deposition. We write to request a meet-and-confer before moving to compel the deposition of Mr. Evers and seeking sanctions and other appropriate relief, including our travel costs and deposition-related costs.

    While you had filed a motion to quash the subpoena to Mr. Evers, the Court (as you know) had not ruled on it prior to the scheduled date and time for Mr. Evers's deposition on April 18, 2023. As you know, Mr. Evers's deposition has been scheduled for weeks. Given that you did not file an emergency motion for a protective order or for other relief from the subpoena, Mr. Evers had no legal basis for declining to appear at his deposition and was obligated to appear under the Rules and the case law, both of which you are aware of. *See, e.g.*, *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) ("The proper procedure to object to a 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order). Put simply and clearly, absent agreement, a party who . . . does not wish to comply with a notice of deposition must seek a protective order." (cleaned up); *Solais v. Vesuvio's II Pizza & Grill, Inc.*, No. 1:15:CV227, 2015 WL 6110859, at *9 n.13 (M.D.N.C. Oct. 26, 2015) (same). Your arguments to the contrary do not – and cannot – justify his failure to appear. We do not view your objection, your motion to quash, or your communication that Mr. Evers did not

**Miller & Chevalier Chartered** . 900 16th Street NW . Black Lives Matter Plaza . Washington, DC 20006
**T** 202.626.5800 . millerchevalier.com

intend to appear as relieving Mr. Evers of his obligations, or you of yours as his counsel. We communicated our expectation that Mr. Evers would appear as obligated and that we intended to appear to take the deposition in person. As you know, your client's obligation to appear is in no way conditioned on our communication to you of why we believe Mr. Evers has discoverable knowledge. We are not required to disclose our deposition strategy in advance, nor any information that may exist to impeach Mr. Evers's inaccurate affidavit.

All of that aside, your conduct is suspect because you appear to be attempting to impede discovery in coordination with counsel for Defendants Del Rosso and Vital Management Services. Mr. Del Rosso and Vital are currently represented by lawyers at Nelson Mullins, most of whom worked for you at the Shanahan Law Group until you and they joined Nelson Mullins in 2020. The lawyers you mentored are now leading the defense of Del Rosso and Vital. During your brief stint at Nelson Mullins, you too were counsel of record for the Defendants until your abrupt departure from that firm (indeed, Mr. Del Rosso testified at his deposition that you continue to represent him). Your conduct at the Shanahan Law Group, and subsequently at Nelson Mullins, has resulted in your being a fact witness in this case regarding the millions of dollars that Defendants paid you, much of which you then used to pay third parties. As you know, we consider the Defendants' conduct to be criminal – the hacking of our client. The funds you received from Defendants appear to relate to that hacking, and thus to constitute proceeds of unlawful activity. Your recent conduct raises further questions – as to whether your efforts to shut down Mr. Evers' testimony served your client's interests, the Defendants', or your own.

In all events, you now represent a third-party witness who presumably has interests in this case distinct from your own or the Defendants', and it is not clear to us how this concurrent or successive representation is permitted under the rules covering conflicts of interest. *See, e.g.*, N.C. R. Prof. Conduct 1.7. We intend to raise these issues with the Court in connection with your motion to quash and a cross-motion for sanctions, disqualification, and other appropriate relief. We do not expect you to accede to this motion but in accordance with Local Rule 37.1, please let us know if you wish to meet and confer this week. It occurs to us that you may wish to be represented by separate counsel in the upcoming proceedings; if so, please let us know promptly who that is.

Finally, as you have noted, Miller & Chevalier has been able to send you email messages but has not been able to receive emails directly from your firm. We have inquired with our IT staff and cybersecurity vendor (Mimecast). The vendor advises that we cannot receive emails from you, because your domain name (shanahanlawgroup.com) is associated with a heightened risk for distribution of malware. The only way we could receive emails from you is by lowering our security barriers, and – particularly as we have experienced heightened cybersecurity threats since our commencement of litigation against Defendants and their associates – we will not do this. Accordingly, Miller & Chevalier is not able to receive emails from you for the foreseeable future. If you need to

**Miller & Chevalier Chartered** . 900 16th Street NW . Black Lives Matter Plaza . Washington, DC 20006
**T** 202.626.5800 . millerchevalier.com

contact us with something time-sensitive, please call one of us, or send us a facsimile at
(202) 626-5801.

Sincerely,

Joseph A. Rillotta

Miller & Chevalier Chartered  .  900 16th Street NW  .  Black Lives Matter Plaza  .  Washington, DC 20006
T 202.626.5800.  millerchevalier.com

# SHANAHAN LAW GROUP, PLLC

## TOUGH • SMART • PROVEN

April 24, 2023
*Via Email*
*jrillotta@milchev.com*

Joseph Rillotta
Miller & Chevalier
900 16th Street NW
Washington, DC 20006

**Re:** *Farhad Azima v. Nicholas del Rosso and Vital Management Services, Inc.*
**Middle District of NC Case No.: 1:20-cv-00954-WO-JLW**

Dear Joe:

Your correspondence dated April 20th, 2023 is acknowledged. I accept and appreciate the opportunity to "meet-and-confer" that you proposed; however, given the matters raised in your letter - some for the first time - I will need to investigate and research my duties and obligations, as well as confer with my client. Thus, I propose a meet-and-confer call for this Thursday, April 27th at 9:00 AM.

In the meantime, I make the following limited (i.e. not meant to be all inclusive) observations regarding your letter:

(1)     Your continued statements that I "personally selected" the date for Mr. Evers' deposition is patently false. After indicating that I would be out the entire week of April 3rd, 2023, it was Mr. Rand who suggested April 12th and April 18th for the document production and deposition. I merely agreed. At no time did I waive any of my client's objections to the Subpoenas, nor my request that the Subpoenas be withdrawn.

(2)     I absolutely did not understand that you and another attorney in your firm would be flying to your co-counsel's office in Charlotte, North Carolina for Mr. Evers' deposition. To the contrary, you were on actual notice that neither Mr. Evers, nor I were going to appear based on Mr. Evers' pending Motion and objections. If you wanted to make a record, Mr. Rand, Mr. Jones or Mr. Townsend, all of Womble Bond Dickinson, could have done this. There was absolutely no reason for two attorneys from your firm to travel from Washington, D.C. to Charlotte for what you knew was a cancelled deposition. Sarah Strickland and I recall also during the meet-and-confer that your side said you would agree to everyone attending

Case 1:20-cv-00954-WO-JLW   Document 220-1   Filed 05/02/23   Page 21 of 28

remotely, which you also could have done. So, no, I did not understand that two attorneys were going to fly from Washington, D.C. to Charlotte.

    (3)    In paragraph two of your April 20th, 2023 correspondence you refer to the *Beach Mart, Inc.* case which involves a 30(b)(6) deposition which is not what we have here; however, the Court in that case noted that an opposing party should move for a "protective order." If you will revisit our Motion [D.E. 198], we did just that, we filed a Motion for Protective Order, along with a Motion to Quash, a supporting Memorandum [D.E. 200] and a Declaration of Mr. Evers [D.E. 199]. We even served objections on April 12th, 2023 in response to the Subpoena *duces tecum*. We have at all times acted in good faith.

    (4)    Your personalizing this matter by referring to my conduct as "suspect" in paragraph three of your correspondence is wholly baseless and unprofessional. It does reveal, among other things, that you may not understand how attorney trust funds operate in North Carolina. Monies received into a law firm trust account remain client funds, not income to the law firm and only the client can direct where funds held on the client's behalf go.

    (5)    Why do you continue to harp on the notion of "hacking?" That claim has been dismissed, your client failed to timely seek appropriate relief and that claim is DEAD. The fact that you keep trying to engage in discovery on this topic (in addition to refusing to acknowledge the now narrow scope of your client's Complaint) justifies the 25 or so pending motions seeking to limit the scope of discovery, to preclude your attempts to invade the attorney-client privilege as well as client confidentiality and seeking discovery in this case for use in other cases.

    I look forward to our call on Thursday at 9:00 AM.

        Sincerely,

        **SHANAHAN LAW GROUP, PLLC**

        *Kieran J. Shanahan*
        Kieran J. Shanahan

KJS/ses

cc:    Ripley Rand
       Christopher Jones
       Jonathon Townsend
       Ian Herbert
       Calvin Lee
       Client

| From: | Rillotta, Joseph <jrillotta@milchev.com> |
| Sent: | Tuesday, April 25, 2023 5:08 PM |
| To: | Sarah Strickland |
| Cc: | Kieran Shanahan; Rand, Ripley; Jones, Christopher; jonathon.townsend@wbd-us.com; Herbert, Ian; Lee, Calvin |
| Subject: | RE: Azima v. N. del Rosso & VMS - Craig Evers' Subpoenas |
| Attachments: | image001.png; image001.png |

CAUTION: External Email


Confirming receipt, thank you.


Joseph Rillotta Miller & Chevalier

On April 25, 2023 at 5:05:20 PM EDT, Sarah Strickland <sstrickland@shanahanlawgroup.com> wrote:
EXTERNAL

Mr. Rillotta - I just left a voicemail for you to regarding yesterday's correspondence sent via email. Would you please let us know if you did in fact receive the same.


If Miller & Chevalier did not receive yesterday's correspondence would someone from Womble confirm receipt? Thank you.


Sincerely,


Sarah Strickland

Litigation Paralegal


[cid:image001.png@01D97798.1781D7E0]<http://www.shanahanlawgroup.com>

128 E. Hargett Street | Suite 300

Raleigh, NC 27601

Phone: (919) 856-9494

1

Email: sstrickland@shanahanlawgroup.com<mailto:sstrickland@shanahanlawgroup.com>


From: Sarah Strickland
Sent: Monday, April 24, 2023 12:50 PM
To: jrillotta@milchev.com
Cc: Kieran Shanahan <kieran@shanahanlawgroup.com>; Rand, Ripley <Ripley.Rand@wbd-us.com>; Jones, Christopher <Chris.Jones@wbd-us.com>; jonathon.townsend@wbd-us.com; iherbert@milchev.com; Lee, Calvin <clee@milchev.com>
Subject: Azima v. N. del Rosso & VMS - Craig Evers' Subpoenas


Mr. Rillotta,


Attached hereto is correspondence from Mr. Shanahan regarding the above-referenced matter.


Sincerely,


Sarah Strickland

Litigation Paralegal


[X]<http://www.shanahanlawgroup.com/>

128 E. Hargett Street | Suite 300

Raleigh, NC 27601

Phone: (919) 856-9494

Email: sstrickland@shanahanlawgroup.com<mailto:sstrickland@shanahanlawgroup.com>

| From: | Sarah Strickland |
| Sent: | Friday, April 21, 2023 2:06 PM |
| To: | Rand, Ripley; Jones, Christopher; jonathon.townsend@wbd-us.com |
| Cc: | Kieran Shanahan |
| Subject: | F. Azima v. VMS et al: Craig Evers Subpoena |

Gentlemen,

We are in receipt of Mr. Rillotta's correspondence of yesterday. Kieran is currently out of the office. Regarding the meet and confer prior to Plaintiff filing his motion next week, we will follow up regarding our availability early next week for this call. Thank you for your patience.

As noted in Mr. Rillotta's correspondence, Miller & Chevalier will not be able to receive emails from Shanahan Law Group. Can we agree that all email correspondence sent to your office be forwarded to them? Thank you.

Best,

**Sarah Strickland**
Litigation Paralegal



128 E. Hargett Street | Suite 300
Raleigh, NC 27601
**Phone**: (919) 856-9494
**Email**: sstrickland@shanahanlawgroup.com

1

| | |
|---|---|
| **From:** | Kieran Shanahan |
| **Sent:** | Wednesday, April 26, 2023 1:35 PM |
| **To:** | Rillotta, Joseph |
| **Cc:** | Sarah Strickland; ripley.rand@wbd-us.com; Jones, Christopher; Townsend, Jonathon; Lee, Calvin; Herbert, Ian |
| **Subject:** | RE: Azima v. VMS: Meet-and-Confer re Craig Evers |

Thought you wanted to talk about doing Mr. Evers deposition as the purpose of our meet and confer. Will be interest in learning of the basis of your new claim that I should be disqualified.

**Kieran Shanahan** | Principal

 **SHANAHAN LAW GROUP,**PLLC

128 E. Hargett Street | Suite 300
Raleigh, NC 27601

**Phone:** (919) 856-9494
**Email:** kieran@shanahanlawgroup.com

Please see the IRS Circular 230 Notice and the Confidentiality Notice below before reading this email.
PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

**From:** Rillotta, Joseph <jrillotta@milchev.com>
**Sent:** Wednesday, April 26, 2023 1:08 PM
**To:** Kieran Shanahan <kieran@shanahanlawgroup.com>
**Cc:** Sarah Strickland <sstrickland@shanahanlawgroup.com>; ripley.rand@wbd-us.com; Jones, Christopher <Chris.Jones@wbd-us.com>; Townsend, Jonathon <Jonathon.Townsend@wbd-us.com>; Lee, Calvin <clee@milchev.com>; Herbert, Ian <iherbert@milchev.com>
**Subject:** RE: Azima v. VMS: Meet-and-Confer re Craig Evers

**CAUTION: External Email**

We're beyond the scope of the deposition at this point. Tomorrow is about sanctions and disqualification.

**JOSEPH A. RILLOTTA**
Member | Miller & Chevalier Chartered
jrillotta@milchev.com | T. 202.626.5951 | M. 410.493.1524

1

**From:** Kieran Shanahan <kieran@shanahanlawgroup.com>
**Sent:** Wednesday, April 26, 2023 1:06 PM
**To:** Rillotta, Joseph <jrillotta@milchev.com>
**Cc:** Sarah Strickland <sstrickland@shanahanlawgroup.com>; ripley.rand@wbd-us.com; Jones, Christopher <Chris.Jones@wbd-us.com>; Townsend, Jonathon <Jonathon.Townsend@wbd-us.com>; Lee, Calvin <clee@milchev.com>; Herbert, Ian <iherbert@milchev.com>
**Subject:** Re: Azima v. VMS: Meet-and-Confer re Craig Evers

EXTERNAL

Just need to know your position on alleged conflict.
 How about your response to my LR 37.l b invitation ?

Sent from my iPhone

> On Apr 26, 2023, at 1:01 PM, Rillotta, Joseph <jrillotta@milchev.com> wrote:

CAUTION: External Email

Kieran – I do think that is one of the things you ought to be prepared to discuss tomorrow.  Thanks.  Joe

**JOSEPH A. RILLOTTA**
Member | Miller & Chevalier Chartered
jrillotta@milchev.com | T. 202.626.5951 | M. 410.493.1524

**From:** Kieran Shanahan <kieran@shanahanlawgroup.com>
**Sent:** Wednesday, April 26, 2023 11:41 AM
**To:** Rillotta, Joseph <jrillotta@milchev.com>
**Cc:** Sarah Strickland <sstrickland@shanahanlawgroup.com>; ripley.rand@wbd-us.com; Jones, Christopher <Chris.Jones@wbd-us.com>; Townsend, Jonathon <Jonathon.Townsend@wbd-us.com>; Lee, Calvin <clee@milchev.com>; Herbert, Ian <iherbert@milchev.com>
**Subject:** RE: Azima v. VMS: Meet-and-Confer re Craig Evers

EXTERNAL

Additionally, I am not sure I understand your claim that SLG and/or me individually has a conflict in representing Mr. Evers . Is it your position that I am  precluded from representing Mr. Evers in the deposition you seek to take ? Please advise ASAP.


# Kieran Shanahan | Principal

<image001.png>


128 E. Hargett Street | Suite 300
Raleigh, NC 27601

**Phone**: (919) 856-9494

**Email**: kieran@shanahanlawgroup.com

Please see the IRS Circular 230 Notice and the Confidentiality Notice below before reading this email. PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

**From:** Kieran Shanahan
**Sent:** Wednesday, April 26, 2023 10:20 AM
**To:** Rillotta, Joseph <jrillotta@milchev.com>
**Cc:** Sarah Strickland <sstrickland@shanahanlawgroup.com>; ripley.rand@wbd-us.com; Jones, Christopher <Chris.Jones@wbd-us.com>; Townsend, Jonathon <Jonathon.Townsend@wbd-us.com>; Lee, Calvin <clee@milchev.com>; iherbert@milchev.com
**Subject:** Azima v. VMS: Meet-and-Confer re Craig Evers

Joe:

In anticipation of our meet-and-confer tomorrow, we both have a duty to act in good faith which, I believe contemplates a willingness to compromise. You want to depose Mr. Evers, he is willing to be deposed (even though he contends he has no relevant information), assuming the scope is properly limited. Heretofore, you have been unwilling to limit the scope of Mr. Evers' deposition, which precipitated the Motion to Quash and for Protective Order.

Given the two dozen or so discovery motions, all of which include the same/similar objections, prudence and judicial economy suggest we simply wait for the Court to rule and we will all have clarity as to the scope of appropriate discovery.

As an initial attempt at compromise, my client is willing to ask the Court for guidance pursuant to the Expedited Resolution procedure in Local Rule 37.1(b). Please advise immediately if you and your client agree to participate.

Kieran

# Kieran Shanahan | Principal

<image001.png>

128 E. Hargett Street | Suite 300
Raleigh, NC 27601

**Phone**: (919) 856-9494
**Email**: kieran@shanahanlawgroup.com

Please see the IRS Circular 230 Notice and the Confidentiality Notice below before reading this email. PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this