UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>　　Defendants. | **RESPONSE OF PLAINTIFF FARHAD AZIMA TO THE MOTION OF DEFENDANT VITAL MANAGEMENT SERVICES, INC., FOR PROTECTIVE ORDER** |

Plaintiff Farhad Azima submits this brief in response to the Motion for Protective Order of Defendant Vital Management Services, Inc. ("Vital"; together with Nicholas Del Rosso, "Defendants") (ECF No. 216) and Vital's Memorandum of Law in Support of Motion for Protective Order (ECF No. 217 (the "Memo")).

## INTRODUCTION

Defendants' Motion for a protective order and to stay the Rule 30(b)(6) deposition of Vital is just one more maneuver in Defendants' continuing effort to delay and prevent discovery. This Court has already reminded Defendants that court filings "must not be intended to 'cause unnecessary delay.'" ECF No. 79 at 12 (citing Fed. R. Civ. P. 11); *see also id.* at 5 ("This court is skeptical of the propriety of Defendants' motion") & 6 (noting that the Court was "dubious as to the propriety of Defendants' motion"). Undeterred by those warnings,

1

Defendants have refused to participate in discovery, interfered with third-party discovery where they have no standing to do so, and tried to hijack the Court's docket and these proceedings with endless, unfounded, and unnecessary motion practice – all of which has stymied discovery. This motion is merely the latest of these efforts, and it should be denied for several reasons.

First, Vital's only available corporate representative – Defendant Del Rosso, by definition a critical witness – has terminal cancer. Defendants relied upon that diagnosis in their effort to avoid his deposition testimony in January 2023. At that time, Defendants argued in Court filings (*see* ECF Nos. 97, 98) that his deposition should be delayed to the Spring so that he could recover. Since then, despite repeated attempts by Plaintiff to learn of the status of his condition, Defendants have refused to provide any meaningful update. All of this is occurring as the discovery period is winding down, and Defendants now try to avoid and severely limit the most meaningful deposition—the one in which "I don't remember" is not an available answer, because Defendants have an obligation to utilize all available information to re-educate and inform Vital's most knowledgeable person relative to Plaintiff's Rule 30(b)(6) deposition notice topics. Plaintiff therefore should be permitted to depose Vital and receive relevant documents from him on the earliest possible date.

Second, Vital did not even try to meet its burden to show that it is entitled to invoke the attorney-client privilege or the attorney work product

doctrine here. Defendants and their affiliated third parties continue to try to hide the facts of this case by asserting a blanket privilege over "Defendants' work with Dechert in furtherance of Dechert's representation of RAK and its related entities," Memo. at 7, but do so without supplying the required details about the supposed engagement or any information necessary for Plaintiff and the Court to assess Defendants' privilege claims.

Third, the scope of discovery for Plaintiff's claims is broad and the topics described in Plaintiff's Rule 30(b)(6) notice to Vital are relevant to the claims and defenses in this case and proportional to the needs of this case. In particular, Plaintiff's civil conspiracy claim requires broad discovery into Defendants' relationships with their co-conspirators. Defendants' repeated demands to narrow the scope of this case to a two-year period (2018 and 2019) ignores both Plaintiff's claim of civil conspiracy dating to 2014 and Defendants' own Answer, which contains information and assertions that predate 2018.

Fourth, Defendants' continued refrain that Plaintiff seeks information for other cases is both spurious and irrelevant given that the Court has entered a protective order in this case that protects any confidential documents, communications, or information disclosed during discovery. *See* ECF No. 177.

## **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On November 16, 2022, the Court entered a scheduling order commencing discovery and stating that "[d]iscovery will be conducted on the

3

operative allegations and claims contained in Plaintiff's Complaint, the denials and defenses raised in Defendants' Answer, and all other relevant matters within the scope of Fed. R. Civ. P. 26, provided that either party may assert objections based on relevance, proportionality or any other basis allowed under Fed. R. Civ. P. 26." ECF No. 93 at 1-2. Among other things, the Court also directed the parties to complete fact discovery by July 1, 2023, and to complete expert discovery by August 1, 2023. ECF No. 93 at 2.

Defendants immediately began obstructing discovery, self-selecting their discovery obligations and refusing to produce any documents or communications in response to Plaintiff's discovery requests other than the documents and data Defendants and their co-conspirators stole and misappropriated from Plaintiff. *See* ECF No. 131 at 6; ECF No. 131-3. Defendants then filed an avalanche of discovery motions (which have been well documented in prior filings) and collaborated with affiliated third parties to stymie discovery, *see, e.g.*, ECF Nos. 133 & 134 (Shanahan Law Group); 136 & 137 (Dechert); 150 & 151 (Swecker); and 198 & 199 (Evers).

On December 22, 2022, Plaintiff served a Rule 30(b)(6) notice on Vital. ECF No. 216-1. Defendants responded on January 13, 2023 with objections to Plaintiff's deposition notice. ECF No. 216-2. On January 18, 2023, Plaintiff re-noticed Vital's Rule 30(b)(6) deposition for May 17, 2023, ECF No. 216-3, and Vital waited almost three months to object to the re-noticed deposition, ECF

4

No. 216-4. Defendants' motion here is about one thing: avoiding their discovery obligations, and nothing more.

## ARGUMENT

"Protective orders pursuant to Rule 26(c) should be sparingly used and cautiously granted." *Armitage v. Biogen, Inc.*, No. 1:17-cv-1133, 2019 WL 79037, at *2 (M.D.N.C. Jan. 2, 2019) (cleaned up). Indeed, "[n]ot only are protective orders prohibiting depositions rarely granted, but [the moving party] has a heavy burden of demonstrating the good cause for such an order." *Id.* (quoting *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987)). To decide whether Defendants have shown "good cause," the Court must "balance the interest of [Plaintiff] in obtaining the information versus the interest of [his] opponent in keeping the information confidential or in not requiring its production.'" *Id.* (quoting *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988)). Thus, "[i]n order to obtain a protective order prohibiting a deposition, the proponent must convince the Court that the information sought by the deposition lacks relevance to such an extent that the likelihood and severity of the harm or injury caused by the deposition outweighs any need for the information." *Id.* (cleaned up); *see also Martin v. Bimbo Foods Bakeries Distribution, LLC,* 313 F.R.D. 1, 6 (E.D.N.C. 2016) ("A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the

5

motion fail to meet this burden."). Vital's motion for a protective order falls far short of the high bar required to prevent its deposition.

## I. Defendant Vital is Actively Concealing its Corporate Representative's Concerning Health Status.

Time is of the essence. Defendant Vital's representative, the key witness in this case, has represented under oath to this Court that he has terminal cancer. Given Mr. Del Rosso's terminal illness, Plaintiff sought information about the status of Mr. Del Rosso's health before agreeing to any stay of discovery, but Defendants have refused to provide any update or assurances that Mr. Del Rosso's health is good and that it will not deteriorate. Stated plainly, Defendant Del Rosso – Vital's Rule 30(b)(6) representative – is dying, perhaps in the near term, and perhaps far sooner than Plaintiff or the Court knows. Plaintiff therefore should be permitted to receive relevant documents from the Defendants and other third parties and take Vital's Rule 30(b)(6) deposition on the earliest possible date to ensure that all relevant evidence is preserved and produced.

## II. Defendants and Their Affiliated Third Parties Have Made No Effort to Establish the Attorney-Client Privilege or Attorney Work Product Doctrine.

Vital claims that Plaintiff seeks testimony about information and communications that are protected by the attorney-client privilege and the attorney work product doctrine. *See, e.g.*, Memo. at 7 (asking that the deposition be limited to topics "not protected by any applicable privilege—

6

namely, the attorney-client privilege and work-product protections applicable to Defendants' work with Dechert in furtherance of Dechert's representation of RAK and its related entities"). Defendants and their collaborative third parties have raised similar privilege objections in other motions and filings, *see, e.g.*, ECF No. 137 at 7-8; ECF No. 151 at 6-7; ECF No. 176 at 1.

The attorney-client privilege "is not absolute"; instead, it "is to be strictly confined within the narrowest possible limits[.]" *Solis v. Food Emps. Lab. Rels. Ass'n*, 644 F.3d 221, 226 (4th Cir. 2011) (cleaned up). Typically, "[c]ommunications do not merit the attorney-client privilege when they are made in the presence of a third party." *Glob. Textile All., Inc. v. TDI Worldwide, LLC*, 847 S.E.2d 30, 34 (N.C. 2020); *see also* ECF No. 167 at 14-16 (describing the law in the Fourth Circuit and North Carolina on the attorney-client privilege for non-lawyers). Defendants' broad privilege arguments are particularly suspect: Vital is not a law firm, Mr. Del Rosso is not a lawyer, and Defendants have refused to produce any documents, even records such as bank statements, calendar appointments, or travel records, that are not communications with attorneys and thus not the type of documents that typically would be afforded attorney-client privilege or work product protection.

Despite the strict requirements of Rule 26(b)(5)(ii), Defendants have never "describe[d] the nature of the documents, communications, or tangible

7

things not produced or disclosed—and do[ne] so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(ii). Here, Vital attempts to blind the Court and seeks an order – without the support of any affidavit, sworn testimony, engagement letter or agreement, or evidence or information of any kind – that "Defendants' work with Dechert in furtherance of Dechert's representation of RAK and its related entities," Memo. at 7, is privileged and protected by the attorney work product doctrine. It is impossible for the Court to make factual findings about the nature of Defendants' work or legal conclusions about privilege and work product without the information and evidence required by the most elementary of privilege and work product jurisprudence. Relying on his own refusal to submit details about, for example, the scope of Defendants' work for Dechert, the timeframe of the representation, or the purpose of the representation, Vital instead seeks to avoid testifying about any of the topics in the Plaintiff's Rule 30(b)(6) notice based on speculation that there *might be* questions that call privilege or work product into question. At best, this argument is specious; at worst, it is intentionally misleading.

### III. Plaintiff's Proposed Topics are Relevant and Proportionate.

"The Fourth Circuit has stated that deposition-discovery rules are to be accorded a broad and liberal treatment." *United States v. Duke Energy Corp.*,

8

No. 00-CV-1262, 2012 WL 1565228, at *7 (M.D.N.C. Apr. 30, 2012) (cleaned up). "The broad scope of discovery permitted under Rule 26(b)(1) applies to Rule 30(b)(6) depositions." *Martin*, 313 F.R.D. at 6. Plaintiff's proposed Rule 30(b)(6) topics are well within the broad scope of discovery under Rule 26 for several reasons.

First, Plaintiff's proposed topics are relevant to his claims for misappropriation of trade secrets and civil conspiracy based on, among other things, the allegations in his Complaint.[*] Plaintiff's proposed deposition topics for Vital are at the heart of these claims. They seek information regarding payments to or from the individuals and entities involved in the conspiracy to hack Plaintiff (Topic 2); any reports, memoranda, summaries, notes, or outlines prepared by Defendants that relate to Plaintiff, his associates, or his businesses (Topic 3); the acquisition, retention, or use of Plaintiff's documents (Topic 4); any effort by Defendants to conceal the receipt, possession, transfer, or copying of Plaintiff's documents; travel records related to Defendants meeting with their co-conspirators (Topic 6); meetings between Defendants and Amir Handjani, one of the alleged hacking co-conspirators (Topic 7); the

---

[*] By law, the scope of discovery is not limited only to Plaintiff's allegations, though. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978) ("[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.")

scope of named projects undertaken by Vital that Plaintiff believes are related to the alleged conspiracy (Topic 11); and payments to or from Vital to alleged co-conspirators (Topic 12).

Moreover, Plaintiff is entitled to testimony from Vital that is relevant to his civil conspiracy claim, which by definition includes the design, pattern, and intent of Defendants and their co-conspirators. *See Food Lion, LLC v. Dairy Farmers of Am., Inc.*, No. 1:20-CV-442, 2020 WL 6947921, at *5 (M.D.N.C. Sept. 29, 2020) ("Particularly where allegations of conspiracy or monopolization are involved . . . broad discovery may be needed to uncover evidence of invidious design, pattern or intent.") (cleaned up). Similarly, Defendants' attempt to limit this case essentially to the moment in time when Plaintiff's trade secrets were published on the internet willfully ignores both the allegations in the Complaint and the nature of discovery and the Rules that govern it. *See Williams v. AT&T Servs., Inc.,* No. 3:21-cv-617, 2022 WL 1814630, at *2 (W.D.N.C. June 2, 2022) (courts "readily" and "regularly" find that discovery can extend to events "years before the alleged conduct at issue"); *Johnson v. Mechanics Farmers Bank,* Civil No. 3:05-cv-258, 2006 WL 3207320, at *4 (W.D.N.C. Nov. 3, 2006) (finding as "reasonable" a five-year window for records beginning over four years before the first alleged discriminatory event); *see also* 6 Moore's Federal Practice–Civil, § 26.45[5] (2021) ("Information concerning events that substantially preceded the occurrence of the incident[s]

10

that [are] the basis for the suit may shed important light on the facts directly relevant to a claim or defense, and thus may be relevant for discovery purposes.").

Second, Plaintiff's proposed topics are relevant to Vital's statements in its answer and its affirmative defenses. *See*, *e.g.*, ECF No. 93 at 1-2 ("Discovery will be conducted on the . . . denials and defenses raised in Defendants' Answer, and all other relevant matters within the scope of Fed. R. Civ. P. 26[.]"); *Caraustar Indus., Inc. v. N. Georgia Converting, Inc.*, No. 3:04CV187-H, 2005 WL 8174172, at *3 (W.D.N.C. Sept. 9, 2005) (holding that party was "allowed to conduct a Rule 30(b)(6) deposition, including inquiring into the facts underlying the Defendant's denials and affirmative defenses"). In their Answer, Defendants (1) alleged (among other things) that Plaintiff stole financial documents and fabricated "a story" to "frustrate" a judgment in the United Kingdom, and (2) made a claim for attorneys' fees in this case, but will not provide information or answer questions about that claim. Plaintiff is entitled to discovery about these and other statements.

Third, Vital submits no evidence to support its claim of undue burden. ECF No. 217 at 10, 22, 24, 26. This Court has previously rejected similar overly burdensome objections in the absence of evidence that the requested discovery "would cost a substantial amount of money or pose real logistical difficulties." *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 249 (M.D.N.C. 2010)

11

(collecting cases). Thus, mere statements by counsel in Defendants' brief are not sufficient to support a protective order in this case. Defendants' burden arguments ring particularly hollow since they have not produced a single custodial document and refuse to answer questions regarding what searches they have run to find relevant documents. It is not clear whether Defendants have taken any steps to find responsive documents beyond producing Plaintiff's own hacked data.

Fourth, Plaintiff does not—as Defendants claim without any evidence— seek discovery to use in other cases; instead, Plaintiff seeks testimony about topics that are relevant and discoverable to the claims here. And irrespective of Defendants' purported concerns, the protective order addresses potential use of discovery in other cases. *See* ECF No. 177.

## IV. Delaying the Deposition in this Case is Unwarranted and Will Compromise the Court-Ordered Discovery Deadline.

Defendants offer no "good cause" – or cause at all – for delaying the deposition of Vital. Fact discovery ends in this case on July 1, 2023, and expert discovery ends on August 1, 2023. ECF No. 93 at 2. Postponing the deposition for a lengthy period (and staying discovery, which Plaintiff will address in his response to Defendants' related Motion to Stay) will needlessly compromise Plaintiff's ability to complete fact discovery by July 1. If Defendants have legitimate objections to questions asked at the deposition, counsel can include

12

those objections during the deposition, and testimony will be taken and evidence then presented at trial subject to those objections.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion for a protective order.

This, the 11th day of May, 2023.

        **WOMBLE BOND DICKINSON (US) LLP**

        */s/ Ripley Rand*
        Ripley Rand
        North Carolina State Bar No. 22275
        Christopher W. Jones
        North Carolina State Bar No. 27265
        Jonathon Townsend
        North Carolina State Bar No. 51751
        555 Fayetteville Street, Suite 1100
        Raleigh, N.C. 27601
        Phone: 919-755-2100
        Fax: 919-755-2150
        Email:   ripley.rand@wbd-us.com
                      chris.jones@wbd-us.com
                      jonathon.townsend@wbd-us.com

        -and-

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren E. Briggerman (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com
totoole@milchev.com
lbriggerman@milchev.com
iherbert@milchev.com
clee@milchev.com
cmarden@milchev.com

*Counsel for Plaintiff*

## CERTIFICATE OF WORD COUNT

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This Response brief contains fewer than 6,250 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

*/s/ Ripley Rand*
Ripley Rand
Counsel for Plaintiff

15

Case 1:20-cv-00954-WO-JLW Document 223 Filed 05/11/23 Page 15 of 17

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES,<br>INC.,<br><br>    Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

Brandon S. Neuman, Esq.
John Branch, III, Esq.
Jeffrey M. Kelly, Esq.
Nathaniel J. Pencook, Esq.
NELSON MULLINS RILEY & SCARBOROUGH, LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
nate.pencook@nelsonmullins.com
john.branch@nelsonmullins.com
Tel.: 919.329.3800
Fax.: 919.329.3799

Samuel Rosenthal, Esq.
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW, Suite 900
Washington, DC 20001
Tel.: 202-689-2951
Fax: 202-689-2860
sam.rosenthal@nelsonmullins.com

*Counsel for Defendants*

This, the 11th day of May, 2023.

        **WOMBLE BOND DICKINSON (US) LLP**

        /s/ *Ripley Rand*
        Ripley Rand
        North Carolina State Bar No. 22275
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone: (919) 755-8125
        Facsimile: (919) 755-6752
        Email: ripley.rand@wbd-us.com

        *Counsel for Plaintiff*