# EXHIBIT 4



DINSMORE & SHOHL LLP
900 Wilshire Drive ^ Suite 300
Troy, MI 48084
www.dinsmore.com
(248) 647-6000 (direct) ^ (248) 647-5210 (fax)

(248) 203-1655 (direct)
J. Travis Mihelick
travis.mihelick@dinsmore.com

April 6, 2023

Mr. Calvin Lee  *Via Electronic Mail*
Senior Associate
Miller & Chevalier Chartered
clee@milchev.com.com

Re: *Azima v. Del Rosso and Vital Management Services*
**USDC M.D. North Carolina, 1:20-CV-954**
**PNC File No. 2022-S0028720**

Dear Mr. Lee:

Thank you for your e-mails on this matter. As you are aware, our firm represents PNC Bank with respect to this matter. Please allow this letter to serve as PNC's response to your demand for additional wire records that were requested as part of your subpoena.

As a brief history, on August 16, 2021, PNC Bank received a litigation hold notice from Plaintiff's counsel, requesting that PNC preserve all documents and electronically stored information relevant to the above-captioned litigation, including any records involving Defendants Nicholas Del Rosso and Vital Management Services, Inc. (collectively "Defendants"), from August 2014 to present. Following receipt of the subpoena, PNC took reasonable steps to preserve documents potentially responsive to the subpoena.

On November 3, 2022, PNC received a subpoena for documents from Plaintiff seeking bank records and wire transaction information of Defendants. Pursuant to the subpoena, PNC Bank produced responsive documents and banking records on November 16, 2022; November 29, 2022; January 30, 2023; February 3, 2023; and March 8, 2023.

On December 1, 2022, Plaintiff's counsel requested the production of additional wire transaction records – including records indicating the stated reasons for Defendants' wire transactions – for the time periods of August 1, 2014 through December 2015, as requested under Plaintiff's subpoena.

When PNC Bank searched for documents responsive to Plaintiff's December 1, 2022 request, the bank learned that some potentially responsive documents to the subpoena were inadvertently destroyed pursuant to the PNC's record retention policy, despite the steps PNC had

taken to preserve the documents. These documents included some older wire transaction records that indicated the senders, recipients, and stated reasons for wire transactions into and out of Defendant Vital Management Services, Inc.'s ("Vital") business checking account. Ultimately, wire transaction records dated from August 16, 2014 through November 30, 2015 were permanently deleted. PNC informed Plaintiff's counsel of this situation on December 16, 2022.

If you have any questions, or would like to discuss this matter further, please do not hesitate to contact our office.

Very truly yours,
DINSMORE & SHOHL LLP

*J. Travis Mihelick*

J. Travis Mihelick
