IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 1:20-cv-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA, <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC., <br><br> Defendants. | **MOTION OF NON-PARTY FIRST CITIZENS FOR PROTECTIVE ORDER** |

Pursuant to Federal Rules of Civil Procedure 26 and 45, and LCvR 7.1, non-party to the above-captioned case, First Citizens Bank & Trust Co. ("First Citizens"), respectfully moves this Court for a protective order from the two non-party subpoenas *duces tecum* issued by Plaintiff Farhad Azima ("Plaintiff") to First Citizens in January and March of 2023, (collectively, the "Subpoenas"). In support of this Motion and as set more fully in its supporting Memorandum of Law, First Citizens show the Court the following:

1. From a review of the pleadings, it appears that the Court has significantly limited the scope of Plaintiff's case, through its Memorandum Opinion and Order on December 10, 2021, (Doc. No. 65) which dismissed nine (9) of Plaintiff's eleven (11) claims, leaving only state-law claims for misappropriation of trade secrets and civil conspiracy.

2. As part of its Order, the Court appears to have limited the relevant time

1

period of the remaining claims to the online posting of new links to the Plaintiff's business data in 2018-2019.

3. Despite this limitation, Plaintiffs served First Citizens with a non-party subpoena *duces tecum* on July 17, 2023 (the "First Subpoena") broadly requesting:

> All documents and communications relating to accounts held in the name of, owned by, or for the benefit of GH Holdings LLC, Kristin White Del Rosso, Nicholas Del Rosso, or Vital Management Services, Inc. This request includes transfers to and from those accounts, including but not limited to transactions between GH Holdings LLC and Vital Management Services, Inc., totaling $2.325 million between October 2018 and October 2019. This request includes but is not limited to bank statements, account opening documents, communications about the accounts or with the account holders, and records of money transfers via wire, SWIFT, check, or other method.

(Doc. No. 122-1, Ex. B). The First Subpoena specifies in the instructions that the "relevant time period for documents responsive to" the requests "shall be between August 1, 2014" to present, which is not the period determined to be relevant pursuant to the Court's Order. (*Id.*)

4. According to the Court's records on January 20, 2023, Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("VMS") (collectively, "Defendants") filed an emergency motion to quash and for a protective order regarding the First Subpoena. (Doc. No. 122).

5. On January 23, 2023, this Court ordered, in pertinent part, that "First Citizens Bank & Trust Co. shall stay production pursuant to the subpoena[] until the Court rules on Defendants' motion" ("January Text Order"). (*See* Jan. 23, 2023 Text Order).

6. It does not appear that Defendants' emergency motion has been ruled upon, and therefore the stay imposed by the Court's January Text Order remains in full force and

effect.

7. In light of Defendants' emergency motion and the Court's January Text Order, First Citizens has not filed objections or a motion to quash in response to the Subpoenas.

8. On March 27, 2023, Plaintiff served First Citizens with another non-party subpoena *duces tecum* ("Second Subpoena") despite Defendants' pending motion and the Court's Order staying production by First Citizens:

> All Documents and Communications from 2021 to present relating to accounts held in the name of, owned by, or for the benefit of Defendants Nicholas Del Rosso or Vital Management Services, Inc. This request includes but is not limited to bank statements, account opening documents, account closing documents, communications about the accounts or with the account holders, and records of money transfers via wire, SWIFT, check, or other method.

(Doc. No. 196-1, Ex. A).

9. Shortly thereafter, Defendants filed another motion to quash and for protective order relating to the Second Subpoena on April 3, 2023. (Doc. No. 196). First Citizens was also aware of Defendants intent to file their second motion on March 27, 2023.

10. A review of the Court's records reflects that the parties have made compelling arguments as to the efficacy of Plaintiff's Subpoenas, including whether the Second Subpoena falls under the January Text Order.

11. Due to the Court's pending Order staying Plaintiff's third-party discovery and the parties' competing arguments regarding the scope of the application of the Court's Order to the Subpoenas, First Citizens has not produced documents requested in the Second

3

Subpoena out of an abundance of caution for the same reasons it has not produced in response to the First Subpoena.

12. Plaintiff's counsel corresponded with First Citizens in late April seeking production of the documents described in the Second Subpoena.

13. Pursuant to Local Rule 37.1(a), counsel for First Citizens conferred with Plaintiff's counsel in good faith regarding the Subpoenas on May 5, 2023, but could not come to a resolution as to the Subpoenas.

14. According to Defendants' April 21, 2023, Motion to Stay Discovery Pending a Ruling on Motions, it appears Plaintiff has issued 14 other third-party subpoenas since March 2023, the majority of which are beyond the scope of the lawsuit following the Court's Order and purport to seek discovery prior to the Court's ruling on the parties' threshold discovery issues. (Doc. Nos. 205, ¶ 2; 206 at pp. 2-3).

15. Out of an abundance of caution, and in light of Defendants' motions to quash the Subpoenas and because the Subpoenas are beyond the scope of the claims remaining in this lawsuit, First Citizens seeks a protective order from Plaintiff's Subpoenas pending an order from the Court on Defendants' motions.

**WHEREFORE**, non-party movant First Citizens respectfully moves the Court for an entry of Protective Order from Plaintiff's Subpoenas.

Respectfully submitted, this, the 15th day of May, 2023.

        **BRADLEY ARANT BOULT CUMMINGS LLP**

        /s/ Brett L. Lawrence
        Brett L. Lawrence (NC Bar No. 55557)
        Bradley Arant Boult Cummings LLP
        214 N. Tryon Street, Suite 3700
        Charlotte, NC 28202
        Telephone: (704) 338-6125
        Facsimile:  (704) 332-8858
        E-mail: blawrence@bradley.com

        *Attorney for First Citizens Bank & Trust Co.*

## LOCAL RULE 37.1(a) CERTIFICATION

Pursuant to Local Rule 37.1(a), I hereby certify, subject to Fed. R. Civ. P. 11, and as set out more fully in this Motion, the parties met and conferred on this issue via teleconference on May 5, 2023, that after personal consultation and diligent attempts to resolve differences, the parties are unable to reach an accord regarding the withdrawal of Plaintiff's two subpoenas.

Respectfully submitted this 15th day of May, 2023.

**BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ Brett L. Lawrence
Brett L. Lawrence (NC Bar No. 45483)
Bradley Arant Boult Cummings LLP
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6125
Facsimile: (704) 332-8858
E-mail: blawrence@bradley.com

*Attorney for First Citizens Bank & Trust Co.*

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that the accompanying memorandum does not exceed the 6,250-word limitation according to the word count feature of the word processing system used to prepare the memorandum.

Respectfully submitted this 15th day of May, 2023.

        **BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ Brett L. Lawrence
Brett L. Lawrence (NC Bar No. 45483)
Bradley Arant Boult Cummings, LLP
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6125
Facsimile: (704) 332-8858
E-mail: blawrence@bradley.com

*Attorney for First Citizens Bank & Trust Co.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

| | |
|---|---|
| Jonathan D. Townsend<br>Christopher W. Jones<br>Ripley Rand<br>Womble Bond Dickinson (US) LLP<br>555 Fayetteville, Suite 1100<br>Raleigh, NC 27601<br>onathon.townsend@wbd-us.com<br>chris.jones@wbd-us.com<br>ripley.rand@wbd-us.com | Ian A. Herbert<br>Joseph Rillota<br>Kirby D. Behre<br>Timothy O'Toole<br>Cody Marden<br>Calvin Lee<br>Miller & Chevalier Chartered<br>900 16th Street, N.W.<br>Washington, D.C. 20006<br>iherbert@milchev.com<br>jrillotta@milchev.com<br>kbehre@milchev.com<br>totoole@milchev.com<br>cmarden@milchev.com<br>clee@milchev.com |
| Brandon S. Neuman, NCSB# 33590<br>Jeffrey M. Kelly, NCSB# 47269<br>John E. Branch III, NCSB# 32598<br>Nathaniel J. Pencook, NCSB# 52339<br>Sam A. Rosenthal (special appearance)<br>301 Hillsborough Street, Suite 1400<br>Raleigh, North Carolina 27603<br>Telephone: (919) 329-3800<br>Facsimile: (919) 329-3799<br>brandon.neuman@nelsonmullins.com<br>jeff.kelly@nelsonmullins.com<br>john.branch@nelsonmullins.com<br>nate.pencook@nelsonmullins.com<br>sam.rosenthal@nelsonmullins.com | |

BRADLEY ARANT BOULT CUMMINGS LLP

_____
Brett L. Lawrence (NC Bar No. 45483)
Bradley Arant Boult Cummings, LLP
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6125
Facsimile: (704) 332-8858
E-mail: blawrence@bradley.com

*Attorney for First Citizens Bank & Trust Co.*

9