IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 1:20-cv-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NON-PARTY FIRST CITIZENS FOR PROTECTIVE ORDER** |
| NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC., | ) |
| Defendants. | ) |

**NOW COMES** non-party First Citizens Bank & Trust Co. ("First Citizens") by and through undersigned counsel, and hereby submits this Memorandum of Law in support of non-party First Citizens' Motion to for Protective Order from the two non-party subpoenas *duces tecum* (collectively, the "Subpoenas"). This brief is submitted pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, and Local Rules 7.3 and 26.1.

## FACTS

In January and March 2023, Plaintiff Farhad Azima served the broad Subpoenas on First Citizens, lacking any relation or recognition of the remaining claims and operative date range reflected in the Court's prior order. (Doc. No. 65). Indeed, this Court has limited Plaintiff's case to two of its original claims; a North Carolina misappropriation of trade secrets claim, and a civil conspiracy claim made expressly contingent on the former, which is said to have occurred between 2018 and 2019. (*Id.*)

1

Specifically, on January 17, 2023, Plaintiffs served First Citizens with a non-party subpoena *duces tecum* (the "First Subpoena") broadly requesting:

> All documents and communications relating to accounts held in the name of, owned by, or for the benefit of GH Holdings LLC, Kristin White Del Rosso, Nicholas Del Rosso, or Vital Management Services, Inc. This request includes transfers to and from those accounts, including but not limited to transactions between GH Holdings LLC and Vital Management Services, Inc., totaling $2.325 million between October 2018 and October 2019. This request includes but is not limited to bank statements, account opening documents, communications about the accounts or with the account holders, and records of money transfers via wire, SWIFT, check, or other method.

(Doc. No. 122-1, Ex. B). The First Subpoena specifies in the instructions that the "relevant time period for documents responsive to" the requests "shall be between August 1, 2014" to present, which is not the period determined to be relevant pursuant to the Court's Order. (*Id.*)

On January 20, 2023, Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("VMS") (collectively, "Defendants") filed an emergency motion to quash and for a protective order regarding the First Subpoena. (Doc. No. 122). On January 23, 2023, this Court ordered, in pertinent part, that "First Citizens Bank & Trust Co. shall stay production pursuant to the subpoena[] until the Court rules on Defendants' motion" ("January Text Order"). (*See* Jan. 23, 2023 Text Order). That same day, counsels for Plaintiffs and Defendants informed First Citizens of the Court's order staying production pending the outcome of Defendants' emergency motion.

To date, Defendants' emergency motion regarding the First Subpoena remains pending, and the stay on production pursuant to the Court's January Text Order remains in full force and effect. Due to Defendants' emergency motion and the Court's January Text

Order, First Citizens did not file objections or a motion to quash the First Subpoena.

On March 27, 2023, although the Court's January Text Order was, and remains in place, Plaintiff served First Citizens with another non-party subpoena *duces tecum* ("Second Subpoena") requesting:

> All Documents and Communications from 2021 to present relating to accounts held in the name of, owned by, or for the benefit of Defendants Nicholas Del Rosso or Vital Management Services, Inc. This request includes but is not limited to bank statements, account opening documents, account closing documents, communications about the accounts or with the account holders, and records of money transfers via wire, SWIFT, check, or other method.

(Doc. No. 196-1, Ex. A).

The Second Subpoena is essentially duplicative to the First Subpoena, which necessarily makes it governed by the January Text Order's stay of First Citizens' obligation to produce the documents outlined in the First Subpoena. The Second Subpoena's described date range also goes beyond the 2018-2019 operate dates as ordered by the Court.

## **STANDARD OF REVIEW**

Subpoenas issued to non-parties are governed by Federal Rule of Civil Procedure 45(d)(1) which states, in part, that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

Furthermore, Rule 45(d)(3)(A) requires that a court "must quash or modify a subpoena that . . . subjects a person to undue burden." Regarding protective orders, Rule 26(c)(1) provides that a court may "issue an order to protect a party or person from . . . undue burden or expense" by, among other measures, "forbidding the disclosure

3

Case 1:20-cv-00954-WO-JLW   Document 228   Filed 05/16/23   Page 3 of 11

or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." It is well-established that the undue burden standard operates as a control over the discovery process, limiting both document and testimony subpoenas to information which is both "relevant to any party's claim or defense" and "proportional to the needs of the case." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188, 193 (4th Cir. 2019); *Watts v. SEC*, 482 F.3d 501, 508, 375 U.S. App. D.C. 409 (D.C. Cir. 2007). In determining if a subpoena poses an undue burden a court will look at whether "the benefits of discovery to the requesting party outweigh the burdens on the recipient." Spring v. Bd. of Trustees of Cape Fear Cmty. Coll., No. 7:15-CV-84-BO, 2016 U.S. Dist. LEXIS 103977, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016). [If that recipient is a non-party to the suit, then that non-party status is given "special weight." *Virginia Dep't of Corrections*, 921 F.3d at 188 (4th Cir. 2019)].

It is also relevant for the Court to enquire into a party's true purpose in issuing a discovery request; if that purpose is for the gathering of information for use in proceedings other than the one at hand, then the request should be denied. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 364 n.17 (1978). Similarly, if a party's discovery request amounts to nothing more than a fishing expedition with only a "hope" of uncovering wrongful

4

actions, then it too should be denied. *See Elsayed v. Fam. Fare LLC*, 2019 WL 8586708, at *4 (M.D.N.C. Oct. 31, 2019).

# ARGUMENT

### A. The January Text Order stays the production of the Subpoenas, specifically the Second Subpoena

Plaintiff's First Subpoena would encompass all of the records requested in the Second Subpoena. (Doc. Nos. 122-2; 196, Ex. A). The First FCB Subpoena requests, *inter alia*, "[a]ll documents and communications" from 2014 to present "relating to accounts held in the name of, owned by, or for the benefit of . . . Nicholas Del Rosso, or Vital Management Services, Inc." (Doc. No. 122-2). The Second Subpoena requests "[a]ll Document and Communications from 2021 to present relating to accounts held in the name of, owned by, or for the benefit of Defendants Nicholas Del Rosso or Vital Management Services, Inc." (Doc. No. 196, Ex. A).

Accordingly, the Second Subpoena requests a subset of the same documents requested in the First Subpoena. "Thus, the two subpoenas have an overlapping effect and are duplicative." *See Zahau v. Shacknai*, 2016 WL 4427434, at *2 (S.D. Cal. Feb. 23, 2016) (addressing circumstance where the second subpoena "sought a subset of the evidence initially sought" in the first subpoena).

### B. The Subpoenas are outside the scope of this lawsuit

The Subpoenas directly contradict the Court's Order by seeking information that is

5

overly broad, disproportionate, unduly burdensome, and unlikely to lead to the production of admissible evidence. The Subpoenas suggest that Plaintiff is issuing subpoenas, approximately 15 of them as contended by Defendants, (Doc. No. 205, ¶ 2), in an attempt at seeking discovery which he could not otherwise institute against the parties in the lawsuit.

Plaintiff does not limit the Subpoenas to any relevant or proportional records or documents related to his two remaining claims. Fed. R. Civ. P. 26(b)(1). Moreover, The First Subpoena requested the banking records of non-parties GH Holding LLC, and Kristin White Del Rosso, without any rationale or explanation by Plaintiff as to the relevancy or the need for these records.

Subpoenas are overbroad where they "lack a relevant subject matter limitation" or "seek information outside the relevant time period." *See Jiangmen Kinwai Furniture Decoration Co. v. IHFC Props.*, LLC, 2015 WL 5098791, at *6 (M.D.N.C. Aug. 31, 2015) ("A subpoena is overbroad if it does not limit the documents requested to subject matter relevant to the claims or defenses" (citation omitted)). The Court limited the scope of Plaintiff's two remaining claims to conduct that occurred between 2018 and 2019. (Doc. No. 65). The Subpoenas, particularly the Second Subpoena, elect to go far beyond that by requesting records outside of that date range by asking for records beginning in 2014 and 2021, respectively. (Doc. No. 196, Ex. A).

## **CONCLUSION**

For the foregoing reasons, First Citizens requests that the Court enter an Order for Protective Order.

6

**WHEREFORE**, non-party movant First Citizens respectfully moves the Court for an entry of Protective Order from Plaintiff's Subpoenas.

Respectfully submitted, this, the 15th day of May, 2023.

                                    **BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ Brett L. Lawrence
Brett L. Lawrence (NC Bar No. 55557)
Bradley Arant Boult Cummings, LLP
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6125
Facsimile: (704) 332-8858
E-mail: blawrence@bradley.com

*Attorney First Citizens Bank & Trust Co.*

## LOCAL RULE 37.1(a) CERTIFICATION

Pursuant to Local Rule 37.1(a), I hereby certify, subject to Fed. R. Civ. P. 11, and as set out more fully in this Motion, the parties met and conferred on this issue via teleconference on May 5, 2023, that after personal consultation and diligent attempts to resolve differences, the parties are unable to reach an accord regarding the withdrawal of Plaintiff's two Subpoenas.

Respectfully submitted this 15th day of May, 2023.

**BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ Brett L. Lawrence
Brett L. Lawrence (NC Bar No. 55557)
Bradley Arant Boult Cummings, LLP
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6125
Facsimile: (704) 332-8858
E-mail: blawrence@bradley.com

*Attorney for First Citizens Bank & Trust Co.*

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, this memorandum does not exceed the 6,250-word limitation according to the word count feature of the word processing system used to prepare the memorandum.

Respectfully submitted this 15th day of May, 2023.

BRADLEY ARANT BOULT CUMMINGS LLP

/s/ Brett L. Lawrence
Brett L. Lawrence (NC Bar No. 55557)
Bradley Arant Boult Cummings, LLP
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6125
Facsimile: (704) 332-8858
E-mail: blawrence@bradley.com

*Attorney for First Citizens Bank & Trust Co.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

| | |
|---|---|
| Jonathan D. Townsend<br>Christopher W. Jones<br>Ripley Rand<br>Womble Bond Dickinson (US) LLP<br>555 Fayetteville, Suite 1100<br>Raleigh, NC 27601<br>onathon.townsend@wbd-us.com<br>chris.jones@wbd-us.com<br>ripley.rand@wbd-us.com | Ian A. Herbert<br>Joseph Rillota<br>Kirby D. Behre<br>Timothy O'Toole<br>Cody Marden<br>Calvin Lee<br>Miller & Chevalier Chartered<br>900 16th Street, N.W.<br>Washington, D.C. 20006<br>iherbert@milchev.com<br>jrillotta@milchev.com<br>kbehre@milchev.com<br>totoole@milchev.com<br>cmarden@milchev.com<br>clee@milchev.com |
| Brandon S. Neuman, NCSB# 33590<br>Jeffrey M. Kelly, NCSB# 47269<br>John E. Branch III, NCSB# 32598<br>Nathaniel J. Pencook, NCSB# 52339<br>Sam A. Rosenthal (special appearance)<br>301 Hillsborough Street, Suite 1400<br>Raleigh, North Carolina 27603<br>Telephone: (919) 329-3800<br>Facsimile: (919) 329-3799<br>brandon.neuman@nelsonmullins.com<br>jeff.kelly@nelsonmullins.com<br>john.branch@nelsonmullins.com<br>nate.pencook@nelsonmullins.com<br>sam.rosenthal@nelsonmullins.com | |

**BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ Brett L. Lawrence
Brett L. Lawrence (NC Bar No. 55557)
Bradley Arant Boult Cummings, LLP
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6125
Facsimile: (704) 332-8858
E-mail: sssblawrence@bradley.com

*Attorney First Citizens Bank & Trust Co.*

11