# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-cv-954-UA-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF FARHAD AZIMA'S FIRST SET OF INTERROGATORIES (NOS. 1-4)** |

Pursuant to Rule 33 of the Federal Rule of Civil Procedure, Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("VMS") (collectively, "Defendants"), by and through their attorneys, serve Plaintiff Farhad Azima ("Plaintiff") with the following objections and responses to Plaintiff's First Set of Interrogatories (Nos. 1-4) as follows:

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**:

Provide a list of all Contact Information for all current and former VMS employees, vendors, contractors, consultants, or other Persons working under the direction of Del Rosso or VMS from August 2014 to present, including all methods of Communications and all Devices for each Person listed.

**RESPONSE**:

Defendants object on the grounds that the phrases "other Persons working under the direction of Del Rosso or VMS" and "including all methods of Communications and all Devices for each Person listed" are vague and ambiguous. In responding to this Interrogatory, Defendants will limit their response to the Contact Information of those relevant to the subject matter of this

or plaintiffs are parties different than Plaintiff and which are pending in other jurisdictions, including the United Kingdom.

Subject to and without waiving the foregoing objections, and consistent with their understanding of the preceding Interrogatory, Defendants respond:

For the avoidance of doubt, at no time did Defendants "sell" or "exchange" any of Mr. Azima's data. As previously disclosed, NTi retrieved public data that had already been discovered by parties other than Defendants. Defendant VMS received the data retrieved by NTi pursuant to its engagement by Dechert, and then provided the data to Dechert. Other than to Dechert and to Defendants' legal counsel, Defendants have not provided the data in question to any other party.

**INTERROGATORY NO. 3**:

Provide information regarding all Financial Accounts owned, controlled, or utilized by VMS or Del Rosso from August 2014 to present, including information regarding Financial Accounts where funds were disbursed at the direction of VMS or Del Rosso. Information requested includes the name of the bank, the bank account numbers, the Persons who own, utilize, or control the accounts, the Persons who were or are signatories on the accounts, the date the accounts were opened, the date the accounts were closed, and whether the accounts were used to conduct business related to RAK, Dechert, CyberRoot, Plaintiff, Plaintiff's Associates or any business or personal enterprise involving or Related to Plaintiff.

**RESPONSE**:

Defendants object on the grounds that the phrases "all Financial Accounts owned, controlled, or utilized by VMS or Del Rosso" and "conduct business related to RAK, Dechert, CyberRoot, Plaintiff, Plaintiff's Associates or any business or personal enterprise involving or

5

Related to Plaintiff" are vague and ambiguous. Defendants object to this Interrogatory in that it contains no subject matter limitation, or any language that would limit production to matters even remotely relevant to this lawsuit. Rather, the Interrogatory seeks banking and financial information going all the way back to 2014, which includes information about persons and entities wholly unrelated to Plaintiff or his remaining claims. This Interrogatory therefore seeks highly irrelevant and confidential information. Moreover, this overly broad Interrogatory—not limited to the scope or subject matter of this lawsuit—improperly targets banking and financial information and can only be characterized as an improper fishing expedition designed to search for irrelevant information in furtherance of Plaintiff's other pending matters in other jurisdictions. Further, this Interrogatory is yet another improper attempt by Plaintiff to gain information in order to mischaracterize unrelated and otherwise lawful transactions to support his ever-changing timeline and narrative regarding the so-called and purported "conspiracy" to hack his data. In addition, this Interrogatory is yet another attempt by Plaintiff to harass Defendants, Defendant's family, and to abuse the discovery process by interfering with Defendants' business and banking relationships. Defendants further object to this Interrogatory on the grounds that it calls for information that is protected by the attorney-client and/or attorney work product privileges. Defendants object on the grounds that this Interrogatory facially seeks private and confidential financial information of Defendants that has no relevancy to the issues in this lawsuit. Thus, Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the production of admissible evidence, and not proportionate in that it seeks information "from August 2014 to present" regarding financial accounts of Defendants regardless of whether they were involved in the purported misappropriation of trade secrets on which Plaintiff's remaining claims are based. With respect to Defendants' objection that

this Interrogatory is not proportionate to the remaining scope of this case, the Court explicitly limited the case to Plaintiff's two remaining claims: "a North Carolina misappropriation of trade secrets claim arising from the 2018-2019 online posting of new links to Plaintiff's confidential business data (Count VIII) and a North Carolina civil conspiracy claim contingent upon the viability of the trade secrets claim (Count X)[,]" (D.E. 80 p.4) which, as disclosed by Plaintiff in foreign proceedings, is predicated solely on the purported investigation of Jonas Rey reflected in Mr. Rey's February 11, 2021 Witness Statement. As Plaintiff is or should be well aware by now, Mr. Rey's statements concerning Vikash Pandey, CyberRoot, and Vital Management were false.

Defendants object to this Interrogatory to the extent that the information is requested for improper purposes, including, but not limited to, an attempt to prosecute Plaintiff's claims in other pending cases in different jurisdictions, including Plaintiff's matter pending in the U.S. District Court for the Southern District of New York, *Azima, et al. v. Dechert, et al.*, Case No. 1:22-CV-08728-PGG, and an attempt to gain confidential information in order to provide the same to third parties who have no right to request or receive such information. Defendants object to this Interrogatory to the extent that it seeks information related to other matters in which the claimants or plaintiffs are parties different than Plaintiff and which are pending in other jurisdictions, including the United Kingdom.

Subject to and without waiving the foregoing objections, and consistent with their understanding of the preceding Interrogatory, Defendants respond:

No Financial Accounts were used to fund or otherwise facilitate the alleged hacking or republication of data at issue in this matter. VMS's bank account with PNC Bank is the only bank account used by Defendants with respect to its lawful engagement with Dechert related to Plaintiff during the relevant period. For the avoidance of doubt, Defendants did not engage in or otherwise

facilitate the alleged hacking or republication of data at issue in this matter.

**INTERROGATORY NO. 4**:

Provide a complete list of work performed for Dechert, with Dechert, or at the direction of Dechert referenced in paragraphs 28 of Defendants' Answer (DE 86), including the dates of the engagements, the subjects of the engagements, the Dechert lawyers with whom Defendants interacted on the engagements, and whether payments for the engagements were received directly from Dechert or from another party, and whether the engagements were undertaken on behalf of RAK, RAKIA, RAK Development, or any other RAK entity. If the engagements were undertaken on behalf of another entity, the response should specify the name and address of the entity. If there are engagements with Dechert that are not referenced in paragraph 28 of Defendants' Answer, the response should include those as well.

**RESPONSE**:

Defendants object on the grounds that the phrases "list of work performed for Dechert, with Dechert, or at the direction of Dechert" and "engagements" are vague and ambiguous. Defendants further object to this Interrogatory on the basis that it facially seeks private and confidential information related to a third-party law firm's client engagements and subject to protection as confidential and legally privileged and attorney-client privileged. Defendants specifically object on the grounds that this request seeks information that may be protected by the attorney-client privilege or attorney work product doctrine held by a third-party to this case.

Defendants also object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the production of admissible evidence, and not proportionate in that it seeks information without any time or subject matter limitation. Defendants

Plaintiff's data. Pursuant to this instruction by Dechert, VMS engaged NTi to retrieve public data that had already been discovered by parties other than Defendants. Defendant VMS received the data retrieved by NTi pursuant to its engagement by Dechert, and then provided the data to Dechert. For the avoidance of doubt, Defendants did not engage in or otherwise facilitate the alleged hacking or republication of data at issue in this matter.

This, the 26th day of January, 2023.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: */s/ Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel J. Pencook, NCSB# 52339
Sam A. Rosenthal
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*