UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

FARHAD AZIMA,

      Plaintiff,

  v.

NICHOLAS DEL ROSSO and VITAL
MANAGEMENT SERVICES, INC.,

      Defendants.

No. 1:20-cv-00954-WO-JLW

**NON-PARTY DECHERT LLP'S MOTION FOR LEAVE TO FILE AND MOTION TO QUASH SUBPOENA SERVED ON DECHERT LLP'S BANK, HSBC**

  Non-Party Dechert LLP is mindful of the Court's order that the parties not file any further discovery-related motions until resolution of the threshold matters pending before the Court concerning the appropriate scope of discovery. D.E. 229; *see also* D.E. 232, 233. Dechert sought to avoid the need for further motion practice by asking Plaintiff to defer the production deadline for a recently issued subpoena to Dechert's bank, HSBC, until fourteen days after the Court ruled on the pending motions. Plaintiff refused. Dechert thus has no choice but to seek leave from the Court to file the instant motion to quash the HSBC subpoena pending the Court's forthcoming guidance concerning the appropriate scope of discovery.

  The discovery disputes among the parties and non-parties are well-documented. The parties' recent status reports identified fifteen different motions (excluding motions to seal) that address similar issues concerning the appropriate scope of discovery. D.E. 232, 233.

Plaintiff's report described "two threshold issues regarding the scope of discovery [ ]: (1) the temporal scope of discovery; and (2) the substantive scope of discovery." D.E. 233 at 6. Plaintiff reported: "Once the court rules on these two issues, the parties can proceed with discovery and hopefully not further burden the court with subsequent motions." *Id.*

Notwithstanding the pendency of numerous motions addressing these "threshold issues," Plaintiff recently served a subpoena on Dechert's bank, HSBC, seeking records dating back to August 1, 2014. Ex. 1 (the "HSBC Subpoena"). The HSBC Subpoena raises the same issues addressed at length by the parties and non-parties. Dechert need not repeat those arguments here, and incorporates them by reference. *See* D.E. 122, 123, 132, 133, 134, 136, 137, 142, 143, 154, 155, 162, 176, 179, 196, 197, 205, 206, 216, 217, 225, 228. Suffice it to say, Plaintiff's subpoena seeking a law firm's bank records dating back to 2014 raises the same issues concerning the proper "temporal scope of discovery," the proper "substantive scope of discovery," attorney-client privilege, and client confidentiality that are addressed elsewhere. *E.g.*, D.E. 134, 137, 162, 206, 217, 230, 231.

Dechert owes its clients both a duty to maintain the attorney-client privilege and a duty of confidentiality. *See In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 173, 180 (4th Cir. 2019), as amended (Oct. 31, 2019) (explaining that "lawyers are obliged to protect the attorney-client privilege to the maximum possible extent on behalf of their clients" and "must prevent unauthorized disclosure of confidential information"). Dechert considers financial transactions undertaken in the course of client engagements to be confidential under North Carolina Rule of Professional Conduct 1.6, and does not consent to disclosure of such information.

Dechert further objects to the disclosure of confidential client information that is disproportionate to the needs of the case. Fed. R. Civ. P. 26, 45. As has been reported previously, Defendants performed work for Dechert with respect to Dechert client engagements unrelated to Plaintiff and/or beyond the scope of the matters relevant to the instant lawsuit. *See, e.g.*, D.E. 217 at 12 (objecting to compelled disclosure of bank records for payments from Dechert and others relating to "Defendants' lawful fraud examination work, unrelated to Plaintiff, performed for Dechert/RAK"); *id.* at 21-23 (describing prior testimony about projects "not related to Defendants' work for RAK" or that "did not involve work related to Plaintiff"); D.E. 230 at 11 (same); D.E. 231 at 5, 11 (objecting to Plaintiff's discovery efforts concerning "Defendants' work for Dechert unrelated to the alleged republication of Plaintiff's trade secrets"). Dechert thus objects to the HSBC Subpoena as overbroad and unduly burdensome.

Dechert recognizes that some discovery in response to the HSBC Subpoena may become appropriate. But Dechert objects to any production before and beyond the scope of the Court's forthcoming guidance concerning the proper scope of discovery.[1]

WHEREFORE, Dechert respectfully requests that the Court (i) grant leave for Dechert to file the instant motion and (ii) quash the HSBC Subpoena until such time as and to the extent that it exceeds the Court's forthcoming rulings on the pending threshold matters concerning the proper scope of discovery.

---

[1] Dechert believes the instant motion may be resolved on the same time frame and in conjunction with the Court's ruling on the pending matters.

Respectfully submitted this the 8th day of June, 2023.

By: /s/ John C. Quinn
John C. Quinn
Sean Hecker
David Gopstein
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
jquinn@kaplanhecker.com
shecker@kaplanhecker.com
dgopstein@kaplanhecker.com

*Counsel for Non-Party Dechert LLP*


/s/ Daniel Adams
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*

4

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this brief contains 729 words, according to the word count feature of the word processing system used to prepare the brief, and does not exceed the 6,250-word limitation for such briefs.

Respectfully submitted this the 8th day of June, 2023.

By:   /s/ John C. Quinn
John C. Quinn
Sean Hecker
David Gopstein
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
jquinn@kaplanhecker.com
shecker@kaplanhecker.com
dgopstein@kaplanhecker.com

*Counsel for Non-Party Dechert LLP*

/s/ Daniel Adams
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*