UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>    v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | **PLAINTIFF'S SUPPLEMENT TO HIS MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS (ECF No. 130) AND FURTHER DEPOSITION TESTIMONY (ECF No. 188)** |

Plaintiff files this Supplement in support of his Motion to Compel Production of Documents, *see* ECF Nos. 130-31, 157, 159, and 163, and Motion to Compel Further Deposition Testimony from Defendant Del Rosso, *see* ECF Nos. 188-89, 193, and 194 (collectively, "Motions to Compel"), in order to bring to the Court's attention important new information from a director of CyberRoot Group ("CyberRoot"), a known cyber-hacking company, admitting that Defendants and others instructed CyberRoot to hack Plaintiff Azima between 2015 and 2020. This new information supports Plaintiff Azima's argument that the proper scope of discovery involves the entire conspiracy period alleged in the Complaint (2014-2020). It also justifies extending fact discovery, which closed on July 1 while these motions were pending, so that Plaintiff Azima can conduct further fact-finding into Defendants' and others' direction of CyberRoot to hack his data and

misappropriate his trade secrets.[1] Finally, it raises serious concerns that Defendants knowingly submitted false information to this Court (in some cases, under oath) in multiple filings and deposition testimony regarding their central role in hacking Plaintiff and misappropriating his data.

For eight months, Defendants have blocked nearly all discovery on Plaintiff's claims based on an artificially narrow scope of discovery. Defendants have produced just eight documents (other than Plaintiff's own hacked data) and have "run out the clock" on fact discovery. Currently before this Court are sixteen (16) discovery-related motions, the vast majority of which turn at least in part on the parties' dispute regarding the appropriate scope of discovery.

Plaintiff alleges that his trade secrets were acquired by Defendants between 2014 and 2018, leading up to the improper disclosures in 2018 and 2019. Defendants argue that discovery should be artificially limited just to the disclosures in 2018 and 2019. Plaintiff, however, is entitled to discovery on his allegations that Defendants improperly acquired his trade secrets before they were published online, as well as on the formation of the alleged conspiracy. All of this conduct as alleged occurred prior to 2018. As explained more fully below, CyberRoot's admissions are just the latest indication that relevant events occurred prior to 2018 and after 2019.

---

[1] Plaintiff Azima currently has a motion before this Court to extend fact discovery by six months. *See* ECF No. 244.

CyberRoot's directors have contacted Plaintiff's counsel at Miller & Chevalier ("M&C") and recently admitted that the company repeatedly hacked Azima and others starting in 2015 and extending until at least 2020. Some of those admissions are contained in text messages from CyberRoot's director Vijay Bisht to M&C and are attached to the Declaration of Ian A. Herbert ("Herbert Declaration") as Exhibit 1. CyberRoot also made additional admissions orally and presented documentary evidence to M&C to support its admissions. Among other things, CyberRoot admitted that it published Plaintiff's hacked data at Del Rosso's direction, that Del Rosso instructed CyberRoot to destroy documents after this lawsuit was filed, and that Defendants' lawyers pressured Bisht and others to sign false witness statements.

One of Plaintiff Azima's key allegations in this trade secrets misappropriation case is that "Defendants . . . hired CyberRoot . . . to provide the technical support necessary to hack Azima," which led to the misappropriation of Plaintiff's data. *See* Compl. ¶ 2, ECF No. 1. Defendants have admitted that they hired and paid CyberRoot more than $1 million, but they have vigorously and repeatedly denied that their collective work involved hacking in pleadings,[2]

---

[2] In their Answer, Defendants admitted that they retained and paid CyberRoot "to provide information technology services" but denied that those services "relate[d] to Plaintiff or involve[d] any alleged hacking." *See* Answer ¶ 2, ECF No. 86. They also specifically denied that "CyberRoot targeted Plaintiff or his associates." *Id.* ¶ 4; *see also id.* ¶ 29 ("For the avoidance of doubt, admitted that VMS engaged CyberRoot for lawful information technology services that did

3

depositions,[3] and witness statements.[4] Indeed, in their oppositions to Plaintiffs' Motions to Compel, Defendants flatly deny working with CyberRoot to hack Azima, and have repeatedly characterized Plaintiff's allegations that Defendants worked with CyberRoot to hack Azima as "false." *See, e.g.*, ECF No. 159 at 2-9 (inappropriately implying Plaintiff pressured CyberRoot to *falsely* admit it had a role in the hacking); ECF No. 193 at 4 & n.1 (same).

CyberRoot's admissions (and Defendants' repeated submissions of false statements to this Court) go to the very heart of this case and warrant discovery for at least the time period of 2015-2020 so that this new information can be explored. Defendants have refused to provide documents and testimony, in part, on the basis that Plaintiff's allegations regarding CyberRoot were false. Defendants and other third parties have consistently refused to produce documents based on an exceedingly narrow view of the scope of discovery, which

---

not relate to Plaintiff or involve any alleged hacking."). Defendants also repeatedly submitted false statements in filings, *see, e.g.*, ECF No. 132 at 10 ("[R]egarding payments to CyberRoot—which is not a 'hack-for-hire' firm—Mr. Del Rosso has also already provided sworn background on his lawful work with CyberRoot.").

[3] *See, e.g.*, Ex. 1 at 167:1-3, Dep. of Nicholas Del Rosso (Feb. 13, 2023) ("I'm not aware that CyberRoot is a hacking company. I don't believe that to be the case.").

[4] *See, e.g.*, ECF No. 132-4 ¶ 9 ("Neither I [Nicholas Del Rosso] nor VMS have ever commissioned, solicited or paid for any hacking of Mr. Azima's computers. As explained below, all my dealings with CyberRoot were legitimate business transactions . . . .").

4

they argue is limited to the time period 2018-2019. *See, e.g.,* ECF No. 233 at 6-7. But CyberRoot's admissions confirm that the relevant time period is broader than the 2018-19 period for which Defendants have advocated. According to the information provided by CyberRoot, Defendants contacted CyberRoot in 2015, they began to misappropriate Azima's data at the beginning of 2016, and their partnership with CyberRoot lasted until at least 2020. *See* Herbert Decl. ¶¶ 5, 8. Plaintiff accordingly submits this Supplement as additional support for his arguments in support of his Motions to Compel as to the proper scope of discovery in pending motions before the Court.

Respectfully submitted on this, the 20th day of July, 2023.

*/s/ Ripley Rand*
Ripley Rand (N.C. State Bar No. 22275)
Christopher W. Jones (N.C. State Bar No. 27265)
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Tel: (919) 755-2100
Fax: (919) 755-2150
Email: ripley.rand@wbd-us.com
Email: chris.jones@wbd-us.com

-and-

Kirby D. Behre (*pro hac vice*)
Tim O'Toole (*pro hac vice*)
Lauren Briggerman (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
MILLER & CHEVALIER CHARTERED
900 Sixteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 626-5800
Facsimile: (202) 626-5801
Email: kbehre@milchev.com
Email: totoole@milchev.com
Email: lbriggerman@milchev.com
Email: iherbert@milchev.com
Email: clee@milchev.com
Email: cmarden@milchev.com

*Attorneys for Plaintiff Farhad Azima*

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2023, I caused true and correct copies of the foregoing to be served via CM/ECF on the following:

Brandon S. Neuman
Jeffrey M. Kelly
John E. Branch, III
Nathaniel J. Pencook
Nelson Mullins Riley & Scarborough, LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Email: brandon.neuman@nelsonmullins.com
Email: jeff.kelly@nelsonmullins.com
Email: john.branch@nelsonmullins.com
Email: nate.pencook@nelsonmullins.com

Sam A. Rosenthal
Nelson Mullins Riley & Scarborough, LLP
101 Constitution Avenue NW, Suite 900
Washington, D.C. 20001
Email: sam.rosenthal@nelsonmullins.com

*Counsel for Defendants Nicholas Del Rosso and Vital Management Services, Inc.*

> */s/ Ripley Rand*
> Ripley Rand (N.C. State Bar No. 22275)
> Womble Bond Dickinson (US) LLP
> 555 Fayetteville Street, Suite 1100
> Raleigh, North Carolina 27601
> Tel: (919) 755-2100
> Fax: (919) 755-2150
> Email: ripley.rand@wbd-us.com
>
> *Attorneys for Plaintiff Farhad Azima*