UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:20-cv-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | **DEFENDANTS' MOTION FOR CLARIFICATION AND LIMITED STAY RELATING TO DOCUMENT PRODUCTION AND DEPOSITIONS** |

Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("Vital") (collectively, "Defendants"), and pursuant to 28 U.S.C. § 636, hereby seek clarification of the Magistrate's Order dated July 25, 2023, relating to discovery, (D.E. 248) (the "Order"), and request a limited stay pursuant to L.R. 72.3, 72.4, until the Court can rule on this motion (the "Motion"). In support of this Motion, Defendants state as follows:

1. On July 25, 2023, the Honorable Joe L. Webster, United States Magistrate Judge, entered an Order on several discovery motions filed by both parties and non-parties to this matter. (*See* D.E. 248).

2. Pursuant to the Order, Defendants in good faith have produced or logged on or by August 8, 2023, tens of thousands of pages of material broadly relating to Azima.

1

3. Amongst other things, the Order "GRANTED IN PART AND DENIED IN PART" the three motions relating to the depositions of Defendants—two relating to Del Rosso's individual deposition (Del Rosso's Motion for Protective Order (D.E. 142) and Plaintiff's Motion to Compel Further Deposition Testimony of Defendant Del Rosso (D.E. 188)); and one related to Del Rosso's deposition on behalf Vital pursuant to Rule 30(b)(6) (Vital's Motion for Protective Order (D.E. 216)) (collectively, the "Deposition Motions"). (*See* D.E. 248, at pp.24–25.)

4. Although the Order discussed the broad "relevance" of Plaintiff's requested discovery and provides a presumptive temporal limit for relevant discovery, it unclear whether the Order addresses Defendants arguments with respect to the proportionality of Plaintiff's remaining claims. (*See, e.g.*, D.E. 248 pp.16-18 (discussing the "relevant period for discovery" and holding that the appropriate temporal scope was between March 2015 and October 15, 2020)).

5. Plaintiff has already forecasted that he reads the Order as requiring, *inter alia*, the production of documents having nothing to do with this case, or even Plaintiff, and other matters that are either irrelevant or disproportionate to the needs of the case: determining whether Defendants were involved in the republication of Plaintiff's data in 2017 using WeTransfer. Similarly, on July 26, 2023, Plaintiff noticed Del Rosso for another individual

deposition on August 16, 2023, with the notice reflecting that the deposition "will continue day-to-day until completed[.]" Plaintiff has also taken the position that he is not restricted to the three hours requested in his original motion.

6. Accordingly, out of an abundance of caution and in a good faith effort to comply with the Order, defendants respectfully request the following clarifications based on the facts and circumstances set more fully in their accompanying memorandum of law and supporting Declarations:

    a. Clarification that Defendants are only required to produce documents relating to Azima, his Associates and those persons or entities Related to him, as those terms are defined in Plaintiff's First Request for Production of Documents ("Azima") and are not required to produce documents and information unrelated to Azima.

    b. Clarification as to what additional testimony from Mr. del Rosso in his personal capacity is permitted, including whether Plaintiff can exceed the three hours sought in his Motion to Compel Further Deposition Testimony; and

**WHEREFORE**, Defendants respectfully request that the Court clarify its July 25, 2023 Order to address: (a) any testimony required from Mr. del

3

Rosso in his individual capacity; and (b) clarification as to the proportionate scope of discovery regarding the related claims, and whether Defendants are required to produce documents unrelated to Azima, his Associates or those Related to him.

Respectfully submitted, this the 8th day of August, 2023.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: *Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel Pencook, NCSB# 52339
Sam Rosenthal *(special appearance)*
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Ian A. Herbert
Kirby D. Behre
Brian A. Hill
Timothy O'Toole
Lauren E. Briggerman
Cody Marden
Calvin Lee
Miller & Chevalier Chartered
900 16th Street, N.W.
Washington, D.C. 20006
iherbert@milchev.com
kbehre@milchev.com
bhill@milchev.com
totoole@milchev.com
lbriggerman@milchev.com
cmarden@milchev.com
clee@milchev.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: *Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel J. Pencook, NCSB# 52339
Sam A. Rosenthal (*special appearance*)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*