

**EXHIBIT**

C

| | |
|---|---|
| **From:** | Herbert, Ian <iherbert@milchev.com> |
| **Sent:** | Wednesday, June 7, 2023 8:57 AM |
| **To:** | John Branch; Brandon Neuman; Sam Rosenthal; Jeff Kelly; Nate Pencook |
| **Cc:** | Behre, Kirby; Jones, Christopher; Rand, Ripley |
| **Subject:** | RE: Azima v. Del Rosso: Vital Deposition |

John,

You have made clear for months that you don't intend to comply with your discovery obligations, and your email unilaterally cancels the Vital deposition. While we don't believe this is warranted or justified, and that your behavior is a flagrant violation of the FRCP, we see no point in spending the time and money to attend the deposition you threaten to make meaningless. You have been on notice for months of this deposition, and to cancel it last minute is both unjustified and unprofessional.

Based upon your continual refusal to engage in any meaningful discovery, and your refusal to produce any documents other than those your client and his cohorts stole from our client, we too will cancel your proposed deposition of Mr. Azima until you make a complete production of documents and set a date for the Vital deposition. You can't have it both ways. At some point soon, your clients will be required to address their criminal behavior in this matter.

Regards,
Ian


**IAN A. HERBERT**
Counsel | he/him/his | Miller & Chevalier Chartered
iherbert@milchev.com | 202.626.1496

---

**From:** John Branch <john.branch@nelsonmullins.com>
**Sent:** Monday, June 5, 2023 4:47 PM
**To:** Herbert, Ian <iherbert@milchev.com>; Brandon Neuman <brandon.neuman@nelsonmullins.com>; Sam Rosenthal <sam.rosenthal@nelsonmullins.com>; Jeff Kelly <jeff.kelly@nelsonmullins.com>; Nate Pencook <nate.pencook@nelsonmullins.com>
**Cc:** Behre, Kirby <kbehre@milchev.com>; Jones, Christopher <Chris.Jones@wbd-us.com>; Rand, Ripley <Ripley.Rand@wbd-us.com>
**Subject:** RE: Azima v. Del Rosso: Vital Deposition

EXTERNAL

Ian,

This follows up on the deposition of VMS which Plaintiff unilaterally noticed for June 8th. As you know, the Court has not re-set the hearing on the outstanding discovery motions nor ruled upon those heard on March 7th, meaning that neither the scope nor the privilege issues have been resolved. In your email of May 12th, Plaintiff took the position that, if Defendants did not waive their scope and privilege objections and testify without objection to Plaintiff's questions, Plaintiff would "consider your position to be that Mr. Del Rosso will not sit for the deposition...." Defendant is not going to waive its well-founded scope and privilege objections, so the dispute between the parties regarding them remains.

1

At this point, Defendants believe the appropriate course is to wait to conduct the deposition of VMS until after the pending discovery motions have been heard and decided. Where a motion for protective order is pending regarding the conduct of a deposition, a party is within its rights to refuse to sit for the deposition until the motion has been decided. *See* Fed. R. Civ. P. 37(d)(2); *Trident Atlanta, LLC v. Charlie Graingers Franchising, LLC*, 2019 WL 3162428, at *1 (E.D.N.C. July 15, 2019) (rejecting argument that only an order on a motion for protective order excuses a non-appearance because "the Federal Rules require only that the motion be pending for the noticed party's absence to be excused"). Here, Defendants have filed a number of motions for protective order, over the scope and privilege issues generally as well as the deposition of VMS specifically. As such, this correspondence is to notify you that, pursuant to Fed. R. Civ. P. 37(d)(2), VMS does not intend to attend the noticed deposition on June 8th. Accordingly, we assume you will not proceed on Thursday and VMS does not need to appear on that date.

Best regards,

John Branch



**JOHN E. BRANCH III  PARTNER**
john.branch@nelsonmullins.com

**301 HILLSBOROUGH STREET | SUITE 1400**
**RALEIGH, NC 27603**
**T 919.329.3828   F 919.329.3799**
**NELSONMULLINS.COM     VCARD   VIEW BIO**

---

**From:** Herbert, Ian <iherbert@milchev.com>
**Sent:** Monday, May 15, 2023 11:50 AM
**To:** Brandon Neuman <brandon.neuman@nelsonmullins.com>; John Branch <john.branch@nelsonmullins.com>; Sam Rosenthal <sam.rosenthal@nelsonmullins.com>; Jeff Kelly <jeff.kelly@nelsonmullins.com>; Nate Pencook <nate.pencook@nelsonmullins.com>
**Cc:** Behre, Kirby <kbehre@milchev.com>; Jones, Christopher <Chris.Jones@wbd-us.com>; Rand, Ripley <Ripley.Rand@wbd-us.com>
**Subject:** RE: Azima v. Del Rosso: Vital Deposition

◄**External Email►** - From: iherbert@milchev.com

Brandon,

Please see the attached revised notice.

Regards,
Ian

**IAN A. HERBERT**
Counsel | he/him/his | Miller & Chevalier Chartered

2

**From:** Herbert, Ian
**Sent:** Friday, May 12, 2023 4:30 PM
**To:** Brandon Neuman <brandon.neuman@nelsonmullins.com>; 'John Branch' <john.branch@nelsonmullins.com>
**Cc:** Behre, Kirby <kbehre@milchev.com>; 'Jones, Christopher' <Chris.Jones@wbd-us.com>; Rand, Ripley <Ripley.Rand@wbd-us.com>
**Subject:** Azima v. Del Rosso: Vital Deposition

Brandon,

We noticed the upcoming deposition of Vital in January and since then Defendants have attempted to block the deposition repeatedly: through meritless objections, a motion for protective order, and a motion to stay all discovery.  We believe these motions are bad-faith attempts to continue to block all discovery in this case. You have made it clear that you do not intend to properly prepare Mr. Del Rosso to serve as a corporate representative for Vital and intend to improperly block relevant lines of questioning, as you did during Mr. Del Rosso's personal deposition.  Please confirm that you have prepared your client regarding all topics in the notice of deposition and your client will respond substantively to our questions.  Otherwise, we consider your position to be that Mr. Del Rosso will not sit for the deposition on Tuesday. Given the antics regarding the last deposition, if that is your position, we intend to re-notice the deposition for June 8.

We also note that we have repeatedly asked for assurances that Mr. Del Rosso's health has not deteriorated.  Mr. Del Rosso has a terminal illness and you have represented repeatedly that he is the only person who can serve as a corporate representative.  Please provide an update on the status of his health by Monday.  In addition, we expect that if his health deteriorates in any way, you will let us and the court know immediately so that steps can be taken to preserve Vital's testimony. If evidence is lost because of your failure to ensure that evidence is properly preserved, we will seek all available remedies including sanctions and adverse inferences.

Regards,
Ian


**IAN A. HERBERT**
Counsel | he/him/his | Miller & Chevalier Chartered
900 16th Street NW | Black Lives Matter Plaza | Washington, DC 20006
iherbert@milchev.com | 202.626.1496 | millerchevalier.com

* * *
This electronic message contains information which may be legally confidential and/or privileged. The information is intended solely for the individual or entity named above and access by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

Case 1:20-cv-00954-WO-JLW   Document 258-3   Filed 08/08/23   Page 3 of 3