

# NELSON MULLINS

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
T: 919.329.3800  F: 919.329.3799
nelsonmullins.com

John E. Branch III
T: 919.329.3828
john.branch@nelsonmullins.com

**EXHIBIT D**

June 8, 2023

Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street
Suite 1100
Raleigh, NC 27601
Ripley.Rand@wbd-us.com
*Via Email and U.S. Mail*

RE:   *Azima v. Del Rosso*, MDNC Case No. 1:20-cv-954-WO-JLW
      Deficiencies in Plaintiff's Discovery Responses

Counsel:

We are writing to address Plaintiff's refusal to support his only remaining substantive claim: the false accusation that Defendants republished his purported trade secrets using WeTransfer in 2018 and 2019. In particular, we write to set forth our position that (1) your responses to document requests are patently deficient, (2) while you waived any objections to interrogatories, you failed to provide even the most basic answers to those interrogatories, and (3) you improperly and unilaterally cancelled the deposition of your client. As set forth below, based on those deficiencies, we believe that dismissal is appropriate.

### Plaintiff's Previous Failures to Participate in Discovery

On May 3, 2023, Defendants served their First Set of Interrogatories, which required Plaintiff to, *inter alia*, articulate the factual and legal basis for his trade secret claim and the basis for his representations to the Court. We have provided ample evidence that Plaintiff fabricated the case against our clients using information that Plaintiff and his agents stole. Plaintiff refused to respond to this basic request for information concerning his case and, beyond that, failed to provide any answers to Defendant's First Set of Interrogatories, answers which are needed to address Plaintiff's claim regarding publication and republication of trade secrets. Given that Plaintiff failed to timely respond or object to those interrogatories, he has therefore waived any objections thereto.

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | ILLINOIS | MARYLAND | MASSACHUSETTS | MINNESOTA
NEW YORK | NORTH CAROLINA | OHIO | PENNSYLVANIA | SOUTH CAROLINA | TENNESSEE | TEXAS | VIRGINIA | WEST VIRGINIA

Case 1:20-cv-00954-WO-JLW   Document 258-4   Filed 08/08/23   Page 1 of 4

More recently, Plaintiff unilaterally "cancelled" his duly noticed deposition. The purported reason for doing so is a "tit for tat," based on the fact that Vital Management Services, Inc. ("VMS") provided notice that it did not intend to produce a witness for its deposition in light of, *inter alia*, its pending Motion for Protective Order. In fact, it was Azima who first cancelled the scheduled deposition of VMS, and apparently did so based on Defendants' view that the most prudent course was for the Court to give the parties guidance as to the scope and privilege issues raised in connection with Plaintiff's discovery requests as to Defendants– issues which would have posed no barrier to deposing Mr. Azima, as scheduled. Furthermore, unlike with respect to the deposition of VMS, no Motion for Protective Order is pending, nor has Plaintiff's counsel engaged in the required meet-and-confer process, in regard to the duly noticed deposition of Mr. Azima.

## Plaintiff's Responses to Defendants' First RFPs and Second RFPs

Finally, we write to confront Plaintiff's deficient responses to Defendants' Requests for Production of Documents. Plaintiff served written responses to Defendants' First RFPs on May 1, 2023 and to Defendants' Second RFPs on June 1, 2023. Plaintiff made production of 124 documents, totaling 579 pages, on March 30, 2023 (prior to any requests for production being served on Plaintiff) and 354,588 documents, totaling 1,007,076 pages, on April 25, 2023. Several issues exist with Plaintiff's written responses and productions.

Each of Plaintiffs' written responses and productions suffer from the same deficiencies: they fail to state which document request to which they are responsive, what documents remain to be produced, if any, and when they will be produced. We have twice written to you requesting such information, and received no response. As set forth below, we again bring these deficiencies to your attention.

Plaintiff's first production was not made pursuant to a specific request for production of documents. It is unclear whether Plaintiff is taking the position that first production is responsive to any particular request which was later served.

The documents contained at Bates Numbers FA_MDNC_00000075 - FA_MDNC_00000192 contains the title "Name: Leak Data". Please confirm whether you are taking the position that this production contains the entire list of files or documents Plaintiff contends was leaked under the filename "Fraud Between Farhad Azima And Jay Solomon.SEEDPEER.torrent." Similarly, the documents contained at Bates Numbers FA_MDNC_00000193 - FA_MDNC_00000244 contains the title "Name: Leak Data2". Please confirm whether you are taking the position that this production contains the entire list of files or documents Plaintiff contends was leaked under the filename "Farhad Azima S Devices Data Leaked.SEEDPEER.torrent."

Plaintiff's second production appears to be a data dump of documents which is both incomplete and confusing. In Plaintiff's transmittal letter accompanying the passwords for the April 25, 2023 production, Plaintiff characterized the production as follows:

> This production contains documents published on WeTransfer, including Plaintiff's trade secrets. This production of the trade secrets contained therein does not waive any argument that the trade secrets were still trade secrets before they were misappropriated and published onto the public domain destroying their secrecy. The documents published on WeTransfer also include privileged documents that were placed in the public domain without our client's consent. Accordingly, those documents remain privileged, and this production does not waive any privilege protections that apply. All documents are produced subject to forthcoming written objections. We reserve all rights.
>
> Future productions will be made on a rolling basis, notwithstanding any discovery disagreements.

Plaintiff's production was voluminous, but it is deficient in a number of ways:

1. While the production "contains documents published on WeTransfer…" it does not contain **all** the documents that Plaintiff contends were published on WeTransfer. Plaintiff must produce the entirety of the documents it contends were improperly published on WeTransfer and which are subject to his remaining claims in this case.

2. The production does not describe **when** the documents were published on WeTransfer. Plaintiff has alleged that different documents were published at different dates on WeTransfer; however, neither the production nor the written responses identify, by Bates Number, what documents were published when, and under what file name, on WeTransfer. Additionally, the production must identify the date when the publication occurred, i.e., whether in 2018 or 2019, and more specifically, the dates of publication or republication.

3. Plaintiff has failed to identify, in either his written responses or the production, where his purported trade secrets are located in the more than one million pages of documents he has produced to date. Plaintiff must identify, by Bates Number, where in the document production his purported trade secrets are located.

4. Plaintiff's April 25, 2023 correspondence appears to take the position that the entirety of the second production should be considered as privileged. However, the production does not contain "Attorney-Client Privileged" or "Confidential" labels throughout.

June 8, 2023
Page 4

5. The transmittal letter references future productions being made on a rolling basis. No additional productions have been made since the April 25, 2023 production. Please confirm whether any additional productions will be made by Plaintiff and, if so, when we should expect to receive them.

6. Plaintiff has provided no documents or information substantiating any of its damages claims. To the extent that Plaintiff is maintaining its claims for damages, all such documents and information must be produced.

7. Plaintiff has failed to produce any responsive documents or, if it has produced any responsive documents, failed to identify by Bates Number any responsive documents, to RFPs 23 and 24 which seek production of, *inter alia*, documents related to Plaintiff's contention that CyberRoot was involved in the publication or republication of Plaintiff's data.

In closing, the written responses and document production provided by Plaintiff are deficient. We request a response to this letter no later than close of business on **Monday, June 12, 2023**. In your response, please let us know your availability to meet and confer regarding any remaining objections after reviewing this letter.

Best regards,

John E. Branch III

JB

cc: Ian Herbert (via email)
Calvin Lee (via email)
Chris Jones (via email)
Doug Hanna (via email)