

EXHIBIT

E

# Miller & Chevalier

Ian Herbert
Counsel
(202) 626-1496
iherbert@milchev.com

August 7, 2023

<u>Via Email</u>

Samuel Rosenthal
Nelson Mullins Riley & Scarborough LLP
101 Constitution Avenue, NW, Suite 900
Washington DC, 20001

  Re: ***Azima v. Del Rosso*, 1:20-cv-954 (M.D.N.C.): Response to Your July 28, 2023 Letter and Defendants' Admission of Wrongdoing**

Dear Mr. Rosenthal:

  We write in response to your letter dated July 28, 2023 in which you assert, on behalf of your clients, an interest in a document that contains stolen bank account information belonging to Khater Massaad. You ask us to "return" the document to your client, despite the fact that it has been on the internet for years. Your conclusion that anyone obtained the document illegally or that possession or use of the document for any purpose is unethical rings hollow, as do your related demands. Nevertheless, your letter asserting an ownership interest in this document constitutes an admission by a party opponent under Federal Rule of Evidence 801(d)(2). Your clients' document containing bank account information they stole is now authenticated and is admissible as evidence of your client's crimes.

  In your letter, your clients again advance a vague notion of privilege/work product without appropriately demonstrating either. Obviously, to even begin to understand your assertions, we require that you explain your basis for claiming that the document is privileged and whose privilege your clients are asserting. Please provide any support for your position, including correspondence or communications demonstrating that the document was prepared by your client at an attorney's direction.

  Further, the document you reference (which you now have authenticated) also demonstrates that Mr. Del Rosso testified falsely under oath in his February 2023 deposition. In his deposition, your client testified that he never obtained Dr. Massaad's bank information, that he "didn't work on Khater Massaad," and that he was "certain" he never provided Dr. Massaad's banking information in a report. But your client now claims an ownership interest in a report recounting in detail information about Dr. Massaad's bank accounts, thus demonstrating that each of these statements was false. Your client attempted to hide his illegal evidence-gathering methods by improperly using privilege legends. The attorney client privilege does not protect illegal

conduct, as Dechert has conceded in the UK litigation by acknowledging that the iniquity exception applies to a broad swath of communications and work product.

The document corroborates similar information in the Project Beech report produced at FA_MDNC_00000425, which includes much of the same information you note was referenced in Mr. Del Rosso's deposition. That report states that your client's company "Vital Management Services" had access to KM's bank account, thus further demonstrating the false nature of your client's deposition testimony and further implicating your client in criminal activity and blatant misuse of attorney client and work product privileges. Obviously, your letter (as your client's agent), your client's assertion of work product or privilege, and your client's perjury raise issues of legal and ethical significance.

Given the foregoing, it is appropriate that your client immediately correct his perjury. In that regard, please confirm:
- How did your client obtain Dr. Massaad's bank account information?
- When did he obtain that information?
- When did he prepare the document?
- Who else worked on the document?
- Did anyone else provide information included in the document?
- For whom was the document prepared?
- Was you client paid for the preparation of the document? If so, how much and by whom?

We look forward to receipt of this information. In the event that we do not receive it prior to Mr. Del Rosso's continued deposition, please consider this notice that we regard his perjury to be something that will have to be corrected through additional questions and answers on the record during his deposition. Accordingly, we provide notice that we will exceed the previously anticipated additional period of three hours for his continued depositions for as long as necessary to correct the record as to this issue. We reserve the right to further extend his deposition in the event that additional incomplete, dishonest testimony or perjury is revealed by you or discovered by us.

Sincerely,

Ian A. Herbert

2