

 **NELSON MULLINS**

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Samuel Rosenthal
T: 202.689.2915
sam.rosenthal@nelsonmullins.com

101 Constitution Ave, NW, Suite 900
Washington, DC 20001
T 202.689.2800  F 202.689.2860
nelsonmullins.com

July 28, 2023

<u>Via E-mail</u>

Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite 100
Raleigh, NC 27601
ripley.rand@wbd-us.com

Kirby D. Behre
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
kbehre@milchev.com

RE: *Azima v. Del Rosso, et al.*, Case No. 20-cv-954
*Demand for the return of privileged documents Improperly Obtained by Counsel for Plaintiff and Khater Massaad*

Dear Counsel:

As you are of course aware, this firm represents Nicholas del Rosso and Vital Management Services, Inc. ("VMS") in the above-referenced case. It appears that counsel for Plaintiff and Khater Massaad, including Miller & Chevalier, improperly came into possession of documents which are both privileged and confidential, and further, appears to have communicated the contents of those documents to other parties who were adverse to Mr. del Rosso and VMS. In light of the serious ethical issues such conduct would raise, we wanted to bring this issue to your attention, and hereby request that your firm provide us with detailed information regarding how counsel came into possession of any documents which contained markings indicting that they were subject to work product and attorney-client privilege, and with whom such documents were shared.

As you may recall, during Mr. del Rosso's deposition on February 14, 2023, Mr. Behre questioned Mr. del Rosso about a report "dated November 12, 2014, that contained very detailed information about bank account balances." (Del Rosso Tr. Day 2 309:22-309-25.) Although Mr. Behre refused to provide the document at issue to Mr. del Rosso or his counsel because "[t]hat would spoil the mystery of it all," (Del Rosso Tr. Day 2 315:10-3:15) Mr. Behre also referred to a February 14, 2023 report which allegedly included bank information related to his and the Stokoe law firm's client: Khater Massaad, (Del Rosso Tr. Day 2 311:16-311:20). Buried in one of Plaintiff's recent document dumps, however, are two documents: FA_MDNC_00945067 and FA_MDNC_00538775 which are copies of a November 12, 2014 report, which we now understand is the document referenced by Mr. Behre in his questions.

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | ILLINOIS | MARYLAND | MASSACHUSETTS | MINNESOTA
NEW YORK | NORTH CAROLINA | OHIO | PENNSYLVANIA | SOUTH CAROLINA | TENNESSEE | TEXAS | VIRGINIA | WEST VIRGINIA

These reports are plainly labeled "Dechert Work Product," "Privileged & Confidential," and appear to include a filepath for a prominent law firm document management platform: iManage. Now that we have seen these records inexplicably produced by Plaintiff, it appears that Plaintiff improperly obtained and used these documents in the litigation. It is our understanding as well that this document was shared with, at least, your English co-counsel for Mr. Massaad: the Stokoe law firm. As you are no doubt aware, Mr. Tsiattalou filed an affidavit in proceedings pending in London in which he represented being aware that in 2014, VMS provided a report "which contained Dr. Massaad's bank accounts[,]" (Tsiattalous Aff., ¶ 10.6.2), presumably referring to one of the documents you both improperly possess.

As no lawful explanation has been offered as to how Messrs. Behre or Tsiattalou had come into possession of the privileged and confidential property of others, we are now asking that you explain the circumstances surrounding your acquisition of these documents. It is also evident that documents referenced and used by you and Mr. Tsiattalous were clearly marked privileged and confidential.

Under such circumstances, it is clearly unethical to continue to hold documents which you know to be privileged. In addition to addressing the documents referenced above, we hereby request that you provide a list of documents in your possession, custody or control which relate to either Mr. del Rosso and/or VMS, and which reflect that they are privileged or confidential. As Plaintiff has repeatedly refused to respond to his apparent breaches of the Court's confidentiality order or explain how he came to possess information that was apparently stolen by his agents, we will seek appropriate relief if a satisfactory confirmation of Plaintiff's compliance is not received by the close of business on August 3, 2023.

Sincerely,

*Samuel Rosenthal*

Samuel Rosenthal