UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:20-cv-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **NON-PARTY DECHERT LLP'S MOTION TO CLARIFY OR RECONSIDER IN PART DISCOVERY ORDER** |

Non-Party Dechert LLP ("Dechert") respectfully moves this Court pursuant to the Court's inherent authority and Rule 54 of the Federal Rules of Civil Procedure to clarify its Order (DE 248) defining the scope of discovery to be obtained from Dechert, or, alternatively, to reconsider, in part, its Order solely with respect to disclosure of (i) engagements unrelated to Plaintiff or Defendants and (ii) documents dating during the six-week period between September 1, 2020 and October 15, 2020.

In support of this Motion, Dechert provides the accompanying brief and Declaration of David Gopstein and shows the Court as follows:

1. On December 19 and 23, 2022, respectively, Plaintiff served document and deposition subpoenas on Dechert. Gopstein Decl. ¶¶ 2-3.

2. Dechert moved to quash the deposition subpoena on January 31, 2023, because, among other reasons, the deposition subpoena requested testimony on topics unrelated to the Action. DE 136 at 2. *See also* DE 137 at 5-6 (arguing deposition subpoena "seeks information about Dechert's legal work without meaningful subject matter or temporal limitations," and disregarded "discovery and evidentiary limitations in the ongoing U.K. proceeding" in which Dechert was a party).

3. Dechert objected to the document subpoena, and Plaintiff moved to compel production on February 6, 2023. DE 144.

4. On July 25, 2023, the Court granted in part and denied in part Dechert's Motion to Quash and Plaintiff's Motion to Compel. DE 248 at 15-19.

5. The Court ruled that the substantive scope of discovery included information that "may reveal the financial trail behind Defendants' alleged misappropriation of Plaintiff's trade secrets and the related conspiracy of such." DE 248 at 11.

6. The Court also ruled that the general temporal scope of discovery in this case was from March 2015 (when "the allegations that the agreement to attack Plaintiff started") through October 15, 2020 (when "the Complaint was filed in this action"). *Id.* at 12; *see also id.* at 17-19.

7. The Court found that information sought from Dechert "is relevant to the claims and defenses in this action" and that Dechert "made nothing more than conclusory assertions of burden and privilege." *Id.* at 18.

8. The Court thus denied Dechert's Motion to Quash and granted Plaintiff's Motion to Compel, except that it limited the temporal scope of discovery to March 2015 to October 15, 2020. *Id.* at 17-19.

9. The deposition subpoena includes, as one of its sixteen (16) topics, the following:

> All engagements of Dechert by RAKIA and other RAK entities from 2013 to present, including but not limited to engagements referenced in letters dated June 5, 2013, October 12, 2014, October 14, 2016, and November 16, 2016. We understand that Dechert alleged that it opened various client matters under the "umbrella of such engagement letters.

Gopstein Decl., Ex. A at 9 (the "RAK Deposition Request").

10. The document subpoena seeks, in a subpart of one of its seven requests:

> All Agreements, Calendar Entries, and Visitor Logs, related to . . . Ras Al Khaimah Entities . . . including but not limited to . . . (e) [a]ll engagements of Dechert by RAKIA and the other RAK entities from 2013 to present, including but not limited to the engagements referenced in letters dated June 5, 2013, October 12, 2014, October 14, 2016, and November 16, 2016. We understand that Dechert alleged that it opened various client matters under the "umbrella of such engagement letters."

Gopstein Decl., Ex. B at 8 (the "RAK Document Request").

11. The document subpoena defines "Ras Al Khaimah Entities" (or "RAK Entities") as "the government of Ras Al Khaimah, the Ruler of Ras Al Khaimah, and all current and former entities Related to the government of Ras Al Khaimah, including but not limited to Ras Al Khaimah Investment Authority, RAK Development LLC, RAK Petroleum, RAK Gas LLC, and RAK IDO." Gopstein Decl., Ex. B at 7. As so defined, there are at least several dozen "RAK Entities." Gopstein Decl. ¶ 9.

12. The RAK Deposition Request and the RAK Document Request concern dozens of engagements, the vast majority of which bear no relevance to Plaintiff, Defendants, or the issues in dispute in this litigation. Gopstein Decl. ¶ 10.

13. RAK engagements wholly unrelated to the present dispute include, among many others, matters in Europe, Asia and the Middle East, related to (i) corporate and restructuring advice, (ii) corporate acquisition advice, (iii) negotiation of a joint venture agreement, and (iv) review of tender documents.

14. In the concurrent and significantly related litigation in the UK (the "UK Litigation"), Plaintiff has leveled similar allegations against Dechert and RAKIA via counterclaims. The UK Litigation has been pending since 2016, and disclosure (the equivalent of discovery in those proceedings) is now complete. In the UK Litigation, Dechert's counsel conducted a good-faith

4

review of all RAK Entity-related matters and identified six matters likely to be relevant to proceedings involving Mr. Azima (the "Relevant Matters"). Gopstein Decl. ¶ 12; *see also* DE 250-1, Sched. 1. Dechert therefore produced to Plaintiff RAK's electronic client files documents related to those six Related Matters, subject to appropriate privilege withholdings. Plaintiff's UK counsel has not challenged the relevance of those six matters, and those six matters alone, through the present day. Gopstein Decl. ¶ 15.

15. Plaintiff's Complaint concerns conduct "which lasted from at least August 2014 until at least 2019." DE 1 ¶ 13. Plaintiff alleges hacking that started "in early 2015" (*id.* ¶ 14), disclosures in 2016 (*id.* ¶¶ 20, 32), activity in 2018 (*id.* ¶ 24), further activity in 2019 (*id.* ¶¶ 26, 49), an alleged coverup in January 2020 (*id.* ¶ 34), and injuries sustained as late as August 28, 2020 (*id.* ¶ 127).

16. Consistent with that timeline, disclosure in the UK Litigation covered the time period between September 1, 2014 and August 31, 2020. DE 250-1 ¶ 39 & Sched. 2. Disclosure in the UK Litigation did not encompass the six-week time period between September 1, 2020 and October 15, 2020.

17. Here, the Court ruled that the temporal scope of discovery was March 2015 through October 15, 2020. DE 248 at 12.

18. To produce records for the six-week period between September 1, 2020 and October 15, 2020, which fell outside the scope of disclosure in the UK

Litigation, Dechert would be required to undergo a significant collection, search and platforming process, from over a dozen different custodians and dozens of document repositories, including mailboxes, document folders, and workspaces, from each. Gopstein Decl. ¶ 24. Such a collection process would be time-consuming, labor-intensive, and unlikely to yield many, if any, documents relevant to this matter. Gopstein Decl. ¶ 25.

19. Insofar as the Court ruled that the temporal scope of discovery in this case was from March 2015 to October 15, 2020, DE 248 at 12, Dechert understands that the Order does not permit discovery of "[a]ll engagements of Dechert by RAKIA and other RAK entities from 2013 to present," including those that pre- or post-dated the relevant temporal period.

20. Dechert respectfully asks the Court to clarify that such discovery also does not include records pertaining to Dechert engagements by RAK Entities that do not relate to Plaintiff, Defendants, or the issues in dispute, as those are not "relevant to the claims or defenses" in this Action. DE 248 at 5 (citing *Jiangmen Kinwai Furniture Decoration Co. v. IHFC Props., LLC*, No. 1:14-CV-689, 2015 WL 5098791, at *6 (M.D.N.C. Aug. 31, 2015)). Specifically, Dechert respectfully asks the Court to clarify that discovery concerning Dechert engagements by RAK Entities is limited to the six Related Matters determined in good faith to relate to Plaintiff, which the UK counsel for

6

Plaintiff did not seek in that action, pursuant to a disclosure plan endorsed by the UK court.

21. Additionally, Dechert respectfully asks the Court to clarify that the six-week period between September 1, 2020 and October 15, 2020, which post-dates the conduct alleged in Plaintiff's Complaint and was determined to be outside the scope of disclosure in the UK Litigation is not relevant to the claims or defenses in this Action. DE 248 at 5.

22. Alternatively, Dechert respectfully asks the Court to reconsider its prior Order, in part, solely to rule that Dechert (i) need not produce documents or provide testimony concerning engagements unrelated to Plaintiff, Defendants, or the conduct at issue in this lawsuit, and (ii) need not produce documents from the time period from September 1, 2020 to October 15, 2020, as doing such would be unduly burdensome, disproportionate to the needs of the case, and excessive particularly where such discovery from a non-party exceeds the scope of disclosure required in related litigation covering the same topics where Dechert is a party.

WHEREFORE, Dechert respectfully moves the Court for an order clarifying, or on reconsideration ruling, that the scope of discovery does not include (i) Dechert engagements by RAK Entities unrelated to Plaintiff or Defendants and (ii) documents and events dating during the six-week period between September 1, 2020 and October 15, 2020.

Respectfully submitted this the 8th day of August 2023.

By:   /s/ John C. Quinn
John C. Quinn
Sean Hecker
David Gopstein
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
jquinn@kaplanhecker.com
shecker@kaplanhecker.com
dgopstein@kaplanhecker.com

*Counsel for Non-Party Dechert LLP*

/s/ Daniel Adams
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
   HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*

8