IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FARHAD AZIMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20CV954 |
| ) | |
| NICHOLAS DEL ROSSO and VITAL ) | |
| MANAGEMENT SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on several motions to seal by Plaintiff Farhad Azima and Defendants Nicholas Del Rosso and Vital Management Services, Inc. ("Vital") associated with discovery motions recently ruled upon. (*See* Docket Entries 128, 158, 164, 168, 173, 181, 202, 210, 213, 218; *see also* Docket Entry 248.) "The operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Comm'cns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). As a result, "the courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 597 (1978). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Relevant here, the common-law presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access" and "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."

*Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (citation omitted). Some factors to weigh in considering the common-law right of access is "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

When a party makes a request to seal judicial records, "a district court must comply with certain substantive and procedural requirements." *Washington Post*, 386 F.3d at 576. Before granting a motion to seal, a court must first give the public notice and a reasonable opportunity to challenge the motion, "consider less drastic alternatives to sealing" and, if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*[1] "As to the substance, the district court must first determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal quotations and alteration omitted).

Importantly, "the mere filing of a document with a court does not render the document judicial." *In re: Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (table), Nos. 94–2254, 94-2341, 1995 WL 541623, *4 (4th Cir. 1995). "Rather, documents filed with the court are judicial records if they play a role in the adjudicative process, or adjudicate substantive rights." *Hatch v. Demayo*, No. 1:16CV925, 2020 WL 6161533, at *5 (M.D.N.C. Oct. 21, 2020) (unpublished) (internal quotations and citation omitted). Thus, "because discovery motions often involve procedural,

---

[1] The undersigned notes that the motions to seal have been pending for several months giving the public a reasonable opportunity to challenge the requests.

rather than substantive rights of the litigants, courts have found that no right of public access attaches to materials filed with discovery motions." *Id.* (internal quotations, citations and alteration omitted). In such situations, the "good cause" standard of Federal Rule of Civil Procedure 26(c) applies to the request to seal. *Id.* at *6. "However, it may also be that these briefs and exhibits are judicial records because they were filed with the objective of either supporting or contesting a motion to compel" and as such, "the common-law presumption of access attaches to these documents." *BASF Agro B.V. v. Makhteshim Agan of N. Am., Inc.*, No. 1:10CV276, 2015 WL 12991090, at *4 (M.D.N.C. July 21, 2015) (unpublished) (internal quotations and citation omitted). In furtherance of these directives from the Fourth Circuit, this Court's Local Rules impose certain requirements upon a litigant who seeks to file a document under seal. *See* M.D.N.C. L.R. 5.4(c)(3) ("No motion to seal will be granted without a sufficient showing by the party claiming confidentiality as to why sealing is necessary and why less drastic alternatives will not afford adequate protection . . . .").

In consideration of the applicable rules and standard set forth above, the undersigned will address the motions seeking to seal various documents related to the parties' discovery disputes.

 A. <u>Plaintiff's Motion to Seal Exhibit A to the Declaration of Calvin Lee in Support of Plaintiff's Response to Defendants' Motion to Quash or for Protective Order. (Docket Entry 128.)</u>

Exhibit A to the Declaration of Calvin Lee in Support of Plaintiff's Response to Defendants' Motion to Quash or for Protective Order includes a summary spreadsheet of financial records. (Docket Entry 127.) Plaintiff disagrees that the records are confidential (*see*

3

Docket Entry 129 at 2)[2], however, Defendants assert that such information is confidential and public disclosure of the financial data related to Defendants' underlying work would significantly impact Defendants' business interests (*see* Docket Entry 156 at 2). Defendants also assert that "public disclosure would unnecessarily impede on the privacy interests of the nonparties" and "will only serve as a vehicle for improper purposes" (*id.* at 2-3). Under the circumstances, the Court concludes that while sensitive financial information often presents justifiable grounds for sealing, *see, e.g.*, *Garey v. James S. Farrin, P.C.*, No. 1:16CV542, 2020 WL 5211851, at *6 (M.D.N.C. Sept. 1, 2020) (unpublished) ("[U]nder both Rule 26(c) and the common-law sealing analysis, courts frequently limit disclosure of sensitive financial information."); *Randolph v. ADT Sec. Servs., Inc.*, No. CIV.A. DKC 09-1790, 2012 WL 2234362, at *11 (D. Md. June 14, 2012) (unpublished) (sealing tax returns and other personal financial data), the information here has essentially been disclosed in Plaintiff's Response,[3] and thus the Court finds no reason for sealing the financial spreadsheet in its entirety. *See Demayo*, 2020 WL 6161533, at *13 ("[T]he proposed redactions . . . encompass publicly disclosed information, negating the justification for sealing."); *Garey,* 2020 WL 5211851, at *7 ("Once announced to the world, the information lost its secret characteristic.") (internal quotations, citation and alteration omitted); *In re Knight Pub. Co.*, 743 F.2d at 235 (one common-law factor is "whether the public has already had access to the information contained in the records").

---

[2] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

[3] For example, Plaintiff's Response states "from 2015 to 2021, Ras Al Khaimah and related entities paid $35 million to Defendant Vital" (Docket Entry 125 at 5) and "PNC Bank records show that Defendants made payments to Shanahan totaling approximately $6.2 million between June 2017 and November 2020, after the initial hack of Plaintiff Azima" (*id.*).

4

The Court will, however, allow sealing of the Amount In/Amount Out columns that are specific to each data entry (*see* Docket Entry 127). Therefore, Plaintiff's motion will be granted in part and denied in part.

B. <u>Defendants' Motion to Seal Exhibit B to Defendants' Response to Plaintiff's Motion to Compel Discovery and Exhibits A, B, and C to the Second Declaration of Nicholas Del Rosso. (Docket Entry 158.)</u>

Exhibit B to Defendants' Response are Whats App communications that contain information provided by the Indian police which Defendants used in their argument regarding Plaintiff's alleged unlawful obtainment of the bank records of CyberRoot Risk Advisory Private Limited. (*See* Docket Entry 160; Docket Entry 157 at 6-7.) Because the Court finds this document irrelevant to Plaintiff's associated discovery dispute and not considered by the Court, the unredacted copy will be stricken from the docket. Further, Defendants have withdrawn their request to seal Exhibits A, B, and C to the Second Declaration of Defendant Del Rosso (*see* Docket Entry 195 at 3). Therefore, those documents will be unsealed, and Defendants' motion will be denied as moot.[4]

C. <u>Plaintiff's Motion to Seal Exhibits 1 and 2 in Support of Plaintiff's Reply Brief on Plaintiff's Motion to Compel. (Docket Entry 164.)</u>

Exhibits 1 and 2 in support of Plaintiff's Reply Brief on Plaintiff's Motion to Compel includes excerpts from the deposition of Defendant Del Rosso. (Docket Entries 163-1, 163-2.) Defendants, as the party asserting confidentiality, have filed no brief within the prescribed

---

[4] Exhibit B to Defendants' Response was refiled at Docket Entry 160 as another document was incorrectly attached at Docket Entry 159-2. Consistent with the Court's order denying as moot Defendants' motion to seal, the Court will order the Clerk to unseal Docket Entry 159 (and the attachments) in its entirety, except that Exhibit B at Docket Entry 159-2 and the corrected Exhibit B at Docket Entry 160 will both be stricken.

5

time period set forth in the local rules and the Court does not otherwise find reason justifying the sealing of said documents in their entirety. *See* M.D.N.C. LR 5.4(c)(3) ("No motion to seal will be granted without a sufficient showing by the party claiming confidentiality as to why sealing is necessary and why less drastic alternatives will not afford adequate protection, with evidentiary support. . . ."). Moreover, Defendants' failure to file supporting materials "result[s] in denial of the motion to seal and unsealing of the materials without further notice." *Id.* Therefore, the motion will be denied, and the documents unsealed.[5]

D. <u>Plaintiff's Motion to Seal Exhibit 1 in Support of Plaintiff's Response in Opposition to Defendants' (Third) Motion for Protective Order. (Docket Entry 168.)</u>

Exhibit 1 in support of Plaintiff's Response in Opposition to Defendants' (Third) Motion for Protective Order is again excerpts from the deposition of Defendant Del Rosso. (Docket Entry 170.) Plaintiff's motion is denied for the same reasons explained in denying

---

[5] In a Joint Status Report on the motions to seal pending as of March 28, 2023, the parties set forth their positions on the then-filed motions to seal. (*See* Docket Entry 195.) As to the instant motion, Defendants summarily assert that part of the transcript should be redacted in light of the Protective Order and that the excerpts involve irrelevant and non-public information that is sensitive confidential business information. (*Id.* at 3-4.) However, "[t]o the extent [Defendants] ha[ve] suggested that the Agreed Protective Order alone demonstrates the need for sealing, . . . that argument falls short because the interest in protecting discovery material . . . cannot categorically overcome the public interest in access to judicial records." *Danzy v. Coloplast Corp.*, No. 1:19CV1017, 2022 WL 1406590, at *4 (M.D.N.C. May 4, 2022) (unpublished), *on reconsideration in part*, No. 1:19CV1017, 2022 WL 1591968 (M.D.N.C. May 19, 2022) (unpublished); *see also Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 WL 1418312, at *7 (M.D.N.C. Apr. 2, 2010) (unpublished) ("[T]he authority granted to a court under Rule 26(c) to require special handling of information gathered during discovery is constrained by the public's right of access to judicial records."). In any event, Defendants have not otherwise complied with the local rules of this Court, and even while requesting to send proposed redactions for the Court's consideration (Docket Entry 195 at 4), they have not done so although considerable time has passed. As indicated in the conclusion of this Order, however, the Court will delay unsealing the related documents to give Defendants an opportunity to submit proposed redactions with the appropriate motion.

the sealing request for Exhibits 1 and 2 in support of Plaintiff's Reply Brief on Plaintiff's Motion to Compel.

E. <u>Plaintiff's Motion to Seal Exhibit 1 in Support of Plaintiff's Response in Opposition to the Motion to Quash filed by Third Parties Christopher Swecker and Christopher Swecker Enterprises, LLC. (Docket Entry 173.)</u>

Exhibit 1 in support of Plaintiff's Response in Opposition to the Motion to Quash filed by third parties Christopher Swecker and Christopher Swecker Enterprises, LLC is again excerpts from the deposition of Defendant Del Rosso. (Docket Entry 175.) Plaintiff's motion is denied for the same reasons explained in denying the sealing request for Exhibits 1 and 2 in support of Plaintiff's Reply Brief on Plaintiff's Motion to Compel.[6]

F. <u>Defendants' Motion to Seal Exhibits A, B, C, and D to the Declaration of Brandon S. Neuman. (Docket Entry 181.)</u>

Exhibit A to the declaration of Brandon S. Neuman is a copy of a letter sent by Defendants' counsel to Plaintiff's counsel regarding the misuse of confidential information in other pending matters. (Docket Entry 182-1.) Exhibit B is a copy of Plaintiff's Rule 26(a)(1) Initial Disclosures, of which personal identifying information, including addresses and phone numbers, have been redacted. (Docket Entry 182-2.) Exhibit C contains transcript excerpts from the deposition of Defendant Del Rosso. (Docket Entry 182-3.) Exhibit D contains an exhibit entered at Defendant Del Rosso's deposition. (Docket Entry 182-4.) The Court concludes that the personal identifying information in Ex. B will remain under seal; however,

---

[6] Moreover, some of the information has already been disclosed in Plaintiff's Response. (*See, e.g.*, Docket Entry 172 at 1-2 ("Defendants paid Swecker almost $500,000 between 2018 and 2021" and "Swecker retained Northern Technologies, Inc."); *see also Demayo*, 2020 WL 6161533, at *13 ("[T]he proposed redactions . . . encompass publicly disclosed information, negating the justification for sealing.").

Defendants have not set forth sufficient grounds for the sealing requests with regards to Exhibits A, C, and D. The information sought to be seal in Exhibit A concerns filings which appear to be part of the public record in another matter. *See Azima v. Global Impact Services, Inc.*, No. 9:22-mc-81229-JEM (S.D. Fla.). Further, Defendants only temporarily sought to seal Exhibits C and D until March 17, 2023 (*see* Docket Entry 181 at 4) without prejudice to later seeking to permanently seal, and since such time, have not moved to permanently seal such documents. Therefore, Defendants' Motion will be granted in part such that Exhibit B shall remain under seal, and denied in part such that Exhibits A, C, and D shall be unsealed.[7]

G. <u>Motions to Seal Excerpts from the Deposition of Defendant Del Rosso (Docket Entries 202, 210, 213, 218.)</u>

The parties have filed motions seeking to seal additional excerpts from the deposition of Defendant Del Rosso. (*See* Docket Entries 202, 210, 213, 218.) The Court does not find any reason justifying the sealing of said documents. To the extent asserted,[8] Defendants contend that the information in the deposition excerpts involves the discussion of details surrounding Defendants' sensitive and confidential business information (*see* Docket Entry 208 at 1; Docket Entry 210 at 2; Docket Entry 218 at 1-2); however, the information Defendants seek to seal generally does not disclose of content subject to sealing. *See, e.g., SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 1091054 (E.D.N.C. Mar. 15, 2013)

---

[7] Defendants' motion to seal Exhibits C and D will be denied without prejudice.

[8] As the party claiming confidentiality, Defendants did not file a response to Plaintiff's motion (Docket Entry 213) to seal the excerpts from the deposition of Defendant Del Rosso at Exhibit 1 to Plaintiff's Opposition to the Motion of Craig Evers to Quash Third-Party Subpoenas. Again, Defendants' failure to file supporting materials is grounds for denial of the sealing request. *See* M.D.N.C. LR 5.4(c)(3).

8

(sealing profit and loss statements, pricing and marketing strategies, expense information, and revenue and revenue growth information); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419 (M.D.N.C. 2011) (sealing information involving trade secrets). Further, it is unclear how disclosure of such information would "harm" Defendants' business interests. Therefore, the motions to seal (Docket Entries 213, 218) will be denied. However, the Court will strike the excerpts associated with Plaintiff's motion to seal Exhibit 1 to Plaintiff's Response in Opposition to the Motion to Quash (Docket Entry 202), and Defendants' motion to seal Exhibit A to Defendants' Reply in Support of their Motion to Quash and for Protective Order regarding Plaintiff's Second Subpoena to First Citizens Bank & Trust Co. (Docket Entry 210) as said documents (Docket Entries 204, 211-1) were not relied upon in the Court's ruling on the associated discovery dispute.

## CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Seal (Docket Entry 128) is GRANTED IN PART AND DENIED IN PART. Within 5 days of this Order, Plaintiff shall file a redacted public copy of Exhibit A to the Declaration of Calvin Lee (Docket Entry 127) which redacts the Amount In/Amount Out columns on the summary spreadsheet.

2. Defendants' Motion to Seal (Docket Entry 158) is DENIED AS MOOT. The Clerk is directed to STRIKE both the unredacted Exhibit B (Docket Entry 159-2) and the corrected Exhibit B (Docket Entry 160). The Clerk shall otherwise unseal Docket Entry 159 (and its remaining attachments).

3. Plaintiff's Motion to Seal (Docket Entry 164) is DENIED.

4. Plaintiff's Motion to Seal (Docket Entry 168) is DENIED.

5. Plaintiff's Motion to Seal (Docket Entry 173) is DENIED.

6. Defendants' Motion to Seal (Docket Entry 181) is GRANTED IN PART AND DENIED IN PART.[9] Exhibit B (Docket Entry 182-2) shall remain under seal, and the Clerk shall unseal Exhibits A, C, and D (Docket Entries 182-1, 182-3, 182-4).

7. Plaintiff's Motion to Seal (Docket Entry 202) is DENIED AS MOOT. The Clerk is directed to STRIKE Docket Entry 204.

8. Defendants' Motion to Seal (Docket Entry 210) is DENIED AS MOOT. The Clerk is directed to STRIKE Docket Entry 211-1.

9. Plaintiff's Motion to Seal (Docket Entry 213) is DENIED. The Clerk shall unseal Docket Entry 215.

10. Defendants' Motion to Seal (Docket Entry 218) is DENIED. The Clerk shall unseal Docket Entry 219 (and its attachments).

IT IS FURTHER ORDERED that the Court will delay unsealing any documents associated with the Motions to Seal at Docket Entries 164, 168, and 173 until Tuesday, August 15, 2023 to allow Defendants an opportunity to file on the public record the exhibits in redacted form, accompanying a motion and evidence in support of the motion, addressing the interests advanced by Defendants as the party claiming confidentiality, and the duty of the Court in accordance with Local Rule 5.4 and the parties' Local Rule 5.5 Report. *See* Docket Entry 92; M.D.N.C. LR 5.4(c)(3) ("No motion to seal will be granted without a sufficient showing by the party claiming confidentiality as to why sealing is necessary and why less drastic

---

[9] Defendants' motion to seal Exhibits C and D is denied without prejudice.

alternatives will not afford adequate protection, with evidentiary support. . . ."). The exhibits (Docket Entries 163-1, 163-2, 170, and 175) filed under seal will remain under seal for the time being.

SO ORDERED.

/s/ Joe L. Webster
United States Magistrate Judge

August 9, 2023
Durham, North Carolina

11

Case 1:20-cv-00954-WO-JLW   Document 264   Filed 08/09/23   Page 11 of 11