UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:20-cv-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>        Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES,<br>INC.,<br><br>        Defendants. | **DEFENDANTS' MOTION TO<br>COMPEL PLAINTIFF TO<br>IDENTIFY TRADE SECRETS** |

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1, Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("VMS") (collectively, "Defendants") move to compel Plaintiff Farhad Azima ("Plaintiff" or "Azima") to provide complete responses and supplement his production and responses to certain discovery requests within Defendants' First Set of Requests for Production ("First RFPs") and First Set of Interrogatories ("ROGs") related to the identification of his purported trade secrets (the "Motion").[1]

In support of this Motion, Defendants state the following:

---

[1] While this Motion seeks relief with respect to Plaintiff's responses to *certain* discovery requests within Defendants' First RFPs and ROGs concerning Plaintiff's purported trade secrets (specifically, RFP Nos. 1–14, 16–18, and ROG Nos. 3–8, 10), Defendants only do so for the sake of efficiency to address common issues, and do not waive any rights to seek relief regarding any other deficient discovery responses not specifically addressed by this Motion.

1

1. The remaining claims in this matter are (1) a misappropriation of trade secrets claim under N.C. Gen. Stat. § 66-153, *et seq.*, based on the alleged republication of data using WeTransfer; and (2) a *contingent* civil conspiracy claim under North Carolina common law, based on Defendants' alleged participation in the republication of data using WeTransfer. (*See* D.E. 65).

2. The purported trade secrets are described in broad categories in the Complaint. (*See* D.E. 1, at ¶¶ 18, 102, 108).

3. Accordingly, on March 31, 2023, Defendants served their First RFPs, seeking in RFP Nos. 1–14 the production of the specific documents which Plaintiff contends are his trade secrets. *See* **Ex. A**. This in addition to RFP Nos. 16 through 18 which request the production of the data that Azima alleged was republished using WeTransfer in 2018 and 2019, as alleged in Paragraphs 24 and 26 of the Complaint. (D.E. 1, ¶¶ 24, 26).

4. On April 25, 2023, Plaintiff indiscriminately produced over 350,000 documents (more than 1 million pages), comprised of Azima's emails and attachments, in response to Defendants' First RFPs. In his cover letter accompanying the production, Plaintiff stated that the 350,000+ documents "contains documents published on WeTransfer including Plaintiff's trade secrets." *See* **Ex. B**.

5. On May 1, 2023, Plaintiff followed his April 25, 2023 production with written objections to Defendants' RFPs, lodging boilerplate objections,

2

Case 1:20-cv-00954-WO-JLW Document 269 Filed 08/16/23 Page 2 of 11

and stating that any documents requested in RFP Nos. 1–14 have been produced in response to RFP Nos. 15 and 16—*i.e.*, the 530,000+ document dump. *See* **Ex. C**.

6. On May 3, 2023, having received no indication from Plaintiff's document production what purported trade secrets are at issue in this case, Plaintiff served their ROGs, which, amongst other things, requested in ROG Nos. 3 and 4 that Plaintiff identify his trade secrets with particularity, including an identification—by bates number—of the documents within Plaintiff's April 25, 2023 production that he contends are the trade secrets at issue in this case. *See* **Ex. D**. In addition, in ROG Nos. 5 through 8 and 10, Defendants requested that Plaintiff also identify and describe other facts regarding his purported trade secrets identified in response to ROG Nos. 3 and 4—*e.g.*, measures to protect their secrecy. *Id.*

7. On June 8, 2023, having not received Plaintiff's response to Defendants' ROGs by the response deadline, Defendants sent a letter confronting Plaintiff's failure to respond to the ROGs, Plaintiff's deficient responses to the First RFPs, and Plaintiff's unilateral cancellation of his deposition. *See* **Ex. E**.

8. On June 12, 2023, Plaintiff nevertheless filed untimely objections to Defendants' ROGs. *See* **Ex. F**. In response to ROG Nos. 3 through 8 and ROG No. 10 (requesting, *inter alia*, that Plaintiff identify his trade secrets with

3

particularity and provide other factual predicates to trade secrets claim), Plaintiff objected that these interrogatories are somehow "premature", "unduly burdensome," "duplicative," "disproportionate to the needs of the case", and "privilege[d]". *Id.* at pp.10–15, ¶¶3–8, 10. This in addition to Plaintiff's objection that a response should be "deferred until discovery has been complete" pursuant to Fed. R. Civ. P. 33(a)(2), without indicating *why* this would be the case for such basic information that has been in the possession of Defendants since at least 2017. *Id.*

9. On June 23, 2023, Plaintiff partially responded to Defendants' June 8, 2023 letter. *See* **Ex. G**. In the letter, Plaintiff's counsel stated: (1) "Defendants' letter is a backdoor attempt to obtain information about the documents that should properly be elicited through interrogatories or depositions testimony"; (2) "Plaintiff is not required to identify to which request each document is responsive, what documents remain to be produced, if any, and when they will be produced"; and (3) "Defendants [have not] cited any legal authority to support their request for this information." **Ex. G**, p.2.

10. Finally, also on June 23, 2023, Defendants sent Plaintiff a letter which, amongst other things, reiterated Plaintiff's continued failure to identify what he claims to be the trade secrets at issue in this case, both in Plaintiff's responses to Defendants' First RFPs and in response to Defendants' ROGs. *See* **Ex. H**.

4

11. To date, aside from Plaintiff's broad allegations regarding his purported trade secrets in the Complaint, (*see* D.E. 1, at ¶¶ 18, 102, 108), and his April 25, 2023 production of 350,000+ documents that he claims contain his trade secrets, Plaintiff has not provided one example within his production that he believes is a trade secret. Without a more particularized identification of what he contends are the trade secrets at issue in this case, Defendants cannot possibly discern what it is they are claimed to have misappropriated. Surely, Plaintiff does not believe his entire April 25, 2023 production are his trade secrets. A few examples of documents in this production are attached as **Ex. I.**

12. Moreover, as set out further in the Memorandum in support of this Motion, Plaintiff withheld archived data in his April 25, 2023 production pursuant to RFP Nos. 16 through 18, evidenced by Plaintiff's own expert report by Christopher Tarbell, filed in an undisclosed Australian lawsuit relating to the same data at issue in this case. Mr. Tarbell's expert report is attached as **Ex. J**.

13. "When a party fails to respond to a discovery request, the party seeking discovery 'may move for an order compelling disclosure or discovery.'" *Horton v. Love's Travel Stops & Country Stores, Inc.*, No. 1:19CV1193, 2021 WL 7162555, at *2 (M.D.N.C. Mar. 29, 2021) (quoting Fed. R. Civ. P. 37(a)).

5

14. The North Carolina Trade Secret Protection Act ("NCTSPA") requires that a party asserting a claim of trade secret misappropriation "must identify a trade secret with sufficient particularity[.]" *DSM Dyneema, LLC v. Thagard*, No. 13 CVS 1686, 2014 WL 5317770, at *3 (N.C. Super. Oct. 17, 2014) (quoting *Analog Devices, Inc. v. Michalski*, 157 N.C. App. 462, 468, 579 S.E.2d 449, 453 (2003)); *see also Silicon Knights, Inc. v. Epic Games, Inc.,* No. 5:07-CV-275-D, 2008 WL 2414046, at *7–9 (E.D.N.C. June 13, 2008) (granting motion to compel identification of trade secrets).

15. With respect to discovery in NCTSPA claims, North Carolina courts consistently recognize the "strong practical and policy reasons" for ensuring trade secrets are sufficiently identified prior to broad discovery into a defendant, including (1) "to assist the trial court in determining relevancy and the scope of discovery"; (2) "to prevent fishing expeditions"; (3) "to permit the defendant a fair opportunity to develop its defense"; and (4) "to allow well-investigated claims to proceed while discouraging meritless trade secret claims." *DSM Dyneema, LLC,* 2014 WL 5317770, at *5 (cleaned up).

16. Accordingly, Plaintiff has no legitimate basis for refusing to identify—with "particularity"—his purported trade secrets, especially while he continues his broad campaign of discovery into every facet of Defendants' existence. Simply put, Plaintiff's identification of his trade secrets is

6

insufficient under the law, and this Court should compel Plaintiff to supplement his discovery responses.

17. Pursuant to Rule 37.1, Defendants represent that after personal consultation and diligent attempts to resolve these differences, as reflected in the attached letters summarizing Defendants' efforts to obtain complete or compliant responses to their discovery requests included with this Motion, the parties are unable to reach an accord. These efforts included a teleconference with counsel for Plaintiff in June, and several additional email exchanges and other correspondence concerning Plaintiff's discovery responses, which Plaintiff has continuously refused to supplement.

**WHEREFORE**, Defendants respectfully request that the Court order Plaintiff to:

(1) supplement his responses to ROG Nos. 3 and 4 and RFP Nos. 1 through 14 to identify each alleged trade secret that he contends was misappropriated on an individual-by-individual, including

    a. a description of each allegedly misappropriated trade secret sufficient to separate the alleged trade secrets from what is generally known in the requisite field, and

7

    b. an identification—by bates number—of each document within Plaintiff's April 25, 2023 document production that Plaintiff believes contain his trade secrets;

(2) upon identification of his purported trade secrets, supplement his responses to ROG Nos. 5 through 8, and ROG No. 10, to adequately identify and describe details pertaining to ownership, value (including how that value was determined), measures to protect secrecy, the circumstances of the alleged misappropriation, and damages, including when each alleged trade secret was initially published on the Internet using WeTransfer; and

(3) re-produce or otherwise supplement the data produced in response to RFP Nos. 16–18 to include archived data in native format, including any "file identification numbers that are available from the source code of the WeTransfer download pages" and "date/time" and "upload time stamp[s]" that Mr. Tarbell used to opine on the initial upload date of the data, including any data not already produced that was collected by Mr. Tarbell and specifically disclosed in his expert report.

8

Case 1:20-cv-00954-WO-JLW   Document 269   Filed 08/16/23   Page 8 of 11

Respectfully submitted, this the 16th day of August, 2023.

                    **NELSON MULLINS RILEY & SCARBOROUGH LLP**

                    By: *Brandon S. Neuman*
                        Brandon S. Neuman, NCSB# 33590
                        Jeffrey M. Kelly, NCSB# 47269
                        John E. Branch III, NCSB# 32598
                        Nathaniel J. Pencook, NCSB# 52339
                        Sam A. Rosenthal (*special appearance*)
                        301 Hillsborough Street, Suite 1400
                        Raleigh, North Carolina 27603
                        brandon.neuman@nelsonmullins.com
                        jeff.kelly@nelsonmullins.com
                        john.branch@nelsonmullins.com
                        nate.pencook@nelsonmullins.com
                        sam.rosenthal@nelsonmullins.com
                        *Counsel for Defendants*

# CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of August 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com


Douglas W. Hanna
Fitzgerald Hanna & Sullivan, PLLC
3737 Glenwood Ave, Suite 375
Raleigh, NC 27612
dhanna@fhslitigation.com

Ian A. Herbert
Kirby D. Behre
Brian A. Hill
Timothy O'Toole
Lauren E. Briggerman
Cody Marden
Calvin Lee
Miller & Chevalier Chartered
900 16th Street, N.W.
Washington, D.C. 20006
iherbert@milchev.com
kbehre@milchev.com
bhill@milchev.com
totoole@milchev.com
lbriggerman@milchev.com
cmarden@milchev.com
clee@milchev.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:   *Brandon S. Neuman*
     Brandon S. Neuman, NCSB# 33590
     Jeffrey M. Kelly, NCSB# 47269
     John E. Branch III, NCSB# 32598
     Nathaniel J. Pencook, NCSB# 52339
     Sam A. Rosenthal (*special appearance*)
     301 Hillsborough Street, Suite 1400
     Raleigh, North Carolina 27603
     brandon.neuman@nelsonmullins.com
     jeff.kelly@nelsonmullins.com
     john.branch@nelsonmullins.com
     nate.pencook@nelsonmullins.com
     sam.rosenthal@nelsonmullins.com
     *Counsel for Defendants*

10

Case 1:20-cv-00954-WO-JLW   Document 269   Filed 08/16/23   Page 10 of 11

## RULE 37.1 CERTIFICATION

Pursuant to Local Rule 37.1, and as set forth in Paragraph 17 of the Motion, I hereby certify, that after personal consultation and diligent attempts to resolve differences, the parties are unable to reach an accord regarding the dispute raised in the Motion.

Respectfully submitted this 16th day of August, 2023.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: *Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel J. Pencook, NCSB# 52339
Sam A. Rosenthal (*special appearance*)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*