# EXHIBIT C

(Plaintiff's 5/1/23 Responses and
Objections to First Requests for Production)

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **PLAINTIFF FARHAD AZIMA'S RESPONSES AND OBJECTIONS TO THE FIRST SET OF REQUESTS FOR PRODUCTION FROM DEFENDANTS NICHOLAS DEL ROSSO AND VITAL MANAGEMENT SERVICES, INC** |

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Farhad Azima ("Plaintiff" or "Azima") serves the following responses and objections to the First Set of Requests for Production served by Defendants Nicholas Del Rosso and Vital Management Services, Inc. (the "Requests").

## PRELIMINARY STATEMENT

Discovery opened on November 16, 2022. ECF No. 93 at 1. Azima served his first set of discovery requests on Defendants Nicholas Del Rosso and Vital Management Services, Inc. ("VMS"; collectively with Del Rosso, "Defendants") on November 22, 2022. Since then, Defendants have refused to produce any documents or communications other than the documents Defendants and their co-conspirators stole from Azima. Defendants also filed numerous motions to obstruct and delay discovery in this case and have been directly contacting third-party subpoena respondents to discourage any production of documents to Azima by any third-party. Defendants waited until March 31, 2023—four months after fact discovery began—

2822828.1

to serve any discovery requests on Azima. Nonetheless, Azima has already voluntarily produced 354,745 documents in this case (bates stamped FA_MDNC_00000001 through FA_MDNC_01007804), and will continue to produce responsive documents on a rolling basis. Azima objects, however, to any attempt by Defendants to force Azima to respond to Defendants' discovery requests in a manner severely disproportionate to the degree Defendants have complied with Azima's discovery requests.

## GENERAL OBJECTIONS

1.     Azima objects to the Requests to the extent they contradict or seek to impose obligations on Azima that exceed the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the Middle District of North Carolina, an order of the Court, or any other applicable law or rule.

2.     Azima objects to the Requests to the extent they purport to require Azima to produce information, documents, or communications that are subject to or protected by the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, or any other applicable claim of privilege or related protective doctrine. Such information, documents, and communcations will not be produced in response to these Requests. Any privileged documents placed on the public domain without Azima's consent remain privileged and any production of privileged documents that were placed in the public domain without Azima's consent does not waive any privilege protections that apply.

3.     Azima objects to the Requests to the extent they seek the production of

2

2822828.1

information, documents, or communcations that are not in Azima's possession, custody, or control.

4.  Azima objects to the Requests to the extent any of them do not include a temporal limitation and therefore request documents and communications that are irrelevant to the parties' claims and defenses, disproportional to the needs of the case, and the production of such information would be unreasonably burdensome and expensive in light of the immateriality of such information, the needs of the case, the amount in controversy, the limitations on Azima's resources, and the importance of the issues at stake in the litigation. The Relevant Time Period for this litigation is August 1, 2014, to the present and unless otherwise agreed by the parties, Azima will limit his production to documents and communications during the Relevant Time Period.

5.  Azima objects to the Requests to the extent they are irrelevant to any party's claims or defenses and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.  Azima objects to the Requests to the extent they improperly impose a continuing obligation on Azima to supplement his discovery responses that is greater than the duty of supplementation established by Rule 26(f) of the Federal Rules of Civil Procedure. Azima will supplement his responses and objections as required by

3

2822828.1

the Federal Rules of Civil Procedure, the Local Rules for the Middle District of North Carolina, or other applicable Court orders, rules or laws.

7.     Azima objects to the Requests to the extent they are unreasonably cumulative or duplicative of other discovery conducted by Defendants in this case or could be obtained from some other source or sources that are more convenient, less burdensome, or less expensive. In particular, Azima objects to the Requests to the extent they seek documents, communications, or information that Defendants and their co-conspirators stole and misappropriated from Azima and then caused to be published and re-published on the Internet making them publicly available.

8.     Azima objects to any of the Requests that seek information, documents, or communications that Defendants have already had ample opportunity to obtain through discovery in this action.

9.     Azima objects to the Requests to the extent they purport to require the collection, review, preservation, or search of information, documents, or communications beyond the requirements contemplated by the Federal Rules of Civil Procedure, the Local Rules of Middle District of North Carolina, an order of this Court or some other applicable rule or law.

10.    Discovery in this matter is ongoing and Azima reserves the right to supplement its responses as necessary.

11.    Azima's responses are made without waiving, in any way, the right to object on any proper grounds to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action,

4

2822828.1

or on any grounds, at any time, to any other Requests or proceeding involving or relating to the subject matter of these disclosures.

12.     Azima objects to any Request that purports to request production of documents in a form other than the form described in correspondence to Defendants' counsel on April 17, 2023, attached as Exhibit A.

## OBJECTIONS TO SPECIFIC DEFINITIONS OR INSTRUCTIONS

1.     Azima objects to the definition of "You," "Your," or "Plaintiff" as overbroad because it defines those terms as any "present or former agents, employees, representatives, or any other person action his [Azima's] behalf, including attorneys." Azima has been involved in international and domestic business for several decades and thus he has employed many agents, employees, representatives, and attorneys who have no connection to this case and performed no act related to the claims and defenses in this case. Azima also objects to this definition to the extent it seeks information, documents, or communications protected by the attorney-client privilege, joint defense or common interest privilege, attorney work product doctrine, or any other applicable privilege. Based on and subject to these objections, Azima will interpret the terms "You," "Your," and "Azima" to mean Mr. Farhad Azima.

2.     Azima objects to the definitions of "document," "documents," and "communications" to the extent those definitions contradict or expand the definition of those terms under applicable law. Azima further objects to the definition of metadata to the extent it contradicts the definition of metadata in the Federal Rules of Civil Procedure or applicable law or imposes obligations on Azima that exceed the

5

2822828.1

obligations of the Federal Rules of Civil Procedure, the Local Rules for the Middle District of North Carolina, or any other applicable law.

3. Azima objects to the definition of "agreements" as vague and ambiguous and thus overbroad and disproportionate because it includes "informal" agreements. Azima will intepret the word "agreements" to mean legally enforceable agreements.

4. Azima objects to the definition of "transaction" as overbroad and unduly burdensome because it includes "planned, proposed, and contemplated" transactions, which would include any number of deals or exchanges that may have been "planned, proposed, or contemplated" but which have no bearing on the claims and defenses and this case. Furthermore, the expansive definition of the term could potentially expand the scope of discovery to any number of ideas or potential plans that never came to fruition. Azima will interpret the term "transaction" to mean completed and/or executed deals bargains, enterprises, ventures, affairs, arrangements, or other exchanges of monetary or othe rconsideration in return for the supply of goods, services, assistance, data, information, or knowledge.

5. Azima objects to Instruction 2-4 to the extent they impose additional obligations on Azima than the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the Middle District of North Carolina, or any other applicable law. Azima further states that it will produce documents, communications and ESI in accordance with the form described in correspondence with Defendants' counsel on April 17, 2023, attached as Exhibit A.

6. Azima objects to Defendants' request for Azima to produce documents,

2822828.1

communications, or information within 30 days of service of these Requests (May 1, 2023). Unlike Defendants, Azima has already begun producing documents and communications in this case and will continue to conduct a reasonable search for and—subject to his objections and responses below—produce responsive, non-privileged documents and communication on a rolling basis to be completed by a reasonable time.

## SPECIFIC RESPONSES AND OBJECTIONS

**1. Produce all documents which you contend constitute "confidential internal pricing lists relating to food transport for U.S. troops in Afghanistan," as alleged in paragraph 18 of the Complaint, which you contend Defendants published or republished.**

**Response:** Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, or any other applicable privilege. Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, Azima further objects to the Request as unreasonably cumulative and duplicative, and more readily obtainable from some other source that is more convenient, less burdensome, and less espensive, to the extent it is seeks documents or communications that are (i) already in the possession, custody, or control of Defendants or their co-conspirators; (ii) publicly available online because Defendants or their co-conspirators stole Azima's data and caused it to be published and re-published online; or (iii) have already been produced by either party in this action.

Subject to and without waiving its objections, and in accordance with the protective order in this case, Azima states that it will conduct a reasonable search for and produce all non-privileged documents that Defendants and their co-conspirators stole, misappropriated, published, and re-published, including the documents described in Paragraph 18 of the Complaint. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

2822828.1

**2.    Produce all documents which you contend constitute "highly confidential business plans and proposals," as alleged in paragraph 102 of the Complaint, which you contend Defendants published or republished.**

**Response:** Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, or any other applicable privilege. Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, Azima further objects to the Request as unreasonably cumulative and duplicative to the extent it is seeks documents or communications that are (i) already in the possession, custody, or control of Defendants or their co-conspirators; (ii) publicly available online because Defendants or their co-conspirators stole Azima's data and caused it to be published and re-published online; or (iii) have already been produced by either party in this action. Azima further objects to this Request to the extent it seeks, assumes, or depends on a legal conclusion or contention as to what constitutes a trade secret.

Subject to and without waiving its objections, and in accordance with the protective order in this case, Azima states that it will conduct a reasonable search for and produce all non-privileged documents that Defendants and their co-conspirators stole, misappropriated, published, and re-published, including the documents described in Paragraph 102 of the Complaint. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

**3.    Produce all documents reflecting proposed Transactions pertaining to the "business plans and proposals" to which the Complaint refers in paragraph 102.**

**Response:** Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, or any other applicable privilege. Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, Azima further objects to the Request as unreasonably cumulative and duplicative, and more readily obtainable from some other source that is more convenient, less burdensome, and less espensive, to the extent it is seeks documents or communications that are (i) already in the possession, custody, or control of Defendants or their co-conspirators; (ii) publicly available online because Defendants or their co-conspirators stole Azima's data and caused it to be published and re-published online; or (iii) have already been produced by either party in this action. Azima also incorporates by reference its objection to the Definition of "Transactions."

2822828.1

Subject to and without waiving its objections, and in accordance with the protective order in this case, Azima states that it will conduct a reasonable search for and produce all non-privileged documents of Azima that Defendants and their co-conspirators stole, misappropriated, published, and re-published, including the documents described in Paragraph 102 of the Complaint. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

4. **Produce all documents concerning any profit or revenue earned from any of the business plans and/or proposals to which the Complaint refers in paragraph 102.**

**Response:** Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Azima objects to this Request because it seeks documents and communication that are irrelevant to any party's claim or defense and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Specifically, this Request (i) lacks any temporal scope or limitation and (ii) seeks "all" documents related to profit or revenue earned from various business plans and/or proposals, which would conceivably include many documents and communications that have no relevance to the claims and defenses in this case. Azima further objects to this Request as premature to the extent it seeks expert discovery and Azima states that he will—if necessary—provide expert discovery on damages at the appropriate time.

Subject to and without waiving its objections, and in accordance with the protective order in this case, Azima states that it will conduct a reasonable search for and produce non-privileged documents sufficient to show the damages caused by the misappropriation of his trade secrets by Defendants and their co-conspirators. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

5. **Produce all documents concerning any profit or revenue anticipated from any of the business plans and/or proposals to which the Complaint refers in paragraph 102.**

**Response:** Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Azima objects to this Request because it seeks

9

2822828.1

documents and communication that are irrelevant to any party's claim or defense and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Specifically, this Request (i) lacks any temporal scope or limitation and (ii) seeks "all" documents related to profit or revenue "anticipated" from various business plans and/or proposals, which would conceivably include many documents and communications that have no relevance to the claims and defenses in this case. The Request is also particularly burdensome because it seeks confidential and sensitive documents and communications about profit and revenue from confidential business plans and proposals. The term "anticipated" is also vauge and ambiguous in the context of this Request concering profit or revenue. Azima further objects to this Request as premature to the extent it seeks expert discovery and Azima states that he will—if necessary—provide expert discovery on damages at the appropriate time.

Subject to and without waiving its objections, and in accordance with the protective order in this case, Azima states that it will conduct a reasonable search for and produce non-privileged documents sufficient to show the damages caused by the misappropriation of his trade secrets by Defendants and their co-conspirators. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

**6. Produce all documents concerning any profit or revenue lost or adversely impacted in any way as a result of the disclosure of any of the business plans and/or proposals to which the Complaint refers in paragraph 102.**

**Response:** Plaintiff objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Azima objects to this Request because it seeks documents and communication that are irrelevant to any party's claim or defense and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Specifically, this Request (i) lacks any temporal scope or limitation and (ii) seeks "all" documents related to profit or revenue "lost or adversely impacted" from the theft and disclosure of business plans and/or proposals,

10

which would conceivably include many documents and communications that have no relevance to the claims and defenses in this case. The Request is also particularly burdensome because it seeks confidential and sensitive documents and communications about profit and revenue from confidential business plans and proposals. Azima further objects to this Request to the extent it seeks premature expert discovery, which will be provided—if necessary—at the appropriate time.

Subject to and without waiving its objections, and in accordance with the protective order in this case, Azima states that it will conduct a reasonable search for and produce non-privileged documents sufficient to show the damages caused by the misappropriation of his trade secrets by Defendants and their co-conspirators. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

**7.     For the period of January 1, 2008, to present, produce all documents concerning any profit or revenue, whether earned, anticipated, lost, or impacted in any way, from the business plans referenced in paragraph 102 of the Complaint, or other purported trade secrets to which the Complaint refers**

**RESPONSE:**   Plaintiff objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Azima objects to this Request because it seeks documents and communication that are irrelevant to any party's claim or defense and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Specifically, this Request (i) lacks any temporal scope or limitation and (ii) seeks "all" documents over *a fifteen year period*[1] related to any profit or revenue "earned, anticipated, lost, or impacted" from the business plans and trade secrets stolen, misappropriated, and wrongfully published by Defendants and their co-conspirators. This Request would conceivably include many documents and communications that have no relevance to the claims and defenses in this case. The Request is also particularly burdensome because it seeks confidential and sensitive documents and communications about profit and revenue from confidential

_____

[1] This Request is particularly objectionable because Defendants claim—incorrectly—that discovery should be limited to 2018 and 2019, yet demand documents and communications from Azima beginning in 2008.

2822828.1

business plans and proposals. Azima further objects to this Request to the extent it seeks premature expert discovery, which will be provided—if necessary—at the appropriate time.

Subject to and without waiving its objections, and in accordance with the protective order in this case, Azima states that it will conduct a reasonable search for and produce non-privileged documents sufficient to show the damages caused by the misappropriation of his trade secrets by Defendants and their co-conspirators. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

**8. Produce any Communications with any Person, including any partner, buyer, seller, lender, consultant, advisor, who performed or were expected to perform any role or take any actions concerning the business plans or proposals to which the Complaint refers in paragraph 102.**

**RESPONSE:** Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Azima objects to this Request because it seeks documents and communication that are irrelevant to any party's claim or defense and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. In particular, this Request (i) lacks any temporal scope or limitation and (ii) seeks every Communication with any Person about Azima's confidential business plans or proposals, which would apply to numerous documents and communications with countless Persons that have no relation or relevance to the claims and defenses in this case.

Subject to and without waiving its objections, Plaintiff states that it will conduct a reasonable search for and produce Communications about the trade secrets Defendants and their co-conspirators stole, misappropriated, and caused to be published and re-published. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

**9. Produce any Communications with any Person, including any entity, who had any role, or took any action, in connection with the preparation, development, modification and/or implementation of any of the business plans or proposals to which the Complaint refers in paragraph 102.**

12

2822828.1

**RESPONSE:** Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Azima objects to this Request because it seeks documents and communication that are irrelevant to any party's claim or defense and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. In particular, this Request (i) lacks any temporal scope or limitation and (ii) seeks every Communication with any Person about Azima's confidential business plans or proposals, which would apply to numerous documents and communications with countless Persons that have no relation or relevance to the claims and defenses in this case.

Subject to and without waiving its objections, Plaintiff states that it will conduct a reasonable search for and produce Communications about the trade secrets Defendants and their co-conspirators stole, misappropriated, and caused to be published and re-published. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

**10.    Produce all documents which you contend constitute "research supporting those [highly confidential business] plans and proposals (including costs and service productions)," as alleged in paragraph 102 of the Complaint, which you contend Defendants published or republished.**

**RESPONSE:** Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, Azima further objects to the Request as unreasonably cumulative and duplicative to the extent it is seeks documents or communications that are (i) already in the possession, custody, or control of Defendants or their co-conspirators; (ii) publicly available online because Defendants or their co-conspirators stole Azima's data and caused it to be published and re-published online; or (iii) have already been produced by either party in this action.

Subject to and without waiving its objections, and in accordance with the protective order in this case, Azima states that it will conduct a reasonable search for and produce all non-privileged documents of Azima that Defendants and their co-conspirators stole, misappropriated, published, and re-published, including the documents described in

13

2822828.1

Paragraph 102 of the Complaint. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

**11.      Produce all documents which you contend constitute "information concerning business strategies and opportunities," as alleged in paragraph 102 of the Complaint, which you contend Defendants published or republished.**

**RESPONSE:** Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, Azima further objects to the Request as unreasonably cumulative and duplicative to the extent it is seeks documents or communications that are (i) already in the possession, custody, or control of Defendants or their co-conspirators; (ii) publicly available online because Defendants or their co-conspirators stole Azima's data and caused it to be published and re-published online; or (iii) have already been produced by either party in this action.

Subject to and without waiving its objections, and in accordance with the protective order in this case, Azima states that it will conduct a reasonable search for and produce all non-privileged documents of Azima that Defendants and their co-conspirators stole, misappropriated, published, and re-published, including the documents described in Paragraph 102 of the Complaint. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

**12.      Produce all documents which you contend constitute "contacts for important business relationships[,]" as alleged in paragraph 102 of the Complaint, which you contend Defendants published or republished.**

**RESPONSE:** Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, Azima further objects to the Request as unreasonably cumulative and duplicative to the extent it is seeks documents or communications that are (i) already in the possession, custody, or control of Defendants or their co-conspirators; (ii) publicly available online because Defendants or their co-conspirators stole Azima's data and caused it to be published and re-published online; or (iii) have already been produced by either party in this action.

Subject to and without waiving its objections, and in accordance with

14

2822828.1

the protective order in this case, Azima states that it will conduct a reasonable search for and produce all non-privileged documents of Azima that Defendants and their co-conspirators stole, misappropriated, published, and re-published, including the documents described in Paragraph 102 of the Complaint. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

**13.     Produce all documents which you contend constitute, refer, or relate to "confidential internal price lists and confidential spreadsheets connected to contracts with the United States government to supply troops in Afghanistan[,]" as alleged in paragraph 108 of the Complaint, which you contend Defendants published or republished.**

**RESPONSE:** Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, Azima further objects to the Request as unreasonably cumulative and duplicative to the extent it is seeks documents or communications that are (i) already in the possession, custody, or control of Defendants or their co-conspirators; (ii) publicly available online because Defendants or their co-conspirators stole Azima's data and caused it to be published and re-published online; or (iii) have already been produced by either party in this action.

Subject to and without waiving its objections, and in accordance with the protective order in this case, Azima states that it will conduct a reasonable search for and produce all non-privileged documents of Azima that Defendants and their co-conspirators stole, misappropriated, published, and re-published, including the documents described in Paragraph 108 of the Complaint. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

**14.     To the extent not previously produced in response to Requests 1 to 7, produce all documents which you contend constitutes a trade secret within the meaning of N.C. Gen. Stat. § 66-152, which you contend Defendants published or republished.**

**RESPONSE:** Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, Azima further objects to the Request as unreasonably cumulative and duplicative to the extent it is seeks documents or

2822828.1

communications that are (i) already in the possession, custody, or control of Defendants or their co-conspirators; (ii) publicly available online because Defendants or their co-conspirators stole Azima's data and caused it to be published and re-published online; or (iii) have already been produced by either party in this action.

Subject to and without waiving its objections, and in accordance with the protective order in this case, Azima states that it will conduct a reasonable search for and produce all non-privileged documents of Azima that Defendants and their co-conspirators stole, misappropriated, published, and re-published. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

**15. Produce all documents concerning your allegations in the Complaint that the Trade Secrets referenced in the Complaint had "independent actual and potential economic value."**

**RESPONSE:** Plaintiff objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Azima objects to this Request because it seeks documents and communication that are irrelevant to any party's claim or defense and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Specifically, this Request (i) lacks any temporal scope or limitation; (ii) seeks "all" documents related to the "independent actual and potential econcomic value" of trade secrets misappropriated by Defendants and their co-conspirators, which could conceivably include numerous documents that have little relevance to the claims and defenses in this case and would thus be disproportionate to the needs of this case; and (iii) is particularly burdensome because it seeks confidential and sensitive documents and communications about Azima's trade secrets. Azima further objects to this Request to the extent it seeks premature expert discovery, which will be provided—if necessary—at the appropriate time.

Subject to and without waiving its objections, and in accordance with the protective order in this case, Azima states that it will conduct a reasonable search for and produce non-privileged documents sufficient to show the independent actual and potential economic value of Azima's trade secrets that were stolen, misappropriated, and wrongfully published or re-published by Defendants and their co-conspirators. Responsive documents have already been produced in response to Defendants' RFP Nos. 16-18.

2822828.1

**16.** **Produce all documents that You, Your Attorneys, or Your Agents downloaded from the WeTransfer links which you contend were modified in May 2018 and "contained copies of Azima's stolen data[,]" as alleged in paragraph 24 of the Complaint.**

RESPONSE: Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, Azima further objects to the Request as unreasonably cumulative and duplicative to the extent it is seeks documents or communications that are (i) already in the possession, custody, or control of Defendants or their co-conspirators; (ii) publicly available online because Defendants or their co-conspirators stole Azima's data and caused it to be published and re-published online; or (iii) have already been produced by either party in this action. Azima objects to this Request to the extent it suggests that Azima alleged that he or any of his agents downloaded documents from WeTransfer on a certain date. Paragraph 24 of the Complaint alleges only that "[i]n May and June 2018, the blog sites were modified to include new links to WeTransfer sites that contained copies of Azima's stolen data."

Subject to and without waiving its objections, Azima produced all publicly available documents that Azima downloaded from WeTransfer and which Azima contends are trade secrets that Defendants and their co-conspirators stole, misappropriated, and caused to be wrongfully published or re-published online. The production of trade secrets contained therein does not waive any argument that the trade secrets were still trade secrets before they were misappropriated and published onto the public domain destroying their secrecy. The production also includes privileged documents that were placed on the public domain without Azima's consent and are already in Defendants' possession without Azima's consent. Accordingly, those documents remain privileged and this production does not waive any privilege protections that apply.

**17.** **Produce all documents concerning those documents that You, Your Attorneys, or Your Agents downloaded from the WeTransfer links which you contend were modified in June 2018 and "contained copies of Azima's stolen data[,]" as alleged in paragraph 24 of the Complaint.**

RESPONSE: Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Under Rule 26(b)(2)(C) of the Federal

2822828.1

Civil Procedure, Azima further objects to the Request as unreasonably cumulative and duplicative to the extent it is seeks documents or communications that are (i) already in the possession, custody, or control of Defendants or their co-conspirators; (ii) publicly available online because Defendants or their co-conspirators stole Azima's data and caused it to be published and re-published online; or (iii) have already been produced by either party in this action. Azima objects to this Request to the extent it suggests that Azima alleged Paragraph 24 that he or any of his agents downloaded documents from WeTransfer. Paragraph 24 of the Complaint alleges only that "[i]n May and June 2018, the blog sites were modified to include new links to WeTransfer sites that contained copies of Azima's stolen data."

Subject to and without waiving its objections, Azima produced all publicly available documents that Azima downloaded from WeTransfer and which Azima contends are trade secrets that Defendants and their co-conspirators stole, misappropriated, and caused to be wrongfully published or re-published online. The production of trade secrets contained therein does not waive any argument that the trade secrets were still trade secrets before they were misappropriated and published onto the public domain destroying their secrecy. The production also includes privileged documents that were placed on the public domain without Azima's consent and are already in Defendants' possession without Azima's consent. Accordingly, those documents remain privileged and this production does not waive any privilege protections that apply.

**18.    Produce all documents concerning those documents that You, Your Attorneys, or Your Agents downloaded from the WeTransfer links which you contend were modified in June 2019 and contained "some of Azima's stolen data[,]" as alleged in paragraph 26 of the Complaint.**

**RESPONSE:** Azima objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, Azima further objects to the Request as unreasonably cumulative and duplicative to the extent it is seeks documents or communications that are (i) already in the possession, custody, or control of Defendants or their co-conspirators; (ii) publicly available online because Defendants or their co-conspirators stole Azima's data and caused it to be published and re-published online; or (iii) have already been produced by either party in this action. Azima objects to this Request to the extent it suggests that Azima alleged that he or any of his agents downloaded documents from WeTransfer in June 2019. Paragraph 26 of the Complaint

2822828.1

alleges only that "[i]n June 2019, the links on the blog sites were modified to include new WeTransfer links containing some of Azima's stolen data," and "[t]hese links, as with all the links to copies of Azima's stolen data, were not authorized by Azima."

Subject to and without waiving its objections, Azima produced all publicly available documents that Azima downloaded from WeTransfer and which Azima contends are trade secrets that Defendants and their co-conspirators stole, misappropriated, and caused to be wrongfully published or re-published online. The production of trade secrets contained therein does not waive any argument that the trade secrets were still trade secrets before they were misappropriated and published onto the public domain destroying their secrecy. The production also includes privileged documents that were placed on the public domain without Azima's consent and are already in Defendants' possession without Azima's consent. Accordingly, those documents remain privileged and this production does not waive any privilege protections that apply.

**19. Produce all documents, communications, and information concerning or supporting your allegation or belief that "CyberRoot regularly used WeTransfer links to transfer data to Vital[,]" as alleged in paragraph 24 of the Complaint.**

**RESPONSE:** Plaintiff objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Azima objects to this Request's statement that the quoted language appears in Paragraph 24 of the Complaint; the quoted language appears in Paragraph 25 of the Complaint.

If privileged and work product documents are not excluded from the scope of the Requests, either by agreement or by Court order, Azima will provide a categorical description of documents withheld on privilege grounds, but will not search for or provide any description of privileged communications with Azima's litigation counsel.

Subject to and without waiving its objections, Plaintiff states that it will conduct a reasonable search for and produce all non-privileged documents and communications that support his allegations in Paragraph 24 of the Complaint.

**20. Produce all documents, communications, and information concerning those documents supporting your allegation or belief that "CyberRoot set up the WeTransfer account using the email account an_james@protonmail.ch[,]" as alleged in paragraph 25 of the Complaint.**

19

2822828.1

**RESPONSE:** Plaintiff objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint defense or common interest privilege, attorney work product doctrine, or any other applicable privilege.

If privileged and work product documents are not excluded from the scope of the Request, Azima will provide a categorical description of documents withheld on privilege grounds, but will not search for or provide any description of privileged communications with Azima's litigation counsel.

Subject to and without waiving its objections, Plaintiff states that it will conduct a reasonable search for and produce all non-privileged documents and communications that support his allegations in Paragraph 25 of the Complaint.

**21.    Produce all documents concerning communication and information supporting your allegation or belief that Defendants' payments to CyberRoot were used to pay for "the distribution of Azima's stolen data[,]" as alleged in paragraph 30 of the Complaint.**

**RESPONSE:** Plaintiff objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint defense or common interest privilege, attorney work product doctrine, or any other applicable privilege.

If privileged and work product documents are not excluded from the scope of the Request, Azima will provide a categorical description of documents withheld on privilege grounds, but will not search for or provide any description of privileged communications with Azima's litigation counsel.

Subject to and without waiving its objections, Plaintiff states that it will conduct a reasonable search for and produce all non-privileged documents and communications that support his allegations in Paragraph 30 of the Complaint.

**22.    Produce all documents concerning any communications by You, Your Attorneys, Your Agents, Aditya Jain, and/or Jonas Rey with Belltrox, concerning or supporting your allegation or belief that Belltrox was involved in the publication or republication of your data, as alleged throughout the Complaint, including in paragraphs 3, 4, 20, 16, 17, and 20.**

**RESPONSE:** Plaintiff objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine,

2822828.1

or any other applicable privilege.

If privileged and work product documents are not excluded from the scope of the Request, Azima will provide a categorical description of documents withheld on privilege grounds, but will not search for or provide any description of privileged communications with Azima's litigation counsel.

Subject to and without waiving its objections, Plaintiff states that it will conduct a reasonable search for and produce all non-privileged documents and communications that support his allegations in Paragraphs 3, 4, 20, 16, 17, and 20 of the Complaint.

**23.    Produce all documents concerning any communications by You, Your Attorneys, Your Agents, Aditya Jain, and/or Jonas Rey with CyberRoot, including but not limited to Vikash Pandey, Vijay Bisht, the "whistleblower" to which the Stokoe Law Firm referred on page 15 of the Memorandum in Support of its application pursuant to 28 U.S.C. §1782, and/or the "anonymous" source referenced on page 9 of the Memorandum in Support of the 28 U.S.C. § 1782 Application of Cameron Findlay; concerning your allegation or belief that CyberRoot was involved in the publication or republication of your data, as alleged throughout the Complaint, including in paragraphs 2-6, 16-22, and 29-33.**

**RESPONSE:**  Plaintiff objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Azima further objects to this Request because it seeks documents and communication that are irrelevant to any party's claim or defense and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. In particular, Azima objects to the Request because it (i) lacks any temporal scope or limitation and (ii) seeks communications related to statements by Stokoe Law Firm in pleadings in other cases and is thus overbroad, unduly burdensome, and disproportionate to the needs of this case.

If privileged and work product documents are not excluded from the scope of the Request, Azima will provide a categorical description of documents withheld on privilege grounds, but will not search for or provide any description of privileged communications with Azima's litigation

2822828.1

counsel.

Subject to and without waiving its objections, Plaintiff states that it will conduct a reasonable search for and produce all non-privileged documents and communications that support his allegations in Paragraphs 2-6, 16-22, and 29-33 of the Complaint.

**24. Produce all documents concerning any communications by You, Your Attorneys, Your Agents, Aditya Jain, and/or Jonas Rey reflecting actual, promised, or offered payments, remuneration, reimbursement for expenses or disbursements, consulting agreement(s) or consideration of any type, in connection with requests or transmittal of information concerning your allegation or belief that CyberRoot was involved in the publication or republication of your data, as alleged throughout the Complaint, including in paragraphs 2-6, 16-22, 29-33.**

**RESPONSE:** Plaintiff objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Azima further objects to this Request because it seeks documents and communication that are irrelevant to any party's claim or defense and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. In particular, this Request lacks any temporal scope or limitation.

If privileged and work product documents are not excluded from the scope of the Request, Azima will provide a categorical description of documents withheld on privilege grounds, but will not search for or provide any description of privileged communications with Azima's litigation counsel.

Subject to and without waiving its objections, Plaintiff states that it will conduct a reasonable search for and produce all non-privileged documents and communications that support his allegations in Paragraphs 2-6, 16-22, and 29-33 of the Complaint.

**25. Produce all documents which evidence, refer, or relate to any economic or other damages, harm, or injury that You claim You sustained as a result of any and all acts alleged in the Complaint.**

2822828.1

**RESPONSE:** Plaintiff objects to this Request to the extent it requests documents or communications protected by the attorney-client privilege, joint litigation defense privilege, attorney work product doctrine, or any other applicable privilege. Azima objects to this Request because it seeks documents and communication that are irrelevant to any party's claim or defense and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Request (i) lacks any temporal scope or limitation and (ii) is particularly burdensome because it seeks confidential and sensitive documents and communications about profit and revenue from confidential business plans and proposals. Azima further objects to this Request to the extent it seeks premature expert discovery, which will be provided—if necessary—at the appropriate time.

Subject to and without waiving its objections, Azima will conduct a reasonable search for and produce non-privileged documents sufficient to show his damages caused by Defendants and their co-conspirators stealing, misappropriating, and wrongfully publishing Azima's trade secrets and confidential data. Azima will also supplement his responses to this Request as expert discovery progresses.

Dated: May 1, 2023

Respectfully submitted,
 */s/ Jonathon D. Townsend*
Jonathon D. Townsend (N.C. State. Bar No. 51751)
Ripley Rand (N.C. State Bar No. 22275)
Christopher W. Jones (N.C. State Bar No. 27625)
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Tel: (919) 755-2100
Fax: (919) 755-2150
Email: jonathon.townsend@wbd-us.com

Kirby D. Behre (*pro hac vice*)
Tim O'Toole (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Lauren Briggerman (*pro hac vice*)
Joseph Rillotta (*pro hac vice*)
Calvin Lee (*pro hac vice*)
MILLER & CHEVALIER CHARTERED
900 Sixteenth Street, NW
Washington, D.C. 20005

2822828.1

Telephone: (202) 626-5800
Facsimile: (202) 626-5801
Email: kbehre@milchev.com

*Attorneys for Plaintiff Farhad Azima*

2822828.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2023, I caused true and correct

copies of the foregoing to be served via Federal Express and email on the following:

Brandon S. Neuman
Jeffrey M. Kelly
John E. Branch, III
Nathaniel J. Pencook
Sam A. Rosenthal
Nelson Mullins Riley & Scarborough, LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Email: brandon.neuman@nelsonmullins.com
Email: jeff.kelly@nelsonmullins.com
Email: john.branch@nelsonmullins.com
Email: nate.pencook@nelsonmullins.com
Email: sam.rosenthal@nelsonmullins.com

*Counsel for Defendants Nicholas Del Rosso and Vital Management Services, Inc.*

        */s/ Jonathon D. Townsend*
Jonathon D. Townsend (N.C. State Bar 51751)
Ripley Rand (N.C. State Bar No. 22275)
Christopher W. Jones (N.C. State Bar No. 27625)
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Tel: (919) 755-2100
Fax: (919) 755-2150
Email: jonathon.townsend@wbd-us.com

*Attorneys for Plaintiff Farhad Azima*

2822828.1