# EXHIBIT F

(Plaintiff's 6/12/23 Responses and Objections
to Defendants' First Set of Interrogatories)

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CASE NO. 20-cv-954-WO-JLW

FARHAD AZIMA,

    Plaintiff,

    v.

NICHOLAS DEL ROSSO and VITAL
MANAGEMENT SERVICES, INC.,

    Defendants.

**PLAINTIFF FARHAD AZIMA'S RESPONSES AND OBJECTIONS TO THE FIRST SET OF INTERROGATORIES FROM DEFENDANTS NICHOLAS DEL ROSSO AND VITAL MANAGEMENT SERVICES, INC. (NOS. 1-12)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Farhad Azima ("Plaintiff" or "Azima") serves the following responses and objections to the First Set of Interrogatories served by Defendants Nicholas Del Rosso and Vital Management Services, Inc. (the "Interrogatories").

## PRELIMINARY STATEMENT

Fact discovery in this matter ends July 1, 2023, and expert discovery ends on August 1, 2023. Despite these rapidly approaching deadlines, discovery has barely begun because of Defendants' delay tactics and obstruction. Defendants have challenged essentially every discovery request from Azima while refusing to respond substantively to Azima's interrogatories or produce essentially any documents other than those Defendants and their co-conspirators stole from him. Defendants blocked meaningful testimony at Defendant Del Rosso's deposition and unilaterally canceled Defendant Vital Management Services' deposition. There are now fourteen (14) discovery motions pending before the Court, almost all of which are attempts by

Defendants or related third parties to block discovery. Before these Interrogatories were even served, Defendants requested a stay of all discovery. *See* ECF No. 205. Plaintiff objects to Defendants attempts to engage solely in one-sided discovery in this matter, refusing to provide any information while expecting Plaintiff to participate fully in discovery. Given the pending discovery motions and Defendants' obstruction, these Interrogatories are premature and inappropriate. Plaintiff responds below, but will supplement these responses at a later date pursuant to Federal Rule of Civil Procedure 26(e) once discovery has advanced. Defendants cannot refuse to meaningfully participate in discovery, request discovery should be halted, and then expect Plaintiff to provide detailed answers to Defendants' objectionable Interrogatories while they provide nothing at all.

## GENERAL OBJECTIONS

1.      Azima objects to the Interrogatories to the extent they contradict or seek to impose obligations on Azima that exceed the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the Middle District of North Carolina, an order of the Court, or any other applicable law or rule.

2.      Azima objects to the Interrogatories to the extent they purport to require Azima to provide information that is subject to or protected by the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, or any other applicable claim of privilege or related protective doctrine.

3.      Azima objects to the Interrogatories to the extent they seek information that are not in Azima's possession, custody, or control.

4.     Azima objects to the Interrogatories to the extent they seek information that is irrelevant to any party's claims or defenses and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5.     Azima objects to the Interrogatories to the extent they seek information that is outside the scope of discovery that Defendants have used to govern discovery in this matter.

6.     Azima objects to the Interrogatories to the extent they improperly impose a continuing obligation on Azima to supplement his discovery responses that is greater than the duty of supplementation established by Rule 26(e) of the Federal Rules of Civil Procedure. Azima will supplement his responses and objections as required by the Federal Rules of Civil Procedure, the Local Rules for the Middle District of North Carolina, or other applicable Court orders, rules or laws.

7.     Azima objects to the Interrogatories to the extent they seek information that Defendants have already had ample opportunity to obtain through discovery in this action.

8.     Subject to General Objection 6, discovery in this matter is ongoing and Azima reserves the right to supplement his responses as necessary.

9.     Azima's responses are made without waiving, in any way, the right to object on any proper grounds to the use of any such information, for any purpose, in

3

whole or in part, in any subsequent proceeding in this action or in any other action, or on any grounds, at any time, to any other Requests or Interrogatories or proceeding involving or relating to the subject matter of these disclosures.

## **OBJECTIONS TO SPECIFIC DEFINITIONS OR INSTRUCTIONS**

10. Azima objects to the definition of "Plaintiff" as overbroad because it defines those terms as any "present or former agents, employees, representatives, or any other person action his [Azima's] behalf, including attorneys." Azima has been involved in international and domestic business for several decades and thus he has employed many agents, employees, representatives, and attorneys who have no connection to this case and performed no act related to the claims and defenses in this case. Azima also objects to this definition to the extent it seeks information, documents, or communications protected by the attorney-client privilege, joint defense or common interest privilege, attorney work product doctrine, or any other applicable privilege. Based on and subject to these objections, Azima will interpret the term "Plaintiff" to mean Mr. Farhad Azima and his counsel of record in this matter.

11. Azima objects to the definitions of "Document," "Documents," and "Communications" to the extent those definitions contradict or expand the definition of those terms under applicable law. Azima further objects to the definition of metadata to the extent it contradicts the definition of metadata in the Federal Rules of Civil Procedure or applicable law or imposes obligations on Azima that exceed the obligations of the Federal Rules of Civil Procedure, the Local Rules for the Middle District of North Carolina, or any other applicable law.

4

12.     Azima objects to the definitions of "wire statements" and "financial account statements" to the extent those definitions contradict or expand the definitions of those terms under applicable law. Azima further objects to these definitions to the extent they purport to require Azima to produce burdensome and/or duplicative records. Azima further objects to these definitions to the extent they impose obligations on Azima that exceed the obligations of the Federal Rules of Civil Procedure, the Local Rules for the Middle District of North Carolina, or any other applicable law.

13.     Azima objects to the definition of "calendar records" to the extent it requires Azima to produce disproportionate, burdensome, and/or duplicative records in violation of Federal Rule of Civil Procedure 26. Azima further objects to this definition to the extent it imposes obligations on Azima that exceed the obligations of the Federal Rules of Civil Procedure, the Local Rules for the Middle District of North Carolina, or any other applicable law.

14.     Azima objects to the definition of "Transaction" to the extent it contradicts or expands the definition of this term under applicable law. Azima further objects to this definition to the extent it to refers to "planned, proposed, [or] contemplated" Transactions that are outside the scope of discovery in Federal Rule of Civil Procedure 26. Azima further objects to this definition to the extent it imposes obligations on Azima that exceed the obligations of the Federal Rules of Civil Procedure, the Local Rules for the Middle District of North Carolina, or any other applicable law.

15. Azima objects to Instruction 1 to the extent it requires Azima to provide infromation from entities or individuals outside of his possession, custody, or control. Azima further objects to this instruction to the extent it imposes additional obligations on Azima other than the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the Middle District of North Carolina, or any other applicable law.

16. Azima objects to Instruction 2-7 to the extent they impose additional obligations on Azima other than the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the Middle District of North Carolina, or any other applicable law.

17. Azima objects to Instruction 9 to the extent it imposes additional obligations on Azima other than the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the Middle District of North Carolina, or any other applicable law.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1**: Describe in detail, and identify all Persons with knowledge of, the complete factual and legal basis for your contention that Defendants hired CyberRoot (assisted by BellTroX) to publish Plaintiff's data in 2018 and 2019 (*See* Compl. ¶¶ 16, 19, 22).

**RESPONSE**:   Azima objects to this Interrogatory as premature and unduly burdensome.   Defendants have not meaningfully engaged in discovery, and have obstructed nearly all discovery requested by Plaintiff. The Court is considering at least 14 discovery motions, including a motions by Defendants to stay all discovery and significantly limit the appropriate scope.   Plaintiff will supplement these responses, if necessary, following resolution of the outstanding discovery disputes.

Azima further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, trial preparation protection, or any other applicable privilege.

Azima further objects to this Interrogatory to the extent it seeks information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Azima further objects to this Interrogatory as unreasonably cumulative and duplicative to the extent it is seeks information that is (i) already in the possession, custody, or control of Defendants or their co-conspirators; or (ii) has already been produced in this action.   Azima has produced 354,745 Bates stamped documents, while Defendants have produced almost nothing.

Azima further objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, or, in the alternative, involves an opinion or conclusion that relates to fact or the application of law to fact.   A response to this Interrogatory should be deferred until discovery has been completed.   Accord Fed. R. Civ. P. 33(a)(2).

Subject to and without waiving the foregoing objections, and consistent with his understanding of the preceding Interrogatory, Plaintiff responds:

Some of the persons with knowledge of Defendants' engagement of CyberRoot include:

(1) Defendant Nicholas Del Rosso,
(2) Defendant Vital Management Services, Inc.
(3) Kristen White Del Rosso,
(4) GH Holding LLC,
(5) Leo Del Rosso,
(6) Shanahan Law Group, PLLC,
(7) Kieran Shanahan,
(8) Nelson Mullins, Riley, and Scarborough, LLP,

(9) Brandon Neuman,
(10)    Chris Swecker,
(11)    Chris Swecker Enterprises LLP,
(12)    Dechert LLP,
(13)    David Neil Gerrard,
(14)    David Hughes,
(15)    James Buchanan,
(16)    Naser Bustami,
(17)    Sheik Saud bin Saqr Al Qasimi,
(18)    Craig Thomas Evers,
(19)    KARV Communications,
(20)    Amir Handjani,
(21)    Andrew Frank,
(22)    Stuart Page,
(23)    Majdi Halabi,
(24)    Amit Forlit,
(25)    Insight Analysis and Research LLC,
(26)    SDC-Gadot LLC,
(27)    Gary Lowe,
(28)    Patrick Grayson,
(29)    Paul Robinson,
(30)    Steve McIntyre,
(31)    Stratzen, Ltd.,
(32)    Rosenblatt Ltd.,
(33)    Sidley Austin LLP
(34)    Allen & Overy LLP
(35)    Northern Technologies Inc.,
(36)    Richard Garcia,
(37)    Jessica Gray Samson,
(38)    Bob Lottero,
(39)    Meta,
(40)    WeTransfer,
(41)    Cloudinary, Inc.,
(42)    Aditya Jain, and
(43)    CyberRoot.

Some of the factual bases for Plaintiff's claims include: Defendants have admitted to hiring and paying CyberRoot more than $1 million. ECF No. 86 ¶ 29. Meta has published a report finding that CyberRoot is a hack-for-hire company and banning it from its platform. Aditya Jain has admitted that Defendants ordered him and paid him to hack numerous individuals, including Plaintiff. Defendants had Plaintiff's stolen documents in their possession prior to August 2016. Defendants prepared reports about Plaintiff's hacked data, including as early as 2014. Defendant Vital, which is a one-person company, was paid more than $30

8

million for its work in connection with Plaintiff. After this lawsuit was filed, Defendants contacted Aditya Jain to create a false, backdated contract to explain the payments from Defendants to a hacker.

**INTERROGATORY NO. 2: Describe in detail, and identify all Persons with knowledge of, the complete factual and legal basis for your contention that Defendants and/or CyberRoot used WeTransfer to transfer and publish Plaintiff's data in 2018 and 2019. (*See* Compl. ¶¶ 24–26).**

**RESPONSE**: Azima objects to this Interrogatory as premature and unduly burdensome. Defendants have not meaningfully engaged in discovery, and have obstructed nearly all discovery requested by Plaintiff. The Court is considering at least 14 discovery motions, including a motions by Defendants to stay all discovery and significantly limit the appropriate scope. Plaintiff will supplement these responses, if necessary, following resolution of the outstanding discovery disputes.

Azima further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, trial preparation protection, or any other applicable privilege.

Azima further objects to this Interrogatory to the extent it seeks information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Azima further objects to this Interrogatory as unreasonably cumulative and duplicative to the extent it seeks information that is (i) already in the possession, custody, or control of Defendants or their co-conspirators; or (ii) has already been produced in this action. Azima has produced 354,745 Bates stamped documents, while Defendants have produced almost nothing.

Azima further objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, or, in the alternative, involves an opinion or conclusion that relates to fact or the application of law to fact. A response to this Interrogatory should be deferred until discovery has been completed. Accord Fed. R. Civ. P. 33(a)(2).

Subject to and without waiving the foregoing objections, and consistent with his understanding of the preceding Interrogatory, Plaintiff responds:

In addition to the information provided in response to Interrogatory No. 1, Plaintiffs' stolen data was published on blog sites. Those blog sites included WeTransfer links, and Defendants have produced Plaintiffs' stolen data from those WeTransfer links. In addition, Aditya Jain has admitted that Defendants transferred stolen data via WeTransfer.

9

**INTERROGATORY NO. 3:** In an April 5, 2023 cover letter to Plaintiff's first response to Defendants' First Set of Requests for Production, Plaintiff explained that the enclosed production includes "documents published on WeTransfer, including Plaintiff's [purported] trade secrets." Within said production, identify by Bates number and describe in detail each alleged Trade Secret that Plaintiff contends that Defendants have misappropriated or unlawfully used or disclosed by purportedly publishing this information, including in May and June of 2018 and June 2019, as alleged in the Complaint.

**RESPONSE**: Azima objects to this Interrogatory as premature and unduly burdensome. Defendants have not meaningfully engaged in discovery, and have obstructed nearly all discovery requested by Plaintiff. The Court is considering at least 14 discovery motions, including a motions by Defendants to stay all discovery and significantly limit the appropriate scope. Plaintiff will supplement these responses, if necessary, following resolution of the outstanding discovery disputes.

Azima further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, trial preparation protection, or any other applicable privilege.

Azima further objects to this Interrogatory to the extent it seeks information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Azima further objects to this Interrogatory as unreasonably cumulative and duplicative to the extent it is seeks information that is (i) already in the possession, custody, or control of Defendants or their co-conspirators; or (ii) has already been produced in this action. Azima has produced 354,745 Bates stamped documents, while Defendants have produced almost nothing.

Azima further objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, or, in the alternative, involves an opinion or conclusion that relates to fact or the application of law to fact. A response to this Interrogatory should be deferred until discovery has been completed. Accord Fed. R. Civ. P. 33(a)(2).

**INTERROGATORY NO. 4**: To the extent not included in response to Interrogatory No. 3, identify and describe in detail all other alleged Trade Secrets that Plaintiff contends that Defendants have misappropriated or unlawfully used or disclosed by purportedly publishing this information, including in May and June of 2018 and June 2019, as alleged in the Complaint.

**RESPONSE**: Azima objects to this Interrogatory as premature and unduly burdensome. Defendants have not meaningfully engaged in discovery, and have obstructed nearly all discovery requested by Plaintiff. The Court is considering at least 14 discovery motions, including a motions by Defendants to stay all discovery and significantly limit the appropriate scope. Plaintiff will supplement these responses, if necessary, following resolution of the outstanding discovery disputes.

    Azima further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, trial preparation protection, or any other applicable privilege.

    Azima further objects to this Interrogatory to the extent it seeks information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

    Azima further objects to this Interrogatory as unreasonably cumulative and duplicative to the extent it is seeks information that is (i) already in the possession, custody, or control of Defendants or their co-conspirators; or (ii) has already been produced in this action. Azima has produced 354,745 Bates stamped documents, while Defendants have produced almost nothing.

    Azima further objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, or, in the alternative, involves an opinion or conclusion that relates to fact or the application of law to fact. A response to this Interrogatory should be deferred until discovery has been completed. Accord Fed. R. Civ. P. 33(a)(2).

**INTERROGATORY NO. 5**: For each alleged Trade Secret identified in Your response to ROG Nos. 3 and 4, identify and describe all facts supporting Farhad Azima's ownership of *each* alleged Trade Secret, including all other Persons with knowledge of or an interest in each alleged Trade Secret.

**RESPONSE**: Azima objects to this Interrogatory as premature and unduly burdensome. Defendants have not meaningfully engaged in discovery, and have obstructed nearly all discovery requested by Plaintiff. The Court is considering at least 14 discovery motions, including a motions by Defendants to stay all discovery

11

and significantly limit the appropriate scope. Plaintiff will supplement these responses, if necessary, following resolution of the outstanding discovery disputes.

Azima further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, trial preparation protection, or any other applicable privilege.

Azima further objects to this Interrogatory to the extent it seeks information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Azima further objects to this Interrogatory as unreasonably cumulative and duplicative to the extent it is seeks information that is (i) already in the possession, custody, or control of Defendants or their co-conspirators; or (ii) has already been produced in this action. Azima has produced 354,745 Bates stamped documents, while Defendants have produced almost nothing.

Azima further objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, or, in the alternative, involves an opinion or conclusion that relates to fact or the application of law to fact. A response to this Interrogatory should be deferred until discovery has been completed. Accord Fed. R. Civ. P. 33(a)(2).

**INTERROGATORY NO. 6**: For each alleged Trade Secret identified in Your response to ROG Nos. 3 and 4, explain and describe all facts regarding how *each* alleged Trade Secret derives independent, actual, or potential commercial value from not being generally known or readily ascertainable through independent development or reverse engineering by Persons who can obtain economic value from its disclosure or use.

**RESPONSE**: Azima objects to this Interrogatory as premature and unduly burdensome. Defendants have not meaningfully engaged in discovery, and have obstructed nearly all discovery requested by Plaintiff. The Court is considering at least 14 discovery motions, including a motions by Defendants to stay all discovery and significantly limit the appropriate scope. Plaintiff will supplement these responses, if necessary, following resolution of the outstanding discovery disputes.

Azima further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, trial preparation protection, or any other applicable privilege.

Azima further objects to this Interrogatory to the extent it seeks information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Azima further objects to this Interrogatory as unreasonably cumulative and duplicative to the extent it is seeks information that is (i) already in the possession, custody, or control of Defendants or their co-conspirators; or (ii) has already been produced in this action. Azima has produced 354,745 Bates stamped documents, while Defendants have produced nothing.

Azima further objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, or, in the alternative, involves an opinion or conclusion that relates to fact or the application of law to fact. A response to this Interrogatory should be deferred until discovery has been completed. Accord Fed. R. Civ. P. 33(a)(2).

**INTERROGATORY NO. 7**: For each alleged Trade Secret identified and described in Your responses to ROG Nos. 3 and 4, describe in detail all measures taken by Plaintiff to preserve the secrecy and confidentiality of *each* alleged Trade Secret.

**RESPONSE:** Azima objects to this Interrogatory as premature and unduly burdensome. Defendants have not meaningfully engaged in discovery, and have obstructed nearly all discovery requested by Plaintiff. The Court is considering at least 14 discovery motions, including a motions by Defendants to stay all discovery and significantly limit the appropriate scope. Plaintiff will supplement these responses, if necessary, following resolution of the outstanding discovery disputes.

Azima further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, trial preparation protection, or any other applicable privilege.

Azima further objects to this Interrogatory to the extent it seeks information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Azima further objects to this Interrogatory as unreasonably cumulative and duplicative to the extent it is seeks information that is (i) already in the possession, custody, or control of Defendants or their co-conspirators; or (ii) has already been produced in this action. Azima has produced 354,745 Bates stamped documents, while Defendants have produced almost nothing.

Azima further objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, or, in the alternative, involves an opinion or conclusion that relates to fact or the application of law to fact. A response to this Interrogatory should be deferred until discovery has been completed. Accord Fed. R. Civ. P. 33(a)(2).

13

**INTERROGATORY NO. 8:** **For each alleged Trade Secret identified in Your response to ROG Nos. 3 and 4, describe in detail the complete factual basis for Your contention that Defendants misappropriated (*i.e.*, acquired, disclosed, or used) *each* alleged Trade Secret, and identify all Persons with knowledge thereof.**

**RESPONSE**: Azima objects to this Interrogatory as premature and unduly burdensome. Defendants have not meaningfully engaged in discovery, and have obstructed nearly all discovery requested by Plaintiff. The Court is considering at least 14 discovery motions, including a motions by Defendants to stay all discovery and significantly limit the appropriate scope. Plaintiff will supplement these responses, if necessary, following resolution of the outstanding discovery disputes.

Azima further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, trial preparation protection, or any other applicable privilege.

Azima further objects to this Interrogatory to the extent it seeks information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Azima further objects to this Interrogatory as unreasonably cumulative and duplicative to the extent it is seeks information that is (i) already in the possession, custody, or control of Defendants or their co-conspirators; or (ii) has already been produced in this action. Azima has produced 354,745 Bates stamped documents, while Defendants have produced almost nothing.

Azima further objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, or, in the alternative, involves an opinion or conclusion that relates to fact or the application of law to fact. A response to this Interrogatory should be deferred until discovery has been completed. Accord Fed. R. Civ. P. 33(a)(2).

**INTERROGATORY NO. 9:** **Describe in detail Your communications with journalists, media outlets, or reporters, including Thomson Reuters, on matters related to Defendants, BellTroX, CyberRoot, WeTransfer, or the subject matter of this lawsuit.**

**RESPONSE**: Azima objects to this Interrogatory as premature and unduly burdensome. Defendants have not meaningfully engaged in discovery, and have obstructed nearly all discovery requested by Plaintiff. The Court is considering at least 14 discovery motions, including a motions by Defendants to stay all discovery and significantly limit the appropriate scope. Plaintiff will supplement these

responses, if necessary, following resolution of the outstanding discovery disputes.

Azima further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, trial preparation protection, or any other applicable privilege.

Azima further objects to this Interrogatory to the extent it seeks information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Azima further objects to this Interrogatory as unreasonably cumulative and duplicative to the extent it is seeks information that is (i) already in the possession, custody, or control of Defendants or their co-conspirators; or (ii) has already been produced in this action. Azima has produced 354,745 Bates stamped documents, while Defendants have produced almost nothing.

Azima further objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, or, in the alternative, involves an opinion or conclusion that relates to fact or the application of law to fact. A response to this Interrogatory should be deferred until discovery has been completed. Accord Fed. R. Civ. P. 33(a)(2).

**INTERROGATORY NO. 10**: State the amount of monetary damages You seek in this proceeding, describing in detail each element of damages included in this amount, the method of calculation or formula for each element and category of damages, the factual basis and legal theories of liability You contend entitle You to recovery, and the amount of damages You contend is attributable to each of Your two remaining claims for relief.

**RESPONSE**: Azima objects to this Interrogatory as premature and unduly burdensome. Defendants have not meaningfully engaged in discovery, and have obstructed nearly all discovery requested by Plaintiff. The Court is considering at least 14 discovery motions, including a motions by Defendants to stay all discovery and significantly limit the appropriate scope. Plaintiff will supplement these responses, if necessary, following resolution of the outstanding discovery disputes.

Azima further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, trial preparation protection, or any other applicable privilege.

Azima further objects to this Interrogatory to the extent it seeks information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

 Azima further objects to this Interrogatory as unreasonably cumulative and duplicative to the extent it is seeks information that is (i) already in the possession, custody, or control of Defendants or their co-conspirators; or (ii) has already been produced in this action. Azima has produced 354,745 Bates stamped documents, while Defendants have produced almost nothing.

 Azima further objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, or, in the alternative, involves an opinion or conclusion that relates to fact or the application of law to fact. A response to this Interrogatory should be deferred until discovery has been completed. Accord Fed. R. Civ. P. 33(a)(2).

**<u>INTERROGATORY NO. 11</u>: Identify each of the witnesses whom Your counsel stated during the November 15, 2022 case management conference would provide testimony, witness statements, or other information supporting Your allegation that Defendants were involved in hacking Your devices or republishing Your data in 2018 or 2019. For each Person identified, state with specificity the date on which such information was provided, the Person to whom such information was provided, and the method of communicating any and all such information.**

**RESPONSE**: Azima objects to this Interrogatory as premature and unduly burdensome.  Defendants have not meaningfully engaged in discovery, and have obstructed nearly all discovery requested by Plaintiff. The Court is considering at least 14 discovery motions, including a motions by Defendants to stay all discovery and significantly limit the appropriate scope. Plaintiff will supplement these responses, if necessary, following resolution of the outstanding discovery disputes.

 Azima further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, trial preparation protection, or any other applicable privilege.

 Azima further objects to this Interrogatory to the extent it seeks information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

 Azima further objects to this Interrogatory as unreasonably cumulative and duplicative to the extent it is seeks information that is (i) already in the possession, custody, or control of Defendants or their co-conspirators; or (ii) has already been produced in this action. Azima has produced 354,745 Bates stamped documents, while Defendants have produced almost nothing.

 Azima further objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, or, in the alternative, involves an opinion or conclusion

that relates to fact or the application of law to fact. A response to this Interrogatory should be deferred until discovery has been completed. Accord Fed. R. Civ. P. 33(a)(2).

Subject to and without waiving the foregoing objections, and consistent with his understanding of the preceding Interrogatory, Plaintiff responds:

This Interrogatory appears to refer to a U.K. "case management conference" at which Plaintiff's counsel would not have participated. Plaintiff previously provided a list of individuals with knowledge and information supportive of his claims in his initial disclosures and above.

**INTERROGATORY NO. 11:**[1] **Describe in detail how You obtained information supporting Your representation in Paragraph 115 of the Complaint that Defendants "paid CyberRoot more than $1 million[,]" including the date on which You were told or otherwise informed about any payments by Defendants to CyberRoot, the identity of the Person or Persons who provided You with that information, the substance of their information, the identification of any documents delivered in communicating that information, and the substance of the information provided to You.**

**RESPONSE**: Azima objects to this Interrogatory as premature and unduly burdensome. Defendants have not meaningfully engaged in discovery, and have obstructed nearly all discovery requested by Plaintiff. The Court is considering at least 14 discovery motions, including a motions by Defendants to stay all discovery and significantly limit the appropriate scope. Plaintiff will supplement these responses, if necessary, following resolution of the outstanding discovery disputes.

Azima further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, trial preparation protection, or any other applicable privilege.

Azima further objects to this Interrogatory to the extent it seeks information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Azima further objects to this Interrogatory as unreasonably cumulative and duplicative to the extent it is seeks information that is (i) already in the possession, custody, or control of Defendants or their co-conspirators; or (ii) has already been produced in this action. Azima has produced 354,745 Bates stamped documents, while Defendants have produced almost nothing.

Azima further objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, or, in the alternative, involves an opinion or conclusion

---

[1] Defendants' Interrogatories include two Interrogatories No. 11.

that relates to fact or the application of law to fact. A response to this Interrogatory should be deferred until discovery has been completed. Accord Fed. R. Civ. P. 33(a)(2).

Subject to and without waiving the foregoing objections, and consistent with his understanding of the preceding Interrogatory, Plaintiff responds:

Defendants have admitted in their Answer that "VMS's total payments to CyberRoot over multiple years exceeded $1 million." ECF No. 86 ¶ 29.

**INTERROGATORY NO. 12: In Plaintiff's Opposition to the Motion of Craig Evers to Quash Third-Party Subpoenas, You state that "Plaintiff has evidence that Evers worked for Del Rosso to communicate with hackers whom Del Rosso directed to obtain Azima's stolen data." (*See* D.E. 212, at pp. 8–9). Identify and describe in detail the "evidence" that forms the basis for this contention, including all Persons with knowledge of this "evidence", and all facts and legal bases for your contention that "Del Rosso directed [hackers] to obtain Azima's stolen data."**

RESPONSE: Azima objects to this Interrogatory as premature and unduly burdensome. Defendants have not meaningfully engaged in discovery, and have obstructed nearly all discovery requested by Plaintiff. The Court is considering at least 14 discovery motions, including a motions by Defendants to stay all discovery and significantly limit the appropriate scope. Plaintiff will supplement these responses, if necessary, following resolution of the outstanding discovery disputes.

Azima further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, joint litigation defense or common interest privilege, attorney work product doctrine, trial preparation protection, or any other applicable privilege.

Azima further objects to this Interrogatory to the extent it seeks information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Azima further objects to this Interrogatory as unreasonably cumulative and duplicative to the extent it is seeks information that is (i) already in the possession, custody, or control of Defendants or their co-conspirators; or (ii) has already been produced in this action. Azima has produced 354,745 Bates stamped documents, while Defendants have produced almost nothing.

Azima further objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, or, in the alternative, involves an opinion or conclusion that relates to fact or the application of law to fact. A response to this Interrogatory should be deferred until discovery has been completed. Accord Fed. R. Civ. P. 33(a)(2).

Subject to and without waiving the foregoing objections, and consistent with

his understanding of the preceding Interrogatory, Plaintiff responds:

In addition to the information provided above, Aditya Jain has admitted that Evers worked for Del Rosso to communicate Jain, who was one of the hackers Del Rosso directed to obtain Azima's stolen data. Del Rosso also admitted in his deposition that Vital worked directly with Craig Evers. And Evers admitted in his filings that he worked with Defendants.

Dated: June 12, 2023

Respectfully submitted,

  /s/ Kirby D. Behre
Kirby D. Behre (*pro hac vice*)
Tim O'Toole (*pro hac vice*)
Lauren Briggerman (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
MILLER & CHEVALIER CHARTERED
900 Sixteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 626-5800
Facsimile: (202) 626-5801
Email: kbehre@milchev.com
totoole@milchev.com
lbriggerman@milchev.com
iherbert@milchev.com
clee@milchev.com
cmarden@milchev.com

Ripley Rand (N.C. State Bar No. 22275)
Christopher W. Jones (N.C. State Bar No. 27265)
Jonathon D. Townsend (N.C. State. Bar No. 51751)
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Tel: (919) 755-2100
Fax: (919) 755-2150
Email: ripley.rand@wbd-us.com
chris.jones@wbd-us.com
jonathon.townsend@wbd-us.com

*Attorneys for Plaintiff Farhad Azima*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2023, I caused true and correct copies of the foregoing to be served email on the following:

Brandon S. Neuman
Jeffrey M. Kelly
John E. Branch, III
Nathaniel J. Pencook
Nelson Mullins Riley & Scarborough, LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Email: brandon.neuman@nelsonmullins.com
Email: jeff.kelly@nelsonmullins.com
Email: john.branch@nelsonmullins.com
Email: nate.pencook@nelsonmullins.com

Sam A. Rosenthal
Nelson Mullins Riley & Scarborough, LLP
101 Constitution Avenue NW, Suite 900
Washington, D.C. 20001
Email: sam.rosenthal@nelsonmullins.com

*Counsel for Defendants Nicholas Del Rosso and Vital Management Services, Inc.*

  /s/ Ian Herbert
Ian Herbert (*pro hac vice*)
MILLER & CHEVALIER CHARTERED
900 Sixteenth Street, NW
Washington, D.C. 20005
Telephone:  (202) 626-5800
Facsimile:  (202) 626-5801
Email:   iherbert@milchev.com

*Attorney for Plaintiff Farhad Azima*

20