# EXHIBIT H

(John Branch's 6/23/23 letter to Rand and Behre)



**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
T: 919.329.3800  F: 919.329.3799
nelsonmullins.com

John E. Branch III
T: 919.329.3828
john.branch@nelsonmullins.com

June 23, 2023

**Via Email and U.S. Mail**

Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street
Suite 1100
Raleigh, NC 27601
Ripley.Rand@wbd-us.com

Ian A. Herbert
Kirby D. Behre
Miller & Chevalier Chartered
906 16th Street NW
Washington, DC 20006
iherbert@milchev.com
kbehre@milchev.com

RE:   *Azima v. Del Rosso*, MDNC Case No. 1:20-cv-954-WO-JLW
      Plaintiff's Refusal to Participate in Discovery on Remaining Claims

Counsel:

As you are aware, we have repeatedly sought information from Plaintiff concerning the basic elements of his remaining North Carolina Trade Secrets republication claim and the dependent civil conspiracy claim (the "Remaining Claims") under which the Court permitted his case to proceed.

Although we have posted our client for depositions, produced substantial documents responsive to the remaining claims, and pursued proportionate discovery of Plaintiff, it is evident from Plaintiff's ongoing conduct that he has never participated in discovery in good faith. Plaintiff's failure to participate in discovery only supports Defendants' position that Plaintiff fabricated this case to pursue broad information for use in other cases and for the benefit of Plaintiff's other co-conspirators.

Indeed, Plaintiff is refusing to provide *any* plausible explanation for how he came to learn the amount that Vital Management had paid CyberRoot for its lawful services, (*see* Pl.'s Resp. Interrog. No. 11-2), and does not deny that counsel attempted to pressure, *inter alios*, Vikash Pandey to provide false testimony supporting his case, (*see* D.E. 159-6, 159-7). Based on Plaintiff's refusal to provide a response on these

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | ILLINOIS | MARYLAND | MASSACHUSETTS | MINNESOTA
NEW YORK | NORTH CAROLINA | OHIO | PENNSYLVANIA | SOUTH CAROLINA | TENNESSEE | TEXAS | VIRGINIA | WEST VIRGINIA

Case 1:20-cv-00954-WO-JLW   Document 269-8   Filed 08/16/23   Page 2 of 5

issues, we can only conclude that, as shown by the Standard Chartered records and other evidence of record, Plaintiff is knowingly advancing this litigation through the use of information that he unlawfully obtained, including but not limited to CyberRoot's confidential financial information. Worse, Plaintiff appears to be using this unlawfully-obtained information to foment false allegations and frame Defendants.

In our recent correspondence concerning discovery, including our June 8, 2023 letter, we detailed that, among other issues:

- Plaintiff wholly failed to respond to Defendants' First Set of Interrogatories, thereby waiving all of his objections;

- Plaintiff failed to substantively respond to Defendants' Requests for Production of Documents, including requests calculated to allow Defendants to be able to identify Plaintiff's alleged trade secrets in his document production of 1,007,076 pages; and

- Plaintiff unilaterally cancelled the scheduled deposition of Mr. Azima in violation of law.

Plaintiff has not responded to our June 8 letter and, instead, issued bad faith "Responses and Objections" to Defendants' First Set of Interrogatories on June 12, 2023, despite Plaintiff having already waived any objections by his failure to timely respond to the interrogatories. Nevertheless, Plaintiff's Responses and Objections do not substantively respond to the Interrogatories and are another failure to respond under Rule 37(a)(4). For the avoidance of doubt:

- **Interrogatory No. 2**: Instead of answering the question about the factual and legal basis for Plaintiff's Remaining Claims – that Defendants or CyberRoot used WeTransfer to transfer and publish Plaintiff's data in 2018 and 2019 – Plaintiff does not provide a response as to his original allegations and, instead, appears to be improperly changing his theory to vague allegations concerning Plaintiff's agent, Aditya Jain;

- **Interrogatory Nos. 3, 4, 5, 6, 7, 8, and 10:** These interrogatories seek basic information concerning the elements of Plaintiff's remaining North Carolina Trade Secrets claim. Tellingly, Plaintiff only interposes boilerplate objections, which were waived, and, therefore:

    o Failed and refused to identify any purported trade secrets in his document productions in response to Defendants' First Set of Requests for Production (Interrogatory 3);

- o Failed and refused to identify any other documents containing Plaintiff's purported trade secrets that were allegedly republished in 2018 and 2019 using WeTransfer (Interrogatory 4);

- o Failed and refused to clarify whether he owns any of the purported trade secrets that were allegedly republished (Interrogatory 5);

- o Failed and refused to explain how each purported trade secret derives value from its secrecy (Interrogatory 6);

- o Failed and refused to describe any steps taken by Plaintiff to preserve the secrecy of the purported trade secrets (Interrogatory 7);

- o Failed and refused to explain, with respect to each purported trade secret, the basis for Plaintiff's position that Defendants misappropriated these purported trade secrets (Interrogatory 8); and

- o Failed and refused to provide *any* support for Plaintiff's claim for monetary damages as a result of the alleged misappropriation (Interrogatory 10).

- **Interrogatory No. 9**: Plaintiff has admitted to coordinating with journalists to develop the story he is now pursuing against Defendants. Given the mounting evidence that Plaintiff is relying on false witness statements to frame Defendants and CyberRoot, this interrogatory seeks details of communications with journalists, media outlets, or reporters regarding Defendants, BellTroX, CyberRoot, WeTransfer, and the subject matter of the lawsuit. Tellingly, Plaintiff refused to respond to this Interrogatory.

- **Interrogatory No. 11-1**: As you are aware, the case management conference in this case was held on November 15, 2022, as is reflected on the docket. At the courthouse that day, Mr. Behre represented to counsel for Defendants that he had "dozens of witness statements" which showed that Defendants engaged in hacking and leaking, but refused on that day to share the identity of those purported "witnesses." Interrogatory 11 seeks, among other things, the identity of all such witnesses and witness statements. With respect to Defendants' alleged involvement in the hacking or leaking of Plaintiff's data, we are only aware of the false witness statement executed by Plaintiff's agent, Jonas Rey. However, Plaintiff has refused to provide these witness statements, including as required by this Interrogatory.

- **Interrogatory No. 11-2**: This interrogatory seeks information regarding how Plaintiff obtained any information supporting Plaintiff's

representation in the Complaint that Defendants paid CyberRoot more than $1 million. Plaintiff responded with boilerplate objections (which were waived prior to their assertion, *see supra*), and then avoided answering the interrogatory by citing to Defendants' Answer. The only logical conclusion from Plaintiff's non-response is that he knowingly used stolen information to advance his claims in this case.

- **Interrogatory No. 12**: This interrogatory seeks all information supporting Plaintiff's assertion, in his brief opposing the Motion of Craig Evers to Quash Third-Party Subpoenas, that "Plaintiff has evidence that Evers worked for Del Rosso to communicate with hackers from whom Del Rosso directed to obtain Azima's stolen data." (D.E. 212, pp.8–9). Again, Plaintiff responded with a number of boilerplate objections, in addition to a vague substantive response that fails to meet the basic information sought in the interrogatory. Based on Plaintiff's response to Interrogatory 12, the only apparent basis for his assertion in his opposition brief is that "Aditya Jain has admitted that Evers worked for Del Rosso to communicate Jain" which, aside from being confusing and lacking any evidentiary basis, is devoid of any meaningful detail, and is therefore deficient.

The deficiencies specifically noted above are not all-inclusive. Please note that due to Plaintiff's refusal to participate in the discovery process in good faith, Defendants are prejudiced in their ability to, among other things, identify Plaintiff's trade secrets; determine whether Plaintiff's purported trade secrets actually qualify as trade secrets, including whether Plaintiff complied with the statutory requirements for trade secrets; or analyze Plaintiff's alleged damages. Defendants reserve all rights to seek relief as a result of Plaintiff's abuse of the discovery process, including but not limited to seeking the dismissal of Plaintiff's case and all associated costs and attorneys' fees, as may be allowable by law.

Best regards,

John E. Branch III

JB

cc: Chris Jones (via email)
Calvin Lee (via email)
Doug Hanna (via email)