UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954-WO-JLW

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendants.

**PLAINTIFF'S OPPOSITION TO THE MOTION OF NON-PARTY DECHERT LLP TO EXTEND DEADLINES (ECF NO. 251)**

Dechert LLP has a long history with Defendants and appears to have adopted Defendants' strategy of delay and obstructing discovery in this case. Dechert has had eight months to respond to the subpoena at issue here but has done little to do so. To date, it has simply produced a subset of what it produced in another case, without any regard to what the subpoena at issue calls for. It has even failed to collect documents from relevant custodians, as well as failed to perfect its purported claim of privilege, which in any event it lacks standing to make.

Dechert's relationship with Defendants goes back about a decade. Dechert was fully aware that Defendant Del Rosso had been accused of committing crimes to obtain information about adversaries but nevertheless hired Defendants. Dechert oversaw payments of more than $35 million to Defendants, and those funds were used to illegally hack Mr. Azima and others

1

and publish Mr. Azima's stolen data, including his trade secrets. Having firmly placed itself in Defendants' camp, Dechert's tactics and stonewalling should be viewed for what they are – an effort to keep the lid on the wrongdoings of the law firm and its well-paid right-hand man, Del Rosso. Given Dechert's essential admission that the crime fraud exception applies to conduct involving Del Rosso and requires it to produce documents it previously labeled as privileged, one would have thought that Dechert would have chosen to disassociate from Defendants, not embrace their questionable discovery practices.

## **ARGUMENT**

Dechert has violated the Court's July 25, 2023, Order by failing to produce all responsive documents and a detailed privilege log by the Court-imposed August 8 deadline. *See* ECF No. 248 at 16-19. Indeed, Dechert has produced *no new documents* in response to Plaintiff's subpoenas – and no privilege log whatsoever (Dechert has said it will produce one "eventually"). The only documents Dechert has turned over are a subset of those previously produced in separate litigation in the U.K. (the "U.K. Proceeding"), which Dechert repackaged with new Bates numbers and produced subject to improper redactions and indefensible privilege withholdings.

2

Dechert now requests, without any justification, an additional *two months* to comply with Plaintiff's subpoenas.[1] Dechert received Plaintiff's subpoenas in December 2022, and any purported burdens at this point in meeting the Court-imposed deadlines are entirely due to Dechert's own failure to take any steps to comply with the subpoena during the last eight months. Furthermore, the Court has already weighed and summarily rejected all of Dechert's objections to Plaintiff's subpoenas, including on relevance, burden, and privilege grounds. *See* ECF No. 248 at 16-19; *id.* at 18 (ruling that "Dechert has made nothing more than conclusory assertions of burden and privilege" and "[t]he information sought is relevant to the claims and defenses in this action").

By making this eleventh-hour filing, Dechert continues to adopt the same strategy of obfuscation and obstruction as Defendants, their co-conspirators. Judge Osteen has already admonished Defendants against filing frivolous motions for the purpose of delay and warned that such conduct is

---

[1] When faced with a court ordered deadline they did not think they could meet, most parties would have immediately sought more time from the Court. Dechert failed to do so here. Dechert waited until just days before the due date for its production to ask for additional time – thereby essentially granting itself an extension without allowing the Court to rule. The Defendants took an identical approach to its request to delay, waiting until the due date to ask the Court for more time and "clarification" of the Court's already-clear order. There can be little doubt that Dechert and Defendants are taking every opportunity to delay.

3

sanctionable. *See* ECF No. 79 at 12 (reminding Defendants "that Federal Rule of Civil Procedure 11(b)(1) requires that every court filing must not be intended to 'cause unnecessary delay'" and finding that the propriety of Defendants' motion "was questionable"). There is simply no justification for relitigating these objections after months of inactivity on Dechert's part and no basis to grant Dechert more time to comply with Plaintiff's subpoenas.

Dechert attempts to dress up its delay tactics by filing this motion partially under the guise of a purported "status report on discovery efforts." Then, in an attempt to justify their continued failure to respond to the subpoena, Dechert reports on the document production it made in a different case – as though somehow Dechert can discharge its duties under the subpoena by sending whatever it produced in that case. Dechert uses vague language to hide the fact that its alleged "discovery efforts" as to the subpoena here actually relate to the U.K. Proceeding, a *different proceeding* in a *different country* involving *different issues*, *different parties*, *different custodians*, *different search terms*, and *different rules of procedure and privilege*.[2] Put simply,

---

[2] The parties in the U.K. Proceeding began negotiating custodians and search terms in that matter in early 2022, nearly a year before Plaintiff issued subpoenas to Dechert in this litigation. The court in the U.K. Proceeding issued an order in May 2022 requiring the parties in that case to produce documents by October 2022, months before Azima issued his subpoenas. And by September 2022, Dechert's U.K. counsel had already begun reviewing documents responsive in that proceeding. Dechert's collection efforts therefore occurred prior to the issuance of Azima's subpoenas and were based on search

4

Dechert has not taken efforts prior to the Court's July 25 Order to comply with the specific subpoenas issued in this litigation. The production of documents in the U.K. Proceeding is no excuse for Dechert's failure to conduct a complete collection and review of documents tailored to Plaintiff's subpoenas from the time it received them. Accordingly, Dechert's motion should be summarily denied, and Dechert should be ordered to comply with the Court's Order forthwith.

Dechert also fails to disclose several key points that bear directly on Dechert's non-compliance and that disfavor granting an extension to comply.

1. **Dechert Essentially Admits that the Crime Fraud Exception Applies as to Plaintiff Azima.**

Dechert has essentially admitted that the crime fraud exception applies to documents it previously considered privileged and has produced those documents in this case. In July, Dechert's legal team took the unusual position that certain documents reflecting Dechert's legal advice and internal Dechert communications are not protected by legal privilege based on the "iniquity exception" under U.K. law, *see* ECF 250-1 ¶ 122, which is akin to the crime fraud exception under U.S. law. Dechert's attorneys identified two broad illegal purposes behind Dechert's communications and documents, which go to

---

terms and custodians tailored to the U.K. Proceeding and not this litigation. It is also our understanding, based on Dechert's newly-filed motion for an extension of time, that Dechert has not collected additional documents since receiving Plaintiff's subpoena.

5

the heart of the issues before this Court: Dechert's client, Ras Al Khaimah ("RAK")[3] was involved in (1) stealing Azima's information, including through the hacking of electronic data, and (2) misleading the U.K. court and Azima as to the involvement of RAK and its agents in hacking his data (*i.e.*, suborning perjury). *Id.* ¶¶ 136(1)-(2).

Dechert has now produced some of the documents related to those crimes in this case. Dechert's admission that the crime fraud exception applies prevents Dechert from claiming privilege and withholding documents related to Azima. Accordingly, Dechert must produce, and should not withhold on privilege grounds, any internal Dechert communications, or communications with its client and/or agents, that relate to the hacking of Azima or misleading the court or Azima about how it obtained Azima's hacked data. Dechert's claims of burden ring particularly hollow given the gravity of its own admissions, and the gravity of the allegations at issue. It should come as no surprise that a multi-million dollar hacking ring would have large quantities of relevant data.

---

[3] RAK is one of the emirates in the United Arab Emirates. RAKIA is the Ras Al Khaimah Investment Authority. For simplicity, we use "RAK" to refer to both.

6

## 2. Dechert Has Failed to Perfect Its Claim of Privilege as to RAK, Thus Resulting in a Privilege Waiver.

Notwithstanding its admission that the crime fraud exception applies, Dechert suggests that it will attempt to shield other documents by claiming privilege. Dechert's request for more time to produce a privilege log is based on the premise that Dechert may invoke a legal privilege held by its client, RAK. *See* ECF No. 251 ¶ 38 (stating that "it will take time for Dechert to complete a privilege log for the thousands of documents as to which Dechert's client has asserted privilege"). Dechert's representation that it needs more time to produce a log on behalf of RAK does not in any way come close to a formal invocation of RAK's privilege in this proceeding.

Of course, the privilege is held by the client, RAK, not by Dechert. But it is not at all apparent that RAK's interests are being furthered by Dechert's claims of privilege. To the contrary: RAK has withdrawn from the proceedings it initiated in the U.K., and in so doing it blamed Dechert's lead partner Neil Gerrard. In the U.K. Proceeding, RAK made a statement that it "may have been the victim[] of dishonest and unscrupulous former third party advisers," such as Dechert partner Neil Gerrard and others, "who have taken steps to advance their own interests for their own gains, and at RAK['s] expense." *See* Ex. 1 (Jun. 22, 2022 Letter from Dr. Naser Al Bustami and Mr. Mohamed Sultan Al Qadi to the U.K. court). RAK has also claimed that some of Dechert and Gerrard's misconduct was outside the scope of its engagement. *See* Ex. 2

7

(Apr. 1, 2022 Amended Defence of the Defendant to the Re-Re-Amended Counterclaim (RAKIA) ¶ 77AA.6) (stating that Gerrard's Swiss meeting to rehearse perjury was "outside the scope of the Dechert Retainer and instructions and RAKIA was not made aware that it was taking place"). And as discussed above, Dechert has essentially admitted that the crime fraud exception applies to at least some of Dechert's purportedly privileged documents and communications.

Under these circumstances, it is especially inappropriate that Dechert should attempt to assert RAK's privilege. Dechert has no right to invoke RAK's privilege solely to protect itself. Accordingly, Dechert should be ordered immediately to produce all responsive documents, including those over which RAK is the alleged privilege holder.

**3. Dechert Has Violated the Protective Order by Attempting to Cloak Its Entire Production in Improper Confidentiality Protections.**

In its continuing and concerted effort to keep the lid on criminal behavior, Dechert has violated the Protective Order, the Court's clear guidance, and the Court's Local Rules by designating every page of its production of documents as confidential, including clearly non-privileged materials such as Dechert conference room reservation requests and even slipsheets between documents. *See* Ex. 3 (Production Letter from D. Gopstein to C. Lee (Aug. 8, 2023)). These blanket designations contradict the Court's

8

July 25 Order that protective orders "'should be sparingly used and cautiously granted,'" *see* ECF No. 248 at 4 (citation omitted), and the Protective Order's strict limitation of confidentiality designations to information that a party contends, "in good faith," "contains trade secrets . . . , confidential financial information, confidential health information, information treated as confidential by third parties, and other personal or private information whose disclosure would result in annoyance, embarrassment, oppression, or undue burden . . . ." S*ee* ECF No. 177 at 2. Indeed, the Local Rules allow for the Court to impose sanctions, including attorney's fees, "for making unsupported or overly broad confidentiality designations . . . ." Local Civ. R. 5.4(a)(4).

Dechert's desperate designation of its entire document production as confidential, made in concert with Defendants' blanket confidential designation of its entire incomplete production, demonstrates a strategy of obstruction. Plaintiff has raised concerns about Defendants' and Dechert's impropriety and requested that they correct their confidentiality designations by August 18. *See* Ex. 4 (Letter from K. Behre to J. Branch and J. Quinn (Aug. 14, 2023)).

### 4. Dechert Has Failed to Collect from Custodians Relevant to Azima's Subpoena.

Dechert has failed to tailor the document custodians from whom it collected documents to Azima's subpoena and the issues in this case. Dechert

9

claims it collected documents from 16 custodians[4] for the U.K. case – a *different case* involving *different issues*, the scope and discovery protocols for which were negotiated prior to the issuance of this subpoena. While some of those custodians may overlap with those relevant in this case, Dechert has failed to independently identify custodians with potentially responsive documents in this case and collect documents from them. For example, Dechert has made no effort to collect documents from Dechert attorneys and staff who worked on matters related to Azima, including Andrew Levander, Caroline Black, Jonah Anderson, Lloyd Firth, and Hector Gonzalez, as well as their secretaries, all of whom were involved in meetings and/or correspondence regarding Mr. Azima according to Dechert's own (limited) production. Dechert also has failed to collect documents from third parties operating at Dechert's instructions whose documents are in its custody or control, including Patrick Grayson, Eitan Arusy, Northern Technologies Inc., KARV Communications Inc., Jessica Samson, and Richard Garcia. Dechert must conform its custodian list to the issues in Azima's subpoena, and, at a minimum, collect from the additional custodians identified above.

---

[4] To the extent that Dechert raises a burden argument regarding the 16 custodians, the burden is of Dechert's own creation because it elected to use the same custodians as those in the U.K. Proceeding and waited months to prepare for responding to the subpoena.

## 5. Dechert Has Failed to Produce Any New Documents Responsive to Azima's Subpoena.

Dechert has produced no new documents and no privilege log as required. Instead, it simply repackaged what it did in another case. This feigned compliance is a far cry from the "substantial production" Dechert foreshadowed to the Court in its motion. *See* ECF No. 251 ¶ 40. Furthermore, Dechert made the production without waiving any of the objections set forth in its original Responses and Objections to Azima's subpoena, flagrantly disregarding the Court's July 25 Order summarily rejecting those objections. *See* Ex. 4 at 1. Dechert has doubled down by taking the position that it will not produce any more documents unless and until the Court rules on its Motion for Clarification, in yet another attempt to rebuff the Court's July 25 Order and to continue to delay this case. *See id.* ("Dechert will follow today's production with rolling supplemental productions to complete its obligations pursuant to the Subpoena, *subject to any forthcoming Court order regarding the scope of discovery*.") (emphasis added). In so doing, Dechert has taken the remarkable position that it has the unilateral right to define the scope of discovery despite the Court's Order rejecting all of Dechert's previous objections.

Moreover, Dechert's motion reveals the many steps it has failed to take to comply with Azima's subpoena nearly eight months later. Dechert has *not reviewed* any documents potentially responsive to subpoena request 5 beyond

those they incidentally disclosed in the U.K. litigation (ECF No. 251 ¶ 32), *not collected or reviewed* any documents related to visitor logs (*id.* ¶ 33), *not collected or reviewed* any documents after August 31, 2020 (*id.* ¶ 34), and *not collected or reviewed* documents related to all of RAK's engagements with Dechert (*id.* ¶ 35). Dechert offers no explanation for having declined to take these steps over the past eight months, but any burden created by its failure to do so is of Dechert's own making.

## **CONCLUSION**

Dechert has failed to comply with Plaintiff's subpoenas for nearly eight months and now seeks on its own to change the Court's clear ruling rejecting its baseless objections. There has been enough obfuscation and delay. For the reasons stated above, Dechert's motion should be summarily denied, and Dechert should be ordered to comply with the Court's July 25, 2023, Order immediately.

This, the 18th day of August, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand*
Ripley Rand
North Carolina State Bar No. 22275
Christopher W. Jones
North Carolina State Bar No. 27265
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: ripley.rand@wbd-us.com
chris.jones@wbd-us.com

-and-

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren E. Briggerman (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com
Email: totoole@milchev.com
Email: lbriggerman@milchev.com
Email: iherbert@milchev.com
Email: clee@milchev.com
Email: cmarden@milchev.com

*Counsel for Plaintiff*

## CERTIFICATE OF WORD COUNT

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This memorandum contains fewer than 6,250 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

/s/ Ripley Rand
Ripley Rand
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>　Plaintiff,<br><br>　v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT<br>SERVICES, INC.,<br><br>　Defendants. | **CERTIFICATE OF SERVICE** |

　I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

　Brandon S. Neuman, Esq.
　John Branch, III, Esq.
　Jeffrey M. Kelly, Esq.
　Nathaniel J. Pencook, Esq.
　NELSON MULLINS RILEY & SCARBOROUGH, LLP
　301 Hillsborough Street, Suite 1400
　Raleigh, NC 27603
　brandon.neuman@nelsonmullins.com
　jeff.kelly@nelsonmullins.com
　nate.pencook@nelsonmullins.com
　john.branch@nelsonmullins.com
　Tel.: 919.329.3800
　Fax.: 919.329.3799

Samuel A. Rosenthal
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW, Suite 900
Washington, DC 20001
Tel.: 202-689-2951
Fax: 202-689-2860
sam.rosenthal@nelsonmullins.com

*Counsel for Defendants*

John C. Quinn
Sean Hecker
David Gopstein
**Kaplan Hecker & Fink LLP**
350 Fifth Avenue, Suite 63rd Floor
New York, NY 10118
212-763-0883
Fax: 212-564-0883
Email: jquinn@kaplanhecker.com
Email: shecker@kaplanhecker.com
Email: dgopstein@kaplanhecker.com

Daniel D. Adams
Kearns Davis
**Brooks Pierce McLendon Humphrey & Leonard, LLP**
2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401
Tel. (336) 373-8850
Fax (336) 378-1001
Email: dadams@brookspierce.com
Email: kdavis@brookspierce.com

*Counsel for Non-Party Dechert LLP*

This, the 18th day of August, 2023.

                                        **WOMBLE BOND DICKINSON (US) LLP**

                                        /s/ *Ripley Rand*
                                        Ripley Rand
                                        North Carolina State Bar No. 22275
                                        555 Fayetteville Street, Suite 1100
                                        Raleigh, NC 27601
                                        Telephone: (919) 755-8125
                                        Facsimile: (919) 755-6752
                                        Email: ripley.rand@wbd-us.com

                                        *Counsel for Plaintiff*