# Exhibit 4

# Miller & Chevalier

Kirby D. Behre
Member
(202) 626-5960
kbehre@milchev.com

August 14, 2023

**Via Email**

John E. Branch III
Nelson Mullins Riley & Scarborough LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603

John Quinn, Esq.
Kaplan Hecker & Fink LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118

      Re:    *Azima v. Del Rosso*, **1:20-cv-954 (M.D.N.C.)**:
                **Defendants' and Dechert's Violations of the Court-Entered**
                **Protective Order**

Dear Mr. Branch and Mr. Quinn:

      We write regarding your clients' failures to comply with the Protective Order in the referenced case.

      By an Order dated July 25, 2023, the Court held that protective orders under Rule 26(c) "should be sparingly used and cautiously granted." ECF No. 248 at 4. The Protective Order limits confidentiality designations to information that a party contends, "in good faith," "contains trade secrets, confidential research or development, confidential commercial information, confidential financial information, confidential health information, information treated as confidential by third parties, and other personal or private information whose disclosure would result in annoyance, embarrassment, oppression, or undue burden . . . ." *See* ECF No. 177 at 2 (defining acceptable confidentiality designation categories). The Court made clear that you have abused confidentiality designations. *See* ECF No. 264 at 6 n. 5 ("Defendants have not otherwise complied with the local rules of this Court, even while requesting to send proposed redactions for the Court's consideration . . . , they have not done so although considerable time has passed."); *id.* at 8 ("the information Defendants seek to seal generally does not disclose of content subject to sealing."): *id.* at 9 ("Further, it is unclear how disclosure of such information would 'harm' Defendants' business interests.").

      Moreover, Local Rule 5.4(a)(4) states: "The Court may impose sanctions, including attorney's fees, for filing unsupported or overly broad motions to seal, or for making unsupported or overly broad confidentiality designations that are not appropriately narrowed following a request and that necessitate the filing of a motion to seal by another party." The Protective Order

Miller & Chevalier Chartered . 900 16th Street NW . Black Lives Matter Plaza . Washington, DC 20006
T 202.626.5800 . millerchevalier.com

Case 1:20-cv-00954-WO-JLW   Document 271-4   Filed 08/18/23   Page 2 of 6

entered in this case does not revise or readjust these rules. It does not create a paradigm in which your clients may engage in bad-faith, overbroad designations in an effort to shift the burden of denying access to open courts from your clients. It cannot serve as a shield in which every document that is produced may be designated as confidential merely because your clients would prefer that the public not know of their contents. No doubt both parties will seek to use documents you have produced in filings, depositions, and other proceedings in this matter. By wildly over-designating, you are intentionally creating a circumstance in which the expense, time, and complexity created by unnecessary confidentiality designations will bog down motion practice and trial practice in this case.

Your clients have violated the Protective Order, the Court's clear guidance, and the Local Rules by designating every single page in your productions confidential – right down to the slip sheets. You are required to make such designations document by document and have failed to do so. Your sweeping designations clearly were not made "sparingly" or in "good faith" and violate the Court-entered Protective Order. Based on the foregoing, Plaintiff is satisfied that your clients have violated the Protective Order and is further satisfied that your violation has rendered your designations null and void. As such, our view is that the burden is on your clients to reassess, redesignate and support any existing designations that you wish to perpetuate. Should you refuse, then our further view is that your clients must engage in whatever motion-practice you believe appropriate, but Plaintiff will not treat the documents as Confidential so long as Defendants are abusing the process, violating the order and making a mockery of the Court's efforts to advance discovery and to administrate justice in this case.

By example only (and not intended as a complete recitation), you have improperly designated the following documents as confidential:

*Defendants*

- 20230808 VMS Privilege Log: You have designated each page of your 111-page privilege log as confidential. Your log merely contains information about the sender, recipient, subject line, and date of communications you claim are privileged. This log does not contain trade secrets, research, commercial information, financial information, or health information contemplated under the Protective Order.

- DEFS(MDNC20cv954)_0765107: This is an outlook appointment for a January 19, 2017 meeting between Defendant Nicholas Del Rosso, David Hughes, Linda Goldstein, and Northern Technology, Inc. ("NTi") in Dechert's Boston office. While we appreciate that this document appears to establish a meeting of co-conspirators to discuss the use of Plaintiff's hacked data, that is no basis to designate the document confidential. This six-year-old appointment does not contain trade secrets, research, commercial information, financial information, or health information contemplated under the Protective Order.

- DEFS(MDNC20cv954)_0764272: This is a July 31, 2018 email conversation between Defendant Del Rosso, Patrick Grayson, and Anthony Harris discussing the

Ruler's "Current Problems with Massaad, Azima etc." and "dirt" on Plaintiff through the "hacking incident." If there are specific provisions of this document that should be kept confidential, you must so designate. But this five-year-old commentary on litigation involving Plaintiff cannot be designated confidential under the Protective Order, as it does not contain trade secrets, research, commercial information, financial information, or health information contemplated under the Protective Order.

- DEFS(MDNC20cv954)_0764367: This is a Google calendar invite[1] for an April 5, 2018 hour-long call organized by Defendant Del Rosso involving Chris Swecker, Brandon Neuman, Jeff Kelly, Kieran Shanahan, Neil Gerrard, and Matthew Banham. There is no basis to designate the document confidential. This five-year-old appointment does not contain trade secrets, research, commercial information, financial information, or health information contemplated under the Protective Order.

- DEFS(MDNC20cv954)_0764460: This is an outlook appointment acceptance showing Defendant Del Rosso accept his invite to a December 14, 2017 meeting with Dechert partner Miriam Gonzalez. We see no basis for how this appointment acceptance can be designated confidential. This six-year-old invite acceptance does not contain trade secrets, research, commercial information, financial information, or health information contemplated under the Protective Order.

    o Please also confirm that Dechert will conduct additional searches with Miriam Gonzalez as a custodian for relevant documents. Additionally, please confirm that Dechert will search James Croock's documents as a custodian, as he attended a November 9, 2016 meeting among conspirators Gerrard and Stuart Page. *See* DECNC-00003222.

*Dechert LLP*

- DECNC-00003231: This document is a room reservation request on behalf of Neil Gerrard for a December 13, 2016 meeting with Jamie Buchanan, Nicholas Del Rosso, Andrew Frank, Amir Handjani, Nadav Hashimshony, and Stuart Page in Dechert's London office. While we can appreciate that this reveals a conspiratorial meeting with some attendees that have publicly advertised their hacking abilities, that is not a basis to designate the document confidential. This room reservation does not contain trade secrets, research, commercial information, financial information, or health information contemplated under the Protective Order.

- DECNC-00004085: This document is a March 27, 2015 email from Neil Gerrard to Stuart Page, Jamie Buchanan, Gavin Watson, and Caroline Black, discussing whether Dechert should formally instruct Page "(as we have with Nick Del Rosso)

---

[1] Additionally, please confirm that Defendants have searched their GoTo Meeting accounts for responsive documents.

so as to attempt to cover any work product under Legal Professional Privilege." While we appreciate that this document suggests an attempt to cloak misconduct in legal privilege, the questions raised by this email are no basis to designate the document confidential. This email does not contain trade secrets, research, commercial information, financial information, or health information contemplated under the Protective Order.

- o Please also confirm that Dechert will run additional searches with Caroline Black as custodian.

- DECNC-00004090: This document is a May 30, 2015 hacking report which appears to include Jamie Buchanan's suggestions of "a plan to launder the evidence utilizing a US PR firm we are familiar with, and knows how to handle this kind of material and make it admissible." If there are specific provisions of this document that should be kept confidential, you must so designate. But the suggestion to launder stolen emails through KARV Communications cannot be designated confidential under the Protective Order, as it certainly does not contain trade secrets, research, commercial information, financial information, or health information contemplated under the Protective Order.

- DECNC-00004761: This document is a November 26, 2019 email between Gerrard and his secretary, where his secretary reminds Gerrard he said "not to put [his flight to the Perjury School in Zurich] in the diary or tell anyone where [he]'d be." There is no basis to designate this email confidential. This email does not contain trade secrets, research, commercial information, financial information, or health information contemplated under the Protective Order.

- DECNC-00004785: This document is a May 23, 2015 email from Jamie Buchanan to Neil Gerrard telling Gerrard to pick up a hacking report from Buchanan's bedside table which contains "all Naser [Bustami] was looking for from Nick." While evidence of a Project Beech hacking report being handed off secretly in this manner is damning, this email has no basis for a confidential designation. This email does not contain trade secrets, research, commercial information, financial information, or health information contemplated under the Protective Order.

- DECNC-00004979: This document is a set of notes taken by Dechert's Brett Kohlhofer during an October 12, 2018 call with Stuart Page, David Hughes, Joe Mitchell, and Linda Goldstein. During the call, Page admits that "at request of NG, we were asked to put together an explanation; Page was specifically instructed to "support [Andrew Frank] and [Stuart Leach] of [Bell Pottinger] to look at what might be out there at the time" on Azima. Additionally, Linda Goldstein questions whether one reason Defendants retained NTi was to "insulate [Page] and [Page Group] from disclosure if there were litigation." While these recorded admissions raise serious questions about Dechert's active involvement in the false story regarding the "discovery" of Plaintiff's hacked documents, that is no basis to designate the notes as confidential. The notes do not contain trade secrets, research,

4

Case 1:20-cv-00954-WO-JLW   Document 271-4   Filed 08/18/23   Page 5 of 6

commercial information, financial information, or health information contemplated under the Protective Order.

Additionally, Defendants' over-designations extend to Defendant Del Rosso's February 13 and 14, 2023 deposition transcripts, and Plaintiff will treat all transcript confidentiality designations as null and void. Defendants repeatedly designated as confidential answers in which Defendant Del Rosso claimed no knowledge or denied any involvement, which by definition cannot be confidential. For instance, Defendant Del Rosso's answer that he did not know who hacked Khater Massaad (Feb. 13, 2023 Tr. 12:12-13) and denial that Amir Handjani offered to pay Del Rosso's legal expenses (*id.* at 37:20-24) are not valid confidentiality designations. These transcript sections do not implicate any trade secrets, research, commercial information, financial information, or health information contemplated under the Protective Order. Furthermore, questions asked by Plaintiff's counsel are patently outside the permissible scope of Defendants' confidentiality designations – those words belong to Plaintiff, not Defendants. We intend to file Defendant Del Rosso's entire deposition transcript as part of an upcoming motion. Accordingly, as with your over-designated document production, please justify each section of the deposition transcript you wish to designate as confidential within five days (by Friday, August 18). We will entertain any "good faith" designations made by that deadline.

The above-listed documents are just a few examples of your improper confidentiality designations; in fact, very few if any of the documents you produced are deemed confidential under the protective order. As a result of your failure to comply with the Protective Order, we will treat your blanket confidential designation of your August 8 productions as null and void. To the extent that you "in good faith" believe that some subset of the relevant documents fall within the parameters of the Protective Order, the Court's orders, and the Local Rules, then you may redesignate by Friday, August 18. However, given your past violations and abuse, any designation that does not include an attendant justification (such that the Plaintiff and the Court can easily understand the reason for the designation) will be treated as null and void. As of Friday, August 18, any documents not appropriately designated will be treated as non-confidential.

Sincerely,

Kirby D. Behre

5