UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>　　Defendants. | **PLAINTIFF'S RESPONSE TO THE MOTION FOR EXTENSION OF TIME BY CHRISTOPHER SWECKER AND CHRISTOPHER SWECKER ENTERPRISES, LLC (ECF NO. 255)** |

　　Non-parties Christopher Swecker and Christopher Swecker Enterprises, LLC (collectively "Movants") were served with the subpoena at issue nearly seven months ago (on January 24, 2023). During that time, they have not produced a single document or a privilege log, and have failed to provide support for their privilege contentions, including basic information such as engagement letters. Movants have violated the Court's Order of July 25, 2023, but now seek more time to comply. Movants' delay appears to be part of a concerted effort with Defendants and Dechert LLP to delay and obstruct discovery in this case for as long as possible.

　　Movants now ask for an additional six-and-a-half weeks to produce <u>any</u> of their responsive documents due to a death in Mr. Swecker's family in July and a last-minute, voluntary change of counsel. While Plaintiff is sympathetic to Mr. Swecker and extends his condolences for Mr. Swecker's loss, production

under this subpoena was originally due on February 8, 2023, and the Court ordered production of all responsive documents by August 8, 2023. There is no indication that Movants have taken any steps to comply with the subpoena. They have not produced a single document (of which they potentially have "several thousand"), nor have they begun (or even promised) any rolling production that would begin to comply with the Court's Order. Plaintiff agreed to a 10-day extension of time due to the death in Mr. Swecker's family, but that new deadline was ignored. More than six weeks is an unnecessarily long extension request, particularly when there are only 12 weeks remaining in the discovery period. At the time of this filing, Movants have had four weeks to comply with the subpoena but have not produced a single document.

In addition, Movants suggest that they may withhold some documents for privilege, but Movants have not supported that contention with any documentary evidence such as engagement letters. In a February 7, 2023, declaration, Mr. Swecker claimed that he worked for Defendants but said that even the nature of his services was "confidential and protected by the attorney client privilege." ECF No. 153-2 ¶¶ 4-5. Recent discovery, however, demonstrates that Mr. Swecker attended numerous meetings with Dechert LLP, Northern Technology Inc., and others who worked for Ras Al Khaimah.[*]

---

[*]Defendants and Dechert continue to legend every document produced in this case as confidential, making motions practice burdensome on Plaintiff

It appears from the limited facts made available thus far in discovery that Mr. Swecker was engaged to work for RAK rather than as Defendants' personal lawyer. If that is true, RAK – not Mr. Swecker – must assert any purported privilege, which it has not done during the almost three-year pendency of this case.

In addition, Dechert has already essentially admitted that the crime fraud exception applied to at least some of its communications with Swecker. *See* ECF No. 271 at 5-6. Indeed, Dechert has produced email correspondence between its agent Defendant Nicholas Del Rosso and Swecker that was originally labeled "privileged," thereby waiving any remaining purported privilege. Furthermore, RAK has disavowed some of the conduct by its third-party advisors – such as Dechert and Defendants – as being outside of any privileged relationship. Movants' privilege claims will have to be evaluated in the context of the crime fraud exception, after Movants (or the appropriate privilege holders) produce any engagement letters and related communications about the scope of any engagement. Movants' request for a significant extension – almost to the end of discovery – may result in even more delays, potentially beyond the close of discovery ordered by the Court.

---

and the Court. Plaintiff will deal with this unreasonable and burdensome position in due course, but at this time does not wish to burden the Court with additional motions to seal.

The Court should reject Movants' request for additional time and order production immediately. Plaintiff consented to a 10-day extension of time, but Movant has missed that deadline as well. At the very least, Movants should immediately begin a rolling production and produce all engagement letters and any other documents supporting any privilege contention they intend to make so that the Court has time to consider any disputes about the scope of any purported privilege prior to the Court-ordered close of discovery on October 31, 2023. The Court should not allow Movants to run out the clock until the end of discovery before they produce even a single document.

## CONCLUSION

For the reasons stated above, Movants' motion for extension of time should be denied.

This, the 18th day of August, 2023.

        **WOMBLE BOND DICKINSON (US) LLP**

        */s/ Ripley Rand*
        Ripley Rand
        North Carolina State Bar No. 22275
        Christopher W. Jones
        North Carolina State Bar No. 27265
        555 Fayetteville Street, Suite 1100
        Raleigh, North Carolina 27601
        Phone: 919-755-2100
        Fax: 919-755-2150
        Email:   ripley.rand@wbd-us.com
                      chris.jones@wbd-us.com
        -and-

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren Briggerman (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com
Email: totoole@milchev.com
Email: lbriggerman@milchev.com
Email: iherbert@milchev.com
Email: clee@milchev.com
Email: cmarden@milchev.com

*Counsel for Plaintiff*

**CERTIFICATE OF WORD COUNT**

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This memorandum contains fewer than 6,250 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

*/s/ Ripley Rand*
Ripley Rand
Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CASE NO. 20-CV-954-WO-JLW

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and
VITAL MANAGEMENT
SERVICES, INC.,

    Defendants.

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

    Brandon S. Neuman, Esq.
    John Branch, III, Esq.
    Jeffrey M. Kelly, Esq.
    Nathaniel J. Pencook, Esq.
    NELSON MULLINS RILEY & SCARBOROUGH, LLP
    301 Hillsborough Street, Suite 1400
    Raleigh, NC 27603
    brandon.neuman@nelsonmullins.com
    jeff.kelly@nelsonmullins.com
    nate.pencook@nelsonmullins.com
    john.branch@nelsonmullins.com
    Tel.: 919.329.3800

Samuel A. Rosenthal, Esq.
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW, Suite 900
Washington, DC 20001
Tel.: 202-689-2951
sam.rosenthal@nelsonmullins.com

*Counsel for Defendants*

Richard S. Glaser, Jr., Esq.
Parker Poe Adams & Bernstein LLP
Bank of America Tower
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Tel.: 704-335-9531
Email: rickglaser@parkerpoe.com

Nana Asante-Smith, Esq.
Parker Poe Adams & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Tel.: 919-835-4683
Email: nanaasantesmith@parkerpoe.com

*Counsel for Christopher Swecker and Christopher Swecker Enterprises, LLC*

This, the 18th day of August, 2023.

                                            **WOMBLE BOND DICKINSON (US) LLP**

                                            /s/ *Ripley Rand*
                                            Ripley Rand
                                            North Carolina State Bar No. 22275
                                            555 Fayetteville Street, Suite 1100
                                            Raleigh, NC 27601
                                            Telephone: (919) 755-8125
                                            Facsimile: (919) 755-6752
                                            Email: ripley.rand@wbd-us.com

                                            *Counsel for Plaintiff*