# Exhibit 1

```
     IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
          Case No.: 20-CV-954

FARHAD AZIMA,                )
                             )
        Plaintiff,            )
                             )
     vs.                     )
                             )
NICHOLAS DEL ROSSO and VITAL )
MANAGEMENT SERVICES, INC.,   )
                             )
        Defendants.          )
_____
```

DEPOSITION OF NICHOLAS DEL ROSSO

Volume I

Contains Confidential Testimony

_____

2:07 P.M.

Monday, February 13, 2023

_____

By: Lisa Taylor, RPR

1

```
 1              A P P E A R A N C E S
 2    On behalf of the Plaintiff:
 3        MILLER & CHEVALIER CHARTERED
          BY:  KIRBY D. BEHRE, ESQ.
 4             IAN HERBERT, ESQ.
          900 16th Street NW
 5        Washington, DC 20006
          (202)626-5800
 6        kbehre@milchev.com
          iherbert@milchev.com
 7
          WOMBLE BOND DICKINSON (US), LLP
 8        BY:  CHRISTOPHER W. JONES, ESQ.
          555 Fayetteville Street
 9        Suite 1100
          Raleigh, NC 27601
10        (919)755-2100
          chris.jones@wbd-us.com
11
12    On behalf of the Defendants:
13        NELSON, MULLINS, RILEY & SCARBOROUGH, LLP
          BY:  BRANDON S. NEUMAN, ESQ.
14             JOHN BRANCH, III, ESQ.
                - (via videoconference)
15             MATT GORGA, ESQ.
          301 Hillsborough Street
16        Suite 1400
          Raleigh, NC 27603
17        (919)329-3800
          brandon.neuman@nelsonmullins.com
18        john.branch@nelsonmullins.com
          matt.gorga@nelsonmullins.com
19
          NELSON, MULLINS, RILEY & SCARBOROUGH, LLP
20        BY:  SAMUEL ROSENTHAL, ESQ.
          101 Constitution Ave NW
21        Suite 900
          Washington, DC 20001
22        (202)689-2951
          sam.rosenthal@nelsonmullins.com
23
24
25
                                                               2
```

1    Q.    When is the last time you corresponded
2 with Mr. Hughes?
3    A.    I have no -- I really have no idea.  I
4 don't remember.
5    Q.    And by correspond, of course I mean
6 text or e-mail or anything other than --
7    A.    Phone call, yeah.  No, I don't
8 remember that.
9    Q.    Caroline Black of Dechert, have you
10 ever spoken to her?
11    A.    I've spoken to her when I first got
12 interviewed in 2014.  That's the last time I spoke
13 to her.
14    Q.    And when you say "interviewed," what
15 are you referring to?
16    A.    They wanted to conduct -- I'm assuming
17 that this is the purpose of it, but I don't know --
18 that they wanted to interview me before retaining
19 me.
20    Q.    And by "they," you mean Dechert?
21    A.    Dechert.
22    Q.    And where did this interview take
23 place?
24    A.    In London.
25    Q.    And where in London?

22

```
 1         Q.    And what do you understand those
 2   allegations to be?
 3         A.    That I instructed CyberRoot to hack
 4   Mr. Azima.
 5         Q.    And do you know why Mr. Jain says
 6   that?
 7         A.    I'm going to say the same answer as I
 8   did before.  I have no evidence, but I believe he's
 9   being paid handsomely to say that.
10   ████ ████████████████████████████████████████████
11   ███████████████████████████████
12   ████ ████████████████████████████████████████████
13   ██████████████████  ███████████████████████████████
14   ██████████████████████████████████
15         Q.    Did Mr. Jain ever work for you?
16         A.    Yes.
17         Q.    He did?
18         A.    Yeah.
19         Q.    He did.  And did you pay him?
20         A.    I did, yes.
21         Q.    And in your words, did you pay him
22   handsomely?
23         A.    No.
24         Q.    Is --
25               MR. NEUMAN:  Are you asking him
```

                                                              84

```
 1   ▮▮▮▮▮▮
 2       ▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
 3   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
 4             MR. NEUMAN:  Objection to scope.
 5        Vague and ambiguous.  Overly broad.
 6             ▮▮▮▮▮▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
 7             ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
 8             ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
 9             ▮▮▮▮▮▮▮▮▮▮▮▮
10   BY MR. BEHRE:
11       ▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13       ▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14       ▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  ▮▮▮▮
15       ▮  ▮▮▮▮▮
16       ▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17       ▮  ▮▮▮▮▮▮
18       ▮  ▮▮▮▮▮▮▮▮
19       ▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20       ▮  ▮▮▮▮▮▮▮
21       ▮  ▮▮▮▮▮▮▮▮
22       ▮  ▮▮▮▮▮▮▮▮▮
23       ▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25       ▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
                                                            136
```

```
1            MR. BEHRE:  I'm not asking about
2    content.
3            MR. NEUMAN:  You're asking him what he
4    became aware of from his own counsel.  That's
5    privileged.
6            I'm instructing him not to answer.
7            MR. BEHRE:  No, I didn't -- I didn't
8    say anything about counsel.
9    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
10   ▓▓▓▓▓▓▓▓▓▓▓▓▓
11       ▓  ▓▓  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13       ▓  ▓▓▓▓
14       ▓  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
15   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
16       ▓  ▓▓
17       ▓  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
18       ▓  ▓▓▓▓  ▓▓▓  ▓▓▓▓
19       ▓  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21       ▓  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22       ▓  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24       ▓  ▓▓▓
25       ▓  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
```

144

```
 1      have to ask somebody who does that sort of
 2      work.
 3   BY MR. BEHRE:
```



```
150
```

C E R T I F I C A T E

I, Lisa Taylor, Registered Professional Reporter and notary public certify:

That the foregoing deposition of Nicholas Del Rosso was taken before me at the time and place therein set forth at which time the witness was put under oath by me;

That the testimony of the witness and all objections made at the time of the deposition were recorded stenographically by me and thereafter transcribed;

That the foregoing deposition is a true record of the testimony and of all objections made at the time of the deposition.

I further certify that I am neither counsel for nor related to any party to said action, nor in any way interested in the outcome thereof.

My certification as to the accuracy of this transcript, if it has been reformatted or altered from its original form in any manner, is null and void.

In witness whereof, I have subscribed my name this 16th day of February 2023.

_____
Lisa Taylor
Registered Professional Reporter
Notary Public

212

```
               UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
                    Case No. 20-CV-954
```

FARHAD AZIMA,                       )
                                    )
            Plaintiff,              )
                                    )
     vs.                            )
                                    )
NICHOLAS DEL ROSSO and VITAL        )
MANAGEMENT SERVICES, INC.,          )
                                    )
            Defendants.             )


DEPOSITION OF NICHOLAS DEL ROSSO

VOLUME II

(Contains confidential testimony)

_____

8:06 A.M.

TUESDAY, FEBRUARY 14, 2023
_____

By:  Denise Myers Byrd, CSR 8340, RPR

```
 1                   A P P E A R A N C E S
 2
 3    For the Plaintiff:
 4                       MILLER & CHEVALIER CHARTERED
                         BY:  KIRBY BEHRE, (pro hac vice)
 5                            IAN HERBERT, (pro hac vice)
                         900 16th Street, NW
 6                       Washington, DC 20006
                         (202) 626-5800
 7                       KBehre@milchev.com
                         IHerbert@milchev.com
 8
                         WOMBLE BOND DICKINSON (US) LLP
 9                       BY:  CHRISTOPHER JONES, ESQ,
                         555 Fayetteville Street
10                       Suite 1100
                         Raleigh, NC  27601
11                       (919) 755-2100
                         Chris.Jones@wbd-us.com
12
13    For Defendants:
14                       NELSON MULLINS RILEY & SCARBOROUGH
                         BY:  BRANDON NEUMAN, ESQ.
15                            MATT GORGA, ESQ.
                              JOHN BRANCH III, ESQ. (Remote)
16                       301 Hillsborough Street
                         Suite 1400
17                       Raleigh, NC  27603
                         (919) 329-3800
18                       Brandon.Neuman@nelsonmullins.com
                         Matt.Gorga@nelsonmullins.com
19
                         NELSON MULLINS RILEY & SCARBOROUGH
20                       BY:  SAMUEL ROSENTHAL, ESQ.
                         101 Constitution Avenue NW
21                       Suite 900
                         Washington, DC 20001
22                       (202) 689-2951
                         Sam.Rosenthal@nelsonmullins.com
23
24    Also Present:    Farhad Azima (Remote)
25
                                                         216
```

```
1          was making fairly regular visits to Dubai, I
2          said, well, if we can -- I guess, you know, if
3          we could coordinate times we would meet.
4    Q.    And did you in fact meet?
5    A.    We did, yes.
6    Q.    And you met in Dubai?
7    A.    Yes.
8    Q.    And who else was present?
9    A.    Patrick Grayson.
10   Q.    And what was discussed?
11   A.    I can't recall now.
12   Q.    What did you --
13   A.    Nothing much.  Talking crap.
14   Q.    Well, that's a long way to fly to talk crap,
15         right?
16   A.    Well, I wasn't there for him.
17   Q.    What were you there for?
18   A.    I was there for other business.
19   Q.    What did you understand Mr. Jain's expertise to
20         be?
21   A.    His expertise is in IT or computer related.  He
22         was undertaking that for PriceWaterhouse,
23         similar sort of --
24   Q.    What need did you have for IT or
25         computer-related work that caused you to meet
```

288

1    foundation.  Misstates his testimony.  Vague and
2    ambiguous.  Scope.
3
4
5
6
7    BY ATTORNEY BEHRE:
8
9
10           ATTORNEY NEUMAN:  Objection.  Calls for
11    a legal conclusion.  Lacks foundation.
12    Speculation.  Scope.
13
14
15
16
17
18
19
20
21    BY ATTORNEY BEHRE:
22
23
24
25



358

# COURT REPORTER'S CERTIFICATE

I, DENISE MYERS BYRD, Court Reporter, CSR 8340, the officer before whom the foregoing deposition of NICHOLAS DEL ROSSO was conducted, do hereby certify that the witness's testimony was taken down by me in stenotype to the best of my ability and thereafter transcribed under my supervision; and that the foregoing pages, inclusive, constitute a true and accurate transcription of the testimony of the witness.

Before completion of the deposition, review of the transcript [X] was [ ] was not requested. If requested, any changes made by the deponent (and provided to the reporter) during the period allowed are appended hereto.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to this action, and further, that I am not a relative or employee of any attorney or counsel employed by the parties thereof, nor financially or otherwise interested in the outcome of said action. Signed this 16th day of February 2023.

*Denise Myers Byrd*
Denise Myers Byrd
CSR 8340, RPR