# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# Case No. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF NOTICE OF FILING SEALED DOCUMENTS** |

Plaintiff Farhad Azima hereby respectfully submits this Memorandum of Law in Support of his Notice of Filing Sealed Documents in connection with Plaintiff's Motion to Show Cause and Response to the Motions of Defendants Nicholas Del Rosso and Vital Management Services, Inc. ("Defendants") and Dechert LLP ("Dechert").

In considering a party's motion to seal certain documents, the Court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). The Court must (1) give the public notice and a reasonable chance to challenge the motion to seal the documents; (2) consider less drastic alternatives to sealing, including redaction; and (3) if it decides to seal the documents, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

1

2810063.1

As to the substance of a motion to seal, the Court "first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* The Court may seal documents "if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The factors the Court takes into account in this regard include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* Based on an evaluation of these and any other relevant factors, the Court must find that the justification for sealing documents overcomes both the First Amendment and common law presumption of access.

The documents Plaintiff files under seal pursuant to the Notice in Exhibits 2, 3, 5, and 6 are described in Plaintiff's Notice of filing sealed documents. As the Court is aware, the extent to which documents in this case should be considered confidential or placed under seal by the Court has been hotly disputed in this case. Counsel for Plaintiff has attempted to address the confidentiality concerns of Defendants and Dechert with respect to the documents at issue here, but these efforts have regrettably been unsuccessful

2

2810063.1

due to what Plaintiff contends is the unreasonable interpretation of the Confidentiality Protective Order by Defendants and Dechert and their insistence that nearly every document at issue in this case be sealed irrespective of the content.

Section 8 of the Confidentiality Protective Order provides that any party wishing to file with the Court documents that have been designated confidential by the producing party "**shall** move to seal" the designated documents. ECF No. 177 at 5-6 (emphasis added). Out of an abundance of caution and in order to avoid burdening the Court with additional discovery litigation at this time, Plaintiff gives notice of filing the materials in Exhibits 2, 3, 5, and 6 under seal with the recognition that the Court may determine whether to seal them after review of the record proper in this case.

For the foregoing reasons, Plaintiff Farhad Azima respectfully gives the Court and parties notice of filing sealed documents in accordance with Section 8 of the Confidentiality Protective Order in this case and requests that the Court review these documents and enter appropriate orders as to the extent to which the documents should (or should not) be sealed.

This, the 29th day of August, 2023.

        **WOMBLE BOND DICKINSON (US) LLP**

        */s/ Ripley Rand*
        Ripley Rand
        North Carolina State Bar No. 22275
        Christopher W. Jones
        North Carolina State Bar No. 27265
        555 Fayetteville Street, Suite 1100
        Raleigh, North Carolina 27601
        Phone: 919-755-2100
        Fax: 919-755-2150
        Email:   ripley.rand@wbd-us.com
                     chris.jones@wbd-us.com

        -and-

        **MILLER & CHEVALIER CHARTERED**

        Kirby D. Behre (*pro hac vice*)
        Timothy P. O'Toole (*pro hac vice*)
        Lauren Briggerman (*pro hac vice*)
        Ian Herbert (*pro hac vice*)
        Calvin Lee (*pro hac vice*)
        Cody Marden (*pro hac vice*)
        900 16th Street, NW
        Washington, D.C. 20006
        Telephone: (202) 626-5800
        Fax: (202) 626-5801
        Email: kbehre@milchev.com

        *Counsel for Plaintiff*

2810063.1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT<br>SERVICES, INC.,<br><br>    Defendants. | **CERTIFICATE OF SERVICE** |

    I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

    Brandon S. Neuman, Esq.
    John Branch, III, Esq.
    Jeffrey M. Kelly, Esq.
    Nathaniel J. Pencook, Esq.
    NELSON MULLINS RILEY & SCARBOROUGH, LLP
    301 Hillsborough Street, Suite 1400
    Raleigh, NC 27603
    brandon.neuman@nelsonmullins.com
    jeff.kelly@nelsonmullins.com
    nate.pencook@nelsonmullins.com
    john.branch@nelsonmullins.com
    Tel.: 919.329.3800
    Fax.: 919.329.3799

5

Case 1:20-cv-00954-WO-JLW   Document 279   Filed 08/29/23   Page 5 of 7

2810063.1

Samuel Rosenthal, Esq.
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW, Suite 900
Washington, DC 20001
Tel.: 202-689-2951
Fax: 202-689-2860
sam.rosenthal@nelsonmullins.com

*Counsel for Defendants*
John Charles Quinn, Esq.
Kaplan Hecker & Fink LLP
350 Fifth Avenue, Ste. 63rd Floor
New York, NY 10118
Email: jquinn@kaplanhecker.com
Tel.: 212-763-0883
Fax.: 212-564-0883

Kearns Davis, Esq.
Daniel D. Adams
Brooks Pierce McLendon Humphrey & Leonard LLP
PO Box 26000
Greensboro, NC 27420-6000
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com
Tel.:336-373-8850
Fax.: 336-378-1001

*Counsel for Dechert LLP*
Kieran Shanahan, Esq.
Shanahan Law Group
128 East Hargett Street, Suite 300
Raleigh, NC 27601
Tel.: 919-264-7515
Email: kieran@shanahanlawgroup.com

*Counsel for Shanahan Law Group*

Richard S. Glaser, Jr.
Parker Poe
620 South Tryon Street
Suite 800
Charlotte, North Carolina 28202
Tel.: 704-335-9531
Email: rickglaser@parkerpoe.com

Nana Asante-Smith
Parker Poe
PNC Plaza
301 Fayetteville Street
Suite 1400
Raleigh, North Carolina 27601
Tel.: 919-835-4683
Email: nanaasantesmith@parkerpoe.com

*Counsel for Christopher Swecker and Christopher Swecker Enterprises, LLC*

This, the 29th day of August, 2023.

                                           **WOMBLE BOND DICKINSON (US) LLP**

                                           /s/ *Ripley Rand*
                                           Ripley Rand
                                           North Carolina State Bar No. 22275
                                           555 Fayetteville Street, Suite 1100
                                           Raleigh, NC 27601
                                           Telephone:  (919) 755-8125
                                           Facsimile:   (919) 755-6752
                                           Email:     ripley.rand@wbd-us.com

                                           *Counsel for Plaintiff*