UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954-WO-JLW

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO IDENTIFY TRADE SECRETS**

The complaints from Defendants Nicholas Del Rosso and Vital Management Services, Inc. ("Defendants") about the adequacy of Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories (the "Responses" and "Interrogatories," respectively) are a transparent attempt to retaliate against Plaintiff for raising Defendants' own discovery failures, which the Court ordered Defendants to remedy in its July 25, 2023, Order (the "Order"). *See* ECF No. 248. Defendants have delayed and obstructed this case since the outset of discovery by filing motions about essentially every request from Plaintiff, while refusing to respond substantively to Plaintiff's interrogatories or produce any documents from their own files until compelled by the Court. *See* ECF Nos. 97-98, 142-43, 157, 193. Defendants ground discovery to a standstill for months. Then, after the Court issued its Order overruling essentially all of Defendants' objections and requiring them to produce discovery forthwith, they

immediately rushed to Court to file this motion to compel, while at the same time continuing to stonewall and thumb their nose at the Court's Order through a baseless motion for "clarification." ECF Nos. 276-77.

Defendants filed this motion to compel even though Plaintiff's Responses made clear that they would be supplemented after the Court ruled on Defendants' plethora of outstanding discovery motions.[1] In the introduction to Plaintiff's Responses, which were served prior to the Order, Plaintiff explained that:

> There are now fourteen (14) discovery motions pending before the Court . . . [.]  Before these Interrogatories were even served, Defendants requested a stay of all discovery. *See* ECF No. 205. Plaintiff objects to Defendants attempts to engage solely in one-sided discovery in this matter, refusing to provide any information while expecting Plaintiff to participate fully in discovery.  Given the pending discovery motions and Defendants' obstruction, these Interrogatories are premature and inappropriate.  Plaintiff responds below, <u>but will supplement these responses at a later date pursuant to Federal Rule of Civil Procedure 26(e) once discovery has advanced.</u>

*See* ECF No. 269-6 at 1-2 (emphasis added).  Rather than reach out to Plaintiff after the Order was issued to see if he was, indeed, planning to supplement his Responses as he indicated he would, Defendants rushed to court.  Defendants' *almost seven-page* background describing the dispute notably ends on June 23,

---

[1] In contrast with Defendants, Plaintiff has made every effort to complete discovery in this case in accordance with the Court's schedule, in part by voluntarily producing more than 350,000 documents, including hundreds of documents that were produced before Defendants even made a request. Plaintiff's Responses to the Interrogatories are no different.

more than a month before the Order was issued and about two months before Defendants filed the instant Motion to Compel.

The result is a waste of the Court's time and resources.[2] As he said he would, Plaintiff is in the process of supplementing his Responses to provide the information that Defendants now seek to compel, and he intends to provide this information to Defendants on or before September 13, 2023.

## ARGUMENT

### I. Plaintiff Has Agreed to Voluntarily Expedite Identification of His Trade Secrets.

Under North Carolina law, "a plaintiff must identify a trade secret with sufficient particularity," *Analog Devices, Inc. v. Michalski*, 579 S.E.2d 449, 453 (N.C. Ct. App. 2003), but there is no hard and fast rule on when a plaintiff making claims under the North Carolina Trade Secret Protection Act ("NCTSPA") must identify his trade secrets. It is, instead, a fact specific inquiry that requires a case-by-case analysis. Indeed, the very first case Defendants cite in their submission to the Court emphasizes that "[t]he Court must strike a balance in . . . determining the appropriate discovery and the appropriate sequence of discovery

---

[2] To be clear, Plaintiff is not advocating that the Court find that Defendants have committed a technical violation of the meet and confer requirement. But given that Plaintiff's objections were predicated on the need to resolve the outstanding discovery disputes, it goes against the spirit (if not the letter) of the meet and confer requirement to file a motion without first consulting with Plaintiff about whether he intended to supplement his Responses in light of the Order.

3

where misappropriation of trade secrets has been alleged." *DSM Dyneema, LLC v. Thagard*, No. 13 CVS 1686, 2014 WL 5317770, at *6 (N.C. Super. Ct. Oct. 17, 2014) (discussing the various considerations courts should consider and determining "*in the context of the facts [t]here*" that an earlier identification of trade secrets was appropriate).

To that end, the Court in *Thagard* correctly emphasized that "[m]ost North Carolina cases assessing whether a plaintiff has identified its misappropriated trade secrets with 'sufficient particularity' have been decided as a matter of proper pleading at the motion to dismiss stage of the litigation . . . [and then] after the completion of discovery on a motion for summary judgment." *Id.* (collecting cases).[3] Here, the trade secrets identified in Plaintiff's Complaint have already been sustained following multiple rounds of motion to dismiss briefing in which the Court considered Plaintiff's allegations and concluded that he "plausibly pled his ownership of trade secrets." *See* ECF No. 54 at 24 (Order and Recommendation analyzing Plaintiff's alleged trade secrets); *see also* ECF Nos. 65, 79, 80. Following requests for production, Plaintiff produced documents

---

[3] The Court in *Thagard* noted that federal courts have held that a plaintiff alleging misappropriation must identify its trade secrets "before it is allowed to obtain discovery of a *defendant's confidential information and trade secrets*." 2014 WL 5317770, at *4 (emphasis added). While true, this is not relevant here— (1) Plaintiff is not seeking Defendants' trade secrets; (2) this is a diversity case, and the Court should be applying North Carolina standards; and (3) even if federal standards applied, Defendants' argument still fails as explained below. *See infra* at 6-7.

4

that Defendants are alleged to have posted on WeTransfer, which includes thousands of trade secrets. Plaintiff also has made supplemental productions that included trade secrets. Defendants complain solely that Plaintiff has not provided a list of which documents respond to which requests for production. As Plaintiff indicated in his Responses, Plaintiff is reviewing hundreds of thousands of documents that were stolen from him and intends to identify his trade secrets with specificity by the end of fact discovery. Even though it is not required under the Rules or case law, Plaintiff has agreed to expedite his responses by September 13th in the spirit of moving discovery forward.

Defendants rejected this approach. They instead argue that Plaintiff should have provided an even clearer identification of his trade secrets prior to taking discovery from Defendants. *See, e.g.*, ECF No. 270 at 10, 16. Defendants' arguments are without merits. Courts often require plaintiffs to provide an early identification of trade secrets to ensure that the plaintiffs "'are not on a fishing expedition and so that courts and defendants can discern the relevancy of the plaintiffs' discovery requests.'" *Thagard*, 2014 WL 5317770, at *4 (cleaned up). Early identification is also helpful to allow defendants to understand the claims against them so they can conduct appropriate discovery. *See, e.g.*, *Computer Design & Integration, LLC v. Brown*, No. 16 CVS 11847, 2018 WL 6609014, at *12 (N.C. Super. Ct. Dec. 10, 2018) ("[T]he NCTSPA requires a plaintiff to identify a trade secret with sufficient particularity so as to enable a defendant to

5

Case 1:20-cv-00954-WO-JLW Document 281 Filed 08/30/23 Page 5 of 10

delineate that which he is accused of misappropriating and a court to determine whether misappropriation has or is threatened to occur.") (cleaned up).

But these principles do not apply here. There is no question about whether Plaintiff's trade secrets were published; even Defendants agree that huge numbers of documents were published on WeTransfer. Defendants argue that they need Plaintiff to provide this information about his trade secrets, otherwise "they cannot conduct any meaningful discovery." ECF No. 270 at 18. But the identification Plaintiff has already made was sufficient to allow Defendants to serve the Interrogatories along with *more than 75 RFPs*, some of which specifically target Plaintiff's alleged trade secrets. *See, e.g.*, ECF No. 269-1 at 4 (RFP #1) (requesting "documents which you contend constitute 'confidential internal pricing lists relating to food transport for U.S. troops in Afghanistan,' as alleged in paragraph 18 of the Complaint"). Defendants know that Plaintiff's discovery requests are relevant (this Court has told them as much) and have enough information to serve dozens-upon-dozens of targeted discovery requests. Defendants have all the information they need at this stage, and Plaintiff is in the process of supplementing his Responses to provide more detailed answers to Defendants' Interrogatories in accordance with the discovery deadlines in this case.

## II. Plaintiff Has Fully Responded to Defendants' Requests for Production.

Defendants also argue that Plaintiff failed to respond fully to Defendants RFP Nos. 16-18, which seeks "all documents that You, Your Attorneys, or Your Agents downloaded from the WeTransfer links which you contend were modified."[4] Plaintiff has already satisfied his obligation to produce responsive documents within his possession, custody, and control. Defendants' RFPs only request "documents . . . downloaded from the WeTransfer links" posted in 2018 and 2019, which is exactly what Plaintiff already provided. Notably, Defendants do not contend otherwise. Instead, Defendants appear to be seeking a duplicative archive of the same data in the hope that it will tell them something different from the data Plaintiff has already produced. It will not. Yet Defendants do not intend to wait for the Court to resolve this dispute. They have already subpoenaed others to seek the same information sought here. *See* Ex. A (subpoena to Mr. Tarbell); Ex. B (subpoena to BRG).

---

[4] While Defendants argue that a report authored by Christopher Tarbell demonstrates that Plaintiff's Complaint was false, *see* ECF No. 270 at 19-22, Defendants drastically misrepresent the content of that report. The Complaint alleges that the blog sites making Plaintiff's data accessible were modified in 2018 to publish the WeTransfer links containing Plaintiff's stolen data. ECF No. 1 ¶¶ 24, 53, 93, 98. Nothing in Tarbell's report indicates otherwise. *See* ECF No. 269-10 ¶¶ 115-17. Defendants' argument about the Tarbell report following the Court's recent Order that risks exposing their illicit conduct is a transparent attempt to shift the focus to literally any other issue in this case.

7

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Compel.

Respectfully submitted on this, the 30th day of August, 2023.

/s/ Ripley Rand
Ripley Rand (N.C. State Bar No. 22275)
Christopher W. Jones (N.C. State Bar No. 27265)
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Tel: (919) 755-2100
Fax: (919) 755-2150
Email: ripley.rand@wbd-us.com
Email: chris.jones@wbd-us.com

-and-

Kirby D. Behre (*pro hac vice*)
Tim O'Toole (*pro hac vice*)
Lauren Briggerman (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
MILLER & CHEVALIER CHARTERED
900 Sixteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 626-5800
Facsimile: (202) 626-5801
Email: kbehre@milchev.com
Email: totoole@milchev.com
Email: lbriggerman@milchev.com
Email: iherbert@milchev.com
Email: clee@milchev.com
Email: cmarden@milchev.com

*Attorneys for Plaintiff Farhad Azima*

**CERTIFICATE OF WORD COUNT**

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This memorandum contains fewer than 6,250 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

/s/ *Ripley Rand*
Ripley Rand
Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2023, I caused true and correct copies of the foregoing to be served via CM/ECF on the following:

Brandon S. Neuman
Jeffrey M. Kelly
John E. Branch, III
Nathaniel J. Pencook
Nelson Mullins Riley & Scarborough, LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Email: brandon.neuman@nelsonmullins.com
Email: jeff.kelly@nelsonmullins.com
Email: john.branch@nelsonmullins.com
Email: nate.pencook@nelsonmullins.com

Sam A. Rosenthal
Nelson Mullins Riley & Scarborough, LLP
101 Constitution Avenue NW, Suite 900
Washington, D.C. 20001
Email: sam.rosenthal@nelsonmullins.com

*Counsel for Defendants Nicholas Del Rosso and Vital Management Services, Inc.*

> */s/ Ripley Rand*
> Ripley Rand (N.C. State Bar No. 22275)
> Womble Bond Dickinson (US) LLP
> 555 Fayetteville Street, Suite 1100
> Raleigh, North Carolina 27601
> Tel: (919) 755-2100
> Fax: (919) 755-2150
> Email: ripley.rand@wbd-us.com
>
> *Attorneys for Plaintiff Farhad Azima*