UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:20-cv-00954-UA-JLW

| | |
|---|---|
| FARHAD AZIMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **DEFENDANTS' RESPONSE TO** |
| v. | ) **PLAINTIFF'S REPORT ON** |
| | ) **CIRCUMSTANCES OF MEET AND** |
| | ) **CONFER PRIOR TO PLAINTIFF'S** |
| NICHOLAS DEL ROSSO and | ) **SEPTEMBER 6, 2023, NOTICE TO** |
| VITAL MANAGEMENT | ) **THE COURT AND PARTIES** |
| SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

Defendants, Nicholas Del Rosso and Vital Management Services, Inc. (collectively, "Defendants"), through undersigned counsel and pursuant to this Court's September 8, 2023 Order, (D.E. 289), submit this Response to Plaintiff's Report on Circumstances of Meet and Confer Prior to Plaintiff's September 6, 2023 Notice to the Court and Parties (the "Report"), (D.E. 290), and state:

1. On September 8, 2023, the Court invited Defendants to file a response to Plaintiff's Report "explaining the disputed facts without argument." (D.E. 289).

2. In Paragraphs 1 and 2 of the Report, Plaintiff represents that he learned of the alleged grounds for a motion to disqualify Defendants' counsel based on Shanahan Law Group's bank records from First National Bank, which counsel for Plaintiff reviewed between August 8, 2023, and August 25,

2023. It is unclear that this part of the Report was invited by the Court, so Defendants will only note that, by letter dated April 20, 2023, counsel for Plaintiff threatened to file a motion to disqualify based on payments to Shanahan Law Group by Defendants, and that Plaintiff's characterization of the payments by Defendants are disputed.

3. In Paragraphs 4 and 5 of the Report, Plaintiff does not accurately report the September 1, 2023, communications between counsel for the Parties, a true and accurate copy of which are attached hereto as **Exhibit A**. Counsel for Plaintiff represented that they "were finalizing a motion to disqualify Nelson Mullins as counsel for Defendants" and that they had "intended to file it as early as today." In response, counsel for Defendants communicated to Plaintiff that Defendants "are willing to meet and confer" and that "in order to have a meaningful conversation and to evaluate any potential motion, we would ask you to send to us today, and certainly prior to any meet and confer, all of the evidence on which you intend to rely in support of a motion to disqualify." Since counsel for Plaintiff had indicated that they had prepared a motion to disqualify, counsel for Defendants also asked for a copy of the draft motion that was stated to have been almost finalized.

4. Paragraph 6 of the Report, suggesting that Defendants made delivery of the draft motion a precondition to conferring, is incomplete and therefore inaccurate. Defendants' letter requested a response from counsel for

Plaintiff and invited counsel for Plaintiff to meet and confer on Plaintiff's putative motion to disqualify, as well as the several issues called for in the Court's August 31, 2023 Order. A true and accurate copy of counsel for Defendants' September 5, 2023, letter is attached hereto as **Exhibit B**.

5. Paragraphs 8 and 9 of the Report do not accurately reflect several aspects of the communications between counsel for the Parties on September 5, 2023. A true and accurate copy of the communications referenced in Paragraphs 8 and 9 of the Report are attached hereto as **Exhibit C**.

6. In Paragraph 8 of the Report, Plaintiff inaccurately describes the referenced correspondence. First, Plaintiff states only that counsel for Defendants requested "a draft of the disqualification motion prior to agreeing to meet and confer." The relevant quote from the correspondence is as follows:

> We too believe that a meet and confer should be conducted. We again want to reiterate our request for the specific documents you are relying on, as well as the motion which you advise has already been prepared. Kindly let us know whether it will be possible to send those materials so that we can meet and confer at the earliest practical time.

7. In Paragraph 9 of the Report, Plaintiff references a 5:10 p.m. email from counsel for defendants "stating a willingness to meet and confer on the conflict issue in conjunction with other issues but declining to offer times to meet and confer." Paragraph 9 of the Report does not advise the Court that

counsel for Defendants renewed Defendants' request for certain information they believed necessary to engage in a meaningful meet and confer:

> You are misreading my email and letter. We are, of course, willing to meet and confer with you. Contrary to your suggestion that we are refusing to meet and confer, we are only trying to make it a useful exercise. As you can appreciate, your refusal to identify specific payments, and the evidence you intend to introduce – other than in the most general fashion – makes it difficult to assess your motion. Saying essentially "you know better than us what you did," tells us nothing, especially when we do not believe that we have done anything improper.

8. Plaintiff's recitation in Paragraph 12 of the conference that occurred on September 6, 2023, is incomplete. The call began at approximately 3:00 p.m. and lasted approximately ten minutes. At the outset, Plaintiff's counsel stated that they would not meet and confer on any matter except whether counsel for Defendants believed that that a conflict exists. In addition to stating that counsel for Defendants had concluded that they did not have a conflict of interest, counsel for Defendants also (again) asked for any additional information Plaintiff would share so that they could properly evaluate the basis for Plaintiff's putative motion. Counsel for Plaintiff declined to provide any additional information supporting their position, stating instead that Defendants' counsel had sufficient information to evaluate the issues. Counsel for Plaintiff terminated the call and filed his notice at approximately 3:21 p.m.

This the 15th day of September, 2023.

NELSON MULLINS RILEY &
SCARBOROUGH LLP

By: *Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Nathaniel J. Pencook, NCSB# 52339
Sam A. Rosenthal (*special appearance*)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
nate.pencook@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of September, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com


Douglas W. Hanna
Fitzgerald Hanna & Sullivan, PLLC
3737 Glenwood Ave, Suite 375
Raleigh, NC 27612
dhanna@fhslitigation.com

Ian A. Herbert
Kirby D. Behre
Brian A. Hill
Timothy O'Toole
Lauren E. Briggerman
Cody Marden
Calvin Lee
Miller & Chevalier Chartered
900 16th Street, N.W.
Washington, D.C. 20006
iherbert@milchev.com
kbehre@milchev.com
bhill@milchev.com
totoole@milchev.com
lbriggerman@milchev.com
cmarden@milchev.com
clee@milchev.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:   *Brandon S. Neuman*
     Brandon S. Neuman, NCSB# 33590
     Jeffrey M. Kelly, NCSB# 47269
     John E. Branch III, NCSB# 32598
     Nathaniel J. Pencook, NCSB# 52339
     Sam A. Rosenthal (*special appearance*)
     301 Hillsborough Street, Suite 1400
     Raleigh, North Carolina 27603
     brandon.neuman@nelsonmullins.com
     jeff.kelly@nelsonmullins.com
     john.branch@nelsonmullins.com
     nate.pencook@nelsonmullins.com
     sam.rosenthal@nelsonmullins.com
     *Counsel for Defendants*