UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FARHAD AZIMA,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No. 20-CV-954-WO-JLW

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendants.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY GLOBAL IMPACT SERVICES, LLC'S UNOPPOSED MOTION FOR LIMITED LIFT OF STAY AND TO MODIFY PROTECTIVE ORDER**
**(DOCKET 177)**

Non-party, Global Impact Services, LLC ("Global Impact"), submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 26(c) and Rule 26.2 of the Civil Rules of Practice and Procedure for the United States District Court for the Middle District of North Carolina, to modify the Protective Order (Dkt. 177) previously entered in this case. Global Impact seeks this relief for the purpose of clarifying that non-parties whose bank records have been produced in this action pursuant to a subpoena issued to a non-party bank may seek protection of such documents in the same manner as a "Producing Party" as defined in the Protective Order (*id.* § 2).

**Factual Background**

On or about August, 22, 2023, Plaintiff, Farhad Azima ("Azima"), issued a non-party subpoena *duces tecum* for records held by non-party bank Truist Bank ("Truist"), with a return date of September 5, 2023. Ex. A. Item 2 on the list of documents requested

includes records of accounts held by Global Impact between March 2015 and October 15, 2020. *Id.* Global Impact was not provided notice by Plaintiff that its bank records were being sought in this action.[1] Only on September 12, 2023, subsequent to Truist providing responsive documents to Azima on or about August 31, 2023, did Global Impact learn from Truist that it had been subpoenaed and was producing the records (and later learned that Truist had already produced them).[2]

## Argument

Because the production from Truist contains the type of records that would come within the scope of the Protective Order, Global Impact wishes to utilize the procedures set forth in the Protective Order to designate certain of those materials as "Confidential" under the Protective Order. *See Rsrv. at Winchester I, LLC v. R 150 SPE, LLC*, No. 3:21CV00008, 2022 WL 4822227, at *4 (W.D. Va. Sept. 30, 2022) ("The Bank likely has confidential financial information about the Defendant, but that information is not 'privileged' in the sense that it is protected from compelled disclosure under Rule 26. Instead, such information may be subject to certain limitations on its use, and, indeed, a protective order entered in this case, ECF No. 148, provides those limitations.").

---

[1] Plaintiff has sought similar records in a proceeding in the Southern District of Florida where he made an application for international discovery assistance in connection with an action pending in the High Court of Justice of England and Wales (Global Impact is not a party to that foreign action either). *See* Case No.: 22-81229 S.D. Fla) (Dkt. 1). Global Impact has objected and sought to limit the production in that proceeding. (Dkt. 18). Global Impact, understanding the production has already occurred in this case, is not seeking to put the proverbial genie back in the bottle in this action. Rather, it seeks to clarify that as an account holder it can seek the protections other parties have been afforded by the Protective Order already entered in this case.

[2] It appears the documents were produced right around the time the stay was entered in the case, thus Global Impact had no ability to raise this issue before the stay went into effect. That is the reason Global Impact is seeking to lift the stay to modify the Protective Order at this time.

However, here the Protective Order on its face appears to be limited to Parties to the litigation, or "Producing Parties", i.e. the party producing the records, here Truist. Dkt. 177 §§ 1, 2. The Protective Order also contains a provision allowing subsequent designation of documents produced by "Producing Parties", but appears to limit that right to "Parties." *Id.* § 5.

Thus, Global Impact seeks an order from this Court clarifying that the Protective Order at Docket 177, provides third-parties whose bank records have been produced in this action the same status as a "Producing Party" for the purpose of seeking the protections granted under the Protective Order. Such a request will not hinder the Parties in this action as the Protective Order expressly allows for the use of designated documents in this action subject to certain delineated restrictions and any future ones imposed by the Court related to trial. *See* Dkt. 177 §§ 10-11.

Global Impact has standing to make such a request. Courts in this circuit have recognized that while an account holder may lack standing to quash a subpoena issued to its bank for records under Fed. R. Civ. P. 45, the account holder does have standing to seek a protective order under Fed. R. Civ. P. 26. *See Nallapati v. Justh Holdings, LLC*, No. 5:20-CV-47-D, 2022 WL 274405, at *2 (E.D.N.C. Jan. 28, 2022) (collecting cases); *Fed. Trade Comm'n v. AmeriDebt, Inc.*, No. PJM 03-3317, 2006 WL 8457086, at *5 (D. Md. Sept. 11, 2006) (citing *In Bush Dev. Corp. v. Harbour Place Assocs.*, 632 F. Supp. 1359 (E.D. Va. 1986)).

That is all Global Impact is seeking here. It seeks no greater relief than the parties already agreed to in the Protective Order, with the exception of adjusting the scope of the parties who may utilize the established procedures of the Protective Order.

Accordingly, Global Impact requests that that Court enter an Order modifying the Protective Order at Docket 177 to allow non-party, bank account holders whose bank records are produced by non-party banks in this litigation in response to third-party subpoenas to have the same status as a "Producing Party" under the Protective Order.

Dated this 21st day of September, 2023.

                                                     Respectfully submitted,

                                                     **BURR & FORMAN LLP**

                                                     By: */s/ Adam R. Smart*
                                                          **ADAM R. SMART**
                                                          NC Bar No: 31797
                                                          50 North Laura Street, Suite 3000
                                                          Jacksonville, Florida 32202
                                                          Telephone: (904) 232-7200
                                                          Facsimile: (904) 232-7201
                                                          Email: asmart@burr.com

                                                          *Attorneys for Non-Party Global Impact Services, LLC*