# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 1:20-cv-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>          Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES,<br>INC.,<br><br>          Defendants. | **DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>**EXPEDITED BRIEFING AND CONSIDERATION REQUESTED** |

NOW COME Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("VMS") (collectively, "Defendants"), and, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and M.D.N.C. Local Rule 26.2, file this Motion for Protective Order (the "Motion"). Defendants are seeking a protective order holding that: (1) the December 7, 2023 deposition of Defendant Nicholas Del Rosso not be had in light of the side effects from the medication Mr. Del Rosso is taking due to the relapse of his cancer; (2) Mr. Del Rosso be protected from being deposed until at least January 3, 2024; and (3) that Defendants will update the Court or the Special Master, if she has been appointed by then, regarding Mr. Del Rosso's health within one week of Mr. Del Rosso's radiation treatment being completed, as described in the correspondence from Mr. Del Rosso's oncologist. Defendants also ask the Court to shorten the response time for Plaintiff, and rule upon this motion prior to

1

the scheduled December 7, 2023, deposition. In support of their Motion, Defendants show the Court the following:

1.  This motion is necessitated by Plaintiff's refusal to temporarily stand down on the deposition of Mr. Del Rosso even though (1) his cancer has relapsed, and (2) Plaintiff has been provided with medical information from Mr. Del Rosso's treating oncologist documenting that the pain medication that Mr. Del Rosso is on (and will remain on until some weeks after the end of his radiation treatment) materially affects his memory and other cognitive abilities. A redacted copy of correspondence from Mr. Del Rosso's treating oncologist detailing his relapse, his current treatment plan, and his medications and their side effects is attached hereto as Exhibit A. An unredacted copy is contemporaneously being filed under seal, via a Motion to Seal, pursuant to M.D.N.C. L.R. 5.4.

2.  The relief Defendants are requesting is a protective order that (1) the deposition scheduled for December 7, 2023 not be had; (2) Mr. Del Rosso be protected from being deposed until at least January 3, 2024; and (3) that Defendants will update the Court or the Special Master, if she has been appointed by then, regarding Mr. Del Rosso's health within one week of Mr. Del Rosso's radiation treatment ending, as described in Exhibit A.

3.  As the Court is aware, Mr. Del Rosso was previously deposed in this case on February 13-14, 2023.

2

4. In addition, Plaintiff previously noticed the continuation of Mr. Del Rosso's individual deposition for August 16, 2023, (then for August 23, 2023), and the deposition of the Vital Management corporate representative (which is also Mr. Del Rosso) for August 24, 2023. However, while the depositions were scheduled to occur on August 23, 2023, and August 24, 2023, respectively, on August 22, 2023, the day before they were to start, Plaintiff – not Defendants – withdrew the notice and the depositions thus did not occur. *See* Exhibit G.

5. On October 20, 2023, Plaintiff served a Notice of Deposition for Mr. Del Rosso's deposition to occur on December 1, 2023; that Notice was later amended by Plaintiff on November 14, 2023, to move the date of the deposition to December 7, 2023.

6. Neither the December 1, 2023, nor the December 7, 2023, dates were selected with input from Defendants, as Defendants' position on the continuation of Mr. Del Rosso's deposition was that it should occur after the determination of the attorney-client privilege issues over which Plaintiff objected both during and after Mr. Del Rosso's first deposition.

7. On November 28, 2023, undersigned counsel first learned that Defendant Del Rosso had experienced a relapse in his cancer.

8. That same day, counsel for Defendants informed counsel for Plaintiff and the agreed-upon Special Master, Alice Richey, of this issue, including that they had just learned of the relapse and that Mr. Del Rosso

3

would not be available for the deposition scheduled for December 7th. Counsel for Defendants also informed counsel for Plaintiff and Ms. Richey that they were in the process of collecting more information about Mr. Del Rosso's health. *See* Exhibit C.

9. Without further consultation with Defendants, the next day, on November 29, 2023, Plaintiff served an "Emergency" Notice of Deposition on Del Rosso, seeking to depose him three business days later, on December 4, 2023. *See* Exhibit F.

10. On November 30, 2023, counsel for Defendants and counsel for Plaintiff conducted a meet-and-confer on a number of issues, including Plaintiff's Notice of Deposition of Mr. Del Rosso for December 4, 2023. Counsel for Defendants explained to counsel for Plaintiff that Mr. Del Rosso's cancer had relapsed, that Mr. Del Rosso was scheduled to undergo additional treatment as soon as equipment could be made available, that Mr. Del Rosso had been prescribed and was taking significant pain medication due to the relapsed cancer, and that the pain medication had a material effect on Mr. Del Rosso' ability to testify competently at his deposition. As such, counsel for Defendants asked counsel for Plaintiff to withdraw the December 4, 2023, Notice of Deposition.

11. During the conference, counsel for Plaintiff asked counsel for Defendants to substantiate the representations about Mr. Del Rosso's health

4

with information from Mr. Del Rosso's medical provider prior to considering withdrawing the Notice of Deposition. Counsel for Defendants agreed to provide this information, subject to Plaintiff's agreement to consider the medical information both confidential under the applicable protective order and to keep it attorneys' eyes only. Counsel for Plaintiff agreed to these terms.

12. On Friday, December 1, 2023, during a Zoom conference with Special Master Alice Richie, Plaintiff again confirmed that they would consider the letter from Del Rosso's doctor as confidential under the protective order in this and as attorneys' eyes only. Thereafter, counsel for Defendants emailed a copy of a letter from Del Rosso's oncologist describing Mr. Del Rosso's relapse and treatment to counsel for Plaintiff. *See* Exhibit A.

13. During the Zoom conference with Ms. Richie, Defendants asked Plaintiff to consent to Ms. Richie's consideration of a request by Defendants for a protective order on the deposition notice. Plaintiff's counsel refused, noting that Ms. Richie did not yet have jurisdiction and stating that they were concerned about whether the Court would enforce any decisions from Ms. Richey prior to her appointment.

14. Counsel thereafter engaged in an extensive back-and-forth over email, whereby Defendants requested that the Notice of Deposition be withdrawn, and the parties instead meet-and-confer the following week over issues raised by Plaintiff that evening. Plaintiff's position, as of 4:39 p.m. on

5

Friday, December 1, 2023, was that Defendants had to agree to provide extensive additional information to them for Plaintiff to <u>consider</u> withdrawing the Notice. A true and accurate copy of these emails are attached to Defendants' Memorandum of Law as Exhibit D.

15. The demands made in Plaintiff's December 1, 2023, 4:39 p.m. email were unworkable from Defendants' perspective and thus created an impasse as to the deposition scheduled for the next business day. As such, Defendants prepared an Emergency Motion for Protective Order, seeking an emergency order that the deposition not occur on December 4, 2023.

16. Shortly before Defendants could file that motion, however, at 6:52 p.m. that same evening, counsel for Plaintiff sent an email stating: "Having heard nothing further from you regarding your efforts to delay Mr. Del Rosso's deposition, and in light of representations from Mr. Del Rosso's doctor, we will proceed with his deposition on the date we set approximately 6 weeks ago — this Thursday December 7th. See you then." A true and accurate copy of this email is attached hereto as Exhibit E.

17. Notwithstanding Plaintiff's 6:52 p.m. email moving the deposition date from December 4th to December 7th, the impasse over Mr. Del Rosso's deposition remains. The letter from Mr. Del Rosso's oncologist demonstrates that the same competency concerns apply whether Mr. Del Rosso's deposition is scheduled on December 4th, December 7th, or at any point prior to Mr. Del

6

Rosso's pain treatment regimen changing. According to Mr. Del Rosso's oncologist, this could first occur after Mr. Del Rosso's radiation treatment ends, which is currently scheduled for December 15, 2023.

18. As such, Defendants request that the Court enter a protective order that Mr. Del Rosso's deposition not be had for at least thirty (30) days, through and including January 3, 2024. In the meantime, Defendants will submit an update to the Court or the Special Master (if she has been appointed) within one week of Mr. Del Rosso's completion of his radiation treatment, regarding his treatment and his ability to testify.

19. In support of this Motion, Defendants rely on the letter of Dr. Rubenstein, attached hereto as Exhibit A (redacted), along with the following exhibits which are attached to Defendant's Memorandum of Law in Support of this Motion:

- Exhibit A – Ltr. From Dr. Rubenstein (redacted)
- Exhibit B – Notice of Emergency Deposition of Nicholas Del Rosso
- Exhibit C – Email from J. Branch to A. Richey and C. Jones
- Exhibit D – Emails between J. Branch and R. Rand
- Exhibit E – Email from K. Behre to J. Branch
- Exhibit F – Email from L. Briggerman to J. Branch
- Exhibit G – Email from I. Herbert to B. Neuman

7

20. Pursuant to Local Rule 37.1(a) and as set out more fully in Defendants' brief in support of this Motion, as part of the meet and confer process, Defendants' counsel has sought Azima's consent to this Motion. Azima will not consent to delaying Del Rosso's deposition. After diligent attempts to resolve the differences, the parties are unable to reach an accord.

21. Defendants' Motion is brought for good cause, in light of Del Rosso's health condition, and not for purposes of delay.

WHEREFORE, Defendants respectfully move this Court for protective order providing that Del Rosso need not testify at a deposition on December 7, 2023, that he is protected from having to testify at a deposition prior to January 3, 2024, and that he is required to update the Court, or the Special Master if she has been appointed, as to his medical condition within one (1) week of his completion of the radiation treatment described in the letter from his oncologist.

This the 4th day of December 2023.

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/Brandon S. Neuman*
    Brandon S. Neuman, NCSB# 33590
    Jeffrey M. Kelly, NCSB# 47269
    John E. Branch III, NCSB# 32598
    Samuel Rosenthal (special appearance)
    301 Hillsborough Street, Suite 1400
    Raleigh, North Carolina 27603
    Telephone: (919) 329-3800
    Facsimile: (919) 329-3799
    brandon.neuman@nelsonmullins.com
    jeff.kelly@nelsonmullins.com
    john.branch@nelsonmullins.com
    sam.rosenthal@nelsonmullins.com
    *Counsel for Defendants*

## Local Rule 37.1(a) Certificate

Pursuant to Local Rule 37.1(a) and as set out more fully in Defendants' brief in support of this Motion, as part of the meet and confer process, Defendants' counsel has sought Azima's consent to this Motion. Azima will not consent to delaying Del Rosso's deposition. After diligent attempts to resolve the differences, the parties are unable to reach an accord.

This the 4th day of December 2023.

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Samuel Rosenthal (special appearance)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December 2023, I electronically filed the foregoing **Motion for Protective Order** with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Ripley Rand
Christopher W. Jones
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
ripley.rand@wbd-us.com
chris.jones@wbd-us.com

Calvin Lee
Ian Herbert
Kirby D. Behre
Lauren Briggerman
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
clee@milchev.com
iherbert@milchev.com
kbehre@milchev.com
lbriggerman@milchev.com
*Counsel for Plaintiff*

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/ Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Samuel Rosenthal (special appearance)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
sam.rosenthal@nelsonmullins.com

*Counsel for Defendant*