UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:20-cv-00954-WO-JLW

FARHAD AZIMA,

        Plaintiff,

v.

NICHOLAS DEL ROSSO and
VITAL MANAGEMENT SERVICES, INC.,

        Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

## INTRODUCTION

Defendant seek a Protective Order <u>temporarily</u> excusing Defendant Nicholas Del Rosso ("Del Rosso") from the "emergency deposition" Plaintiffs unilaterally set for December 4, 2023, (on five-days' notice) and then moved to December 7, 2023. Plaintiff is requiring Del Rosso's testimony even after his receipt of the requested medical documentation showing that the medication Del Rosso is required to take due to his relapsed cancer materially affects his memory and other cognitive abilities.[1] This is unfortunately a situation where Plaintiff is unwilling to temporarily stand down on the discovery he is seeking

---

[1] An earlier disagreement between the parties regarding Mr. Del Rosso's inability to sit for a deposition due to his serious health-related issues is documented at D.E. 97, 105, 111.

– even in the face of the medical information he requested – without Defendants seeking Court intervention.

As Mr. Del Rosso and his oncologist previously advised the Court [D.E. 98], Mr. Del Rosso has cancer; and the resulting treatments previously caused cognitive and physical impairment that the Court recognized counsel against his then-immediate deposition. (D.E. 97-6). Here, the relapse of Mr. Del Rosso's cancer has necessitated a new regimen of medical treatment, as described by Mr. Del Rosso's oncologist, including medication that materially affects Del Rosso's memory and cognitive ability. *See* Ex. A.

Despite the Court previously granting a protective order temporarily excusing Mr. Del Rosso from being deposed under similar circumstances, Plaintiff seeks to force Mr. Del Rosso to be deposed while in significant pain from his cancer and under the influence of memory-affecting drug therapies. As before, Defendants seek a temporary delay of Mr. Del Rosso's deposition while he is physically and cognitively impaired and while he seeks necessary treatment thereafter. (D.E. 114). Rather than agree to delay the deposition, Plaintiff initially sought to expedite it, and tried to use the prospect of an "Emergency Deposition" as leverage to extract information and concessions from Defendants. When Defendants did not give in, Plaintiff moved the deposition from Monday, December 4th to Thursday, December 7th. The reasons why Mr. Del Rosso should not be deposed, however, apply to both dates.

Accordingly, the Court should grant a protective order stating that: (1) Mr. Del Rosso does not have to appear at the December 7, 2023 deposition; (2) Mr. Del Rosso may not be deposed until, at least, January 3, 2024; and (3) Defendants shall update the Court or, if she has been appointed, the special master regarding Mr. Del Rosso's health information and status within one week of Mr. Del Rosso completing his radiation treatment.

## BACKGROUND

### I. Defendants' Prior Health-Related Motion for Protective Order[2]

Mr. Del Rosso has cancer; previously, the Court allowed a delay of Mr. Del Rosso's deposition based upon information from and the opinion of his oncologist. *See* D.E. 97, 114. After the delay, Mr. Del Rosso was deposed for seven hours on, among other things, his cancer and treatment regimen. While it has largely been in remission for the last year, in late November Mr. Del Rosso was informed that his cancer had relapsed. *See* Ex. A. Similar to the request last year, Defendants ask for a temporary delay of Mr. Del Rosso's deposition in light of the recommendations of his oncologist.

---

[2] Defendants incorporate by reference the factual background set forth in their prior Motion for Protective Order. (ECF No. 97).

## II. Notice to Mr. Del Rosso and Subsequent Conferral Efforts

On October 20, 2023, Plaintiff unilaterally noticed Mr. Del Rosso for deposition on December 1, 2023, the first day that depositions could occur under the September 29, 2023, scheduling order. Mr. Del Rosso's counsel objected to the date, noting their preference to schedule the deposition at a time after the parties' attorney-client privilege dispute had been decided. Plaintiff thereafter noticed Mr. Del Rosso's deposition for December 7, 2023.

On November 28, 2023, however, undersigned counsel learned that Mr. Del Rosso's cancer had relapsed, requiring immediate treatment and that he would be unable to be deposed nine-days later. Undersigned counsel notified Plaintiff's counsel of these developments the same day. Counsel for Mr. Del Rosso also at that time advised Plaintiff that they would provide further details once learned. *See* Ex. C.

The next day, without consulting Defendants, Plaintiff served a Notice of Emergency Deposition of Nicholas Del Rosso that purported to set his deposition three business days later, on December 4, 2023. *See* Ex. B.

Defendants thereafter provided Plaintiff with details of the diagnosis and recommendations from Mr. Del Rosso's oncologist, as well as the letter from Mr. Del Rosso's oncologist, and requested that his deposition be

postponed; Plaintiff refused.[3] *See* Ex. D. It was not until 6:52 p.m. on the night of December 1, 2023, that Plaintiff's counsel finally notified Mr. Del Rosso's counsel that they would not proceed on December 4, 2023, stating, in pertinent part, that Plaintiff was rescheduling Mr. Del Rosso's deposition to December 7, 2023. *See* Ex. E.

The basis for Mr. Del Rosso not being deposed—the fact that the pain medication that Mr. Del Rosso is taking for his relapsed cancer materially affects his memory and cognitive ability—does not change with the three-day delay of deposition dates. Mr. Del Rosso is unable to sit for and meaningfully participate in a deposition during this timeframe. As such, Mr. Del Rosso is requesting a Court Order (1) protecting him from having to appear at the December 7, 2023 deposition; (2) protecting him from having to appear at any deposition prior to January 3, 2024; and (3) requiring Defendants to update the Court or the Special Master, if she has been appointed, of Mr. Del Rosso's medical condition within one week of his completing radiation treatment, as described in Exhibit A.

---

[3] Plaintiff's response to the letter from Mr. Del Rosso's oncologist was to demand a litany of additional proof of his impairments (such as the dosages of Del Rosso's pain medication), before even considering withdrawing the notice. *See* Ex. E.

## **LEGAL STANDARD**

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). A court may order a protective order "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Determination of good cause requires a court to balance the need for the information versus the harm in producing it. *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988).

Where a protective order seeks to stay discovery on medical grounds, the movant's burden is to provide sufficient documentation to support the request. *See Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987); *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C. 1988). "A doctor's certificate setting out plaintiff's illness and the basis for requesting exemption from a deposition will often justify a short stay in the taking of a deposition. The request for an extended stay of a deposition requires more than a conclusory statement by a physician." *Motsinger*, 119 F.R.D. at 378 (citing *Medlin*, 113 F.R.D. at 650). In such circumstances, as here, the Court typically provides for a temporary protective order prohibiting a deposition for 30 days while specifying what evidence would be necessary to justify further delay. *Id.* Mr. Del Rosso's

6

oncologist provided sufficient information to justify at least an immediate delay in participating in a deposition.

## ARGUMENT

### I. Del Rosso's Oncologist Recommends Delaying Deposition Based on Del Rosso's Current Medical Condition.

Because Mr. Del Rosso is in significant pain, he is taking pain medication which materially affects his cognitive ability to sit for a deposition and testify competently. In addition, his oncologist has indicated that, given Mr. Del Rosso's physical condition, sitting for a deposition at this time will likely exacerbate this pain. Mr. Del Rosso's oncologist advises against him being deposed at this time due to those physical and cognitive limitations. *See* Ex. A.

This Court previously determined that similar information that Mr. Del Rosso's oncologist provided justified a temporary 30-day stay of Mr. Del Rosso's deposition. (ECF No. 114). Requiring Del Rosso to sit for a deposition in the timeline and manner which Plaintiff seeks, would effectively circumvent the logic and purpose of this Court's prior Order in similar circumstances.

### II. Azima's Alleged Need to Take the Deposition on December 4, or December 7, 2023, Does Not Outweigh the Harm to Del Rosso If the Deposition Proceeds Then.

The balancing of interests required to adjudicate this Motion weighs strongly in Mr. Del Rosso's favor. Similar to the basis for when the Court granted Mr. Del Rosso's earlier Motion for Protective Order, the harm to Mr.

7

Del Rosso if the deposition is permitted to move forward on December 7, 2023, would be manifold. His medical condition precludes him from siting significant pain and providing competent testimony due to his cognitive impairments resultant from pain medications.

Subjecting Mr. Del Rosso to a deposition mere days after his oncologist opined that he is incapable of doing so without experiencing significant pain and cognitive impairment would upend the balancing test the Court applies, begging the question: Why rush to depose Mr. Del Rosso knowing his testimony *at this time* will likely be incompetent, and after already obtaining testimony from him in both London and during a prior seven-hour deposition in this case? The answer seems obvious to Defendants. Plaintiff would take the full amount of time allotted to him, and then presumably seek leave to further depose Mr. Del Rosso due to his impairment. This would effectively force him to endure a hastily noticed deposition while in excruciating pain notwithstanding his significant cognitive impairments just to face the potential of having to "re-do" it all over again. It would also give Plaintiff cause to seek yet another bite at the apple soon thereafter. Furthermore, given the numerous depositions, statements, and the like that Mr. Del Rosso has already given on the topics at issue in this lawsuit, conducting Mr. Del Rosso's deposition while he is cognitively impaired runs the risk of him unintentionally testifying in a way that is in conflict with previous testimony, thereby creating a factual issue due

to his cancer treatment where none should exist. It also runs the risk of testimony being elicited that runs afoul of the attorney-client privilege and confidentiality issues that have been raised but not yet decided.

Nor can Plaintiff demonstrate a need to depose Del Rosso immediately as opposed to after his treatments and resulting impairments subside. Mr. Del Rosso's oncologist addresses Plaintiff's concern that Mr. Del Rosso may become fully incapacitated prior to a deposition (citing both peer-reviewed studies and his own clinical experience to opine that Del Rosso's chances of fatality is "very unlikely to be imminent."). *See* Ex. A. Plaintiff is thus not at sufficient) risk of losing the opportunity to elicit new testimony from Del Rosso in addition to that which he already has.

Moreover, Mr. Del Rosso's prior testimony describing his activities related to Plaintiff's claims and Plaintiff's prior opportunity to cross-examine him on these facts, exposes both Plaintiff's lack of articulable need to depose Mr. Del Rosso now.

## CONCLUSION

Consistent with this Court's January 6, 2023, Protective Order temporarily staying Del Rosso's deposition, Mr. Del Rosso respectfully prays the Court enter a protective order: (1) protecting him from having to appear at the December 7, 2023 deposition; (2) protecting him from having to appear at any deposition prior to January 3, 2024; and (3) requiring Defendants to

9

update the Court or the Special Master, if she has been appointed, of Mr. Del Rosso's medical condition within one week of him completing radiation treatment

This the 4th day of December 2023.

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
John E. Branch III, NCSB# 32598
Samuel Rosenthal (special appearance)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
*Counsel for Defendants*

10

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that the accompanying brief contains fewer than 6,250 words, according to the word count feature of the word processing system used to prepare the brief. Accordingly, the brief does not exceed the 6,250-word limitation.

This the 4th day of December 2023.

                               **NELSON MULLINS RILEY & SCARBOROUGH, LLP**

                          By:    */s/Brandon S. Neuman*
                                  Brandon S. Neuman, NCSB# 33590
                                  Jeffrey M. Kelly, NCSB# 47269
                                  John E. Branch III, NCSB# 32598
                                  Samuel Rosenthal (special appearance)
                                  301 Hillsborough Street, Suite 1400
                                  Raleigh, North Carolina 27603
                                  Telephone: (919) 329-3800
                                  Facsimile: (919) 329-3799
                                  brandon.neuman@nelsonmullins.com
                                  jeff.kelly@nelsonmullins.com
                                  john.branch@nelsonmullins.com
                                  sam.rosenthal@nelsonmullins.com
                                  *Counsel for Defendants*

# CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of December 2023, I electronically filed the foregoing **Memorandum of Law in Support of Defendants' Motion for Protective Order** with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Ripley Rand
Christopher W. Jones
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
ripley.rand@wbd-us.com
chris.jones@wbd-us.com

Calvin Lee
Ian Herbert
Kirby D. Behre
Lauren Briggerman
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
clee@milchev.com
iherbert@milchev.com
kbehre@milchv.com
lbriggerman@milchev.com
*Counsel for Plaintiff*

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: */s/Brandon S. Neuman*
    Brandon S. Neuman, NCSB# 33590
    Jeffrey M. Kelly, NCSB# 47269
    John E. Branch III, NCSB# 32598
    Samuel Rosenthal (special appearance)
    301 Hillsborough Street, Suite 1400
    Raleigh, North Carolina 27603
    Telephone: (919) 329-3800
    Facsimile: (919) 329-3799
    brandon.neuman@nelsonmullins.com
    jeff.kelly@nelsonmullins.com
    john.branch@nelsonmullins.com
    sam.rosenthal@nelsonmullins.com
    *Counsel for Defendants*