UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

## INTRODUCTION

For more than a year, Plaintiff has attempted to depose Defendant Del Rosso. Mr. Del Rosso's motion for protective order is his fourth motion to delay completion of that deposition (and the second motion to rely on medical grounds) since Plaintiff filed this case in October 2020. While Plaintiff recognizes Mr. Del Rosso's serious medical diagnosis that was made more than a year ago, Mr. Del Rosso has not presented sufficient evidence warranting delaying the completion of his deposition.

Defendant Del Rosso suggests that he has suffered a relapse of his cancer and will begin additional treatment at some point, but not imminently. Defendants seek to use this change in Mr. Del Rosso's condition to indefinitely delay his deposition, currently noticed for December 7. But his

1

relapse is reason to expedite the deposition, not delay it. Mr. Del Rosso is not undergoing treatment now. He may receive radiation treatment starting on December 11, followed by chemotherapy in January that will continue for at least 13 weeks. Discovery in this matter closes in March 2024, and trial is currently set for September 2024. A delay in completing Defendants' depositions threatens to jeopardize that timetable and further delay resolution of this matter, which Plaintiff brought more than three years ago.

## BACKGROUND

Mr. Del Rosso's deposition is scheduled for tomorrow, December 7. Plaintiff first noticed Mr. Del Rosso's deposition a year ago. Since then, Mr. Del Rosso has filed four motions seeking to prevent or delay his deposition, including two on medical grounds. *See* ECF Nos. 97, 142, and 306. When Mr. Del Rosso did sit for a deposition, he improperly refused to answer questions without proper justification, causing the Court to order that he be re-deposed. *See* ECF No. 248 at 20-22. That deposition is scheduled for tomorrow, December 7.

Shortly after Plaintiff first noticed Mr. Del Rosso's deposition in December 2022, Mr. Del Rosso filed a motion for a protective order, seeking to delay his deposition by 60 days due to side effects from his chemotherapy treatment. *See* ECF No. 97. Defendants supported their motion with a letter from Mr. Del Rosso's treating physician, Samuel Rubinstein. The Court

2

granted a temporary stay of Mr. Del Rosso's deposition, but only for 30 days. ECF No. 114 at 4. The Court admonished that "[f]urther delays of Del Rosso's deposition due to his medical condition should include a detailed status update of his condition supported by specific medical evidence." *Id.*

In accordance with the Court's Order, Plaintiff scheduled Mr. Del Rosso's deposition for February 13-14, 2023. Plaintiff also agreed to Mr. Del Rosso's request to split the deposition up across two days. A week before the deposition, however, on February 3, 2023, Mr. Del Rosso filed another motion for a protective order, this time seeking to limit the scope of the deposition. *See* ECF No. 142. The motion was not fully briefed, and the Court did not rule on it, before the deposition.

Mr. Del Rosso attended the deposition but refused to answer substantive questions on a number of topics. ECF No. 189. At the deposition, Mr. Del Rosso testified that he was on numerous medications for his cancer, including oxycodone, which he took during the deposition. And yet he was able to testify.

Plaintiff subsequently filed a motion to compel further deposition testimony from Mr. Del Rosso to require him to complete his deposition and answer questions substantively. On July 25, 2023, Judge Webster granted Plaintiff's motion to compel Mr. Del Rosso's deposition testimony and denied Mr. Del Rosso's motion for protective order. ECF No. 248 at 20-22. The Court found "Defendants' arguments for limiting the scope of the depositions to be

3

unpersuasive," *id.* at 20, and ordered Mr. Del Rosso to complete his deposition within 30 days.

Despite this Order, Mr. Del Rosso filed a motion on August 8, 2023, seeking again to prevent completion of his deposition. *See* ECF No. 256. The Court held a hearing on September 29, 2023, at which it denied all outstanding motions without prejudice and encouraged the parties to work toward resolution of any discovery disputes. The Court set a trial date for September 23, 2024 and ordered fact discovery completed by March 29, 2024. *See* Sept. 29, 2023 Minute Entry; *see also* ECF No. 305.

Defendants have attempted to delay Mr. Del Rosso's deposition numerous times since the Court's September 29, 2023 hearing. On October 20, 2023, Plaintiff noticed Mr. Del Rosso's deposition for December 1, 2023. Mr. Del Rosso objected to that date on November 9, 2023 but provided no alternative dates. Accordingly, on November 15, 2023, Plaintiff re-noticed Mr. Del Rosso's deposition for December 7. Defendants' counsel did not oppose that date.

On November 28, 2023, Mr. Del Rosso's counsel emailed Plaintiff's counsel[1] that Mr. Del Rosso was unavailable to sit for his deposition on

---

[1] Defendants' counsel also emailed Alice Richey, the Special Master candidate for this matter on whom the parties have tentatively agreed, to inform her of the matter. The parties are currently negotiating a consent motion regarding Ms. Richey's appointment as a Special Master to address

4

December 7 because they had "just learned that Mr. Del Rosso must immediately undergo additional treatment for his cancer." *See* ECF No 307-3 at 2. Defendants' counsel provided no "medical evidence" of Mr. Del Rosso's condition at that time. *See also* ECF No. 114 at 4 (requiring such evidence for further continuations). Out of an abundance of caution, Plaintiff noticed an emergency deposition for Monday, December 4 to secure Mr. Del Rosso's testimony for trial under Rule 32(a)(4)(C). Plaintiff's counsel stated they were willing to meet and confer with Defendants regarding the date but would not withdraw the notice until there was full transparency regarding Mr. Del Rosso's condition.

On December 1 at 2:46 pm, Defendants' counsel submitted a letter to Plaintiff's counsel from Mr. Del Rosso's doctor stating that Mr. Del Rosso had notified him at a clinical visit on November 13 of relapsed pain associated with his cancer. *See* ECF No. 309-1. The letter suggests that Mr. Del Rosso has been taking oxycodone as a pain medication since that time. *Id.* According to the letter from Mr. Del Rosso's doctor, Mr. Del Rosso is scheduled to undergo radiation treatment from December 11 to 15, 2023. *Id.* Mr. Del Rosso will then meet with his doctor on December 19 to discuss changing his treatment starting in early January in such a way that he will likely be in treatment at

---

certain discovery disputes and hope to file that with the Court in the short term.

5

some point during most weeks well into April 2024, which is after the fact discovery cutoff. *Id.* In addition, the letter stated that available treatment options offered only a limited chance of controlling his disease for at least a year. *Id.* at 3.

Faced with numerous contradictions in Defendants' counsel's representations,[2] Plaintiff's counsel sought additional information from Defendants, which Defendants refused to provide. *See* ECF No. 307-4. Having received no response – and given Dr. Rubinstein's statements that Mr. Del Rosso was not scheduled for radiation until December 11 – Plaintiff's counsel informed Defendants that the deposition would proceed on December 7 as noticed. *See* ECF No. 307-5. Defendants filed their motion for protective order on December 4. *See* ECF No. 306.

## LEGAL STANDARD

As this Court has previously ruled, "[p]rotective orders pursuant to Rule 26(c) should be 'sparingly used and cautiously granted.'" ECF No. 248 at 4 (quoting *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C. 1987). Indeed, "[n]ot only are protective orders prohibiting depositions rarely granted, but

---

[2] For example, Defendants' counsel had said that Mr. Del Rosso had to undergo treatment "immediately" but the letter said that radiation treatment would not begin until December 11. Defendants' counsel also said that they had just learned of the diagnosis on November 28, but the letter stated that Mr. Del Rosso learned of the issues on either November 13 or November 17.

6

[the moving party] has a heavy burden of demonstrating the good cause for such an order." *Medlin*, 113 F.R.D. at 653.

When considering a motion for protective order to bar a deposition based on alleged health concerns, the Court "may not abdicate its responsibility by unquestionably accepting a doctor's summary opinions." *Id*. A physician must do more than simply assert that a deposition cannot go forward; instead, "[i]n seeking to prevent or delay a deposition by reason of medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition would be dangerous to the deponent's health." *Id.*; *see also Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C. 1988) (holding that a "request for extended stay of a deposition requires more than a conclusory statement by a physician"); *Union First Mkt. Bank v. Bly*, No. 13-cv-598, 2014 WL 66834, at *5 (E.D. Va. Jan. 6, 2014) (denying motion for protective order because the party only "support[ed] his argument with the submission of three short exhibits consisting of an affidavit and two opinion letters from his primary care doctor"); *Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, No. 05-cv-61225, 2006 WL 8411610, at *3 (S.D. Fla. Oct. 2, 2006) ("While establishing that [the potential deponent] is indeed ill, the letter only generally describes [the deponent's] condition and fails to state whether his health would be jeopardized by submitting to a deposition.").

When considering previous motions for protective orders by Mr. Del Rosso on medical grounds, Judge Webster has held that "[f]urther delays of Del Rosso's deposition due to his medical condition should include a detailed status update of his condition supported by specific medical evidence." ECF No. 114 at 4.

## ARGUMENT

### I. Mr. Del Rosso Has Not Shown Good Cause to Further Delay His Deposition.

Mr. Del Rosso does not argue that a deposition would somehow be harmful to his health. Rather, he claims that the pain caused by his cancer relapse, and the alleged temporary diminished capacity caused by his treatment, justify a delay. But Mr. Del Rosso was also on pain medication at his deposition in February, and it did not prevent him from answering the questions he chose to answer. *See* ECF No. 99-1 at 1 (prior letter from Mr. Del Rosso's doctor, making the same diminished capacity arguments related to narcotic pain medications).[3]

---

[3] Plaintiff also notes that claims of memory impairment present a high bar for those seeking to avoid a deposition. *See, e.g.*, *Hardy v. UPS Ground Freight, Inc.*, No. 17-cv-30162, 2019 WL 13144825, at *4 (D. Mass. Oct. 7, 2019) ("Except in extreme cases, courts generally have rejected the contention that a deponent's unreliable memory resulting from an impairment is a basis on which to prohibit a deposition.").

8

While Plaintiff is sympathetic to Mr. Del Rosso's need to manage any pain caused by his condition, that is, at best, an argument for making accommodations during his deposition, as Plaintiff did at his February 2023 deposition and as Plaintiff offered to do in connection with Mr. Del Rosso's upcoming deposition. *See* ECF No. 307-4. It is not a justification to further delay or cancel his deposition outright. Neither Mr. Del Rosso's counsel nor his doctor even attempt to address why such accommodations are not possible, despite Plaintiff's offer of accommodation. *See S.E.C. v. Children's Internet, Inc.*, No. 06-cv-6003, 2008 WL 346419, at *3 (N.D. Cal. Feb. 7, 2008) (holding deponent had to sit for a deposition despite "a serious medical condition" because the declaration from the deponent's doctor was "conclusory and fail[ed] to address whether a deposition with special accommodations would be possible"); *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 94 (N.D. Tex. 1994) (ordering safeguards on the deposition, including holding the deposition at the plaintiff's treatment facility). Mr. Del Rosso's submission therefore falls well below the required "specific and documented factual showing that the deposition would be dangerous to the deponent's health." *Medlin* v, 113 F.R.D. at 653.

9

## II. Plaintiff Will Suffer Significant Prejudice if Mr. Del Rosso's Deposition is Further Delayed.

Plaintiff has already suffered significant prejudice as a result of Mr. Del Rosso's repeated delays of his deposition. Three years into this litigation, Plaintiff has not yet been able to complete the lead defendant's deposition testimony in this case. This has impeded Plaintiff's ability to collect important evidence to support his claims and rebut Defendants' counterclaims, and to follow new evidentiary leads that result from taking a party's deposition.

By Defendants' own admission, Mr. Del Rosso's condition is terminal, and his cancer relapse is aggressive. ECF No. 309-1 at 2-3. The need to depose Mr. Del Rosso immediately is buttressed by the fact that his doctor does not know when Mr. Del Rosso's impairments are likely to clear up once treatment begins. *Id.* at 2. Defendants argue Mr. Del Rosso should not have to be deposed until January 3, 2024, ECF No. 307 at 9, but that is exactly when he expects to start chemotherapy. ECF No. 309-1 at 2 (explaining Mr. Del Rosso will "start[] chemotherapy after the impending holidays in early January"). In other words, if Mr. Del Rosso's deposition is delayed, he may not be available during the remaining discovery period or conceivably at any point during this case.

Plaintiff must be permitted to proceed with Mr. Del Rosso's deposition now. At a minimum, his deposition may be necessary to preserve Mr. Del

Rosso's testimony for trial given the aggressive state of his cancer. *Id.* at 3.  But even if Mr. Del Rosso's condition is not terminal, Plaintiff will suffer additional prejudice from Mr. Del Rosso's repeated delays of his deposition as time passes, memories fade, and discovery deadlines and trial dates approach.

## CONCLUSION

Defendants' motion for protective order should be denied, and the deposition should proceed as scheduled on December 7, 2023, commencing at 10:00 a.m.

This, the 6th day of December, 2023.

        **WOMBLE BOND DICKINSON (US) LLP**

        */s/ Ripley Rand*
        Ripley Rand
        North Carolina State Bar No. 22275
        Christopher W. Jones
        North Carolina State Bar No. 27265
        555 Fayetteville Street, Suite 1100
        Raleigh, North Carolina 27601
        Phone: 919-755-2100
        Fax: 919-755-2150
        Email: ripley.rand@wbd-us.com
            chris.jones@wbd-us.com

-and-

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren E. Briggerman (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com
Email: totoole@milchev.com
Email: lbriggerman@milchev.com
Email: iherbert@milchev.com
Email: clee@milchev.com
Email: cmarden@milchev.com

*Counsel for Plaintiff*

## CERTIFICATE OF WORD COUNT

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This memorandum contains fewer than 6,250 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

*/s/ Ripley Rand*
Ripley Rand
Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# Case No. 20-CV-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>    v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | **CERTIFICATE OF SERVICE** |

    I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

    Brandon S. Neuman, Esq.
    John Branch, III, Esq.
    Jeffrey M. Kelly, Esq.
    NELSON MULLINS RILEY & SCARBOROUGH, LLP
    301 Hillsborough Street, Suite 1400
    Raleigh, NC 27603
    brandon.neuman@nelsonmullins.com
    jeff.kelly@nelsonmullins.com
    john.branch@nelsonmullins.com
    Tel.: 919.329.3800
    Fax.: 919.329.3799

    Samuel Rosenthal
    Nelson Mullins Riley & Scarborough LLP
    101 Constitution Ave NW, Suite 900
    Washington, DC 20001
    Tel.: 202-689-2951
    Fax: 202-689-2860
    sam.rosenthal@nelsonmullins.com

*Counsel for Defendants*

This, the 6th day of December, 2023.

                                        **WOMBLE BOND DICKINSON (US) LLP**

                                        /s/ *Ripley Rand*
                                        Ripley Rand
                                        North Carolina State Bar No. 22275
                                        555 Fayetteville Street, Suite 1100
                                        Raleigh, NC 27601
                                        Telephone: (919) 755-8125
                                        Facsimile: (919) 755-6752
                                        Email: ripley.rand@wbd-us.com

                                        *Counsel for Plaintiff*