UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF NORTH CAROLINA

FARHAD AZIMA,                          )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )          1:20-cv-954
                                       )
NICHOLAS DEL ROSSO, and                )
VITAL MANAGEMENT SERVICES,             )
INC.,                                  )
                                       )
        Defendants.                    )

## ORDER

This matter comes before the court on the Parties' Consent
Motion for Appointment of Special Discovery Master under Rule
53. (Doc. 312.) Plaintiff Farhad Azima and Defendants Nicolas
Del Rosso and Vital Management Services, Inc., ("the Parties")
move the court under Rule 53 of the Federal Rules of Civil
Procedure to appoint a Special Master to assist the parties to
regulate discovery for the remainder of this case.

Rule 53(a)(1)(C) permits the Court to appoint a Special
Master to address pretrial matters that cannot be effectively
and timely addressed by an available district judge or
magistrate judge of the district. Further, beyond the provisions
of Rule 53, district courts have the inherent power to appoint a
Special Master for the administration of justice "when deemed by

it essential." <u>Trull v. Dayco Products, LLC</u>, 178 F. App'x 247, 251 (4th Cir. 2006). Having considered the record in this case, the court finds and concludes that there is good cause for the appointment of a Special Master.

Accordingly,

**IT IS THEREFORE ORDERED** that the Parties' Consent Motion for Appointment of Special Discovery Master under Rule 53, (Doc. 312), is **GRANTED** as follows:

1.   The Court appoints Alice Richey, Esq., pursuant to Federal Rule of Civil Procedure 53 to serve as a Special Master over certain discovery disputes as agreed by the parties in this case in their Joint Agreement. The Parties' Joint Agreement Regarding Special Master's service is hereby incorporated by reference. (<u>See</u> Doc. 312-1.)

2.   The Special Master is "to proceed with all reasonable diligence." Fed. R. Civ. P. 53(b)(2). In the performance of her duties, the Special Master shall observe the Code of Conduct for United States Judges insofar as it applies to her and her service in this case. Code of Judicial Conduct for United States Judges, 69 F.R.D. 273, 286 (1975).

3.   Pursuant to this Order, the Special Master shall have all the powers set forth in Rule 53(c).

The Special Master shall:

> "(A) regulate all proceedings;
>
> (B) take all appropriate measures to perform the assigned duties fairly and efficiently; and
>
> (C) if conducting an evidentiary hearing, exercise the appointing court's power to compel, take, and record evidence."

The parties shall provide the Special Master with copies of all motion papers and other documents relevant to any dispute and any other matters that she deems helpful to her consideration of issues in this case.

4. The Special Master shall review the briefs and declarations of the parties on pending disputes in accordance with the Joint Agreement of the Parties. The Special Master shall then prepare and file a report on her findings and rulings as to each dispute with this Court. The Clerk will then enter the parties' briefing, as well as the report on the Special Master's findings and rulings, on the ECF docket.

5. The procedure for review of the Special Master's rulings is as follows. The Special Master shall regulate discovery with respect to claims of production obligations, relevance, proportionality in terms of the needs of the case, responsiveness, scope, confidentiality, privilege, work product,

burden, or other legal and scheduling issues. She shall rule on these issues in accordance with the Joint Agreement, of the Parties, the Federal Rules of Civil Procedure, and this Order. For purposes of this review effort, the Special Master shall be deemed an officer of the Court such that her access to materials shall not give rise to a waiver of privilege or work product claims.

6.    With respect to the issues of the sequencing of discovery and the alteration of any deadlines set by the court, the court directs as follows. The Special Master shall have the authority to resolve sequencing issues within the deadlines established by this court and the Magistrate Judge. If the Special Master's determination conflicts with any deadlines set by an order, then the Special Master and the parties shall file with the court a short pleading setting forth their positions. If the parties and the Special Master are in agreement, then a joint consent motion may be filed requesting modification of either order along with an explanation of the need for any modification.

7.    The Special Master may review all documents deemed necessary for adjudication of the matters before her. The parties shall provide any assistance required or requested by the Special Master to facilitate the review process, including

- 4 -

producing and arranging documents in a manner that will ease the burden of review. To the extent that the Special Master deems it necessary to review a document for which a privilege or work product assertion has been challenged, the Special Master may request and the Party with control of the document shall permit an in-camera review by the Special Master. Review of privileged or work product documents by the Special Master shall not waive claims of privilege or work product protection, and the parties agree not to argue otherwise in this or other proceedings.

8.    The Special Master shall not communicate ex parte with any party or their counsel.

9.    Rule 53(b)(2)(C) states that the Court must define "the nature of the materials to be preserved and filed as a record of the [Special Master's] activities." The Special Master shall maintain normal billing records of her time spent on this matter with reasonably detailed descriptions of her activities. After reviewing the parties' filings and considering the issues, the Special Master shall submit the parties' briefing along with her reports on her findings and rulings in writing for filing in the ECF docket.

10.    When there are disputed issues between Plaintiff and Defendants presented to the Special Master, Plaintiff and Defendants shall be equally responsible for the court reporter's

- 5 -

fees (at 50% for the Plaintiff, 50% for the Defendants). All transcripts shall be filed under seal in accordance with the Local Rules of the District.

11.  To the extent that it is requested by the Special Master, the parties may submit additional briefing or other information to supplement the submissions agreed upon by the parties in their Joint Agreement. All such written submissions shall be filed with the court under seal to the extent the producing party requests that it be under seal.

12. Under Rule 53(b)(2)(D), the Court is to set forth "the time limits, method of filing the record, other procedures, and standards for reviewing the [Special Master's] orders, findings, and recommendations." The Special Master shall reduce any formal order, finding, report, ruling, or other recommendation to writing and file it electronically on the ECF docket. Fed. R. Civ. P. 53(d).

13.  Any appeals from the rulings of the Special Master will be taken in accordance with the Joint Agreement of the Parties. The Court will give the parties notice and an opportunity to be heard after an appeal from the Special Master's ruling on any issue. In reviewing the Special Master's order, the Court in its discretion may receive evidence, and may "adopt or affirm, modify, wholly or partly reject or reverse or

- 6 -

resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). If no party notices an appeal of a ruling by the Special Master within the period set forth in the Joint Agreement of the Parties, the ruling of the Special Master is final.

14. The Court will review all objections to any ruling of the Special Master pursuant to the standards set out in Fed. R. Civ. P. 53. The Court will decide de novo all objections to findings of fact or conclusions of law made by the Special Master in her rulings. Fed. R. Civ. P. 53(f)(3), (4). The Court will set aside the Special Master's rulings on procedural matters only for abuse of discretion. Fed. R. Civ. P. 53(f)(5).

15. Under Rule 53(b)(2)(E), the Court must set forth "the basis, terms, and procedure for fixing the [Special Master's] compensation." The Special Master shall be compensated at the agreed-upon rate of $500.00 per hour plus costs and expenses, with Plaintiff bearing 50% percent of the total cost and Defendants bearing 50% of the total cost for any matter in which there is a disputed issue between Plaintiff and Defendants presented to the Special Master. With respect to third-party discovery issues solely between one of the parties and a third party, the Party involved in that dispute shall bear 100% of the costs. The Special Master's fee is based on her experience, the

complexity of this case, and her normal hourly rate. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill her duties under this order or such other orders as the Court may issue. In this regard, the Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has worked to] protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3).

16. In the event that the Special Master concludes in her discretion that it is prudent to use other members of her firm who have a lower billing rate for matters that do not require her particular attention, the Special Master shall notify the parties of her intent to use other members of her firm and notify them of the lesser billing rate accordingly. As with the Special Master's fees, costs, and expenses, Plaintiff shall bear 50% percent of the total cost and Defendants shall bear 50% of the total cost in this regard for any matter in which there is a disputed issue between Plaintiff and Defendants presented to the Special Master. With respect to third-party discovery issues solely between one of the parties and a third party, the Party involved in that dispute shall bear 100% of the costs.

17. The Special Master shall maintain normal billing records of time spent on this matter with reasonably detailed descriptions of her activities. Upon the Court's request,

- 8 -

the Special Master shall submit a written formal report of her activities for filing in these coordinated proceedings.

18.   The Special Master shall preserve, until the final resolution of the litigation, all materials that would be necessary for the Court to undertake a <u>de</u> <u>novo</u> review of any decision, including: materials reviewed by her in-camera; the submissions of the parties; any written communications or transcripts of oral communications made in the course of her service in this case; and her time records, billings, and payments.

19.   The Special Master shall file, under seal when appropriate, her decisions and rulings and a report of her activities as set forth in this Order.

20.   The appointment of the Special Master shall extend from the date of this Order through the completion of this litigation. The reappointment of the Special Master and the allocation of her fees among Plaintiff and Defendants, as well as the allocation of her fees between a party and any related non-party based on disputes presented to the Special Master that involve non-parties, may be reviewed by the Court in the Court's discretion based on the terms of the Joint Agreement of the Parties.

21.   Under Rule 53(b)(3)(A), a Special Master shall submit,

prior to her appointment, an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455. Ms. Richey has submitted such an affidavit, "Declaration of Alice Richey," (see Doc. 312-2), and it is hereby incorporated by reference. The Special Master and the parties shall notify the Court immediately if they become aware of potential grounds for disqualification.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Consent Motion for the Appointment of a Special Master pursuant to Rule 53 is **GRANTED.**

**IT IS FURTHER ORDERED** that Alice Richey, Esq., of the Mecklenburg County Bar is appointed to serve as a Special Master in this case under the terms and conditions set forth in this Order.

This the 29th day of December, 2023.


_____
United States District Judge

- 10 -