FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL
MANAGEMENT SERVICES, INC.,

    Defendants.

**SPECIAL DISCOVERY MASTER'S**
**REPORT AND DECISION #2**

    Pursuant to the Court's Order of December 29, 2023 [Doc. 313] and the provisions of Rule 53 of the Federal Rules of Civil Procedure, Alice C. Richey, as the appointed Special Master, submits this Special Discovery Master's Report and Decision #2.

    This report addresses 30(b)(6) topics submitted by Plaintiff to Defendants regarding the noticed 30(b)(6) deposition of Defendant, Vital Management Services, Inc. ("VMS"), along with other related issues raised by the Parties.

## Background

    Pursuant to the Special Discovery Master's Report and Decision #1 ("Report #1"), Defendant Del Rosso will sit for an additional six hours of deposition taken over two days, to be divided in Plaintiff's discretion between his individual testimony and his 30(b)(6) testimony (the "Depositions"). With respect to the 30(b)(6) deposition, the Plaintiff set forth the topics for which Plaintiff wants VMS to designate one or more persons to testify to (the "Topics"). Defendants have objected to certain of the Topics, and also generally objected to the scope of the Topics, including the temporal scope. The Parties have conferred regarding the Topics and agreed to some changes. However, there are disputes remaining regarding the Topics and the Parties have asked the Special Master to resolve those disputes. The

Parties have made submissions to the Special Master outlining their various objections and responses to objections. Additionally, the Special Master sought information on certain persons and entities mentioned in the Topics and that information has been provided. In issuing this Report and Decision #2, the Special Master has considered the arguments and submissions by the Parties, along with the Court's prior rulings on discovery issues, and Report #1.

## The Court's Prior Orders and Decisions

Plaintiff has previously noticed a 30(b)(6) deposition of VMS' [Doc. 216-1] and in response, VMS moved the Court for a protective order to narrow the scope of the deposition [Doc. 216]. This motion, and others, was considered by the Court and discussed in its July 25, 2023 Order [Doc. 248] (the "July 2023 Order"). VMS' objections included requesting the Court to limit all topics to those "relevant and proportionate to the 'Remaining Claims'" (defined at Doc. 217 as Counts VIII and X of the Complaint). The Court did not impose such a limitation, finding VMS' "arguments for limiting the scope of the depositions to be unpersuasive" and that objections on relevancy grounds [other than temporal scope] were "unwarranted." [Doc. 248, p. 20] The Court limited the temporal scope of the deposition to March 2015 – October 15, 2020. The Special Master notes that certain of the topics in Doc. 216-1 were self-limited to matters involving or related to Plaintiff, Plaintiff's Associates, or any personal or business enterprise involving or related to Plaintiff.

In the July 2023 Order, the Court also considered and ruled on motions made by third parties and by Defendants regarding subpoenas to third parties, all of which sought to limit document production or deposition testimony. *See* Doc. 248 (motions from Dechert LLP, Christopher Swecker, Christopher Swecker Enterprises, Craig Thomas Evers, various financial institutions, and Defendants). The Court also considered Plaintiff's motion to compel Defendants to fully respond to Plaintiff's First Set of Requests for Production

("Plaintiff's First RFP"). The Court concluded with respect to all of these motions, that the information sought was relevant and the scope was not too broad, noting that "relevant has been 'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Id.*, p. 9. The Court also noted that certain financial information sought by Plaintiff might "reveal the financial trail behind Defendants' alleged misappropriation of Plaintiff's trade secrets and the related conspiracy of such." *Id.* p. 11.

For all of the then pending discovery requests, including depositions, the Court limited the temporal scope to March 2015 – October 15, 2020. It is noted that many of the requests in the Plaintiff's First RFP were self-limited to matters involving or related to Plaintiff, Plaintiff's Associates, or any personal or business enterprise involving or related to Plaintiff.

## Decision of Special Master Regarding the Topics

Topics 1 – 16: These Topics may be examined by Plaintiff subject to the Temporal Limitation (see General Instructions below).

Topics 17 – 21: These Topics may be examined by Plaintiff subject to the Relevance Limitation (see General Instructions below) and the Temporal Limitation.

Topics 22.a,.d,.e: These Topics may be examined by Plaintiff subject to the Relevance Limitation and the Temporal Limitation.

Topics 22.b,.c: These Topics may be examined by Plaintiff subject to the Temporal Limitation.

Topic 23: This Topic may be examined by Plaintiff subject to the Temporal Limitation. The examination is limited to the specific subtopics listed by Plaintiff.

Topic 24: This Topic may be examined by Plaintiff subject to the Temporal Limitation, except as to projects listed in Paragraph 11 on Page 6 of Plaintiff's October 17, 2023 letter to

Defendants' counsel.[1] As to those projects, Plaintiff may examine VMS subject to the Temporal Limitation and the Relevance Limitation.

Topic 25: This Topic may be examined by Plaintiff.

Topics 26, 27: These Topics may be examined by Plaintiff subject to the Temporal Limitation.

Topic 28: Plaintiff has agreed to limit this Topic to work "Related to work You performed for RAK or Dechert." Along with Plaintiff's limitation, this Topic may be examined by Plaintiff subject to the Temporal Limitation and the Relevance Limitation. However, examination regarding CyberRoot, Aditya Jain (d/b/a Cyber Defence and Analytics), Patrick Grayson (d/b/a Grayson + Co., Ltd.), and Craig Evers is subject only to the Plaintiff's limitation noted above and the Temporal Limitation.

Topic 29: This Topic may be examined by Plaintiff subject to the Temporal Limitation and the Relevance Limitation.

Topics 30 – 32: These Topics may be examined by Plaintiff subject to the Temporal Limitation.

Topic 33, 34, and 35: These Topics may be examined by Plaintiff.

### Decision of Special Master Regarding Other Issues Raised by the Parties in Connection with the Depositions

1. <u>CyberRoot documents</u>: Plaintiff has requested that Defendants provide Plaintiff all documents related to CyberRoot in advance of the Depositions. Defendants respond that all responsive documents related to CyberRoot have been produced, although they state they are continuing to search for documents. Report #1 contains specific instructions in Section 2 regarding CyberRoot document production and governs (subject to any contrary opinion from

---

[1] Projects Fallow, Project Wenger, Project Eagle, Project N-Monaco, Project Karsk, Project Palace, Project Dotty, Project Boxer, Project Horizon, Project Oval, Project Cadogan, Project Bee, Project Kilo, Project Silk, Project Cedar, Project Fir, and Project Everest.

the Court) the production of documents related to CyberRoot. Thus, any supplemental production is due on or before February 27, 2024. If Defendants have any additional documents relating to CyberRoot ready to produce, they can certainly choose to produce them earlier than February 27th, but are not required to by Report #1.

2. <u>Quantity of Supplemental Document Production</u>: Plaintiffs have requested that prior to the Depositions, Defendants "provide some understanding of the quantity of documents they will be producing in response to" Report #1. Defendants respond that they are not able to "accurately predict" the quantity of documents and are not comfortable providing a prediction. Report #1 contains specific instructions regarding supplemental document production and governs (subject to any contrary opinion from the Court) the production of documents by Defendants. Thus, any supplemental production is due on or before February 27, 2024. Defendants can choose to make a rolling production, but are not required to by Report #1.

3. <u>Laptop</u>: Plaintiff states it is his understanding that Mr. Del Rosso's laptop which is/was located in the UK, was "supposed to be turned over to Mr. Del Rosso on Friday, February 10th." Defendants respond that the laptop is "still in the hands of a forensic consultant" who is removing data before turning the laptop over to defense counsel. Report #1 contains specific instructions in Section 1 regarding the laptop. If either counsel receives information that the laptop has been released to Mr. Del Rosso's UK counsel or U.S. counsel, that information should be provided to the Special Master. Moreover, counsel for Defendants should then hasten its review of the laptop in accordance with Report #1. Otherwise, the deadlines set forth in Section 1 shall govern (subject to any contrary opinion from the Court).

## **General Deposition Instructions**

1. <u>Privilege Objections</u>: When asserting privilege objections, counsel shall state on whose behalf the privilege is being asserted.

2. <u>Plaintiff's Associates</u>: By noon on January 14, 2024, Plaintiff shall provide Defendants with the names of "Plaintiff's Associates" as that term is used in the Plaintiff's First Set of Requests for Document Production.

3. <u>Temporal Limitation</u>: Where indicated, a Topic will have the temporal limitation imposed by the Court, March 2015 – October 15, 2020

4. <u>Relevance Limitation</u>: Where indicated, a discovery request from Plaintiff shall be limited to information or documents relating to i.) Plaintiff and Plaintiff's Associates, as defined in the Definitions in Plaintiff's First RFP and clarified by Plaintiff as requested above; ii.) any personal or business enterprise or financial transaction, involving or related to Plaintiff or Plaintiff's Associates; or, iii.) any documents, communications, or data that belonged or belong to Plaintiff or any company in which Plaintiff holds an ownership interest.

This the 13th day of February, 2024.

_____
Alice C. Richey
Special Master