# Exhibit 1

**Lauren Briggerman**
Member
(202) 626-5966
lbriggerman@milchev.com

August 16, 2023

**Via Email**

Brandon S. Neuman
Nelson Mullins Riley & Scarborough LLP
301 Hillsborough Street
Suite 1400
Raleigh, NC 27603

      Re:    *Azima v. Del Rosso*, 1:20-cv-954 (M.D.N.C.): Defendants'
              Invalid Privilege Invocation

Dear Mr. Neuman:

      We write regarding Defendants' repeated, invalid invocation of the attorney-client privilege and related protections during discovery in this matter. Such conduct is the latest example in a series of troubling actions by Defendants to obstruct discovery.

      Throughout this litigation, Defendants have attempted to cloak documents and testimony from discovery by improperly invoking legal privilege that they have no standing to assert. The rules of privilege are clear – only the privilege holder, the client, has standing to assert the privilege. *See Gibbs v. Stinson*, No. 18cv676, 2021 U.S. Dist. LEXIS 200198, at*21 (E.D. Va. Oct. 17, 2021) ("While Defendants may have an ethical obligation to bring the privilege issue to the Court's attention, that obligation does not confer standing on Defendants to assert privilege on the Client's behalf.") (cleaned up). Furthermore, if the client is not a party to the litigation, the client must formally seek to intervene in the matter under Federal Rule of Civil Procedure 24 in order to properly assert privilege or otherwise risk a privilege waiver. *See id.* at 22-23 (ordering production of all documents over which a third party improperly invoked privilege unless the purported client intervened within seven days).

      Most recently, on August 8, Defendants produced a 111-page purported "privilege log"[1] withholding more than one thousand responsive documents on the basis of privilege allegedly held

---

[1] Even on its face, Defendants' privilege log is inadequate and fails to comply with the Court's July 25 Order. As we stated in our July 31 letter to you, a privilege log must state, on a document-by-document basis, the grounds for the privilege and information sufficient to identify the author, recipient, date of the document, and subject matter. *See, e.g. Mr. Dee's Inc. v. Inmar, Inc.* No. 19cv141, 2021 U.S. Dist. LEXIS 163460, at *9 (M.D.N.C. Aug. 30, 2021) (finding that a properly prepared privilege log "'identifies each document withheld, and contains information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the

**Miller & Chevalier Chartered** . 900 16th Street NW . Black Lives Matter Plaza . Washington, DC 20006
**T** 202.626.5800 . millerchevalier.com

Case 1:20-cv-00954-WO-JLW   Document 322-1   Filed 02/20/24   Page 2 of 4

by Ras Al Khaimah (RAK). The "privilege log" claims that "RAK has communicated to counsel for Mr. Del Rosso and Vital Management that any materials in Mr. Del Rosso's or Vital Management's possession, custody or control subject to RAK's privileges or work product protection must be withheld from discovery" and "first screened by RAK and its counsel prior to production . . . ." *E.g.,* Defs.' Aug. 8, 2023 Privilege Log at 4.

RAK's purported communication to counsel for Defendants is not even close to a formal invocation of its privilege in this proceeding. RAK has failed to timely intervene in this matter to assert its privilege and therefore has waived any such privilege claims. If a third party holds a relevant privilege, it is incumbent upon that third party to intervene and assert its privilege and submit to the oversight and rulings of the court. It is elementary that Defendants' invocation of RAK's privilege is insufficient, as that privilege is held by the client.

RAK is well aware of the ongoing litigation and has had ample opportunity to assert any privilege it may hold. In February, you relied upon an ineffective letter from RAK's outside counsel regarding privilege to improperly instruct Mr. Del Rosso not to respond to dozens of questions during his deposition. N. Del Rosso Dep. Ex. 4.

Even if Defendants' invocation of RAK's privilege were valid, and it is not, there is another reason why the privilege log is insufficient. Dechert has now admitted that the crime fraud exception applies to documents it previously labeled as privileged and has produced those documents. No doubt, the crime fraud exception applies to many of the documents on your privilege log, and your firm is obligated to consider that issue in good faith when preparing a privilege log.

The need for RAK to intervene in order to assert a purported privilege is particularly clear in the context of this and related litigation in the U.K., where the RAK Investment Authority has withdrawn from the proceedings saying that it "may have been the victim[] of dishonest and unscrupulous former third party advisers who have taken steps to advance their own interests for their own gains, and at RAK['s] expense." Under these circumstances, it is especially inappropriate that RAK's privilege could be asserted by one of those third-party advisors on RAK's behalf. *See* June 22, 2022 Letter from Dr. Naser Al Bustami and Mr. Mohamed Sultan Al Qadi to the U.K. court.

---

document's general subject matter'") (quoting *Sky Angel U.S., LLC v. Discovery Commcn's, LLC*, 28 F. Supp. 3d 465, 483 (D. Md. 2014).

The Court ordered Defendants to produce all responsive documents and a privilege log by August 8. That date has come and gone without RAK's intervention, and Defendants have no standing to invoke privilege on RAK's behalf. Accordingly, Defendants must immediately produce all documents identified in their privilege log over which RAK is the alleged privilege holder. If they do not do so by Monday, August 21, we will file a motion to compel immediate production of the improperly withheld documents and to bar Defendants from improperly asserting RAK's privilege at their depositions.

Sincerely,

Lauren E. Briggerman

CC: John Branch
    Sam Rosenthal
    Jeffrey Kelly
    Matthew Gorga
    Nathaniel Pencook