# Exhibit 4

# Tafuri, Katharine

| | |
|---|---|
| **From:** | Briggerman, Lauren |
| **Sent:** | Thursday, January 18, 2024 5:12 PM |
| **To:** | Alice Richey |
| **Cc:** | John Branch; Behre, Kirby; Brandon Neuman; Sam Rosenthal; Jeff Kelly; Herbert, Ian; Angela Williams; Jones, Christopher; Rand, Ripley |
| **Subject:** | Azima v. Del Rosso - Plaintiff's Supplemental Submission Regarding Case Law on Intervention |

Ms. Richey,

You asked for additional case law, to the extent it exists, regarding how RAK, the purported privilege holder of most of the documents over which Defendants claim privilege, may assert such a privilege.

We have not located any additional caselaw beyond *Gibbs* that addresses the inability of a party to assert a third-party's privilege and invites that third party to intervene. However, we also have seen no caselaw, including *United States v. Martoma* cited by Defendants, indicating that a conclusory, vague letter from attorneys representing a privilege holder, claiming the holder does not waive privilege over anything, is sufficient to assert privilege. In *Martoma*, the court did not define what it means for a party to be "authorized" to assert privilege on another's behalf. *See United States v. Martoma,* 962 F. Supp. 2d 602, 604 (S.D.N.Y. 2013). Defendants assert that *Gibbs* is inapposite and characterize the former agents in *Gibbs* as making a privilege assertion "without the company's authorization." Defs.' Opp'n to Pl.'s Mot. To Compel Defs. To Produce Info. Improperly Withheld for Privilege at 2. However, the former agents in Gibbs received instructions similarly vague and conclusory to those Defendants rely on. In *Gibbs*, the court expressly found insufficient that a third-party privilege-holder advised their former agents "that 'it is not waiving its attorney-client privilege'" and "instructed them not 'to do something different than what Think Finance wants to do with respect to its privilege.'" *Gibbs v. Stinson,* No. 18-cv-676, 2021 WL 4853575, at *8 (E.D. Va. Oct. 17, 2021).

Judge Webster made clear in his July 25, 2023 Order that parties asserting privilege must "state their specific basis," cannot rely on "conclusory assertions," and should "produce a privilege log identifying any withheld documents and the basis for any appropriate privilege designation." *See* ECF 248 at 17-18. Both the Allen & Overy and Patterson Belknap letters Defendants seek to rely on to establish their authorization contain no specific basis for privilege claims over the documents Plaintiffs seek, and merely state that RAK asserts and does not waive "all applicable privileges or protections." *See* Defs.' Opp'n to Pl.'s Mot. To Compel Defs. To Produce Info. Improperly Withheld for Privilege, Ex. A, B.

Thank you.

Regards,

Lauren

**LAUREN E. BRIGGERMAN**
Member | Miller & Chevalier Chartered
lbriggerman@milchev.com | T. 202.626.5966 | M. 202.641.5414