# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:20-cv-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **DEFENDANTS' SUPPLEMENT TO THEIR OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE INFORMATION IMPROPERLY WITHHELD FOR PRIVILEGE** |

As requested at the January 16, 2024 hearing by the Special Master, Defendants submit this in further support of their opposition to Plaintiff Farhad Azima's motion to compel the production of privileged materials and to provide additional authority for the proposition that a party, when authorized, can validly assert privilege on behalf of a non-party privilege holder. As set forth in greater detail below, because Defendants were retained in order to facilitate the provision of legal advice to the Government of Ras Al-Khaimah and its related entities (collectively, "RAK") by RAK's legal counsel, Dechert LLP, and were expressly authorized and directed by RAK to assert its privileges and protections over the materials at issue, Defendants have properly asserted RAK's privilege in this action. Case law demonstrates that

1

it is not necessary for RAK to intervene in order for the privilege Defendants are asserting on its behalf to be upheld.

As a preliminary matter, Defendants have every intention of complying with all court orders. This includes complying with any final order the Court might enter granting Plaintiff's motion and requiring the production of documents over which RAK continues to assert its privileges and protections. Defendants understand that RAK acknowledges the Court's jurisdiction over Defendants and expects Defendants to abide by all court orders. Nonetheless, there is ample case law holding that a privilege holder outside the Court's jurisdiction, like RAK here, need not intervene in an action to which it is not a party to protect its privilege and work product where it has authorized a party in possession of the privileged and protected documents to assert privilege on its behalf.

Circumstances in which an authorized party must assert privilege on behalf of the ultimate privilege holder arise most frequently in the context of discovery served on attorneys which seeks the production of client records. In that context, courts have repeatedly recognized that a third party, other than the privilege holder, can properly assert the client's attorney-client privilege. The Supreme Court has gone so far as to describe the proposition that an attorney may assert attorney-client privilege on behalf of the client as one that is "universally accepted." *Fisher v. United States*, 425 U.S. 391, 402 n.8 (1976).

As the Supreme Court explained, to hold otherwise could discourage the free flow of information between the attorney and the client and make it more difficult to obtain fully informed legal advice, thereby undermining the primary purpose of the privilege. *Id.* at 403-05 ("As a practical matter, if the client knows that damaging information could more readily be obtained from the attorney following disclosure than from himself in the absence of disclosure, the client would be reluctant to confide in his lawyer and it would be difficult to obtain fully informed legal advice.").

Unsurprisingly, both the Fourth Circuit and the Supreme Court of North Carolina have similarly acknowledged that attorneys can validly assert privilege on behalf of their clients. Indeed, when a client's privilege is at stake, they are under an obligation to do so. For example, in *In re Search Warrant Issued June 13, 2019*, 942 F3d 159 (2019), the Fourth Circuit recognized that a law firm had "uncontested standing" to challenge the use of a filter team to review potentially privileged materials and work product related to client representations that had been seized by the government. *Id.* at 173 (collecting cases); *see also In re Grand Jury Proceedings*, 727 F.2d 1352, 1354-55 (4th Cir. 1984) (recognizing that "an attorney . . . is entitled to raise [attorney-client] privilege on behalf of his alleged client" in connection with opposing a subpoena seeking the attorney's testimony); *In re Grand Jury Subpoena # 06-01*, 274 F. App'x 306, 309 n.3 ("It is well established that if the client may invoke

3

attorney-client privilege to protect confidential communications, then the client's attorney may also do so on the client's behalf."). Similarly, the North Carolina Supreme Court has recognized that although the attorney-client privilege belongs to the client—rather than the attorney or any third party— "an attorney may assert the privilege when necessary to protect the interests of the client." *In re Miller*, 357 N.C. 316, 338 (2003). Indeed, the North Carolina Rules of Professional Responsibility *require* attorneys to protect the confidentiality of attorney-client communications. *See* N.C. Rule of Prof. Conduct 1.6. Moreover, because the work product protection belongs to both the client *and* the creator of the work product, courts in the Fourth Circuit have also recognized that the creator of the work product has standing to assert the privilege on its client's behalf. *See, e.g.*, *Green v. Sauder Mouldings, Inc.*, 223 F.R.D. 304, 306 (E.D. Va. 2004) ("A party may assert a work-product privilege if that party or its representative has created a particular document either in anticipation of litigation or for trial purposes."); *Allstate Ins. Co. v. Warns*, No. CCB-11-1846, 2013 U.S. Dist. LEXIS 44507, at *7 (D. Md. Mar. 28, 2013) (recognizing that the ability to protect work product extends to both clients and attorneys).

There is no reason why a different result is required simply because a non-lawyer investigator was engaged to facilitate the provision of legal advice, asserted privilege on behalf of an ultimate client, upon authorization and

4

direction by the client. Because the investigator works as an adjunct to the lawyer on behalf of the client, the underlying principles supporting the propriety of such assertion are identical to those applicable to a lawyer's authorized assertion of a client's privilege. Indeed, given Defendants' role in the provision of legal advice for RAK by its attorneys, holding otherwise would undermine the line of cases, in that the privilege could be circumvented by merely seeking discovery from a law firm's contractors instead of the law firm itself.

Notably, Plaintiff has not cited any case holding that an *authorized* party in proper possession of another party's privileged documents or information cannot assert privilege on the privilege holder's behalf. Such a ruling would expose privileged documents and information to disclosure any time a former employee, consultant, agent, or anyone else with legitimate access to such privileged documents or information was deposed or subpoenaed for documents, unless the privilege holder intervened to protect its privilege. Plaintiff has also not articulated any justification why the Court should treat the invocation of another party's privilege by a non-lawyer investigator, specifically engaged to facilitate the provision of legal advice and whose documents may be subject to attorney-client privilege and work product protection, differently than a similar invocation of privilege by the lawyers whom he or she supports.

5

Defendants are not aware of any case law that would require a contrary ruling; nor does the sole case cited by Plaintiff in support of his position require such a ruling. Rather, as set forth in Defendants 'opposition, *Gibbs v. Stinson*, No. 18-cv-676, 2021 U.S. Dist. LEXIS 200198 (E.D. Va. Oct. 17, 2021), stands for the unremarkable position that individuals who were not party to the attorney-client relationship and who have not been authorized to assert privilege cannot assert privilege on behalf of a third-party client. The *Gibbs* court found that: "Defendants [we]re 'not authorized to assert [their former company's] privilege merely because [the company] has expressed a desire to preserve the confidentiality of the communications at issue.' [*United States v.*] *Martoma*, 962 F.Supp.2d [602,] 605 [S.D.N.Y. 2013]. In other words, Defendants cannot assert attorney-client privilege merely because they formerly acted as [the company's] agents." That finding rested on the fact that the defendants were not "authorized" to invoke their privilege or other protections on behalf of their former company, which was at the time under new ownership. The case on which *Gibbs* relies, *United States v. Martoma*, makes the relevant legal proposition very clear: because the attorney-client privilege belongs to the client, only the client "or one authorized to do so on the client's behalf" can assert the privilege. *Martoma*, 962 F.Supp.2d at 604 (citing *In re Sarrio*, S.A., 119 F.3d 143, 147 (2d Cir. 1997)); *In re von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987)). Unlike the situation in *Gibbs* and *Martoma*, however,

6

Defendants here were an integral part of the attorney-client relationship and were expressly authorized by RAK to assert its privileges and protections to the fullest extent possible on its behalf. Moreover, RAK reviewed the documents and information listed on Defendants' privilege log as "RAK Privileges" materials and confirmed that it is instructing Defendants to assert RAK's attorney-client and work product protections over those materials.

## CONCLUSION

For the reasons set forth above, the Court should hold that Defendants may properly assert privilege on behalf of RAK and should deny Plaintiff's motion to compel production of privileged materials.

Respectfully submitted, this the 18th day of January, 2024.

        **NELSON MULLINS RILEY & SCARBOROUGH, LLP**

        By: */s/Brandon S. Neuman*
            Brandon S. Neuman, NCSB# 33590
            Jeffrey M. Kelly, NCSB# 47269
            John E. Branch III, NCSB# 32598
            Samuel Rosenthal (special appearance)
            Justin Kaplan (special appearance forthcoming)
            301 Hillsborough Street, Suite 1400
            Raleigh, North Carolina 27603
            Telephone: (919) 329-3800
            Facsimile: (919) 329-3799
            brandon.neuman@nelsonmullins.com
            jeff.kelly@nelsonmullins.com
            john.branch@nelsonmullins.com
            sam.rosenthal@nelsonmullins.com
            justin.kaplan@nelsonmullins.com

7

*Counsel for Defendants*