UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954-WO-JLW

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendants.

**SPECIAL DISCOVERY MASTER'S REPORT AND DECISION # 3**

Pursuant to the Court's Order of December 29, 2023 [Doc. 313] and the provisions of Rule 53 of the Federal Rules of Civil Procedure, Alice C. Richey, as the appointed Special Master, submits this Special Discovery Master's Report and Decision # 3 (the "Report").

The Report addresses non-party Linda C. Goldstein's ("Goldstein") Emergency Motion to Clarify and Designate Deposition Transcript as Confidential (the "Motion"). Through Counsel, Goldstein consents to the Special Master's jurisdiction and agrees to abide by the terms of the December 29, 2023 Order [Doc. 313] with respect to the Special Master process.[1] The Motion was submitted on February 15, 2024, and Plaintiff submitted his written response on February 20, 2024.

## The Court's Relevant Prior Order

The Court entered a Protective Order [Doc. 177] regarding, *inter alia*, the designation of "Confidential Information" (as defined in Section 2 of the Protective Order). Any party may object to a confidential designation, following written notice and a meet and confer obligation, as set forth in Section 3 of the Protective Order. With respect to deposition

---

[1] Following receipt of the Motion, the Special Master advised the Plaintiff, Defendants, and Goldstein by email that while Ms. Goldstein's motion was pending, her deposition and all exhibits thereto shall be considered "CONFIDENTIAL" pursuant to the Protective Order.

1

transcripts and exhibits, upon an oral notice on the deposition record, the transcript of any deposition and all exhibits "shall be considered Protected Information for thirty (30) days following the date of service of the final transcript by the Party that took the deposition." *See* Section 10 of the Protective Order. During that 30-day period, portions of the transcript may be designated as containing Protected Information (as defined in the Protective Order). A failure to so designate results in the entire transcript and exhibits being unprotected. *Id.*

## Background and Arguments

Goldstein's deposition was taken by Plaintiff on December 21, 2023. At the conclusion of the deposition, counsel for Goldstein stated on the record that "we are going to designate the transcript of this deposition confidential pursuant to the operative protective orders and in our capacity as counsel for Dechert, we're going to further designate the portions of the transcript that refer to or relate to exhibits produced by Dechert with a confidentiality designation." *See* Transcript of Goldstein Deposition at 297:19-298:2 (submitted in support of the Motion). Counsel for Defendants also noted on the record their agreement that the transcript and exhibits should be so designated. *Id*. at 298:16-24.

According to Goldstein, the court reporter emailed her counsel a copy of the transcript on December 25, 2023. A three-page errata sheet was returned by Goldstein on January 31, 2024, following an agreement with Plaintiff to extend the errata deadline. Goldstein states that on February 15, 2024, counsel for Plaintiff advised "that they considered themselves 'free to use [the transcript] as we choose'" because Goldstein had not made confidential designations within the timeframe established by the Protective Order and thus had "'waiv[ed] the right to seek confidential status.'" Goldstein asserts that there has been no "service" of the deposition by Plaintiff and no "final" transcript has been received reflecting the errata changes; therefore, no waiver has occurred. Goldstein also asserts that even if the Special Master disagrees with her interpretation of the Protective Order, any failure to

designate was "inadvertent" due to a "lack of clarity about the designation process,' and that inadvertent failures to designate are not deemed a waiver under the Protective Order (citing page 7 of the Protective Order)[2].

In response, Plaintiff asserts that Goldstein is seeking to designate the "entire transcript as confidential" to, among other things, delay Plaintiff's ability to use the transcript during discovery.[3] Plaintiff asserts further that the designation of the entire transcript "prevents Plaintiff from showing the transcript to *anyone* Plaintiff seeks to interview informally during discovery or to trial witnesses unless Plaintiff obtains prior consent of the designating party." Thus, Plaintiff asserts that he will be required to divulge confidential trial preparation information and material to Goldstein's counsel (who is also Dechert's counsel). Plaintiff further asserts that the 30-day designation period began on December 21, 2023, when Goldstein's counsel gave record notice that she was invoking the protections of Section 10 of the Protective Order, and expired on January 22, 2024. Plaintiff argues in the alternative, that even if the 30-day period began upon Goldstein's receipt of the transcript, which Plaintiff states, upon information and belief, was January 8, 2024,[4] the 30-day period expired on February 7, 2024 without any appropriate designations being made.

---

[2] Presumably, Goldstein is citing to Section 9(d) of the Protective Order which addresses the inadvertent failure to mark a document "CONFIDENTIAL". The Special Master agrees with Plaintiff that this section does not apply to Goldstein's designation of her deposition transcript and accompanying exhibits.

[3] Plaintiff also notes that he is adopting the argument made in a pending motion to compel Defendants and third parties, Dechert and Swecker, to revise improper confidentiality designations. To the extent Plaintiff is asserting a motion that Goldstein has made improper confidentiality designations, that motion is not considered at this time but may be reasserted by Plaintiff following the procedure set forth in this Report.

[4] Goldstein states that the transcript was received on December 25, 2023, not January 8, 2024. Under Plaintiff's theory, whether the operative date is December 25, 2023 or January 8, 2024, the 30-day period has expired.

## Report and Decision of Special Master

Plaintiff does not dispute Goldstein's statements that the errata sheet was returned on January 31, 2024, "following an agreement with Plaintiff to extend the errata deadline." Plaintiff also does not contend that he (as the "Party that took the deposition" – see Section 10 of the Protective Order), has ever served Goldstein with a final transcript. Thus, under the specific language of the Protective Order, the 30-day designation period has not begun. The Special Master notes that Goldstein agrees she received a copy of the transcript from the court reporter[5] and that counsel for Goldstein and counsel for Plaintiff apparently discussed extending the errata sheet deadline. However, receipt of a transcript from the court reporter does not trigger the procedures of Section 10 of the Protective Order.

Goldstein states that she will provide confidential designations to the transcript pursuant to the Protective Order on or before March 1, 2024 (30 days from the service date of the errata sheet) and the Special Master finds that this timing is both reasonable and permitted by the Protective Order. While Plaintiff suggests that Goldstein is seeking to designate the entire transcript as confidential, Goldstein does not so state in her submission. To be clear, designations must be made in accordance with the definition of Confidential Information set forth in Section 2 of the Protective Order.

Therefore, with respect to the designation of any portions of the transcript of the deposition of Goldstein, the following instructions shall apply:

1. On or before March 1, 2024, Goldstein shall designate portions of the transcript containing Protected Information pursuant to the terms of the Protective Order.

---

[5] Federal Rule of Civil Procedure 30(e) sets forth the procedure to be followed by a deponent "after being notified by the officer [here, the court reporter, see Rule 30(b)(5)(A)] that the transcript or recording is available" to review. The Protective Order is not referring to this procedure, but rather refers specifically to a process which starts "following the date of service of the final transcript by the Party that took the deposition."

4

2. If no such designations are made by March 1, 2024, the entire deposition transcript and exhibits will be considered unprotected.

3. If Plaintiff objects to any designations made by Goldstein, he shall follow the procedures set forth in Section 3 of the Protective Order.

This the 21st day of February, 2024.

_____
Alice C. Richey
Special Master