UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954-WO-JLW

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendants.

**SPECIAL DISCOVERY MASTER'S REPORT AND DECISION # 4**

Pursuant to the Court's Order of December 29, 2023 [Doc. 313] and the provisions of Rule 53 of the Federal Rules of Civil Procedure, Alice C. Richey, as the appointed Special Master, submits this Special Discovery Master's Report and Decision # 4 (the "Report").

The Report addresses Defendant's Motion to Compel Additional Information Regarding Plaintiff's Privileged Communications (the "Motion"). The Motion was submitted on January 30, 2024, and Plaintiff submitted his written response on February 2, 2024.

## The Court's Relevant Prior Order

The Court has previously addressed the adequacy of privilege assertions.[1] In the Court's Order dated July 25, 2023 [Doc. 248] (the "July 2023 Order"), the Court noted that "'describing a document as "regarding" or "related to" "legal advice" is of no more assistance to a party seeking to test a privilege claim than generally asserting that the document is protected by the attorney-client privilege.'" July 2023 Order at p. 21, quoting *Window World of Baton Rouge, LLC v. Window World, Inc.*, No. 15 CVS 1, 2019 WL 3995941, at *31 (N.C. Super. Aug. 16, 2019); *aff'd*, 377 N.C. 551 (2021).

---

[1] The context of this portion of the Order was Defendants' request to limit the scope of a deposition because of privilege, among other things.

1

## Arguments

Defendants seek a motion to compel Plaintiff to supplement his October 27, 2023 Privilege Log (the "Privilege Log") prior to any requests for an *in camera* review. The Privilege Log consists of three pages listing 62 separate documents over which Plaintiff claims a privilege. Defendants assert several shortcomings in the entries:

1. "Only about 11" of the entries feature communications with attorneys or barristers.
2. Only the first five entries contain a subject description, despite most documents being emails with a likely subject line.
3. Forty-six entries bear identical or nearly identical descriptions "regarding 'legal advice prepared at the direction of one or more legal firms about 'litigation strategy and developments.'"
4. Defendants question why certain email chains which include Ray Adams, who they say is a "Chief Financial Officer in several of the companies" Plaintiff is involved in, are considered privileged when it is "unclear why legal advice to Azima would be shared with Mr. Adams in his role as CFO or ALG."
5. Plaintiff has "apparently distinguished between some of [his] colleagues, like Mr. Adams where correspondence is logged, and others where there is no correspondence, like Jonas Rey and Aditya Jain" citing Plaintiff's belief that "correspondence between Plaintiff's UK counsel and consultants for the UK matter are not relevant to this case." Defendants says this position "begs the question" as to why there is correspondence on the Privilege Log between Plaintiff and Jay Solomon, who Defendants say is not part of this case.

Defendants assert that the lack of adequate descriptions means that "Plaintiff cannot meet his privilege objections and preserve (or narrow) any *in camera* challenges Defendants may have." Defendants request that Plaintiff be required to supplement the Privilege Log

2

Case 1:20-cv-00954-WO-JLW   Document 326   Filed 03/01/24   Page 2 of 6

"with the subject of the emails, more description of the legal advice being relayed, and why the email's advice needed to be relayed."

In response, Plaintiff asserts that 1) the Privilege Log "appropriately does not log communications with litigation counsel in the US and the UK or their agents;" 2) Plaintiff's decisions with respect to the Privilege Log are based on the "responsiveness and privileged nature of the communications…not on unrelated distinctions between parties to the communications;" and, 3) the Privilege Log is sufficient to enable Defendants to "ascertain the basis for assertions of privilege [because] it sufficiently identifies the nature, date, sender and recipient, and subject matter as required."

### Report and Decision of Special Master

Several of the topics raised by Defendants go to whether a particular item is privileged or not (i.e., topics 1, 4, and 5); those topics are not ripe for resolution through the Motion. Topic 1 suggests that because attorneys are not listed as either a sender or recipient of an email the document may not be privileged. Although not to be resolved at this time, it is noted that Plaintiff cites several other privileges, including marital and work product, both of which might exist outside of direct attorney-client communications.[2] Topics 4 and 5 question the inclusion of email communications that include Ray Adams and Jay Solomon. Whether emails that include Mr. Adams or Mr. Solomon are privileged cannot be resolved at this time.

Topics 2 and 3 assert the inadequacy of Plaintiff's identification and description of communications and are ripe for resolution through the Motion. Rule 26(b)(5)(A) requires a party withholding otherwise discoverable documents for reasons of privilege to describe the nature of the documents "in a manner that, without revealing information itself privileged

---

[2] Plaintiff also cites a "common interest" privilege for many of the entries. However, the common interest doctrine is not a separate privilege but rather a non-waiver doctrine.

3

or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Thus, a "'party's conclusory assertion that a document is privileged is inadequate to meet the burden imposed by [the Rule].'" *Window World of Baton Rouge, LLC v. Window World, Inc.*, 2019 WL 3995941, at *30-31 (noting the finding in *Nucap Indus., Inc. v. Robert Bosch LLC*, No. 15 CV 2207, 2017 U.S. Dist. LEXIS 135288, at *5 (N.D. Ill. Aug. 23, 2027) that a "privilege log description reading '[c]ommunication reflecting legal advice regarding anticipated litigation' to be inadequate"); *see also*, July 2023 Order ("'describing a document as "regarding" or "related to" "legal advice" is of no more assistance…than generally asserting that the document is protected by the [privilege]'", citing *Window World*).

Of the 62 logged items, 57 contain one of four descriptions:

a. [Email chain, attachments, chat] reflecting confidential attorney-client communications and reflecting legal advice prepared in the course of litigation and at the direction of [listed law firm(s)] re: litigation strategy and developments.

b. [Email chain, attachments, chat] requesting legal advice prepared in the course of litigation re: litigation strategy and developments.

c. [Email chain, attachments, chat] reflecting legal advice prepared in the course of litigation and at the direction of [listed law firm(s)] re: litigation strategy and developments.

d. [Email chain, attachments, chat] reflecting legal advice prepared in anticipation of litigation and at the direction of [listed law firm(s)] re: litigation strategy and developments.

The descriptions are variations on a theme: the communication is legal advice or a request for legal advice prepared in anticipation or in the course of litigation, regarding litigation strategy and developments. These descriptions are simply recitations of the definition of a

4

privileged communication.[3] Further, the information listed under the column labeled "File Name/Subject" for those 57 entries does not provide any substantive information to assist Defendants in assessing the privilege claims. The only information provided is either an email message extension (XXXX.eml.msg) or a designation that the message was delivered through the WhatsApp web interface (WhatsAppXXXXXXXX_X.html).

Rule 26(b)(5)(A) requires a party to describe withheld documents in such a way that, "without revealing information itself privileged or protected, will enable other parties to assess the claim." A party does not sustain its burden by conclusory assertions that a document is privileged or merely by describing a document as regarding or related to legal advice. *See Window World of Baton Rouge, LLC v. Window World, Inc.*, 2019 WL 3995941, at *30-31 and citations therein (noting at *31, that a description of an email or draft as "either regarding or relating to 'legal advice' [was] 'wholly inadequate in affording [Plaintiffs] a fair opportunity to assess the validity of the privilege claim'").

The Special Master has no insight into the contents of the withheld documents, and it may be that no further description can be made without revealing privileged information. However, the Plaintiff must make every effort to sustain its burden to do so for all entries. This should include the addition of the subject line of email and other communications where the subject line itself is not privileged. The vast majority of the entries appear to include communications with persons who are outside the attorney-client relationship between Plaintiff and his attorneys. For those entries, additional non-privileged information will be especially helpful to Defendants in determining whether to challenge the assertion of

---

[3] The descriptions noted above all contain the phrase "regarding litigation strategy and developments." Plaintiff's response to the Motion states that Plaintiff has not logged communications with litigation counsel in the US and the UK or their agents. Presumably, therefore, the entries are not such communications. Thus, the added phrase only provides more verbiage to the definition of privilege.

privilege. A penalty for failure to produce an adequate privilege log is the waiver of privilege and resulting disclosure of the document. *See id.,* at *31 and citations therein. The guidance provided by Rule 26 and this Report, along with possible sanctions for an inadequate privilege log, should govern the assertions of privilege.

In the Motion, Defendants specifically requested that Plaintiff be required to supplement the Privilege Log "with the subject of the emails, more description of the legal advice being relayed, and why the email's advice needed to be relayed." This Report requires the Plaintiff to supplement the Privilege Log as noted above, which might result in more descriptions of the subject of emails and the subject of the legal advice. However, this Report does not require Plaintiff to describe the legal advice or describe why it needed to be relayed.

On or before March 15, 2024, Plaintiff shall review the Privilege Log and either make revisions in accordance with Rule 26(b)(5)(A) and this Report, or confirm in writing to Defendants and the Special Master that the Privilege Log is in conformance with both.

This, the 29th day of February, 2024.

_____
Alice C. Richey
Special Master