UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-cv-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **PLAINTIFF FARHAD AZIMA'S RESPONSE IN OPPOSITION TO THE MOTION OF NON-PARTIES CHRISTOPHER SWECKER AND CHRISTOPHER SWECKER ENTERPRISES, LLC, FOR ATTORNEYS' FEES AND COSTS** |

Plaintiff Farhad Azima respectfully opposes the Motion of Non-Parties Christopher Swecker and Christopher Swecker Enterprises, LLC (collectively, "Swecker") For Attorneys' Fees and Costs ("Motion") (ECF No. 317). Mr. Swecker was a member of the alleged conspiracy that hacked and misappropriated Farhad Azima's data and was retained by Defendants and by co-conspirator Dechert LLP in connection with that effort. Mr. Swecker played a leadership role in weaponizing the stolen data in order to initiate a federal law enforcement investigation targeting Azima. Indeed, it was Mr. Swecker who first approached the FBI in pursuit of that effort. Plaintiff has waited for Mr. Swecker to complete his production of discovery before seeking Mr. Swecker's deposition.

[REDACTED]

█████████████████████████████████████

█████████████████

In January 2023, Plaintiff issued Mr. Swecker a subpoena seeking relevant documents. For more than a year, Mr. Swecker has energetically resisted his most basic obligations to respond to the subpoena, generating significant legal fees in the process as demonstrated in his Motion. Mr. Swecker's resistance has been self-interested, and fourteen months later Plaintiff still awaits his full compliance. *See* ECF No. 153-1.

Initially, Mr. Swecker refused to produce any documents, instead filing a motion to quash. *See* ECF Nos. 150, 248 at 19. After the Court rejected his motion, Mr. Swecker initially claimed he had only a modest number of documents to produce; four weeks after his objections were overruled, though, he had not produced a single document. Then he filed a motion for extension of time, saying he had "several thousand" responsive documents. ECF No. 255 at 2.

It has now been seven months since the Court overruled Mr. Swecker's objections, and he continues to argue about burden while ignoring the critical fact that he has not complied with the subpoena. His motion for fees and costs is, at best, premature. Mr. Swecker has additional documents that are responsive to the subpoena, and he is currently the subject of a motion regarding compliance before the Special Master in this case.

Mr. Swecker has attempted to delay discovery of his own documents by making improper privilege assertions. By delaying his document production, he has succeeded in delaying his inevitable deposition. For example, he continues to assert privilege on behalf of Ras al-Khaimah ("RAK"), the former client of Dechert LLP, even though RAK has not appeared in this litigaiton to assert privilege and the Special Master has recently rejected similar privilege assertions made by Defendants. *See* ECF No. 316 at 17. And he is still withholding even basic documents, like engagement letters, which are critically important given that Mr. Swecker operates as a security consultant, not just an attorney. Plaintiff has had to expend countless hours responding to his initial, vague objections, pursuing orders forcing him to comply with his most basic obligations, closely studying meritless privilege assertions, responding to these renewed (and already rejected) objections, and responding to this premature (at best) motion.

Mr. Swecker is avoiding compliance with the subpoena and taking the most inefficient and most expensive tack available at every turn. Specifically:

- Upon receipt of the subpoena, Mr. Swecker did not meaningfully attempt to discuss scope or burden or negotiate an agreeable response with Plaintiff. Instead, he assumed the most aggressive posture available—objecting and refusing any substantive response.

- Without producing a single document, Mr. Swecker filed a motion to quash the subpoena, which was almost entirely rejected by the Court. *See* ECF No. 150 (motion to quash); ECF No. 248 (Court order).

- During the six months that passed between Mr. Swecker's receipt of the subpoena and the order rejecting his motion to quash, Mr. Swecker did little to nothing to gather or review documents or otherwise to prepare to respond.

- Mr. Swecker is a licensed lawyer in North Carolina who has the expertise to have managed the response to the subpoena on his own. Instead, he hired counsel – not to organize a response, but to delay or prevent compliance. Any legal expenses in this regard were unnecessary and and Plaintiff contends in the circumstances are exorbitant.

- Mr. Swecker continues to assert previously rejected attorney-client privilege. In this Court's July 25, 2023, Order overruling Mr. Swecker's objections, there was a lengthy discussion (and rejection) of Defendants' privilege assertions. After Mr. Swecker was given a short time to produce responsive documents, Mr. Swecker proceeded to overaggressively assert privilege.

- Aside from seeking more time to comply with the Court's ruling, Mr. Swecker still has not substantively engaged Plaintiff in a collaborative

- manner to narrow the subpoena requests or burden in any meaningful way.
- Mr. Swecker has also forced Plaintiff to seek redress with the Special Master in connection with Mr. Swecker's already-rejected privilege assertions.

Mr. Swecker was served with Plaintiff's subpoena more than a year ago, his production is still not complete, and his compliance is the subject of additional disputes. He failed to raise any concern about excessive burden, the number of documents subject to production, or the related costs until after he produced and after he submitted his latest improper privilege log (largely ignoring the Court's July 25 Order). Now, he seeks reimbursement for his fees and costs, but ignores that around half of those fees were incurred *following* Mr. Swecker's most recent production at the end of October 2023. To the extent Mr. Swecker has incurred high fees, it has been in connection with advancing his overly-aggressive positions or endeavoring to coordinate with Defendants and Dechert. The Court should reject Mr. Swecker's motion, or at least, hold it in abeyance until he finishes complying with Plaintiff's subpoena.

## ARGUMENT

### I. MR. SWECKER WAS A KEY MEMBER OF THE ALLEGED CONSPIRACY.

Plaintiff alleges that Mr. Swecker was a key member of the conspiracy against Azima, and as such he possessed and continues to possess critically relevant information. Mr. Swecker worked closely with Defendants and others—including Dechert—to obtain Plaintiff's stolen data and was highly paid for his services. In their Answer, Defendants admit that Defendant Vital Management Services, Inc. ("VMS") hired Mr. Swecker and worked with him, Dechert, and Dechert attorney Neil Gerrard. *See* ECF No. 86 ("Answer") ¶ 13.

[redacted]



[redacted]

[1] [redacted]

## II. MR. SWECKER HAS OBSTRUCTED THE SUBPOENA.

There is an obvious difference between a third-party witness who respects and complies with his obligations and one who fights, withholds, and obfuscates at every turn. One cannot rationally take the latter path and then express surprise and concern that it has been an expensive venture—especially when objections and privilege designations have been determined to be inappropriate.

Mr. Swecker did nothing to identify or gather documents until ordered by the Court. He produced nothing until the Court left him no other path. *See* ECF No. 248 at 19 (Order rejecting Mr. Swecker's motion to compel). And even after being ordered to produce documents, he filed another motion and produced nothing until the eve of a Court-ordered hearing for all counsel of record. *See* ECF No. 255. He still has not produced all non-privileged and responsive documents that are in his care, custody, or control, and there are issues related to that failure to produce that are currently pending in front of the Special Master. He (like his co-conspirators) has also marked most of his

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

documents as confidential under the protective order, which has created additional burden and expense to Plaintiff.

Mr. Swecker eventually served productions in September and October 2023, but he has not made a single production since, even though he continues to possess and withhold responsive and highly relevant documents. For example, ████████████████████████████████████████████████ ████████████████, but he has not produced any engagement letters or communications that demonstrate that his engagement with Mr. Del Rosso existed or what it concerned. These documents are not subject to privilege and are discoverable, responsive, and necessary for compliance with the subpoena. Moreover, they are critical in a situation where Mr. Swecker and other parties have claimed privilege over numerous documents; the Court and Plaintiff must have some way to determine whether Mr. Swecker's privilege assertions have any legitimacy. This is especially true because Mr. Swecker's business provides both legal services and security services. *See* https://www.linkedin.com/in/chris-swecker-b9574311/. The discovery produced to date tends to show that ████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████. This issue has a direct and legitimate impact upon Mr. Swecker's privilege assertions. To the extent Mr. Swecker did any consulting work for Del Rosso, those documents

9

and communications would not be privileged and would need to be produced. Plaintiff's counsel has discussed this issue several times with Mr. Swecker's counsel but to date there have not been documents produced sufficient to evaluate Mr. Swecker's privilege assertions.

Indeed, Mr. Swecker's aggressive privilege assertions have led to frequent conversations between counsel. Like Defendants, Mr. Swecker asserted privilege on behalf of RAK, a third party that has not entered an appearance in this matter to assert any privilege. The Special Master found that Defendants' assertions of RAK's privilege were unfounded. *See* ECF No. 316 at 16-17. The Special Master reasoned that Defendants were not "authorize[d] . . . to assert RAK's privileges/protections," and ordered RAK to intervene and assert privilege on its own behalf. *Id.* Unnecessary privilege disputes like these have been time consuming to both sides, but it appears that almost half of Mr. Swecker's claimed fees were incurred in the months *after* he made his most recent production at the end of October 2023. *See* ECF No. 318-2 at 27-47 (showing legal bills from November 2023 to the present). These costs were incurred because Mr. Swecker was advancing aggressive positions on privilege and other topics, positions that the Court and now the Special Master have independently rejected. For certain, Mr. Swecker does not want reimbursement for the costs of *complying* with the subpoena; he wants his costs

10

for *opposing* the subpoena—even though his arguments have failed before every audience.

## III. MR. SWECKER'S MOTION IS PREMATURE AND INADEQUATE.

While Mr. Swecker's motion should be denied both on its substance and because it is not supported with competent, admissible evidence or facts on which the Court could base a fee award,[2] it is also wildly premature—there is literally ongoing motion practice related to Mr. Swecker's privilege assertions, additional production that is likely to be ordered, and more than a month remaining in the discovery period during which he will likely be deposed as a witness central to the alleged conspiracy. This premature filing is yet another attempt to delay the orderly process of this case and to force Plaintiff to engage in motion practice unrelated to the merits of the claims. Because the motion is premature and not ripe for disposition, the Court should deny it on that basis alone.

---

[2] Mr. Swecker fails to offer any affidavit or admissible, authenticated evidence supporting his claims for fees and costs. The only "evidence" Mr. Swecker has offered are the statements by his counsel in the briefing (which fall woefully short of anything the Court should rely upon) and the heavily redacted time entries he submitted as exhibits. These heavily redacted time entries are misleading at best. Without the narratives, it is impossible to tell whether counsel's time was spent on activities associated with opposing the subpoena and narrowing Mr. Swecker's compliance, as opposed to tasks like document review that were actually associated with Swecker's compliance.

11

To the extent that the Court does not conclude that Mr. Swecker's motion is premature, it should at a minimum hold the Motion in abeyance until Mr. Swecker's full production, deposition, and subpoena compliance are complete. Only then will there be a complete record related to Swecker's involvement in the wrongs that have been perpetrated on Plaintiff and of Mr. Swecker's production and testimony for the Court to consider in assessing whether any fees or costs should be awarded to Mr. Swecker.

## IV. CONCLUSION

Based on the foregoing, Mr. Swecker's Motion for Fees and Costs should be denied.

This, the 1st day of March, 2024.

        **WOMBLE BOND DICKINSON (US) LLP**

        */s/ Ripley Rand*
        Ripley Rand
        North Carolina Bar No. 22275
        Christopher W. Jones
        North Carolina Bar No. 27625
        555 Fayetteville Street, Suite 1100
        Raleigh, North Carolina 27601
        Phone: 919-755-2100
        Fax: 919-755-2150
        Email:  ripley.rand@wbd-us.com
                    chris.jones@wbd-us.com

        -and-

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren B. Briggerman (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Plaintiff*

# CERTIFICATE OF WORD COUNT

I hereby certify under LR 7.3(d)(1) that the body of this Response, including any headings and footnotes together, contains fewer than 6,250 words, as reported by the word count feature in Microsoft Word.

This, the 1st day of March, 2024.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand*
Ripley Rand
North Carolina Bar No. 22275
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: ripley.rand@wbd-us.com

*Counsel for Plaintiff Farhad Azima*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT<br>SERVICES, INC.,<br><br>    Defendants. | **CERTIFICATE OF SERVICE** |

    I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

    Brandon S. Neuman
    Jeffrey M. Kelly
    John E. Branch, III
    Nathaniel J. Pencook
    Nelson Mullins Riley & Scarborough, LLP
    301 Hillsborough Street, Suite 1400
    Raleigh, NC 27603
    Email: brandon.neuman@nelsonmullins.com
    Email: jeff.kelly@nelsonmullins.com
    Email: john.branch@nelsonmullins.com
    Email: nate.pencook@nelsonmullins.com

    Sam A. Rosenthal
    Nelson Mullins Riley & Scarborough, LLP
    101 Constitution Avenue NW, Suite 900
    Washington, D.C. 20001
    Email: sam.rosenthal@nelsonmullins.com

Justin B. Kaplan
Nelson Mullins Riley & Scarborough LLP
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
Email: justin.kaplan@nelsonmullins.com

*Counsel for Defendants Nicholas Del Rosso and Vital Management Services, Inc.*

Richard S. Glaser, Esq.
Parker Poe Adams & Bernstein LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Tel. (704) 372-9000
Fax. (704) 334-4706
Email: rickglaser@parkerpoe.com

Nana Asante-Smith, Esq. 41073-510
Parker Poe Adams & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
Tel: 919.828.0564
Fax: 919.834.4564
Email: nanaasantesmith@parkerpoe.com

*Counsel for Christopher Swecker and Christopher Swecker Enterprises, LLC*

This, the 1st day of March, 2024.

                                        **WOMBLE BOND DICKINSON (US) LLP**

                                        /s/ *Ripley Rand*
                                        Ripley Rand
                                        North Carolina State Bar No. 22275
                                        555 Fayetteville Street, Suite 1100
                                        Raleigh, NC 27601
                                        Telephone: (919) 755-8125
                                        Facsimile: (919) 755-6752
                                        Email: ripley.rand@wbd-us.com

                                        *Counsel for Plaintiff*