IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. **1:20CV954**

| | |
|---|---|
| **FARHAD AZIMA** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **NON-PARTY WITNESSES**<br>) **CHRISTOPHER SWECKER AND**<br>) **CHRISTOPHER SWECKER** |
| **NICHOLAS DEL ROSSO AND VITAL MANAGEMENT SERVICES, INC.,** | ) **ENTERPRISES, LLC's REPLY TO**<br>) **PLAINTIFF'S RESPONSE IN**<br>) **OPPOSITION TO TO THE MOTION**<br>) **FOR ATTORNEYS' FEES** |
| Defendants. | )<br>) |

Non-Party Witnesses Christopher Swecker and Christopher Swecker Enterprises, LLC (collectively, "Swecker"), by and through counsel, submit this reply to Plaintiff Farhad Azima's ("Plaintiff") response in opposition to Swecker's Motion for Attorneys' Fees (the "Motion").

The basis for Plaintiff's opposition to the Motion is rooted in malicious mischaracterizations and distortions of fact regarding Swecker. Plaintiff fails to make arguments based on discernible facts and instead relies on wild allegations of conspiracy and wrongdoing that implicate a respected member of the North Carolina State Bar. Furthermore, Plaintiff's attempts to weaponize Swecker's assertion of his rights as ammunition for Plaintiff's baseless arguments must fail. These arguments are without merit. Swecker's Motion for Fees and Costs should be granted.

# ARGUMENT

## I. There is no evidence to support Plaintiff's claim of Swecker's involvement in an alleged conspiracy.

Plaintiff relies on intemperate and reckless arguments to bolster his false claim that Swecker is a "key member" of an alleged conspiracy. Plaintiff aims to convince this court, repeatedly, that Swecker's lawful execution of his duties as legal counsel for Defendants Nicholas del Rosso and Vital Management Services, Inc. ("Defendants") and Del Rosso's related work as a security consultant for Ras al-Khaimah (RAK), through Dechert LLP ("Dechert") is equivalent to involvement in the alleged conspiracy that Plaintiff has yet to provide a shred of evidence for. Plaintiff has not provided any credible evidence to support their claim of Swecker's alleged involvement in the above-referenced alleged criminal conspiracy; none exists. Thus, slanderous and conclusory statements about Swecker's alleged involvement serve no legitimate purpose in this litigation, and certainly do not support Plaintiff's defensive posture against Swecker's Motion.

## II. Swecker has substantively engaged Plaintiff's local counsel in a collaborative manner.

Since the inception of the undersigned counsel's representation, counsel has initiated and engaged in multiple substantive and collaborative communications with Plaintiff's counsel. Since August 23, 2023, counsel for both parties have exchanged over 80 e-mails, participated in multiple conference calls, and engaged in an in-person substantive discussion. These communications have been meaningful and substantive beyond merely seeking more time to comply with any Court order.

These e-mail communications have addressed, in part, the following substantive topics: attempts to amicably address Swecker's request for attorneys' fees without court intervention, attorney-client privilege designations, confidentiality designations, privilege waivers, notification of appointment of the Special Master, the mediation agreement, the scope of the subpoena, and production contents. Additionally, during the Court's September 29, 2023 hearing, undersigned counsel and Plaintiff's local counsel privately discussed, in great detail and at length, matters related to privilege waivers, the drafting of privilege logs, specific steps Swecker has taken to gather and review documents, documents of particular interest to Plaintiff, and the estimated document production volume. Multiple telephone conference calls have also addressed a myriad of the aforementioned matters. These communications have all transpired for the purpose of transparently communicating about the scope of the subpoena and its burden on Swecker in addition to working towards resolving various issues without court intervention. These examples are clear illustrations of Swecker's repeated and ongoing attempts to engage and collaborate with Plaintiff's counsel.

**III. Swecker has fully complied with all Court orders within the scope of his rights legal obligations.**

Swecker has produced all responsive documents within his possession, custody, and control in response to Plaintiff's subpoena. Swecker has spent hundreds of hours meticulously collecting and reviewing documents to ensure diligent and thorough responses to Plaintiff's subpoena. Swecker has conferred with

3

counsel and necessary parties at length to satisfy his obligations. Swecker has also satisfied his obligation to create privilege logs to catalog documents withheld from production due to attorney-client privilege and the work product doctrine. Yet, without any legitimate basis, Plaintiff implies that Swecker's assertion of these rights and fulfillment of his ethical duties are somehow obstructive. Regarding Court orders outside of Plaintiff's subpoena, Swecker has complied with all orders, and there is no evidence or reason for Plaintiff to assert otherwise. Each time the court has issued an order, Swecker has complied without delay.

Any objections Swecker has lodged to Plaintiff's subpoena have all been in good faith. First, through his previous counsel, Walter Holton, Swecker rightfully filed a Motion to Quash. The court's denial of Swecker's Motion to Quash on July 25, 2023, does not negate the fact that the motion was filed based on articulable arguments made in good faith. This has been true of all motions filed by Swecker, regardless of the court's ultimate and respected rulings. Plaintiff continuously and intentionally fails to recognize that Swecker's duty -- as an attorney -- to assert lawful objections and privilege designations are anything but selfish or self-interested. Plaintiff also refuses to acknowledge that in addition to being a non-party, Swecker is a member of the North Carolina State Bar in good standing. As Swecker has made clear in multiple pleadings, Swecker served as legal counsel for Defendants and was therefore required to comply with the North Carolina Rules of Professional Conduct,

4

namely, Rule 1.6, that govern his obligation to resist disclosing privileged information.

In addition to the already established attorney-client relationship between Swecker and Defendants, Swecker shared a common interest privilege with Dechert and through Dechert RAK, counsel for RAK, in his capacity as an attorney for Del Rosso, a security consultant. Through that arrangement, the parties lawfully established a common interest agreement among Swecker, Dechert, and RAK. Based on this common interest and the governing agreement, as an attorney, Swecker also developed an ethical and legal obligation to Dechert and RAK. Thus, Swecker's obligation to resist disclosing privileged information extends to RAK. Likening Defendants' lack of authority to assert RAK's privileges/protections to Swecker's duty to RAK as an attorney is a false equivalency. Swecker's duty to RAK is imposed by law and his failure to defend the attorney-client privilege on RAK's behalf would be a failure of his ethical obligations.

Lastly, it is clear that Plaintiff and his counsel fail to recognize, or even ignore, what it means for Swecker to be a licensed attorney. Plaintiff repeatedly imputes nefarious intent upon Swecker for each lawful decision he makes in his individual capacity and his role as an attorney. The most specious of these accusations is the claim that by hiring legal counsel to represent him in a legal matter, Swecker is being obstructive. No reasonable attorney would elect to represent themselves in a multi-year, multi-party litigation that has implicated international law. Furthermore, no reasonable attorney would elect to represent

themselves in litigation that attempts to implicate them in an alleged conspiracy with potential civil and criminal implications. Any argument that suggests otherwise is fallacious.

Notwithstanding Plaintiff's claims, Swecker has duly complied with all Court orders while exercising his personal rights and fulfilling his obligations as legal counsel.

## CONCLUSION

Swecker's Motion is timely and proper, given the facts and circumstances outlined in the Motion and this briefing. The fees, costs, and expenses at issue are appropriate and ongoing. Swecker's request is reasonable and limited to the time in which undersigned counsel has been engaged in this litigation. Thus, Swecker respectfully renews his request that this Court enter an order awarding Swecker's attorneys' fees in the amount of $89,890 costs in the amount of $29,734.34, totaling $119,624.34, and such other relief and sanctions as the Court deems just and proper.

Respectfully submitted this 15th day of March, 2024.

PARKER POE ADAMS & BERNSTEIN LLP

By: */s/ Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)

**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000

Facsimile: (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

Counsel *for Non-Party Witnesses Christopher*
*Swecker and Christopher Swecker Enterprises, LLC*

# WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this brief does not exceed the 3,125-word limitation for reply briefs, according to the word count feature of the word processing system used to prepare the brief.

Respectfully submitted this the 15th day of March, 2024.

By: */s/Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)
**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

*Counsel for Non-Party Witnesses Christopher Swecker and Christopher Swecker Enterprises, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of March, 2024, I caused true and correct copies of the foregoing to be served via email on the following:

**MILLER & CHEVALIER CHARTERED**
900 Sixteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 626-5800
Facsimile: (202) 626-5801

Kirby D. Behre (*pro hac vice*) kbehre@milchev.com
Timothy P. O'Toole (*pro hac vice*) totoole@milchev.com
Lauren Briggerman (*pro hac vice*) lbriggerman@milchev.com
Ian Herbert (*pro hac vice*) iherbert@milchev.com
Calvin Lee (*pro hac vice*) clee@milchev.com
Cody Marden (*pro hac vice*) cmarden@milchev.com

**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150

Ripley Rand (N.C. State Bar No. 22275) ripley.rand@wbd-us.com
Christopher W. Jones (N.C. State Bar No. 27265) chris.jones@wbd-us.com

*Attorneys for Plaintiff Farhad Azima*

Respectfully submitted this 15th day of March, 2024.

/s/ *Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)

**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706

rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

*Counsel for Non-Party Witnesses Christopher Swecker and Christopher Swecker Enterprises, LLC*