UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-cv-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **PLAINTIFF FARHAD AZIMA'S NOTICE OF CHANGE IN CIRCUMSTANCES REGARDING RAS AL KHAIMAH'S DEFAULT AS TO SPECIAL MASTER'S ORDER AND DECISION #1 [ECF NO. 316]** |

Defendants and non-parties Dechert LLP and Christopher Swecker and Christopher Swecker Enterprises, LLC ("Swecker") have withheld thousands of documents by improperly invoking the purported attorney-client privilege of a third party, Ras Al-Khaimah ("RAK"). RAK was ordered by the Special Master to appear by March 18, 2024, to defend its privilege assertions. RAK defied the Order of the Special Master and failed to appear. By failing to appear, RAK has defaulted and has abandoned any right it had to invoke privilege. Accordingly, the Court should order the production of all documents improperly withheld by Dechert and the Swecker parties based upon the improper assertion of a privilege that RAK that purportedly held.

On January 5, 2024, Plaintiff moved to compel Defendants to produce documents improperly withheld for privilege. Plaintiff argued in part that Defendants could not assert privilege on behalf of RAK, and that RAK had to

enter an appearance if it wished to assert any privilege. The Special Master agreed "that Defendants are not authorized to assert any privileges belonging to RAK (or related parties)." Special Master Report and Decision No. 1 (the "Decision"), ECF No. 316 at 17 (Feb. 6, 2024). The Special Master ordered Defendants to prepare a log of documents that "Defendants believe are subject to a privilege owned by RAK," and to "advise [RAK and associated third parties] that they [had] 20 days from February 27, 2024 to appear before the Court to assert any privileges." *Id.* In other words, RAK had until March 18th (approximately six weeks after the February 6 Decision) to appear and defend the privilege assertions offered on its behalf by Defendants and others.

Defendants objected to the Special Master's Decision. *See* ECF No. 320. Late in the afternoon of March 18, 2024, counsel for Defendants informed the Special Master (but not this Court) that RAK refused to appear by the deadline set in the February 6 Decision, and attached a March 17, 2024, letter from U.S. counsel for RAK to counsel for Defendants (but not to the Special Master). The RAK letter concedes that no stay has been granted, but states that RAK has no intention of appearing as ordered.[1]

---

[1] The Special Master considered and rejected other similarly conclusory letters from RAK's U.S. counsel regarding RAK's purported privilege, concluding that, "even if intended to provide authorization, the letters contain no more than conclusory assertions of privilege, with no guidance to Defendants as to which specific documents are considered by RAK to be privileged. . . [.] This makes it difficult for the Plaintiff, and as necessary, the Court, to challenge any privilege assertions." ECF No. 316 at 16-17.

Defendants requested a stay of the Special Master's Decision pending a ruling from the Court, *see* ECF No. 320, but that request is now moot. RAK has elected not to appear or intervene in this case. The parties' Joint Agreement Regarding the Special Master makes clear that "stays are disfavored" and "the presumption during any appeal is that the Special Master's ruling will not be stayed and discovery will be produced in accordance with the Special Master's ruling." ECF No. 312-1 at 3. Thus, in the absence of a stay, the ruling directing RAK to appear by March 18th remained in effect, and Defendants' assertion that "we assume nothing further need occur until Judge Osteen rules," *see* Ex. 1, is directly contradicted by the Joint Agreement.

This is not the first time RAK has defaulted following a court order that it disagreed with. In litigation in the U.K. with Plaintiff Azima, RAK withdrew from the case, saying it was content for judgment to be entered against it and would satisfy any such judgment against it. *See* ECF No. 322-5. But when the Court entered a judgment of more than £8.4 million, RAK defaulted and refused to pay. *See Ras Al Khaimah Invest. Auth. v. Farhad Azima*, [2020] EWHC 1327, Case No. HC-2016-002798.[2]

---

[2] That case, which was brought by RAK with Dechert as its lawyers, has now been settled, with Dechert agreeing to pay approximately $15 million, but the default by RAK still remains at issue. *See Ras Al Khaimah Invest. Auth. v. Farhad Azima*, [2020] EWHC 1327, Case No. HC-2016-002798.

3

Following the submission, the Special Master informed the parties: "I cannot advise whether any additional actions should be taken by RAK or Defendants with respect to whether RAK should appear and assert its privileges, but there are no additional submissions that should be made to me on that issue." Ex. 1. Accordingly, the issue is now ripe for this Court.

Defendants, Dechert, and Swecker cannot continue indefinitely to assert another party's purported privilege without standing to do so, and now that RAK has defied the Special Master's order, all documents that have been withheld by Defendants, Dechert, and Swecker based on RAK's purported privilege must be produced immediately. RAK's defiance is not surprising: it knows that if it appears and asserts privilege, it will be forced to engage in discussions regarding the criminal acts committed by its agents and the impact of the crime fraud exception. The Federal Rules and Fourth Circuit law require RAK to appear and assert any privileges they purportedly have or they waive those privileges. *See* Fed. R. Civ. P. 26(b)(5), advisory comm. notes (failing properly assert privilege "subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."); *Gibbs v. Stinson*, No. 18-CV-676, 2021 WL 4853575, at *6 (E.D. Va. Oct. 17, 2021) ("The party claiming the privilege must be a client who has sought legal advice," and the privilege "must be asserted and established by the privilege holder"); *id.* ("The proponent [of the privilege] must establish . . . that the particular

communications at issue are privileged and that the privilege was not waived.").

It was particularly important for RAK to appear and assert privilege in this case because RAK appears to have already blamed Dechert for misconduct relating to Dechert's representation of RAK. RAK said it "may have been the victim[] of dishonest and unscrupulous former third-party advisors who have taken steps to advance their own interests for their own gains." *See* ECF No. 322-5. Defendants worked for Dechert, and Swecker worked both with Defendants and with Dechert. Thus, Defendants, Dechert, and Swecker cannot invoke privileges purportedly belonging to a third party (RAK) that has disavowed the conduct that underlies the assertions. Without RAK providing evidence regarding the scope of any representation and the scope of the misconduct from which it seeks to disassociate itself, there is no basis to find a privilege exists and therefore no privilege that can be asserted in this case.

Based on the foregoing, Plaintiff respectfully requests that the Court hold RAK in default of the Special Master's Order and order Defendants, Dechert, and Swecker to produce all documents withheld on the basis of RAK's purported privilege.

5

Case 1:20-cv-00954-WO-JLW Document 334 Filed 03/19/24 Page 5 of 10

This, the 19th day of March, 2024.

                **WOMBLE BOND DICKINSON (US) LLP**

                */s/ Ripley Rand*
                Ripley Rand (N.C. State Bar No. 22275)
                Christopher W. Jones (N.C. State Bar No. 27265)
                555 Fayetteville Street, Suite 1100
                Raleigh, North Carolina 27601
                Telephone: (919) 755-2100
                Facsimile: (919) 755-2150
                Email:    ripley.rand@wbd-us.com
                                chris.jones@wbd-us.com

                **MILLER & CHEVALIER CHARTERED**

                Kirby D. Behre (*pro hac vice*)
                Timothy P. O'Toole (*pro hac vice*)
                Lauren Briggerman (*pro hac vice*)
                Ian Herbert (*pro hac vice*)
                Calvin Lee (*pro hac vice*)
                Cody Marden (*pro hac vice*)
                900 Sixteenth Street, NW
                Washington, D.C. 20005
                Telephone: (202) 626-5800
                Facsimile: (202) 626-5801
                Email:    kbehre@milchev.com
                                totoole@milchev.com
                                lbriggerman@milchev.com
                                iherbert@milchev.com
                                clee@milchev.com
                                cmarden@milchev.com

                *Attorneys for Plaintiff Farhad Azima*

# CERTIFICATE OF WORD COUNT

I hereby certify under LR 7.3(d)(1) that the body of this Notice, including any headings and footnotes together, contains fewer than 3,125 words, as reported by the word count feature in Microsoft Word.

This, the 19th day of March, 2024.

                      **WOMBLE BOND DICKINSON (US) LLP**

                      */s/ Ripley Rand*
                      Ripley Rand
                      North Carolina Bar No. 22275
                      555 Fayetteville Street, Suite 1100
                      Raleigh, North Carolina 27601
                      Phone: 919-755-2100
                      Fax: 919-755-2150
                      Email: ripley.rand@wbd-us.com

                      *Counsel for Plaintiff Farhad Azima*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT<br>SERVICES, INC.,<br><br>    Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

   Brandon S. Neuman
   Jeffrey M. Kelly
   John E. Branch, III
   Nathaniel J. Pencook
   Nelson Mullins Riley & Scarborough, LLP
   301 Hillsborough Street, Suite 1400
   Raleigh, NC 27603
   Email: brandon.neuman@nelsonmullins.com
   Email: jeff.kelly@nelsonmullins.com
   Email: john.branch@nelsonmullins.com
   Email: nate.pencook@nelsonmullins.com

   Sam A. Rosenthal
   Nelson Mullins Riley & Scarborough, LLP
   101 Constitution Avenue NW, Suite 900
   Washington, D.C. 20001
   Email: sam.rosenthal@nelsonmullins.com

Justin B. Kaplan
Nelson Mullins Riley & Scarborough LLP
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
Email: justin.kaplan@nelsonmullins.com

*Counsel for Defendants Nicholas Del Rosso and Vital Management Services, Inc.*

John C. Quinn
Sean Hecker
David Gopstein
**Kaplan Hecker & Fink LLP**
350 Fifth Avenue, Suite 63rd Floor
New York, NY 10118
212-763-0883
Fax: 212-564-0883
Email: jquinn@kaplanhecker.com
Email: shecker@kaplanhecker.com
Email: dgopstein@kaplanhecker.com

Daniel D. Adams
Kearns Davis
**Brooks Pierce McLendon Humphrey & Leonard, LLP**
2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401
Tel. (336) 373-8850
Fax (336) 378-1001
Email: dadams@brookspierce.com
Email: kdavis@brookspierce.com

*Counsel for Dechert LLP*

Richard S. Glaser, Esq.
Parker Poe Adams & Bernstein LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Tel. (704) 372-9000
Fax. (704) 334-4706
Email: rickglaser@parkerpoe.com

Nana Asante-Smith, Esq.
Parker Poe Adams & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
Tel: 919.828.0564
Fax: 919.834.4564
Email: nanaasantesmith@parkerpoe.com

*Counsel for Christopher Swecker and Christopher Swecker Enterprises, LLC*

I hereby further certify that I have served Alice Richey, Special Master, with a copy of this filing and the attached Exhibit via email at her email address of record.

This, the 19th day of March, 2024.

            **WOMBLE BOND DICKINSON (US) LLP**

            /s/ *Ripley Rand*
            Ripley Rand
            North Carolina State Bar No. 22275
            555 Fayetteville Street, Suite 1100
            Raleigh, NC 27601
            Telephone: (919) 755-8125
            Facsimile: (919) 755-6752
            Email: ripley.rand@wbd-us.com

            *Counsel for Plaintiff Farhad Azima*