UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:20-cv-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>　　　　　　　　Defendants. | **NON-PARTY DECHERT LLP'S RESPONSE TO PLAINTIFF FARHAD AZIMA'S "NOTICE OF CHANGE IN CIRCUMSTANCES" [ECF NO. 316]** |

Non-party Dechert LLP ("Dechert") respectfully submits this response to Plaintiff's Notice of Change in Circumstances, ECF No. 334 (the "Notice"), because Plaintiff does more than provide "notice" to the Court; he seeks affirmative relief from this Court, including against Dechert, despite never having sought (let alone obtained) that relief from the Special Master.

Specifically, Plaintiff asks the Court to order Dechert, a non-party law firm, to produce privileged documents related to Dechert's work for a former client. *See* Notice at 5. By contrast, however, before the Special Master, Plaintiff's motion to compel the production of privileged documents was directed solely at *Defendants*, and the Special Master addressed and ruled on only that Motion in her Report and Decision #1, ECF No. 316. *See id.* at 1

1

(identifying motion as "Plaintiff's Motion to Compel *Defendants* to Produce Information Improperly Withheld for Privilege" (emphasis added)).

Thus, setting aside whether this Court has jurisdiction over a non-party foreign sovereign, or whether the Special Master could compel that sovereign to appear and assert privilege, the issue of Dechert's ability to assert RAK's privilege has never been presented to the Special Master, or to the Court. Instead, Plaintiff tactically sought from the Special Master a ruling that Defendants, a non-lawyer third party contractor and his company, did not have the authority to assert RAK's privilege. Plaintiff did not file a similar motion directed at Dechert, and the Motion he did file did not address the issue of Dechert's ability to assert RAK's privilege. Accordingly, the Special Master's Order did not address privilege assertions by law firms; it considered only privilege assertions by Defendants. *See id.* at 14-17, 17 (concluding only that "*Defendants* are not authorized to assert any privileges belonging to RAK" (emphasis added)). As the issue of Dechert's ability to assert RAK's privilege was never raised, it is not properly before the Court now, and Plaintiff's attempt to shoehorn it into a "Notice of Changed Circumstances," and to seek affirmative relief via that Notice, is procedurally and substantively improper.

Dechert is differently situated than Defendants. Law firms have ethical obligations to assert a client's privilege, *see* N.C. Rule of Prof. Conduct 1.6 ("A lawyer shall not reveal information acquired during the professional

2

relationship with a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)."), and the well-established authority to do so, *see, e.g.*, *In re Grand Jury Subpoena* #£06-1, 274 Fed. Appx. 306, 309 n.3 (4th Cir. 2008) ("It is well established that if the client may invoke attorney-client privilege to protect confidential communications, then the client's attorney also may [] do so on the client's behalf.").

Public policy and the law provide strong protections for the sanctity of the attorney-client relationship and the attorney-client privilege. The Court should not invalidate a law firm's assertion of privilege lightly—and certainly not based solely on an undeveloped "Notice" to the Court. Any consideration of invading the attorney-client privilege should involve rigorous examination of the purported basis for rejecting the privilege, an opportunity to hear directly from the law firm in question, and careful scrutiny of the documents to which privilege applies. None of that has occurred, since Plaintiff has never sought from the Special Master or the Court the relief it now seeks in its "Notice." If and when Plaintiff makes such a motion, Dechert will uphold its ethical obligations to defend the privilege of its former client.

Respectfully submitted this the 22nd day of March 2024.

By: /s/ Sean Hecker
Sean Hecker
John C. Quinn
David Gopstein
Mark A. Weiner
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
shecker@kaplanhecker.com
jquinn@kaplanhecker.com
dgopstein@kaplanhecker.com
mweiner@kaplanhecker.com

*Counsel for Non-Party Dechert LLP*

/s/ Daniel Adams
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
   HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*

4