IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:20-CV-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>        Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO AND VITAL MANAGEMENT SERVICES, INC.,<br><br>        Defendants. | NON-PARTY WITNESSES CHRISTOPHER SWECKER AND CHRIS SWECKER ENTERPRISES LLC,'s MOTION TO QUASH OR MODIFY SUBPOENA *DUCES TECUM* TO WELLS FARGO & COMPANY |

Non-Party Witnesses Christopher Swecker and Chris Swecker Enterprises, LLC (collectively, "Swecker"), by and through counsel, hereby move to quash, or alternatively, modify, the subpoena issued by Plaintiff to Wells Fargo & Company (the "Subpoena") in the above-captioned matter and serves the following written objections pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure.

## General Objections

1. Swecker objects to the Subpoena on the ground that it is overly broad.

2. Swecker objects to the Subpoena to the extent that the documents and materials sought are not described with sufficient particularity.

3. Swecker objects to the Subpoena to the extent it seeks disclosure of privileged, confidential, or otherwise protected items to which no waiver or exception applies.

4. Swecker objects to the Subpoena to the extent it seeks to obtain documents that may be irrelevant to the issues in the underlying case, are not reasonably calculated to lead to the discovery or admissible evidence, and are improper subjects of discovery to a non-party.

## Swecker's Specific Response to the Documents to be Produced

1. All Documents and Communications Relating to accounts held in the name of, owned by, or for the benefit of Chris Swecker, Chris Swecker Enterprises LLC, Nicholas del Rosso, or Vital Management Services, Inc. This request includes transfers to and from those accounts, including but not limited to transactions between Chris Swecker and Vital Management Services, Inc. This request includes but is not limited to bank statements, account opening documents, communications about the accounts or with the account holders, and records of money transfers via wire, SWIFT, check, or other method.

> **RESPONSE:** In addition to the General Objections, Swecker objects to this specific request on the grounds that it is overly broad and seeks documents outside the scope of discovery permitted by the Federal Rules of Civil Procedure, including information that is not relevant to the underlying litigation nor reasonably calculated to lead to the discovery of admissible evidence in that this request is unlimited in scope and time. In relevant part, the Subpoena seeks all records related to bank accounts held in the name of, owned by, or for the benefit of Christopher Swecker, Chris Swecker Enterprises LLC, Nicholas del Rosso, or Vital Management Services, Inc.

However, most records related to bank accounts held in the name of, owned by, or for the benefit of Christopher Swecker and Chris Swecker Enterprises, LLC are irrelevant to the underlying litigation. As Plaintiff knows, non-party Christopher Swecker is a licensed attorney in the state of North Carolina who has been licensed to practice law since 1981. In January 2009, Christopher Swecker established Chris Swecker, Attorney at Law, a general law practice with a focus on criminal and civil matters with a focus on representing victims of financial and other crimes. Pursuant to the operations of his practice, in or about 2009, Christopher Swecker opened a business checking account (ending in 7361) under the name Chris Swecker Enterprises, LLC with Wells Fargo & Company. Mr. Swecker has received payments, through the aforementioned account, for legal services involving hundreds of payments from dozens of clients since that time. Additionally, Christopher Swecker operates Chris Swecker Enterprises, LLC, an entity through which he serves as an independent consultant for various business and government-related matters, none of which are related to the litigation at issue. Swecker also received payments for these consulting services through his Chris Swecker Enterprises, LLC checking account (ending in 7361). Lastly, Swecker maintains multiple personal bank accounts with Wells Fargo & Company, wholly unrelated to the litigation at issue and through which he has never executed any business-related transactions whatsoever. Only the

3

Chris Swecker Enterprises, LLC checking account (ending in 7361) reasonably contains information that could potentially lead to the discovery of admissible evidence in this litigation. Contrary to Plaintiff's assertion in the Subpoena, Swecker does not own a checking account with Wells Fargo & Company ending in 7428.

Furthermore, the Subpoena is unlimited in time. This is a reckless affront to Magistrate Judge Joe L. Webster's order limiting the scope of the primary subpoena in this litigation to March 1, 2015 through October 15, 2020. It is inconceivable that Plaintiff believes that after Judge Webster's order meticulously limited the temporal scope of the underlying subpoena in this matter, he is unilaterally entitled to Swecker's financial records and documents without the same limitation.

Plaintiff is not entitled to all of Swecker's bank records, without limitation, as the Subpoena intimates. The Subpoena in its current form allows Plaintiff unfettered access to records pertaining to unrelated parties and clients, particularly those for whom Swecker has provided legal services and has attorney-client privilege. It also allows Plaintiff unrestricted access to business records wholly unrelated to Swecker's law practice, which is unequivocally outside the scope of the Subpoena. Lastly, Plaintiff attempts to access business records without regard for any temporal limitations.

Thus, as it relates to Swecker's accounts, this Court should quash the Subpoena or limit the subject matter of the Subpoena to any non-privileged records or documents within Wells Fargo & Company's possession, custody, or control for Chris Swecker Enterprises,

4

PPAB 10683356v1

Case 1:20-cv-00954-WO-JLW   Document 338   Filed 03/27/24   Page 4 of 6

LLC (account ending in 7361) related solely to transactions or information concerning Nicholas del Rosso or Vital Management Services, Inc. in this case. This Court should also limit the temporal scope of the Subpoena to the relevant time for this litigation, consistent with what Judge Webster previously ordered: March 1, 2015 through October 15, 2020.

## Further Objections

Swecker reserves the right to supplement and amend his objections herein.

Respectfully submitted this 27th day of March, 2024.

                    PARKER POE ADAMS & BERNSTEIN LLP

                    By:   */s/ Richard S. Glaser*
                    Richard S. Glaser (N.C. Bar No. 13998)
                    Nana Asante-Smith (N.C. Bar No. 51569)
                    **PARKER POE ADAMS & BERNSTEIN LLP**
                    620 South Tryon Street, Suite 800
                    Charlotte, North Carolina 28202
                    Telephone: (704) 372-9000
                    Facsimile: (704) 334-4706
                    rickglaser@parkerpoe.com
                    nanaasantesmith@parkerpoe.com

                    Counsel *for Non-Party Witnesses Christopher Swecker and Chris Swecker Enterprises, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing **NON-PARTY WITNESSES CHRISTOPHER SWECKER AND CHRIS SWECKER ENTERPRISES LLC,'s MOTION TO QUASH OR MODIFY SUBPOENA *DUCES TECUM* TO WELLS FARGO & COMPANY**, was electronically filed with the Clerk of Court using the CM/ECF system and served upon counsel of record via the Court's electronic case filing system.

Respectfully submitted this 27th day of March, 2024.

*/s/ Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)

**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

*Counsel for Non-Party Witnesses Christopher Swecker and Chris Swecker Enterprises, LLC*