IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:20-CV-00954-WO-JLW

| | |
|---|---|
| **FARHAD AZIMA,**<br><br>Plaintiff,<br><br>v.<br><br>**NICHOLAS DEL ROSSO AND VITAL MANAGEMENT SERVICES, INC.,**<br><br>Defendants. | **NON-PARTY WITNESSES CHRISTOPHER SWECKER AND CHRIS SWECKER ENTERPRISES, LLC's RESPONSE TO PLAINTIFF'S NOTICE OF CHANGE IN CIRCUMSTANCES** |

Non-Party Witnesses Christopher Swecker and Chris Swecker Enterprises, LLC (collectively, "Swecker"), by and through counsel, submit this response to Plaintiff Farhad Azima's ("Plaintiff") Notice of Change in Circumstances ("Notice").

Plaintiff asks the Court to order Swecker to produce documents that have rightfully and lawfully been withheld based on RAK's privilege. Plaintiff argues that the Court must order Swecker to produce these documents based on RAK's failure to appear in this ongoing litigation "to defend its privilege assertions." *See* Notice at 1. But as a lawyer whose access to RAK's privileged documents resulted from his representation of Defendants Nicholas del Rosso ("del Rosso") and Vital Management Services, Inc. ("VMS"), Swecker has an ethical duty to assert attorney-client privilege on behalf of RAK.

# ARGUMENT

Swecker serves as legal counsel for Defendants del Rosso and VMS. del Rosso, a security consultant, was hired by Dechert LLP, a law firm, to facilitate its representation of Ras Al Khaimah ("RAK"). In connection with his legal representation of Defendants, Swecker gained access to privileged and confidential information belonging to RAK pursuant to a common interest agreement with Dechert with RAK as the ultimate client. In response to Plaintiff's subpoenas, RAK explicitly directed Swecker to assert privilege and work product protection over specific documents in his possession. Swecker must heed this legitimate directive; failure to do so would be unethical and unlawful.

"It is well established that if the client may invoke attorney-client privilege to protect confidential communications, then the client's attorney also may do so on the client's behalf." *In re Grand Jury Subpoena* #£06-1, 274 Fed. Appx. 306, 309 n.3 (4th Cir. 2008). Furthermore, except for a few exceptions that are inapplicable here, Rule 1.6 of the North Carolina Rules of Professional Conduct provides that, "A lawyer shall not reveal information acquired during the professional relationship with a client unless the client gives informed consent…"

In yet another effort to circumvent the sanctity of the legal process and procedure, Plaintiff attempts to convince this court that the Special Master's ruling that Defendants were not authorized to assert privileges belonging to RAK should be imputed to Swecker. This argument must fail.

First, Swecker's authorization to assert RAK's privileges was never before the Special Master nor the subject of the Special Master's ruling. Here, Swecker was authorized to assert RAK's privilege on a document-by-document basis. Second, as a licensed attorney in the state of North Carolina, Swecker is duty-bound to uphold his obligation to assert privilege on behalf of clients (Defendants) and the ultimate client (RAK) pursuant to a common interest agreement with RAK and its counsel (Dechert). Swecker's failure to assert RAK's privilege would be unethical and unlawful.

Respectfully submitted this 27th day of March, 2024.

PARKER POE ADAMS & BERNSTEIN LLP

By: */s/ Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)
**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

Counsel *for Non-Party Witnesses Christopher Swecker and Chris Swecker Enterprises, LLC*

# CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.3(d) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina effective October 1, 2023, the undersigned hereby certifies that the foregoing ***NON-PARTY WITNESSES CHRISTOPHER SWECKER AND CHRIS SWECKER ENTERPRISES, LLC's RESPONSE TO PLAINTIFF'S NOTICE OF CHANGE IN CIRCUMSTANCES*** was prepared on a computer using Times New Roman 13 point font and does not exceed 6,250 words (excluding the caption, signature lines, the certificate of service, and any cover page or index), as reported by word-processing software.

Respectfully submitted this the 27th day of March, 2024.

By: */s/Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)

**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

*Counsel for Non-Party Witnesses Christopher Swecker and Chris Swecker Enterprises, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing **NON-PARTY WITNESSES CHRISTOPHER SWECKER AND CHRIS SWECKER ENTERPRISES, LLC's RESPONSE TO PLAINTIFF'S NOTICE OF CHANGE IN CIRCUMSTANCES**, was electronically filed with the Clerk of Court using the CM/ECF system and served upon counsel of record via the Court's electronic case filing system.

Respectfully submitted this 27th day of March, 2024.

*/s/ Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)

**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

*Counsel for Non-Party Witnesses Christopher Swecker and Chris Swecker Enterprises, LLC*