UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954-WO-JLW

FARHAD AZIMA,

   Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL
MANAGEMENT SERVICES, INC.,

   Defendants.

**SPECIAL DISCOVERY MASTER'S REPORT AND DECISION # 5**

Pursuant to the Court's Order of December 29, 2023 [Doc. 313] and the provisions of Rule 53 of the Federal Rules of Civil Procedure, Alice C. Richey, as the appointed Special Master, submits this Special Discovery Master's Report and Decision # 5 (the "Report").

The Report addresses "Defendants' Motion to Compel ALG Transportation Inc. to Submit to a Deposition and Produce Documents" (the "Motion"). The Motion was submitted on February 20, 2024 and Plaintiff submitted its written response on February 23, 2024. The Special Master also reviewed and considered Plaintiff's Second Supplemental Responses and Objections to the First Set of Interrogatories from Defendants ("Supplemental Responses"), along with additional submissions from the Parties in response to questions from the Special Master.

### The Court's Relevant Prior Order

In the Court's Order dated July 25, 2023 [Doc. 248] (the "July 2023 Order"), regarding a motion to quash a third-party deposition subpoena, the Court stated, "'It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.'" July 2023 Order at p. 16 (quoting *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979)). The Court held that extraordinary

1

circumstances were not present because the subpoena sought information "relevant to the remaining claims and defenses in this matter." *Id.*

The Court also considered and ruled on motions made by third parties and by Defendants regarding subpoenas to third parties, all of which sought to limit document production or deposition testimony. With respect to these third-party motions, the Court concluded that the information sought was relevant, having noted earlier in the order that "relevant has been 'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Id.*, p. 9 (quoting *Shackleford v. Vivint Solar Dev. LLC*, No. CV ELH-19-954, 2020 WL 3488913, at *5 (D. Md. June 25, 2020)); *see also*, Fed.R.Civ.P. 26(b)(1)("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense….").

While recognizing that relevance can be "broadly construed," the Court also affirmed that even where discovery seeks relevant information "in the broadest sense," "'the simple fact that requested information is discoverable…does not mean that discovery must be had [and] [o]n its own initiative…, a district court may limit (discovery).…'" *See* July 2023 Order at p. 9 (quoting *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004)). The Court limited the pending discovery by directing that the temporal scope for all was March 2015 to October 15, 2020.

## Background and Arguments

Defendants have issued two subpoenas to ALG Transportation, Inc. ("ALG"): 1) a subpoena for the production of documents issued on August 25, 2023 (the "Document Subpoena"); and 2) a subpoena for a deposition and production of documents issued on

February 1, 2024 (the "Deposition Subpoena"). Both the Document Subpoena and the Deposition Subpoena include a list of documents to be produced.[1]

In response to the Document Subpoena, counsel for Plaintiff advised Defendants on January 19, 2024, that "ALG is a company that is 100% owned by Mr. Azima [who] has produced documents responsive to Defendants' discovery requests that related to ALG [and that] ALG does not possess any additional documents beyond what is in [Plaintiff's] possession." On January 23, 2024, Plaintiff identified documents within his production that were "related to ALG." *See* Exh. C to Motion.

Defendants seek a motion compelling ALG to produce all requested documents and submit to a deposition. Defendants assert that Plaintiff has put ALG at issue by identifying several AGL documents as containing trade secrets that are relevant to this litigation and that ALG is associated with other entities that appear in Plaintiff's identified trade secret document. Defendants also note that Plaintiff asked questions of Defendant Vital Management Services, Inc. ("VMS") about an ALG document and that ALG is associated with entities appearing in the trade secrets documents submitted by Plaintiff. Defendant asserts that it is entitled to seek discovery from ALG regarding its documents and its business and relationship with other "associated – and apparently relevant – entities."

The Document Subpoena states that "Azima has argued in court filings that [ALG] may have an ownership interest in or right to possess some or all of the business data that he has, individually, claimed as a misappropriated trade secret in his Complaint." In response to a question from the Special Master as to the referenced "court filings,"

---

[1] The Deposition Subpoena seeks the following documents: "Documents reflecting all (1) board minutes, (2) non-disclosure and/or confidentiality agreements, memoranda of understanding or joint venture agreements of any kind with any third party referenced in documents listed in Exhibit A; (3) patents, copyrights and/or trademarks owned by ALG in which ALG Transportation, Inc. has or had any property rights or interest."

3

Defendants provided the Complaint in the matter of *Farhad Azima, ALG Transportation, Inc., Main 3260 LLC, FFV W39 LLC, and FFV Development LLC v. Dechert LLP, David Neil Gerrard, David Graham Hughes, Nicholas Del Rosso, Vital Management Services, Inc., Amit Forlit, Insight Analysis and Research LLC, SDC-GADOT LLC, Amir Handjani, Andrew Frank, and KARV Communications*, 1:22-cv-08728 (SDNY) (the "NY Litigation"). Defendants cite to Paragraph 67 in the NY Litigation Complaint which alleges "stolen data" at issue in that litigation included "important business records, privileged and confidential communications, financial documents, information, and trade secrets for Azima's businesses, including ALG." Paragraph 246 in the NY Litigation Complaint alleges that ALG suffered injuries "stemming from the unlawful hacking and release of [its] business records, financial documents, and trade secrets…."

    Plaintiff responds that because Mr. Azima is the 100% owner of ALG, the Motion is an effort to depose Plaintiff twice, noting that he will likely be asked about ALG at his personal deposition. Plaintiff cites Rule 30(b)(6) topics 7 and 14, by way of example, to argue that the depositions will be duplicative. Plaintiff argues that the Document Subpoena is similarly duplicative because Plaintiff has "already produced documents related to ALG," noting that Defendants do not dispute that Plaintiff has produced ALG-related documents or argued that the company has "any records independent of Mr. Azima." Plaintiff states that a production of documents from ALG is "harassing, burdensome, duplicative, and unnecessary…where the entity is wholly owned by the plaintiff." With respect to the NY Litigation, Plaintiff states that the case involves different parties and different claims, it is not a trade secrets misappropriation case, and there is no reference to ALG in the Complaint in this matter. Plaintiff requests that the Motion be denied and that the Document Subpoena and Deposition Subpoena be quashed.

4

## Decision of the Special Master

A. <u>The Deposition Subpoena</u>

With respect to the Deposition Subpoena, Rule 26 provides for a broad scope of discovery and those rules "are to be given broad and liberal construction." *Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 6 (E.D.N.C. 2016); *LendingTree, Inc. v. LowerMyBills, Inc.*, 2006 WL 2443685, at *2 (W.D.N.C. Aug. 22, 2006) (both citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979), and additional cases). This broad scope of discovery applies to Rule 30(b)(6) depositions. *Martin*, 313 F.R.D. 1, 6 (citing *Coryn Group II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235, 238 (D. Md. 2010)). The *LendingTree* Court noted that a party seeking an order prohibiting a deposition has a "heavy burden of demonstrating good cause for such an order." *LendingTree, Inc.*, 2006 WL 2443685, at *2 (citing *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987)). The July 2023 Order similarly stated that, "in the absence of extraordinary circumstances," prohibiting a deposition "would likely be error."

The fact that Mr. Azima may be the 100% owner of ALG does not make a Rule 30(b)(6) deposition of ALG duplicative. The deposition of an individual deponent is not the same as that of a Rule 30(b)(6) deponent who speaks as the corporation and testifies regarding its knowledge, which may be different from that of the individual.[2] In both the *Martin* and *LendingTree* cases, the opposing parties argued that where the Rule 30(b)(6) deponent was the same as the individual deponent, the depositions would be "redundant" (*LendingTree*) or "duplicative" (*Martin*). Both courts disagreed and permitted the Rule 30(b)(6) depositions to

---

[2] Although Plaintiff states the Rule 30(b)(6) deponent will be Mr. Azima, Defendants do not (and cannot) specify who the deponent will be. Further, there are other persons who may have knowledge of ALG that will need to be tapped by Mr. Azima so that he can properly testify as the Rule 30(b)(6) deponent. *See, e.g.,* Exh. A to Motion, at FA_MDNC_01011805, which lists persons in "Senior Management" of either ALG or a parent company to ALG. This would not be true for Mr. Azima's individual deposition.

5

Case 1:20-cv-00954-WO-JLW   Document 343   Filed 04/04/24   Page 5 of 11

proceed.³ *See also*, July 2023 Order, at p. 17 (regarding third-party motion to quash Rule 30(b)(6) subpoena, the Court noted that "while there may be some overlap of information that can be obtained through Defendants, there is information of marginal benefit which [third-party] may disclose through its corporate representative that cannot otherwise be discovered through a party-opponent.").

Although Rule 26 does provide that a court may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," (Fed.R.Civ.P. 26(c)), the deposition of a company does not merit such protection simply because the designated witness was also deposed in his individual capacity. *See LendingTree*, 2006 WL 2443685 at *3 (noting that Defendant is not "required" to accept the individual testimony as that of the corporate Plaintiff, and Plaintiff had not met its "'heavy burden' of showing that the additional expense and inconvenience [of the second deposition] outweighs the Defendant's right to conduct otherwise appropriate discovery."); *see also*, *Martin*, 313 F.R.D. 1, 9 (argument that Rule 30(b)(6) deposition would be "duplicative and unnecessary" did not establish Plaintiff's right to a protective order). The Deposition Subpoena seeks information relevant to the remaining claims and defenses in this matter and Defendants are permitted to a Rule 30(b)(6) deposition of ALG.

---

³ The *LendingTree* Court noted that "[a]lthough there is no binding case authority on point,…there is no prohibition on deposing a witness in both individual and corporate capacities." *LendingTree, Inc.*, 2006 WL 2443685 at *2. Plaintiff argues that the *Martin* and *LendingTree* cases (both cited by Defendants) permitted the individual and Rule 30(b)(6) depositions, "only because the individual and 30(b)(6) deponents were parties to the case." In both cases, the corporate entity was the party, and the individual deponent had been separately deposed prior to becoming the Rule 30(b)(6) deponent. Presumably, the Plaintiff is suggesting that ALG's status as a third-party to the litigation limits the Defendants' ability to depose it simply because Defendants will also be deposing its owner individually. But nothing in the cases or in Rule 26 suggests such a limitation.

Case 1:20-cv-00954-WO-JLW   Document 343   Filed 04/04/24   Page 6 of 11

However, not all the information sought by Defendants in the Rule 30(b)(6) topics and in the documents listed in the Deposition Subpoena, are relevant to the claims or defenses. For example, Deposition Topic 2 seeks information about "Board minutes for ALG" without any limitation. Topic 10(f) seeks information about "any harm or injury, including monetary damages, suffered by Azima, ALG or any entity in which Azima had any interest, as a result of the publication, use or misappropriation of each [trade secret listed by Plaintiff]" despite that ALG has no claims for monetary damages in this lawsuit. It is reasonable for Defendants to obtain certain information from ALG regarding any alleged trade secret claimed by Plaintiff that is either an ALG generated document or one that contains information regarding ALG and its activities, including development, ownership, and use of the alleged trade secret. It is also reasonable for Defendants to probe whether an alleged trade secret is one that belongs to ALG solely or jointly with Plaintiff, and to what extent Plaintiff's alleged trade secrets are incorporated in any ALG documents, including the derivation of their inclusion. However, it is not reasonable for Defendants to obtain extensive information about ALG that is not related to the alleged trade secrets identified by Plaintiff or otherwise related to the claims and defenses in this matter. Exhibit 1 to this Report provides the Special Master's determination as to which Rule 30(b)(6) topics are permissible, with the impermissible topics shown as deleted. The documents requested in the Deposition Subpoena are addressed in the Additional Instructions below.

B. The Document Subpoena

Defendants argue that the designation of ALG related documents by Plaintiff as part of his trade secrets, "put ALG at issue." The Supplemental Responses at Interrogatory 3 list

by Bates number the documents that Plaintiff alleges are his trade secrets. Certain of the documents are described by Plaintiff in the response as containing information about ALG.[4]

The North Carolina Trade Secrets Protection Act (N.C. Gen. Stat. §66-153 *et seq*.) defines a trade secret as information that is valuable because it is not "generally known" and "[i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Id*. at §66-152(3). To the extent that ALG has used Plaintiff's alleged trade secrets, whether in combination with its own or independently, Defendants are entitled to information from ALG that will assist in its defense to Plaintiff's claims, including how ALG obtained the information, who it disclosed the information to, and the circumstances under which it disclosed the information. Defendants are also entitled to probe whether a claimed trade secret is one that belongs to Plaintiff or one that belongs to ALG.

Plaintiff asserts that Defendants' document requests are "nothing more than duplicative and burdensome discovery requests that already have been directed to Mr. Azima in his personal capacity." Plaintiff notes that Defendants first sought ALG documents from

---

[4] Plaintiff lists the following: "FA_MDNC_01011637 at -640-46 (proposal to South Sudan Airline by ALG Transportation, Inc.); FA_MDNC_01011800 (presentation and proposal to Air Jamaica by ALG Transportation)[The Parties confirmed that this document includes FA_MDNC_01011801-815]; FA_MDNC_01011817 (target list of aircraft targets by ALG Transportation); FA_MDNC_01011820, -821, -822, and -823 (forecasts for ALG Transportation maintenance, repairs and operations ('MROs"\')); FA_MDNC_01026874, -6875, -7092 (email and attachment reflecting forecast for ALG Transportation MROs); FA_MDNC_01011825 (business plan for ALG Transportation MROs) [in response to a question from the Special Master, the Plaintiff stated that this document is the same document as FA_MDNC_01026875]; FA_MDNC_01012220 (business plan for ALG Transportation MROs, attaching confidential company financials. *See* Supplemental Responses at Interrogatory 3.
    Defendants assert that FA_MDNC_01027114 ("Document 7114") (referred to by Plaintiff as "email and attachment, reflecting HeavyLift International forecasts and underlying assumptions") is an "ALG document." *See* email to Special Master dated March 26, 2024. The document is an email from Ray Adams to Farhad Azima regarding financial information. Mr. Adams' signature line states: "Ray Adams|ALG Transportation, Inc. – HeavyLift International Airlines|Group CFO." Document 7114, and similar documents, are addressed in the Additional Instructions below.

Plaintiff, then served the Document Subpoena following Plaintiff's production of those documents. Plaintiff states that "as the sole owner of ALG,… [he] responded on behalf of the company that Plaintiff had already produced documents related to ALG." This misses the point of the Document Subpoena. Defendants are seeking to learn what relevant documents are in ALG's possession, not what ALG documents are in Plaintiff's possession.[5] Defendants are entitled to seek documents directly from ALG.

However, not all Defendants' document requests seek the discovery of information that is relevant to the claims and defenses in this matter. For example, Request No. 1 seeks "[a]ll federal and state tax returns that [ALG] filed, or were filed on [its] behalf, for tax years 2015 to the present." ALG has no affirmative damages claim in this matter and its tax returns are not otherwise relevant to the claims or defenses in this matter. Similarly, some of the categories of documents sought in the Deposition Subpoena are not relevant to the claims or defenses in this matter. For example, the subpoena seeks "board minutes" without any limitation to the Plaintiff's claimed trade secrets. Exhibit 2 to this Report provides the Special Master's determination as to which documents, and categories of documents, are permissible requests.

C. Additional Instructions

1. With respect to Exhibits 1 and 2 to this Report, and in Item 8 below, the term "Trade Secret(s)" shall mean the trade secrets identified by Plaintiff in this lawsuit, including in its response to Interrogatory 3 in the Supplemental Responses, and any further supplements made by Plaintiff.

---

[5] If Mr. Azima is the sole owner of ALG, then he wears two hats in this matter; one, as an individual Plaintiff, the other as the owner of ALG, a third party. The argument from Plaintiff appears to be that this dual status means *ipso facto* that he possesses all of ALG's documents. This could be, but Defendant is entitled to hear from ALG as to what it corporately possesses, even if those same documents were produced by Plaintiff individually.

2. Documents produced by ALG must use a distinctive Bates prefix. If a document was previously produced by Plaintiff and will also be produced by ALG, the ALG distinctive Bates prefix must be used rather than a reference to the document produced by Plaintiff.

3. The temporal limitation is March 2015 to October 15, 2020. However, if any trade secret document identified by Plaintiff refers to a creation date prior outside those dates, discovery can be had outside of the temporal limitation, subject to any other restrictions as noted.

4. The Rule 30(b)(6) deposition will be limited to information within the corporate knowledge of ALG only and not to any other companies in which Mr. Azima has/had an interest or position.

5. The Rule 30(b)(6) witness will be appearing only as the corporate representative and not individually.

6. ALG shall produce the requested documents on or before April 23, 2024.

7. With respect to Document 7114 (referred to in Footnote 4 above), Defendants are entitled to ask ALG whether Mr. Adams was acting in that email on behalf of ALG, HeavyLift International Airlines Group, or both. If ALG, Defendants can make further inquiries along the lines of the other permitted requests.

8. Regarding Defendants' position that it is entitled to seek discovery regarding ALG's "relationship with several other associated entities that appear in the Plaintiff's trade secret documents," Defendants may ask questions of ALG regarding the legal structure and relationship between ALG and the entities listed at FA_MDNC_01011804.

9. With respect to the documents requested in the Deposition Subpoena, they are subject to the following limitations:

a. Documents reflecting all board minutes to the extent they reflect the development of any Trade Secret or its use by ALG;

b. Documents reflecting any non-disclosure and/or confidentiality agreements, memoranda of understanding or joint venture agreements of any kind with any third party which reflect or relate to ALG's efforts (or lack of efforts) to protect the secrecy of any Trade Secret;

c. Documents reflecting any patents, copyrights and/or trademarks owned by ALG in which ALG Transportation, Inc. has or had any property rights or interest, and which relate to any Trade Secret.

This, the 1st day of April, 2024.

_____
Alice C. Richey
Special Master