# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-cv-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA, <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC., <br><br> Defendants. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION OF NON-PARTIES CHRISTOPHER SWECKER AND CHRISTOPHER SWECKER ENTERPRISES, LLC TO QUASH OR MODIFY BANK SUBPOENA (ECF NO. 338)** |

Non-Parties Christopher Swecker and Christopher Swecker Enterprises, LLC (collectively, "Swecker") seek to quash a subpoena to Wells Fargo & Company (the "Subpoena" and "Wells Fargo," respectively) for bank records related to the allegations in this case – namely, the theft and publication of Mr. Azima's trade secrets. *See* Ex. 1. The law is well settled that he has no standing to challenge this subpoena, and his motion should be summarily denied.

Defendants received approximately $35 million from Dechert LLP and its client for this and related work, and some of those funds were paid to Mr. Swecker, who led a five-year effort to peddle Mr. Azima's stolen data to U.S. law enforcement. With the subpoena, Plaintiff seeks to "follow the money" and determine how much of those funds were distributed to Mr. Swecker and through Mr. Swecker to others involved in the conspiracy. The subpoenaed records directly relate to the criminal conspiracy alleged in this case.

1

This is not the first time Mr. Swecker has attempted to quash a subpoena in this case. Mr. Swecker, a significant figure in the alleged conspiracy, received a subpoena in January 2023, but he refused to produce any documents and instead filed a motion to quash. The Court denied Mr. Swecker's motion to quash, holding: "the information sought in the subpoena is relevant and the arguments otherwise in favor of quashing the subpoena are conclusory, and . . . Mr. Swecker should produce all non-privileged documents . . . ." ECF No. 248 at 19.[1]

Swecker's motion here is no different from similar motions to quash that this Court has rejected. The Court held that "[t]ypically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records." *Id.* at 7-8 (quoting *United States v. Gordon*, 247 F.R.D. 509, 510 (E.D.N.C. 2007)). The Court also held that bank records for Defendants' bank accounts were "relevant to Plaintiff's remaining claims to the extent that they may reveal the financial trail behind Defendants' alleged misappropriation of Plaintiff's trade secrets and the related conspiracy of such." ECF No. 248 at 11. Mr. Swecker is part of that financial trail, and the subpoena is appropriate.

---

[1] The Court denied all of Mr. Swecker's objections other than limiting the request to March 1, 2015 to October 15, 2020.

The Court should deny his motion here for the reasons the Court previously articulated in its July 25, 2023, Order.[2]

## BACKGROUND

Mr. Swecker worked with Defendants between at least 2015 and 2021, and he was a key member of the alleged conspiracy against Mr. Azima. *See* ECF No. 327 at 6-7.[3] ███████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████ While Mr. Swecker is a

---

[2] Mr. Swecker filed this wasteful, duplicative motion with the Court while his motion for legal fees is pending. Mr. Swecker did not meet and confer with Plaintiff about this motion. This litigious, combative approach is more of the same from Mr. Swecker, who has aligned himself with Defendants in an effort to avoid any discovery in this case. This approach underscores why the Court should deny Mr. Swecker's request for legal fees. *See* ECF No. 327.

[3] Plaintiff further explains Mr. Swecker's connection to the conspiracy in his Response to Mr. Swecker's Motion for Fees. *See generally* ECF No. 327.

3

licensed attorney, much of his work in conjunction with Mr. Azima relates to security or investigative services rather than legal services.

███████████████████████████████████████████████

███ Plaintiff's Subpoena to Wells Fargo seeks additional information about these and any other relevant payments that flowed through Mr. Swecker's account(s).

## ARGUMENT

**A. Mr. Swecker Has No Standing to Quash the Subpoena.**

Mr. Swecker has no standing to quash a validly issued third-party subpoena. Plaintiff's Subpoena was served on Wells Fargo and seeks records belonging to Wells Fargo, not Mr. Swecker. The Court has already ruled that, under this Circuit's long-standing precedent, account holders do not have standing to challenge subpoenas for bank records. *See* ECF No. 248 at 7-8 (citing cases). The Court has also already rejected several similar attempts by Defendants and other third parties to quash subpoenas to banks in this case. *See id.* at 6, 15, 20.

4

## B. The Subpoena Seeks Relevant and Proportional Information.

Even if Mr. Swecker did have standing, the objections are not adequately supported and do not justify quashing or limiting the subpoena.[4]

Mr. Swecker undermines his own motion by admitting that the payments he received from Defendants are relevant. *See* ECF No. 338 at 3-4 (Christopher Swecker Enterprises, LLC, checking account "reasonably contains information that could potentially lead to the discovery of admissible evidence in this litigation."). Furthermore, the Court previously held that information regarding Defendants' payments to Mr. Swecker, including bank records reflecting those payments, are relevant to the claims and defenses in this case. *See* ECF No. 248 at 19.

For a third party, Mr. Swecker is unusually concerned about discovery in this matter. In a prior failed effort to quash a subpoena in this case, Swecker made many of the same objections and arguments he makes here. *See* ECF Nos. 150, 151. This Court denied that motion and held that the information

---

[4] Plaintiff only seeks records within the temporal scope ordered by the Court – March 1, 2015, to October 15, 2020. <u>Plaintiff is willing to limit the subpoena to Mr. Swecker's business account.</u> ███████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████ Plaintiff agrees to limit the subpoena to that account.

sought in Plaintiff's subpoena to Mr. Swecker was "relevant and the arguments otherwise in favor of quashing the subpoena [were] conclusory." *See* ECF No. 248 at 19. Nevertheless, Mr. Swecker failed to produce complete bank records in response to Plaintiff's subpoena. Plaintiff now seeks bank records directly from Wells Fargo and Mr. Swecker raises the same previously rejected objections again.

Mr. Swecker's objections are insufficient to justify quashing or limiting the subpoena. Mr. Swecker makes unsupported conclusory statements that the Subpoena lacks sufficient particularity and seeks confidential documents. ECF No. 338 at 2. The motion to quash provides no support for these claims. "The party seeking protection from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, No. 13-CV-000527, 2016 WL 10542367, at *3 (E.D.N.C. Apr. 22, 2016).

**C. Bank Records Do Not Contain Privileged Information.**

Mr. Swecker's claim that the bank records belonging to a third party contain privileged information, *see* ECF No. 338 at 4, is nonsensical. The Court has already ordered the production of similar bank records and explained that "conclusory assertions that the bank records may implicate privilege are

6

insufficient." ECF No. 248 at 15.[5] There is no attorney-client privilege between Mr. Swecker and Wells Fargo, and payments do not reflect legal advice. Here, Mr. Swecker does not appear to have been acting exclusively as legal counsel. His five-year, unsuccessful effort to convince U.S. law enforcement to investigate Mr. Azima is not privileged.

In any event, courts have held that records containing financial data are not privileged, *see Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir. 1999) ("Typically, the attorney-client privilege does not extend to billing records and expense reports."), and this Court has already ordered the production of a law firm's account information in the face of similar privilege objections. *See* ECF No. 248 at 15. Mr. Swecker fails to offer any evidence that would allow the Court to reach a different conclusion here. *See* Fed. R. Civ. P. 45(e)(2)(A)(i) (requiring that a non-party "expressly make the claim" of privilege). His privilege arguments should be rejected.

---

[5] The attorney-client privilege protects confidential communications between an attorney and their client. *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981); *Fisher v. United States,* 425 U.S. 391, 403 (1976) (the privilege "protects only those disclosures necessary to obtain informed legal advice").

7

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion of Christopher Swecker and Christopher Swecker Enterprises, LLC, to Quash or Modify Plaintiff's subpoena to Wells Fargo.

This, the 10th day of April, 2024.

                              **WOMBLE BOND DICKINSON (US) LLP**

                              */s/ Ripley Rand*
                              Ripley Rand
                              North Carolina Bar No. 22275
                              Christopher W. Jones
                              North Carolina Bar No. 27625
                              555 Fayetteville Street, Suite 1100
                              Raleigh, N.C. 27601
                              Phone: 919-755-2100
                              Fax: 919-755-2150
                              Email:   ripley.rand@wbd-us.com
                                              chris.jones@wbd-us.com

                              -and-

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren Briggerman (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
**MILLER & CHEVALIER CHARTERED**
900 Sixteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 626-5800
Facsimile: (202) 626-5801
Email: kbehre@milchev.com
totoole@milchev.com
lbriggerman@milchev.com
iherbert@milchev.com clee@milchev.com
cmarden@milchev.com

*Attorneys for Plaintiff Farhad Azima*

## CERTIFICATE OF WORD COUNT

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This memorandum contains fewer than 6,250 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

*/s/ Ripley Rand*
Ripley Rand
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>  v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

    Brandon S. Neuman, Esq.
    Jeffrey M. Kelly, Esq.
    NELSON MULLINS RILEY & SCARBOROUGH, LLP
    301 Hillsborough Street, Suite 1400
    Raleigh, NC 27603
    brandon.neuman@nelsonmullins.com
    jeff.kelly@nelsonmullins.com

    Samuel Rosenthal
    Nelson Mullins Riley & Scarborough LLP
    101 Constitution Ave. NW, Suite 900
    Washington, DC 20001
    sam.rosenthal@nelsonmullins.com

Justin B. Kaplan
George C. Mahfood
Nelson Mullins Riley & Scarborough LLP
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
Email: justin.kaplan@nelsonmullins.com
Email: george.mahfood@nelsonullins.com

*Counsel for Defendants*

Richard S. Glaser
Parker Poe Adams & Bernstein LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Email: rickglaser@parkerpoe.com

Nana Asante-Smith
Parker Poe Adams & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
Email: nanaasantesmith@parkerpoe.com

*Counsel for Christopher Swecker and Christopher Swecker Enters. LLC*

This, the 10th day of April, 2024.

        **WOMBLE BOND DICKINSON (US) LLP**

        /s/ *Ripley Rand*
        Ripley Rand
        North Carolina State Bar No. 22275
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone: (919) 755-8125
        Facsimile: (919) 755-6752
        Email: ripley.rand@wbd-us.com

        *Counsel for Plaintiff*

2

Case 1:20-cv-00954-WO-JLW   Document 347   Filed 04/10/24   Page 12 of 12