IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. **1:20CV954**

| | |
|---|---|
| **FARHAD AZIMA** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **NON-PARTY WITNESSES**<br>) **CHRISTOPHER SWECKER AND**<br>) **CHRISTOPHER SWECKER, LLC's**<br>) **REPLY TO PLAINTIFF'S**<br>) **OPPOSITION TO MOTION TO**<br>) **QUASH SUBPOENA** |
| **NICHOLAS DEL ROSSO AND VITAL MANAGEMENT SERVICES, INC.,** | ) |
| Defendants. | )<br>)<br>) |

Non-Party Witnesses Christopher Swecker and Christopher Swecker, LLC (collectively, "Swecker"), by and through counsel, submit this reply to Plaintiff Farhad Azima's ("Plaintiff") Opposition to the Second Motion to Quash of Non-Parties Christopher Swecker and Christopher Swecker Enterprises ("Opposition).

Plaintiff's Opposition is merely a continuation of his relentless efforts to implicate Swecker in the fishing expedition that his purported legal claim has become. First, Plaintiff needlessly points out that Swecker moved to quash both the initial, defective subpoena to Wells Fargo Bank, N.A. ("Wells Fargo") and the subsequent, properly addressed subpoena to Wells Fargo (collectively, the "Subpoena"). Yet again, Plaintiff takes issue with Swecker's counsel's diligent efforts to ensure that the record is clear and Swecker's objections are duly recorded. Plaintiff's unwarranted opposition to counsel's just and legitimate legal obligations has no bearing on the merits of Swecker's Motion to Quash or Modify ("Motion") Plaintiff's subpoena to Wells Fargo.

Second, as the party who issued the Subpoena for Swecker's bank records, it is befuddling that Plaintiff notes that Swecker did not attempt to meet and confer regarding Plaintiff's "small non-substantive change to a pending subpoena." As the initiators of the Subpoena to Wells Fargo, Plaintiff could not be bothered to share the initial or subsequent Subpoena with Swecker; each time, Swecker only learned of their existence through a third person. If Plaintiff was truly motivated by good faith, efficiency, and expediency, at a minimum, he would have notified Swecker of the subpoenas; he did not. In fact, Plaintiff's disregard for efficiency and expediency is predictable and clear: Plaintiff waited until the deadline for Wells Fargo's production in response to the Subpoena to file their Opposition. Rather than initiate a discussion with Swecker about the records sought through the Subpoena, Plaintiff has wasted the Court's time with this ongoing motion's practice.

In an attempt to resolve this ongoing Subpoena dispute, on or about May 17, 2024, Swecker initiated a meet and confer conference with Plaintiff's counsel to address the Opposition. During this conference, counsel for Swecker was of the position and so stated to Plaintiff's counsel, that the Subpoena had no relevance to the remaining counts in the complaint. However, counsel for Swecker stated that if the Court determined that the records subpoenaed by Plaintiff's counsel were relevant, Swecker's counsel discussed a willingness to discuss and resolve concerns related to the substantive and temporal scope of the Subpoena without court intervention. Counsel for Plaintiff expressed a willingness to engage in this discourse and consider Swecker's concerns. As expressed in Swecker's Motion to Quash in response to the initial and subsequent subpoenas to Wells Fargo, Swecker

reiterated the following arguments: 1) The information sought in the Subpoena is not relevant to the remaining counts of Plaintiff's complaint; 2) The temporal scope of the Subpoena should be limited to reflect the time period which Magistrate Judge Joe Webster ruled relevant in his July 2023; and 3) The substantive scope of responsive bank records should be limited to payments from Defendants to Swecker for his legal services and for the purpose of paying vendors for work completed pursuant to the parameters of Swecker's legal representation. Counsel for Swecker shared that Swecker would freely and willingly produce bank records within the aforementioned parameters if the Court found the bank subpoena requested records relevant to the remaining counts in the complaint. During the meet and confer, consistent with facts represented in various pleadings and Swecker's deposition, Swecker's counsel emphasized that at all relevant times, the scope of Swecker's engagement was strictly limited to that of legal representation; at no point was he engaged as a consultant or in a similar capacity. Thus, efforts by Plaintiff to secure records for payments outside the scope of Swecker's engagement as an attorney described above are unfounded. After Plaintiff's counsel represented that Plaintiff was not interested in payments made to Swecker as counsel to defendants, Swecker's counsel in follow-up email correspondence with Plaintiff's counsel offered to have the bank search for payments made by Swecker to any entity or person to whom Plaintiff's counsel believed Swecker made payments out of his business account and directly related to this matter.

3

Despite all efforts by Plaintiff's counsel and Swecker's counsel to reach a resolution regarding the scope of the Subpoena, these efforts were ultimately unsuccessful.

## CONCLUSION

Plaintiff's Opposition to Swecker's Motion is unreasonable. Swecker previously and currently is of the position that the subpoena for his bank records is not relevant to the remaining counts of the complaint. However, even if this Court was to find the subpoena somehow relevant to the remaining counts in the complaint, Swecker's arguments for limiting the substantive and temporal scope of the Subpoena are well-founded. Thus, Swecker respectfully renews his request that this Court quash the second bank subpoena or, at minimum, limit the scope of the Subpoena as described.

Respectfully submitted this 22nd day of May, 2024.

PARKER POE ADAMS & BERNSTEIN LLP

By: */s/ Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)

**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

Counsel *for Non-Party Witnesses Christopher Swecker and Christopher Swecker Enterprises, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of May, 2024, I caused true and correct copies of the foregoing to be served via email on the following:

**MILLER & CHEVALIER CHARTERED**
900 Sixteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 626-5800
Facsimile: (202) 626-5801

Kirby D. Behre (*pro hac vice*) kbehre@milchev.com
Timothy P. O'Toole (*pro hac vice*) totoole@milchev.com
Lauren Briggerman (*pro hac vice*) lbriggerman@milchev.com
Ian Herbert (*pro hac vice*) iherbert@milchev.com
Calvin Lee (*pro hac vice*) clee@milchev.com
Cody Marden (*pro hac vice*) cmarden@milchev.com

**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150

Ripley Rand (N.C. State Bar No. 22275) ripley.rand@wbd-us.com
Christopher W. Jones (N.C. State Bar No. 27265) chris.jones@wbd-us.com

*Attorneys for Plaintiff Farhad Azima*

Respectfully submitted this 22nd day of May, 2024.

    */s/ Richard S. Glaser*
    Richard S. Glaser (N.C. Bar No. 13998)
    Nana Asante-Smith (N.C. Bar No. 51569)

    **PARKER POE ADAMS & BERNSTEIN LLP**
    620 South Tryon Street, Suite 800
    Charlotte, North Carolina 28202
    Telephone: (704) 372-9000
    Facsimile: (704) 334-4706
    rickglaser@parkerpoe.com
    nanaasantesmith@parkerpoe.com

*Counsel for Non-Party Witnesses Christopher Swecker and Christopher Swecker Enterprises, LLC*

# WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this brief does not exceed the 3,125-word limitation for reply briefs, according to the word count feature of the word processing system used to prepare the brief.

Respectfully submitted this the 22nd day of May, 2024.

By: */s/Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)
**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

*Counsel for Non-Party Witnesses Christopher Swecker and Christopher Swecker Enterprises, LLC*