UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954-WO-JLW

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendants.

SPECIAL DISCOVERY MASTER'S REPORT AND DECISION #9

Pursuant to the Court's Order of December 29, 2023 [Doc. 313] and the provisions of Rule 53 of the Federal Rules of Civil Procedure, Alice C. Richey, as the appointed Special Master, submits this Special Discovery Master's Report and Decision #9 (the "Report"). This Report addresses the Plaintiff's Motion to Compel Production of A&M Report and For Sanctions (the "Motion");

A. Prior Decisions

The A&M Report[1] has been addressed in two prior Special Master decisions. Special Discovery Master's Report and Decision #6 ("Report #6"), dated April 15, 2024, addressed a motion from Plaintiff to compel Defendants to produce a copy of the A&M Report. Those arguments are not readdressed here. Report #6 concluded that the A&M Report, or at least

---

[1] The A&M Report is a report detailing a forensic analysis of a personal laptop belonging to Defendant Del Rosso (the "Laptop"). The Laptop has been the subject of a process in the United Kingdom (Del Rosso Proceedings (Claim No. KB-2023-0028)) (the "UK Proceedings"). In an Order entered in the UK Proceedings, the court noted that a report of "Mr. Beckett…contained the assertion that [Del Rosso] accessed the laptop in late January 2020, the day before he was due to give evidence in one of the 5 actions and he downloaded information from the internet (which the Claimants assume contained some of their hacked information) and then transferred it to a Fortress storage device and deleted the information (only to the recycling bin, so it is still on the hard drive). He then deleted lots of other files which the Claimants think may include their information as well."

1

portions of it, may contain information responsive to Plaintiff's discovery requests, and, if the A&M Report revealed that a Defendant "undertook efforts to conceal or destroy information, that fact could be relevant to the claims and defenses in this matter, and could trigger additional actions." Because the Defendants had raised the issue of whether UK law or UK Proceeding orders prohibit the sharing of the A&M Report with non-parties to that proceeding, Report #6 required the parties to provide additional information on that issue.

A status conference was held on April 24, 2024 to discuss the A&M Report, among other things, and on April 25, 2024, the Special Master issued a determination about the A&M Report as follows (the "April 25th Determination"):[2]

> A&M Report: As stated in Report #6, the A&M Report may have relevant information that is responsive to Plaintiff's discovery requests, specifically RFP 7, RFP 20, and RFP 21. Specifically, the report stated that "[i]f the A&M Report in fact reveals that a Defendant undertook efforts to conceal or destroy information, that fact could be relevant to the claims and defenses in this matter and could trigger additional actions." Because the Report includes a forensic analysis of the Laptop, the only unique information in it relevant here is information that only a forensic analysis would reveal – that is, information regarding the removal, transfer, deletion, or destruction of data from the Laptop. Thus, to the extent the Report contains other information about the Laptop or its contents, such information is only relevant if it is otherwise responsive to Plaintiff's discovery requests *and* is different from what a traditional search of the Laptop for responsive information would reveal. In other words, the Report is not the original source of information on the Laptop that is responsive to the Plaintiff's discovery requests, except as it relates to any efforts (whether successful or not) to remove, transfer, delete, or destroy *any* data.
>
> Defendants should produce the A&M Report redacting all non-relevant information as set forth above. The production should occur on or before May 3, 2024.

On May 3, 2024, Defendants produced a redacted A&M Report to Plaintiff. A further status conference was held on May 10, 2024, at which the A&M Report was again discussed.

---

[2] The April 25th Determination was part of an email to all counsel, who were provided the option for the determination to be put into a formal, filed report.

Following that conference, the Defendants submitted the unredacted A&M Report to the Special Master for an *in camera* review.

B. Arguments

Plaintiff states that the redacted A&M Report is "completely devoid of any substantive information" and "includes no analysis and no substantive conclusions." Plaintiff asserts that the Defendants have failed to comply with Report #6 as augmented by the April 25, 2024 Determination (collectively, the "Determinations"). Plaintiff seeks an order compelling Defendants to "turn over substantive analysis and conclusions in the A&M Report covered by [the Determinations]," and if the Special Master concludes that Defendants have failed to comply, requests that Defendants be sanctioned.[3]

Defendants respond that the purpose of the A&M Report was not to determine whether data responsive to Plaintiff's discovery requests was moved or deleted. Thus, Defendants contend that most of the report is "irrelevant to Defendants' discovery obligations" here. Citing the three document requests from Plaintiff that Report #6 found may seek information contained in the A&M Report, Defendants argue that none of the three compels the production of any redacted information in the A&M Report. Finally, Defendants state that the nothing in the A&M Report shows that any Defendant deleted material on the Laptop that is responsive to Plaintiff's discovery requests and the report only answered questions put to it by the UK court. Finally, Defendants state that sanctions are not warranted.

C. Report and Decision of Special Master

---

[3] Plaintiff also requested that the Special Master review the entire A&M Report *in camera,* a request that Defendants agreed to.

Report #6 noted two issues that could compel the production of the A&M Report, or portions of it. First, three document requests (Nos. 7, 20, and 21) from Plaintiff might seek the information.[4] Second, was the concern that a judge in the UK had alluded to the possible deletion, transfer, or destruction of data from the Laptop that all Parties agree may contain relevant information in this matter. If the A&M Report revealed that a Defendant undertook efforts to conceal or destroy information, that fact could be relevant to the claims and defenses in this matter.

Defendants are correct that the A&M Report does not contain responsive information to RFPs 7 and 21, and that it does not contain information relating to the "Defendants' document retention policies", as requested in RFP 20. However, RFP 20 also seeks information about the Defendants' document retention "practices" from 2014 to the present and the report does contain information regarding those practices. Further, the report also reveals information relating to efforts to transfer or delete information from the Laptop, which might be admissible and relevant to Plaintiff's claims.[5]

Thus, Defendants shall produce another version of the A&M Report containing all of their previous redactions, except for the following:

Section 8.1.7

---

[4] RFP 7 seeks "[a]ll Documents or Communications Related to any attempt or effort (whether successful or unsuccessful) by Defendants or any Person to conceal the receipt, possession, transfer, or copying of any Document or Communication that belonged or belongs to Plaintiff, including, but not limited to, any attempt by Defendants or any Person to destroy or delete any such Documents or Communications."
RFP 20 seeks "[a]ll Documents and Communications Relating to Defendants' document retention, preservation, and/or destruction policies, practices, or procedures from 2014 to present."
RFP 21 seeks "[a] All Documents and Communications Relating to instructions to preserve, destroy, purge, return, transfer, move, or otherwise get rid of any documents from 2014 to present."
[5] Issues of admissibility or other evidentiary issues are not addressed in this Report, and reserved for the Court.

4

    Section 8.1.12

    Section 8.2 – 8.2.10

    Section 8.5.6

    Section 8.5.7

    Section 8.7 – 8.7.2

    Section 8.9.3 – 8.9.6

    Section 8.9.10 – 8.19.13

    Section 8.9.14 – 8.9.18

    Section 8.10 – 8.10.5

    Section 8.13 - 8.13.4.1 (and corresponding Rows on Exhibit PB2-01)

    Section 8.13.7 – 8.13.7.1 (and corresponding Rows on Exhibit PB2-01)

    Section 8.13.8 – 8.13.8.1 (and corresponding Rows on Exhibit PB2-01)

    Section 8.13.9 – 8.13.9.1 (and corresponding Rows on Exhibit PB2-01)

Finally, the Special Master finds that sanctions are not warranted.

    This, the 19th day of June, 2024.

*[Signature: Alice C. Richey]*

_____
Alice C. Richey
Special Master