UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:20-cv-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>　　　　　　　　　Defendants. | **NON-PARTY DECHERT LLP'S RESPONSE TO PLAINTIFF FARHAD AZIMA'S "NOTICE OF RECENT DEVELOPMENTS" [ECF NO. 374]** |

　　　　Non-party Dechert LLP ("Dechert") respectfully submits this response to Plaintiff's Notice of Recent Developments, ECF No. 374 (the "Notice").

　　　　Plaintiff erroneously asserts that several orders from a U.K. court related to Dechert's former client Ras Al Khaimah's ("RAK's") assets bear on two pending motions before this Court. But because the U.K. orders are procedural in nature and stem from a judgment not entered on the merits, Plaintiff is incorrect.

　　　　As background, RAK withdrew from proceedings against it in the U.K. and, as a consequence, the U.K. court granted two administrative default judgments against RAK. The first default judgment related to what was described as "the hacking counterclaim" and was granted by way of Court order on October 3, 2023, which rendered effective a judgment of the Court delivered

1

on August 21, 2023. The second default judgment related to what was described as "the set aside counterclaim" and was granted by way of Court order on March 25, 2024.

The judgment on August 21, 2023 set forth the basis for the first default judgment. *See* ECF No. 367-2 (citing *Ras al Khaimah Inv. Auth. v. Azima,* No. HC-2016-002798 [2023] EWHC 2108 (Ch) [48]). The judgment explicitly provided that it was "not a judgment on the merits." *Id.* Accordingly, under U.K. law (as under U.S. default procedures) a default judgment cannot be used against other defendants to Plaintiff's claims in the U.K. *Id.*

Undeterred, Plaintiff argued before the Special Master that the first default judgment (the second default judgment not having been granted by this point) is somehow evidence that the crime-fraud exception applied to privileged communications between RAK and Dechert. *See* ECF No. 361-3. The Special Master roundly rejected that argument, holding that "Plaintiffs' reliance on a UK court's entry of default judgment against RAK in August 2023 does not support his argument that Defendants' communications with Dechert or RAK are not privileged. As Dechert and Defendants correctly note, the judgment was not on the merits." ECF No. 355 (Special Master Report and Decision #7 ("Report #7")) at 33.

Plaintiff now tries again, arguing that further proceedings flowing from both default judgments—specifically, proceedings to freeze assets to aid

enforcement of the judgments—somehow help him meet his burden that the crime-fraud exception applies to RAK's communications with Dechert years ago. Notice at 3. But the same fundamental problem remains—the U.K. court's recent judgment is not on the merits of Azima's hacking-related claims against RAK (or Dechert). In order for the crime-fraud exception to apply, it is black letter law that a movant must provide actual *evidence* "that, if believed by a trier of fact, would establish the elements of some violation that was ongoing or about to be committed." *Window World of Baton Rouge, LLC v. Window World, Inc.*, 2019 WL 3995941, at *17 (N.C. Super. Aug. 16, 2019). In other words, Plaintiff needs to submit evidence that, at the time of RAK's privileged communications with Dechert (which largely took place between 2013-2019), RAK "was engaged in or planning a criminal or fraudulent scheme." *Id.* The U.K. court has made no finding on the merits with respect to that issue. An interlocutory freezing order to aid enforcement of default judgments now, which does not engage or address the merits, is not evidence relevant to the application of the crime-fraud exception of documents generated in a different context. Plaintiff does not—and cannot—point to any legal authority suggesting otherwise.

As the Special Master correctly held in Report #7, and as Dechert outlined in its response to the appeal of that decision (ECF No. 365 at 14-23), Plaintiff has failed to meet his burden that the crime-fraud exception applies

3

to communications between RAK and Dechert. That conclusion is only strengthened by Plaintiff's continued attempts to recast procedural orders as substantive ones.[1]

Respectfully submitted this the 5th day of July 2024.

By: /s/ John C. Quinn
Sean Hecker
John C. Quinn
David Gopstein
Mark A. Weiner
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
shecker@heckerfink.com
jquinn@heckerfink.com
dgopstein@heckerfink.com
mweiner@heckerfink.com

*Counsel for Non-Party Dechert LLP*

---

[1] Plaintiff also argues that the U.K. court's orders regarding RAK's assets implicate the Special Master's holding in Report #1 that Defendants cannot assert privilege on RAK's behalf and that RAK must appear to assert privilege over its communications with Defendants. See Notice at 3. As Dechert has previously noted, that decision has no bearing on Dechert's authority to assert RAK's privilege, both because (i) Plaintiff never made a motion with the Special Master regarding Dechert's authority to assert RAK's privilege, and thus the Special Master accordingly never ruled on that issue, and (ii) in any event, Dechert is differently-situated from non-attorney Defendants as RAK's former attorneys. See ECF Nos. 336, and 365 at 4-5. Nevertheless, Dechert notes that Plaintiff's argument that the U.K. court's orders regarding RAK's assets somehow affect the legal analysis of whether a former contractor can assert privilege is a non sequitur and is unsurprisingly unaccompanied by any legal citation whatsoever. See Notice at 3.

4

/s/ Daniel Adams
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
   HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*

# WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that this brief contains 883 words, according to the word count feature of the word processing system used to prepare the brief. Accordingly, the brief does not exceed the 6,250-word limitation.

Respectfully submitted this 5th day of July, 2024.

By: /s/ John C. Quinn
John C. Quinn
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
jquinn@heckerfink.com

*Counsel for Non-Party Dechert LLP*

/s/ Daniel Adams
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2024, I caused a copy of the foregoing document to be served via e-mail through the Court's ECF notification system upon the following:

| | |
|---|---|
| Brandon S. Neuman<br>Jeffrey M. Kelly<br>John E. Branch III<br>Justin B. Kaplan<br>Samuel Rosenthal<br>Nelson Mullins Riley & Scarborough, LLP<br>301 Hillsborough Street, Suite 1400<br>Raleigh, North Carolina 27603<br>brandon.neuman@nelsonmullins.com<br>jeff.kelly@nelsonmullins.com<br>john.branch@nelsonmullins.com<br>justin.kaplan@nelsonmullins.com<br>sam.rosenthal@nelsonmullins.com | Calvin Lee<br>Ian Herbert<br>Kirby D. Behre<br>Cody Marden<br>Timothy P. O'Toole<br>Lauren E. Briggerman<br>Miller & Chevalier Chartered<br>900 16th Street, NW<br>Washington, D.C. 20006<br>clee@milchev.com<br>iherbert@milchev.com<br>kbehre@milchev.com<br>cmarden@milchev.com<br>totoole@milchev.com<br>lbriggerman@milchev.com |
| Christopher W. Jones<br>Ripley Rand<br>Womble Bond Dickinson (US) LLP<br>555 Fayetteville Street, Suite 1100<br>Raleigh, NC 27601<br>chris.jones@wbd-us.com | Richard S. Glaser<br>Nana Asante-Smith<br>Parker Poe Adams & Bernstein LLP<br>Bank of America Tower<br>620 S. Tryon St., Suite 800<br>Charlotte, NC 28202<br>rickglaser@parkerpoe.com<br>nanaasantesmith@parkerpoe. |

By: /s/ John C. Quinn
John C. Quinn
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
jquinn@heckerfink.com

*Counsel for Non-Party Dechert LLP*

/s/ Daniel Adams
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
kdavis@brookspierce.com
dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*