IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:20-cv-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| NICHOLAS DEL ROSSO AND VITAL MANAGEMENT SERVICES, INC., | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFF FARHAD AZIMA'S NOTICE OF RECENT DEVELOPMENTS**

Defendants Nicholas Del Rosso ("Del Rosso") and Vital Management Services, Inc. ("VMS," collectively, "Defendants") respectfully submit this response to Plaintiff Farhad Azima's ("Plaintiff") July 1, 2024 "Notice of Recent Developments" [ECF No. 374] (the "Notice"). Because Plaintiff mischaracterizes both the substance and the relevance of the recent developments in *Ras al Khaimah Invest. Auth. v. Farhad Azima*, [2020] EWHC 1327, Case No. HC-2016-002798 (the "U.K. Proceedings"), the Court should disregard the Notice in ruling on the pending appeals of Special Master Decisions No. 1 [ECF No. 316] and 7 [ECF No. 355].

*First*, the freezing injunction issued in the U.K. Proceedings has no bearing on the issues before the Court in connection with the appeal of Special Master Decision No. 1. As the Court is aware, in Decision No. 1, the Special Master found that Defendants were "not authorized to assert any privileges" belonging to nonparty Government of Ras Al Khaimah and its related instrumentalities ("RAK") and directed Defendants to advise RAK

that it "must appear before the Court to assert any privileges" by March 18, 2024. ECF No. 316 at 17. Defendants objected to and appealed this portion of Decision No. 1 to Your Honor, identifying factual and legal errors that Defendants submit warrant reversal and requesting a stay of the March 18, 2024 deadline, and that appeal remains pending before the Court. *See* ECF No. 320 ("Appeal No. 1").

In Appeal No. 1, Defendants identified authority for the proposition that an authorized agent may assert privilege on behalf of a third party and detailed the ample evidence in the record that RAK had expressly authorized and directed Defendants to assert privilege on its behalf in connection with this action. Indeed, as explained to the Special Master, RAK's counsel reviewed Defendants' production on a document-by-document basis and authorized and directed Defendants to assert privilege as appropriate under the law. *See* ECF No. 320 at 14-19. Contrary to Plaintiff's assertions in the Notice, the freezing injunction has no bearing on the issues implicated by Decision No. 1 and Appeal No. 1. The U.K. court never denied RAK, or others the ability to assert privilege in the U.K. Proceedings, and, unsurprisingly, the freezing injunction does not otherwise address the questions of North Carolina privilege law at issue in Appeal No. 1 or the factual circumstances surrounding RAK's authorization of Defendants to assert its privilege in this action.

*Second*, the Notice mischaracterizes the relevance of the freezing injunction to the issues before the Court in connection with the appeal of Special Master Decision No. 7. As the Court is aware, in Decision No. 7, the Special Master found, *inter alia*, that Plaintiff had not met his burden to show that the crime-fraud exception should apply in connection

with the hacking allegations against Defendants.  *See* ECF No. 355 at 23-34.  Although the Notice quotes language in the freezing injunction related to the hacking of Plaintiff's private information, as Plaintiff is well aware, this injunction flows from an earlier default judgment in the U.K. proceedings.  There has never been a ruling on the merits with respect to the alleged hacking at issue in the U.K. proceedings, and thus neither the freezing injunction, nor any other order in those proceedings, constitutes evidence that Defendants engaged in a crime or fraud.

Moreover, the English-law corollary to the crime-fraud exception—the iniquity exception—has never been applied to the conduct of either Defendant in the U.K. Proceedings.  Rather, there has been a limited application of the iniquity exception in that matter to actions by an unrelated third party, Stuart Page.  Defendants (as well as third-party witness Dechert LLP) have ensured that any responsive materials in their possession related to the allegations against Mr. Page were produced in this action.  The freezing injunction thus has no bearing on the application of the crime-fraud exception in this case.  Indeed, as the Special Master correctly concluded, the fact that certain documents related to the allegations against Mr. Page were produced in the U.K. Proceedings pursuant to the iniquity exception and were subsequently reproduced in this action "does not substitute for Plaintiff's separate obligation in this matter to make his prima facie showing that the [crime-fraud] exception should be applied to documents unrelated to [the allegations against Mr. Page]."  *See* ECF No. 355 at 22.

3

Case 1:20-cv-00954-WO-JLW   Document 377   Filed 07/08/24   Page 3 of 6

In sum, the "Recent Developments" in the U.K. Proceedings do not in any way concern either Defendant or the claims alleged in this action. They certainly are not relevant to the appeals of the Special Master's Decision No. 1 or Decision No. 7.

For these reasons, the Court should disregard Plaintiff's Notice.

Respectfully submitted this 8th day of July, 2024.

        **NELSON MULLINS RILEY &**
        **SCARBOROUGH LLP**

By: */s/Brandon S. Neuman*
     Brandon S. Neuman, NCSB# 33590
     Jeffrey M. Kelly, NCSB# 47269
     Samuel Rosenthal (special appearance)
     Justin Kaplan (special appearance)
     George Mahfood (special appearance)
     301 Hillsborough Street, Suite 1400
     Raleigh, North Carolina 27603
     Telephone: (919) 329-3800
     Facsimile: (919) 329-3799
     brandon.neuman@nelsonmullins.com
     jeff.kelly@nelsonmullins.com
     sam.rosenthal@nelsonmullins.com
     justin.kaplan@nelsonmullins.com
     George.mahfood@nelsonmullins.com

*Counsel for Defendants*

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that **Defendants' Response to Plaintiff's Farhad Azima's Notice of Recent Developments** contains 766 words, according to the word count feature of the word processing system used to prepare the brief. Accordingly, the brief does not exceed the word limitation.

Respectfully submitted, this 8th day of July, 2024.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: */s/Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Samuel Rosenthal (special appearance)
Justin Kaplan (special appearance)
George Mahfood (special appearance)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
justin.kaplan@nelsonmullins.com
George.mahfood@nelsonmullins.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

| | |
|---|---|
| Jonathan D. Townsend | Ian A. Herbert |
| Christopher W. Jones | Kirby D. Behre |
| Ripley Rand | Lauren E. Briggerman |
| Womble Bond Dickinson (US) LLP | Cody Marden |
| 555 Fayetteville Street, Suite 1100 | Calvin Lee |
| Raleigh, NC 27601 | Miller & Chevalier Chartered |
| jonathon.townsend@wbd-us.com | 900 16th Street, N.W. |
| chris.jones@wbd-us.com | Washington, D.C. 20006 |
| ripley.rand@wbd-us.com | iherbert@milchev.com |
| | kbehre@milchev.com |
| | lbriggerman@milchev.com |
| | cmarden@milchev.com |
| | clee@milchev.com |

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: */s/ Brandon S. Neuman*
Brandon S. Neuman, NCSB# 33590
Jeffrey M. Kelly, NCSB# 47269
Samuel Rosenthal (special appearance)
Justin Kaplan (special appearance)
George Mahfood (special appearance)
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
sam.rosenthal@nelsonmullins.com
justin.kaplan@nelsonmullins.com
George.mahfood@nelsonmullins.com

*Counsel for Defendants*