# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CASE NO. 20-cv-954-WO-JLW

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendants.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL**

    Plaintiff Farhad Azima hereby respectfully submits this Memorandum of Law in Support of his Motion to Seal Exhibits 1-3 to his Response in Opposition to Amended Memorandum of Law filed by Christopher Swecker and Christopher Swecker Enterprises, LLC (collectively, "Swecker") (ECF No. 405), with respect to Swecker's Motion for Fees (ECF No. 317).

    In considering a party's motion to seal certain documents, the Court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). The Court must (1) give the public notice and a reasonable chance to challenge the motion to seal the documents; (2) consider less drastic alternatives to sealing, including redaction; and (3) if it decides to seal the documents, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

1

As to the substance of the motion to seal, the Court "first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* The Court may seal documents "if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The factors the Court takes into account in this regard include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* Based on an evaluation of these and any other relevant factors, the Court must find that the justification for sealing documents overcomes both the First Amendment and common law presumption of access.

The material about which Plaintiff files this Motion to Seal in Exhibits 1-3 is all covered by the Confidentiality Protective Order entered in this case (ECF No. 114). With respect to those Exhibits, Plaintiff informs the Court and counsel of record that Plaintiff does not believe there is a basis to seal the above-referenced documents and that the information in the documents do not independently meet the Fourth Circuit standard for filing matters under seal.

The exhibits at issue in those motions include excerpts from a deposition transcript and documents produced in discovery that have been designated as

2

confidential under the protective order. The documents are relevant to the issues in this case, namely Defendants' hacking of Plaintiff's data and disclosure of that data online and to others, and Plaintiff does not believe that the documents require sealing.

Out of an abundance of caution and in order to avoid burdening the Court with additional litigation at this time, Plaintiff is filing these Exhibits under sea, but reserves the right to address confidentiality issues with respect to portions of deposition transcripts and materials produced in discovery pursuant to the Confidentiality Protective Order in later proceedings. These Exhibits have been redacted, and redacted copies has also been filed with the Court.

Prior to the filing of the Motion to Seal, Plaintiff advised counsel for Swecker about this filing and has offered them an opportunity to provide their position to be included in this filing. Counsel for Swecker indicated that support the sealing of the documents and that they would file a position with the Court for consideration if necessary on or before September 27, 2024.

For the foregoing reasons, Plaintiff Farhad Azima respectfully requests that the Court consider his Motion to Seal and any additional filings as to the Motion to Seal and for further relief as is just and appropriate.

This, the 18th day of September, 2024.

WOMBLE BOND DICKINSON (US) LLP

*/s/ Ripley Rand*
Ripley Rand (N.C. State Bar No. 22275)
Christopher W. Jones (N.C. State Bar No. 27265)
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150
Email:   ripley.rand@wbd-us.com
         chris.jones@wbd-us.com

-and-

MILLER & CHEVALIER CHARTERED

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren Briggerman (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 Sixteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 626-5800
Facsimile: (202) 626-5801
Email:        kbehre@milchev.com
totoole@milchev.com
lbriggerman@milchev.com
iherbert@milchev.com  clee@milchev.com
cmarden@milchev.com

*Counsel for Plaintiff Farhad Azima*

## CERTIFICATE OF WORD COUNT

I hereby certify under LR 7.3(d)(1) that the body of this Memorandum, including any headings and footnotes together, contains fewer than 6,250 words, as reported by the word count feature in Microsoft Word.

This, the 18th day of September, 2024.

                                  **WOMBLE BOND DICKINSON (US) LLP**

                                  /s/ *Ripley Rand*
                                  Ripley Rand
                                  North Carolina State Bar No. 22275
                                  555 Fayetteville Street, Suite 1100
                                  Raleigh, NC 27601
                                  Telephone: (919) 755-8125
                                  Facsimile: (919) 755-6752
                                  Email: ripley.rand@wbd-us.com

                                  *Counsel for Plaintiff Farhad Azima*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>    Plaintiff,<br><br>    v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | **CERTIFICATE OF SERVICE** |

    I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

    Brandon S. Neuman, Esq.
    Jeffrey M. Kelly, Esq.
    NELSON MULLINS RILEY & SCARBOROUGH, LLP
    301 Hillsborough Street, Suite 1400
    Raleigh, NC 27603
    brandon.neuman@nelsonmullins.com
    jeff.kelly@nelsonmullins.com

    Samuel Rosenthal
    NELSON MULLINS RILEY & SCARBOROUGH, LLP
    101 Constitution Ave. NW, Suite 900
    Washington, DC 20001
    sam.rosenthal@nelsonmullins.com

Justin B. Kaplan
George C. Mahfood
NELSON MULLINS RILEY & SCARBOROUGH, LLP
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
Email: justin.kaplan@nelsonmullins.com
Email: george.mahfood@nelsonullins.com

*Counsel for Defendants*

Richard S. Glaser
Parker Poe Adams & Bernstein LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Email: rickglaser@parkerpoe.com

Nana Asante-Smith
Parker Poe Adams & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
Email: nanaasantesmith@parkerpoe.com

*Counsel for Christopher Swecker and Christopher Swecker Enters. LLC*

This, the 18th day of September, 2024.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *Ripley Rand*
Ripley Rand
North Carolina State Bar No. 22275
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8125
Facsimile: (919) 755-6752
Email: ripley.rand@wbd-us.com

*Counsel for Plaintiff Farhad Azima*

2