## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

### Case No. 1:20CV954

| | | |
|---|---|---|
| **FARHAD AZIMA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NON-PARTY WITNESSES** |
| v. | ) | **CHRISTOPHER SWECKER AND** |
| | ) | **CHRISTOPHER SWECKER, LLC's** |
| **NICHOLAS DEL ROSSO AND VITAL** | ) | **REPLY TO PLAINTIFF'S RESPONSE** |
| **MANAGEMENT SERVICES, INC.,** | ) | **IN OPPOSITION TO MOTION FOR** |
| | ) | **ATTORNEYS' FEES AND COSTS** |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

Non-Party Witnesses Christopher Swecker ("Mr. Swecker") and Christopher Swecker, LLC (collectively, "Swecker"), by and through counsel, submit this reply to Plaintiff's Response in Opposition to Swecker's Memorandum of Law and Motion for Attorneys' Fees and Costs. Swecker maintains that the requested relief for attorneys' fees is justified and supported by law. Swecker continues to incur attorneys' fees and associated costs related to the subpoena (the "Subpoena") at issue.[1]

### ARGUMENT

**I. Swecker's efforts and costs to produce responsive documents in response to Plaintiff's Subpoena were reasonable.**

Despite issuing the burdensome and overbroad Subpoena issued to Swecker, not Defendants, Plaintiff now insists that *Defendants* should have produced Swecker's documents. As the custodian of those documents, the suggestion that

---

[1] Swecker contends that there is substantial case law to support his position and request for attorneys' fees and costs. This case law was cited and briefed at length in Swecker's original Memorandum of Law and Motion for Attorneys' Fees and Costs on February 9, 2024. These cases were resubmitted in Swecker's August 27, 2024 Memorandum of Law in support of his Amended Motion for Attorneys' Fees and Costs. In the interest of unnecessarily duplicating what has already been submitted, we ask that the court refer to the original and amended motions for applicable case law on this matter.

Swecker should have transferred his obligations under the Subpoena to Defendants is nonsensical. This is yet another desperate and unsupported attempt by Plaintiff to absolve himself of the responsibility he now bears for the costs Swecker has needlessly incurred. Plaintiff misguidedly characterizes the care and diligence Swecker has exercised in his Subpoena response as "a joint obstructionist approach." Rather, Swecker's reasonable and collaborative efforts reflect his diligence and commitment to upholding his legal and ethical duties to his clients in the midst of legal chaos orchestrated by Plaintiff.

While the relevance of Plaintiff's Subpoena requests are at issue, it is undisputed that Plaintiff demanded documents in *Swecker's* possession, custody, and control. Upon receiving notice of the Subpoena, Swecker dutifully and reasonably lodged objections to the Subpoena; despite Plaintiff's tiring efforts to assert otherwise, the Court's ultimate ruling on those issues does not make Swecker's good-faith objections illegitimate or frivolous. Ultimately, and as previously described at length, the detailed, legitimate, and burdensome steps Swecker took to respond to Plaintiff's subpoena were necessary. This multi-layered and rigorous review in advance of production was required to protect privileged information that resulted from Swecker's attorney-client relationship with Defendants. Furthermore, the highly discounted fees and costs associated with these steps were reasonable in light of Plaintiff's demands and the complexity of this matter created by Plaintiff's litigious escapades. Therefore, the costs Swecker incurred as a result of these legitimate efforts must be shifted to Plaintiff.

2

## II. Swecker does not have an interest in the outcome of the case.

Plaintiff erroneously and intentionally conflates the principle of a party's interest in a case with Swecker's obvious legal and ethical obligations as counsel to Defendants. Swecker does not have an interest in the outcome of this case and Plaintiff has offered no articulable proof to justify this baseless claim. The only interest Swecker asserts in this litigation is in his capacity as legal counsel and his obligations pursuant to that relationship. Whether Plaintiff likes it or not, the intricacies and complexity of Swecker's "complicated" and "tedious" document review process is of Plaintiff's own doing. No one but Plaintiff has initiated transatlantic litigation that has fruitlessly burdened a non-party like Swecker. Swecker's efforts have been well founded and reflect genuine attempts to navigate the chaos created by Plaintiff himself, while protecting the interests of Swecker's clients, the Defendants. Swecker harbors no alternative or nefarious interests as Plaintiff suggests. The steps referenced above and previously described at length were taken to comply with Plaintiff's subpoena. Thus, again, the costs associated with Swecker's diligence should be shifted to Plaintiff as a matter of law.

## CONCLUSION

Plaintiff's Subpoena has objectively placed an undue burden and significant expense on Swecker. Thus, this Court must shift the costs of Swecker's compliance to Plaintiff, as a matter of law, justice, and in alignment with Rule 45. For the foregoing reasons, Swecker respectfully renews his request that this Court enter an order taxing Plaintiff and his counsel with attorneys' fees in the amount of incurred to date of $154,555.50 and associated costs in the amount of $55,440.98, totaling

3

$209.996.48, and grant other such relief, including future fees and costs to be determined at a later date, as this Court deems just and proper.

Respectfully submitted this 27th day of September, 2024.

PARKER POE ADAMS & BERNSTEIN LLP

By:    */s/ Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)

**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone:  (704) 372-9000
Facsimile:  (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

Counsel *for Non-Party Witnesses Christopher Swecker and Christopher Swecker Enterprises, LLC*

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 27, 2024, I electronically filed the foregoing document and that it is available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system, except for as noted below:

Respectfully submitted this 27th day of September, 2024.

*/s/ Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)

**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

*Counsel for Non-Party Witnesses Christopher Swecker and Christopher Swecker Enterprises, LLC*

# WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this brief does not exceed the 6,250-word limitation for such motions, according to the word count feature of the word processing system used to prepare the brief.

Respectfully submitted this the 27th day of September, 2024.

By: */s/Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)
**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

*Counsel for Non-Party Witnesses Christopher Swecker and Christopher Swecker Enterprises, LLC*