IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
FARHAD AZIMA,                          )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )    1:20-cv-954
                                       )
NICHOLAS DEL ROSSO and VITAL           )
MANAGEMENT SERVICES, INC.,             )
                                       )
        Defendants.                    )
```

**ORDER**

Before this court is Plaintiff's Appeal of Special Master's Report and Decision No. 9. (Doc. 371.) Further action from Defendants is required for this court to resolve the appeal.

"When reviewing a party's timely objection to a special master's report and recommendation, the Court must decide de novo any objections to the Special Master's factual finding(s)." Daedalus Blue, LLC v. Microstrategy Inc., No. 2:20-cv-551, 2023 WL 5337826, at *2 (E.D. Va. Aug. 18, 2023) (citing Fed. R. Civ. P. 53(f)). "Similarly, the Court must decide de novo any objections to conclusions of law recommended by the Special Master." Id. However, as set forth in the Order appointing the Special Master in this case, this court will set aside the Special Master's rulings on procedural matters only for abuse of discretion. See Fed. R. Civ. P. 53(f)(5); (Doc. 313 at 7). "In

acting on a master's order . . . the Court . . . may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1).

Plaintiff appeals the Special Master's determination in Report #9 regarding the "A&M Report," which reflects the forensic analysis of Defendants' laptop computer conducted pursuant to a United Kingdom proceeding involving Defendants and other parties. (Doc. 371-2 at 2, 7.) On April 25, 2024, the Special Master determined that "the A&M Report may have relevant information that is responsive to Plaintiff's discovery requests, specific RFP 7, RFP 20, and RFP 21." (Doc. 372 at 2.) Accordingly, the Special Master directed Defendants to "produce the A&M Report redacting all non-relevant information." (Id.) Plaintiff states two bases for his appeal of Report #9: (1) it inappropriately allows Defendants to redact portions of the A&M Report based on relevance or responsiveness, and (2) it authorizes the redaction of material that appears to be directly relevant to this litigation. (Doc. 371 at 7, 11.)

Defendants produced a redacted version of the A&M Report on May 3, 2024, and the Special Master held a conference with the parties on May 10, 2024. (Doc. 372 at 2.) Defendants then submitted the unredacted A&M Report to the Special Master for in camera review. (Id. at 3.) After conducting an in camera review,

the Special Master published Report #9, which required Defendants to produce another version of the A&M Report containing all previous redactions except for an enumerated list of certain sections of the A&M Report which she determined should be unredacted. (Doc. 372 at 4-5.) Plaintiff argues that "[t]he Special Master correctly determined that the [A&M] Report is relevant and responsive but her decision to heavily redact the Report is in error." (Doc. 371 at 1.)

According to Plaintiff, the A&M Report indicates that Defendant Del Rosso may have deleted a significant amount of information belonging to "Scott Moore, a U.S. lawyer representing another Del Rosso victim," from the laptop. (Doc. 371 at 2; Doc. 371-2 at 7-8.) Plaintiff argues that the redacted portions of the A&M Report likely "provide detail on what was deleted," so those portions are "necessary to provide full context surrounding the other acts of hacking" which Plaintiff intends to introduce under Federal Rule of Evidence 404(b). (Doc. 371 at 3-4.) Plaintiff also argues the redacted portions demonstrate that "Defendants had failed to preserve documents enough though they had an obligation to preserve documents related to the hack and use of Azima's data years before this litigation was filed, and that the [A&M] Report went to the

- 3 -

Case 1:20-cv-00954-WO-JLW   Document 432   Filed 01/27/25   Page 3 of 6

issue of spoliation because it showed files had been deleted." (Id. at 4.)

Two procedural considerations must be addressed before this court can reach the merits of Plaintiff's appeal. First, Defendants argue that Plaintiff's appeal is untimely because the Special Master first decided that Defendants could redact irrelevant portions of the A&M Report on April 25, 2024, (Doc. 375 at 7), and pursuant to the parties' Joint Agreement Regarding Special Master, a party only has seven calendar days to appeal a decision of the Special Master, (Doc. 312-1 at 2). Defendants argue that Report #9 merely "bolstered" the April 25 decision, and only "chalk[ed] a different–and closely examined– line for what should be redacted than Defendants did on their own." (Doc. 375 at 7.) Report #9 was published on June 19, 2024, (Doc. 372 at 5), and Plaintiff's appeal was filed on June 26, 2024, (Doc. 371 at 13).

On April 25, 2024, the Special Master informed the parties of her "determination[] regarding the scope of the A&M Report production . . . . If either party wants me to formalize these determinations in a court filing, I will do so." (Doc. 371-6 at 2.) As to her determination, the Special Master wrote that

> [b]ecause the [A&M] Report includes a forensic analysis of the Laptop, the only unique information in it relevant here is information that only a forensic analysis would reveal — that is, information

- 4 -

> regarding the removal, transfer, deletion, or
> destruction of data from the Laptop. Thus, to the
> extent the Report contains other information about
> the Laptop or its contents, such information is only
> relevant if it is otherwise responsive to Plaintiff's
> discovery requests <u>and</u> is different from what a
> traditional search of the Laptop for responsive
> information would reveal. . . . Defendants should
> produce the A&M Report redacting all non-relevant
> information as set forth above.

(<u>Id.</u>) Report #9, published after further examination of the issue on June 19, 2024, reviews Defendants' specific redactions of the A&M Report and requires Defendant to un-redact certain sections of the A&M Report based on relevance. (Doc. 372 at 4-5.)

Plaintiff does appeal the Special Master's decision to permit redactions based on relevancy in the first place, which may have been first issued on April 25, 2024. (Doc. 371 at 7–11; Doc. 371-6 at 2.)[1] However, Plaintiff also appeals the specific redactions permitted by Report #9. (<u>See, e.g.</u>, Doc. 371 at 12 (arguing that "the Ruling [(Report #9)] authorized the redaction of sections of the Report that discuss the content of Del Rosso's Laptop," which "was wiped," is erroneous).) Accordingly,

---

[1] The parties' Joint Agreement Regarding Special Master permits appeals of "decisions" issued by the Special Master, but does not define what a decision is. (Doc. 312-1 at 2.) It is not clear to the court whether an email determination, rather than a Report and Decision filed with the court, is subject to the seven day appeal window set forth in the agreement. (<u>See</u> <u>id.</u>)

- 5 -

this court does not consider Plaintiff's appeal to be time-barred.

Second, only the redacted version of the A&M Report to which Plaintiff objects is available to the court. (Doc. 371-2.) The Report is significantly redacted, with redactions on about half the pages, and it is virtually impossible to discern what the redacted sections may contain. Because the standard of review for an appeal of a Special Master's decision is de novo, the court must be able to review the unredacted report to evaluate whether the decision was correct as to the relevancy of certain redacted sections of the A&M Report. Accordingly, Defendants are directed to file the unredacted A&M Report under seal and viewable only to the court.

**IT IS THEREFORE ORDERED** that Defendants file an unredacted version of the A&M Report at issue in Plaintiff's appeal under seal and viewable only to the court for in camera review within seven calendar days of the entry of this order.

This the 27th day of January, 2025.

_____
United States District Judge

- 6 -

Case 1:20-cv-00954-WO-JLW   Document 432   Filed 01/27/25   Page 6 of 6