IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:20-cv-00954-WO-JLW

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **NON-PARTY DECHERT LLP'S MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S JANUARY 27 ORDER AND IN SUPPORT OF ITS REQUEST FOR AN EXTENSION OF TIME** |

Non-party Dechert LLP ("Dechert") respectfully submits this brief in response to the Court's January 27, 2025 Memorandum Opinion and Order at ECF 431 (the "January 27 Order"), as former counsel to Ras Al Khaimah and its related instrumentalities ("RAK").

In the January 27 Order, the Court offered RAK the opportunity to appear by February 19, 2025, by filing a brief explaining its authorization of and direction to Defendants Nicolas Del Rosso and Vital Management Services, Inc., to assert attorney-client privilege and work product protection on its behalf. RAK has asked Dechert to file this Memorandum on the ground

1

that, as RAK explained in a recent letter to Dechert, attached as Ex. A,[1] RAK is a foreign sovereign nation with no presence, operations, or assets in this jurisdiction or anywhere in the United States, and that it seeks to avoid any further claim that an appearance in this litigation would waive its jurisdictional and sovereign immunity defenses. *See* Ex. A (citing ECF No. 322). In light of its former client's request, Dechert respectfully submits this memorandum of law and request for an extension of time in response to the Court's January 27 Order.

*First*, Dechert respectfully requests that the Court uphold privilege of the documents on Defendants' RAK-related log to which Dechert already has asserted privilege, 247 in total.[2] *See* Quinn Decl. ¶ 7; App. 1. As the January 27 Order observes, *see* ECF 431 at 7-8, the attorney is a party to the attorney-client relationship and thus entitled to assert the privilege of the client. And RAK has authorized and requested Dechert to do so here. *See also* Memorandum Opinion & Order at ECF 433 at 5 (recognizing that Dechert is "capable of asserting the attorney-client privilege on [RAK's] behalf").

---

[1] References to "Ex." refer to exhibits to the Declaration of John C. Quinn ("Quinn Decl."), filed contemporaneously herewith, while App. refers to appendices to that same declaration.

[2] Dechert understands that Defendants have served Plaintiff with two privilege logs: one that asserts Defendants' privilege, and the other that asserts RAK's privilege. Only the RAK-related privilege log is relevant here.

2

*Second*, Dechert respectfully requests an extension of time to review the remainder of the documents withheld and logged by Defendants so that Dechert can assert RAK's privilege over additional documents as appropriate. As the January 27 Order notes, it is undisputed that RAK engaged Dechert to provide legal services, and "Dechert, in turn, engaged Defendants 'in connection with and to facilitate legal advice provided by Dechert to RAK.'" ECF 431 at 4. In these circumstances, Dechert expects that many of the documents withheld by Defendants will be shielded from discovery by RAK's attorney-client privilege, and that Dechert will be entitled to assert that privilege. Dechert must review each document carefully to ensure that an assertion of privilege is appropriate in each instance. As a non-party, Dechert did not previously have occasion to review every document on Defendants' privilege log. Dechert only recently gained access to those documents and has been reviewing them expeditiously.

Accordingly, Dechert respectfully moves the Court, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Local Rule 6.1, and the Court's inherent authority, for a modest extension of 30 days to review the documents and assert RAK's privilege as appropriate. We have conferred with the parties to this action and Defendants consent to the motion for extension, while Plaintiff opposes.

3

Case 1:20-cv-00954-WO-JLW     Document 437     Filed 02/19/25     Page 3 of 17

## RELEVANT BACKGROUND

**A. Dechert's Engagement of Defendants**

Dechert is a global law firm that is not party to this suit. RAK engaged Dechert through its Dubai office to provide legal services, and Dechert hired Defendants "in connection with and to facilitate legal advice provided by Dechert to RAK." *See* ECF No. 431 at 4. More specifically, as set forth below, RAK engaged Dechert to investigate, advise RAK on, and potentially represent RAK in litigation with respect to suspected fraud and/or misconduct on the part of certain former agents and associates of RAK. In connection with the delivery of these legal services, Dechert, in turn, engaged Defendants in 2014 to perform specific functions to assist Dechert.



And Dechert and Defendant Del Rosso testified that Defendants were engaged by Dechert to facilitate its representation of RAK. *See* Ex. D at 186:16–187:14 (Excerpt of

4

Feb. 29, 2024 Dechert Rule 30(b)(6) Deposition Transcript); Ex. C at 13:8-21 (Excerpt of Feb. 13, 2023 Nicholas Del Rosso Deposition Transcript). Defendants' work also led to several meetings between federal law enforcement and members of RAK's legal team. *See* Ex. D at 79:19-25; 83:22–84:2 (Excerpt of Feb. 29, 2024 Dechert Rule 30(b)(6) Deposition Transcript)

During the course of Dechert's representation of RAK, Dechert provided direction and instruction to Defendants, and Defendants' vendors and consultants, regarding their investigative services, in connection with the broader investigative and legal strategy on which Dechert was providing legal counsel and legal services to RAK. *See* Ex. C at 15:16-23 (Excerpt of Feb. 13, 2023 Nicholas Del Rosso Deposition Transcript).[3] Indeed, "@dechert" (a likely hallmark for the inclusion of an individual with a Dechert email address) appears 323 times on Defendants' RAK-related privilege log. *See* Quinn Decl. ¶ 9 (citing ECF No. 402-7). And a search for "Dechert" in the database repository of the documents that Defendants withheld for privilege hits on more than 450 of the 707 documents. *See* Quinn Decl. ¶ 9.

---

[3] PRIVID_RAK-000085 is an example of such direction and instruction, which Dechert is prepared to provide to the Court for *in camera* review if requested.

5

### B. Dechert's Assertion of RAK's Privilege

Plaintiff served Dechert with multiple subpoenas in this matter, and in responding to those subpoenas, Dechert reviewed hundreds of thousands of documents, produced 65,000 pages of documents across 23 separate productions, and served privilege logs with nearly 20,000 entries. *See* Quinn Decl. ¶ 2. Those privilege logs are not the subject of any pending challenge. Instead, in addressing the Special Master's Report and Decision No. 7, the Court noted that "it appears that Dechert has appropriately asserted attorney-client privilege on RAK's behalf." *See* ECF No. 433 at 4-5.

In the January 27 Order, the Court invited RAK to assert its attorney-client privilege through the "filing [of] a motion and brief explaining its assertion of privilege" by February 19, 2025. ECF No. 431 at 10. RAK has asked Dechert to make such a submission in its stead, pointing to previous arguments that any appearance by RAK would waive its jurisdictional and sovereign immunity defenses to any action in the United States. *See* Ex. A (citing ECF No. 322 at 1 ("RAK should be required to formally appear, having done so informally. In submitting [the February 13, 2023 Ruzumna] sworn statement, RAK has now opened the door to a waiver of any sovereign immunity arguments it may have had.")).

In light of RAK's request to Dechert, Defendants provided Dechert with access to a database containing the 707 documents that Defendants listed on their RAK-related privilege log. Based on our review to date, we have identified 247 documents on Defendants' RAK-related privilege log that are also on Dechert's privilege log. *See* Quinn Decl. ¶ 7. Those documents are listed in Appendix A to the Quinn Declaration, with a reference to the document ID on Dechert's privilege log and the method of matching used. *Id.* We also have identified more than 450 documents in the database repository—well over half the total—that hit on a search for the term "Dechert." *See* Quinn Decl. ¶ 9.

We are continuing to review the documents on Defendants' RAK-related privilege log. *Id.* ¶ 6. In light of the nature of Defendants' engagement by Dechert and the other facts outlined above, Dechert has reason to believe that many of those additional documents will be subject to RAK's attorney-client privilege.

## ARGUMENT

### I. Dechert Is Capable of Asserting RAK's Privilege on RAK's Behalf.

RAK engaged Dechert to provide legal services. *See* ECF No. 431 at 4, 7-8. Accordingly, Dechert, "as attorneys for RAK . . . are capable of asserting the attorney-client privilege" on RAK's behalf. ECF No. 433 at 5.

7

The Court's conclusion that Dechert is capable of asserting RAK's attorney-client privilege is well supported by applicable law. *See Fisher v. United States*, 425 U.S. 391, 402 n.8 (1976) ("[I]t is universally accepted that the attorney-client privilege may be raised by the attorney."). The Fourth Circuit has explained the "well established" rule that "if the client may invoke attorney-client privilege to protect confidential communications, then the client's attorney also may [] do so on the client's behalf." *In re Grand Jury Subpoena #06-1*, 274 Fed. Appx. 306, 309 n.3 (4th Cir. 2008). The North Carolina Supreme Court has held the same. In the context of an attorney's representation of a former client, the court explained that an "attorney may assert the privilege when necessary to protect the interests of the client." *In re Miller*, 357 N.C. 316, 338–39 (2003) (holding that the attorney-client privilege survives even the death of a client). Attorney-client privilege "is the client's alone to waive." *Crosmun v. Trs. of Fayetteville Tech. Cmty. Coll.*, 266 N.C. App. 424, 440 (2019). RAK has not waived the privilege, and instead has authorized and asked Dechert to assert RAK's privilege.

## II. Defendants' Possession of Privileged Materials Does Not Undermine the Privilege.

As set forth above, Dechert engaged Defendants to conduct investigative and other services in connection with Dechert's representation of RAK. *See* Background, *supra* at 4-5. Accordingly, within the scope of that engagement,

Defendants were party to the attorney-client relationship between RAK and Dechert, and their involvement in or possession of privileged communications does not effect any waiver or loss of privilege. *See* ECF 433 at 5 ("upholding Dechert's assertion of privilege over communications that involved Defendants"). Counsel's authority to employ agents to facilitate its legal representation, without sacrificing the client's attorney-client privilege, is recognized by both federal and North Carolina law. *See* ECF No. 431 at 6-7 (citing *U.S. Tobacco Coop., Inc. v. Certain Underwriters at Lloyd's*, No. 5:19-cv-430, 2021 WL 1341360, at *11 (E.D.N.C. Apr. 9, 2021)); *State v. Murvin*, 304 N.C. 523, 531, 284 S.E.2d 289, 294 (1981).

As the Court recognized, "privileged information can be shared with the *agent of an attorney* or client without vitiating the privilege." ECF No. 431 at 6–7 (citation omitted) (emphasis added); *see also id.* at 6 ("Protection may . . . be extended to protect communications by a lawyer to his client, *agents* or superiors, or to other lawyers in the case of joint representation if those communications reveal confidential client communications." (citation omitted) (emphasis added)). That rule makes sense: privilege law recognizes that documents and communications prepared, sent, or received by an agent of a lawyer or client in the course of the client's legal representation should remain privileged where the agent is "necessary, or at least highly useful, for the

9

effective consultation between the client and the lawyer." *United States v. Kovel*, 296 F.2d 918, 921-23 (2d Cir. 1961); *see United States v. Bornstein*, 977 F.2d 112, 116 (4th Cir. 1992) (explaining that, in deciding whether attorney-client privilege applies, court must determine whether third party's services were performed "primarily to allow [the attorney] to give legal advice").

Though the North Carolina Supreme Court has not explicitly adopted the *Kovel* doctrine, *see Glob. Textile All., Inc. v. TDI Worldwide, LLC*, 375 N.C. 72, 78 (2020), it embraces the same agency principles underlying *Kovel*. *See In re Miller*, 357 N.C. 316, 341 (2003) (explaining that third-party agent's communications should remain privileged because they "would relate to the third-party principal's interests, [and] would therefore be within the scope of matter about which the attorney was professionally consulted")*; Berens v. Berens*, 785 S.E.2d 733, 740-41 (N.C. Ct. App. 2016) (holding that the client's friend, who acted as an "agent and consultant" in divorce proceedings, did not destroy attorney-client privilege because "the privilege still applies if the third party is an agent of either party").

As relevant here, the rule extending privilege to a lawyer's agent covers private investigators, too. *See Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 71 (S.D.N.Y.2010); *In re Grand Jury Proceeding*, 79 F. App'x 476, 477 (2d Cir. 2003) (citing *Kovel* and explaining that "the attorney-client privilege may

extend to communications with a third party, such as an accountant or private investigator hired to assist in the rendition of legal services").

In light of these principles, Defendants' possession of privileged documents and communications does not undermine their privilege, and Dechert is capable of asserting that privilege. *See In re Miller,* 357 N.C. at 341 (2003).

### III. Many Documents on Defendants' Privilege Log Are Protected by RAK's Privilege.

As set forth above, as of the time of filing, Dechert has identified 247 documents on Defendants' RAK-related privilege log that also appear on Dechert's privilege log. Quinn Decl. ¶ 7. In view of the foregoing evidence and authorities, Dechert respectfully asserts RAK's privilege with respect to those documents.

In addition, as noted, a search for "Dechert" in the database repository of the documents that Defendants withheld hits on more than 450 of the 707 documents. *See* Quinn Decl. ¶ 9. We are reviewing each of those documents to ensure that nothing about the particular individual or chain or purpose or scope of the communication is inconsistent with an assertion of privilege.

Finally, we are also reviewing the remaining withheld documents to ensure that each of them was created and/or sent within the scope of

11

Defendants' agency relationship with Dechert and the privileged relationship between Dechert and RAK.

## IV. A Brief Extension Is Warranted.

This Court set the February 19, 2025 deadline and has the power to extend it, pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 6.1 as well the Court's inherent authority. And a brief extension is warranted here. As noted, Dechert only recently obtained access to the documents withheld by Defendants and is undertaking its review expeditiously. *See* Quinn Decl. ¶ 6. A brief extension will enable to Dechert to undertake that review with the care that it deserves, in order to fulfill Dechert's obligations to this Court. As noted above, Defendants consent to this motion while Plaintiff opposes. For all these reasons, Dechert respectfully requests an extension of the February 19, 2025 deadline by thirty days.

## CONCLUSION

For the reasons discussed herein, Defendants' privilege assertions should be upheld with respect to the documents also appearing on Dechert's privilege log, and the February 19, 2025, deadline should be extended by thirty days so that Dechert can complete a review of all documents withheld by Defendants and assert RAK's privilege with respect to those documents as appropriate.

Respectfully submitted, this the 19th day of February, 2025.

Dated: February 19, 2025
New York, New York

By: */s/ John C. Quinn*
John C. Quinn
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
jquinn@heckerfink.com

*Counsel for Non-Party Dechert LLP*

*/s/ Daniel Adams*
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON, HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Jonathan D. Townsend
Christopher W. Jones
Ripley Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
jonathon.townsend@wbd-us.com
chris.jones@wbd-us.com
ripley.rand@wbd-us.com

Brandon S. Neuman
Jeffrey M. Kelly
John E. Branch III
Justin B. Kaplan
Samuel Rosenthal
Nelson Mullins Riley & Scarborough, LLP
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
brandon.neuman@nelsonmullins.com
jeff.kelly@nelsonmullins.com
john.branch@nelsonmullins.com
justin.kaplan@nelsonmullins.com
sam.rosenthal@nelsonmullins.com

Ian A. Herbert
Kirby D. Behre
Lauren E. Briggerman
Cody Marden
Calvin Lee
Miller & Chevalier Chartered
900 16th Street, N.W.
Washington, D.C. 20006
iherbert@milchev.com
kbehre@milchev.com
lbriggerman@milchev.com
cmarden@milchev.com
clee@milchev.com

By: */s/ John C. Quinn*
John C. Quinn
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0833
jquinn@heckerfink.com

*Counsel for Non-Party Dechert LLP*

*/s/ Daniel Adams*
Kearns Davis
N.C. State Bar No. 22014
Daniel Adams
N.C. State Bar No. 51806
BROOKS, PIERCE, McLENDON,
　HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: kdavis@brookspierce.com
Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*

15

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that Dechert's Memorandum Of Law In Response To The Court's January 27 Order And In Support Of Its Request For An Extension Of Time contains 2,499 words, according to the word count feature of the word processing system used to prepare the brief. Accordingly, the brief does not exceed the word limitation applicable to such filings.

Respectfully submitted this 19th day of February, 2025.

By: */s/ John C. Quinn*
 John C. Quinn
 HECKER FINK LLP
 350 Fifth Avenue, 63rd Floor
 New York, New York 10118
 Tel: (212) 763-0833
 jquinn@heckerfink.com

 *Counsel for Non-Party Dechert LLP*

 */s/ Daniel Adams*
 Kearns Davis
 N.C. State Bar No. 22014
 Daniel Adams
 N.C. State Bar No. 51806
 BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
 P.O. Box 26000
 Greensboro, NC 27420
 Telephone: (336) 271-3174
 Facsimile: (336) 232-9174
 Email: kdavis@brookspierce.com
 Email: dadams@brookspierce.com

*Local Civil Rule 83.1(d) Counsel for Non-Party Dechert LLP*