UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-cv-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>　　　　Defendants. | **PLAINTIFF'S OPPOSITION REGARDING HECKER FINK'S FILING ON RAK'S PURPORTED PRIVILEGE ASSERTIONS** |

Hecker Fink, counsel for non-party Dechert LLP, has filed a last-minute motion asking the Court to modify its January 27, 2025, Order that permits Ras Al Khaimah ("RAK") to appear and submit a motion and brief explaining its position on privilege.[1] ECF Nos. 436, 437. Plaintiff Farhad Azima opposes the requested modification. RAK has had a year to appear to assert privilege and has declined to do so. Hecker Fink's brief confirms that RAK does not *ever* intend to appear before this Court because RAK does not wish to be subject to this Court's jurisdiction and to be held accountable for its acts and the acts of Defendants, Dechert, and their agents. ECF No. 437 at 2. As a result, Plaintiff

---

[1] In its January 27, 2025, Order, this Court gave "one additional time period" for RAK to "appear before this court to assert its attorney-client privilege." ECF No. 431 at 10.

1

respectfully requests that the Court require Defendants to immediately produce the documents it has withheld for more than two years based upon RAK's purported privilege.

Notably, Hecker Fink is not counsel to RAK. Neither Hecker Fink nor Dechert has entered an appearance on behalf of RAK, and neither has standing to file a motion seeking to delay the Court's Order, which invited RAK to appear. Hecker Fink is the third law firm that RAK has put forward to make its privilege arguments without entering an appearance as counsel to RAK.[2]

Furthermore, Dechert is incapable of asserting RAK's privilege through Hecker Fink. Only Dechert via its former partners has personal knowledge of the underlying privilege issues. But this is no ordinary attorney-client relationship. Dechert is the former, fired counsel to RAK whose former partners allegedly orchestrated the underlying scheme in which Defendants hacked and stole Plaintiff's trade secrets. This raises the question whether Dechert is belatedly inserting itself into this process to delay production of further evidence of its own involvement in the underlying alleged misconduct.

---

[2] Allen & Overy and Patterson Belknap have attempted to assert privilege on RAK's behalf through Defendants in letters and/or a sworn affidavit to this Court filed by Defendants.

For more than a year, this Court and the Special Master have given RAK ample opportunities to appear to assert any purported privileges. Because RAK has declined the final opportunity in the Court's January 27 Order, Hecker Fink's request for an extension of time should be denied, and Defendants should be ordered to immediately turn over all documents withheld based on RAK's privilege.

## PROCEDURAL HISTORY

For more than two years, Defendants have withheld documents based on a privilege purportedly held by non-party RAK. RAK has never entered an appearance in this matter to assert any privilege over the withheld documents. Instead, RAK has directed four different parties to attempt to assert privilege for them without entering an appearance on RAK's behalf: first, Defendants, then a succession of three law firms: Allen & Overy, followed by Patterson Belknap, and now Hecker Fink. Each law firm is one further step removed from RAK's purportedly prior privileged relationship with Dechert, which ended in 2019. Hecker Fink currently represents Dechert in its capacity as a witness in this case and an alleged co-conspirator in the underlying alleged misconduct and does not represent RAK.

Plaintiff served his first requests for production on Defendants in November 2022. In August 2023 in response to Judge Webster's Order,

3

Defendants provided their first privilege log identifying documents withheld on behalf of non-party RAK.[3] On January 5, 2024, Plaintiff moved to compel Defendants to produce withheld documents, arguing that Defendants had no basis to assert RAK's privilege. Plaintiff Farhad Azima's Motion to Compel Defendants to Produce Information Improperly Withheld for Privilege (Jan. 5. 2024, before the Special Master.) On February 6, 2024, the newly-appointed Special Master ruled that "Defendants are not authorized to assert any privileges belonging to RAK (or related parties)" and directed RAK to appear before the Court to assert privileges within 20 days. ECF No. 316 at 17.

On February 13, 2024, Defendants appealed the Special Master's decision and submitted a declaration from RAK's counsel at Patterson Belknap summarily claiming privilege for RAK. ECF Nos. 319, 320.[4] On August 15, 2024, and again on January 27, 2025, this Court held hearings on the appeal and made clear that RAK's purported privilege assertion via third parties was insufficient.[5] The Court denied the appeal and affirmed the Special Master's

---

[3] Defendants revised the privilege log twice on August 22, 2023, and March 1, 2024, each time asserting privilege on behalf of RAK.

[4] The Court did not grant Defendants' request to stay the Special Master's ruling.

[5] ECF No. 420, Aug. 15, 2024, Hearing. Tr. at 50:11 ("I don't find RAK's response by and through counsel sufficient because you don't know what the

Order. Dechert was represented by Hecker Fink at the first hearing and made no representations about the privilege issues."[6]

On January 27, 2025, the Court issued a Memorandum Opinion and Order finding that:

> RAK has still not appeared in this case in any fashion. Although this court believes there are grounds to find RAK has waived any further right to appear, to avoid any confusion this court will grant one additional time period within which RAK may appear. This court will direct Defendants to notify RAK of this order and the opportunity to appear.

ECF No. 431 at 10. The Court ordered RAK to appear before this Court to assert privilege, if desired, on or by February 19, 2025. *Id*. RAK chose not to do so.

## ARGUMENT

### I. RAK Has No Basis to Assert Privilege After Twice Failing to Properly Appear to Assert Privilege in a Year.

RAK has declined two judicial invitations over the past year to appear to assert privilege, and, accordingly, has no claim of privilege over the withheld documents. RAK chose not to comply with the Special Master's March 18,

---

information is. There's no way to make a ruling on it."); *see also id*. at 32:7-15, 59:15-16.

[6] Prior to the January 23, 2025, hearing, and again on February 12, 2025, leading up to the Court's deadline, Plaintiff once again contacted Patterson Belknap to discuss the privilege assertions, but they refused to engage.

2024, deadline and then failed to appear when the Court declined to grant a stay of the Special Master's order. Following two hearings on Defendants' appeal of that order, the Court noted that "this court believes there are grounds to find RAK has waived any further right to appear," *id.*, but gave RAK one last chance to appear by February 19, 2025. RAK received the Court's order, ECF No. 435-1, and chose not to appear. Instead, RAK asked Hecker Fink to file a response to the Court's order. That response is a request for more time, not the substantive submission stating the basis for privilege that the Order directed.

Hecker Fink has not entered an appearance for RAK and does not represent RAK. Hecker Fink represents Dechert, a third-party witness and alleged co-conspirator in this case. RAK's failure to appear before this Court through any counsel or otherwise leaves Plaintiff unable to hold RAK accountable for any privilege assertions. Without an appearance by RAK or counsel on behalf of RAK, this Court arguably has no ability to compel RAK to comply with court orders.

Because RAK has decided not to appear and assert its privilege despite being given ample opportunities to do so, it has no basis to claim privilege over the withheld documents. *United States v. $43,660.00 in U.S. Currency*, No.

15CV208, 2016 WL 1629284, at *5 (M.D.N.C. Apr. 22, 2016). ("Failing to timely assert a privilege results in its waiver.").

## II. Dechert Is a Witness and Alleged Co-Conspirator, Not Counsel to RAK, and Incapable of Asserting RAK's Privilege.

Dechert has not asserted, and cannot assert, RAK's privilege here because it is an alleged co-conspirator whom RAK fired as counsel and has not represented RAK for more than four years. *See Gibbs v. Stinton*, No. 18cv676, 2021 WL 4853575, at *8 (E.D. Va. Oct. 17. 2021) (finding that the defendants could not assert privilege "merely because they *formerly*" acted as the client's agents). Counsel is an agent who must act in the best interests of its client, but Dechert as former, fired counsel cannot do so here. *See* Restatement (Second) of Agency § 13 cmt. a (Am. Law Inst. 1958) (agents must "act primarily for the benefit of [their principal] in matters connected with [their] undertaking"). Mr. Azima alleges that Dechert's former partners orchestrated the underlying criminal scheme to hack and steal his trade secrets, in which Defendants allegedly participated, while serving as RAK's counsel. Dechert cannot represent the interests of RAK on privilege issues because its own lawyers allegedly attempted to cloak their own misconduct in privilege, because the firm is a fact witness in this case, and because of the unusual circumstances of its firing by RAK.

7

Nor can Dechert, through Hecker Fink, represent the privilege interests of RAK because RAK has accused Dechert of wrongdoing regarding issues that are addressed in the documents at issue. In a letter filed with the court in the UK, RAK blamed Dechert for the judgment entered by the UK court against RAK, saying that "[I]t appears that RAKIA and its officers may have been the victims of dishonest and unscrupulous former third party advisers who have taken steps to advance their own interests for their own gains, and at RAKIA's expense." ECF No. 358-23. Under these circumstances, RAK cannot credibly turn to Dechert to assert its privilege and present argument to this Court. Dechert is no longer an agent of RAK and is arguably adverse to RAK.

Moreover, RAK and Dechert also disagree on the scope of the privilege, preventing Dechert from making privilege determinations on RAK's behalf. In UK litigation, RAK disavowed events surrounding a meeting organized by former Dechert partner Neil Gerrard, saying that the activity "was outside the scope of the Dechert Retainer and instructions and RAKIA was not made aware that it was taking place. No legal privilege attaches to any communications at this meeting." ECF No. 185-1 ¶ 77AA.6.

Finally, Patterson Belknap's most recent letter claims that Dechert was counsel to RAK "at the time the documents at issue were created." ECF No. 438-2. But that is inaccurate. RAK fired Dechert in 2019, thus ending any

8

potential privileged relationship. *See* ECF No. 163-1, Del Rosso Feb. 13, 2023, Dep. Tr. at 90:3-6 (Del Rosso's agreement lasted until the summer of 2019 when the Ruler of RAK told Del Rosso that Dechert had been relieved of its duties.). Defendants have withheld dozens of documents after the summer of 2019, *see* ECF No. 402-7 at 8, 65-69, and, at a minimum, Dechert cannot plausibly assert privilege over any of those documents. Since Dechert was adverse to RAK in 2019 and not counsel to RAK at that time, RAK's decision to share those documents with Dechert would waive any purported privilege. This discrepancy further highlights why RAK needs to appear if it wishes to assert privilege.

### III. Hecker Fink Cannot Stand in the Shoes of RAK to Assert Privilege.

Hecker Fink does not represent RAK. It represents Dechert in connection with third-party subpoenas served on Dechert in this case. As such, additional review by Hecker Fink cannot alleviate this Court's concerns that the parties to the purported privilege are not making privilege determinations. *See* Jan. 23, 2025, Hr'g Tr. at 102:12-17 ("My rationale is that nobody knows specifically what was done because the relevant parties are not here. Dechert's not here, RAK is not here, and we've got third parties making judgments over what happened when these people were engaged. That's my problem."); *id.* at 100:21-24 ("Where's Dechert? They are the ones that engaged Del Rosso. If

9

you could get an affidavit from Patterson Belknap, what happened to the attorney that actually engaged the Defendants? Where are they? They're silent.").

Moreover, RAK's behind the scenes effort to enlist a third law firm is no basis for further delay. Hecker Fink requests more time to review documents withheld for a privilege purportedly held by RAK because they only recently gained access to the documents. Hecker Fink's filing makes clear that RAK has no intention of appearing at any point. *See, e.g.*, ECF No. 438-2 (Letter from Patterson Belknap instructing Hecker Fink to file the motion because, unlike RAK, Dechert does not need to be concerned about waiver of jurisdictional and sovereign immunity). Patterson Belknap has been counsel to RAK regarding these privilege issues for more than a year. If RAK wanted to meet this Court's deadline, it could have enlisted Patterson Belknap to appear and file a motion. RAK's latest effort to assert privilege through a third party appears to be another attempt to delay the production of these documents without appearing before the Court.

## CONCLUSION

Because RAK has decided not to appear before the Court to assert privilege, the Court should order Defendants to produce all documents withheld for RAK's purported privilege immediately.

This, the 20th day of February, 2025.

          **WOMBLE BOND DICKINSON (US) LLP**

          */s/ Ripley Rand*
          Ripley Rand
          North Carolina Bar No. 22275
          Christopher W. Jones
          North Carolina Bar No. 27625
          555 Fayetteville Street, Suite 1100
          Raleigh, North Carolina 27601
          Phone: 919-755-2100
          Fax: 919-755-2150
          Email:   ripley.rand@wbd-us.com
                       chris.jones@wbd-us.com

          **MILLER & CHEVALIER CHARTERED**

          Kirby D. Behre (*pro hac vice*)
          Timothy P. O'Toole (*pro hac vice*)
          Lauren B. Briggerman (*pro hac vice*)
          Ian Herbert (*pro hac vice*)
          Cody Marden (*pro hac vice*)
          900 16th Street, NW
          Washington, D.C. 20006
          Telephone: (202) 626-5800
          Fax: (202) 626-5801
          Email:   kbehre@milchev.com
                       totoole@milchev.com
                       lbriggerman@milchev.com
                       iherbert@milchev.com
                       cmarden@milchev.com

          *Counsel for Plaintiff Farhad Azima*

11

# CERTIFICATE OF WORD COUNT

I certify under LR 7.3(d)(1) that the body of this Response, including any headings and footnotes together, contains fewer than 6,250 words, as reported by the word count feature in Microsoft Word.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *Ripley Rand*
Ripley Rand

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954

FARHAD AZIMA,

    Plaintiff,

v.

NICHOLAS DEL ROSSO and
VITAL MANAGEMENT
SERVICES, INC.,

    Defendants.

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

Brandon S. Neuman
Jeffrey M. Kelly
Nelson Mullins Riley & Scarborough LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
919-329-3878
Email: brandon.neuman@nelsonmullins.com
Email: jeff.kelly@nelsonmullins.com

Samuel Rosenthal
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave. NW, Suite 900
Washington, DC 20001
202-689-2951
Fax: 202-689-2860
Email: sam.rosenthal@nelsonmullins.com

Justin B. Kaplan
George C. Mahfood
Nelson Mullins Riley & Scarborough LLP
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
Telephone: (305) 373-9400
Email: justin.kaplan@nelsonmullins.com
Email: george.mahfood@nelsonullins.com

*Counsel for Defendants*

John C. Quinn
Sean Hecker
David Gopstein
Katherine Epstein
**Hecker Fink LLP**
350 Fifth Avenue, Suite 63rd Floor
New York, NY 10118
212-763-0883
Fax: 212-564-0883
Email: jquinn@heckerfink.com
Email: shecker@heckerfink.com
Email: dgopstein@heckerfink.com
Email: kepstein@heckerfink.com

Daniel D. Adams
Kearns Davis
**Brooks Pierce McLendon Humphrey & Leonard, LLP**
2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401
Tel. (336) 373-8850
Fax (336) 378-1001
Email: dadams@brookspierce.com
Email: kdavis@brookspierce.com

*Counsel for Dechert LLP*

This, the 20th day of February, 2025.

                                                                 **WOMBLE BOND DICKINSON (US) LLP**

                                                                 /s/ *Ripley Rand*
                                                                 Ripley Rand
                                                                  North Carolina State Bar No. 22275
                                                                  555 Fayetteville Street, Suite 1100
                                                                  Raleigh, NC 27601
                                                                  Telephone: (919) 755-8125
                                                                  Facsimile: (919) 755-6752
                                                                  Email: ripley.rand@wbd-us.com

                                                                 *Counsel for Plaintiff Farhad Azima*