# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# Case No. 20-cv-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>  Plaintiff,<br><br>  v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>  Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION AND TESTIMONY FROM DEFENDANTS AND THE SWECKER PARTIES** |

Plaintiff Farhad Azima moves to compel compliance with the Court's March 4, 2025, Order ("Order") regarding the production of documents Defendants withheld purportedly based on the privilege of Ras Al Khaimah ("RAK") privilege. Plaintiff also seeks additional, withheld discovery that flows from the Order. Specifically, Plaintiff moves to compel (1) Defendants to fully produce documents that they are required to produce pursuant to the Order; (2) Defendants to sit for depositions regarding the more than 700 documents that have been improperly withheld for privilege for more than two years and were only produced two weeks ago; (3) Christopher Swecker and Chris Swecker Enterprises, LLC (collectively, "Mr. Swecker" or "Swecker") to produce documents he has withheld purportedly based upon RAK's privilege; and (4) Mr. Swecker to sit for additional deposition time deposition regarding the

1

more than 700 documents Defendants improperly withheld and potentially up to 2,800 documents he improperly withheld based upon RAK's privilege.

The Court has ruled that RAK failed to properly assert privilege and required Defendants to produce documents they previously withheld based on RAK's privilege by March 14, 2025. *See* ECF No. 444 at 17. More than two weeks after this deadline, Defendants have failed to fully comply with the Order. Defendants produced dozens of documents without their associated attachments, some of which appear to analyze and weaponize Mr. Azima's trade secret information. Defendants' refusal to produce these documents and attachments together renders them incomplete and potentially inadmissible at trial. Accordingly, Defendants must immediately produce full families of these documents.

The Court's Order should apply equally to Mr. Swecker, a third party who has withheld potentially thousands of documents based on RAK's privilege, just like his client Mr. Del Rosso did. There is no basis for him to continue withholding the non-privileged, admittedly relevant documents identified on his privilege log.

Finally, Plaintiff should be permitted further to depose Defendants and Mr. Swecker for two reasons. First, Plaintiff is entitled to question witnesses about the newly produced documents. Second, Defendants and Mr. Swecker collectively were instructed during prior depositions not to answer dozens of

questions based upon RAK's privilege. Now that RAK has waived any right to invoke privilege, Plaintiff should be permitted to explore those topic areas.

## BACKGROUND

On March 4, 2025, the Court ordered Defendants to produce all documents that had been previously withheld based on RAK's purported privilege assertions. *See* ECF No. 444. The Court affirmed Special Master Decision #1, which concluded that "Defendants [were] not authorized to assert any privileges belonging to RAK (or related parties)." *See* ECF No. 316 at 17, Special Discovery Master's Report and Decision # 1 ("Report #1"). The Court stated that "any attorney-client privilege, if it exists at all, must be asserted by RAK or Dechert." ECF No. 444 at 7. The Court held that RAK failed to assert privilege, and that Dechert's assertion of privilege on RAK's behalf was untimely. *Id.* at 8.

On March 6, 2025, Plaintiff's counsel requested that Mr. Swecker immediately produce documents he has withheld purportedly based upon RAK's privilege (up to 2,800 documents) in light of the Court's Order. Mr. Swecker refused to do so, claiming that the Order does not apply to him.[1]

---

[1] On March 20, 2025, Plaintiff's counsel requested to meet and confer with Mr. Swecker's counsel and notified them of Plaintiff's intent to file a motion to compel if Mr. Swecker did not produce the documents. Mr. Swecker's counsel reaffirmed that Mr. Swecker would not produce the withheld documents and said there was no need for further discussions on the issue.

3

On March 14, 2025, Defendants produced some but not all of the withheld documents to Mr. Azima. More than two weeks after that deadline, Defendants have failed to produce all documents withheld purportedly based on RAK's privilege despite the Court's Order to do so. For example, Defendants produced dozens of emails without their attachments, which may prevent Plaintiff from admitting them at trial.[2] The missing attachments have descriptions or titles that demonstrate their relevance. One missing attachment, for example, relates to an index of reports prepared by Northern Technologies, Inc. ("NTi"), which analyzed Plaintiff's stolen data.

Substantively, the documents that have been produced so far are extremely relevant and helpful to Plaintiff's case. For example, the documents Defendants produced demonstrate that they mined, manipulated, and weaponized Mr. Azima's trade secrets against him, including previously unidentified trade secrets. Among other things, they specifically reflect:

- Analysis and use of Mr. Azima's curated contact list, reflected in Mr. Azima's identified Trade Secret Nos. 20, 21, 26, 27, 28, and 29;

- Analysis of Mr. Azima's corporate acquisition strategy for HeavyLift, including of the then-new cargo airline for Iraq, which Mr. Azima has identified as Trade Secret No. 16;

- Discussions of a HeavyLift bid proposal for a USAID contract, which is Mr. Azima's Trade Secret No. 12; and

---

[2] Plaintiff's counsel met and conferred with Defendants' counsel regarding their document deficiencies on March 20, 2025, but Defendants declined to cure them.

- Analysis and use of potential trade secrets related to HeavyLift, including related to the company's debtors, creditors, and customers.

Defendants produced nearly 70 of the NTi reports previously withheld based on RAK's privilege, a topic about which Mr. Swecker was instructed not to answer at his deposition.

Regarding their depositions, Mr. Del Rosso and Mr. Swecker both have refused to answer substantive questions purportedly based on RAK's privilege. During Mr. Del Rosso's personal and corporate depositions, Mr. Del Rosso's counsel repeatedly invoked RAK's privilege and instructed Mr. Del Rosso not to answer questions dozens of times. Those questions related to topics that are central to this litigation, including what Dechert LLP retained Defendants to do, *see* Ex. 1, Del Rosso Dep. Tr. at 86:23-88:23; 90:5-91:4, 94:9-16 (Dec. 7, 2023); what work the alleged hackers, CyberRoot, performed for Defendants, *id.* at 101:12-21; why Mr. Del Rosso retained Defendants' attorney, Mr. Swecker, to assist him, *id* at 74:8-13; and whether Mr. Del Rosso met with anyone at Dechert regarding his work, *id.* at 81:8-82:16. Likewise, during Mr. Swecker's deposition, Mr. Del Rosso's counsel invoked RAK's privilege and instructed Mr. Swecker not to speak the content of reports prepared by NTi analyzing Azima's stolen data. *See* Ex. 2, C. Swecker Dep. Tr. at 16:21-17:24 (Mar. 21, 2024).

5

# ARGUMENT

## I. DEFENDANTS SHOULD BE REQUIRED TO IMMEDIATELY COMPLY WITH THE COURT'S ORDER AND PRODUCE DOCUMENTS IN THEIR ENTIRETY.

Defendants should be required to immediately produce complete copies, including attachments, of all documents withheld based upon RAK's purported privilege. Defendants have not produced full families of documents, including attachments to several dozen documents. Those attachments are not only themselves relevant, as indicated by their titles or descriptions, but necessary in order to ensure completeness of the documents for admissibility at trial. Where a document is responsive, a producing party must produce the entire document to comply with the "completeness" requirement of Federal Rule of Evidence (FRE) 106. FRE 106 "favor[s] the *complete* production of non-privileged evidence if some portion of the evidence is deemed responsive." *See Karnoski v. Trump*, No. C17-1297, 2020 WL 2736961, at *1 (W.D. Wash. Mar. 4, 2020). Defendants should therefore be ordered to produce full families forthwith.

## II. MR. SWECKER MUST PRODUCE DOCUMENTS WITHHELD PURPORTEDLY BASED ON RAK'S PRIVILEGE.

Mr. Swecker should also be required to produce all documents withheld purportedly based on RAK's privilege. Mr. Swecker has multiple privilege logs

6

that list thousands of withheld documents. Some of them have been withheld based on RAK's privilege. *See* Ex. 3, Excerpt of Oct. 27, 2023, C. Swecker Privilege Log.

The Court's Order logically applies to all documents that have been withheld purportedly based upon RAK's privilege because RAK has refused to appear to perfect any claim of privilege. The Court ruled that only RAK and potentially RAK's counsel (Dechert LLP) could assert RAK's privilege, but both have failed to timely do so. ECF No. 444 at 7. Mr. Swecker was not a lawyer *for RAK*, and as such, he is not authorized to assert privilege on its behalf.[3] As a result, documents that Mr. Swecker has withheld based on RAK's privilege must be turned over.

These withheld documents are, moreover, critical to Mr. Azima's case. Mr. Swecker concedes relevance by including them on his privilege log. But they are more than relevant; the documents Defendants recently produced strongly suggest that Mr. Swecker's withheld documents will bolster Plaintiff's

---

[3] In any event, Defendants should have already produced the documents withheld by Mr. Swecker based on RAK's privilege. Defendants are under a continuing obligation to produce relevant documents in their possession, custody, and control. Fed. R. Civ. P. 26(b)(1), (e). Case law is clear that "a party has control of documents where a party's attorney or former attorney has control, custody, or possession of those documents." *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014), *aff'd*, 784 F. App'x 118 (4th Cir. 2019). When the Court orders Defendants to produce its withheld RAK documents, that directive should have naturally extended to Mr. Swecker's withheld documents.

7

trade secrets misappropriations claims. Defendants' documents reveal that Mr. Swecker played a substantial role in the conspiracy to misappropriate Plaintiff's trade secrets. Defendants and their agents, including Mr. Swecker and NTi, prepared dozens of reports analyzing Plaintiff's business ventures and contacts, some of which implicate Mr. Azima's trade secret information. *See supra* at 4-5. For example, Defendants, Mr. Swecker, and their co-conspirators created detailed charts mapping connections to Plaintiff's businesses and analyzing his customers, individuals included in his curated rolodex (an identified trade secret), business plans, and bid proposals. *Id.*

### III. DEFENDANTS AND MR. SWECKER MUST SIT FOR ADDITIONAL DEPOSITION TESTIMONY.

Defendants and Mr. Swecker must sit for additional deposition testimony to respond to questions they refused to answer based on RAK's privilege, as well as questions and topics based upon the newly produced documents. Report #1, which this Court affirmed, made clear that Mr. Azima would be entitled to additional deposition time of Mr. Del Rosso if the Court determined that RAK could not assert privilege. *See* ECF No. 316 at 21 ("If the Special Master or the Court determines that a privilege is not available . . . , additional deposition time will be permitted to get a complete answer to the question."). That ruling should extend to Mr. Swecker as well.

8

Mr. Del Rosso refused to answer questions dozens of times based on RAK's privilege on core issues in this case, including the scope of his work for Dechert, the work CyberRoot engaged in on Defendants' behalf, Mr. Swecker's role in the alleged conspiracy, and his interactions with Dechert regarding Azima. *See supra* at 5. In addition, Defendants have produced nearly 700 new documents about which Mr. Azima has not had the opportunity to question Mr. Del Rosso. Many of these documents support Mr. Azima's claims that Defendants analyzed and weaponized his trade secret information to harm him, including during the statute period. After Defendants and Mr. Swecker produce the remaining withheld documents, Mr. Del Rosso should be required to answer questions about the newly-produced documents and topics he previously refused to address.

Furthermore, Mr. Swecker was instructed by Defendants' counsel not to answer deposition questions about reports NTi prepared and that Defendants only recently produced. We now know from these documents that Defendants, Mr. Swecker, NTi, and others analyzed and weaponized Mr. Azima's trade secrets information in these reports and later provided them to the FBI in order to instigate a criminal investigation into Mr. Azima. *See supra* at 5; *see also* ECF No. 361-9 at 315:24-316:9; 343:19-344:18. Mr. Azima should be permitted to depose Mr. Swecker under oath about the NTi reports and other documents and topics over which RAK cannot assert privilege.

9

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion to Compel and order Defendants and Mr. Swecker to produce documents purportedly withheld on the basis of RAK's privilege. Defendants and Mr. Swecker must also sit for additional deposition testimony to respond to questions they refused to answer based on RAK's purported privilege as well as the documents they withheld over which RAK cannot claim privilege.

This, the 28th day of March, 2025.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand*
Ripley Rand
North Carolina Bar No. 22275
Christopher W. Jones
North Carolina Bar No. 27625
555 Fayetteville Street, Suite 1100
Raleigh, N.C. 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email: ripley.rand@wbd-us.com
chris.jones@wbd-us.com

-and-

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Timothy P. O'Toole (*pro hac vice*)
Lauren E. Briggerman (pro hac vice)
Ian A. Herbert (*pro hac vice*)
Cody F. Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com
totoole@milchev.com
lbriggerman@milchev.com
iherbert@milchev.com
cmarden@milchev.com

*Counsel for Plaintiff*

11

## CERTIFICATE OF WORD COUNT

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. This brief contains fewer than 6,250 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

*/s/ Ripley Rand*
Ripley Rand
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>　Plaintiff,<br><br>　v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES,<br>INC.,<br><br>　Defendants. | **CERTIFICATE OF SERVICE** |

　I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

　Brandon S. Neuman, Esq.
　Jeffrey M. Kelly, Esq.
　NELSON MULLINS RILEY & SCARBOROUGH, LLP
　301 Hillsborough Street, Suite 1400
　Raleigh, NC 27603
　brandon.neuman@nelsonmullins.com
　jeff.kelly@nelsonmullins.com
　Tel.: 919.329.3800
　Fax.: 919.329.3799

　Samuel Rosenthal
　Nelson Mullins Riley & Scarborough LLP
　101 Constitution Ave NW, Suite 900
　Washington, DC 20001
　Tel.: 202-689-2951
　Fax: 202-689-2860
　sam.rosenthal@nelsonmullins.com

Justin B. Kaplan
George C. Mahfood
Nelson Mullins Riley & Scarborough LLP
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
Telephone: (305) 373-9400
Email: justin.kaplan@nelsonmullins.com
Email: george.mahfood@nelsonullins.com

*Counsel for Defendants*

Richard S. Glaser
Parker Poe Adams & Bernstein LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Tel. (704) 372-9000
Fax. (704) 334-4706
Email: rickglaser@parkerpoe.com

Nana Asante-Smith
Parker Poe Adams & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
Tel: 919.828.0564
Fax: 919.834.4564
Email: nanaasantesmith@parkerpoe.com

*Counsel for Christopher Swecker and Chris Swecker Enterprises, LLC*

This, the 28th day of March, 2025.

                **WOMBLE BOND DICKINSON (US) LLP**

                /s/ *Ripley Rand*
                Ripley Rand
                North Carolina State Bar No. 22275
                555 Fayetteville Street, Suite 1100
                Raleigh, NC 27601
                Telephone: (919) 755-8125
                Facsimile: (919) 755-6752
                Email: ripley.rand@wbd-us.com

                *Counsel for Plaintiff*

3

Case 1:20-cv-00954-WO-JLW   Document 450   Filed 03/28/25   Page 15 of 15