IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:20CV954

| | |
|---|---|
| **FARHAD AZIMA,** <br><br> Plaintiff, <br><br> v. <br><br> **NICHOLAS DEL ROSSO AND VITAL MANAGEMENT SERVICES, INC.,** <br><br> Defendants. | **NON-PARTY WITNESSES CHRISTOPHER SWECKER AND CHRIS SWECKER ENTERPRISES' MOTION FOR CONTEMPT AND SANCTIONS** |

Non-Party Witnesses Christopher Swecker and Chris Swecker Enterprises (collectively, "Swecker"), by and through undersigned counsel, respectfully submit this Motion for Contempt and Sanctions (the "Motion"), seeking an order directing Plaintiff Farhad Azima ("Plaintiff") to show cause why he should not be held in contempt for violating the Protective Order (the "Order") entered by Magistrate Judge Joe Webster on February 22, 2023. *See* Exhibit A. Swecker also seeks the imposition of sanctions for Plaintiff's failure to comply with the Order. In connection with this Motion, Swecker further moves to seal Exhibit C and Exhibit D and all references thereto pursuant to the protections afforded by the Order.

## INTRODUCTION

Swecker respectfully submits this Motion, fully mindful of, and with sincere regret that he must return to the Court with yet another dispute. Swecker recognizes and appreciates the Court's clear directive on January 23, 2025, directing Swecker and Plaintiff to work cooperatively and in good faith to resolve the discovery issue

concerning Plaintiff's subpoena to Wells Fargo Bank, N.A. ("Wells Fargo") for Swecker's bank records without further court intervention: "I'd like for the parties to work out some way to review the material and not hang on to other clients' payment information or personal information that is clearly irrelevant to the case … what I'm going to be looking for is some way to control the information that's provided and not be bogged down in Swecker's personal life or other business." It was, and remains, Swecker's intention to honor the Court's directive in that matter and any others arising in this litigation.

Swecker does not file this Motion lightly. However, Plaintiff has disregarded the spirit and substance of the Court's directives in this case, including most recently by flouting the Judge Webster's Order governing the use of confidential information in this litigation. Despite Swecker's best efforts to resolve matters informally and in good faith, he finds himself with no viable alternative but to seek the Court's intervention at this time.

## BACKGROUND

On February 21, 2025, at the Court's direction and in an effort to resolve the Wells Fargo subpoena dispute amicably, Swecker produced his Wells Fargo financial statements and copies of check deposits to Plaintiff. Swecker designated these documents confidential. On or about April 9, 2025, in response to the Court's March 28, 2025 order, Wells Fargo also produced responsive documents to Plaintiff and issued its "Objections and Responses to Plaintiff Farhad Azima's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" ("Objections and Responses"). *See* Exhibit B. As previously

2

communicated by Wells Fargo to Plaintiff's counsel and reiterated in its Objections and Responses, the produced records were designated "CONFIDENTIAL." *Id.* Both Swecker and Wells Fargo produced the same documents, with a "CONFIDENTIAL" designation affixed to each page.

On or about April 11, 2025, Plaintiff, through counsel, sent a letter to ███ ██████████████████████████████████████████████████████ ████████████████████ *See* Exhibit C. ██████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████—the only matter in which Plaintiff sought Swecker's financial information.

████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

3



The Letter constitutes a flagrant violation of the Protective Order and reflects a reckless misuse of discovery material.

On April 15, 2025, Swecker's counsel sent a formal notice to Plaintiff's counsel, via email, requesting that they immediately cease any further misuse of confidential information and ensure their conduct fully complies with all applicable legal standards and court orders. To date, Plaintiff's counsel has neither acknowledged receipt of the notice nor provided any response.

## ARGUMENT

### I. Legal Standard

"When a litigant violates an order, the court generally may exercise its authority to hold the violator in civil contempt." *CFPB v. Klop*, 957 F.3d 454, 461

(4th Cir. 2020) (reviewing a finding of contempt for violation of a consent order). "[A] single violation of an order is sufficient to support a finding of contempt." *Id.* at 459.

A party who asks a court to find that an adversary is in contempt must prove four elements by clear and convincing evidence: "(1) the existence of a valid court order; (2) the order was in the moving party's 'favor'; (3) a knowing violation of the terms of the order; and (4) the moving party suffered harm from the violation." *Id.* (quoting *United v. Ali*, 874 F.3d 825, 831 (4th Cir. 2017)). As reflected above, all four elements are met here. "Once the movant establishes these elements, the burden shifts to the defendant to show 'good faith [in making] all reasonable efforts to comply with the enforcement order.'" *Id.* (quoting *United*, 874 F.3d at 831). "A defendant who fails to meet this burden may be held in civil contempt." *Id.*

When a court finds a party in contempt, it "enjoy[s] wide latitude in imposing a sanction that is 'compensatory,' 'incentivizing,' or both." *Klopp*, 957 F.3d at 466 (quoting *Rainbow Sch.*, 887 F.3d at 620). Civil contempt sanctions are intended to "coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained." *Bradley v. Am. Household Inc.*, 378 F.3d 373, 378 (4th Cir. 2004) (quoting *Buffington v. Baltimore County, Md.*, 913 F.2d 113, 133 (4th Cir. 1990). "When a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it is also seeking to give effect to the law's purpose of modifying the contemnor's behavior to

5

conform to the terms required in the order." *Klopp*, 957 F.3d at 466 (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994)).

## II. Plaintiff violated the Protective Order by disclosing confidential information.

The Order specifically "governs the use and handling of documents, electronic information in any form, discovery responses and other information ... produced or given by any Party or non-party during pre-trial proceedings in this Action ... Information produced In this Action and subject to protection under this Protective Order shall be used only for the purpose of this Action, and not for any other business, competitive, personal, private, public, or other use or purpose."

Furthermore, the Order provides that, "Except with the prior written consent of the Party of third-party producing documents, any Information that the Producing Party designates as 'CONFIDENTIAL' shall not be disclosed to any person or used for any purpose except as expressly permitted in this Protective Order." Plaintiff, in direct contravention of the Order, has improperly used the confidentially protected information, without consent and for another case other than this one.

Both Swecker and Wells Fargo produced the financial records in question with a "CONFIDENTIAL" designation, both affixed to the documents and noted in separate communications with Plaintiff. Plaintiff did not object to the "CONFIDENTIAL" designation of these records in either circumstance and as provided by Section 3 of the Order. Despite the proper designation of Swecker's Wells Fargo financial records as "CONFIDENTIAL", Plaintiff recklessly revealed information contained in these records ███████████████████

6

██████████████████████████████████

██████████████████████████████████ Upon information and belief, Wells Fargo was also not made aware of Plaintiff's intent to use confidential information contained in the records it produced, nor did this Court approve the same. Given the lack of communication with Plaintiff's counsel, Swecker's counsel to this day does not know if Plaintiff has again improperly misused confidentially marked productions.

██████████████████████████████████

████ This blatant disregard for the spirit, intent, and clear directive of the Order, in multiple respects, reflects a legal and ethical breach.

### III. Plaintiff failed to exercise reasonable diligence in reviewing the records.

On February 27, 2025, in response to Swecker's voluntary production of his Wells Fargo records, Plaintiff responded with several inquiries. In relevant part,

7

Plaintiff inquired as follows: ███████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████ This response by Swecker's counsel, as officers of the court, was clear and unequivocal. Plaintiff sought no further information or clarification concerning this matter from Swecker's counsel. Instead, Plaintiff and his counsel elected to disregard ████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████ This conduct was reckless particularly in light of Swecker's Wells Fargo financial records and cancelled checks produced to the Plaintiff and his counsel.

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

8

██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
████████████████████ *See* Exhibit D.  This represents another failure of Plaintiff to exercise due diligence. ██████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████

## IV. Plaintiff engaged in impermissible discovery after the deadline.

Adhering to discovery deadlines is essential to ensure an orderly and efficient litigation process. Discovery requests issued after the deadline are generally prohibited and require leave of court. *See Gentry v. Maggie Valley Resort Mgmt., LLC*, No. 1:13-CV-00108-MR-DLH, 2014 WL 12707371, at *1 (W.D.N.C. Apr. 4,

2014); *Logan v. Sutton*, No. 114CV00162MOCDLH, 2016 WL 1172046, at *4 (W.D.N.C. Mar. 25, 2016).

Discovery closed on September 15, 2024. In this Court's August 15, 2024 Minute Entry, the Court made clear that no discovery beyond the September 15, 2024 deadline would be permitted without "further Order of the Court." ███████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████. The Court has expressly prohibited such conduct. To date, Plaintiff has never sought leave of court or permission to continue to engage in discovery efforts over six months after the close of discovery and cannot do so now.

## CONCLUSION

For the foregoing reasons, Swecker respectfully requests that the Court issue an order directing Plaintiff to show cause why he should not be held in contempt for his willful violation of the Protective Order entered on February 22, 2023. Despite the existence of the valid Order that supports Swecker's claims, Plaintiff knowingly violated its terms. ███████████████████████████████████████ ███████████████████████████████ in contravention of this Court's directive on January 23, 2025. Swecker requests that the Court impose appropriate sanctions to remedy the harm caused by Plaintiff's improper disclosure and misuse of confidential information. Additionally, Swecker respectfully moves to seal Exhibit C and Exhibit D to this Motion, as well as all references thereto, in accordance with the Protective Order and to preserve the confidentiality of the

10

information improperly disclosed. Swecker submits that such relief is necessary to uphold the integrity of this Court's orders, protect his rights, and deter future violations.

Respectfully submitted this 25th day of April, 2025.

PARKER POE ADAMS & BERNSTEIN LLP

By: */s/ Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)

**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

*Counsel for Christopher Swecker and Chris Swecker Enterprises*

# CERTIFICATE OF SERVICE

I certify that on April 25, 2025, I electronically filed the foregoing document and that it is available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully submitted this 25th day of April, 2025.

/s/ Richard S. Glaser
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)

**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

*Counsel for Christopher Swecker and Chris Swecker Enterprises*

15639802v.1

# WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this brief does not exceed the 6,250-word limitation for such motions, according to the word count feature of the word processing system used to prepare the brief.

Respectfully submitted this the 25th day of April, 2025.

By: */s/Richard S. Glaser*
Richard S. Glaser (N.C. Bar No. 13998)
Nana Asante-Smith (N.C. Bar No. 51569)
**PARKER POE ADAMS & BERNSTEIN LLP**
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
rickglaser@parkerpoe.com
nanaasantesmith@parkerpoe.com

*Counsel for Christopher Swecker and Chris Swecker Enterprises*