UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,<br><br>Defendants. | **PLAINTIFF'S OPPOSITION TO THE MOTION TO SEAL OF CHRISTOPHER SWECKER AND CHRIS SWECKER ENTERPRISES** |

Plaintiff respectfully opposes the Motion to Seal of Christopher Swecker and Chris Swecker Enterprises (collectively, "Swecker") as to Exhibits C and D to his Motion for Contempt and Sanctions (the "Exhibits" and "Motion," respectfully), as well as large portions of the Motion. *See* ECF No. 459. Swecker's primary rationale for sealing the Motion and Exhibits is that he designated the underlying documents—Wells Fargo bank records—as "Confidential" under the parties' Protective Order. *See* ECF No. 177. The Court has made clear that the fact that documents are covered by the Protective Order is not sufficient justification for sealing. Additionally, Defendants and those aligned with them—like Swecker—have repeatedly abused the Protective Order by designating almost all documents produced in discovery as "Confidential," burdening the Court with dozens of motions to seal contrary to the principle of open justice. There is no justification for sealing the Motion and Exhibits, and the motion to seal should be denied.

1

## LEGAL STANDARD

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). Thus, courts "recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Relevant here, the common-law presumption of open records and access should only be rebutted "if countervailing interests heavily outweigh the public interests in access" and "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption" that records should not generally be sealed. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (citation omitted). The Court must also consider "less drastic alternatives, such as redaction of any sensitive material." *McRae v. Harrison*, No. 5:17-CV-23, 2019 WL 13301605, at *1 (E.D.N.C. May 23, 2019).

## ARGUMENT

Swecker fails to offer specific reasons why the Court should permit him to seal the Exhibits and redact his Motion. Instead, his primary argument is that Exhibit D, an excerpt of Swecker's Wells Fargo bank records, was designated as "Confidential" under the parties' Protective Order, and his

2

Motion, as well as Exhibit C, refer to information found in Exhibit D.  *See* ECF No. 459 at 1-3.  As this Court recently explained, "[t]he fact that the materials at issue here fall within the scope of the protective order is not determinative of whether any public right of access has been overcome."  ECF No. 451 at 6-7.  Likewise, during an August 2024 hearing, the Court explained that confidentiality designations do not "give [the Court] enough to weigh what was disclosed, why it was confidential in the first place, and why [the Court] should permit the sealing of the document."  *See* ECF No. 420 at 9.  Swecker, however, fails to offer any specific explanation for how disclosure would cause harm.

Swecker's only other arguments for sealing are vague and conclusory. He asserts that the Motion and Exhibits contain "client information and related financial transactions," and that disclosure would "invade the confidentiality of the identities of Swecker's former clients and their financial transactions."  ECF No. 459 at 3.  Swecker fails to explain why any of the information is confidential to begin with.  Nor does he provide less restrictive alternatives, such as redacting of client names.  Accordingly, there is no justification for sealing the Motion or Exhibits.

## CONCLUSION

For the foregoing reasons, Swecker's request to redact his Motion and seal the Exhibits should be denied.

3

This, the 9th day of May, 2025.

           **WOMBLE BOND DICKINSON (US) LLP**

           */s/ Ripley Rand*
           Ripley Rand
           North Carolina Bar No. 22275
           Christopher W. Jones
           North Carolina Bar No. 27625
           555 Fayetteville Street, Suite 1100
           Raleigh, N.C. 27601
           Phone: 919-755-2100
           Fax: 919-755-2150
           Email:   ripley.rand@wbd-us.com
                         chris.jones@wbd-us.com


           **MILLER & CHEVALIER CHARTERED**

           Kirby D. Behre (*pro hac vice*)
           Timothy P. O'Toole (*pro hac vice*)
           Lauren E. Briggerman (pro hac vice)
           Ian A. Herbert (*pro hac vice*)
           Cody F. Marden (*pro hac vice*)
           900 16th Street, NW
           Washington, D.C. 20006
           Telephone: (202) 626-5800
           Fax: (202) 626-5801
           Email:   kbehre@milchev.com
                         totoole@milchev.com
                         lbriggerman@milchev.com
                         iherbert@milchev.com
                         cmarden@milchev.com

           *Counsel for Plaintiff*

## CERTIFICATE OF WORD COUNT

The undersigned certifies compliance with Local Rule 7.3(d) regarding length limitations. his brief contains fewer than 6,250 words. The undersigned has relied on the word count feature of Microsoft Word 365 in making this certification.

*/s/ Ripley Rand*
Ripley Rand

5

Case 1:20-cv-00954-WO-JLW   Document 461   Filed 05/09/25   Page 5 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 20-CV-954

| | |
|---|---|
| FARHAD AZIMA,<br><br>   Plaintiff,<br><br>   v.<br><br>NICHOLAS DEL ROSSO and<br>VITAL MANAGEMENT SERVICES,<br>INC.,<br><br>   Defendants. | **CERTIFICATE OF SERVICE** |

    I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of this Notice to the following attorneys:

    Brandon S. Neuman, Esq.
    Jeffrey M. Kelly, Esq.
    NELSON MULLINS RILEY & SCARBOROUGH, LLP
    301 Hillsborough Street, Suite 1400
    Raleigh, NC 27603
    brandon.neuman@nelsonmullins.com
    jeff.kelly@nelsonmullins.com
    Tel.: 919.329.3800
    Fax.: 919.329.3799

    Samuel Rosenthal
    Nelson Mullins Riley & Scarborough LLP
    101 Constitution Ave NW, Suite 900
    Washington, DC 20001
    Tel.: 202-689-2951
    Fax: 202-689-2860
    sam.rosenthal@nelsonmullins.com

Justin B. Kaplan
George C. Mahfood
Nelson Mullins Riley & Scarborough LLP
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
Telephone: (305) 373-9400
Email: justin.kaplan@nelsonmullins.com
Email: george.mahfood@nelsonullins.com

*Counsel for Defendants*

Richard S. Glaser
Parker Poe Adams & Bernstein LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Tel. (704) 372-9000
Fax. (704) 334-4706
Email: rickglaser@parkerpoe.com

Nana Asante-Smith
Parker Poe Adams & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
Tel: 919.828.0564
Fax: 919.834.4564
Email: nanaasantesmith@parkerpoe.com

*Counsel for Christopher Swecker and Chris Swecker Enterprises, LLC*

This, the 9th day of May, 2025.

            **WOMBLE BOND DICKINSON (US) LLP**

            */s/ Ripley Rand*
            Ripley Rand
            North Carolina State Bar No. 22275
            555 Fayetteville Street, Suite 1100
            Raleigh, NC 27601
            Telephone: (919) 755-8125
            Facsimile: (919) 755-6752
            Email: ripley.rand@wbd-us.com

            *Counsel for Plaintiff*